UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

        Petitioner,            :

        -against-         :

NOVA GROUP, INC., AS TRUSTEE, NAMED   :
FIDUCIARY, PLAN SPONSOR AND
ADMINISTRATOR OF THE CHARTER OAK   :
TRUST WELFARE BENEFIT PLAN,

                     :

        Respondent.
---------------------------------------------------------------X

Case No: 11 CV 01590-LTS-HBP

## PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION
## TO DISMISS OR TRANSFER

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 6

I.    THE FIRST-FILED RULE DOES NOT MANDATE DISMISSAL ............................... 6

    A.    No Connecticut Jurisdiction Over Universitas ...................................................... 7

    B.    The "Balance of Convenience" Factors Overwhelmingly Favor New York ..................................................................................................................... 11

    C.    Special Circumstances Exist Allowing Court to Disregard First-Filed Rule ...................................................................................................................... 14

II.   SECTION 1404 TRANSFER SHOULD BE DENIED BECAUSE THE INTERESTS OF JUSTICE AND CONVENIENCE OVERWHELMINGLY FAVOR NEW YORK .......................................................................................................... 16

CONCLUSION .......................................................................................................................... 16

**TABLE OF AUTHORITIES**

CASES                                                                                    PAGE(S)

*AFA Dispensing Group, B.V. v. Anheuser-Busch, Inc.*,
   740 F. Supp. 465 (S.D.N.Y. 2010) ........................................................................7

*Capital Records v. Optical Recording Corp.*,
   810 F. Supp 1350 (S.D.N.Y. 1992) .......................................................................7

*Columbia Pictures Industries, Inc. v. Schneider*,
   435 F. Supp. 742 (S.D.N.Y. 1977) .......................................................................7

*Cooperative Centrale Raiffeisen-Boreenleen Bank, B.A. v. Northwestern Nat'l Ins. Co of
   Milwaukee, Wisconsin*,
   778 F. Supp. 1274 (S.D.N.Y. 1991)............................................................. 6, 15-16

*Cummings & Lockwood, P.C. v. Simses*,
   No. Civ. 01-CV-422 (PCD), 2001 WL 789313 (D. Conn. July 5, 2001) ...........................6, 13

*General Instrument Corp. v. Tie Mfg., Inc.*,
   517 F. Supp. 1231 (S.D.N.Y. 1981).......................................................................10

*Girl Scouts of the USA v. Steir*,
   02-CV-4830, 2003 U.S. Dist LEXIS 24582 (S.D.N.Y. Sept. 4, 2003).....................................15

*Green v. Simmons*,
   919 A.2d 482 (Conn. App. Ct. 2007).......................................................................10

*Hummingbird USA, Inc. v. Texas Guaranteed Student Loan Corp.*,
   No. 06 Civ. 7672 (LTS), 2007 WL 163111 (S.D.N.Y. Jan. 22, 2007) .............................13, 14

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945).......................................................................................10

*Laxman v. Shapiro*,
   No. 06 Civ. 11408, 2006 WL 3423807 (S.D.N.Y. Nov. 29, 2006) .................................. 15-16

*Lombardi v. Paige*,
   No. 00-CV 2605, 2001 WL 303831 (S.D.N.Y. Mar. 28, 2001) .............................................10

*Lucidrisk, LLC v. Ogden*,
   615 F.Supp.2d 1 (D. Conn. 2009)......................................................................... 9-10

*Muller v. Walt Disney Prods.*,
   822 F. Supp. 1033 (S.D.N.Y. 1993)........................................................................7

*N.Y. Marine & Gen. Ins. Co. v. La Farge North Am., Inc.*,
   599 F.3d 102 (2d Cir. 2010)......................................................................... 6-7, 11, 16

*Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Las Vegas Professional Football, Ltd.*,
No. 10-CV-414, 2010 WL 5141229 (2d Cir. Dec. 20, 2010)....................................................14

*NGC Network Asia, LLC v . PAC Pacific Group Int'l, Inc.*,
No. 09 Civ. 8684, 2010 WL 3701351 (S.D.N.Y. Sept. 20, 2010)............................................11

*Oubre v. Clinical Supplies Management, Inc.*,
No. 05-CV-2062, 2005 WL 3077654 (S.D.N.Y. Nov. 17, 2005)............................................12

*Prozina Shipping Co. v. Elizabeth-Newark Shipping Inc.*,
No. 98 Civ. 5834, 1999 U.S. Dist. LEXIS 5224 (S.D.N.Y. Apr. 12, 1999)............................14

*Solano v. Calegari*,
949 A.2d 1257 (Conn. App. Ct. 2008).................................................................................8, 10

