UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                Petitioner,          :

           -against-          :      Case No: 11 CV 01590-LTS-HBP

NOVA GROUP, INC., AS TRUSTEE, NAMED   :
FIDUCIARY, PLAN SPONSOR AND
ADMINISTRATOR OF THE CHARTER OAK   :
TRUST WELFARE BENEFIT PLAN,

                Respondent.
-----------------------------------------------------------------X

## DECLARATION OF PAULA K. COLBATH

**PAULA K. COLBATH**, an attorney admitted to practice law in the Courts of the

State of New York, declares the following under penalty of perjury pursuant to 28 U.S.C.

§ 1746:

1.      I am a partner in the law firm of Loeb & Loeb LLP, attorneys for

Universitas Education, LLC ("Universitas"), the Petitioner in the above-captioned

proceeding.  I have personal knowledge of all of the following facts.

2.      I represented Universitas in the New York Arbitration that is the subject of

this court proceeding (hereinafter the "Arbitration").

3.      Universitas commenced the Arbitration on or about June 17, 2010, by

filing a Statement of Claim with the American Arbitration Association ("AAA").  The

claim was filed against entities and individuals that Universitas believed to be responsible

and liable for the wrongful refusal to pay over to Universitas $30 million in death

benefits for which Universitas is the sole, irrevocable beneficiary under the Charter Oak

Trust Welfare Benefit Plan (hereinafter the "Plan").  The entities and individuals named

1

as Respondents in the June 2010 Statement of Claim were: Nova Group, Inc. ("Nova Group"); Benistar Admin. Services, Inc.; Grist Mill Capital, LLC; Wayne Bursey; Daniel Carpenter; and Donald Trudeau.

4.      The parties to the Arbitration mutually selected Peter L. Altieri, Esq. as sole arbitrator for their dispute. Arbitrator Altieri is a partner in the New York offices of Epstein Becker & Green, P.C. Arbitrator Altieri issued a Scheduling Order on September 17, 2010, which provided for expedited discovery in the Arbitration. Arbitrator Altieri scheduled three days of hearings for December 6-8, 2010 in New York, New York.

5.      On September 24, 2010 Universitas filed an Amended Statement of Claim against the parties named as Respondents in its June 2010 Statement of Claim, except that it added Nova Benefit Plans, LLC as a party and dismissed Grist Mill Capital, LLC as a party.

6.      On November 3, 2010, Arbitrator Altieri bifurcated the Arbitration into two phases, with Phase One hearings to take place on December 6-8, 2010. In Phase One, Universitas proceeded against only Nova Group, Benistar Admin. Services, Inc. as Administrator of the Plan and Wayne Bursey in his official capacity of Trustee of the Plan, in order to establish the liability of the Plan and Nova Group, as well as the amount of damages due to Universitas from Respondents' unlawful withholding of benefits.

7.      Phase One hearings took place as scheduled on December 6-8, 2010 in New York, New York, at the offices of Epstein Becker & Green, P.C. At the hearings, three law firms represented Nova Group – Updike Kelly and Spellacy, P.C., Halloran & Sage LLP, and Fox Rothschild LLP. Jack E. Robinson, Esq., Nova Group's General

2

Counsel, testified at the hearings that the Charter Oak Trust Welfare Benefit Plan had 100 participants at its height and now has about 35 participants.

8.    Following post-hearings briefs, Arbitrator Altieri issued an award on January 24, 2011, finding that Nova Group had breached its fiduciary duties to Universitas and was liable in the amount of $26,525,535.98.  The parties first received notice of this award at 3:40 p.m. on January 25, 2011 from Karen Fontaine, alternative dispute resolution services manager for the AAA.

9.    In the Award, Arbitrator Altieri held that if Nova Group failed to deposit $26,525,535.98 in escrow within 30 days after the Award or within 30 days after he decided any motion for reconsideration of the Award, whichever came later, Universitas could proceed in Phase Two against the other parties it had sued in its Amended Statement of Claim, in order to hold them liable for the award and for statutory theft under Connecticut law.

10.    Nova Group failed to make the mandated escrow deposit by March 19, 2011, which represented the later of 30 days after the Award or 30 days after Arbitrator Altieri's decision on any motion for reconsideration.  Based on this failure, Universitas wrote Arbitrator Altieri on March 22, 2011 concerning Phase II of the Arbitration, and intends to serve a Second Statement of Claim for Phase Two soon.

