UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                Petitioner,      :

              -against-      :    **CASE NO: 11 CV 01590-LTS-HBP**

NOVA GROUP, INC., AS TRUSTEE, NAMED  :  **AFFIDAVIT OF**
FIDUCIARY, PLAN SPONSOR AND                    **SHARON SIEBERT**
ADMINISTRATOR OF THE CHARTER OAK  :
TRUST WELFARE BENEFIT PLAN,

                Respondent.
------------------------------------------------------------X

STATE OF FLORIDA    )
                            )  SS.
COUNTY OF PALM BEACH )

    I, Sharon Siebert, being duly sworn, state:

    1.    I am a member of Universitas Education, LLC ("Universitas"), a limited liability company organized to provide research and support for a related non-profit charity organization, Destination Universitas Foundation (the "Foundation"). The Foundation is a charitable foundation dedicated to providing a center for the spiritual and physical healing of world leaders. I have personal knowledge of all of the following facts.

    2.    Universitas is a Delaware limited liability company with its principal place of business in New York, NY. Universitas has two members, myself and Donna Vassar, and both of us reside and are domiciled in New York, NY.

3. Universitas does not maintain any offices in Connecticut, nor does it transact any business in Connecticut. In addition, Universitas has no employees in Connecticut or elsewhere.

4. Universitas does not own nor rent any property in Connecticut, nor does it maintain a bank account in Connecticut.

5. Universitas derives no revenue from business dealings within Connecticut, nor does it advertise in Connecticut.

6. In fact, the only contact Universitas has ever had with Connecticut was as a direct result of Nova Group, Inc.'s ("Nova Group") wrongful withholding of certain trust benefits owed to Universitas as the sole, irrevocable beneficiary of Sash Spencer.

7. Mr. Spencer was a long time supporter of the Foundation's work and accordingly named Universitas as the sole, irrevocable beneficiary of the Charter Oak Trust Welfare Benefit Plan (the "Plan"), so that upon his death, Universitas would receive approximately $30 million (the result of two insurance policies on Mr. Spencer's life placed in the Plan), less certain expenses to which Mr. Spencer and the Plan representatives agreed.

8. Mr. Spencer died in June 2008, and in May 2009, the Plan received approximately $30 million in life insurance proceeds. However, the Plan failed and refused to pay over the monies owed to Universitas as the sole, irrevocable beneficiary. Instead, the Plan claimed that it was entitled to keep Universitas' monies for its own purposes.

9. When the Plan failed to pay over the Plan benefits to Universitas, Universitas necessarily had a representative reach out to the Plan to find out why it was not paying over the monies as Mr. Spencer had directed it to do.

10. First, this representative was Universitas' New York-based lawyer Ivan Schinderman, Esq. Because Mr. Schinderman unfortunately passed away before the parties could resolve the dispute and Universitas had not yet obtained new counsel, an informal business advisor of Universitas, Alex Sgoutas, met twice in Connecticut during the summer of 2009 with Plan representative Donald Trudeau to discuss payment to Universitas. Nothing ever came of these settlement meetings. Nova Group and its affiliates have still not paid any of the monies to Universitas, despite an arbitration award in Universitas' favor.

11. Mr. Sgoutas, a personal acquaintance of Universitas member Donna Vassar for more than 20 years, made these communications to the Plan as a favor and without any payment by Universitas.

12. At the Plan's request, in July 2009, I submitted a form for benefits on behalf of Universitas to the Plan, which the Plan stated I must do or Universitas would forfeit the entire $30 million.

13. Universitas received notice on January 25, 2011 from the American Arbitration Association that it had won an arbitration award against Nova Group in the amount of $26,525,535.98. On February 8, 2011, Universitas first learned that Nova Group had filed an action in Connecticut Superior Court to vacate the arbitration award.

14. Connecticut is not a convenient forum for Universitas, owing in part to Nova Group's refusal for almost two (2) years to pay the required death benefits to Universitas. At the arbitration's outset, Universitas applied for and received from the American Arbitration Association (AAA) a deferral of its share of the arbitration fees. In order to obtain this deferral, Universitas needed to document and establish its limited financial means to the AAA, which it did.

15. Universitas is not in a financial position to pay for a protracted legal battle in Connecticut (which requires the additional costs of local counsel), especially while continuing to incur legal fees in the ongoing Phase Two arbitration in New York.

_____
SHARON SIEBERT

Sworn to before me this
24th day of March, 2011

_____
Notary Public
Signature only

JULISSA HERNANDEZ
Notary Public - State of Florida
My Commission Expires Apr 10, 2011
Commission # DD 658469
Bonded Through National Notary Assn.

NY2:\860878.1