# EXHIBIT A

## CHARTER OAK TRUST
## DECLARATION OF TRUST

**THIS DECLARATION OF TRUST** is made by Nova Group, Inc. (hereinafter referred to as the "Plan Sponsor"), which as the Plan Sponsor, hereby declares the Charter Oak Trust Welfare Benefit Plan (hereinafter referred to as the "Plan") contained herein to be effective as of October 1, 2006. The Charter Oak Trust (the "Trust") is a multiple employer trust that provides death benefits to certain specified covered individuals. All benefits provided through the Trust are fully insured. The Trust is administered in conformity with all rules under Sections 419 and 419A of the Internal Revenue Code of 1986, as amended (the "Code") and is not intended to qualify for the exception contained under Section 419A(f)(6) as a welfare benefit plan to which more than 10 employers contribute.

## WITNESSETH:

**WHEREAS,** an Employer (as hereinafter defined) applying for membership in this benefit plan desires to provide certain welfare benefits to its employees who shall qualify and elect to participate, so as to encourage productivity and loyalty, and to provide them, as well as their families, with a measure of financial security; and

**WHEREAS,** the Employer has elected to adopt an Employee Welfare Benefit Plan for the purpose of providing Death Benefits (as hereinafter defined) and life insurance benefits, along with other ancillary benefits as are more specifically set forth herein, to certain specified eligible employees and their eligible dependents (hereinafter referred to as "Participants"), effective as of the date stated below, to be known as the Plan; and

**WHEREAS,** the Employer wishes to join with other employers to provide Employees (as hereinafter defined) with Death Benefits and other welfare benefits through a welfare benefit plan; and

**WHEREAS,** the funds contributed to the Trust by the Employers constitute a trust fund to be held under and in accordance with the terms of the Plan and this Trust constitutes part of the Plan; and

**WHEREAS,** the Trustee (as hereinafter defined) of the Trust hereby established in connection with said Plan is willing to manage and control the Trust Fund (as hereinafter defined) pursuant to the terms of the Plan;

**NOW, THEREFORE,** effective upon the date of execution of this Declaration of Trust by the Employer (hereinafter referred to as the "Effective Date"), the Plan Sponsor hereby establishes the Plan (which Plan and Trust are collectively hereinafter referred to as the Plan & Trust") for the exclusive benefit of the Participants, their dependents and, in the case of life benefits, their beneficiaries, and recognizes Nova Group, Inc. as the Plan Sponsor and Trustee and hereby accepts the Plan on the following terms:

1

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

# ARTICLE I
## Establishment of Trust

Section 1.01   Assets of the Trust. The Plan Sponsor hereby establishes a Trust consisting of such cash, securities, life insurance policies, and other property as shall be delivered or paid to the Trustee from time to time for purposes of the Plan, said cash, securities, life insurance policies, and such other property together with the investments, reinvestments and accumulations thereof, being hereinafter referred to as the "Fund". The Fund shall be held by the Trustee in trust and shall be managed in accordance with this Declaration of Trust as amended. Except as otherwise expressly provided in the Plan, in no event shall any asset of the Fund be used for or diverted to purposes other than providing benefits under the Plan for Participants and their dependents and beneficiaries and defraying reasonable expenses of administering the Plan & Trust.

Section 1.02   Term. The Effective Date of this Plan & Trust shall be October 1, 2006, and the termination date of the Trust shall occur at the conclusion of the Plan Year selected by the Plan Sponsor; *provided, however,* that this Trust and/or the Plan & Trust shall not terminate without the Consent of the Insurance Trustee (as hereinafter defined). The term of the Plan & Trust, during which the Employers intend to continue to make contributions thereto, shall be from year to year until the purposes of the Plan & Trust have been accomplished.

Section 1.03   Plan Sponsor to be Fiduciary with Delegative Authority. The Plan Sponsor shall be the "Named Fiduciary" and "Named Trustee" for all welfare benefit plan purposes.

Section 1.04   Payment of Expenses. The Plan Sponsor shall authorize, with the Consent of the Insurance Trustee, the payment of all expenses of administering the Plan from the Trust. Such expenses shall include any expenses incident to the functioning of those to whom the Plan Sponsor has delegated fiduciary duties, including, but not limited to, the payment of professional fees of attorneys, consultants and the costs of administering the Plan.

# ARTICLE II
## Definitions

In construing the terms of this Declaration of Trust, the masculine shall include the feminine and the singular the plural in all cases where such meanings would be appropriate.

Section 2.01   "Administrator" shall initially mean Nova Group, Inc. or any subsequent Administrator appointed by the Plan Sponsor, or the Plan Sponsor itself.

Section 2.02   "Adoption Agreement" shall mean an agreement that the Employer executes to adopt and join the Plan & Trust.

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

Section 2.03  "Beneficiary" shall mean any person or legal entity designated by a Covered Employee to receive any Death Benefit payable under the Plan.

Section 2.04  "Code" shall have the meaning as defined in the preamble.

Section 2.05  "Consent" shall mean the written consent of a person or entity, not to be unreasonably withheld or delayed.

Section 2.06  "Covered Employee" shall mean any Eligible Employee who is a participant under the Plan pursuant to Article IV. Once an individual becomes a Covered Employee, he shall remain as such until the earlier of (a) the date on which his benefits under the Plan are forfeited, or (b) the date on which his benefits under the Plan are paid in full.

Section 2.07  "Death Benefit" shall mean the net amount of death benefit, after payment of any amounts owed with respect to any such death benefit and/or with respect to any insurance policy related thereto, as selected by the Employer in the Adoption Agreement, payable under the terms of the Plan on the death of a Participant to the Participant's designated beneficiary.

Section 2.08  "Effective Date," as to the Employer, shall mean the date so indicated in the Adoption Agreement when the Employer joined the Plan.

Section 2.09  "Eligible Employee" shall mean any Employee who is entitled under the Adoption Agreement to participate in the Plan.

Section 2.10  "Employee" shall mean any person employed as a common law employee of the Employer, or any person providing services to the Employer within the meaning of Code Section 419(g), whether or not such person is a shareholder of the Employer (in the case of an Employer that is a corporation or a professional corporation), a self-employed individual, a member, or a partner (in the case of an Employer that is a partnership, a limited liability company, or is a limited liability company which has elected to be taxed as a partnership).

Section 2.11  "Employer(s)" shall mean each entity that adopts this Plan by execution of the Adoption Agreement, or such other entity for whom services are provided within the meaning of Code Section 419(g), as indicated in the Adoption Agreement.

Section 2.12  "Gains and Losses" "Gains" shall mean the proceeds received from an Insurer in excess of any net benefit to which a Participant is entitled, and forfeitures, which shall include, but not be limited to, the Death Benefits no longer payable as a result of a Participant's separation from the service of the Employer and benefits unclaimed by a Participant or Beneficiary within two years after the occurrence of the event entitling the Participant or Beneficiary to receive said benefit, shall be treated as gains. "Losses" shall occur where a claim is satisfied from the Trust Fund as a whole because there were insufficient proceeds received from the Insurer to cover the Death Benefit to which a Participant was entitled.

