# EXHIBIT B

AMERICAN ARBITRATION ASSOCIATION

```
------------------------------------x
Universitas Education, LLC,                    :
                          Claimant,            :    AAA No.: 13-195-Y-001558-10
                                               :
                  - against -                  :
                                               :    ORDER
Nova Group, Inc., Wayne Bursey, Benistar Admin.:
Services, Inc., Nova Benefit Plans, LLC, Donald:
Trudeau, and Daniel E. Carpenter,              :
                                               :
                          Respondents.         :
------------------------------------x
```

Before me are fully briefed motions as follows:

        a.     Claimant's Motion for a Preliminary Injunction;

        b.     Respondents' (other than Nova Group, Inc.) Motion to Dismiss;

        c.     Daniel Carpenter's Motion to Strike; and

        d.     Respondents' Motion to Quash the Sheppard Mullin subpoena.

In addition, the parties have made submissions concerning Respondents' request to bifurcate the proceedings. Having reviewed the extensive submissions of the parties as confirmed during the preliminary conference call of October 28, 2010, and the arguments and representations made during that conference and in the subsequent letter-submissions, it is hereby ORDERED that:

        1.     Pursuant to Commercial Arbitration Rule 30(b), the proceedings in this arbitration shall be bifurcated. The initial phase of the hearings shall take place as previously provided in the Report of Preliminary Hearing and Scheduling Order of September 17, 2010 (paragraph 6). Claimant shall present its case against Nova Group, Inc., Wayne Bursey ("Bursey") in his capacity as Trustee of the Charter Oak Trust and Charter Oak Trust Welfare Benefit Plan and Benistar Admin. Services, Inc. ("BASI") in its capacity as an administrator of the Trust and/or Plan. The Trustee and Administrator, as agents of the Plan, are subject to arbitration. I make no findings at this juncture as to whether Bursey or BASI functioned in those capacities and leave the parties to their proof at the hearings. The initial hearings shall determine liability and damages as to these parties and in these capacities only. The parties are encouraged to make written submissions of the evidence in affidavit form in order to use the hearing time as efficiently as possible. The parties, however, are free to call witnesses and cross examine as appropriate in order to ensure a full and fair hearing on the issues to be decided in the initial phase of the proceedings. Upon a finding of liability and damages, if any, and the inability to satisfy any monetary award, a second phase of the proceedings will promptly be scheduled to address any claims of liability and damages against Bursey in his individual capacity, BASI, Nova Benefits Plans, LLC, Donald Trudeau and Daniel E. Carpenter.

NY:4662856v1

2.    Respondents' (other than Nova Group, Inc.) Motion to Dismiss is denied without prejudice subject to renewal should Claimant prevail in the initial proceedings and elect to proceed with arbitration rather than seeking judicial recourse.

3.    Daniel E. Carpenter's Motion to Strike is denied without prejudice.

4.    Claimant's Motion for Preliminary Injunction is denied.  Claimant has not met the heavy burden necessary to satisfy the legal requirements for preliminary injunctive relief which as requested would effectively be granting a pre-judgment attachment.   While Respondents' counsel's unwillingness to divulge the location and amount of Trust assets is of concern, counsel did state that the Trust would be able to satisfy any award to Claimant. Merely speculative harm is insufficient to establish irreparable harm.  See Tom Doherty Associates, Inc. v. Seban Entertainment, Inc., 60 F.3d 37 (2d Cir. 1995).  Money damages are clearly sufficient to remedy any harm to Claimant.  The proof submitted on the motion is inadequate to establish an inability to pay any award without engaging in speculation or inference on the present record. Nova Group, Inc. is directed to provide to Claimant documentary proof of the Trust's ability to satisfy any award.  Such accounting is consistent with the Trustee's obligations under Section 10.4 of the Trust and within the scope of relevant disclosure permissible under Commercial Arbitration Rule 21(a)(1).  Claimant's failure to establish irreparable harm is alone sufficient to deny injunctive relief, thereby obviating the need at this juncture to address the remaining required elements for preliminary injunctive relief (likelihood of success on the merits, balance of equities/hardships).

5.    Respondents' Motion to Quash the subpoena issued to Sheppard Mullin is denied.

Dated: November 3, 2010

_Peter L. Altieri_
PETER L. ALTIERI
Arbitrator