# EXHIBIT C



**PAULA K. COLBATH**
Partner

345 Park Avenue
New York, NY 10154

**Direct** 212.407.4905
**Main** 212.407.4000
**Fax** 212.937.3189
pcolbath@loeb.com

Via E-mail

March 22, 2011

Peter Altieri, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue, 14th Floor
New York, NY 10177

Re:   AAA No. 13 195 Y 1558 10 — Universitas Education, LLC v. Nova Group, Inc., et. al.

Dear Arbitrator Altieri:

We write on behalf of Universitas Education, LLC ("Universitas") to report that Nova Group, Inc. ("Nova Group") failed to deposit $26,525,535.98 into escrow (by March 19), as required by your January 24, 2011 Arbitration Award (the "Award"). We thus request that you begin Phase II of the Arbitration.

As you will recall, your Award required Nova Group to "deposit $26,525,535.98 in escrow with the law firm of Updike Kelly and Spellacy on or before the later of 30 days following the date of [the] Award or 30 days after determination of any motion for reconsideration under Rule 46[.]" 1/24/11 Award at 13. Universitas submitted a motion for reconsideration, that your Honor denied on **February 17, 2011** (Nova Group did not submit a motion for reconsideration). Nova Group was thus required to comply with the Award's escrow deposit requirement by no later than March 19, 2011.

Yesterday I wrote to Richard Order, Nova Group's counsel, requesting that he provide me with documentary proof of Nova Group's compliance with the escrow deposit provision. 3/21/11 E-mail from Paula Colbath, attached as Ex. 1. Mr. Order did not provide any proof that the monies were deposited, as required by the Award.

Pursuant to your Honor's Order of December 1, 2010 (attached as Ex. 2), Universitas plans to contact TD Bank and request the immediate production of the originally subpoenaed documents for Phase II of this Arbitration.

Further, in view of Nova Group's failure to deposit the required monies into escrow, Universitas requests that you:

> 1. Set a date for an Initial Scheduling Conference for Phase II of this Arbitration, in which Universitas will proceed against (a) Benistar Administrative Services, Inc. ("BASI"); (b) Nova Benefit Plans, LLC; and (c) Wayne Bursey ("Bursey").[1]

---

[1] Universitas withdraws its arbitration claims against Daniel Carpenter ("Carpenter") and Donald Trudeau ("Trudeau") without prejudice.



Peter Altieri, Esq.<br>
March 22, 2011<br>
Page 2

2. Allow Universitas to submit a Second Amended Statement of Claim against Nova Group, Inc., BASI, Bursey and Nova Benefit Plans -- including a claim of statutory theft under Connecticut law -- within two (2) weeks following the occurrence of the Initial Scheduling Conference for Phase II of this Arbitration.

3. Determine whether BASI, Nova Benefit Plans and Bursey are bound to arbitrate (as you will recall, they claim they are not). This issue has already been fully briefed.[2] Universitas also requests that your Honor take judicial notice of the testimony at the December 2010 hearings pertaining to the activities of BASI, Nova Benefit Plans and Bursey in administering and operating the Charter Oak Trust. See pp. 469-479, 484-490, 674-675, 704-705, 760, 814-815, 830-831 and 1055-1056 of the Hearing Transcript. Should your Honor require additional briefing on this issue, Universitas would be happy to supplement its prior submissions.

4. Dismiss Carpenter's pending motion to strike, which is moot in view of Universitas' decision not to proceed against Carpenter in this Arbitration.

5. Authorize Universitas to immediately take the depositions of Nova Group, Inc. and the Phase II Parties on Phase II issues.

We are prepared to participate in a telephone conference at your earliest convenience so that Phase II can begin expeditiously.

