**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

|  |  |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | : |
| | : Case No.: 11 CV 1590-LTS-HBP |
| Petitioner, | : |
| | : |
| v. | : |
| | : |
| NOVA GROUP, INC., as Trustee, Sponsor | : |
| And Named Fiduciary of the CHARTER OAK | : |
| TRUST WELFARE BENEFIT PLAN, | : |
| | : |
| Respondent. | : |

---------------------------------------------------------------------  :

|  |  |
|---|---|
| NOVA GROUP, INC., as Trustee, Sponsor | : |
| And Named Fiduciary of the CHARTER OAK | : Case No.: 11 CV 8726-LTS-RLE |
| TRUST WELFARE BENEFIT PLAN, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : |
| | : |
| UNIVERSITAS EDUCATION, LLC, | : |
| | : |
| Respondent. | : |

---------------------------------------------------------------------

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Fed. R. Civ. P. 12(h)(3), Respondent Nova Group, Inc. ("Nova"), as the

Sponsor and Named Fiduciary of the Charter Oak Trust Welfare Benefit Plan ("Charter Oak

Trust"), hereby submits this memorandum in support of its motion to dismiss this action post-

judgment for lack of subject matter jurisdiction.

In its zeal to collect on this Court's recent $30 million judgment entered in its favor,

petitioner Universitas Education, LLC ("Universitas") recently sent out numerous restraining

notices to various third parties advising them of the judgment and instructing them not to transfer

any property belonging to Nova or the Charter Oak Trust. One of the first notices sent out – if

SGR\9602597

not the first – was sent to the M&T Bank Corporation ("M&T Bank"), a New York trust company with its principal place of business located in Buffalo, New York, and its central trust office located at 350 Park Avenue, New York City, literally just blocks away from Loeb & Loeb's office, as well as the residence of Universitas' New York partners. See Exhibit A.[1]

Once Nova received a copy of the restraining notice sent to M&T Bank, Nova informed undersigned counsel that M&T Bank acted as the Insurance Trustee for the Charter Oak Trust and has served in that capacity since at least January 2010 – prior to when Universitas commenced this action. Based on this revelation, it became apparent that both Universitas and M&T Bank, a beneficiary and a trustee, respectively, of the Charter Oak Trust, are both New York citizens -- which means that the Charter Oak Trust itself is deemed to be a New York citizen. Because the Charter Oak Trust is a named party to this action and is an indispensable party -- after all, the $30 million judgment would be paid directly to Universitas from the Charter Oak Trust -- complete diversity is lacking because the petitioner plaintiff and the respondent defendant are both New York citizens. Consequently, this case must be dismissed at this time (even after judgment has entered) for lack of subject matter jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Nova, as the Sponsor and Named Fiduciary of the Charter Oak Trust, denied Universitas' claim to certain death benefits from the Charter Oak Trust. The parties submitted their dispute to binding arbitration, and the arbitrator issued an award on January 24, 2011 ("Award"), finding Nova and the Charter Oak Trust liable to Universitas in the amount of $27 million.

On January 25, 2011, Nova commenced an action to vacate the Award in Connecticut state court, which Universitas subsequently removed to the United States District Court for the

---

[1] M&T Bank is a publicly held company, and its state of incorporation and location of its principal place of business are listed on the cover page of all of its filings with the Securities and Exchange Commission.

District of Connecticut. In its Notice of Removal, Universitas stated that its members were

citizens of New York. Separately, on February 11, 2011, Universitas commenced an action to

confirm the Award in New York Supreme Court, New York County. Nova removed the action

to this Court on March 8, 2011 based on ERISA jurisdiction and federal questions of law. Nova

relied on Universitas' statement regarding its citizenship that was filed in Connecticut in support

of Nova's Notice of Removal filed in this Court (*i.e.*, that the members of Universitas are all

citizens of New York). On December 1, 2011, the United States District Court for the District of

Connecticut transferred the Connecticut action to this Court.

