DcF

SMITH, GAMBRELL & RUSSELL, LLP
*Attorneys at Law*

Joseph M. Pastore III
Direct Tel   212-907-9230
Direct Fax  212-907-9830
CT Tel        203-564-1485
CT Fax       203-564-1402
jpastore@sgrlaw.com

August 2, 2012

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 0 7 2012
```

<u>*Via Facsimile*</u>

Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   Universitas Education, LLC v. Nova Group, Inc.
      Docket No. 11-cv-1590 (LTS)(HBP)

Dear Judge Swain:

  We are counsel to Nova Group, Inc. ("Nova") and the Charter Oak Trust Welfare Benefit Plan (the "Trust") in the above-entitled matter and write in brief response to Plaintiff, Universitas Education, LLC's ("Universitas"), inappropriate August 1, 2012 correspondence to your Honor. Universitas' correspondence is inappropriate because while it is purportedly in response to Nova's and the Trust's Application to Reinstate their Motion to Dismiss (the "Application") (Doc. No. 102), it is instead an unsolicited attack on the underlying but not yet operative Motion to Dismiss. Indeed, Universitas admits as much in the first paragraph of its correspondence, in which it writes "[t]his letter only raises certain fundamental defects in Judgment Debtors' *proposed motion to dismiss* . . . ." (emphasis added). This is inappropriate and the undersigned respectfully requests that your Honor disregard Universitas' correspondence and grant the Application.

  By way of further explanation, pursuant to your Honor's Individual Rules of Practice, the parties engaged in the requisite communications designed to narrow or even obviate certain motion practice. By virtue of Nova and the Trust seeking reinstatement of their motion to dismiss, those efforts were obviously not successful. However, Nova and the Trust undertook their obligations in good faith. Universitas, on the other hand, entered the discussions with overbearing demands for how much information it expected Nova and the Trust to furnish, and its sense of entitlement is reflect in its correspondence to your Honor. Universitas' complaints



Honorable Laura Taylor Swain
August 2, 2012
Page 2

go to the ultimate merits of the Motion to Dismiss and do not touch upon whether the parties engaged in the meet-and-confer process.

For example, Universitas complains that Nova and the Trust did not "explain their about-face on the issue of federal question jurisdiction." That is patently untrue and inaccurate. First, Nova and the Trust disagree that their position represents an about-face. Second, Nova and the Trust most certainly did adequately explain their position on the lack of federal question jurisdiction. That position is now set forth in the revised memorandum of law attached to the Application. Although Universitas might disagree with that position, its strength is ultimately an issue for your Honor to decide when considering the actual Motion to Dismiss.

Likewise, Universitas' argument concerning M&T Bank is not properly considered at this stage. The merits of that argument should be decided on the motion papers not through correspondence to the Court. Indeed, looking at the very evidence Universitas points to undermines its very argument. Disregarding the answer to the unclear and compound question asked of Mr. Robinson at the arbitration as noted by Universitas, his response to the immediately following question reflects the apparent connection between the Trust and M&T Bank. See Ex. to 8/1/12 Colbath correspondence at 514 lns. 21-23. This response likely arises because of M&T Bank's acquisition of Wilmington Trust, the importance of which is set forth in the Motion to Dismiss. This evidence leads to the irreversible conclusion that the presence of subject matter jurisdiction is for the Court to decide, not Universitas in a letter to your Honor.

Ultimately, the strength of Nova's and the Trust's positions in the Motion to Dismiss should not be considered on an Application premised on whether the parties engaged in a meet-and-confer process. But that is exactly what Universitas urges the Court to do. It is entirely inappropriate for Universitas to argue the merits of the Motion to Dismiss at this juncture, when the only issue before the Court is whether to grant Nova's and the Trust's Application for Reinstatement of their Motion to Dismiss.

We respectfully submit that the parties did engage in the meet-and-confer process, and having done so, your Honor should disregard Universitas' argumentative correspondence and allow Nova and the Trust to file their revised Motion to Dismiss. Once that document is filed, Universitas will have its forum to argue the merits of the Motion to Dismiss.

Respectfully Submitted,

Joseph M. Pastore III

cc: Paula C. Colbath, Esq. (via email)
Michael Barnett, Esq. (via email)

NY 964450v1