```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,                      :        No.: 11 CV 1590-LTS-HBP
                    Petitioner,                  :
                                                 :
            -v-                                  :
                                                 :
NOVA GROUP, INC., as trustee, sponsor and named  :
fiduciary of the CHARTER OAK TRUST WELFARE       :
BENEFIT PLAN,                                    :
                    Respondent.                  :
------------------------------------------------------------------------X
NOVA GROUP, INC., as trustee, sponsor and named  :        No. 11 CV 8726-LTS-RLE
fiduciary of the CHARTER OAK TRUST WELFARE       :
BENEFIT PLAN,                                    :
                    Petitioner,                  :
                                                 :
            -v-                                  :
                                                 :
UNIVERSITAS EDUCATION, LLC,                      :
                    Respondent.                  :
------------------------------------------------------------------------X
```

## MEMORANDUM IN SUPPORT OF *AMENDED* MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Fed. R. Civ. P. 12(h)(3), respondents Nova Group, Inc. ("Nova") and the Charter Oak Trust Welfare Benefit Plan ("Charter Oak Trust" or "COT") submit this memorandum in support of their *amended* motion to dismiss for lack of subject matter jurisdiction.

Subject matter jurisdiction is lacking because (i) there is no diversity of citizenship between petitioner Universitas Education, LLC ("Universitas") and respondent Charter Oak Trust, and (ii) there is no federal question jurisdiction. Thus, even at this late date ─ after judgment has entered and an appeal has been taken ─ these companion cases must be dismissed.[1]

---

[1] The appeal of Nova and COT was recently docketed in the Second Circuit as Case No. 12-3504. Immediately after these companion cases are dismissed in this Court, undersigned counsel will move to dismiss the appeal in the Second Circuit pursuant to Fed. R. App. P. 42(b).

## BACKGROUND

Nova, as the Sponsor of the COT, denied Universitas' claim for death benefits under the COT. The dispute was submitted to binding arbitration, and on January 24, 2011, the arbitrator issued an award ("Award") finding that Universitas was entitled to death benefits from the COT.

On January 25, 2011, Nova commenced an action to vacate the Award in Connecticut state court. Universitas subsequently removed that action to the District of Connecticut based on diversity of citizenship. See Universitas Education, LLC v. Nova Group, Inc., No. 11-cv-00342-AWT, Dkt. No. 1 (D. Conn. Mar. 3, 2011). However, in its notice of removal, Universitas failed to address the citizenship of the Charter Oak Trust ─ an indispensable party to the action because the Award held that Universitas was entitled to "benefits under the COT." Award at 3.

On February 11, 2011, Universitas commenced an action to confirm the Award in New York state court. On March 8, 2011, Nova removed that action to the Southern District of New York based on diversity of citizenship and federal question jurisdiction. See Universitas Education, LLC v. Nova Group, Inc., No. 11 CV 1590, Dkt. No. 1 at 2-3 (S.D.N.Y. Mar. 8, 2011). However, in its notice of removal, Nova also failed to address the citizenship of the COT.

On December 1, 2011, the Connecticut action was transferred to this Court, see Universitas Education, LLC v. Nova Group, Inc., No. 11-cv-00342-AWT, Dkt. No. 22 (D. Conn. Dec. 1, 2011), and the two cases were procedurally consolidated on January 19, 2012. On June 5, 2012, this Court confirmed the Award in favor of Universitas. See Universitas Education, LLC v. Nova Group, Inc., No. 11 CV 1590, 2012 WL 2045942 (S.D.N.Y. Jun. 5, 2012). In its *Memorandum Order*, the Court stated that it "has jurisdiction of this action pursuant to 28 U.S.C. §§ 1332 and 1331," id. at *1, but did not make any legal or factual findings supporting jurisdiction.

On June 7, 2012, this Court entered judgment in favor of Universitas. On June 21, 2012, Nova filed a motion for reconsideration. The motion for reconsideration was denied on August 3, 2012. Nova and the COT filed a timely appeal on August 29, 2012.

## ARGUMENT

**A.     Legal Standard**

Subject matter jurisdiction can be challenged at this late date, even after the entry of judgment, and even while the case is on appeal. See Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis added). "The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. R. Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, *even after trial and the entry of judgment*." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) (emphasis added). See also Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804) (judgment loser successfully raised lack of diversity jurisdiction for the first time before the Supreme Court).

