UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

UNIVERSITAS EDUCATION, LLC,

        Petitioner,

   -v-

                                            No.  11 Civ. 1590 (LTS)(HBP)

NOVA GROUP, INC.,

        Respondent.

-----------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 0 5 2012

<u>ORDER</u>

        Petitioner Universitas Education, LLC ("Universitas") has moved, pursuant to 28 U.S.C. § 1963, for an order stating that good cause exists for it to have registered the June 7, 2012, New York Judgment against Nova Group, Inc. ("Nova Group") (<u>see</u> docket entry no. 41) in the amount of $30,181,880.30, in the District of Connecticut on July 10, 2012.

        Under 28 U.S.C. § 1963, "[a] judgment in an action for recovery of money or property entered in any . . . district court" may be registered for enforcement in another judicial district "when the judgment has become final by appeal or expiration of the time for appeal <u>or when ordered by the court that entered the judgment for good cause shown</u>." 28 U.S.C.A. § 1963 (West 2009) (emphasis added).  "'Good cause' is established upon a mere showing that the party against whom the judgment has been entered has substantial property in the other foreign district and insufficient property in the rendering district to satisfy the judgment.'" <u>BC Media Funding Co. II v. Lazauskas</u>, No. 08 Civ. 6228(RPP), 2009 WL 290526, at *4 (S.D.N.Y. Feb. 6, 2009) (quoting <u>Owen v. Soundview Fin. Group, Inc.</u>, 71 F. Supp. 2d 278, 279 (S.D.N.Y.1999)).  When

attempting to locate the assets of a judgment debtor, a judgment creditor "need not show exact evidence of assets and registration may be granted upon a lesser showing." Owen v. Soundview Fin. Group, Inc., 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999) (internal quotation marks omitted).

After this Court entered judgment on June 7, 2012, Nova moved to stay Universitas' post-judgment collection activities, stating:

> There is no evidence that Universitas registered the Judgment in Connecticut state or federal court. Because the property and assets sought to be collected by Universitas are located in Connecticut, and because the persons sought to be deposed are all located in Connecticut, the Judgment must be registered in Connecticut before any enforcement actions can be taken.

(Memo. In Support of Stay at 4-5, docket entry no. 39 in Case No. 11-08726) (emphasis added). This admission, which Nova inexplicably ignores in its opposition to the instant motion, suffices to establish good cause under section 1963.

Accordingly, Universistas' motion is granted.  This Order resolves docket entry no. 147.

SO ORDERED.

Dated: New York, New York
        October 5, 2012

                                        LAURA TAYLOR SWAIN
                                        United States District Judge