

**PAULA K. COLBATH**
Partner

345 Park Avenue
New York, NY 10154

Direct 212.407.4905
Main 212.407.4000
Fax 212.937.3189
pcolbath@loeb.com

Via Facsimile

October 9, 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/12

The Hon. Henry B. Pitman
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re: *Universitas Education, LLC v. Nova Group, Inc.*, Case No. 11-1590-LTS-HBP (S.D.N.Y.)

Dear Judge Pitman:

We represent Petitioner/Judgment Creditor Universitas Education, LLC ("Universitas"), and write to follow up on our letter to your Honor dated September 24, 2012 (copy enclosed without attachments).

In our September 24 letter we requested that your Honor memo-endorse that letter and (a) direct Jack E. Robinson and his law firm to answer Universitas' July 11 Information Subpoena, (b) direct Mr. Robinson and his law firm to produce documents to the undersigned, and (c) direct Carmen J. Macca, the Judgment Debtor's accountant, to produce certain documents as discussed in the September 24 letter. Mr. Macca is prepared to immediately produce these documents, but given the sensitivity of tax returns and other tax preparation materials, his counsel Seth Marcus has asked us to obtain an express Order directing their production.

We had asked that your Honor set an October 3 production deadline for an Order directing the foregoing, but since that date has passed we respectfully request that your Honor order the foregoing to take place by October 15 in view of depositions scheduled for October 16, 18 and 19 at the Courthouse (Mr. Robinson is scheduled to be deposed on October 19).

We appreciate your Honor's attention to these matters.

Respectfully submitted,

Paula K. Colbath
Loeb & Loeb LLP

APPLICATION
GRANTED

SO ORDERED

HENRY PITMAN
UNITED STATES MAGISTRATE JUDGE
10-12-12



The Honorable Henry B. Pitman
October 9, 2012
Page 2

cc:   Jack E. Robinson, III, Esq. (via email)
      Seth Marcus, Esq. (via email)



PAULA K. COLBATH
Partner

345 Park Avenue
New York, NY 10154

Direct  212.407.4905
Main    212.407.4000
Fax     212.937.3189
pcolbath@loeb.com

Via Facsimile

September 24, 2012

The Hon. Henry B. Pitman
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re: *Universitas Education, LLC v. Nova Group, Inc.*, Case No. 11-1590-LTS-HBP (S.D.N.Y.)

Dear Judge Pitman:

We represent Petitioner/Judgment Creditor Universitas Education, LLC ("Universitas"), and write with regard to three issues, primarily seeking clarifications of Your Honor's September 20, 2012 and August 17, 2012 Orders.

First, Mr. Robinson, Nova Group, Inc.'s de facto General Counsel and current counsel of record in this action, has failed to comply with Universitas' Information Subpoena and document subpoena that was served on Mr. Robinson's law offices on July 11. (See docket entry no. 79-1 in Case No. 11-1590.) Your September 20th Order omitted to include a date by which Mr. Robinson must comply with the Information Subpoena. Universitas requests that Your Honor order Mr. Robinson to do so by October 3rd -- the date set by Your Honor for the production of documents by various law firms mentioned in Your Honor's September 20th Order.

Likewise, Your Honor's Order of September 20th did not include a date by when Mr. Robinson and his law firm should produce documents in response to Universitas' July 11 subpoena. At the September 20th Court conference, Mr. Robinson represented to the Court that as a result of the May 2011 Government raid of the Connecticut offices of Nova Group and Charter Oak Trust, he had no responsive documents. We question the accuracy of Mr. Robinson's representation since the raid was on Nova Group's and Charter Oak Trust's offices -- and not on his law firm's offices (as far as we know). Even if Mr. Robinson's law firm was raided (again, we are unaware of such a raid), presumably Mr. Robinson has full access to the documents that were taken by the Government at the time of the raid. Mr. Robinson has never represented to the Court or to us that the Government will not give him access to his law firm's files.

Even more importantly, several of Universitas' document requests seek information for which there should be responsive documents from the last 16 months (post-raid), such as records relating to his legal and administrative work for the Charter Oak Trust and Nova Group, including engagement letters, emails, billing records, source of payment records, and similar documents. More specifically, and by way of example only, Mr. Robinson should have copies of



The Honorable Henry B. Pitman
September 24, 2012
Page 2

the bills and invoices concerning services he has rendered for Nova Group, Charter Oak Trust and/or Wayne Bursey (request no. 8), and the amount that has been paid to him and the amounts that are owed to him (request no. 4), as well as the sources of any payments (request no. 3). Likewise, Mr. Robinson should have documentation as to the amount held by his firm for Nova Group, Charter Oak Trust or Mr. Bursey and any of their nominees (request no. 2), and Mr. Robinson should have copies of retention letters and engagement letters for his recent retention as counsel of record in this action (request nos. 5 and 6). Likewise, Mr. Robinson should have copies of communications with law enforcement authorities relating to Nova Group, Charter Oak Trust or Mr. Bursey -- but again, none has been produced. Mr. Robinson's blanket representation before Your Honor on September 20th that he has no documents because of the raid on his clients' offices some 16 months ago cannot be accurate.

