**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

               Judgment Creditor,           :

               -against-                 :       Case No. 11-1590-LTS-HBP

NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,             :

               Judgment Debtor.
------------------------------------------------------------X
NOVA GROUP, INC., as trustee, sponsor and
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,             :

               Judgment Debtor,         :

               -against-                 :       Case No. 11-8726-LTS-RLE

UNIVERSITAS EDUCATION, LLC,         :

               Judgment Creditor.
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF UNIVERSITAS EDUCATION, LLC'S**
**MOTION FOR THE IMPOSITION OF RULE 11 SANCTIONS AGAINST**
**<u>NOVA GROUP, INC. AND ITS COUNSEL, JACK E. ROBINSON III, ESQ.</u>**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.  PRELIMINARY STATEMENT .............................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND ........................................... 7

     A. Factual Background ................................................................................. 7

     B. The Underlying Arbitration .................................................................... 8

     C. Litigation Concerning the Arbitration Award ......................................... 9

     D. Nova Group and Mr. Robinson's September 11 Motion to Dismiss ..................... 11

III. ARGUMENT .......................................................................................................... 12

     A. Legal Standard ....................................................................................... 12

     B. Nova Group's Eleventh Hour Challenge to Federal Question
         Jurisdiction Was Unsupported, Incomprehensible and Demonstrably
         Frivolous ................................................................................................. 13

     C. Nova Group's Lack of Diversity Jurisdiction Argument Was Also
         Nothing Short of an Abuse of Process and Demonstrably Frivolous ................... 16

     D. Nova Group and Mr. Robinson Should Be Sanctioned Because They
         Have Defeated the Very Goals of Arbitration ....................................... 18

IV. CONCLUSION........................................................................................................ 19

## TABLE OF AUTHORITIES

**Page(s)**

CASES

Ass'n of Holocaust Victims for Restitution of Artwork v. Bank Austria Creditanstalt AG,
    No. 04 CV 3600, 2005 WL 2001888 (S.D.N.Y. Aug. 19, 2005) ............................................12

DigiTelCom, Ltd. v. Tele2 Sverige AB,
    No. 12 Civ. 3082, 2012 WL 3065345 (S.D.N.Y. July 25, 2012) ..........................................18

First Cent. Sav. Bank v. Meridian Residential Capital,
    No. 09-CV-3444, 2011 WL 1240100 (E.D.N.Y. Mar. 30, 2011)..........................................13

Greenberg v. Bear, Stearns & Co.,
    220 F.3d 22 (2d Cir. 2000)......................................................................................................15

Lipin v. Nat'l Union Fire Ins. Co.,
    202 F. Supp. 2d. 126 (S.D.N.Y 2002)....................................................................................13

Margo v. Weiss,
    213 F.3d 55 (2d Cir. 2000)......................................................................................................12

Navarro Sav. Ass'n v. Lee,
    446 U.S. 458 (1980).................................................................................................................17

O'Brien v. Alexander,
    101 F.3d 1479 (2d Cir. 1996)..................................................................................................13

Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,
    682 F.3d 170 (2d Cir. 2012)......................................................................................................3

Vu Luong v. Circuit City Stores, Inc.,
    368 F.3d 1109 (9th Cir. 2004) ................................................................................................15

STATUTES

28 U.S.C. § 1331.................................................................................................................................10

28 U.S.C. § 1332 ...............................................................................................................................10

28 U.S.C. § 1927.................................................................................................................................2

OTHER AUTHORITIES

Fed. R. Civ. P. 11 ........................................................................................................ *passim*

Fed. R. Civ. P. 17.............................................................................................................................17

Fed. R. Civ. P. 62.............................................................................................................................11

Universitas Education, LLC ("Universitas"), by its attorneys Loeb & Loeb LLP, respectfully submits this Memorandum of Law in support of its motion for the imposition of Rule 11 sanctions against Judgment Debtor Nova Group, Inc. ("Nova Group") and its counsel, Jack E. Robinson III.   Accompanying this Memorandum is the supporting Declaration of Michael Barnett, dated November 7, 2012 ("Barnett 11/7/12 Decl."), and Exhibits thereto.

## I.     PRELIMINARY STATEMENT

Universitas makes this Rule 11 Motion because of Mr. Robinson and Nova Group's filing of an utterly frivolous motion to dismiss for lack of subject matter jurisdiction on September 11 (docket no. 153).[1] Nova Group and Mr. Robinson's post-judgment motion to dismiss for lack of subject matter jurisdiction, filed for the third time by Mr. Robinson on September 11 – after being discontinued twice before by prior counsel – is sanctionable under Fed. R. Civ. P. 11(b)(1)-(3), because it was factually and legally unsupportable; questioned the very federal question and diversity jurisdiction that Nova Group had established through its removal of Universitas' state court Petition to confirm the underlying Arbitration Award; was a bad-faith attempt to delay satisfaction of the Court's June 7, 2012 Judgment in Universitas' favor in the amount of $30,181,880.30; was a poorly disguised effort to avoid Court-ordered asset discovery and to get out from under this Court's jurisdiction and scrutiny; and, finally, was a vexatious attempt to run up Universitas' legal fees.

Tellingly, Nova Group did not even begin questioning federal jurisdiction until after this Court swiftly denied (on June 29) its June 26 motion to stay Universitas' post-judgment collection activities (docket no. 54). As the Court recalls, the <u>first</u> time Nova Group filed its motion to dismiss for lack of subject matter jurisdiction was on July 2. The Court terminated that motion *sua sponte* on July 12 because Nova Group's then-counsel failed to comply with the

---

[1] Unless otherwise stated, all docket entries are in reference to Case No. 11-1590.

