```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

UNIVERSITAS EDUCATION, LLC,          :

                    Petitioner,      :    11 Civ. 1590 (LTS)(HBP)

     -against-                       :    OPINION
                                          AND ORDER
                                     :
NOVA GROUP, INC.,
                                     :
                    Respondent.
                                     :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

Universitas Education, LLC ("Universitas") commenced this action against Nova Group, Inc. ("Nova Group") seeking to confirm a multimillion dollar arbitration award in its favor. The Honorable Laura Taylor Swain, United States District Judge confirmed the arbitration award on June 5, 2012,[1] and on June 7, 2012, judgment against Nova Group was entered in the amount of $30,181,880. Nova Group has failed to pay the judgment, and resisted all efforts to enforce the judgment. The funds in issue are the proceeds of a life insurance policy, and there is no

---

[1] The facts underlying the arbitration award are set forth in Judge Swain's June 5, 2012 Memorandum Order. <u>Universitas Education, LLC v. Nova Group, Inc.</u>, 11 Civ. 1590 (LTS)(HBP), 2012 WL 2045942 (S.D.N.Y. June 5, 2012).

question that the funds previously were in Nova Group's possession.

The latest dispute in this action arises out of Nova Group's attempts to prevent non-party TD Bank, N.A. ("TD Bank") from complying with subpoenas Universitas issued to it pursuant to Rules 45 and 69 of the Federal Rules of Civil Procedure.  The Court has received letters from counsel for TD Bank and counsel for Universitas on November 8 and 9, 2012, respectively.  For the reasons stated below, the Court orders TD Bank to comply with Universitas' subpoenas no later than December 5, 2012.

Nova Group is the fiduciary, sponsor and trustee of Charter Oak Trust Welfare Benefit Plan ("Charter Oak Trust").  In its efforts to enforce its judgment against Nova Group, Universitas subpoenaed TD Bank, among others, for account information pertaining to three companies -- Grist Mill Capital, LLC; Grist Mill Holdings, LLC; and Phoenix Capital Management (collectively, the "Account Parties") -- because it believes that money previously held in the name of Charter Oak Trust was transferred to accounts maintained in the names of the Account Parties at TD Bank.

On August 17, 2012, this Court denied Nova Group's motion to quash Universitas' subpoena to TD Bank (Docket No. 133).  Universitas subsequently received an initial document

production from TD Bank and served a second subpoena to TD Bank on September 12, 2012 and again on September 24, 2012.  The second subpoena repeated Universitas' initial requests and made additional requests (Letter from Bryan I. Reyhani, Esq., dated November 9, 2012).

  Subsequently, attorneys who previously represented Nova Group wrote to TD Bank on behalf of the Account Parties (Exs. A-C to Letter from Bryan I. Reyhani, Esq., dated November 9, 2012). These letters all claimed that Section 36a-43 of Connecticut General Statutes prohibits TD Bank from complying with Universitas' subpoenas because Universitas had failed to serve copies of its subpoenas on the Account Parties at least ten days prior to the requested disclosure of records.  The letters threatened TD Bank with civil and criminal sanctions if it complied with Universitas' subpoenas and produced the requested records (Exs. A-C to Letter from Bryan I. Reyhani, dated November 9, 2012).  On November 5, 2012, Adam Blank, an attorney representing the Account Parties, wrote an email to TD Bank's counsel advising him that they anticipated filing a motion to quash the subpoenas in Connecticut Superior Court and that "[s]hould TD Bank release the Customers' financial records the Customers will seek redress against TD Bank to the fullest extent permitted by

3

law" (Ex. E to Letter from Kenneth C. Rudd, Esq., dated November 8, 2012).

Section 36-a43 of Connecticut General Statutes provides that:

> Except as provided in section 36a-44, a financial institution shall disclose financial records pursuant to a lawful subpoena, summons, warrant or court order served upon it if the party seeking the records causes such subpoena, summons, warrant or court order or a certified copy thereof to be served upon the customer whose records are being sought, at least ten days prior to the date on which the records are to be disclosed, provided a court of competent jurisdiction, for good cause, may waive service of such subpoena, summons, warrant or court order, or certified copy thereof, upon such customer.

Conn. Gen. Stat. § 36a-43(a). However, Section 36a-44 contains a carveout that provides, in pertinent part, "[n]o provision of sections 36a-41 to 36a-45, inclusive, shall be construed to prohibit: . . . (13) any other disclosure required under applicable state or federal law or authorized to be made to any regulatory or law enforcement agency under applicable state or federal law." Conn. Gen. Stat. § 36a-44(13). As a judgment creditor, Universitas' subpoenas to TD Bank are expressly authorized by Fed.R.Civ.P. 45(a) and 69(a)(2). Thus, disclosure pursuant to the subpoenas is required by federal law and the limitations of Section 36a-43 are inapplicable.

