# EXHIBIT A

# 11-27-12 BARNETT DECLARATION



**Fox Rothschild** LLP
ATTORNEYS AT LAW

One Landmark Square, 21st Floor
Stamford, CT 06901-2601
Tel 203.425.9500  Fax 203.425.9595
www.foxrothschild.com

Joseph M. Pastore III
Direct Dial: (203) 425-1504
Email Address: jpastore@foxrothschild.com

November 24, 2010

Peter L. Altieri, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue, 14th Floor
New York, NY  10177-1211

Re: <u>Universitas Education, LLC and Nova Group, Inc., No. 13 195 Y 01558 10</u>

Dear Mr. Altieri:

This letter responds to Ms. Colbath's latest "seven o'clock submission" sent last night in which she states that Universitas has no need to call an ERISA expert based on Respondents' statement in their reply brief that the Charter Oak Trust Welfare Benefit Plan "**is not in fact an 'ERISA Plan.**'" (Emphasis in original). We also write to express our concerns regarding your Order and Disclosure issued earlier today. While we formally represent Donald Trudeau in this matter, we believe the issues addressed below are sufficiently clear and important, and have been subject to far too much confusion in recent writings, that further comment is required.

Once again Ms. Colbath betrays her ignorance of ERISA. As a result, Respondents are forced to write this letter to ensure, notwithstanding Ms. Colbath's misperceptions about ERISA's applicability to *all* welfare benefit plans, that you abide by ERISA even if Ms. Colbath does not.

Because ERISA is the law of the land, *all* welfare benefit plans are governed by ERISA in some form, and all litigation by or against a welfare benefit plan is conducted pursuant to ERISA.

In fact, your own law firm prides itself on being one of the preeminent ERISA law firms in New York. Therefore, the Respondents must necessarily charge you in your role as Arbitrator with having knowledge of how ERISA works and how it applies to *all* welfare benefit plans – even those plans which, like the Plan in this proceeding, do not consider themselves to be prototypical "ERISA plans." See *ERISA Pre-Emption: Implications for Health Reform and*



Fox Rothschild LLP
ATTORNEYS AT LAW

Peter L. Altieri, Esq.
November 24, 2010
Page 2

*Coverage*, Employee Benefit Research Institute Issue Brief, No. 314 (Feb. 2008) at 6 ("Despite the fact that most of ERISA's requirements focus on pensions, the framework established in the act applies to ***all*** employee benefit plans, including health benefit plans and other welfare benefit plans such as disability coverage, group life insurance, etc.") (emphasis in original).  Ms. Colbath seems utterly lost on this critical distinction.

We are also concerned by a statement in your Order issued today that "Respondent Nova's position on the applicability of ERISA or ERISA principles is not definitive on the record before me and Claimant should be guided accordingly." Nov. 24, 2010 Order ¶ 3.  Just to be clear, Respondents' position on the applicability of ERISA is very definitive and principled.  ERISA applies to ***all*** welfare benefit plans and this proceeding must necessarily be governed by ERISA principles.

On a related note, Respondents are very concerned about the Disclosure that you made for the first time today (even though the identity of Claimant's expert was disclosed to you more than a week ago) that Claimant's expert witness is a former law partner of yours.  Respondents will advise you, Ms. Colbath, and the AAA by next Tuesday, November 30th whether Respondents view this Disclosure as disqualifying.

Ms. Colbath is also mistaken that Universitas can assert common law claims for a simple denial of plan benefits – which is what Universitas' entire Amended Statement of Claim does. "As to state common law claims, ERISA preempts those that seek 'to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA.'" Paneccasio v. Unisource Worldwide, Inc., 32 F.3d 101, 114 (2d Cir. 2008) (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 214 (2004)); see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45 (1987) (common law causes of action based on alleged improper processing of a claim for benefits are preempted by ERISA).

Claims based upon a common law theory of conversion are "undoubtedly" preempted by ERISA.  LoPresti v. Terwilliger, 126 F.3d 34, 41 (2d Cir. 1997) ("conversion claim to recover losses to the Funds is nothing more than an 'alternative theory of recovery for conduct actionable under ERISA," and as such is preempted by ERISA'") (citation omitted).

