UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

UNIVERSITAS EDUCATION, LLC,              :

               Petitioner,      :      11 Civ. 1590 (LTS)(HBP)

   -against-                         :      OPINION
                               AND ORDER
                               :

NOVA GROUP, INC.,
                               :
               Respondent.
                               :
----------------------------------X

         PITMAN, United States Magistrate Judge:

         Universitas Education, LLC ("Universitas") commenced this action against Nova Group, Inc. ("Nova Group") seeking to confirm a multimillion dollar arbitration award in its favor against Nova Group.  The award has since been confirmed and Universitas has undertaken discovery in aid of execution pursuant to Rule 69 of the Federal Rules of Civil Procedure.  Before this Court are various motions to quash subpoenas Universitas issued to individuals and entities associated with Nova Group.  For the reasons stated below, the motions to quash are denied.

I.  Background

         The facts underlying the arbitration award are set forth in the Memorandum Order of the Honorable Laura Taylor

Swain, United States District Judge, dated June 5, 2012.
Universitas Educ., LLC v. Nova Group, Inc., 11 Civ. 1590
(LTS)(HBP), 2012 WL 2045942 (S.D.N.Y. June 5, 2012).  After Judge
Swain confirmed the arbitration award, judgment against Nova
Group was entered in the amount of $30,181,880 on June 7, 2012.
Nova Group has failed to pay the judgment, has not posted a
supersedeas bond and has resisted all efforts to enforce the
judgment.  The funds in issue are the proceeds of a life
insurance policy and there is no question that the funds were in
Nova Group's possession.  The funds were held for Universitas'
benefit in the Charter Oak Trust Welfare Benefit Plan ("Charter
Oak Trust").  Nova Group is the fiduciary, sponsor and trustee of
the Charter Oak Trust.

        This case has been marked by Nova Group's diversionary
and dilatory motion and discovery practices, all of which are
aimed at frustrating any efforts by Universitas to enforce the
judgment.  Nova Group, after removing this action to federal
court, questioned whether the Court had diversity jurisdiction
and moved to dismiss for lack of subject matter jurisdiction
(Docket Nos. 52, 63, 114, and 152).[1]  While the motion to dismiss

---

[1]Nova Group's initial motion to dismiss was terminated and
then reinstated.  After the motion was reinstated, Nova Group
filed an amended motion to dismiss.

was pending, Nova Group sought to stay all discovery, but that motion was denied (Docket No. 54).  On October 5, 2012 Judge Swain denied Nova Group's amended motion to dismiss, finding "Nova's motion wholly without merit" (Docket No. 161).

Since the confirmation of the arbitration award, Universitas has subpoenaed various non-party individuals and entities associated with Nova Group and the Charter Oak Trust. In response to Universitas' subpoenas, Nova Group and the non-parties have filed a stream of motions to quash.  This Opinion and Order resolves the currently pending motions to quash (Docket Nos. 61, 70, 72, 74, 85 107, 117, 119, 121, 123, 125, 127, and 129).

II.  Legal Standard

"[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts."  EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012). Pursuant to Rule 69 of the Federal Rules of Civil Procedure, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person -- including the judgment debtor -- as provided in these rules or by the procedure of the state where the court is located."  Fed.R.Cicv.P. 69(a)(2); Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd., 10 Civ. 1853

(PGG)(JCF), 11 Civ. 2001 (PGG)(JCF), 2012 WL 4801452 at *11
(S.D.N.Y. Oct. 5, 2012) (Francis, M.J.) ("Rule 69(a)(2) allows a
judgment creditor to utilize discovery devices available under
both the Federal Rules of Civil Procedure and the laws of the
forum state.").  "In its efforts to enforce a judgment, 'the
judgment creditor must be given the freedom to make a broad
inquiry to discover hidden or concealed assets of the judgment
debtor.'"  GMA Accessories, Inc. v. Elec. Wonderland, Inc., 07
Civ. 3219 (PKC)(DF), 2012 WL 1933558 at *4 (S.D.N.Y. May 22,
2012) (Freeman, M.J.) (internal citation omitted).  "A district
court has broad latitude to determine the scope of discovery and
to manage the discovery process."  EM Ltd. v. Republic of
Argentina, supra, 695 F.3d at 207.

