UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

        Judgment Creditor,

        -against-

NOVA GROUP, INC., as trustee, sponsor and
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,

        Judgment Debtor.

------------------------------------------------------------X

Case Nos. 11-1590-LTS and
11-8726-LTS

## DECLARATION OF MICHAEL BARNETT IN SUPPORT OF UNIVERSITAS' OPPOSITION TO THE JANUARY 25 MOTION TO QUASH SUBPOENAS

1. I am an associate in the New York offices of Loeb & Loeb LLP, attorneys for Universitas Education, LLC ("Universitas"), the Judgment Creditor/Petitioner in this action. Along with my colleague Paula Colbath I have represented Universitas since the inception of this action, in February 2011, as well as in the underlying arbitration that preceded it, and have personal knowledge of all of the facts stated herein.

2. I submit this Declaration in support of Universitas' Opposition to the January 25, 2013 Motion to Quash filed by Caldwell Life Strategies Corporation, Caldwell Funding Corporation, Caldwell Life Holdings LLC and Caldwell Life Strategies LLC ("Caldwell"); Ridgewood Finance II LLC and Ridgewood Finance Inc. ("Ridgewood"); Plainfield Asset Management LLC ("Plainfield"); and Max Holmes, Steven Segaloff, Adam Balinsky and Veronica Cranny (collectively, "Movants").

3. Movants are seven (7) interrelated entities and four (4) individuals who are or were affiliated with these entities. Universitas subpoenaed Movants because they possess

documents and information concerning the assets and operations of Judgment Debtor Nova Group ("Nova"), which is the Trustee of the Charter Oak Trust Welfare Benefit Plan ("Charter Oak Trust"). On or about November 8, 2012, Universitas issued and served identical document subpoenas to each of the 7 entities, and deposition subpoenas to each of the 4 individuals.

4. Before issuing any subpoenas, in August 2012, Universitas' counsel contacted Movants' counsel to see if the documents and information Universitas sought could be produced voluntarily, thereby averting the service of subpoenas and consequent possible motion practice. By October 2012, Movants' counsel had supplied only a few pages of documents to Universitas, necessitating the issuance of a subpoena to Plainfield, which is a parent company or portfolio company for the other six entities. By letter dated Oct. 15, 2012, Movants' counsel objected to many of the document requests and asserted that Plainfield was not a proper subpoena recipient since it had no involvement in the Charter Oak Trust funding arrangement. Attached as **Exhibit A** is a true and correct copy of this Oct. 15, 2012 letter, sent by Stephen H. Heiser, of the Kaplan Rice law firm, to me.

5. Respective counsel for Universitas and Movants attempted to resolve their dispute over the Plainfield subpoena, with Movants' counsel insisting that Universitas direct its subpoena solely to Caldwell Life Strategies Corporation – even though, for instance, Ridgewood was the signatory to a February 2007 funding agreement for the Charter Oak Trust (see **Exhibit C**).

6. With the dispute still unresolved, on or about November 8, 2012, Universitas served subpoenas on the 11 Movants, believing that each of them possesses documents and/or information relating to Nova and the Charter Oak Trust.

7. With respect to the document subpoenas, Universitas was (and is still) willing to accept a single, rolling document production from the 7 entities (assuming that production is a complete one). Between November 2012 and January 2013, Movants produced about 600 pages of documents, which, for the reasons discussed in Universitas' Opposition Memorandum of Law, failed to satisfy all requests. For instance, Movants have not produced a single electronic communication with individuals affiliated with the Charter Oak Trust, even though e-mail was likely their dominant form of communication. Moreover, Movants' counsel has declined Universitas' counsel's repeated offer to confer concerning a reasonable e-discovery protocol.

8. With respect to the deposition subpoenas, none of the four individual Movants agreed to submit to a deposition, even though they had been validly subpoenaed. Movants' counsel offered to produce one of the individuals – Mr. Balinsky – for an informal interview (that is, not a sworn deposition), but only on the conditions that the interview be unrecorded, that the four deposition subpoenas be withdrawn prior to the interview, and that Universitas' counsel submit its interview topics in advance.

9. Universitas found these conditions unacceptable, especially since Universitas has suggested a deposition schedule that would proceed logically and efficiently, and would not occupy more time than necessary

10. Universitas has offered, and still offers, to stagger the depositions in a manner that may result in only one deposition actually going forward. Universitas would depose the person represented by Movants' counsel to be the most knowledgeable about the Charter Oak Trust (e.g. Mr. Balinsky), while holding off on taking the remaining three depositions (for instance, for at least a month). In the event this first deponent proves unable to answer all of Universitas'

questions, Universitas would then depose the person who is the second-most knowledgeable about the Charter Oak Trust, while holding in abeyance the remaining two depositions.

11. Attached as **Exhibit B** is a true and correct copy of a memorandum, dated January 25, 2007 and authored by Ms. Cranny, discussing the process by which Ridgewood would fund premium payments for policies held by the Charter Oak Trust.

12. Attached as **Exhibit C** is a true and correct copy of a document, titled Amended and Restated Line of Credit and Security Agreement, dated as of February 12, 2007, entered into between Avon Capital, LLC, Grist Mill Capital, LLC and Ridgewood Finance Inc. (to be filed with the Court under seal).

13. Attached as **Exhibit D** are true and correct copies of Notices of Default, dated March 31, 2010 and July 27, 2010, respectively, from Ridgewood to entities affiliated with the Charter Oak Trust.

14. Attached as **Exhibit E** is a true and correct copy of Universitas' Oct. 1, 2010 motion for a preliminary injunction filed in its underlying arbitration with Nova. The Arbitrator, Peter L. Altieri, denied this motion on Nov. 3, 2010.

15. Attached as **Exhibit F** is a true and correct copy of a document, titled Settlement Agreement, effective as of September 30, 2010, entered into between Grist Mill Capital, LLC, Avon Capital, LLC, the Charter Oak Trust, Avon Insurance Trust, and Ridgewood Finance II LLC (to be filed with the Court under seal).

16. Attached as **Exhibit G** are true and correct copies of letters, dated February 11, 2011, March 9, 2011, March 15, 2011, March 22, 2011, March 25, 2011, March 31, 2011, April 12, 2011 and April 18, 2011, respectively, from Caldwell Life Strategies in respect of policies owned by the Charter Oak Trust.

17. Attached as **Exhibit H** is a true and correct copy of a May 30, 2011 article, written by Matthew Goldstein of Reuters and titled "Exclusive: Agents raid life settlement firm, sources say."

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       March 4, 2013

_____
MICHAEL BARNETT