*Strougo v. Brantley Capital Corp.*,
243 F.R.D. 100 (S.D.N.Y. 2007) ..........................................................................................13

*U.S. Offshore, Inc. v. Seabulk Offshore, Ltd.*,
753 F. Supp. 86 (S.D.N.Y. 1990) ..........................................................................................15

*Ursa Minor Ltd. v. Aon Financial Products, Inc.*,
No. 00 Civ 2474, 2000 WL 1010278 (S.D.N.Y. July 21, 2000) ...............................................7

*Zartolas v. Nisenfeld*,
184 Conn. 471 (Conn. 1981)...................................................................................................10

**STATUTES**

9 U.S.C. § 10.................................................................................................................................13

28 U.S.C. § 1404....................................................................................................................11, 16

Conn. Gen. Stat. § 52-59b.......................................................................................................8, 10

Petitioner Universitas Education, LLC ("Universitas") respectfully submits this memorandum of law in opposition to Nova Group, Inc.'s motion (1) to dismiss this action, which seeks to confirm Universitas' arbitration award against Nova Group, Inc. ("Nova Group") or, in the alternative, (2) to transfer the action to the District of Connecticut.

## PRELIMINARY STATEMENT

Nova Group's motion to dismiss the present action in favor of a proceeding it filed in Connecticut must fail for one obvious reason: Connecticut courts have no jurisdiction over Universitas. Thus, the mere fact that Nova Group filed the Connecticut proceeding just days prior to Universitas' filing its New York action is of no consequence.[1]

Even if Connecticut courts had jurisdiction over Universitas (which they do not), dismissal pursuant to the first-filed rule would be inappropriate here, where the "balancing of convenience" factors favor New York. First, Nova Group unilaterally chose New York as the location to resolve all disputes regarding the Charter Oak Trust Welfare Benefit Plan. Second, the second phase of the arbitration underlying the award at issue is proceeding in New York. Third, New York is also the domicile and residency of Petitioner Universitas. Finally, the relative means of the parties support maintaining the action in New York.

In addition, there are special circumstances warranting the continuation of the New York proceeding, as Nova Group's decision to file in Connecticut was nothing but improper "forum shopping" and an improper anticipatory filing. In addition, the New York litigation has progressed further than the Connecticut action.

---

[1] As Universitas has noted in the Connecticut action, whether Nova Group has properly commenced its proceeding in Connecticut is a major issue, because the pleading it filed in Connecticut purported to reference dozens of exhibits and testimony transcript pages, but attached none of them.

As set forth more fully below, Petitioner respectfully requests that this Court deny Respondent Nova Group's motion to dismiss or transfer in its entirety.

**STATEMENT OF FACTS**

Universitas is the educational and research affiliate of a non-profit charitable foundation, Destination Universitas. *See* Affidavit of Sharon Siebert ("Siebert Aff.") at ¶1. Destination Universitas is dedicated to providing a center for the spiritual and physical healing of world leaders. *See id.* Universitas is a Delaware limited liability company with its principal place of business in New York. *Id.* at ¶2. Universitas' two sole members are domiciled and live in New York. *Id.* Nova Group purports to be a Delaware corporation with its principal place of business in Connecticut. *See* March 8, 2011 Nova Group Notice of Removal at ¶5(b). Nova Group is named as Respondent herein in its capacity as trustee, sponsor, fiduciary and/or administrator of the Charter Oak Trust Welfare Benefit Plan. *Id.*

**I.    PHASE ONE OF THE ARBITRATION**

On or about June 17, 2010, Universitas filed a demand for arbitration and statement of claim with the American Arbitration Association against Respondent Nova Group, its sister entity Benistar Admin. Services, Inc. ("BASI"), Wayne Bursey ("Bursey"), Donald Trudeau ("Trudeau"), Daniel Carpenter ("Carpenter") and Grist Mill Capital, LLC ("Grist Mill").[2] March 25, 2011 Declaration of Paula Colbath at ¶3 ("Colbath Decl.").

The allegations set forth in the statement of claim arise out of a life insurance trust called the Charter Oak Trust Welfare Benefit Plan (the "Plan" or the "Trust"), whereby Respondent was obligated to pay over to Universitas the proceeds of two insurance policies on the life of Plan participant Sash Spencer totaling approximately $30 million. *See* March 15, 2011

---

[2] Grist Mill was subsequently dropped from the Arbitration. Colbath Decl. at ¶5.