**The Connecticut Action**

11.    On February 8, 2011, I learned from my client, Universitas, that Nova Group had filed an action in Connecticut Superior Court to vacate the Award that the AAA sent to the parties on January 25.  Although Universitas only learned of this

3

Connecticut action on February 8, 2011, Nova Group appears to have filed it on January 25, the same day the parties received the Award.

12.    Because Universitas was required to secure local counsel in Connecticut, I asked Nova Group's counsel for an adjournment of the initial February 22, 2011 conference scheduled in the Connecticut case.  Counsel for Nova Group agreed to my request, and the conference was re-scheduled for March 14, 2011.

13.    Universitas removed the Connecticut Superior Court action to the District of Connecticut, on the basis of diversity jurisdiction, on March 3, 2011.

14.    Because Universitas has never conducted business in Connecticut, on March 10, 2011, it filed a motion to dismiss the Connecticut action, based on lack of personal jurisdiction and, in the alternative, to transfer the action to the Southern District of New York.  Nova Group's response to Universitas' motion is due on March 31. Because Nova Group has not yet filed an opposition to Universitas' District of Connecticut motion as of this date (March 25), and Universitas has fourteen (14) days to file a reply under District of Connecticut rules, Universitas' motion to dismiss or transfer will not be fully briefed until April 8, at the earliest.

15.    The District of Connecticut has not issued a Scheduling Order in the action filed by Nova Group.  Aside from Nova Group's March 31 deadline to oppose Universitas' motion to dismiss or transfer in Connecticut, no other deadlines or conferences have been scheduled in the Connecticut matter.  Nova Group has not appeared before the presiding judge in the Connecticut matter, and no discovery has taken place.

4

**The New York Action**

16.     On February 11, 2011, Universitas commenced an action in New York

Supreme Court, New York County, by filing a Summons with Notice, seeking

confirmation of the arbitration award and related relief.

17.     Nova Group, as the Respondent in the New York Supreme Court

proceeding filed by Universitas, removed the New York state action to the Southern

District of New York on March 8.  Despite having received the Summons with Notice,

Nova Group did not demand that Universitas serve its petition to confirm the arbitration

award.  Instead, Nova Group moved on March 11, 2011 to dismiss or transfer this action

to the District of Connecticut.  Since Universitas is filing this opposition as of this date

(March 25), and Nova Group has seven (7) days to file a reply, Nova Group's motion will

be fully briefed as of April 1, at the latest.

18.     On March 15, 2011, Universitas filed and served its Petition to Confirm

the Arbitration Award (the "Petition").  That same day, after receiving Universitas'

Petition, this Court issued instructions and set various dates and deadlines in this case,

including a Pre-Trial Conference for April 29, 2011.  Pursuant to this Court's Scheduling

Order, the parties have started the meet-and-confer process.  For instance, pursuant to

Judge Swain's Individual Practices Rule 2(b), on March 22, 2011 I wrote to

Respondent's counsel seeking to narrow the issues concerning Universitas' Petition and

to obtain Nova Group's compliance with the award's requirement that it deposit

$26,525,535.98 in escrow.

19. Attached as Exhibit A is a true and correct copy of Universitas' March 22, 2011 letter to Peter Altieri, Esq., the arbitrator for the underlying dispute, including Phase Two, seeking immediate commencement of Phase Two of the Arbitration (exhibits omitted).

20. Attached as Exhibit B is a true and correct copy of a June 25, 2010 letter from the AAA granting Universitas' application for a deferral of payment of arbitration fees.

21. Attached as Exhibit C is a true and correct copy of a November 12, 2010 Affidavit of Wayne H. Bursey, submitted during Phase One of the Arbitration in response to the Arbitrator's request that Nova Group, Inc. provide documentary evidence in support of a prior representation to the Arbitrator by Nova Group's counsel (Richard S. Order) that Nova Group has assets sufficient to satisfy the arbitration award.

22. Attached as Exhibit D is a true and correct copy of a March 23, 2010 news release from Benistar Admin. Services, Inc.

23. Attached as Exhibit E is a March 21, 2011 Affidavit of Attempt of Service in regards to attempted service of process on Nova Group, Inc.


Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated: New York, New York
March 25, 2011

_____
PAULA K. COLBATH

6

NYK908771.1
214560-10001