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

Section 2.13   "Insurance Trustee" shall mean any nationally known trust company or a bank trust department acceptable to and appointed by a third-party with an interest in the Plan & Trust with the Consent of the Plan Sponsor. Such third-party, for any reason or no reason and at any time or times and in its sole and absolute discretion without the consent of any other party, may remove any Insurance Trustee acting hereunder and, subject to the Consent of the Plan Sponsor, replace such Insurance Trustee with one or more Insurance Trustees.

Section 2.14   "Insured" shall mean a Participant on whom the Plan Sponsor has acquired insurance coverage.

Section 2.15   "Insurer" shall mean any legal reserve life insurance company approved by the Plan Sponsor that issues a life insurance policy or contract on the life of a Participant.

Section 2.16   "Named Fiduciary" shall mean the Plan Sponsor.

Section 2.17   "Named Trustee" shall mean the Plan Sponsor, or any successor or successors thereto appointed by the Plan Sponsor.

Section 2.18   "Participant" shall mean the Covered Employee or any other person or entity entitled to benefits under the Plan.

Section 2.19   "Plan" shall have the meaning set forth in the preamble. The governing documents for the Plan shall include this Plan document and amendments thereto, the Adoption Agreement and any amendments thereto, and such uniformly applicable rules, regulations and standards promulgated by the Plan Sponsor consistent and in accordance with the terms of the Plan.

Section 2.20   "Plan Sponsor" shall mean Nova Group, Inc. or any successor or successors thereto appointed by the Plan Sponsor.

Section 2.21   "Plan Year" shall mean the 12-month period ending on September 30th of each year.

Section 2.22   "Termination of Employment" shall mean an Employee's termination from service with an Employer.

Section 2.23   "Trust" or "Trust Fund" or "Fund" shall, individually or collectively, mean all sums of money and other property, together with all earnings, income and increments thereon, attributable to the Plan and held by the Trustee under the terms of the Plan.

Section 2.24   "Trustee" shall mean Nova Group, Inc. or any successor or successors thereto appointed by the Plan Sponsor.

Section 2.25   "Valuation Date" shall mean the date on which the Trust Fund's liabilities and assets shall be determined. Each of the following is a Valuation Date:

(a)     the last day of the Plan Year; and
(b)     any additional dates, as determined by the Trustee.

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

## ARTICLE III
## Establishment of Employee Welfare Benefit Plan

Section 3.01   Establishment.  The Plan Sponsor hereby establishes the Plan to provide for and fund any and all benefits allowed under the Code and any regulations, rulings, or notices thereunder. The benefits provided pursuant to the terms and conditions of this Plan may be funded on a fully insured, partially insured, or self-funded basis as shall be determined and directed in the sole discretion of the Plan Sponsor.

Section 3.02   Benefits.  The Plan is intended to provide certain life benefits and Death Benefits for specified Employees of participating Employers as well as their spouses, dependents and family members. The benefits permissible under the terms of this Plan specifically include, without limitation, any life, medical, long term care, educational benefits, child care benefits, sickness, accident, or disability benefits or such other benefits as may be permitted by 26 C.F.R. § 1.162-10, 29 U.S.C. § 1009(2), or other applicable statutes, regulations, notices, judicial decisions or governmental pronouncements, as may from time to time be approved by the Plan Sponsor for the benefit of Participants and their dependents and Beneficiaries.

Section 3.03   Administration of the Plan.  The Plan Sponsor shall be deemed to be the Administrator (as previously defined herein) and the Named Fiduciary of the Plan shall direct the administration of the Plan in all respects, except as otherwise provided herein. The Plan Sponsor and those to whom the Plan Sponsor has delegated fiduciary duties shall keep a record of all proceedings and actions, and shall maintain all such books of account, records, and other data as shall be necessary for the proper administration of the Plan. The Plan Sponsor may delegate ministerial duties to such third parties as the Plan Sponsor, in its sole and absolute discretion, deems to be in the best interests of the Plan and Participants.

Section 3.04   Amendment.  The Plan Sponsor, only with the Consent of the Insurance Trustee, may make from time to time any amendment or modification to this Plan & Trust.

Section 3.05   Continuation.  In the event of the dissolution, merger, consolidation or reorganization of the Employer, provision may be made by which participation in the Plan may be continued by the Employer's successor; in such event, the successor shall be substituted for the Employer under the Plan. The substitution of the successor shall constitute an assumption of Plan liabilities by the successor and the successor shall have all of the powers, duties and responsibilities of the Employer under the Plan.

Section 3.06   Termination.  Although the Plan Sponsor has established and the Employer has adopted this Plan with the intention and expectation to maintain the Plan and participation therein indefinitely, the Plan Sponsor (only with the Consent of the Insurance Trustee) may terminate the Plan and the Employer may terminate participation in the Plan, in whole or in part at any time without any liability for such termination or discontinuance.  Upon termination of the Plan or termination of the Employer's participation in the Plan, the Plan Sponsor shall notify the Trustee, Insurance Trustee, Administrator, and the Participants in writing of the effective date of termination of the Plan.

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

## ARTICLE IV
## Eligibility For Participation

Section 4.01 Eligibility. Any person who is or was an Eligible Employee of the Employer as specified in the Adoption Agreement may be eligible to receive Death Benefits or any other benefits provided under the Plan in the manner provided below. Participation in the Plan shall cease upon Termination of Employment.

Section 4.02 Designation of Beneficiaries. Each Participant may designate the person or persons who are to receive benefits under the Plan in the event of his/her death. This designation shall be made on a form available from, and to be filed with, the Administrator. The beneficiary designation may be changed at any time by the Participant by notifying the Administrator in writing unless the Participant shall have previously made the beneficiary designation irrevocable. In both cases, a copy of such form will be provided to the Insurance Trustee within three (3) days subsequent to such form having been filed with the Administrator.

## ARTICLE V
## Contributions To And Earnings Of The Plan And Trust

Section 5.01 Employer Contributions. For each fiscal year of the Employer with respect to which the Employer's participation in the Plan is continued, the Employer shall contribute to the Trust an amount sufficient to meet the costs for benefits selected in the Adoption Agreement executed by the Employer, as determined by the Plan Sponsor and billed by the Administrator.

Section 5.02 Earnings of the Trust. Earnings and expenses of the Trust, and Gains and Losses, whether realized or unrealized, shall be taken into account annually on an accrual basis, for the purposes of computing the year-end value of the Trust.

Section 5.03 Limitation on Employer Liability. The Employer shall not be responsible for the contributions to the Plan required of other Employers.