Respectfully submitted,

Paula K. Colbath

Attachments

cc: Richard S. Order, Esq. (via e-mail w/ attachments)
Joseph M. Pastore III, Esq. (via e-mail w/ attachments)
Daniel P. Scapellati, Esq. (via email w/ attachments)
Karen Fontaine (AAA) (via e-mail w/ attachments)

---

[2] Universitas refers your Honor to Respondents' 10/6/10 Motion to Dismiss; Universitas' 10/15/10 Opposition to Respondents' Motion to Dismiss; Respondents' 10/22/10 Reply; and Universitas' 12/16/10 Post-Hearing Legal Brief at 35-36.

# EXHIBIT 1

**From:** Susan Rosner on behalf of Paula Colbath
**Sent:** Monday, March 21, 2011 11:02 AM
**To:** Richard Order
**Cc:** Kevin McEleney; 'Dehmel, Paul R.'; Pastore III Joseph M.; scapellati@halloran-sage.com; Jennifer A. Williams; Michael Barnett; Paula Colbath
**Subject:** Universitas v. Nova

Dear Richard:

Pursuant to Arbitrator Altieri's January 24, 2011 Arbitration Award in the *Universitas Education, LLC v. Nova Group, Inc., et. al* matter (AAA No. 13 195 Y 1558 10 ), Nova Group, Inc. was required to deposit $26,525,535.98 in escrow with your law firm on or before Saturday, March 19, 2011 -- "the later of 30 days following the date of this Award or 30 days after determination of any motion for reconsideration under Rule 46[.]" 1/24/11 Award at 13.

Accordingly, please provide to me -- <u>no later than noon today</u> -- documentary proof that Nova Group has made the required escrow deposit with your firm. Failure to do so will cause Universitas to demand that Phase II of the Arbitration begin immediately, and take other legal action that it deems necessary in view of Nova Group's failure to comply with the Award.

Sincerely,

Paula Colbath

# EXHIBIT 2

AMERICAN ARBITRATION ASSOCIATION
----------------------------------------x
Universitas Education, LLC,

                Claimant,

- against -

Nova Group, Inc., Wayne Bursey Benistar Admin Services, Inc., Donald Trudeau Grist Mill Capital, LLC, and Daniel E. Carpenter,

                Respondents.
----------------------------------------x

AAA No.: 13-195-Y-001558-10

ORDER

1. Respondents' motion to quash the subpoena to TD North is granted in part and denied in part. TD North at this time shall not be required to produce any of the documents subpoenaed for Phase One Hearings. However, should Phase Two Hearings be necessary, Universitas should be entitled to receive the subpoenaed documents from TD North. The parties need only instruct TD North that it need not produce any documents at this time, however, the documents called for should be preserved and, if necessary, produced at such time that Phase Two Hearings may proceed.

2. Claimant's motion for leave to amend its Statement of Claim to include a claim for statutory theft is denied without prejudice. Given the limited scope of the Phase One Hearings as previously outlined to the parties in our conference call of November 12, 2010, it will be unnecessary to address accounting, conversion or theft claims in the Phase One Hearings which will be limited to evidence concerning the propriety of the denial of the claim for benefits, and, if determined that Claimant is entitled to benefits, the amount thereof. The establishment and maintenance of the TD North bank account in question and the disposition of the funds from Lincoln Life are not relevant for the scope of the Phase One Hearings. Should there be a determination that Claimant is entitled to such funds and should the Trust thereafter promptly fail to pay such funds, I will at that time allow the Statement of Claim to be amended to include a claim for statutory theft.

3. Despite certain parties' requests, I will not at this time determine the applicability of ERISA to the Plan nor the standard of review. Those issues will be determined upon a complete record during the Phase One Hearings.

NY:4716308v1

4. With respect to the potential application for disqualification of me as Arbitrator, such determination is uniquely a function of the actions to be taken by the parties and the American Arbitration Association. In that regard, I will not be a participant in any such application and will not direct the parties to do anything in that regard.

5. Respondent Nova need not supplement the Robinson Declaration at this time.

Dated: December 1, 2010

                                            */s/ Peter L. Altieri*
                                            Peter L. Altieri
                                            Arbitrator