Universitas moved this Court to confirm the Award in its favor and have judgment

entered thereon, whereas Nova cross-moved to vacate the Award. On June 7, 2012, this Court

entered judgment in favor of Universitas in an amount exceeding $30 million. On June 21, 2012,

in accordance with Fed. R. Civ. P. 59(e) and Local Rule 6.3, Nova filed its Motion for

Reconsideration. Despite this filing, Universitas commenced post-judgment collection efforts.

In particular, Universitas served various restraining notices and subpoenas on third parties,

including M&T Bank, the Insurance Trustee of the Charter Oak Trust. In response to

Universitas' premature collection efforts, Nova filed a motion to stay the effectiveness of the

judgment on June 26, 2012.

## ARGUMENT

### A.      Legal Standard

That Nova challenges subject matter jurisdiction at this late date, even after the entry of

judgment, is of no consequence. "The objection that a federal court lacks subject-matter

jurisdiction, *see* Fed. R. Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own

3

initiative, at any stage in the litigation, *even after trial and the entry of judgment*." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006).

Federal courts are courts of limited jurisdiction, as defined by the Constitution and Congress. Kokkonen v. Guardian Life, 511 U.S. 375, 377 (1994). When subject matter jurisdiction is absent, dismissal of the case is required. Federal jurisdiction requires diversity of the opposing parties, meaning that all plaintiffs must be diverse from all defendants. Diversity jurisdiction is not available if any party to a case has the same citizenship as any adverse party. See Strawbridge v. Curtis, 7 U.S. 267, 267 (1806).

Furthermore, even though Nova removed this action alleging diversity jurisdiction, Nova's right to challenge subject matter jurisdiction is not subject to waiver. "A federal court's lack of subject matter jurisdiction is not waivable by the parties." Leveraged Leasing Admin Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996). "Even the party who invoked the jurisdiction of the federal court is not estopped from raising lack of subject matter jurisdiction after a trial on the merits." Thomas v. District of Columbia, 82 F.R.D. 93, 94 (D.D.C. 1979), citing American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17-18 (1951).

Notwithstanding that Nova removed this case based on ERISA and federal questions of law, Nova can now challenge diversity jurisdiction -- especially because the issue was brought to light as a result of Universitas sending the post-judgment restraining notice to M&T Bank and Nova informing undersigned counsel that M&T Bank was the Insurance Trustee of the Charter Oak Trust prior to the time the Universitas action was filed.[2]

---

[2] Although Nova also alleged federal question jurisdiction in its Notice of Removal (Dkt. No. 1 at 3), this Court ruled that Nova's ERISA arguments were "meritless." *Memorandum Order* at 4 (Dkt. No. 40). Thus, federal question subject matter jurisdiction is lacking because Nova's Notice of Removal did not "necessarily raise a . . . federal issue." New York v. Shinnecock Indian Nation, --- F.3d ---, 2012 WL 2369192, at *5 (2d Cir. Jun. 25, 2012). Consequently, absent diversity, this Court lacks subject matter jurisdiction over the action.

**B.    Diversity is Lacking**

Universitas has never stated with particularity the State in which it is a citizen. Although Universitas has represented that it is a Delaware limited liability company whose members reside and are domiciled in New York, see Affidavit of Sharon Siebert dated March 24, 2011 (Dkt. No. 12), Universitas has left it to Nova and the Court to discern Universitas' citizenship.

Pursuant to 28 U.S.C. § 1332(c)(1), Nova (a corporation) is a citizen of the state of its incorporation (Delaware) and where it has its principal place of business (Connecticut). "[F]or purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership." Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000). Thus, it would appear on the surface that diversity exists because Universitas is a citizen of New York (where its members are citizens) and Nova is a citizen of Delaware and Connecticut -- this was the basis upon which the action was initially removed to this Court by Nova. However, the citizenship of the Charter Oak Trust must also be taken into account because it is a named party to this action and is also an indispensable party – after all, the more than $30 million judgment, if upheld, would have to be paid by the Charter Oak Trust.