"Failure of subject matter jurisdiction, of course, is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir. 2003) (internal citations and quotation marks omitted). "Even the party who invoked the jurisdiction of the federal court is not estopped from raising lack of subject matter jurisdiction after a trial on the merits." Thomas v. District of Columbia, 82 F.R.D. 93, 94 (D.D.C. 1979), citing American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17-18 (1951), *superceded by statute on other grounds* (defendant that removed case to federal court successfully challenged jurisdiction in the Supreme Court, which ordered judgment vacated and the case remanded to state court).

**B.     COT's Citizenship Must Be Considered for Diversity Purposes**

Pursuant to Section 2.20 of the COT (see Dkt. No. 6, Ex. 1), respondent Nova is defined as the Sponsor of the COT. This means that Nova is a real party in interest and has the right to sue and be sued on behalf of COT. Fed. R. Civ. P. 17(a)(1)(E). However, the critical issue is whether "notwithstanding the fact that [Nova] is a real party in interest for the purposes of Rule 17, [COT's] citizenship should be considered for diversity purposes." U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Property, LLC, No. 12 Civ. 423 (JGK), 2012 WL 1590518, *3 (S.D.N.Y. May 7, 2012). COT's citizenship must be considered for diversity purposes because it is a real and substantial party to the controversy (in that the death benefit awarded to Universitas against the COT would be paid by the COT).

The Second Circuit has explained that "although there exists a 'rough symmetry' between the 'real party in interest' standard of Rule 17(a) and the rule that diversity jurisdiction depends upon the citizenship of real parties to the controversy . . . the two rules serve different purposes and need not produce identical outcomes in all cases." Oscar Gruss, 337 F.3d at 193 (quoting Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460 (1980)). A party's citizenship is taken into account for diversity purposes when it is a "real and substantial part[y] to the controversy." Id.

"To establish whether a plaintiff is a 'real and substantial party to the controversy,' a crucial distinction must be made between a plaintiff who sues solely in his capacity as an agent, on the one hand, and, on the other, a plaintiff who sues not only as an agent, but also as an individual who has his own stake in the litigation." Id. at 194. There can be no dispute that COT has "a valid stake in the litigation sufficient to be considered a 'real and substantial' party for diversity purposes." Id. COT "is a multiple employer trust that provides death benefits to certain specified covered individuals." Dkt. No. 6, Ex. 1 at Preamble. Universitas submitted a

4

claim for death benefits under the COT, which was denied by Nova acting solely in a representative capacity as Sponsor of the COT. The disputed claim was submitted to binding arbitration and the Award followed, holding that Universitas is entitled to death benefits from the COT. Any death benefits would be paid by and from the COT. See Dkt. No. 6, Ex. 1 at § 2.07 (defining "Death Benefit" as "the net amount of death benefit . . . payable under the terms of the Plan on the death of a participant to the Participant's designated beneficiary.").

Furthermore, it is COT's citizenship that controls for diversity purposes rather than the citizenship of Nova. Nova is merely a party in its representative capacity as Sponsor of the COT. "[W]here a plaintiff brings a suit solely in his representative capacity, the citizenship of the *represented party*, and not that of the representative controls." Oscar Gruss, 337 F.3d at 194. Thus, a party who defends an action solely in his capacity as an agent, such as a plan sponsor, is not a real and substantial party for diversity purposes. Id.; see also Airlines Reporting Corp. v. S and N Travel, Inc., 58 F.3d 857, 862 (2d Cir. 1995) ("a party's "corporate citizenship [is not] controlling when it acts merely as an agent representing the interests of others. In such a case, the citizenship of the represented individuals controls for diversity purposes, as they are the real and substantial parties to the dispute.").

Nova's stake in the litigation is entirely due to its role as the Sponsor of the COT. The death benefit awarded to Universitas would be paid by and from the assets of the COT, not those of Nova. Nova, as Sponsor, does not have "its own stake in the litigation" apart from its duties as Sponsor. For example, if Nova were not the Sponsor of the COT, Universitas would still claim a right to death benefits from the COT pursuant to the Award. See Airlines Reporting, 58 F.3d at 862 ("ARC is a mere conduit for a remedy owing to others, advancing no specific

interests of its own."). Accordingly, it is the citizenship of COT as the real party in interest in this litigation that controls for the purpose of assessing diversity jurisdiction.