Second, we seek a clarification of your Honor's August 17 Order with regard to that portion of the Order directed at Carmen Macca, Judgment Debtor's accountant at the firm of Simione Macca & Larrow LLP. As the Court will recall, Your Honor denied Nova Group's motion to quash Universitas' subpoena to Carmen Macca.

Universitas' subpoena sought (among other things) the production of tax returns and other tax preparation materials for the Charter Oak Trust Welfare Benefit Plan and Nova Group. Your Honor upheld the subpoena, after both parties briefed the appropriateness and necessity of the disclosure of tax returns and other tax preparation materials.

The production of the tax returns and underlying preparation materials from Mr. Macca is all the more pressing because Nova Group has failed to produce any of the documents Your Honor ordered it to produce by August 31.

Mr. Macca's counsel, Seth Marcus, Esq., has confirmed to us that Mr. Macca has copies of responsive tax returns and other tax preparer materials (see, e.g., Exhibit A hereto, a list of documents Mr. Macca has delivered to his counsel and which he is prepared to produce to us). However, given the sensitivity of the tax returns and other tax preparation materials (see, e.g., 26 U.S.C. § 7216), Mr. Marcus has asked us to obtain an express Order directing their production.[1]

Finally, we feel compelled to bring to Your Honor's immediate attention the inappropriate conduct by Nova Group's prior counsel, Joseph M. Pastore III, Esq. of Smith, Gambrell & Russell, LLP. On September 6, Mr. Pastore made a motion to withdraw from representation of Nova Group, which was granted by Judge Swain on September 19 (docket entry no. 157, Case No. 11-1590). However, we learned this morning that on September 21 -- two days *after* Judge Swain granted Mr. Pastore's motion to withdraw -- Mr. Pastore sent a letter of intimidation and harassment to TD Bank, threatening a variety of civil and criminal liabilities if TD Bank complies with Universitas' Southern District of New York subpoena. (Copy of Mr. Pastore's letter is attached hereto as Exh. B.) In Mr. Pastore's letter to TD Bank, Mr. Pastore states that that he represents Nova Group in the "Connecticut Action," when he knows that the subpoena that was

---

[1] Mr. Macca has made other objections to Universitas' document requests to which we intend to meet and confer. This letter does not constitute a waiver of making a motion to compel against Macca and/or his accounting firm, Simione, Macca & Larrow LLP, if we cannot resolve the issues during our meet-and-confer meetings.



The Honorable Henry B. Pitman
September 24, 2012
Page 3

issued to TD Bank by Universitas was a Southern District of New York subpoena, under Judge Swain and Your Honor's purview and in the very same action in which Mr. Pastore withdrew from representing Nova Group. <u>Not only is Mr. Pastore's misrepresentation to TD Bank inappropriate, but it flies in the face of Your Honor's August 17 Order in which the Court denied Nova Group's motion to quash Universitas' subpoena to TD Bank</u>. (Docket entry no. 133 in Case No. 11-1590.)[2] We ask that the Court require Mr. Pastore to immediately send a letter of retraction to TD Bank, withdrawing his letter of September 21 to TD Bank.

Accordingly, we respectfully request that Your Honor memo endorse this letter below, directing (a) Mr. Robinson and his law firm to answer Universitas' July 11 Information Subpoena by October 3, 2012, (b) Mr. Robinson and his law firm to produce all responsive documents to the undersigned by October 3rd, (c) Mr. Macca to produce the documents listed on the attached list (see Exh. A), as well as any other responsive tax returns and other tax preparation materials sought by Universitas' subpoena by October 3rd, and (d) Mr. Pastore to immediately withdraw his letter of September 21 to TD Bank.

Respectfully submitted,

Paula K. Colbath
Loeb & Loeb LLP

cc:  Jack E. Robinson, III, Esq. (via email)
     Seth Marcus, Esq. (via email)
     Joseph M. Pastore III, Esq. (via email)

---

[2] As Universitas detailed in its September 5th letter to Your Honor, Mr. Bursey (acting on behalf of the Charter Oak Trust) opened the TD Bank account with a $20 deposit on May 13, 2009, a mere five days prior to depositing the $30.7 million payment received from Lincoln National Life Insurance Company ("Lincoln Life") on May 18, 2009. Notwithstanding his representation that he would promptly pay Universitas, Mr. Bursey proceeded to make several large withdrawals from the TD Bank account, (including a withdrawal of $19.8 million on October 27, 2009). As of January 2010, the TD Bank account contained $1.7 million, and was finally liquidated and closed on June 9, 2010, a little more than a year after it opened, with Universitas receiving none of its $30 million.