Court's pre-motion meet-and-confer requirements (docket no. 63).  Thereafter, on August 7, the Court granted Nova Group's motion for reinstatement of the terminated motion, but simultaneously warned Nova Group and its prior counsel of their obligations under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, and the potential penalties for violating them (docket no. 110).  On August 7, the Court also denied Nova Group's motion for reconsideration of this Court's decision confirming the underlying Arbitration Award (docket no. 109).  Completely ignoring the Court's express, written warning, Nova Group and its prior counsel forged ahead and re-filed their second motion to dismiss for lack of subject matter jurisdiction the very next day (docket no. 115).  Several weeks later (on August 27), Nova Group and its then-counsel (Joseph M. Pastore III of Smith, Gambrell & Russell, LLP) agreed to voluntarily withdraw the frivolous motion (docket no. 144).

On August 30, Mr. Pastore notified counsel for Universitas that he and Smith, Gambrell & Russell, LLP would be withdrawing as counsel to Nova Group, citing "irreconcilable differences" with their client. (Copy of the letter is attached as Exh. A to Barnett 11/7/12 Declaration.)  Then, on September 6, Mr. Pastore and Smith, Gambrell & Russell, LLP filed notice of substitution of counsel of record, stating that they would be replaced by Mr. Robinson III who "has an historical relationship with Nova [Group]" (docket no. 150 at 1; see also docket no. 151).  Mr. Robinson then filed Nova Group's third motion to dismiss for alleged lack of subject matter jurisdiction, knowing that Nova Group's prior counsel had withdrawn such motion (docket no. 153).  As was established in Universitas' opposition papers to Nova Group's third motion to dismiss (docket no. 158), there is no legitimate dispute that this Court has subject matter jurisdiction.  This Court so found on October 5 (docket no. 161).

Pursuant to Fed. R. Civ. P. 11(c)(2), on September 13, Universitas served Nova Group and Mr. Robinson with its Notice of Motion for Rule 11 Sanctions and requested that they

withdraw their motion to dismiss, <u>see</u> Barnett 11/7/12 Decl., Exh. B[2], but Mr. Robinson and Nova Group refused to withdraw the motion.  As noted above, less than a month later, on October 5, this Court denied Nova Group's third motion to dismiss for lack of subject matter jurisdiction, stating that it had "reviewed thoroughly the parties' papers," and found "Nova's motion wholly without merit" (docket no. 161).

Nova Group's reprehensible conduct against Universitas began more than four years ago, when Nova Group refused to pay a $30 million life insurance death benefit to Universitas, notwithstanding Universitas being the sole, irrevocable beneficiary of Sash A. Spencer (the now-deceased insured, who died in June 2008); and, subsequently, notwithstanding the January 24, 2011 Arbitration Award in Universitas' favor; the June 5, 2012 Memorandum Order denying Nova Group's Petition to Vacate the Arbitration Award; the June 7 Judgment confirming the Arbitration Award; the June 29 Order *sua sponte* denying a request for a stay of judgment-related discovery; and the August 7 Order denying Nova Group's motion for reconsideration as "meritless."

Universitas has incurred huge legal fees since January 2011 (when the Arbitration ended) as a result of Nova Group and its counsel's vexatious strategy to multiply these proceedings and delay payment of the Judgment.  After Nova Group demanded that Universitas submit to "final," "binding" and "non-appealable" arbitration or forfeit its right to its $30 million insurance death benefit (<u>see</u> 3/15/11 Petition, Ex. 1 at § 8.02 at docket no. 6), once it lost the Arbitration, Nova Group embarked on a vexatious and harassing litigation strategy designed to undermine the efficient and cost-effective arbitration proceeding that took place. First, Nova Group filed a Petition for Vacatur in Connecticut, which jurisdiction had no relationship to the underlying

---

[2] <u>See</u> <u>Stark Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd</u>., 682 F.3d 170, 176 (2d Cir. 2012) (party "met the procedural requirements of the safe harbor provision of Rule 11(c)(2) by serving its notice of motion for Rule 11 sanctions with its…letter, even though it did not serve at that time supporting affidavits or memorandum of law").

arbitration, as opposed to New York, where the Arbitration took place pursuant to the Charter Oak Trust Welfare Benefit Plan ("Charter Oak Trust") instrument that Nova Group unilaterally drafted.  Chief Judge Thompson of the District of Connecticut ultimately found Nova Group's Petition for Vacatur to have been an "improper anticipatory filing," (docket no. 22 in Case No. 11-8726) and transferred the action to this Court, which consolidated it with Universitas' later-filed Petition for Confirmation of the Arbitration Award.  Following extensive motion practice in both Connecticut and New York, this Court denied Nova Group's Petition for Vacatur and confirmed the Arbitration Award to Judgment on June 7.

Then, as part of a second wave of its vexatious and harassing litigation, Nova Group refused to pay the Judgment, post a bond or even to disclose the location of Universitas' $30 million, or any of the Charter Oak Trust's other assets.  Instead, Nova Group sought a stay of all post-judgment discovery based on its then-pending "motion for reconsideration." Notwithstanding the Court's rejection of the request for a stay (see docket no. 54), Nova Group (and its prior attorneys) filed motions to quash Universitas' judgment-collection-related subpoenas, primarily making the same argument the Court had just rejected – that the motion for reconsideration (which the Court denied) warranted a stay of discovery (even though no bond had been posted).  By Order dated August 17, this Court denied Nova Group's motions to quash Universitas' subpoenas issued to various banks and to Nova Group, and overruled Nova Group's objections to Universitas' discovery requests (docket no. 133).