Moreover, even if the carveout did not exist, any limitations imposed by Section 36a-43 must yield, pursuant to the Supremacy Clause, to the lawfully issued federal subpoenas.  U.S. Const. Art. VI, Cl. 2.  In analogous situations, other courts have repeatedly found that this Connecticut statute is preempted by federal law and does not apply to a valid subpoena issued pursuant to federal authority.  See United States v. First Bank, 737 F.2d 269, 274 (2d Cir. 1984) (notice provision of Connecticut Privacy Act was preempted by Internal Revenue Code authorizing the issuance of administrative summons); Iantosca v. Benistar Admin Servs., Inc., No. 1:11-mc-0066-RLY-DML, 2011 WL 3155649 at *3 (S.D. Ind. July 26, 2011) ("Even if [Section 36a-43] applied in this federal action (which is doubtful), its purpose has been met because all movants have had the opportunity to challenge the Subpoena before financial records have been disclosed."); In re Grand Jury Subpoena (Conn. Savings Bank), 481 F. Supp. 833, 835 (D. Conn. 1979) ("Insofar as the Connecticut statute in imposing a notice and challenge procedure would undermine the authority given the grand jury by the federal act it is in conflict as explicated by [Ray v. Atlantic Co., 435 U.S. 151 (1977)]"); see also United States v. First Nat'l Bank of Maryland, 866 F. Supp. 884, 886 (D. Md. 1994) (Maryland financial privacy statute did not apply to subpoena issued pursuant to the Inspector General

Act because its notice provisions impeded the Congressional objective of "prompt and thorough cooperation with OIG investigations"); SEC v. Pac. Bell, 704 F. Supp. 11, 15-16 (D.D.C. 1989) (California privacy law that required consent before disclosure conflicted with SEC's statutory subpoena power); In re Grand Jury Subpoena, 688 F. Supp. 319, 320 (W.D. Tenn. 1988) (Tennessee privacy statute was invalid and void under the Supremacy Clause to the extent that it conflicted with bank's obligation to comply with federal grand jury subpoena).

  Here, the application of Section 36a-43 impedes the timely and expeditious process of discovery in aid of execution contemplated by the Federal Rules of Civil Procedure.  This is particularly true here given Nova Group's repeated attempts to delay or otherwise hinder Universitas' discovery and enforcement efforts.  SEC v. Pac. Bell, supra, 704 F. Supp. at 16 (holding that California notice requirement hindered SEC's investigatory powers and was thus preempted and noting that "[t]his reasoning only becomes more powerful when a person who has something to hide is given the ability through state law to delay unduly an investigation by merely withholding their consent.").  Put plainly, Section 36a-43 does not apply in this federal action and cannot prohibit compliance with the subpoenas here because it conflicts with the provisions of the Federal Rules of Civil

Procedure authorizing Universitas' subpoenas to TD Bank.  See EchoStar Satellite v. Viewtech, Inc., No. 10-60069-MC, 2010 WL 2822109 at *5 (S.D. Fla. July 16, 2010) ("[T]his action is a federal action predicated upon Rule 45 of the Federal Rules of Civil Procedure and not upon any Florida statute or Florida discovery rule.  Thus, for purposes of determining the scope of Rule 45 and whether the Plaintiffs are entitled to the discovery pursuant to that Rule, federal law rather than state law applies to this matter.").  If the Account Parties have a viable issue concerning the subpoenas, their remedy is a motion to quash made in this Court.  Their failure to do so suggests consciousness of the frivolous nature of their objections.

Finally, I note that the efforts of Nova Group and individuals and entities associated with it to conceal the whereabouts of the insurance proceeds in issue here is extremely troubling.  If it has a genuine, colorable issue with Judge Swain's decision confirming the arbitration award, one wonders why it simply hasn't deposited the funds into the Court, pending the outcome of its appeal.  The disturbing nature of Nova's conduct is reinforced by the fact that in depositions conducted earlier this year, several individuals currently or formerly associated with Nova Group have invoked the Fifth Amendment in response to questions concerning the disposition of the insurance

proceeds. The baseless nature of the threats made to TD Bank lends further support to an inference of bad faith or worse. Universitas may want to consider consulting with the Federal Bureau of Investigation or the Department of Justice as to whether the conduct of Nova Group and the individuals associated with it rises to the level of a violation of 18 U.S.C. § 1512.

Accordingly, for all the foregoing reasons, TD Bank is ordered to comply with Universitas' subpoenas no later than December 5, 2012.

Dated:  New York, New York
        November 21, 2012

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Paula K. Colbath, Esq.
Michael S. Barnett, Esq.
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154

Bryan I. Reyhani, Esq.
Reyhani Nemirovsky LLP
200 Park Avenue
17th Floor
New York, New York 10166

Joseph M. Pastore , III, Esq.
Smith, Gambrell & Russell, LLP(NYC)
250 Park Avenue
Suite 1900
New York, New York 10177

Jack E. Robinson, Esq.
Benistar
2187 Atlantic Street
Stamford, CT 062902

Adam J. Blank, Esq.
Wofsey, Rosen, Kweskin and Kuriansky, LLP
600 Summer Street
Stamford, Connecticut 06901

Kenneth C. Rudd, Esq.
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, New York 10022