ST1 21057v1 11/24/10



Peter L. Altieri, Esq.
November 24, 2010
Page 3

      To the extent that Universitas relies upon common law to support its breach of fiduciary duty claims (see Universitas pre-hearing brief at pages 6, 14-15, citing to non-ERISA state caselaw), such reliance is improper and preempted by ERISA.  ERISA's express preemption provision clearly reaches state law claims for breach of fiduciary duty.  Gabel v. Richards Spears Kibbe & Orre, 615 F. Supp. 2d 241 (S.D.N.Y. 2009) (ERISA preempts claim for breach of fiduciary duty); Watson v. Consol. Edison of N.Y., 594 F. Supp. 2d 399, 408-09 (S.D.N.Y. 2009) (ERISA preempts fraud and breach of fiduciary duty claims premised on fiduciaries' misconduct in administering ERISA plan); F.W. Webb Co. v. State Street Bank & Trust Co., 2010 WL 3219284, at *15 (S.D.N.Y. Aug. 12, 2010).

      In fact, your own law firm has successfully represented plan fiduciaries where claimants sought to assert state law causes of action.  In Turcotte v. Blue Cross & Blue Shield of Mass., Inc., 2008 WL 4615903 (S.D.N.Y. Oct. 14, 2008), Epstein Becker represented the defendants and successfully moved to dismiss a claim for punitive damages.  "The Second Circuit has held, however, that '*punitive damages are never included within 'other appropriate equitable relief' available* under 29 U.S.C. § 1132(a)(3).'"  Id. at *9 (emphasis added) (quoting Gerosa v. Savasta & Co., 329 F.3d 317, 321 (2d Cir. 2003)); see also Infantolino v. Joint Industry Bd. of the Elec. Indus., 2007 WL 879425, at *8 (E.D.N.Y. Mar. 15, 2007) (dismissing claim for punitive damages because "ERISA does not provide for the recovery of punitive damages").

      Similarly, in Saks v. Franklin Covey Co., 117 F. Supp. 2d 318 (S.D.N.Y. 2000), Epstein Becker represented defendants and successfully argued that the plaintiff's state law claims for breach of contract were preempted by ERISA.  The Court stated:  "Thus, it has long been held that a plaintiff has no claim for breach of contract against a plan administrator for failing to award benefits, because such claims are squarely preempted by ERISA."  The Court also noted that federal preemption "is not, by its nature, an affirmative defense to a state law claim," and thus was not waived by failure to plead specifically.  [This is also significant, in that Loeb & Loeb asserts that "Respondents bear the burden on all of their defenses."  (See Universitas pre-hearing brief p. 15).  Federal preemption is not an affirmative defense.]

      In Nealy v. U.S. Healthcare HMO, 844 F. Supp. 966 (S.D.N.Y. 1994) - a case in which Epstein Becker represented defendants - the court dismissed, under ERISA preemption, breach of contract and negligence claims against the administrator of a health care plan.  The Court noted that, in enacting ERISA, Congress' intent was to "ensure that plans and plan sponsors



Peter L. Altieri, Esq.
November 24, 2010
Page 4

would be subject to a uniform body of law" and thus minimize the "burdens of complying with conflicting directives among States or between States and the Federal Government." Id. at 970 (citations omitted). Thus, "as part of ERISA's enforcement scheme, most state laws relating to employee benefit plans are preempted." Id. at 971. "*ERISA preemption applies to claims filed by plan participants against an ERISA plan.*" Id. (emphasis added).

For similar reasons, Universitas' claim for interest on any award of plan benefits is also preempted by ERISA.

You must also understand that Ms. Colbath's continuous clamoring for a $30+ million award is utterly fallacious. The only difference between the so-called "Mactas" Plan document and the "Official" Plan document is Section 6.01 (regarding the 20% carve-out). However, it is undisputed that in March 2007 Sash Spencer chose a $20 million death benefit, which he agreed would be reduced by the cost of premiums and other substantial fees, expenses and charges. Subtracting those amounts from the $20 million (without the 20% carve-out) nets roughly $15 million. Under the "Official" Plan document that contains the 20% carve-out, the net benefit is roughly $11 million. However, if you rely on the document Universitas drafted whereby it *disclaimed* all of its rights to any benefits under the Plan in favor of Mr. Spencer's widow (see **Exhibit 1**), then the net benefit is only $5 million (which Mary Spencer agreed to pay Universitas). But now that Ms. Colbath admits in footnote 11 of her reply brief that Grist Mill Capital paid all of the premiums for the policies, then the real net benefit is $1.8 million – which is the amount Mr. Spencer agreed to receive for his termination from the Plan, which he then instructed Grist Mill Capital to pay to Universitas. The point is that under all of these scenarios, any potential benefit is a far cry from the $30+ million that Ms. Colbath has consistently bandied about in this proceeding.