          Rule 45 of the Federal Rules of Civil Procedure applies
in post-judgment discovery and authorizes a party's attorney to
issue both document and deposition subpoenas.  GMA Accessories,
Inc. v. Elec. Wonderland, Inc., supra, 2012 WL 1933558 at *4.
Rule 45 provides that "[a] party or attorney responsible for
issuing and serving a subpoena must take reasonable steps to
avoid imposing undue burden or expense on a person subject to the
subpoena."  Fed.R.Civ.P. 45(c)(1).  Rule 45 requires a court to
quash or modify a subpoena in certain circumstances, Fed.R.Civ.P.
45(c)(3)(A), and permits it to do so in other circumstances,

Fed.R.Civ.P. 45(c)(3)(B).  The movant bears the burden of

persuasion on a motion to quash.  <u>John Wiley & Sons, Inc. v. Doe

Nos. 1-30</u>, 284 F.R.D. 185, 189 (S.D.N.Y. 2012) (Cott, M.J.).

Motions quash under Rule 45 are "'entrusted to the sound

discretion of the district court.'"  <u>In re Fitch, Inc.</u>, 330 F.3d

104, 108 (2d Cir. 2003), <u>quoting</u> <u>United States v. Sanders</u>, 211

F.3d 711, 720 (2d Cir. 2000).

III.  <u>Analysis</u>

    A.  Mr. Order's Motion
       <u>to Quash is Denied</u>

      Pursuant to Federal Rules of Civil Procedure 26(c) and

45(c), Richard Order, Esq. has moved for a protective order with

respect to the deposition subpoena served on him by Universitas

(Docket No. 61).[2]  Mr. Order is a principal at the law firm of

Updike, Kelly & Spellacy, P.C. and represented Nova Group during

its arbitration with Universitas (Docket No. 62 ¶ 3).  Mr.

Order's motion is without merit and is therefore denied in its

entirety.

---

   [2]Although Mr. Order has styled his motion as one for a
protective order under Rule 26, his argument is based on
provisions of Rule 45.  Accordingly, I analyze his motion under
Rule 45 and consider it to be a motion to quash.

Mr. Order first argues that the subpoena is unduly burdensome because, according to MapQuest's driving directions, it would require him to travel 96 miles from his office in Hartford, Connecticut or 103 miles from his home in Simsbury, Connecticut to be deposed in White Plains, New York.  Rule 45 of the Federal Rules of Civil Procedure provides that a court is required to quash or modify a subpoena if it requires a non-party to travel more than 100 miles from where that non-party resides, is employed or regularly transacts business or if it subjects a person to an undue burden.  Fed.R.Civ.P. 45(c)(3)(A)(ii), (iv).  Neither of these conditions apply to the subpoena served on Mr. Order.  First, the 100 mile radius in Rule 45 is measured in a straight line, i.e., "as the crow flies," and not by the usual driving route.  QBE Ins. Corp. v. Interstate Fire & Safety Equipment Co., No. 07 Civ. 1883 (SRU), 2011 WL 692982 at *6 (D. Conn. Feb. 18, 2011); Schwartz v. Marriot Hotel Servs., 186 F. Supp. 2d 245, 251 (E.D.N.Y. 2002); James v. Runyon, No. 91 Civ. 246, 1993 WL 173468 at *2 (N.D.N.Y. 1993); United States v. Int'l Business Machs. Corp., 90 F.R.D. 377, 383 n.9 (S.D.N.Y. 1981) (Edelstein, D.J.); SCM Corp. v. Xerox Corp., 76 F.R.D. 214, 215-16 (D. Conn. 1977).  I take judicial notice of the fact that, measured in a straight line, both Simsbury, Connecticut and Hartford, Connecticut are approximately 75 miles from White