Universitas Petition to Confirm an Arbitration Award at ¶¶5-6, Ex. 1 ("Pet."). For estate planning purposes, Mr. Spencer, who had been a long-time supporter of Destination Universitas, had named Universitas as the sole, irrevocable beneficiary of the Trust. *See* Siebert Aff. at ¶7. However, when Mr. Spencer died, and the life insurance carrier paid out the funds to the Plan, Respondent refused to pay over the $30 million in funds to Universitas and insisted it was entitled to keep the sum for itself. *See* Siebert Aff at ¶8; Pet. at ¶7. A lawyer for Universitas (and after this lawyer passed away, an informal business advisor) made requests for payment to Respondent (which is based in Connecticut). *See* Siebert Aff. at ¶¶9-10.

Section 8.02(d) of the Plan (which was unilaterally drafted by Respondent and not executed by Universitas) required that:

> Any controversy or claim arising out of or related to a denial of benefits hereunder or any and all other disputes, claims or controversies (whether or not related to benefits) arising under this Plan & Trust shall be settled by binding arbitration before a single arbitrator in New York, New York, under the commercial arbitration rules of the American Arbitration Association.

Pet., Ex. 1 at 11.

The parties thereafter agreed to have Peter Altieri, Esq., an attorney with the New York office of Epstein Becker and Green, P.C., serve as Arbitrator. Pet. at ¶ 10, Ex. 2. Universitas' statement of claim was amended on September 24, 2010 to include claims against Nova Group's sister entity Nova Benefit Plans, LLC and alter ego claims against Bursey, Trudeau and Carpenter. *See* Pet., Ex. 3. Thereafter, the parties proceeded with discovery on an expedited basis. Colbath Decl. at ¶4.

By Order dated November 3, 2010, the Arbitrator bifurcated the proceedings and issues. Pet. at ¶ 12. Phase One would proceed solely against Nova Group, Bursey as Trustee of the Trust and BASI as Administrator under the Trust on the issue of whether Universitas was entitled to the Plan benefits, and if so, in what amount. *Id*. As required by section 8.02(d) of the

3

Plan, the "Phase One" hearing took place in New York for three days on December 6–8, 2010. *Id*. at ¶ 14.

On January 25, 2011, the parties were notified that the Arbitrator had issued a Phase One award dated January 24, 2011 in favor of Universitas in the amount of $26,525,535.98 (the "Award"). Pet. at ¶¶ 16-17, Ex. 14. Among other things, the Arbitrator found, under both common law principles and the Employee Retirement Income Security Act (ERISA), that the Phase One Respondents (Nova Group, Bursey as Trustee, and BASI as Administrator) had violated their fiduciary duties to Universitas by failing to pay the Trust benefits to Universitas and directed Respondent Nova Group to deposit the award amount in an escrow account at its law firm, Updike Kelly & Spellacy, P.C. ("Updike Kelly"). *Id*., Ex. 14 at 2-3, 13-14. In so finding, the Arbitrator rejected all of the reasons asserted by Respondent Nova Group for withholding benefits in this matter. *Id*., Ex. 14 at 6.

## II.    THE CONNECTICUT ACTION

On January 25, 2011, Nova Group filed an application to vacate the January 24, 2011 award against it in Connecticut Superior Court in Hartford. Universitas first received notice of this action on February 8, 2011. Siebert Aff. at ¶13. Universitas then proceeded to obtain local counsel in Connecticut. *See* Colbath Decl. at ¶¶12-13. Due to the necessity of obtaining local counsel, Universitas sought an adjournment of the initial conference scheduled in the Connecticut state court action. *Id*. at ¶12. On March 3, 2011, having successfully obtained local counsel in Connecticut, Universitas removed the Connecticut state court action to federal court. *Id*. at ¶¶12-13.

On March 10, 2011, Universitas filed a motion to dismiss the Connecticut action because Connecticut courts lack jurisdiction over Universitas. Colbath Decl. at ¶14. In the alternative, Universitas requested that the District of Connecticut transfer the Connecticut matter to the

Southern District of New York. *Id.* Nova Group's response to Universitas' motion to dismiss or transfer is due March 31, 2011. *Id.* No other deadlines or conferences have been scheduled in the Connecticut matter. *Id.* at ¶15. In addition, Nova Group has not appeared before the presiding judge in the Connecticut matter. *Id.* Finally, no discovery has taken place. *Id.*

## III.    THE NEW YORK ACTION

On February 11, 2011, Universitas commenced an action in New York Supreme Court, New York County, by filing a Summons with Notice, seeking confirmation of the Award and related relief. Colbath Decl. at ¶16. Rather than demanding the underlying petition, which would detail the basis for the confirmation, Nova Group sought to remove the Summons with Notice to the Southern District of New York on March 8, 2011. Colbath Decl. at ¶17. On March 11, 2011 – the day after Universitas filed its motion to dismiss or transfer the Connecticut action – Nova Group filed a motion to dismiss or transfer the Southern District of New York action.[3] Colbath Decl. at ¶17.