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

Section 5.04   <u>Investment of Employer Contributions.</u> The Trust, through its Trustee as directed by the Plan Sponsor and through the Insurance Trustee, may invest its funds in insurance contracts on the lives of Covered Employees who are insurable for amounts as determined by the Plan Sponsor. The Insured, however, shall have no rights in the policy or the proceeds of the policy. All such insurance contracts shall be owned by the Plan, and controlled solely by the Plan Sponsor as the Named Fiduciary, except as otherwise provided herein. The Plan shall be designated as the beneficiary of the policies with respect to any proceeds payable on account of death or otherwise. In the event that a Covered Employee is not insurable or is unable to comply with the requirements of an insurer for the issuance of insurance contracts on his/her life, the premiums contributed may be used, with the Consent of the Insurance Trustee, to purchase an annuity or any other investment payable to the Trust to provide for such Covered Employee's Death Benefit. This is the amount of benefit that would be available as a Death Benefit, and is not a retirement benefit and would not be available to the Participant based on retirement, but only because of the death of the Participant during the period of eligibility for benefits under the Plan.

Section 5.05   <u>Non-Reversionary Clause.</u> No part of the Employer's contributions to the Plan & Trust or any amounts paid directly to an Insurer of an annuity or insurance contract on behalf of the Trust shall be recoverable by the Employer.

Section 5.06   <u>Limitation on Employer Liability.</u> Notwithstanding anything herein to the contrary, Death Benefits with respect to a Participant shall be payable solely from the assets of the Trust which are attributable to contributions made by an Employer. No Employer shall have any obligation to contribute on behalf of any other Employer that participates in the Plan. The Trustee, the Insurance Trustee, the Administrator, and the Plan Sponsor shall have no obligation (i) to make any contribution required of an Employer, or (ii) to pay any benefits to a Participant not funded by the assets of the Trust that are contributed by an Employer.

Section 5.07   <u>Irrevocability of Contributions Made.</u> All contributions made to the Trust by the Employer are irrevocable. The Employer shall have no right, title, or interest in or to the contributions made by it to the Trust. No part of the Trust Fund, nor any income attributable thereto, shall ever revert to the Employer or be used for, or be diverted to, purposes other than valid Trust purposes, including the payment of taxes and expenses of the administration of the Plan & Trust.

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

## ARTICLE VI
### Employee Death Benefits

Section 6.01    Employee Death Benefits for Covered Employees. In general, each Covered Employee shall be provided with a Death Benefit while an Eligible Employee in an amount as set forth in the Adoption Agreement. With the Consent of the Insurance Trustee, the Employer can adjust the amount of Death Benefit by amending the Adoption Agreement. If a Participant dies while participating in the Plan, a Death Benefit equal to Eighty (80%) percent of the original face amount of any policies held by the Plan on the Participant's life minus the cost of any premiums or placement or origination fees listed in the Plan Documents and minus any benefits paid under the Plan shall be paid to the Participant's designated Beneficiary.  Once a Covered Employee ceases being an Eligible Employee, his or her benefits will cease immediately. If an Employer is more than thirty (30) days behind in any premium payment or contribution, a Participant's participation in the Plan will terminate and cease automatically, and the Participant will no longer be eligible for any benefits under the Plan. If a Participant commits suicide, misrepresents information on any insurance form, is deemed to be uninsurable, or has insurance proceeds on his or her life not paid by the Insurer for any reason, the Plan will only be liable to such Participant or such Participant's estate, as the case may be, for the lesser of premiums paid for the policy on the Participant's life or the cash value of such policy. In no event will the Plan be liable to such Participant or such Participant's estate, as the case may be, for any Death Benefit if the Insurer shall, for any reason, fail to pay such insurance proceeds on the life of the Covered Employee.

Section 6.02    Insurer's Role in Plan. No Insurer shall be considered a party to the Plan or this Declaration of Trust for any purpose whatsoever; or be responsible for its validity, or be required to take or permit any action contrary to the provisions of said policies or contracts. No Insurer shall be required to determine that any action by the Plan Sponsor, Administrator, Trustee, or Insurance Trustee, is properly authorized by this Declaration of Trust or otherwise, or be responsible for the failure of any party to do or perform any act or duty imposed upon the party by the terms of this Declaration of Trust.

Section 6.03    Insurer's Relationship to Plan Sponsor, Trustee and Insurance Trustee. Any statement of the Plan Sponsor, Trustee, Insurance Trustee, and/or Administrator may be received by the Insurer as conclusive evidence of the matters relating to the Plan & Trust, and the Insurer shall be fully protected in taking or permitting any action on the face thereof and shall incur no liability or responsibility for so doing. The Insurer shall be under no duty to look into the terms of the Plan, nor question any action of the Plan Sponsor, Trustee, Insurance Trustee, and/or Administrator. The Insurer is not responsible for investigating any action of the Plan Sponsor, Trustee, Insurance Trustee, and/or Administrator to ascertain if it is (or they are) authorized by the terms of the Plan.

Section 6.04    Insurer's Receipt of Instructions. The Insurer shall be fully discharged from any and all liability for any amount paid to the Trustee and/or Insurance Trustee, or paid in accordance with the direction of the Plan Sponsor, Trustee, and/or Insurance Trustee and any charge made or action taken by the Insurer upon written direction of the Plan Sponsor, Trustee, and/or Insurance Trustee shall fully discharge the Insurer from all liability with respect thereto. The Insurer may accept and rely upon the signature of the Plan Sponsor, Trustee, Insurance Trustee, and/or Administrator as proper authorization for the action requested by the Plan

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

Sponsor, Trustee, Insurance Trustee, and/or Administrator. The Insurer shall not be obligated to confirm the distribution of or further application of any monies paid by it to the Plan Sponsor, Trustee, Insurance Trustee, and/or Administrator or paid to a Covered Employee or Beneficiary in accordance with the written direction of the Plan Sponsor, Trustee, Insurance Trustee, and/or Administrator, nor shall the Insurer be required to take any action under the Plan concerning any other agreements that may be contrary to its rules and practices. No direction, acceptance, reliance, action or omission by the Insurer, Trustee, Plan Sponsor or Administrator under this Section 6.04 shall be valid or enforceable without the Consent of the Insurance Trustee.

Section 6.05   Applications to Insurer. The Plan Sponsor shall have sole responsibility for the application for and management of all insurance policies held by the Plan, except as otherwise provided herein. The Plan Sponsor shall have sole responsibility for the prudent monitoring and, with the Consent of the Insurance Trustee, the selection of Insurers, agencies and policy terms. The Plan Sponsor shall advise the Administrator of its designation of the Insurer and the agency to be used to acquire from said Insurer the policies of insurance needed to reinsure benefits provided under the Plan. The Administrator shall have sole responsibility for providing completed applications for insurance to the Plan Sponsor for submission to the designated Insurer.

Section 6.06   Issuance of Policies. Each policy of insurance issued by an Insurer on the life of a Participant shall be issued (i) with the Named Trustee on behalf of the Plan & Trust as owner and (ii) with the Plan & Trust as the beneficiary.

Section 6.07   Transfer of Policies. In the event a Covered Employee's right to receive a Death Benefit under the Plan is forfeited, either as a result of Termination of Employment, termination of the Plan, withdrawal of the Employer or otherwise, the Plan Sponsor, with the Consent of the Insurance Trustee, may permit the Covered Employee to continue the Death Benefits by converting the insurance policy owned by the Plan to an individual policy to continue funding the Death Benefit. The fee to be paid by the Participant shall be an amount equal to the value of the policy. Where the Plan Sponsor declines to release the policy or the Covered Employee elects not to convert to an individual policy, the policy may be surrendered by the Plan Sponsor, with the Consent of the Insurance Trustee. Any net proceeds received from either conversion or surrender of a policy which remain subsequent to the payment of any amounts paid to any third-party related to such converted or surrendered policy shall be added to the Trust Fund.