The citizenship of a trust appears to be controlled by the citizenship of *both* its trustees and beneficiaries. It is undisputed that Universitas claimed to be a beneficiary of the Charter Oak Trust. It is also undisputed that Nova is the Sponsor and M&T Bank is the Insurance Trustee of the Charter Oak Trust. Thus, for diversity purposes, the Charter Oak Trust is deemed to be a citizen of Connecticut and Delaware (where Nova is a citizen) *and* New York (where both Universitas and M&T Bank are citizens). As a result, diversity is lacking.

"While neither the Supreme Court nor the Court of Appeals for the Second Circuit has squarely addressed the question of how to determine the citizenship of a trust for diversity

5

jurisdiction purposes, precedent suggests that a court must look, at least in part, to the citizenship of the trust's trustee or trustees." Quantlab Financial, LLC v. Tower Research Capital, LLC, 715 F. Supp. 2d 542, 547 (S.D.N.Y. 2010).[3] "[C]ourts of appeals in other circuits have held that the citizenship of a trust depends, at least in part, on the citizenship of the trustee or trustees." Id. (citing cases). "Likewise, courts in this district have held that a trust's citizenship depends on the citizenship of its trustee or trustees." Id. at 548. Moreover, "a trustee's powers have no bearing on the citizenship of the trust." Id. at 549.

M&T Bank, as a trustee of the Charter Oak Trust, shares New York citizenship with Universitas. Since the only way to salvage diversity would be to drop Universitas as the petitioner, the only result must be an outright dismissal of the action for lack of subject matter jurisdiction. A national bank is a citizen of the state in which its main headquarters are located. Wachovia Bank, 546 U.S. 303. The citizenship of a trust is the citizenship of its trustees, and possibly its beneficiaries. Navarro Savings v. Lee, 446 U.S. 458 (1980). Therefore, because M&T Bank is a New York citizen and the Insurance Trustee of the Charter Oak Trust, the Charter Oak Trust is citizen of New York and diversity is lacking.

Some courts have held that the citizenship of a trust's *beneficiaries* also dictates the citizenship of a trust. See Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 205 (3d Cir. 2007) ("the citizenship of both the trustee and the beneficiary should control in determining the citizenship of a trust."); Quantlab Financial, 715 F. Supp. 2d at 547, n. 2 ("While the citizenship of a trust may also depend on the citizenship of the trust's beneficiary or beneficiaries, this action does not present an occasion to address this issue."); Yueh-Lan Wang ex rel. Wong v. New Mighty US Trust, --- F. Supp. 2d ---, 2012 WL 251919, *3 (D. D.C. Jan.

---

[3] Interestingly, defense counsel in Quantlab that argued against jurisdiction was the arbitrator in the instant action (Attorney Peter L. Altieri).

27, 2012) ("the citizenship of a trust -- for purposes of deciding whether diversity jurisdiction exists -- requires consideration of the citizenship of the trust's beneficiaries."). If the citizenship of a beneficiary also dictates the citizenship of a trust, then Universitas' New York citizenship is a double-edged sword that defeats both diversity and subject matter jurisdiction in this case. Consequently, dismissal is the only possible remedy available to the Court.

WHEREFORE, because diversity is lacking, this Court lacks subject matter jurisdiction and this entire case must be dismissed forthwith.

Dated:      New York, NY
           July 2, 2012

NOVA GROUP, INC.

By:  */s/Joseph M. Pastore III*
     Joseph M. Pastore III (JP 1717)
     SMITH, GAMBRELL & RUSSELL LLP
     250 Park Avenue, Suite 1900
     New York, NY 10177
     Telephone:  (212) 907-9700
     jpastore@sgrlaw.com

     **************************************
     One Stamford Plaza
     263 Tresser Blvd., 9th Floor
     Stamford, CT 06901
     Telephone:  (203) 564-1485

     *Its Attorneys*

## CERTIFICATE OF SERVICE

I certify that, on July 2, 2012, a copy of the forgoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_/s/ Joseph M. Pastore III_
Joseph M. Pastore III