C.     **There is No Diversity Jurisdiction**

In its Notice of Removal, Nova failed to analyze the citizenship of the COT. Dkt. No. 1 at 3. In its Petition to Confirm the Award, Universitas averred that "there is complete diversity between the parties," Dkt. No. 6 at 2, without engaging in any analysis of the citizenship of the COT. The Court, in its *Memorandum Order*, simply restated the averments of the parties without confirming that jurisdiction existed. Dkt. No. 40 at 1. Thus, there has yet to be a detailed analysis of this Court's subject matter jurisdiction!

It is a federal court's responsibility to police its own subject matter jurisdiction and, if necessary, dismiss a case *sua sponte* where jurisdiction is lacking ─ even after judgment has been entered or even for the first time on appeal. See, e.g., Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). Once the requisite jurisdictional analysis is undertaken, it becomes evident that jurisdiction is lacking, that the judgment must be vacated, and that these companion cases must be dismissed forthwith.

"[F]or purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership." Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000). Universitas is a citizen of New York because both of its disclosed members are domiciled in New York. See Mar. 24, 2011 Affidavit of Sharon Siebert (Dkt. No. 12).

Although still an open issue in the Second Circuit, the majority rule is that one must consider the citizenship of the beneficiary in order to determine the citizenship of a trust. See Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 205 (3d Cir. 2007) ("the citizenship of both the trustee and the beneficiary should control in determining the citizenship of

6

a trust.") (citing cases); Yueh-Lan Wang ex rel. Wong v. New Mighty US Trust, 841 F. Supp. 2d 198, 203 (D.D.C. 2012) ("the Court finds that Supreme Court precedent and the well-considered decisions of other circuits support the conclusion that the citizenship of a trust's beneficiaries must be taken into account in determining the citizenship of a trust."), citing Navarro Savings Ass'n v. Lee, 446 U.S. 458 (1980) and Carden v. Arkoma Associates, 494 U.S. 185 (1990)); Quantlab Financial, LLC v. Tower Research Capital, LLC, 715 F. Supp. 2d 542, 547, n.2 (S.D.N.Y. 2010) ("the citizenship of a trust may also depend on the citizenship of the trust's beneficiary or beneficiaries.").[2]

Although there is a bona fide dispute as to whether Universitas is entitled to death benefits from the COT, there is no dispute that Universitas is a named beneficiary of the COT. Because COT is deemed to have the citizenship of Universitas, diversity jurisdiction is lacking.

### D. There is No Federal Question Jurisdiction

The summons with notice filed by Universitas, which commenced the New York state court action, did not raise a federal question. The petition to confirm filed by Universitas in this case sought only to confirm the Award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. Dkt. No. 6 at 1. However, the Federal Arbitration Act "does not independently confer subject matter jurisdiction on the federal courts." Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 63 (2d Cir. 2009).

---

[2] The Second Circuit has **not** yet ruled on how to analyze the citizenship of a trust. Other courts (and Universitas) have misconstrued the state of the law on this issue in this Circuit by citing to E.R. Squibb v. Accident & Cas. Ins. Co., 160 F.3d 925, 931 (2d Cir. 1998) (stating that with regard to "trusts . . . the Supreme Court has deemed the citizenship of the trustees to be determinative."). "Squibb did not, however, directly address the issue of how to analyze the citizenship of a trust." Quantlab Financial, LLC, 715 F. Supp. 2d at 547. In fact, "neither the Supreme Court nor the Court of Appeals for the Second Circuit has squarely addressed the question of how to determine the citizenship of a trust for diversity jurisdiction purposes." Id.

While Nova did remove the New York state court action to this Court, in part, on the basis of a federal question *defense* allegedly under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132 *et seq.* ("ERISA"), removal on such a ground was patently improper and ineffective. "[A] case may not be removed to federal court on the basis of a federal *defense*." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (emphasis added). To determine if a federal question exists, courts turn to the well-pleaded complaint rule. That is, courts examine "what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation of avoidance of defenses . . . [that] the defendant may interpose." Aetna Health, Inc. v. Davila, 542 U.S. 200, 207 (2004) (internal citations and quotation marks omitted). "[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 10 (1983) (emphasis in original).

Because the petition to confirm the Award does not allege any claim under federal law, federal question jurisdiction exists only if Universitas' state law contractual claim for death benefits under the COT is *completely* preempted by ERISA. "There is an exception, however, to the well pleaded complaint rule. [W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed. . . . ERISA is one of these statutes." Davila, 542 U.S. at 207-08 (internal citations and quotation marks omitted). Thus, the *only* possible basis for federal question jurisdiction is if Universitas' claim for death benefits under the COT is *completely* preempted by ERISA.