Then, on September 14, 2012 –  three days after filing the third motion to dismiss for lack of subject matter jurisdiction with this Court – Nova Group and Mr. Robinson filed an "emergency motion" to the Second Circuit, again seeking a stay of all post-judgment collection activities, contending that this Court lacked subject matter jurisdiction (Second Circuit Appeal Case No. 12-3504, docket no. 24).  Less than a week later, on September 19, the Second Circuit denied Nova Group's emergency stay for interim relief (id. at docket no. 43) and on October 5,

the Second Circuit denied Nova Group's motion for a stay and remanded to this Court the question of subject matter jurisdiction (id. at docket no. 61).

 Nova Group's motion to dismiss for alleged lack of subject matter jurisdiction – when Nova Group removed the case to federal court in the first place – is just the latest example of Nova Group's and its counsel's strategy of improperly multiplying the proceedings to keep Universitas from receiving its money and to drive up the legal costs to Universitas, in the hope that Universitas will be forced to discontinue its collection efforts. In short, Nova Group's motion to dismiss was a desperate attempt to keep some attack alive against the Arbitration Award and Judgment.  Aside from conjuring up some subject matter jurisdiction challenge, Nova Group was out of options.

 As Magistrate Judge Henry Pitman noted during an August 17 discovery conference on numerous motions made by Nova Group, the inference that the motion to dismiss is a "huge delay tactic" is "inescapable" given that Nova Group was the party that removed this action to federal court and only filed its motion to dismiss after the Court's denial of Nova Group's Petition for Vacatur and entry of judgment against it. Magistrate Judge Pitman called Nova Group's new position on subject matter jurisdiction a "recently discovered" "epiphany" nearly 18 months into the case and said Nova Group had "flip-flopped" given that it removed the case to federal court in the first place.  (Excerpts of 8/18/12 transcript of discovery conference attached as Exh. C to Barnett 11/7/12 Decl.)

 As detailed below, and as supported in the accompanying Declaration of Michael Barnett, Nova Group's September 11 "amended" motion to dismiss was so frivolous and objectively unreasonable, so lacking in factual and legal support, that the Court should impose sanctions against Nova Group and Mr. Robinson personally, pursuant to Fed. R. Civ. P. 11, as follows:

  1. As sanctions against **Jack E. Robinson**, Universitas respectfully asks the Court (1) to hold Mr. Robinson personally liable for the attorneys' fees that

Universitas incurred in the course of opposing the post-judgment motion to dismiss that Mr. Robinson filed on September 11, 2012, and which is the pleading targeted by this Rule 11 motion (with fees to be proven via submission of an attorney declaration should the Court grant this Rule 11 motion); (2) to hold Mr. Robinson personally liable for the attorneys' fees that Universitas has incurred in the course of bringing this Rule 11 motion made necessary by his conduct (with fees to be proven via submission of an attorney declaration should the Court grant this Rule 11 motion); and (3) to issue a written reprimand to Mr. Robinson. Universitas seeks an award of its attorneys' fees against Mr. Robinson, Nova Group's current counsel of record, because the motion to dismiss is just one of several improper, obstructionist tactics pursued by Mr. Robinson – a course of conduct that can only be deterred through the imposition of monetary sanctions personally against him.[3]

2. As sanctions against **<u>Nova Group, Inc.</u>**, Universitas respectfully requests that the Court enter an Order (a) immediately requiring Nova Group to post the judgment amount ($30,181,880.30) with the Court for the duration of post-judgment litigation; and (b) requiring Nova Group to seek this Court's advance permission prior to the filing of any future motion, since no post-judgment motion filed by Nova Group has been supported by evidence or warranted under the law.

---

[3] And by contract, Universitas is already entitled to seek its attorneys' fees from Nova Group as a prevailing party under the Charter Oak Trust instrument.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      Factual Background

Universitas is the sole, irrevocable beneficiary of the Charter Oak Trust, in relation to two

life insurance policies placed into the Charter Oak Trust by the late Sash A. Spencer.  Universitas

has two members, Donna Vassar and Sharon Siebert, both of whom are residents of New York.

Nova Group is the trustee, fiduciary, plan sponsor and administrator of the Charter Oak Trust.

Jack E. Robinson is Nova Group's General Counsel and attorney of record in this action.

In May 2009, life insurance carrier Lincoln National Life Insurance Company ("Lincoln

Life") paid the $30 million to Wayne H. Bursey (as "Trustee" of the Charter Oak Trust and

President of Nova Group) after Mr. Bursey wrote numerous letters to Lincoln Life demanding

that Lincoln Life pay the $30 million death benefit to the Charter Oak Trust, so that the Charter

Oak Trust could pay the money to Universitas as the deceased insured, Mr. Spencer, intended.

For example, Mr. Bursey sent a letter to Lincoln Life on October 22, 2008, which stated the

following:

> We have a duty to pay the Charity, Universitas, LLC.
>
> …
>
> Mr. Spencer was a very successful businessman and decided to pass on a
> charitable legacy to his foundation Universitas Education, LLC as the beneficiary
> of his life insurance and he elected to entrust that responsibility to our Charter
> Oak Trust in order to make that happen. It is shameful that we cannot proceed
> with his desires as expeditiously as he would have expected if he were alive
> today.
>
> The ultimate beneficiary, Universitas Education, LLC continues to be patient with
> us for the moment, but I fear that in due time they will become suspicious of your
> lack of performance.