Furthermore, you should review in detail the incomplete and untimely claim form finally submitted by Universitas (see **Exhibit 2**). Respondents will be forced to bring an embarrassing challenge to Epstein Becker – to the U.S. Supreme Court if necessary – if ERISA doctrines and law are not followed in this proceeding – and your Order issued today does not give us comfort that ERISA will be followed in this proceeding. An incomplete and late claim is a denied claim. The major reason for vacating an arbitrator's award is that the arbitrator knew what the law was but chose to ignore it. The above exhibits are particularly instructive in light of the Supreme


**Fox Rothschild** LLP
ATTORNEYS AT LAW

Peter L. Altieri, Esq.
November 24, 2010
Page 5

Court's unanimous decision in <u>Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan</u>, 129 S. Ct. 865 (2009), which Epstein Becker reported on in a newsletter to clients (<u>see</u> **Exhibit 3**).

 <u>Kennedy</u> is particularly instructive here because Universitas' entire case is predicated on you inquiring "into nice expressions of intent," <u>id.</u> at 875, supposedly contained in emails, letters, and oral testimony to the exclusion of the actual Plan documents – which is what a unanimous Supreme Court held could not be done.

 In <u>Kennedy</u>, the decedent's first wife waived all rights to any claims to her ex-husband's benefits, but did not file the proper paperwork evidencing the waiver. The decedent also failed to complete the proper paperwork to change the beneficiary of his savings plan from his ex-wife to his intended donative beneficiary (his daughter). The Supreme Court had two important rulings of which you should take particular notice. First, the disclaimer signed by the ex-wife was sufficient and a more formal document (QDRO) was not necessary to disclaim her rights – similar to the document Universitas provided the Plan in July 2008 waiving all of its rights to any benefits under the Plan. Second, the Supreme Court made clear that a plan administrator must follow the rules of the plan, and if the plan participant does not complete the proper paperwork correctly, then the administrator has *no choice* but to deny the claim. Far from $30 million plus $5 million in interest, <u>Kennedy</u> teaches that Universitas is entitled to nothing under the Plan.

 Finally, please review **Exhibit 4**, where Epstein Becker trumpets its *Trilogy of Recent Victories in Class Actions Regarding the Elimination of Retiree Death Benefits*. <u>See</u> Epstein Becker Green Client Alert (Sep. 2009). As reported, your firm successfully defended the denial of benefits to thousands of widows of former employees of Qwest and Lucent. We are all wondering if Qwest and Lucent were called "liars" and "thieves" by the widows whom Epstein Becker helped to deprive of their deceased husbands' death benefits as you have allowed Ms. Colbath to defame our clients in this proceeding. Did those widows go after Lucent's executives the way you have allowed Ms. Colbath to insult and attack Respondents? Probably not. That you have refused to strike the offending language from Ms. Colbath's reply brief in which she accuses the Respondents of "outright theft," 11/24/10 Order ¶ 4, is particularly troublesome.

 And remember that your colleagues were successful in convincing several Circuit Court judges that a death benefit tied to a pension plan was really a "welfare benefit" after all, and,

ST1 21057v1 11/24/10



Peter L. Altieri, Esq.
November 24, 2010
Page 6

unlike a pension benefit, could be taken away at any time. Please be advised that Respondents will cite all three of Epstein Becker's victories in any brief that may become necessary to vacate any award to Universitas premised on an improper (or nonexistent) application of ERISA. But at the end of the day, Respondents remain hopeful and expect that you will interpret the law correctly – including ERISA – in the same way that Epstein Becker consistently advocates, particularly as it did in the Lucent and Qwest matters.

In light of the foregoing, you should rule prior to the hearing that the only cause of action that will be at issue is Universitas' claim for benefits under the Plan and Nova's denial thereof, and that the standard of review must be "arbitrary and capricious" in keeping with governing Second Circuit precedent (as described in Mr. Order's sur-reply of November 22, 2010).

Respondents request that you issue such rulings no later than Tuesday, November 30, 2010.

Respectfully submitted,

Joseph M. Pastore, III

cc: Paula K. Colbath, Esq. (by email)
Jennifer A. Williams, Esq. (by email)
Paul R. Dehmel, Esq. (by email)
Patrick J. Egan, Esq. (by email)
Karen Fontaine (by email)
Richard S. Order, Esq. (by email)
Daniel Scapellati, Esq. (by email)

ST1 21057v1 11/24/10