Plains, New York.  Accordingly, the subpoena, on its face, does
not require me to quash it.  Second, the subpoena does not
subject Mr. Order to an undue burden.  Though he claims that the
time required to travel and sit for the deposition will be an
"inconvenience" and will "take away from obligations [he has] for
other clients" (Docket No. 62 ¶ 7), these burdens are neither
unique nor undue.  Any subpoenaed witness is subject to these
same inconveniences.  Mr. Order has not set forth any particular
facts which suggest why this deposition imposes on him in a more
significant way than it would on any other witness.

　　　　Mr. Order next claims that he has no information that
could reasonably lead to the discovery of Nova Group's assets and
that any questions posed to him will be objectionable on the
grounds of attorney-client privilege.  With respect to the former
claim, it is undermined by Mr. Order's previous representations.
During the arbitration, Universitas sought injunctive relief to
require Nova Group to place the insurance proceeds in escrow.  At
oral argument, the arbitrator asked Mr. Order whether Nova Group
had sufficient assets to cover the $35 million award sought by
Universitas.  Mr. Order represented that it did and, accordingly,
in denying Universitas' motion, the arbitrator specifically noted
that:  "While [Nova Group's] counsel's [Mr. Order] unwillingness
to divulge the location and amount of Trust assets is of concern,

counsel did state that the Trust would be able to satisfy any
award to [Universitas]" (Docket No. 77, Ex. B).  This statement
demonstrates that Mr. Order does have knowledge about Nova
Group's assets.  The factual bases underlying this representation
are directly relevant to Universitas' efforts to track and locate
those assets.  Finally, Mr. Order's preemptive assertion of
attorney-client privilege also does not warrant the quashing of
the subpoena.  Rule 45(d)(2)(A) requires that the party asserting
the privilege both "(i) expressly make the claim; and (ii)
describe the nature of the withheld . . . communications . . . in
a manner that, without revealing information itself privileged or
protected, will enable the parties to assess the claim."
Fed.R.Civ.P. 45(d)(2)(A).  Mr. Order's unadorned assertion that
"other questions [Universitas' counsel] may ask may very well be
protected from discovery by the attorney-client privilege"
(Docket No. 62 ¶ 9) does not satisfy this standard.  See Freydl
v. Meringolo, 09 Civ. 7196 (BSJ)(KNF), 2011 WL 1344368 at *4
(S.D.N.Y. Mar. 31, 2011) (Fox, M.J.) (non-party's claim that
subpoena would "most likely reveal information protected by the
attorney-client privilege" was insufficient to satisfy Rule
45(d)(2) (internal alterations in original)); see also In re
Parmalat Sec. Litig., 04 MD 1653 (LAK)(HBP), 2006 WL 3592936 at
*3 (S.D.N.Y. Dec. 1, 2006) (Pitman, M.J.) (party asserting

8

privilege bears burden of demonstrating that documents in question are privileged and "mere conclusory or _ipse_ _dixit_ assertions" do not suffice (quoting In re Bonanno, 344 F.2d 830, 833 (2d Cir. 1965)).  Accordingly, Mr. Order's motion to quash is denied.

Mr. Order also requests that, in the event the deposition proceeds, Universitas compensate him for the time spent traveling to and testifying at the deposition at his usual billable rate of $460 per hour (Docket No. 62 ¶ 13).  This request is similarly without merit and is denied.  Rule 45(c) permits a court to require the serving party, in certain circumstances, to ensure that the witness will be reasonably compensated beyond the fees for attendance and mileage required under Rule 45(b), but none of those circumstances are present here.  Fed.R.Civ.P. 45(c)(3)(B).  Mr. Order's request for additional compensation is therefore denied.  Accordingly, Mr. Order is directed to comply with Universitas' deposition subpoena within 14 days of this Opinion and Order.