On March 15, 2011, in this Court, Universitas filed its Petition to Confirm the Arbitration Award, referenced in its February 11, 2011 Summons with Notice. Colbath Decl. at ¶18. Also on March 15, 2011, this Court entered a scheduling order setting forth various dates and deadlines throughout March and April 2011, including a pre-trial conference for April 29. *Id.* Pursuant to this Court's March 15, 2011 Order, the parties have begun the meet-and-confer process. *Id.*

---

[3] Notably, Nova Group filed this motion to dismiss or transfer in violation of the Court's individual practices, which requires the parties to confer by letter prior to the filing of any such motion. *See* Individual Practices of Judge Swain, Rule 2(B).

IV.    **PHASE TWO OF THE NEW YORK ARBITRATION**

Concurrent with the Connecticut and New York federal actions, the underlying

Arbitration in New York continues. *See* Colbath Decl. at ¶10.  Pursuant to the Award and

November 3, 2010 Bifurcation Order, Phase Two allows Universitas to pursue its Phase One

award against certain alter egos of Nova Group if it fails to deposit the approximately $26.5

million in escrow with Updike Kelly.  *See* Pet., Ex. 14 at 13-14.  Because Nova Group failed to

deposit said monies, Universitas is proceeding with Phase II.  *See* Colbath Decl. at ¶10.

Universitas has requested (among other things) that the Arbitrator set a date for an Initial

Scheduling Conference for Phase II of the Arbitration and authorize Universitas to immediately

take the depositions of Nova Group and the Phase II Parties on Phase II issues.  *See* Colbath

Decl., Ex. A.

## ARGUMENT

I.    **THE FIRST-FILED RULE DOES NOT MANDATE DISMISSAL**

As an initial matter, the first-filed rule, by which courts in certain situations grant priority

to the first filed of two competing lawsuits, does not constitute a strict mandate.  *See N.Y. Marine*

*& Gen. Ins. Co. v. La Farge North Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).  Indeed, the rule

is not meant to be applied in a mechanical way.  *See Cooperative Centrale Raiffeisen-Boreenleen*

*Bank, B.A. v. Northwestern Nat'l Ins. Co of Milwaukee, Wisconsin*, 778 F. Supp. 1274, 1278

(S.D.N.Y. 1991).  Courts should not be "slavish" to the first-filed rule and should "examine the

circumstances closely to determine if there are special considerations," including whether there

has been a minimal time difference between the filing of the two competing actions and a lack of

progress in either litigation.  *See Cummings & Lockwood, P.C. v. Simses*, No. Civ. 01-CV-422

(PCD), 2001 WL 789313, at *6-8 (D. Conn. July 5, 2001) (denying motion to dismiss under

first-filed rule, where, *inter alia*, second action involving same parties and issues as first action

was filed 12 days after the first). *See also Muller v. Walt Disney Prods.*, 822 F. Supp. 1033, 1040 (S.D.N.Y. 1993) (refusing to stay second action under first-filed rule where second action was filed about 20 days later than the first); *Capital Records v. Optical Recording Corp.*, 810 F. Supp 1350, 1355 (S.D.N.Y. 1992) (refusing to adhere to first-filed rule where "only twenty days" elapsed between the filings and no discovery or pretrial proceedings had occurred in either forum). Indeed, courts have refused to follow the first-filed rule where the first forum did not clearly have jurisdiction over one of the parties. *See, e.g., AFA Dispensing Group, B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 465, 471 (S.D.N.Y. 2010). In addition, courts refuse to follow the first-filed rule where the "balance of conveniences" favors the second-filed forum or where special circumstances exist. *N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 112-113.

### A.   No Connecticut Jurisdiction Over Universitas

Courts refuse to grant preference to a first-filed action where there are serious doubts as to whether the first forum has jurisdiction over all of the parties. *See, e.g., AFA Dispensing Group, B.V.*, 740 F. Supp. at 471 (refusing to dismiss in favor of first-filed suit where "serious questions" existed whether plaintiffs were subject to personal jurisdiction of first-filed forum); *Ursa Minor Ltd. v. Aon Financial Products, Inc.*, No. 00 Civ 2474, 2000 WL 1010278, at *11 (S.D.N.Y. July 21, 2000) (fact that it was unclear whether first-filed forum had jurisdiction over all parties militated against dismissal of the second-filed action); *Columbia Pictures Industries, Inc. v. Schneider*, 435 F. Supp. 742, 748 (S.D.N.Y. 1977) (refusing to grant deference to first-filed action where "a substantial question" existed as to whether the first-filed forum had jurisdiction over the defendants). Accordingly, this Court should not dismiss this action because, as explained more fully below, Connecticut courts do not have jurisdiction over Universitas. By contrast, Nova Group has not disputed (and cannot dispute) that this Court has jurisdiction over it.