## ARTICLE VII
## Distribution Of Benefits

Section 7.01   Distribution upon Death. With the Consent of the Insurance Trustee, the Named Trustee shall, upon advice of the Plan Sponsor, and in a timely manner, pay out to the Participant's designated Beneficiary the amount of the Death Benefit listed in the Adoption Agreement, upon notification by the Employer of the death of the Participant and receipt of the death certificate and other materials required by the Plan Sponsor. In the event the Covered Employee's designated Beneficiary shall predecease the Covered Employee, then the Death

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

Benefit shall be payable to the Covered Employee's heir in accordance with the intestacy laws of the State in which the Covered Employee was domiciled at the time of death. If the Covered Employee has no heirs at law, then the Trust shall be deemed the Beneficiary of the Covered Employee. Notwithstanding anything herein contained to the contrary, payment of the Death Benefit shall only occur after all amounts owed to any third-party that are secured by the Death Benefit and/or any insurance policy related thereto are paid in full.

Section 7.02   Distribution upon Plan Termination. In the event of the termination of the Plan, payment of such benefits may be made to either the Covered Employee or Participant or to a trust for the benefit of the Covered Employee or Participant at the direction and discretion of the Plan Sponsor with the Consent of the Insurance Trustee. Notwithstanding anything herein contained to the contrary, such benefits shall only be paid after all amounts owed to any third-party that are secured by the Death Benefit and/or any insurance policy related thereto are paid in full.

## ARTICLE VIII
## Claims By Members or Beneficiaries

Section 8.01   Claims Under the Plan. Claims for benefits under the Plan shall be filed with the Administrator on forms supplied by the Plan Sponsor. The Administrator shall provide copies of all such filed claims to the Insurance Trustee within three (3) days of the Administrator's receipt thereof. Written notice of the disposition of a claim shall be furnished to the claimant and the Insurance Trustee within ninety (90) days after the claim is filed. In the event the claim is denied, the reasons or the provisions of the Plan shall be cited and, where appropriate, an explanation as to how the claimant can perfect the claim will be provided to the claimant and the Insurance Trustee. Any claim application or claim not filed within one hundred eighty (180) days from the end of the Plan Year in which the death or incident of claim occurred will be considered untimely filed and denied for that reason.

Section 8.02   Appeals Procedure and Arbitration.

(a)   Within sixty (60) days of the claimant's receipt of written notice that a claim is denied, the claimant or his duly authorized representative may file a written appeal to the Administrator requesting a review of the denial that shall include a review of any comments, statements or documents the claimant may wish to provide, and the Administrator shall provide a copy of such written appeal to the Insurance Trustee within three (3) days of the Administrator's receipt of such written appeal. The Employer shall comply with any reasonable request from the claimant for documents or information relevant to the claim prior to the filing of an appeal.

(b)   The Administrator ordinarily shall make its determination with respect to the appeal within sixty (60) days after its receipt of the written appeal unless special circumstances require an extension of time for processing the appeal, in which case, a decision shall be rendered not later than one hundred twenty (120) days after the Administrator's receipt of the written appeal.

10

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

(c)     In the event the claim is denied by the Administrator upon appeal, the Administrator shall notify the claimant and the Insurance Trustee of its decision in writing with a copy to the Employer. The written decision (i) shall include the specific reasons for the decision, (ii) shall be written in a manner calculated to be understood by the claimant, and (iii) shall contain specific references to pertinent provisions of the Plan upon which the decision is based. The decision of the Administrator shall be final and conclusive, subject only to the claimant's right to arbitration pursuant to subparagraph (d) below.

(d)     Any controversy or claim arising out of or related to a denial of benefits hereunder or any and all other disputes, claims or controversies (whether or not related to benefits) arising under this Plan & Trust shall be settled by binding arbitration before a single arbitrator in New York, New York, under the commercial arbitration rules of the American Arbitration Association; the arbitrator shall have no jurisdiction, authority, or power to award special or punitive damages; all costs of the prevailing party (including attorneys' fees and costs), as well as the costs of arbitration, shall be borne exclusively by the non-prevailing party; and judgment on the award may be entered in any court having jurisdiction thereof (collectively, the "Arbitration"). This Agreement and the Plan shall be construed, regulated, and administered by and under the laws of the State of Connecticut. Any Arbitration between the Plan and any Participant or Employer shall be limited to the Participant's or the Employer's individual claims, and no claims arising out of this Agreement shall be asserted or arbitrated on a classwide basis. Any court litigation brought against the Plan, or threatened against the Plan either on an individual or a classwide basis, shall result in the immediate termination from the Plan of the individual Participant(s) or Employer(s) bringing such action or litigation or threatening such action or litigation. Additionally, the Plan Sponsor specifically reserves the right to terminate immediately the participation in the Plan of any Employer or Participant that violates any Plan provision or commits any other act not in good faith compliance with the Plan documents, including, but not limited to, initiating or instigating litigation or threatened litigation against the Plan. Notice of the termination of a Participant or Employer pursuant to this Section 8.02(d) shall be provided by the Plan Sponsor to the Insurance Trustee within five (5) days of such termination.

### ARTICLE IX
### Participating Employers

Section 9.01   Participating Employer.  Participation in this Plan shall be available to any business duly organized under the laws of any State of the United States, whether such business be organized as a Corporation, Professional Corporation, Limited Liability Company, Limited Partnership, Limited Liability Partnership, General Partnership, or other entity recognized under State law (collectively, a "Participating Employer"). Businesses organized and operated as a sole proprietorship shall not be eligible to participate. Notwithstanding the foregoing, the Plan Sponsor retains the sole discretion and the right to reject a request for Participation by any entity. Anything contained herein to the contrary notwithstanding, any other entity, whether affiliated with any Employer or not, may adopt this Plan and all of the provisions hereof, and participate herein and be known as a Participating

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

Employer, by a properly executed document evidencing said intent of the board of directors or controlling persons of said other entity. Each such Participating Employer shall be required to use the same Trustee, Insurance Trustee and Administrator as provided in this Plan. The Trustee may, but shall not be required to, commingle, hold and invest as one Trust Fund all contributions made by Participating Employers, as well as all increments thereof. The transfer of any Participant from or to any other entity participating in this Plan, whether he is an Employee of the Employer or a Participating Employer, shall not affect such Participant's rights under the Plan. Additionally, the Plan Sponsor specifically reserves the right, with the Consent of the Insurance Trustee, to terminate immediately the participation in the Plan of any Employer or Participant that violates any Plan provision or commits any other act not in good faith compliance with the Plan documents, including, but not limited to, initiating or instigating litigation or threatened litigation against the Plan.