The Second Circuit has recently had occasion to interpret Davila and determine when a state law cause of action is completely preempted by ERISA:

> Under the Supreme Court's test in Davila, ERISA preempts a cause of action where: (1) "an individual, at some point in time, could have brought his or her claim under ERISA § 502(a)(1)(B);" and (2) "no other independent legal duty . . . is implicated by a defendant's actions." Davila, 542 U.S. at 210, 124 S.Ct. 2488; see Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 328 (2d Cir. 2011) (applying the Davila two-part conjunctive test). To avoid potential confusion under the first prong of Davila, this Court has further clarified that the plaintiff must show that: (a) he is the type of party who can bring a claim pursuant to § 502(a)(1)(B) of ERISA; and (b) the actual claim asserted can be construed as a colorable claim for benefits pursuant to § 502(a)(1)(B). Montefiore, 642 F.3d at 328.

Arditi v. Lighthouse International, 676 F.3d 294, 299 (2d Cir. 2012). Because Universitas can satisfy *neither* prong of the Davila test, federal question jurisdiction is lacking.

### 1. *Davila* Prong One Not Satisfied

The Second Circuit has stated:

> Accordingly, we can avoid this confusion by expressly disaggregating the first prong of Davila. First, we consider whether the plaintiff is the *type* of party that can bring a claim pursuant to § 502(a)(1)(B); and second, we consider whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to § 502(a)(1)(B).

Montefiore Med. Ctr., 642 F.3d at 328 (emphasis in original).

Assuming, *arguendo*, that the COT is an ERISA-governed plan (which it is not), and that Universitas is a bona fide beneficiary of the COT (which it is not), Universitas is the type of party that can bring a claim under ERISA § 502(a)(1)(B), see 29 U.S.C. § 1132(a)(1)(B), which satisfies the first part of Davila's first prong. However, the second part of Davila's first prong is not met because Universitas cannot show that the specific claim asserted is colorably a claim for benefits. There is "a common distinction in the case law between claims involving the 'right to payment' and claims involving the 'amount of payment'—that is, on the one hand, claims that implicate coverage and benefits established by the terms of the ERISA benefit plan, and, on the other hand, claims regarding the computation of contract payments or the correct execution of such payments." Montefiore, 642 F.3d at 331. "The former are said to constitute claims for

benefits that can be brought pursuant to § 502(a)(1)(B), while the latter are typically construed as independent contractual obligations between the provider and the PPO or the benefit plan." Id.

The Universitas claim for death benefits is really nothing more than a contractual dispute regarding payment from insurance policies on the life of former COT participant Sash Spencer. The only issue in the arbitration was the amount of contract benefits to which Universitas was entitled. See Petition to Confirm, Dkt. No. 6 at ¶ 6 ("Mr. Spencer . . . named Universitas the sole, irrevocable beneficiary of a Death Benefit *equaling the proceeds payable under two insurance policies*.") (emphasis added). Thus, Universitas claimed that the COT was not a benefit plan but merely a conduit through which the proceeds from the insurance policies would be paid to Universitas. Because "the remaining dispute only involves obligations derived from a source other than the Plan," Montefiore, 642 F.3d at 331, *i.e.*, the insurance policies, the claims in this case are not colorable claims for benefits. Thus, the second part of Davila's first prong is not met and the inquiry is at an end.[3]

## **CONCLUSION**

WHEREFORE, because this Court lacks subject matter jurisdiction, the judgment entered on June 7, 2012 must be vacated and these companion cases must be dismissed forthwith.

---

[3] Davila's second prong is also not met because Universitas' state-law claims for breach of contract, breach of fiduciary duty and conversion all seek to enforce an independent legal duty implicated by the respondents' actions in not paying the policy proceeds to Universitas. See Stevenson v. Bank of New York Co., Inc., 609 F.3d 56 (2d Cir. 2010) (no preemption of breach of contract claim); Montefiore, 642 F.3d at 328 (quoting Davila, 542 U.S. at 210) (claims brought "under circumstances in which 'there is no other independent legal duty that is implicated by a defendant's actions'" do not meet the test).

Dated: Stamford, CT
September 11, 2012

        NOVA GROUP, INC. and
        CHARTER OAK TRUST WELFARE BENEFIT PLAN


        /s/ *Jack E. Robinson*
        Jack E. Robinson (JR5124)
        **ROBINSON LAW OFFICES**
        300 First Stamford Place, Suite 201
        Stamford, CT 06902
        (203) 425-4500
        (203) 425-4555-fax
        Robinsonesq@aol.com