(See Exh. D to Barnett 11/7/12 Decl.; emphasis added.)

However, when Lincoln Life paid the $30 million in death benefits to the Charter Oak

Trust, Nova Group and its principals refused to pay Universitas its money or even tell

Universitas where they had put it, in blatant breach of their fiduciary duties to Universitas.  To this day, despite an Arbitration Award, Judgment, and a grand jury investigation into some of its principals, Nova Group refuses to disclose the whereabouts of Universitas' money, and has (with the assistance of its legal counsel) deployed all manner of vexatious delay tactics, including its recent attack on federal court jurisdiction. Nova Group's strategy, and the strategy of Nova Group's legal counsel, has been to make unsupported claims and arguments and to make motion after frivolous motion, in an effort to exponentially drive up Universitas' legal fees, all while refusing to disclose any information whatsoever as to the whereabouts of Universitas' $30 million.

### B.     The Underlying Arbitration

Nova Group demanded, under threat of forfeiture, that Universitas arbitrate its claims under the auspices of the American Arbitration Association, which Universitas did, filing its Demand for Arbitration and Statement of Claim in June 2010 and an Amended Statement of Claim in September 2010.  The Charter Oak Trust, which Nova Group's agents unilaterally drafted, reads in pertinent part as follows:

> Any controversy or claim arising out of or related to a denial of benefits hereunder or any and all other disputes, claims or controversies (whether or not related to benefits) arising under this Plan & Trust **shall be settled by binding arbitration** before a single arbitrator in New York, New York, under the commercial arbitration rules of the American Arbitration Association; the arbitrator shall have no jurisdiction, authority, or power to award special or punitive damages; all costs of the prevailing party (including attorneys' fees and costs), as well as the costs of arbitration, shall be borne exclusively by the non-prevailing party; **the final decision of the arbitrator shall be final, binding, and non-appealable**; and judgment on the award may be entered in any court having jurisdiction thereof … [.]

See 3/15/11 Petition, Ex. 1 at § 8.02 (docket no. 6) (emphasis added).

In the months leading up to the Arbitration Hearing in early December 2010, in no fewer than six pre-hearing legal briefs, the parties exhaustively addressed Nova Group's arguments for refusing payment of the death benefit, including its Employee Retirement Income Security Act

("ERISA") arguments.  See Exhs. 4 through 9 of Universitas' 3/15/11 Petition (docket no. 6).

Then, after the Arbitration Hearing, the parties engaged in an additional two rounds of post-

hearing briefs, in which again Nova Group's ERISA arguments – including ERISA pre-emption

– were heavily argued by Nova Group.  Id. at Exhs. 10-13.

Contrary to its position in its September 11 motion to dismiss, Nova Group was insistent

in the Arbitration that ERISA controlled the determination of the parties' dispute, going so far as

to claim that ERISA was "the law of the land."  See, e.g., Nov. 24, 2010 letter from Nova

Group's prior counsel, Mr. Pastore, to Arbitrator Peter L. Altieri, docket no. 138 at p. 1:

> Because ERISA is the law of the land, **all** welfare benefit plans are governed by
> ERISA in some form, and all litigation by or against a welfare benefit plan is
> conducted pursuant to ERISA.

(Emphasis in original).  After this extensive pre- and post-hearing briefing by both sides on the

ERISA issue, Arbitrator Altieri, a partner in the office Epstein Becker Green and an experienced

ERISA litigator jointly selected by the parties to be the Arbitrator, held that under ERISA,

Universitas was entitled to the death benefit.  See 1/24/11 Award, Exh. 14 to the 3/15/11 Petition

(docket no. 6), at 2-3.

### C.    Litigation Concerning the Arbitration Award

Nova Group has refused to comply with a January 24, 2011 Arbitration Award rendered

against it and in Universitas' favor.[4]  Indeed, the day after the Award's issuance Nova Group

filed, in Connecticut Superior Court, a Petition to Vacate the Arbitration Award, which

emphasized the Arbitrator's alleged failure to apply ERISA to uphold Nova Group's denial of

Universitas' claim for the deceased Mr. Spencer's life insurance death benefit (see docket no. 1

---

[4] Among other things, the Arbitrator ordered Nova Group to pay the award amount into escrow with one of its law firms, Updike Kelly & Spellacy, P.C. See 1/24/11 Award, Exh. 14 to the 3/15/11 Petition (docket no. 6), at 13-14.  Nova Group failed to do so.

in Case No. 11-8726-LTS).  Thereafter, on February 7, 2011, Universitas filed an action in the

New York County Supreme Court seeking confirmation of the Arbitration Award.

Both cases ended up in federal court. On March 8, 2011, Nova Group removed

Universitas' New York state court action to this Court (see docket no. 1), spending a full page of

its Notice of Removal establishing both federal question and diversity jurisdiction.  In particular,

Nova Group noted that:

> Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1331 because the underlying issue that will be determined through the prosecution of Universitas' State Court Action involves a determination that "necessarily depends on the resolution of a substantial question of federal law." See Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 26 (2d Cir. 2000).

On November 16, 2011, in the case that originated in Connecticut with Nova Group's

first-filed Petition for Vacatur, Chief Judge Thompson of the District of Connecticut granted

Universitas' motion to transfer the case to this Court, finding the Petition to Vacate filed by

Nova Group to have been an "improper anticipatory filing" (docket no. 22 in Case No. 11-

8726).[5]  On the parties' consent, this Court then consolidated the two cases on or about January

20, 2012 (docket no. 36).