B. Mr. Trudeau's Motion
to Quash is Denied

Donald J. Trudeau -- the President of Benistar Admin Services Inc. (Docket No. 87, Ex. P), the entity that administers

9

the Charter Oak Trust (Docket No. 87, Ex. Q) -- has also moved to quash the deposition subpoena Universitas served on him (Docket No. 74).  He argues (1) that his deposition is premature given Universitas' formerly pending motion to dismiss for lack of subject matter jurisdiction; (2) that Universitas should first seek discovery from Nova Group; (3) the subpoena is unlawful because Universitas failed to register its judgment in Connecticut; and (4) that the subpoena may not have been served properly.  Mr. Trudeau's motion to quash is also without merit and is, therefore, denied.

Any argument about the prematurity of his deposition is now moot given Judge Swain's denial of Nova Group's motion to dismiss on October 5, 2012.  There is now no question that this action and its concomitant discovery, including the deposition of Mr. Trudeau, should proceed.  Moreover, his argument that Universitas should first seek discovery from Nova Group itself is disingenuous.  Universitas has sought discovery directly from Nova Group (see, e.g., Docket No. 80).  Moreover, given Mr. Trudeau's close involvement with the Charter Oak Trust, he should have knowledge concerning the finances of this entity and his testimony is reasonably calculated to lead to the discovery of Nova Group's and Charter Oak Trust's assets, including the disposition of the insurance proceeds.

There is similarly no merit to Mr. Trudeau's third argument.  As a factual matter, Universitas has registered its judgment in the District of Connecticut (Docket No. 87, Ex. T). As a legal matter, the registration of the judgment is immaterial to Universitas' subpoena to Mr. Trudeau.  After judgment has been entered, a federal court retains jurisdiction, including its subpoena power, to enforce that judgment.  Fed.R.Civ.P. 69(a); see Zeiler v. Deitsch, 500 F.3d 157, 170 (2d Cir. 2007) ("Once confirmed, [arbitration] awards become enforceable court orders, and when asked to enforce such orders, a court is entitled to require actions to achieve compliance with them.").  In other words, the court's subpoena power in post-judgment discovery is not limited to the jurisdiction in which the judgment creditor has registered the judgment.  Therefore, Universitas' registration of the judgment has no impact on the effectiveness of the subpoena, nor on Mr. Trudeau's obligation to comply with it.

Finally, Mr. Trudeau's suggestion that service of the subpoena was not effectuated properly (Docket No. 75 at 1 n.1) is

11

unsupported by any factual evidence.[3]  It therefore provides no basis to quash the subpoena.

Mr. Trudeau's motion to quash (Docket No. 74) is denied and he is directed to comply with the subpoena previously issued to him within 14 days of date of this Opinion and Order.

C. Motions to Quash the
   Subpoenas Served on the
   Subpoenaed Entities are Denied

Next, Universitas has served document subpoenas on the following non-parties:  (1) Avon Capital, LLC; (2) Grist Mill Capital, LLC; (3) Malkin Properties; (4) Lincoln Financial Group and Lincoln National Life Insurance Company; and (5) Penn Mutual Life Insurance Company (collectively, the "Subpoenaed Entities"). Avon Capital, LLC and Grist Mill Capital, LLC have the same office address as Nova Group and are allegedly secured creditors of Nova Group; Universitas has sought documents related to transactions they engaged in with Nova Group, the Charter Oak Trust, and individuals associated with these entities (Docket No. 118, Ex. A at 6-15, 20-29).  Malkin Properties is the leasing agent for the building in which Nova Group leases its offices,

---

[3]In any event, Mr. Trudeau's unsubstantiated hints at invalid service are undermined by the fact that he did actually receive the subpoena as evidenced by his filing of the instant motion to quash.

and Universitas has sought documents related to rent payments for that office (Docket No. 120, Ex. A).  Finally, Lincoln Financial Group, Lincoln National Life Insurance Company, and Penn Mutual Life Insurance Company are insurance carriers for policies for which Charter Oak Trust is the named beneficiary, and Universitas has sought documents concerning any payments made between them and Nova Group, Charter Oak Trust, and other associated entities (Docket No. 122, Ex. A; No. 124, Ex. A).