In the Connecticut vacatur action, Nova Group has alleged that Connecticut courts have personal jurisdiction over the New York-based Universitas pursuant to Conn. Gen. Stat. § 52-59b. Nova Group did not specify which prong of § 52-59b justified jurisdiction, but based on the nature of the factual allegations in its application to vacate it appears that Nova Group claims jurisdiction based on § 52-59b(a)(1) – transaction of business within the state. *See generally* Gen. Stat. § 52-59b.

Under Connecticut's long-arm statute, courts construe § 52-59(b)(a)(1)'s "'transacts any business' to embrace a single purposeful business transaction." *Solano v. Calegari*, 949 A.2d 1257, 1263 (Conn. App. Ct. 2008) (internal citations omitted). "In determining whether the defendant's contacts constitute the transaction of business within this state, [Connecticut courts] do not resort to a rigid formula [but] balance considerations of public policy, common sense, and the chronology and geography of the relevant factors." *Id.* (internal quotations and citations omitted).

Petitioner Universitas is a Delaware limited liability company with its principal place of business in New York, NY. *See* Siebert Aff. at ¶2. Universitas has two members, Sharon Siebert and Donna Vassar, both of whom reside and are domiciled in New York, NY. *Id.* Universitas does not maintain an office in Connecticut; nor does it transact business within Connecticut. *Id.* at ¶3. Universitas has no employees in Connecticut or elsewhere. *Id.* Universitas does not own or rent any property in Connecticut. *Id.* at ¶4. Nor does Universitas maintain any bank accounts in Connecticut. *Id.* Universitas derives no revenue from business dealings within Connecticut, nor does it advertise in Connecticut. *Id.* at ¶ 5. Universitas was simply named as a beneficiary in paperwork executed by Mr. Spencer (a third-party) and the Plan in 2006. Universitas did not have any contact with the Plan until after Mr. Spencer's 2008

8

death, when Universitas' New York-based lawyer inquired into the benefits owed to Universitas as per Mr. Spencer's last wishes. *See* Siebert Aff. at ¶¶7-10.

In its Application to Vacate, filed in Connecticut, the sole allegation asserted by Nova Group to establish Connecticut's personal jurisdiction over Universitas is that:

> … Universitas claims to be a beneficiary under a welfare benefit plan domiciled in Connecticut and because Universitas and its representatives have had numerous telephone calls and meetings in Connecticut to discuss the Charter Oak Trust. Furthermore, Universitas filed a claim, although late, with Nova and the Plan in Connecticut and also filed an appeal of the denial of the claim in Connecticut.

Nova Group Application to Vacate at ¶ 4, attached as Exhibit 1 to Nova Group's March 11, 2011 Motion to Dismiss or Transfer.

The very minimal contact Universitas had with Connecticut relating to this matter was solely as a result of Respondent's and the Plan's wrongful withholding of the monies in this matter. *See* Siebert Aff. at ¶¶9-12. Once Universitas became aware in May 2009 that Respondent intended to keep the money that it had a fiduciary and legal obligation to pay out to Universitas, Universitas asked Alex Sgoutas – an acquaintance of Universitas founder Ms. Vassar who has never been and is not currently compensated by Universitas – to reach out to Respondent in an attempt to resolve the issue. *Id.* at ¶¶10-11. Mr. Sgoutas (again, an unpaid advisor) met with Plan representative and Phase Two party Trudeau twice in Connecticut – for the sole purpose of finding out the reasons for Respondent's wrongful withholding of the monies to settle the dispute. *Id.*

The fact that Universitas was left with no choice but to contact Respondent when Respondent failed to pay the death benefit as directed by Mr. Spencer does not establish that Universitas transacted business in Connecticut such that Universitas is subject to the jurisdiction of its courts. *See Lucidrisk, LLC v. Ogden*, 615 F.Supp.2d 1, 6 (D. Conn. 2009) (no basis for holding that negotiating or entering into a settlement agreement as part of legal dispute is

"transacting business" in Connecticut); *Lombardi v. Paige*, No. 00-CV 2605, 2001 WL 303831,

at * 4 (S.D.N.Y. Mar. 28, 2001) ("few, sporadic efforts" in collecting information regarding

potential legal claims did not satisfy transaction of business under New York long-arm statute);

*General Instrument Corp. v. Tie Mfg., Inc.*, 517 F. Supp. 1231, 1232 (S.D.N.Y. 1981) (multiple

meetings in New York in attempt to settle business dispute, without more, is not transacting

business under New York long-arm statute).[4]  Courts should not recognize jurisdiction in this

instance because it would create a dangerous precedent in that it would incentivize Connecticut-

based parties who have committed wrongful acts to engage in bad-faith settlement negotiations

for the sole purpose of creating grounds for jurisdiction.