Section 9.02    Forfeitures. All rights and values forfeited by Termination of Employment, subsequent to any payment of any amount that may be due to any third-party, shall inure only to the benefit of the Participants of the Participating Employer by which the forfeiting Participant was employed. All other forfeitures, charges, and payments to the Plan for the purchase of any insurance policy or Plan asset, subsequent to the payment of any amount that may be due to any third-party with regard to any such insurance policy or Plan asset, shall remain with the Plan under the sole control of the Plan Sponsor, except as otherwise provided herein.

Section 9.03    Expenses. Any expenses of the Trust which are to be paid by the Employer or borne by the Trust Fund shall be paid by each Participating Employer in the same proportion that the total amount standing to the credit of all Participants employed by such Employer bears to the total standing to the credit of all Participants.

Section 9.04    Designated Agent. Each Participating Employer shall be deemed to be a part of this Plan; *provided however,* that with respect to all of its relations with the Trustee and Administrator for the purpose of this Plan, each Participating Employer shall be deemed to have designated irrevocably the Plan Sponsor as its agent for purposes of administration of the Plan. Unless the context of the Plan clearly indicates the contrary, the word "Employer" shall be deemed to include each Participating Employer as related to its adoption of the Plan.

Section 9.05    Employee Transfer. It is anticipated that an Employee may be transferred between Participating Employers, and in the event of any such transfer, the Employee involved shall carry with him his accumulated service and eligibility. No such transfer shall effect a Termination of Employment hereunder, and the Participating Employer to which the Employee is transferred shall thereupon become obligated hereunder with respect to such Employee in the same manner as was the Participating Employer from whom the Employee was transferred.

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

Section 9.06    Contributions. All contributions made by a Participating Employer, as provided for in the Plan, shall be determined separately on the basis of the cost of the benefits provided to the Participants employed by such Participating Employer, and shall be paid to and held by the Trustee for the exclusive benefit of the Participants and their Beneficiaries, subject to all the terms and conditions of the Plan. The Trustee and Administrator shall keep separate books and records concerning the affairs of each Participating Employer hereunder and as to the amounts and credits of the Participants. The Trustee may (with the Consent of the Insurance Trustee), but need not, register insurance company contracts so as to evidence that a particular Participating Employer is the interested Employer hereunder, but in the event of a Participant's transfer from one Participating Employer to another, the employing Employer shall immediately notify the Trustee thereof.

Section 9.07    Voluntary Withdrawal From the Plan. Any Participating Employer shall be permitted to discontinue or revoke its participation in the Plan at any time. At the time of any such discontinuance or revocation, satisfactory evidence thereof and of any applicable conditions imposed shall be delivered to the Trustee and to the Insurance Trustee. The Trustee, with the Consent of the Insurance Trustee, shall thereafter transfer, deliver and assign any insurance policies on the lives of the Participating Employer's Employees and other Trust Fund assets allocable to the Participants of such Participating Employer to such new trustee as shall have been designated by such Participating Employer, in the event that it has established a separate plan for its Employees. If no successor is designated, the Trustee shall retain such assets for the Participants of said Participating Employer pursuant to the provisions of this Declaration of Trust. In no such event shall any part of the corpus or income of the Trust as it relates to such Participating Employer be used, or diverted to purposes other than for the exclusive benefit of the Participants of such Participating Employer and/or the payment of any amounts due to any third-party with respect thereto. Notwithstanding anything herein contained to the contrary, no such termination from the Plan & Trust shall be effective unless and until any amount that may be due to any third-party with regard to the affected insurance policies, the proceeds of any such policies, or Plan assets has been paid in full.

Section 9.08    Authority. The Administrator, with the Consent of the Insurance Trustee, shall have authority to make any and all necessary rules or regulations binding upon all Participating Employers and all Participants to effectuate the purpose of this Article.

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

## ARTICLE X
## Duties and Powers of Trustee and Insurance Trustee

Section 10.01 <u>Trust Fund.</u> Except as otherwise provided herein, the Trustee shall have exclusive authority and discretion with respect to the management and investment of the Fund and shall only be responsible for cash, securities, insurance policies, and other property actually received by it. The Plan Sponsor, with the Consent of the Insurance Trustee, shall determine funding policy, including the liquidity requirements of the Plan, and shall advise the Trustee and Insurance Trustee of such policy. The Trustee (with the Consent of the Insurance Trustee) shall invest, reinvest and manage the Fund in accordance with such funding policy. The Trustee and Insurance Trustee shall exercise all responsibilities specifically granted to them under this Declaration of Trust and under the Plan. Except as otherwise provided herein, neither the Trustee nor the Insurance Trustee shall have any duty or responsibility for the administration of the Plan or for the collection of contributions to the Plan.

Section 10.02 <u>General Powers of Trustee.</u> In addition to the powers granted to the Trustee in other places in this Declaration of Trust and except as otherwise provided herein, with the Consent of the Insurance Trustee in each instance, the Trustee shall have the following powers and authority in the administration of the Fund:

(a)   To invest the Fund without distinction between principal and income;

(b)   To invest in any form of securities, insurance policies, and real or personal property without restriction to investments authorized for fiduciaries, including, without limitation, on the amount that may be invested therein, any commingled investment fund or common trust fund maintained by a bank or trust company which is a Trustee;

(c)   To retain any property contributed by the Employer in kind;

(d)   To receive, hold, manage, improve, repair, sell, lease, pledge, mortgage, or otherwise dispose of all or any part of the Fund, including life insurance policies on the lives of Plan Participants, upon such terms, prices and conditions as it may deem best;

(e)   To retain uninvested cash in the Fund to meet contemplated payments or transfers from the Fund, or temporarily awaiting investment, without liability for interest thereon, and, with the Consent of the Insurance Trustee, to invest in savings accounts, money market accounts or investment accounts of any type;

(f)   To borrow money upon such terms and conditions and for such purposes as it may deem advisable, and to lend money with such security and rate of interest and upon such terms and conditions and for such purposes as it may deem best;

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

(g)  To the extent directed by the Plan Sponsor to use the Fund, to procure individual or group policies providing life, medical and other health and welfare benefits for Participants and their eligible dependents from any insurance company approved by the Plan Sponsor; and to manage those policies and to pay premiums and borrow from cash value if necessary;

(h)  To vote in person or by proxy the stocks, securities, separate investment company share or other investments which it holds as Trustee and to execute and deliver proxies, powers of attorney and other agreements which it may deem advisable; to exchange the securities of any corporation or issuing authority for other securities upon such terms and conditions as it may deem advisable; to consent to or oppose any corporate action; to pay any assessments and subscriptions as it may deem advisable; to exercise options and, in general, to exercise in respect to all stock, securities, separate investment company shares or other investments which it holds as Trustee, all rights, powers, and privileges as might be exercised by an individual in his own right;

(i)  To arbitrate, compromise, or adjust any claim or other matter in dispute as it may deem advisable; and to commence or defend suits or legal proceedings and to represent the Trust in all suits or legal proceedings

(j)  To register any securities or other property held in the Fund in the name of the Trustee or in the name of any nominee or any custodian hereunder, or bearer form;

(k)  To enter into any type of Split-Dollar or joint ownership insurance arrangement with any Participant using any life insurance policy owned by the Trust;

(l)  With the Consent of the Insurance Trustee, to pay from the Fund any and all expenses of the Plan & Trust, including all taxes and all reasonable fees and expenses of the Trustee, the Plan Sponsor, the Administrator, and the Insurance Trustee, to the extent such taxes, fees and expenses are not paid by the Employer;

(m)  To employ or retain agents, accountants and counsel, irrespective of whether the person employed or retained is also employed or retained by the Employer or the Plan Sponsor, and to rely on any opinion, certification or advice given by such person;

(n)  To make, execute and deliver, as Trustee hereunder, any and all deeds, leases, mortgages, conveyances, contracts, waivers, consents, certifications, indemnities, returns, extensions, or waivers of statutes of limitations, releases, or other instruments or documents necessary or advisable for the accomplishment of any of the foregoing powers or to perform its duties or to carry out the purposes of this Trust.