Prior to entry of Judgment, Nova Group never contested federal subject matter

jurisdiction.  Indeed, it did not begin to attack subject matter jurisdiction until after this Court

denied its ERISA-based Petition for Vacatur, entered Judgment for Universitas, and denied Nova

Group's motion for a stay of discovery related to judgment collection.

In the consolidated cases, this Court issued a Memorandum Order, dated June 5, 2012,

denying Nova Group's Petition to Vacate the Arbitration Award and confirming Universitas'

Petition to Confirm the Award.  In its June 5 Order, the Court also explicitly found that "[t]he

Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1332 and 1331." (Docket no. 40 at

---

[5] Chief Judge Thompson did not rule on the merits of Nova Group's Petition for Vacatur. He only found its filing in Connecticut – as opposed to New York – to have been improper.

1 and 5, respectively.)  The Court entered Judgment on June 7 for Universitas in the amount of $30,181,880.30. Following the expiration of the mandatory 14-day stay-of-enforcement period (see Fed. R. Civ. P. 62(a)), Nova Group filed a motion for reconsideration on June 22 (in which it again argued that ERISA applied and that the Arbitrator had misapplied it), and on June 26 moved for a discretionary stay of post-judgment discovery, arguing that the pending motion for reconsideration warranted the stay.  But Nova Group did not offer to post a bond or otherwise provide for Universitas' security (see Fed. R. Civ. P. 62(b)), and this Court denied the stay on June 29 before Universitas even filed an opposition to it (docket no.54).  It was only after the stay was denied that Nova Group began questioning federal jurisdiction.

### D.    Nova Group and Mr. Robinson's September 11 Motion to Dismiss

In Nova Group's third motion to dismiss, Mr. Robinson did not explain why Nova Group, having trumpeted in its Notice of Removal that Universitas' prosecution of its state-court action turns on "resolution of a substantial question of federal law," then claimed the opposite. As is detailed below, Nova Group's and Mr. Robinson's argument in their motion to dismiss that there was no federal question rested solely on their frivolous position that there was no ERISA preemption.  This about-face argument is subject to Rule 11 sanctions because Nova Group itself had argued extensively in various briefings, as well as most recently in its motion for reconsideration to this Court just months ago, that ERISA, in fact, preempts.

In addition, in order to fabricate an argument that there was no federal diversity jurisdiction, Mr. Robinson took it upon himself to add Charter Oak Trust as a new  separate respondent to this action.  In the very first sentence of its brief in support of Nova Group's motion to dismiss for lack of subject matter jurisdiction, Mr. Robinson stated that the brief was submitted on behalf of "respondents Nova Group, Inc. … and the Charter Oak Trust" (see Nova Group's Brief at 1, docket no. 153.)  This is wrong.  As the caption on the front page readily reflects, there is only one respondent -- and that is Nova Group.  Charter Oak Trust is not a

separate respondent in this case.  Obviously, Nova Group and Mr. Robinson unilaterally added Charter Oak Trust as a separate respondent in order to create  their argument that in order to have diversity, the beneficiaries of the Charter Oak Trust allegedly need to be determined. This is not the law and, regardless, Charter Oak Trust is not, and never was, a named party.  Nova Group is the only respondent in this case, as it is the Trustee of the Charter Oak Trust.[6]

## III.    ARGUMENT

### A.    Legal Standard

Rule 11 is designed to deter baseless filings and curb abusive litigation practices.  Rule 11(b) imposes an affirmative duty on parties and counsel to conduct a reasonable inquiry into the factual and legal viability of claims and defenses, and to not bring motions for any improper purpose, including harassment, unnecessary delay and/or increasing the opposing party's litigation costs.  "Rule 11 is intended to ensure that an attorney will 'stop, think and investigate' before filing 'baseless papers.'"  Ass'n of Holocaust Victims for Restitution of Artwork v. Bank Austria Creditanstalt AG, No. 04 CV 3600, 2005 WL 2001888, *3 (S.D.N.Y. Aug. 19, 2005) (citing Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 398 (1990)).

In determining whether a party or counsel has engaged in conduct violating Rule 11, courts apply an objective standard of reasonableness under the circumstances.  Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000).  "The Second Circuit has construed Rule 11 to mandate that sanctions be imposed under Rule 11(b)(1) when a party has signed a pleading for 'an improper

---

[6] Nova Group and Mr. Robinson also employed the same tactic when they filed an emergency appeal to the Second Circuit on September 14, in which they sought to stay the proceedings in this Court based on alleged lack of subject matter jurisdiction.  Mr. Robinson and Nova Group changed the actual caption of their opening and reply briefs in support of their emergency appeal to include Charter Oak Trust as a new separate respondent (Second Circuit Appeal Case No. 12-3504, docket nos. 24 and 36), even though Nova Group is the only party in this proceeding and was the only party to file a Notice of Appeal by Nova Group's predecessor counsel.  (See Exh. E to Barnett 11/7/12 Decl., attaching copy of Nova Group's cover pages to their brief and reply brief in which they added Charter Oak Trust as a second respondent.)

purpose such as to delay or needlessly increase the cost of litigation,' or under Rule 11(b)(2) when a party presents to the court papers 'without a belief formed, from a reasonable inquiry, that the position espoused is factually supportable and is warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law.'" Lipin v. Nat'l Union Fire Ins. Co., 202 F. Supp. 2d. 126, 139 (S.D.N.Y 2002) (Swain, J.) (quoting Caisse Nationale de Credit Agricole–CNCA, New York Branch v. Valcorp, Inc., 28 F.3d 259, 264 (2d Cir.1994)).