Universitas also served restraining notices on Avon Capital, LLC; Avon Insurance Trust; and Avon Insurance Welfare Benefit Plan (collectively, the "Restraining Notices Entities") (Docket No. 118, Ex. A at 2, 16).  The latter two entities, however, were not served with document subpoenas.

Nova Group has moved to quash the document subpoenas served on the Subpoenaed Entities and has also included Avon Insurance Trust and Avon Insurance Welfare Benefit Plan in these motions (Docket Nos. 117, 119, 121, and 123).  Nova Group, however, has not moved for any relief with respect to any of the restraining notices issued to the Restraining Notice Entities.

As an initial matter, because Universitas has not served either Avon Insurance Trust or Avon Insurance Welfare Benefit Plan with document subpoenas, there is no subpoena for me to consider, and thus any relief Nova Group seeks with respect to

13

Avon Insurance Trust and Avon Insurance Welfare Benefit Plan is denied. With respect to the Restraining Notice Entities, Nova Group has not sought any relief, and I accordingly grant none.

Next, there is no basis to grant Nova Group's motions to quash the document subpoenas to the Subpoenaed Entities. Nova Group has submitted virtually identical memoranda of law with respect to each of the Subpoenaed Entities that argue that the subpoenas are premature given Nova Group's then-pending motion to dismiss and that the subpoenas are unduly burdensome because they seek "private, confidential, and commercially sensitive" and "irrelevant" information related to its "financial records and dealings with a panoply of entities" (Docket No. 118 at 2; No. 120 at 1-2; No. 122 at 2; and No. 124 at 1-2).

As an initial matter, it is doubtful whether Nova Group even has standing to move to quash the subpoenas on behalf of the Subpoenaed Entities. A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden. See Estate of Ungar v. Palestinian Auth., 400 F. Supp. 2d 541, 554 (S.D.N.Y. 2005) (McMahon, D.J.); US Bank Nat'l Assoc. v. PHL Variable Ins. Co., 12 Civ. 6811 (CM)(JCF), 2012 WL 5395249 at *2 (S.D.N.Y. Nov. 5, 2012) (Francis, M.J.) (citing cases). Instead, a non-subpoenaed party has standing only if it has a privilege, privacy or proprietary interest in the documents

14

sought.  See Catskill Dev., L.L.C. v. Park Place Entm't Corp.,
206 F.R.D. 78, 93 (S.D.N.Y. 2002) (McMahon, D.J.); see also Solow
v. Conseco, Inc., 06 Civ. 5988 (BSJ)(THK), 2008 WL 190340 at *3
(S.D.N.Y. Jan. 18, 2008) (Katz, M.J.) ("[C]ourts have recognized
that parties with a privacy interest in subpoenaed documents have
standing to oppose the subpoena." (citing cases)).  Here, Nova
Group has made no attempt to establish any proprietary or other
confidentiality-related interest it may have in the requested
documents beyond a conclusory assertion that the subpoenas seek
documents that are "private, confidential, and commercially
sensitive."  This bald statement, by itself, is insufficient to
confer Nova Group with standing, and, accordingly, its motions to
quash are denied.

        Even assuming that Nova Group does have standing, its
motions to quash with respect to the Subpoenaed Entities should,
nevertheless, be denied.  First, as previously explained, Nova
Group's argument that the subpoenas are premature is now moot.
Second, whatever privacy interests Nova Group may have in its
"financial records and dealings with a panoply of entities"
simply do not carry the same force in discovery proceeding under
Rule 69.  Because the scope of Rule 69 discovery includes any
information reasonably calculated to lead to the discovery of a
judgement debtor's assets, it may necessarily be aimed at non-

parties who have information, including financial records, related to those assets.  See EM Ltd. v. Republic of Argentina, supra, 695 F.3d at 207 ("It is not uncommon to seek asset discovery from third parties, including banks, that possess information pertaining to the judgment debtor's assets." (citing cases)).  Moreover, Nova Group, aside from a perfunctory protest that the subpoenas seek irrelevant documents, has not provided any explanation for this assertion.  Indeed, from my review of the subpoenas, Universitas appropriately seeks documents that are reasonably calculated to assist it in collecting its judgment.