Similarly, the fact that Universitas sent a claim form in the mail as instructed by

Respondent is not sufficient to confer Connecticut jurisdiction over Universitas. *See Solano*, 949

A.2d at 1263 (discussion of loan and request of loan within the state of Connecticut not

transaction of business under Conn. Gen. Stat. § 52-59b); *Green v. Simmons*, 919 A.2d 482, 488

(Conn. App. Ct. 2007) (mailing of two letters insufficient to show transaction of business under

§ 52-59b).  Requiring Universitas to appear before Connecticut courts under these facts resulting

from Respondent's documented wrongdoings would defy common sense, offend notions of

justice and violate Universitas' constitutional right of due process. *See, e.g., Int'l Shoe Co. v.

Washington*, 326 U.S. 310, 316 (1945).

In short, Nova Group failed – in its burden – to establish that Connecticut courts have

jurisdiction over Universitas, and thus Universitas has moved the District of Connecticut to

dismiss the action for lack of jurisdiction or, in the alternative, to transfer it to the Southern

---

[4] Connecticut courts have found case law concerning New York's long-arm statute, upon which § 52-59(b) is based, to be "pertinent" to long-arm jurisdictional analysis in Connecticut. *See, e.g., Zartolas v. Nisenfeld*, 184 Conn. 471, 474 (Conn. 1981).

District of New York.[5]  Because Connecticut courts lack jurisdiction over Universitas, this Court

should retain jurisdiction over this matter.

**B.   The "Balance of Convenience" Factors Overwhelmingly Favor New York**

Courts also disregard the first-filed rule where the balancing of conveniences favors the

second-filed forum. *N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 112.  In determining the

"balancing of convenience" factors, courts in this district look to the same factors that are

relevant to motions to transfer venue pursuant to 28 U.S.C. § 1404(a).  *Id.* (including, *inter alia*,

(1) the plaintiff's choice of forum, (2) the convenience of witnesses; (3) the location of relevant

documents; (4) the convenience of the parties; (5) the locus of operative facts; (6) the availability

of process to compel the attendance of witnesses; and (7) the relative means of the parties).[6]

Here, the factors overwhelmingly favor New York.

Locus of Operative Facts:  Phase One of the Arbitration took place (as the Plan required)

in New York, NY.  Phase Two of the Arbitration likewise is proceeding in New York.  Thus, this

factor clearly weighs in favor of New York. *See, e.g., NGC Network Asia, LLC v . PAC Pacific*

*Group Int'l, Inc.*, No. 09 Civ. 8684, 2010 WL 3701351, at * 6 (S.D.N.Y. Sept. 20, 2010) (locus

of operative facts is where arbitration took place).

Relative Means of the Parties:  Universitas has limited financial resources.  *See* Siebert

Aff. at ¶15.  The AAA recognized Universitas' limited financial resources by granting

Universitas a deferral of its share of the arbitration fees in June 2010, at the arbitration's outset.

---

[5] The fact that Universitas does not "transact business" in Connecticut also means that service on Universitas by way of the Connecticut Secretary of State was improper and thus the action should be re-filed.  Thus, it is questionable whether the Connecticut action is indeed the "first filed."

[6] Nova Group concedes that the following § 1404 factors are not material to this proceeding, and thus, Universitas does not address them: conveniences of witnesses, location of documents, and the ability

*See* Colbath Decl., Ex. B.  Prior to granting this deferral, Universitas was required to substantiate

its need with documentary evidence.  Siebert Aff. at ¶14.  Universitas is simply not in a financial

position to pay for a protracted legal battle in Connecticut (which requires the additional costs of

local counsel), especially while continuing to incur legal fees in the ongoing Phase Two

arbitration in New York.  *See id.* at ¶15.