Copyright © 2006 Nova Group, Inc.

Section 10.03 <u>Discretionary Powers.</u> Except as otherwise provided herein: the Trustee and the Insurance Trustee shall have no discretionary powers; the Trustee shall at all times follow the directions of the Plan Sponsor as to how to invest the Fund; the Trustee shall not be limited to an amount or type of any investment in relation to the amount or type of investments constituting the Fund as a whole; and all such actions and investments shall be at the direction of the Plan Sponsor with the Consent of the Insurance Trustee.

Section 10.04 <u>Records and Accounts.</u> The Trustee shall keep accurate and detailed accounts of receipts, disbursements, investments and other transactions of the Trust, and all accounts, books and records relating thereto shall be open to inspection and audit at a reasonable time by the Insurance Trustee as well as any person designated by the Plan Sponsor. The fiscal year of the Trust shall be the same as that of the Plan. Within one hundred twenty (120) days following the close of each such fiscal year or the removal or resignation of any Trustee or Insurance Trustee hereunder, the Trustee shall file with the Plan Sponsor an account of the administration of the Fund during such fiscal year. Each such account shall include a valuation of the Fund on the last day of the accounting period, and such valuation shall be made in accordance with federal statutes and regulations applicable to employee benefit plans. Upon the expiration of ninety (90) days from the filing of such account, or earlier acceptance of the same by the Plan Sponsor, the Trustee and the Insurance Trustee shall be forever released and discharged from all liability and accountability to the Plan Sponsor with respect to the propriety of such account, except such matters as to which the Plan Sponsor shall have filed written objection with the Trustee within such ninety (90) day period. The Trustee and the Insurance Trustee may at any time initiate an Arbitration for the settlement of its account or for the determination of any question of construction of this Declaration of Trust or for instructions, and the only parties to such Arbitration shall be the Plan & Trust, Plan Sponsor, and Administrator, except that the Trustee or Insurance Trustee may, if it so elects, bring in any other parties as a respondent therein.

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

Section 10.05 <u>Removal or Resignation of Trustee.</u> With the exception of the Insurance Trustee, the Plan Sponsor reserves the right, at any time, to discharge any Trustee and to appoint a substitute or successor individual or corporate Trustee (excluding an Insurance Trustee). The Plan Sponsor will at all times be allowed to sign any document or insurance form as the true and rightful Named Trustee of the Plan for administrative purposes, but any such signature affecting the receipt or disbursement of funds relating to an insurance policy shall be signed by the Plan Sponsor as Named Trustee only with the Consent of the Insurance Trustee. Any Trustee, except the Insurance Trustee, hereunder may be removed by the Plan Sponsor at any time upon thirty (30) days' written notice to the Trustee, and any Trustee (including an Insurance Trustee) may resign at any time upon thirty (30) days' written notice to the Plan Sponsor and the Insurance Trustee. Notice may be waived in either case. Upon the removal or resignation of any Trustee (but not an Insurance Trustee), the Plan Sponsor may appoint a successor Trustee or Trustees (other than an Insurance Trustee), which appointment shall become effective by the execution of a written acceptance by any such successor Trustee or Trustees, and the Trustee resigning or being removed shall promptly deliver all assets of the Fund to the successor Trustee. Any such successor Trustee or Trustees, whether corporate or individual, shall have the same rights, title, interest, powers, and duties as those conferred upon the Trustee who resigned or was removed and shall have no liability for the actions or omissions of any predecessor Trustee. The Plan Sponsor may appoint an additional Trustee or Trustees (but not an Insurance Trustee), corporate or individual, who shall have the same and equal powers and duties as those conferred upon the original Trustee, but shall have no liability for any event occurring before its or his appointment.

Section 10.06 <u>Successors.</u> Any corporation into which the Trustee or Insurance Trustee, if a corporate trustee, may merge or with which it may be consolidated, or any entity to which all or substantially all of the trust business of the Trustee or Insurance Trustee may be transferred, shall be the successor of the Trustee or Insurance Trustee, respectively, hereunder, without the exception or filing of any instrument or the performance of any further act.

Section 10.07 <u>Discharge of Trustee and Insurance Trustee upon Termination.</u> In liquidating all or any portion of the Trust Fund upon a termination of this Plan, the Trustee and Insurance Trustee shall be forever discharged from further obligation with respect thereto.

Section 10.08 <u>Bankruptcy.</u> The Trust is not intended to be, nor shall it be deemed to be, a "business trust" within the meaning of Title 11 of the United States Code, or any successor statute thereto. The Trust is not eligible to file a petition for bankruptcy under Title 11 of the United States Code, or any successor statute thereto. Nevertheless, should any court or other authority of competent jurisdiction determine to the contrary, then the filing of such a petition or any general assignment for the benefit of creditors on behalf of the Trust shall not be deemed authorized without the prior Consent of the Trustee and Insurance Trustee. The Trust may not engage in or enter into any business or commercial activity for profit; *provided, however,* that the preceding provisions of this sentence shall not be deemed to prohibit the Trust from acquiring one or more life insurance policies or taking any other action as may be necessary or incident thereto.

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

## ARTICLE XI
## Directions to and Actions of Trustee

Section 11.01 <u>Fund Allocation.</u> Except as otherwise provided herein and with the Consent of the Insurance Trustee, the Trustee shall pay, apply or segregate funds from the Fund in accordance with the Plan and the instructions of the Administrator or the Plan Sponsor, and shall have no other duty to pay, apply or segregate any amount from the Fund.

Section 11.02 <u>Writings.</u> Any action of the Plan Sponsor pursuant to any of the provisions of this Plan shall be evidenced by an instrument or order in writing and the Trustee and Insurance Trustee may conclusively rely without independent investigation or verification in acting upon such instrument or order. All requests, directions, requisitions for monies, certifications and instructions by the Plan Sponsor to the Trustee and/or Insurance Trustee shall be in writing. The Trustee and Insurance Trustee shall be fully protected when acting without independent verification in accordance with such requests, requisitions, certifications and instructions. The Plan Sponsor need not specify the application to be made of any money. The Trustee and Insurance Trustee shall be fully protected when making payments of money upon requisition of the Plan Sponsor without independent verification, and they shall be charged with no responsibility whatsoever respecting the application of such money or for the administration of the Plan.