Further, the Second Circuit has determined Rule 11(b)(3) to be violated when "a particular allegation is utterly lacking in support." O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir. 1996). A pleading violates Rule 11(b)(3) where "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact." First Cent. Sav. Bank v. Meridian Residential Capital, No. 09-CV-3444, 2011 WL 1240100, at *1 (E.D.N.Y. Mar. 30, 2011) (citing Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir.2002)).

### B. Nova Group's Eleventh Hour Challenge to Federal Question Jurisdiction Was Unsupported, Incomprehensible and Demonstrably Frivolous

Federal question jurisdiction is supported by not one but both Petitions filed in the instant consolidated cases, and Nova Group and its counsel's refusal to acknowledge either as a basis for federal question jurisdiction, much less explain their own removal of this case to federal court, warrants the imposition of sanctions pursuant to Fed. R. Civ. P. 11(b)(1) and (b)(2).

Federal question jurisdiction independently rests on the two Petitions filed in these consolidated cases – the first Petition, filed by Nova Group, seeking to vacate the Award, and the second Petition, filed by Universitas, seeking confirmation of the Award that found for Universitas under ERISA (see para. 17 of Universitas' 3/15/11 Petition, docket entry no. 6). See also 6/5/12 Court Order at 1 (finding both federal question and diversity jurisdiction) (docket no. 40).

13

Once this Court confirmed the Arbitration Award and entered Judgment in favor of Universitas, Nova Group – desperate to get out from under the Court's scrutiny – flip-flopped and argued that the Court should have ignored ERISA as a basis for federal question jurisdiction. Nova Group's newfound assertions that ERISA has no application here are <u>exactly the opposite</u> of Nova Group's repeated assertions, in pleadings and numerous filings, that ERISA controls the determination of Universitas' entitlement to the life insurance death benefit at issue.

The earliest filing in the consolidated cases now before this Court is Nova Group's January 25, 2011 Petition to Vacate the Arbitration Award, in which one of Nova Group's central grounds for vacatur was the Arbitrator's purported failure to properly apply ERISA:

> Equally important, the Arbitrator also failed to apply <u>ERISA</u> appropriately as follows: (1) the Arbitrator failed to apply <u>ERISA's</u> preemption provision, providing that <u>ERISA</u> shall supersede any and all state laws insofar as they relate to an employee benefit plan, thereby permitting Universitas to assert untenable state law claims against Nova Group and the Plan; (2) the Arbitrator failed to review the denial of Universitas' claim for benefits, and subsequent appeal thereof, under the "arbitrary and capricious" standard of review … Despite Universitas' best efforts to obfuscate the facts of this case, defame uninvolved parties, **and to expand these proceedings beyond the scope of ERISA** and the examination of whether or not Universitas is entitled to benefits …

(Docket no. 1 in Case No. 11-8726-LTS, at 2, emphasis added.) Nova Group and Mr. Robinson did not even attempt to explain how the above arguments – expanded upon in page after page of Nova Group's Petition for Vacatur (<u>see</u> <u>id</u>. at 2,4, 6, 30, 32-35, 37, 39, 41, 44, 50) – do not raise a substantial question of federal law under ERISA.

The Petition filed by Universitas seeking confirmation of the Award (which found for Universitas under ERISA) also mentioned ERISA.   (<u>See</u> para. 17 of Universitas' 3/15/11 Petition, docket entry no. 6.)   Arbitrator Altieri found that Universitas is entitled to the death benefit under the common law or under ERISA principles.  (<u>See</u> <u>id</u>. at Exh. 14 at 2-3.)

14

As the Court held in <u>Greenberg v. Bear, Stearns & Co.</u>, 220 F.3d 22, 27 (2d Cir. 2000),

<u>cert</u>. <u>denied</u>, 531 U.S. 1075 (2001), in language equally applicable to and controlling of the

instant cases:

> The petitioner complains principally and in good faith that the award was
> rendered in manifest disregard of federal law, a substantial federal question is
> presented and the federal courts have jurisdiction to entertain the petition. In
> contrast to grounds of review that concern the arbitration process itself -- such as
> corruption or abuse of power -- review for manifest disregard of federal law
> necessarily requires the reviewing court to do two things: first, determine what the
> federal law is, and second, determine whether the arbitrator's decision manifestly
> disregarded that law. This process so immerses the federal court in questions of
> federal law and their proper application that federal question subject matter
> jurisdiction is present.

<u>See</u> <u>also</u> <u>Vu Luong v. Circuit City Stores, Inc.</u>, 368 F.3d 1109, 1112 (9th Cir. 2004) (relying on

<u>Greenberg</u> to find federal question jurisdiction where petitioner sought to vacate an arbitration

award, arguing that the arbitrator manifestly disregarded the Americans with Disabilities Act).

Indeed, Nova Group cited the <u>Greenberg</u> decision in asserting federal question

jurisdiction in its Notice of Removal of Universitas' state court action, so it was fully aware of

the case and the law.  As <u>Greenberg</u> makes plain, a Petition for Vacatur serves as the Complaint

for the purposes of assessing federal jurisdiction when the underlying dispute concerns an

arbitration award.  The Petition for Vacatur is not simply a "defense," as Nova Group claimed

(Nova Group Brief at 8, docket no. 153), in contravention of its own previous citation to

<u>Greenberg</u>.  Nova Group's failure to address in any fashion whatsoever the Court's decision in

<u>Greenberg</u> in its motion to dismiss papers, let alone to explain its total about-face on federal

question jurisdiction, is emblematic of the bad faith that pervades its conduct in this action and,

more specifically, its motion to dismiss.