Therefore, Nova Group's motions to quash with respect to the Subpoenaed Entities (Docket Nos. 117, 119, 121, and 123) are denied.  The Subpoenaed Entities are directed to comply with Universitas' previously issued document subpoenas within 14 days of this Opinion and Order.

D.  Motions to Quash
    Subpoenas Served on
    Individual Non-Parties are Denied

Universitas has also served information subpoenas on Wayne Bursey and Daniel Carpenter and deposition subpoenas on Molly Carpenter and Amanda Rossi (collectively, the "Individual Non-Parties").  Mr. Bursey is the trustee of the Charter Oak Trust (Docket No. 136, Ex. A at 3).  Mr. Carpenter was previously

16

the chairman of Nova Group (Docket No. 87, Ex. J).  Ms. Carpenter
and Ms. Rossi are, respectively, the treasurer and secretary of
Nova Group (Docket No. 136, Ex. B).  The Individual Non-Parties'
motions to quash (Docket Nos. 107, 125, 127, and 129) are denied.

       The Individual Non-Parties all claim that the subpoenas
are premature.  However, as previously explained in this Opinion
and Order, this argument is now moot in light of Judge Swain's
denial of Nova Group's motion to dismiss.  The Individual Non-
Parties are directed to comply with the subpoenas Universitas
previously served on them within 14 days of the date of this
Opinion and Order.

       Mr. Carpenter and Mr. Bursey additionally argue that
the information subpoenas served upon them should be quashed
because the subpoenas' service did not comply with applicable New
York state law.  There is no dispute that Rule 69 expressly
authorizes Universitas, as a judgment creditor, to rely on
federal discovery procedures, as well as on New York state
discovery procedures, including information subpoenas.
Fed.R.Civ.P. 69(a)(2) ("[T]he judgment creditor . . . may obtain
discovery . . . as provided . . . by the procedure of the state
where the court is located"); N.Y. C.P.L.R. § 5224(a)(3)(i)
(authorizing a judgment creditor to serve information subpoenas).
However, with respect to the service of these state law discovery

17

requests, the Federal Rules of Civil Procedure, not the C.P.L.R., controls.  See Estate of Ungar v. Palestinian Auth., supra, 400 F. Supp. 2d at 548 ("The Second Circuit has held that the Federal Rules of Civil Procedure 'govern' the enforcement of judgments under Rule 69, and therefore take precedence over New York law where applicable."), citing Schneider v. Nat'l R.R. Passenger Corp., 72 F.3d 17, 19-20 (2d Cir. 1995) (quashing service of process which complied with state law but not with Rule 4).  Rule 45 permits a subpoena to be served outside the district of the issuing court so long as the subpoena is served "within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection."  Fed.R.Civ.P. 45(b)(2)(B).  The method of service is governed by Rule 5 which permits service by mailing the subpoena to the person's last known address.  Fed.R.Civ.P. 5(b)(2)(C).

Here, service of the information subpoenas on Mr. Carpenter and Mr. Bursey complied with the Federal Rules.  Both were served at their places of residence in Connecticut. (Docket No. 108, Ex. A, No. 126, Ex. A).  The information subpoenas served upon them require only written responses.  They, therefore, do not require either Mr. Carpenter or Mr. Bursey to travel any distance to comply with the subpoenas, much less to travel outside of the 100 mile limit in Rule 45.  Accordingly,

service was valid under the Federal Rules and Mr. Carpenter's and
Mr. Bursey's motions to quash the information subpoenas based on
invalid service are denied (Docket Nos. 107 and 125).  Mr.
Carpenter and Mr. Bursey are ordered to comply with the
information subpoenas within 14 days of the date of this Opinion
and Order.