The Plan's resources do not appear to be so limited.  As an initial matter, during three

days of hearings in New York in December 2010, Nova Group was represented by attorneys

from three different law firms – Updike Kelly and Spellacy, P.C., Halloran & Sage LLP, and Fox

Rothschild LLP.  Colbath Decl. at ¶7.  According to Nova Group's testimony at the hearing,

Nova Group currently maintains about 35 clients participating in the Plan.  *Id.*  Furthermore,

Phase One party Bursey executed an affidavit in this matter attesting under oath to the Plan's

ability to satisfy a judgment in this action for $30 million.  *See id.*, Ex. C.  Bursey's affidavit

purported to supplement a prior representation by Nova Group's counsel, Richard S. Order, Esq.,

that the Plan had assets sufficient to satisfy any award.  *Id.*  Moreover, the Plan is administered

by Nova's sister entity, BASI – which boasts that it is a large, nationwide administrator of health

and welfare benefit plans.  *Id.*, Ex. D.  *See Oubre v. Clinical Supplies Management, Inc.*, No. 05-

CV-2062, 2005 WL 3077654, at *4 (S.D.N.Y. Nov. 17, 2005) (fact that defendant was large

corporation suggested greater means than plaintiff).

Governing Law:  Nova Group's petition to vacate relies primarily on federal law,

specifically ERISA decisions from courts within the Court of Appeals for the Second Circuit.

*See* Nova Group's Application to Vacate at 30-43, attached as Ex. 1 to Nova Group's March 11,

2011 Motion to Dismiss or Transfer.  The District of Connecticut and Southern District of New

---

to compel unwilling witnesses.  March 11, 2011 Nova Group Memorandum of Law in Support of Motion
to Transfer or Dismiss at 6.

York, both being within the Second Circuit, have equal familiarity with Second Circuit law.

Nova Group's motion to vacate also cites Connecticut law. However, given the complexity of

most civil litigation, federal courts sitting in diversity have become adept at interpreting and

applying the laws of other states. This factor thus bears little weight because "federal courts are

deemed capable of applying the substantive law of other states." *Hummingbird USA, Inc. v.*

*Texas Guaranteed Student Loan Corp.*, No. 06 Civ. 7672 (LTS), 2007 WL 163111, at *3

(S.D.N.Y. Jan. 22, 2007) (citation and internal quotation omitted). In any event, the Arbitrator,

after considerate review of the numerous briefs submitted in the arbitration and three days of live

testimony, determined that Nova Group breached its fiduciary duties to Universitas, both under

state and federal law. This Court need only determine whether the Arbitrator's decision gives

rise to one of the limited grounds for vacatur under 9 U.S.C. § 10.

Plaintiff's Choice of Forum: Here, Nova Group's choice to proceed in Connecticut as

plaintiff of the first-filed action should not be accorded any deference as "the operative facts

upon which the litigation is brought bear little material connection to the chosen forum." *See,*

*e.g., Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 108 (S.D.N.Y. 2007) (holding choice of

New York forum diminished where operative facts were in Ohio). As explained above, the

operative locus of facts – the place of arbitration -- is New York.

Further, the Connecticut filing – made hours after the Arbitrator issued his Award in

favor of Universitas – was solely based on the fact that Nova Group understood that Universitas

would be filing its motion to confirm in New York shortly after receiving the Award. *Cf.*

*Cummings and Lockwood*, 2001 WL 789313, at *7 (first-filed plaintiffs' choice of forum

accorded little weight where filing was made because plaintiff realized an action to compel

arbitration was imminent). Indeed, the "race" to the courthouse undertook by Nova Group is

apparent through its Application, which was largely copied and pasted from its Phase One post-hearing arbitration brief (*compare* Pet. at Ex. 11), so much so that there were numerous exhibits and transcript citations included in the Application with absolutely no explanation or attachment of said exhibits or transcripts. Thus, Nova Group's choice of forum should not be accorded any deference.

Convenience of the Parties: Here, Nova Group unilaterally drafted the Trust to require any arbitration concerning the Plan to be held in New York. *See* Pet., Ex. 1 at § 8.02(d). Therefore, Nova Group acknowledged that it was convenient for it to litigate in New York. *See Hummingbird USA, Inc.*, 2007 WL 163111, at *3 (holding that a forum selection clause is determinative of the parties' convenience); *Prozina Shipping Co. v. Elizabeth-Newark Shipping Inc.*, No. 98 Civ. 5834, 1999 U.S. Dist. LEXIS 5224, at *14 (S.D.N.Y. Apr. 12, 1999) (location where arbitration held most convenient forum for motion to confirm arbitration award).

Accordingly, the balance of conveniences weigh in favor of maintaining the New York action.

### C. Special Circumstances Exist Allowing Court to Disregard First-Filed Rule

Even if the balance of convenience weighed in Connecticut's favor (which it does not), this Court should disregard the first-file rule due to special circumstances.