Section 11.03 <u>Liability of the Trustee and Insurance Trustee.</u> Notwithstanding any provisions of the Plan & Trust to the contrary, the Trustee and Insurance Trustee shall not be liable for the proper application of any part of the Fund paid or applied in accordance with the Plan & Trust or with the directions of the Administrator or the Plan Sponsor as herein provided, and shall not be responsible for inquiring whether such directions are proper or authorized by the Plan & Trust. The Plan Sponsor shall indemnify the Trustee and Insurance Trustee for any liability or expense suffered or incurred by the Trustee and/or Insurance Trustee in relying on any directions given to them by the Plan Sponsor or the Administrator; *provided however,* that no insurance policy owned by the Trust shall be liquidated or sold to provide funds to satisfy such indemnification without the Consent of the Insurance Trustee. The Trustee and Insurance Trustee shall not be required to commence or defend any proceeding unless it is satisfactorily indemnified against the cost thereof.

Section 11.04 <u>Third Party Liability.</u> All persons dealing with the Trustee and Insurance Trustee are released from inquiry into the authority or discretion exercised by the Trustee and Insurance Trustee with respect to monies, securities, or other property paid or delivered to the Trustee and Insurance Trustee.

Section 11.05 <u>Bond.</u> Except as otherwise provided by law, neither the Trustee nor the Insurance Trustee shall be required to furnish any bond or surety.

Section 11.06 <u>Compensation.</u> The Trustee and Insurance Trustee shall be entitled to receive a reasonable fee for their services that may be determined by agreement with the Plan Sponsor or in accordance with published schedules of fees in effect from time to time.

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

Section 11.07 <u>Reliance on Agreement.</u> Notwithstanding any reference herein to the Plan, it is hereby understood and agreed that the duties, obligations and rights of the Trustee and Insurance Trustee shall be limited to the terms and provisions of the Plan; and further, that no Participant or his Beneficiary or any other person interested under the provisions of the Plan shall have any claim against the Trustee or Insurance Trustee by virtue of any of the provisions of the Plan or by virtue of any payments made by the Trustee or Insurance Trustee to any Participant or his Beneficiary in accordance with the instructions of the Plan Sponsor.

**ARTICLE XII**
**Specific Insurance Trustee Powers**

Section 12.01 <u>Specific Insurance Trustee Powers.</u>

Notwithstanding anything herein contained to the contrary:

(a) The Insurance Trustee shall have the power, in its sole and absolute discretion and without the consent of any other party, to do any and all things and to execute any and all such instruments as may be deemed necessary or proper to carry out the limited purposes of this Plan & Trust, including, but not limited to, the following powers, all of which may be exercised without order of or report to any court:

(i)     To execute all documents, certificates and agreements referred to herein regarding the receipt, disbursement, holding and/or investment of any and all monies, including but not limited to insurance proceeds and any amounts loaned to the Trust and/or this Plan & Trust, and to take all further actions necessary or proper to become and remain in full compliance therewith;

(ii)    To employ attorneys, accountants and other agents, if such employment be deemed appropriate, to rely reasonably on the advice of such agents, and to pay reasonable compensation for their services;

(iii)   To compromise, settle or adjust any claim or demand by or against the Trust and/or this Plan & Trust with regard to (1) any loan made to the Trust and/or this Plan & Trust, (2) any insurance policy that may be held hereunder, (3) any proceeds of any insurance policy; and to agree to any rescission, amendment, or other modification of any contract or agreement affecting any insurance policy and/or the proceeds of any insurance policy that may be held hereunder; and

(iv)    To withhold and/or pay from any amount held hereunder or owing to the Trust and/or this Plan & Trust any amount necessary to pay any debts or expenses of the Trust, including, but not limited to, any amounts payable pursuant to any insurance policies and any amounts payable to any third-party, or to establish a reasonable reserve therefore.

19

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

(b)     The Trustee (with the Consent of the Insurance Trustee) may pay from the Trust all charges which the counsel to the Trust advises the Trustee in writing is necessary or appropriate to comply with laws regulating the activities of the Trust or otherwise, and may pay any liabilities of this Trust and any liabilities, fines or penalties incurred by the Trustee and/or the Insurance Trustee, either in its fiduciary capacity or personally, on account of such conditions and arising out of the performance of its duties hereunder, other than any such charges which are directly caused by the gross negligence or willful misconduct or fraud of the Trustee and/or the Insurance Trustee, as the case may be.

(c)     In making distributions of any excess insurance proceeds from the Trust not otherwise allocated or distributed pursuant to the provisions hereunder to or for the benefit of any minor or other person under a legal disability, the Trustee (with the Consent of the Insurance Trustee) shall pay or deliver the same to a legal guardian of such person if one has already been appointed, or if not, to the parent or other person with legal custody of such person, and the Trustee shall have no duty to see to the use of such distribution for the benefit of such person.

(d)     The Insurance Trustee shall have the right to exercise in its sole and absolute discretion and without the consent of any other party, all rights, powers and authority over and with respect to any insurance policy held hereunder and over and with respect to any proceeds of any insurance policy that shall be or shall have been held hereunder, including but not limited to, the following: to make payments of proceeds of any insurance policies directly to any person or entity or its assigns for payment of all amounts due or obligations owing under the Plan & Trust or otherwise; to pay any premiums on any such insurance policy held hereunder; to exercise with respect to any and all insurance policies held hereunder from time to time all options, rights, elections and privileges exercisable with respect to said policies, including but not limited to the right to demand and collect from any one or more of the Insurers all such proceeds as shall be payable to the Trust and/or the Plan & Trust; to borrow upon and pledge (including pursuant to one or more collateral assignments) any said policy and/or the proceeds of any such policy in connection with a loan; to assign and/or distribute any and all of the rights thereunder to or for the benefit of any Beneficiary hereunder or to or for the benefit of any third-party with a legitimate interest in the Plan & Trust; and to direct the disposition of dividends or surplus, to convert said policies into different forms of insurance, and to elect methods of settlement with respect thereto.

(e)     Except as otherwise provided herein, the Trustee shall have the right and power, in the exercise of its sole and absolute discretion and without the consent of any other party, to take whatever steps the Insurance Trustee shall determine to be appropriate in furtherance of the foregoing purposes, including the power to enter into and perform agreements between the Trust and any person or entity. Among the other authorizations provided for herein, the Insurance Trustee (with the Consent of the Trustee) is specifically authorized to borrow money for the purchase of one or more insurance policies and to provide security therefor, including an assignment of an interest in any such policy and/or the proceeds of any such policy to any third-party.

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

(f)     The Insurance Trustee, by an express writing delivered to the Trustee and the Plan Sponsor and to any third-party with a legitimate interest in the Plan & Trust, may delegate for any period of time any of its powers and/or rights hereunder to the Trustee; and the Insurance Trustee, by an express writing delivered to the Trustee and the Plan Sponsor and to such third-party with a legitimate interest in the Plan & Trust, may rescind, at any time and for any reason or no reason, any such delegation.