As further example of Nova Group's continued abuse of process, Nova Group's motion

to dismiss did another about-face and made the argument that there was no federal question

jurisdiction because there was no ERISA preemption of state-law claims (Nova Group Brief at 8

*et seq.*, docket no. 153).  The frivolity of Nova Group's federal question jurisdiction is nowhere more apparent than the fact that only four (4) months ago, when Nova Group filed its June 21 motion for reconsideration to this Court of this Court's June 5 Order confirming the Arbitration Award, Nova Group vehemently argued the exact opposite, to wit, that "[t]he Court has evidently 'overlooked' the decisions cited by Nova in determining that all state laws are preempted by ERISA's all-encompassing pre-emption provision …"  (docket no. 46 at 15).  In fact, Nova Group devoted a full section of its motion for reconsideration brief to its argument that ERISA preempts (<u>see</u> docket no. 46, at 15-16).[7]  As is readily evident, only four months ago, Nova Group was arguing to this Court that there was preemption.  Then, Nova Group in another flip-flop argued in its final motion to dismiss against its earlier position on ERISA preemption.  Nova Group's positions are an ever-moving target, designed both to improperly delay payment to Universitas and to ratchet up its legal costs.  Nova Group's argument that the Court lacked federal question jurisdiction had no merit from the outset and was made in bad faith in order to cause unnecessary delay in Universitas' collecting on its judgment and to unnecessarily drive up Universitas' legal fees.

### C.   Nova Group's Lack of Diversity Jurisdiction Argument Was Also Nothing Short of an Abuse of Process and Demonstrably Frivolous

As stated above, in order to fabricate a lack of diversity argument, Nova Group and Mr. Robinson first unilaterally added Charter Oak Trust as a respondent (<u>see</u> Nova Group's Brief at 1, docket no. 153), when the Charter Oak Trust is clearly not a separate party to this action.  Then, Nova Group and Mr. Robinson utilized the same tactic when they filed an emergency

---

[7] Nova Group's strenuous prior arguments that there is ERISA preemption are not limited to its motion for reconsideration in this Court.  Nova Group argued with equal force in its arbitration prehearing briefs that ERISA "fully limits Universitas to a single claim for benefits under ERISA and fully preempts all of Universitas' common law claims" and that "ERISA's preemption clause is conspicuous for its breadth."  <u>See</u>, <u>e.g.</u>, Nova Group's November 19, 2010 Reply to Universitas' Prehearing Brief (at 1-2) (docket no. 6, Ex. 7) and its December 16, 2010 Post-Hearing Brief (at 3-4) (docket no. 6, Ex. 11).

appeal to the Second Circuit three days after they filed their motion to dismiss in this Court (on September 14), which they lost on October 5.  In the emergency motion to the Second Circuit, in which Mr. Robinson sought to stay the proceedings in this Court based on alleged lack of subject matter jurisdiction, Mr. Robinson and Nova Group changed the actual caption of their opening and reply briefs in support of their motion to include Charter Oak Trust as a separate, second respondent, even though Nova Group is the only party in this proceeding and was the only party to file a Notice of Appeal by Nova Group's predecessor counsel.  (See Exh. E to Barnett 11/7/12 Decl., attaching copy of Nova Group's cover pages to their opening and reply briefs, in which Mr. Robinson added Charter Oak Trust as a second respondent.)   This conduct, in and of  itself, is sanctionable under Rule 11.

To make matters worse, Nova Group and Mr. Robinson also argued that diversity was defeated because the Charter Oak Trust is the real party in interest under Fed. R. Civ. P. 17, but completely ignored the express language of Rule 17(a)(1)(E), which specifically states that a trustee of an express trust is the real party in interest.  See also Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 462 (1980) ("As early as 1808, this Court stated that trustees of an express trust are entitled to bring diversity actions in their own names and upon the basis of their own citizenship") (citation omitted).  Diversity jurisdiction unquestionably exists between Universitas LLC and Nova Group, Inc., the only parties to this action.

Nova Group's motives are transparent.  Desperate to get out from under this Court's scrutiny, Nova Group has now done an about-face and sought to remand back to state court what it removed to this Court.  Nova Group's belated argument that the Court does not have federal question jurisdiction, when the Court has already found jurisdiction to exist and entered judgment, constitutes a textbook and inexcusable example of abuse of process.  Nowhere in its motion to dismiss did Nova Group even begin to explain its prior arguments and representations to this Court regarding the existence of federal question jurisdiction or why it waited until after

this Court had (i) confirmed the Arbitration Award, and (ii) *sua sponte* denied Nova Group's motion for a stay of post-judgment collection efforts before raising the supposed "issue" with subject matter jurisdiction.