      E.  Halloran & Sage, LLP's
          Motion to Quash is Denied

     Non-party law firm Halloran & Sage, LLP ("Halloran &
Sage") has moved to quash the document subpoena, information
subpoena and the restraining notice Universitas served on it
(Docket No. 85).  It claims that (1) the information subpoena and
restraining notice were improperly served on it in Hartford,
Connecticut; (2) the restraining notice is ineffective because it
does not owe a debt to Nova Group and is not in possession or
custody of property in which Nova Group has an interest; and (3)
the document subpoena should be quashed because it is designed to
harass, subjects Halloran & Sage to an undue burden and it seeks
irrelevant and potentially privileged documents.

     First, Halloran & Sage's argument concerning service is
without merit.  As explained above with respect to Mr. Carpenter

19

and Mr. Bursey,[4] Universitas, as a judgment creditor proceeding under Rule 69, need only to comply with Rule 45's service provisions, not those in the C.P.L.R.  Here, Universitas served the information subpoena and restraining notice on Halloran & Sage at its New Haven, Connecticut office, which is within 100 miles of Universitas' counsel's office in New York, New York and this Court.  Thus, service was proper under Rule 45 and there is no basis to quash the restraining notice or the information subpoena.

Second, with respect to the effectiveness of the restraining notice, the dispositive issue is whether Halloran & Sage owed any debt to Nova Group or if it had any monies of Nova Group in its possession when the restraining notice was served. N.Y. C.P.L.R. § 5222(b); see Verizon New England Inc. v. IDT Domestic Telecom, Inc., 98 A.D.3d 203, 204, 948 N.Y.S.2d 245, 246 (1st Dep't 2012) (affirming that "a restraining notice is effective only if, at the time of service, the third party on whom the notice is served owes a debt to, or is in possession of property of, the judgment debtor").  "Restraining notices will be vacated where they fail to allege with sufficient specificity the

_____

[4]I note that the service arguments Mr. Bursey, Mr. Carpenter and Halloran & Sage present in their memoranda of law, all prepared by Halloran & Sage, are virtually identical (Docket No. 86 at 6-7, No. 108 at 3, No. 126 at 3).

alleged interest that the judgment debtor has in the assets
sought to be restrained."  JSC Foreign Economic Ass'n
Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 295 F.
Supp. 2d 366, 392 (S.D.N.Y. 2003) (Koeltl, D.J.).

      Halloran & Sage maintains that it does not owe a debt
to Nova Group and has no property in which Nova Group has an
interest and has attached to its motion papers several emails and
a letter it sent to Universitas' counsel stating the same.
Universitas claims the opposite.  It points out that Halloran &
Sage represents the Charter Oak Trust in a currently pending
litigation (Docket No. 98, Ex. A), and also represents Mr. Bursey
and Mr. Carpenter, both of whom are closely associated with Nova
Group, and therefore, Universitas infers, it must be receiving
payment from Nova Group.  Despite the emails and letters from
Halloran & Sage, Universitas' inference is not unreasonable given
the intertwined relationship between Halloran & Sage, Nova Group
and individuals associated with the judgment debtor.  Accord-
ingly, I decline to vacate or quash the restraining notice, but
without prejudice to Halloran & Sage's renewal of its motion to
quash if it can provide a sworn declaration from an individual
with personal knowledge that, at the time of service of the
restraining notice, Halloran & Sage did not have any property in

21

which Nova Group had an interest and did not owe any debts to Nova Group.