First, Nova Group's decision to file in Connecticut is nothing but improper forum selection as the Trust included a New York forum selection clause. *Cf. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Las Vegas Professional Football, Ltd.*, No. 10-CV-414, 2010 WL 5141229, at *3 (2d Cir. Dec. 20, 2010). The only connection with Connecticut in this matter is that

Respondent purports to be located there.[7]  Previous courts in this district have found that such a tenuous connection supports a finding of forum shopping, where the arbitration took place in a different state. *See U.S. Offshore, Inc. v. Seabulk Offshore, Ltd.*, 753 F. Supp. 86, 89 (S.D.N.Y. 1990) (first-filed action in Florida, where only connection with Florida was the first plaintiff's headquarters and the underlying arbitration took place in New York, "g[ave] off the unmistakable aroma of forum shopping").

Second, this case qualifies as an improper anticipatory filing, as any arbitration award necessarily results in litigation in order for the award to be confirmed and/or vacated.  Thus, this case is analogous to improper "race to the courthouse" declaratory judgments that are filed in anticipation of an imminent lawsuit. *See, e.g., Girl Scouts of the USA v. Steir*, 02-CV-4830, 2003 U.S. Dist LEXIS 24582, at * 4 (S.D.N.Y. Sept. 4, 2003) (noting declaratory judgment exception).  Nova Group was clearly on notice after the Award was issued that Universitas was required to file a suit confirming the Award so as to convert it into a judgment.[8]  *Cf. Cooperative Centrale*, 778 F. Supp. at 1278 (refusing to stay second action filed weeks after first action, where first-action plaintiff knew it did not intend to pay the sums and that other party would sue to collect).  Indeed, the Connecticut suit was filed merely hours after receipt of the award. *See* Colbath Decl. at ¶11.  As noted above, the hastily copied-and-pasted "Application" Nova Group threw together (*e.g.* with numerous exhibit references but no exhibits) merely hours after receiving notice of the adverse Award established that Nova Group's decision to file in Connecticut was nothing but an improper race to the courthouse, warranting an exception to the

---

[7] When Universitas attempted to serve its New York Supreme Court Summons with Notice on Nova Group's Simsbury, Connecticut office, on February 17, 2011, its process server found Nova Group's office to be unoccupied during business hours. *See* Colbath Decl., Ex. E.

[8] In addition, the Award specifically granted Universitas the ability to proceed in court to protect its interests, putting Nova Group on notice of other potential litigation. Pet., Ex. 14 at 13-14.

first-filed rule. *See Laxman v. Shapiro*, No. 06 Civ. 11408, 2006 WL 3423807 at *2, (S.D.N.Y. Nov. 29, 2006) (first-filed action was improper anticipatory suit where there were numerous technical deficiencies and factual omissions in the complaint, "indicating that it was prepared in haste").

Finally, the New York action is proceeding at a quicker pace than the Connecticut action. First, Nova's motion in this Court will be fully briefed prior to the parallel motion in Connecticut court. *See* Colbath Decl. at ¶¶14, 17. Second, this Court has already set forth various deadlines and instructions concerning the Petition, whereas the Connecticut court has remained silent. *See* Colbath Decl. at ¶¶15, 18. Finally, the parties have already initiated the meet-and-confer process in the New York matter, in compliance with this Court's instruction. Colbath Decl. at ¶18. Thus, the New York action is further along than the Connecticut proceeding and the first-filed rule should be disregarded. *See Cooperative Centrale*, 778 F. Supp. at 1278 (first-filed rule not applicable where "the later filed suit has moved further along the road" than the first-filed suit).

Therefore, there are several special circumstances justifying an exception to the first-filed rule, and this Court should deny Respondent's motion to dismiss.

## II.   SECTION 1404 TRANSFER SHOULD BE DENIED BECAUSE THE INTERESTS OF JUSTICE AND CONVENIENCE OVERWHELMINGLY FAVOR NEW YORK

In response to Nova Group's motion to transfer the New York action to Connecticut pursuant to 28 U.S.C. § 1404, Universitas respectfully refers the Court to the arguments set forth in Section I(B) above regarding the "balance of conveniences." *N.Y. Marine and General Ins. Co.*, 599 F.3d at 112 (§ 1404 transfer factors same as "balance of conveniences").

## CONCLUSION

In conclusion, this Court should not mechanically apply the first-filed rule in this matter and dismiss or transfer this action in favor of the District of Connecticut proceeding. First, the

District of Connecticut has no jurisdiction over Universitas. Second, the balance of convenience factors overwhelmingly favor New York. Finally, special circumstances warrant granting deference to the Southern District of New York action. Thus, Nova Group's motion should be denied in its entirety.

Dated: New York, New York
      March 25, 2011

LOEB & LOEB LLP

By: _____
      Paula Colbath
      345 Park Avenue
      New York, New York 10154-1895
      (212) 407-4000

      *Attorneys for Petitioner*
      *Universitas Education, LLC*

17