## ARTICLE XIII
### Miscellaneous Provisions

Section 13.01  <u>Amendment or Termination.</u> The Plan Sponsor, only with the Consent of the Insurance Trustee, reserves the exclusive right to modify, alter, amend or terminate this Plan or the Trust, at any time, by an instrument in writing to be duly executed, and that any such instrument shall not revert to the Employer any corpus or income of the Trust. No modification, amendment or termination of the Plan shall be construed as a termination of the Plan & Trust unless the instrument expressly so provides. Any such amendment or modification shall be prospective only and shall become effective on the date executed or such future date determined by the Plan Sponsor. Within thirty (30) days of the execution of any such amendment or modification, the Plan Sponsor shall provide the Insurance Trustee and all Participating Employers with written notice of such. Additionally, except as otherwise provided herein, the Plan Sponsor, only with the Consent of the Insurance Trustee, specifically reserves the right to terminate immediately the participation in the Plan of any Employer or Participant that violates any Plan provision or commits any other act not in good faith compliance with the Plan Documents, including, but not limited to, initiating or instigating litigation or threatened litigation against the Plan.

Section 13.02  <u>Employment Relationship Not Affected.</u> The establishment and maintenance of this Plan & Trust shall not be construed as a contract between the Employer and Employee, so as to give any Employee the right to be retained by the Employer, or to interfere with the rights of the Employer to discharge any Employee at any time.

Section 13.03  <u>Non-Liability of Plan Sponsor.</u> All benefits payable under the Plan shall be provided solely from the Trust, and the Plan Sponsor and Administrator assume no liability for any insufficiency of the Fund except for their willful misconduct or gross negligence.

Section 13.04  <u>Non-Alienation.</u> Except as otherwise provided herein and except with respect to a third-party with a legitimate interest in the Plan & Trust, the interest of any Participant in the Plan shall not be subject to assignment, transfer, attachment, execution, garnishment, sequestration, or any other seizure under any legal or equitable process, whether on account of the Participant's act or by operation of law. Except as otherwise provided herein, in the event that any Participant or Beneficiary shall become bankrupt or shall attempt to anticipate, alienate, sell, transfer, encumber or charge any of his benefits or rights under the Plan, then such benefits or rights shall cease and terminate and in that event, the Trustee shall hold or apply such net benefits or rights, subsequent to the payment of any amount due to any third-party to the Plan

21

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

& Trust with respect to such benefits or rights, to or for the benefit of such Participant or Beneficiary, his spouse, children, parents, brothers and sisters, or other blood relatives, or any of them as the Plan Sponsor in its sole discretion shall determine. Except as otherwise provided herein, nothing in this Section 13.04 shall be construed as a limitation on the right of the Plan Sponsor to direct the Trustee or Insurance Trustee to assign, sell, hypothecate, borrow against, or otherwise transfer any assets of the Trust, so long as it is consistent with the purposes of the Plan.

Section 13.05 <u>Expenses.</u> Reasonable expenses incurred in the establishment or administration of the Plan & Trust, and reasonable compensation of attorneys, accountants, actuaries, or of the Plan Sponsor, Administrator, Trustee, or Insurance Trustee, shall (with the Consent of the Insurance Trustee) be paid by the Plan & Trust.

Section 13.06 <u>Applicable Law.</u> This Declaration of Trust shall be construed, regulated and administered by and under the laws of the State of Connecticut, where the Trust is created. Neither the situs of the Trust nor its governing law shall be changed without the Consent of the Insurance Trustee.

Section 13.07 <u>Disputes.</u> Any and all disputes regarding the Trust or the Plan shall be settled by Arbitration. Any Arbitration between the Plan and any Participant or Employer shall be limited to the Participant's or the Employer's individual claims, and no claims arising out of this Agreement shall be asserted or arbitrated on a classwide basis. Any court litigation brought against the Plan, or threatened against the Plan either on an individual or a classwide basis, will result in the immediate termination from the Plan of the individual Participant(s) or Employer(s) bringing such action or litigation or threatening such action or litigation.

Section 13.08 <u>Exculpation and Indemnification of Insurance Trustee.</u> Notwithstanding anything in the Plan or this Declaration of Trust to the contrary, including without limitation Article XII hereof:

(a)     The Insurance Trustee shall have only the duties, obligations and liabilities specifically provided for in this Declaration of Trust, and shall have no implied duties (including fiduciary duties), obligations or liabilities with respect to the Plan or the Trust.

(b)     The Insurance Trustee shall not be personally liable under any circumstances, except for its own gross negligence, willful misconduct or bad faith. In particular, but not by way of limitation: (i) the Insurance Trustee may conclusively rely and shall be fully protected, and shall incur no liability to anyone, in acting or refraining from acting in good faith and in reliance upon any signature, instrument, notice, resolution, request, instruction, direction, consent, order, certificate, report, opinion, bond or other document or paper believed by it to be genuine and believed by it to be signed by the proper party or parties; and (ii) the Insurance Trustee shall not be liable with respect to any action taken or omitted to be taken by it in good faith in accordance with the instruction, direction, approval or consent of the third-party with an interest in the Plan & Trust referenced in Section 2.13.

Copyright © 2006 Nova Group, Inc.
All Rights Reserved.

(c)     To the fullest extent permitted by law, each of the Trust and the Plan (each, an "Indemnitor") (i) hereby indemnifies, defends and holds harmless the Insurance Trustee (in its individual capacity and as trustee) and any director, officer, or employee of the Insurance Trustee (solely when acting in such capacity with respect to the Insurance Trustee in its capacity as Insurance Trustee of the Trust) (each, an "Indemnified Person") from and against all losses, damages, liabilities, claims, actions, suits, costs, expenses, disbursements (including the reasonable fees and expenses of counsel), taxes and penalties of any kind and nature whatsoever (collectively, "Expenses"), to the extent that such Expenses arise out of or are imposed upon or asserted at any time against such Indemnified Persons with respect to the performance of this Declaration of Trust, the creation, operation, administration or termination of the Trust or the Plan, or the transactions contemplated hereby (except that an Indemnitor shall not be required to indemnify any Indemnified Person for Expenses to the extent such Expenses result from the willful misconduct, bad faith or gross negligence of such Indemnified Person) and (ii) shall advance to each such Indemnified Person Expenses incurred by such Indemnified Person in defending any claim, demand, action, suit or proceeding prior to the final disposition of such claim, demand, action, suit or proceeding upon receipt by the Indemnitor of an undertaking, by the Insurance Trustee to repay such amount if it shall be determined that such Indemnified Person is not entitled to be indemnified therefore under this Section 13.08. The provisions of this Section 13.08 shall survive the termination, amendment, supplement, or restatement of this Declaration of Trust and the removal or resignation of the Insurance Trustee, and may not be amended or modified without the prior written consent of the Insurance Trustee.

**IN WITNESS WHEREOF,** the Plan Sponsor has caused this Declaration of Trust to be executed and effective as of the 1st day of October, 2006.

**ATTEST:**

**SPONSOR:**
**NOVA GROUP, INC.**

/s/ Guy Neumann

/s/ Wayne Bursey

Wayne Bursey

President

23