### D. Nova Group and Mr. Robinson Should Be Sanctioned Because They Have Defeated the Very Goals of Arbitration

As discussed above, Nova Group demanded under threat of forfeiture that Universitas arbitrate its claims under the auspices of the American Arbitration Association, which Universitas did, filing its Demand for Arbitration in June 2010 and an Amended Statement of Claim in September 2010.  Critically, the Charter Oak Trust, which Nova Group's agents unilaterally drafted, stated that "the final decision of the arbitrator shall be final, binding, and non-appealable."  (See docket no. 6, 3/15/11 Petition, Ex. 1 at § 8.02.) But once the Arbitrator rendered its January 24, 2011 Arbitration Award against Nova Group and in Universitas' favor, Nova Group refused to comply with the "final, binding and non-appealable" clause provisions in the Charter Oak Trust document that it had drafted, instead filing a Petition to Vacate the Arbitration Award in Connecticut Superior Court the very next day on January 25, 2011.

As Judge Richard Sullivan recently noted in imposing sanctions against a party that filed a meritless Petition to Vacate an arbitration award:

> [L]itigants must be discouraged from defeating the purpose of arbitration by bringing such petitions based on nothing more than dissatisfaction with the tribunal's conclusions. For this reason, "sanctions are peculiarly appropriate in the context of a challenge to an arbitration award which appears to be a largely dilatory effort." Manning v. Smith Barney, Harris Upham & Co., 822 F. Supp. 1081, 1083–84 (S.D.N.Y. 1993); see also B.L. Harbert Int'l, LLC v. Hercules Steel Co., 441 F.3d 905, 913–14 (11th Cir. 2006) (suggesting that "[w]hen a party who loses an arbitration award assumes a never-say-die attitude and drags the dispute through the court system without an objectively reasonable belief it will prevail, the promise of arbitration is broken" and that in such a case sanctions may be appropriate).

DigiTelCom, Ltd. v. Tele2 Sverige AB, No. 12 Civ. 3082, 2012 WL 3065345, at *7 (S.D.N.Y. July 25, 2012).  Here, Nova Group and Mr. Robinson have not only managed to defeat the goals

of arbitration; they have also disrespected fundamental rules of civil litigation, namely that a party and its counsel must make factual assertions and legal arguments in good faith, and with evidentiary and legal support, especially when they are taking positions diametrically opposed to those they have previously taken and unilaterally re-inventing the caption of the case.

## IV.    CONCLUSION

Nova Group and its agents – having failed twice to reverse the Arbitration Award in this Court, having refused to post the Award amount in escrow as the Arbitrator directed, having failed to post a bond in the amount of the Judgment, having lost a motion to stay post-judgment discovery, having already lost numerous motions to quash, and Universitas having received permission from Magistrate Judge Henry Pitman to proceed with a motion to hold Nova Group and its principals and agents in contempt of Court for violation of his Order to disclose the whereabouts of Universitas' $30 million and other assets – do not want Universitas to discover what it has done with Universitas' money.  So, in desperation, Nova Group and its current counsel, Mr. Robinson, filed a third motion to dismiss that questioned the federal jurisdiction that Nova Group itself had established, and that Nova Group did not question for more than a year while its Petition for Vacatur was *sub judice*.

Having already undermined the purposes of arbitration and desperate to get out from under this Court's scrutiny following the entry of judgment on the Arbitration Award, they did a total about-face on jurisdiction and sought, at this late stage, to remand this action back to state court even though they were the ones that removed it to this Court.

Nova Group and its counsel's conduct before this Court is a textbook example of abuse of the legal system.  It is all the more shocking because Nova Group, its agents, and Jack E. Robinson, Esq. are all supposed to be fiduciaries for Universitas.  Nowhere in their motion to dismiss did Nova Group and Mr. Robinson even begin to adequately explain their prior arguments and representations to this Court regarding the existence of federal jurisdiction or why

they waited until after this Court had (i) confirmed the Arbitration Award, and (ii) *sua sponte* denied Nova Group's motion for a stay of post-judgment collection efforts to raise the supposed "deficiencies" with subject matter jurisdiction.  The reason is obvious:  their lack of federal jurisdiction arguments are frivolous and cannot be explained.

Accordingly, Universitas respectfully requests that the Court impose sanctions against Nova Group, and Jack E. Robinson III, Esq., pursuant to Fed. R. Civ. P. 11, as follows:

1. As sanctions against **Jack E. Robinson III**, Universitas respectfully asks the Court (1) to hold Mr. Robinson personally liable for the attorneys' fees incurred in the course of opposing the post-judgment motion to dismiss that Mr. Robinson filed on September 11, 2012, and which is the pleading targeted by this Rule 11 motion (with fees to be proven via submission of an attorney declaration should the Court grant this Rule 11 motion); (2) to hold Mr. Robinson personally liable for the attorneys' fees that Universitas has incurred in the course of bringing this Rule 11 motion made necessary by his conduct (with fees to be proven via submission of an attorney declaration should the Court grant this Rule 11 motion); and (3) to issue a written reprimand to Mr. Robinson.

2. As sanctions against **Nova Group, Inc.**, Universitas respectfully requests that the Court enter an Order (a) requiring Nova Group to post the judgment amount (currently $30,181,880.30) with the Court for the duration of post-judgment litigation; and (b) requiring Nova Group to seek this Court's advance permission prior to the filing of any future motion, since no post-judgment motion filed by Nova Group has been supported by evidence or warranted under the law.

Universitas and its counsel regret having to busy the Court with this motion but find it necessary given the Court's prior Rule 11 admonition, and Nova Group and its counsel's vexatious and frivolous motion practice and strategy, best exemplified by the filing of a third post-judgment motion to dismiss for lack of subject matter jurisdiction.

Dated: November 7, 2012

LOEB & LOEB LLP

By: /s/ Paula K. Colbath
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

    *Attorneys for Judgment Creditor*
    *Universitas Education, LLC*