Finally, Halloran & Sage's third argument in support of its motion to quash is unsupported by any factual basis.  Judgment creditors are given a wide berth in discovery under Rule 69 to locate and identify the judgment debtor's assets.  Banco Central De Paraguay v. Paraguay Humanitarian Foundation, Inc., 01 Civ. 9649 (JFK), 2006 WL 3456521 at *9 (S.D.N.Y. Nov. 30, 2006) (Keenan, D.J.) ("[E]ven if the discovery request is a 'fishing expedition' . . . this Court recognized long ago that 'a judgment creditor is entitled to fish for assets of the judgment debtor.'" (internal citations omitted)).  Halloran & Sage's accusation that Universitas' document subpoena is designed to harass is undercut by the fact that Universitas has been consistently been rebuffed in its discovery efforts by Nova Group and individuals and entities associated with it, including Halloran & Sage's clients. Halloran & Sage has also failed to meet its burden to show that the document subpoena should be quashed because of undue burden, irrelevancy or privilege.  It has made no attempt to elaborate on these claims, but rather has only conclusorily asserted that the requests "have nothing to do with the location of [sic] amount of Nova's or Charter Oak Trust's assets" (Docket No. 86 at 9). Moreover, I have examined the requests in the document subpoena

22

and note that they seek disclosure of documents relevant to
Universitas' efforts to satisfy its judgment and to locate the
assets of Nova Group.  The requests seek documents that could
explicate Nova Group's assets and liabilities.  Halloran & Sage
represents the Charter Oak Trust and individuals associated with
it and Nova Group.  It is reasonable to infer that it would have
documents that may shed light on the disposition of the insurance
proceeds or otherwise elucidate the trust's financial transac-
tions.

          With respect to privilege, I have already rejected Nova
Group's attempt to quash the subpoena served on Halloran & Sage
on privilege grounds in my August 17, 2012 Order (Docket No. 133
("Respondent's motions to quash petitioner's subpoenas issued to
. . . Halloran & Sage LLP . . . are denied.  The witness' obliga-
tion to comply with the subpoenas is adjourned, _sine die_, pending
discovery from other non-attorney witnesses . . . .").  Even
absent the August 17 Order, Halloran & Sage's assertion that the
requests "might turn up privileged documents" (Docket No. 86 at
9) does not satisfy Rule 45(d) as previously explained in this
Opinion and Order.  Accordingly, Halloran & Sage is directed to
comply with the information and document subpoenas previously
issued to it within 14 days of date of this Opinion and Order.
To the extent that Halloran & Sage withholds any documents on the

23

ground of attorney-client or other privilege, it is directed to
submit to Universitas an index that complies with the require-
ments of Rule 45(d)(2).

>F.  Motions to Quash Resolved
>    by September 20, 2012 Order

         Finally, several of the pending motions to quash have
already been resolved by this Court's order entered on September
20, 2012 (Docket No. 156).  Mr. Carpenter and Mr. Bursey both
filed motions to quash Universitas' deposition subpoenas (Docket
Nos. 70, 72).  The September 20 Order directed that "[t]he
depositions of Messrs. Carpenter and Bursey shall be conducted at
the Courthouse on a mutually convenient date, said date to be no
later than October 19, 2012" (Docket No. 156).  Accordingly, the
September 20 Order denied Mr. Carpenter's and Mr. Bursey's
motions to quash.  The Clerk of the Court is directed to close
docket entries 70 and 72.

IV. Conclusion

         For all the foregoing reasons, the pending motions to
quash (Docket Nos. 61, 70, 72, 74, 85, 107, 117, 119, 121, 123,
125, 127 and 129) are denied.  The subpoenaed parties shall

comply with the subpoenas previously issued to them as directed

in this Opinion and Order.

Dated:   New York, New York
         January 4, 2013

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Paula K. Colbath, Esq.
Michael S. Barnett, Esq.
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154

Bryan I. Reyhani, Esq.
Reyhani Nemirovsky LLP
200 Park Avenue, 17th Floor
New York, New York 10166

Joseph M. Pastore , III, Esq.
Pastore Shofl & Daily, LLP
4 High Ridge Park
Stamford, Connecticut 06905

Jack E. Robinson, Esq.
Benistar
2187 Atlantic Street
Stamford, Connecticut 062902