```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

UNIVERSITAS EDUCATION, LLC,            :

                    Petitioner,        :    11 Civ. 1590 (LTS)(HBP)

      -against-                        :

                                       :

NOVA GROUP, INC.,                      :

                    Respondent.        :
----------------------------------X

NOVA GROUP, INC.,                      :

                    Petitioner,        :    11 Civ. 8726 (LTS)(HBP)

      -against-                        :    REPORT AND
                                            RECOMMENDATION
                                       :

UNIVERSITAS EDUCATION, LLC,            :

                    Respondent.        :
----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE LAURA TAYLOR SWAIN, United States

District Judge,

I.   <u>Introduction</u>

By notice of motion dated November 8, 2012 (Docket Item 173 in 11 Civ. 1590, Docket Item 115 in 11 Civ. 8726),[1] Universitas Education, LLC ("Universitas") moves pursuant to Rule 11 (b) and (c) of the Federal Rules of Civil Procedure for sanctions against Nova Group, Inc. ("Nova Group") and its counsel, Jack E. Robinson, III, Esq.

For the following reasons, I respectfully recommend that Universitas' motion be granted and that sanctions be imposed against Mr. Robinson and Nova Group as set forth below.

II.  <u>Background</u>

This action arises out of an arbitration concerning the disposition of the proceeds of two life insurance policies.  The facts underlying the arbitration award are set forth in the Memorandum Order of the Honorable Laura Taylor Swain, United States District Judge, dated June 5, 2012.  <u>Universitas Educ., LLC v. Nova Group, Inc.</u>, 11 Civ. 1590 (LTS)(HBP), 2012 WL 2045942 (S.D.N.Y. June 5, 2012).  I assume familiarity with that decision

---

[1]Unless otherwise stated, all subsequent docket references are to the docket in 11 Civ. 1590.

and recite only those facts relevant to the resolution of the instant motion.

Nova Group is the trustee, sponsor and fiduciary of Charter Oak Trust Welfare Benefit Plan ("Charter Oak Trust"). Universitas is the sole, irrevocable beneficiary of Charter Oak Trust.  Nova Group and Universitas are the only parties in this action.  Two life insurance policies on the life of Sash A. Spencer -- totaling approximately $30 million -- were placed into Charter Oak Trust.  Universitas Educ., LLC v. Nova Grp., Inc., supra, 2012 WL 2045942 at *1.  After Mr. Spencer's death, Universitas commenced an arbitration against Nova Group to determine its entitlement to the proceeds of these life insurance policies.  On January 24, 2011, the arbitrator rendered an award in favor of Universitas.

On January 25, 2011, Nova Group commenced an action to vacate the arbitral award in Connecticut Superior Court (Docket Item 1 in 11 Civ. 8726).  On February 11, 2011, Universitas commenced an action to confirm the award in New York Supreme Court.  Universitas removed the Connecticut action to the District of Connecticut on March 3, 2011 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332  Nova Group removed the New York action to this court on March 8, 2011 on the basis of diversity and federal question jurisdiction pursuant to 28

U.S.C. §§ 1332, 1331, respectively.  Nova Group claimed that
diversity jurisdiction existed because there was more than
$75,000 in controversy and complete diversity existed because
Universitas was a citizen of New York and Nova Group was a
citizen of Connecticut and Delaware (Docket Item 1 at ¶¶ 5-6).
Relying on Greenberg v. Bear Stearns, 220 F.3d 22, 26 (2d Cir.
2000), Nova Group also claimed that there was federal question
jurisdiction "because the underlying issue that will be deter-
mined through the prosecution of Universitas' State Court Action
involves a determination that 'necessarily depends on the resolu-
tion of a substantial question of federal law'" (Docket Item 1 at
¶ 7).  On November 16, 2011, the Connecticut action was trans-
ferred to this district and the two actions were consolidated on
January 19, 2012.

Nova Group was initially represented by Joseph M.
Pastore, III, Esq.  Nova Group argued, in part, that the arbitra-
tion award was issued in manifest disregard of federal law
because the arbitrator had failed to apply properly the preemp-
tion provisions in the Employment Retirement Income Security Act
("ERISA"), 29 U.S.C. §§ 1001, et seq. (Docket Item 15 at 32-41).
Notably, prior to its loss on the merits, Nova Group did not
challenge the existence of subject matter jurisdiction, nor did

it argue that Charter Oak Trust should have been included as a party to the action.

On June 5, 2012, Judge Swain granted Universitas' motion to confirm the award and denied Nova Group's cross-motion to vacate the award.  Universitas Educ., LLC v. Nova Grp., Inc., supra, 2012 WL 2045942 at *3.  Judgment against Nova Group was entered in the amount of $30,181,880.30 on June 7, 2012 (Docket Item 41).  To date, Nova Group has failed to pay the judgment, has not posted a supersedeas bond, has resisted all efforts to enforce the judgment and has failed to disclose the current location of the proceeds of the insurance policies.

Indeed, throughout the post-judgment proceedings here, Nova Group's actions appear primarily aimed at avoiding or otherwise delaying Universitas' enforcement of the judgment. First, on June 21, 2012, it moved for reconsideration of Judge Swain's order confirming the arbitration award (Docket Item 46). Second, on June 27, 2012, it moved to stay all post-judgment collection activity (Docket Item 49).  Judge Swain denied the motion to stay on June 29, 2012 (Docket Item 54) and denied the motion for reconsideration on August 7, 2012 (Docket Item 110).

Third, and only after losing on the merits, Nova Group challenged the existence of subject matter jurisdiction notwith-standing the fact that it had removed the New York action to

federal court.  On July 2, 2012, Nova Group, still then repre-
sented by Mr. Pastore, filed a motion to dismiss for lack of
subject matter jurisdiction (Docket Item 52).  On July 12, 2012,
Judge Swain terminated this motion without prejudice for failure
to comply with her pre-motion meet and confer requirements
(Docket Item 63).  On August 7, 2012, Judge Swain granted Nova
Group's application to reinstate the motion to dismiss, but
specifically reminded "Nova and its counsel . . . of the obliga-
tions and potential penalties provided for by FRCP 11 and 28
U.S.C. § 1927" (Docket Item 110).  Nova Group refiled the motion
to dismiss (Docket Item 114), but Mr. Pastore withdrew that
motion on August 27, 2012 (Docket Item 144).

On September 5, 2012, Mr. Robinson entered a notice of
appearance on behalf of Nova Group and Charter Oak Trust, al-
though the latter is not a party to this action (Docket Item
149).  Shortly thereafter, on September 11, 2012, Mr. Robinson
filed an amended motion to dismiss for lack of subject matter
jurisdiction on behalf of Nova Group and Charter Oak Trust
(Docket Item 152).  It is this amended motion to dismiss that is
the subject of Universitas' present motion for sanctions.

Nova Group claimed that subject matter jurisdiction was
lacking for two reasons.  First, Nova Group argued that diversity
jurisdiction under 28 U.S.C. § 1332 was not present because there

was no complete diversity.  It claimed that the citizenship of

Charter Oak Trust, although not a party, should have been taken

into account because it is "a real and substantial party to the

controversy" and that because it and Universitas are both citi-

zens of New York, complete diversity is lacking (Docket Item 153

at 4).  In addition, Nova Group claimed that there was no federal

question jurisdiction under 28 U.S.C. § 1331 because Universitas'

petition to confirm the arbitral award did not allege any claim

under federal law and that the complete preemption exception to

the well-pleaded complaint rule did not apply (Docket Item 153 at

8-11).  On October 5, 2012, Judge Swain concluded that the motion

was "wholly without merit" and summarily denied the amended

motion to dismiss (Docket Item 161).

        Nova Group appealed from Judge Swain's order confirming

the arbitration award (Docket Item 146).  The only issue raised

in this appeal was whether there was subject matter jurisdiction

over the action (see Nova Group's Brief on Appeal, attached as

Ex. 1 to Docket Item 180).  On March 4, 2013, the Court of

Appeals for the Second Circuit summarily affirmed Judge Swain's

denial of the amended motion to dismiss.  Universitas Educ., LLC

v. Nova Grp., Inc., No. 12-3504, 2013 WL 781100 (2d Cir. Mar. 4,

2013) (summary order).  The Court of Appeals rejected Nova

Group's argument that the citizenship of a trust's beneficiaries

must also be taken into account for the purposes of subject matter jurisdiction when the suit is brought by a trustee. Universitas Educ., LLC v. Nova Grp., Inc., supra, 2013 WL 781100 at *1.  Instead, it concluded that Navarro Savings Association v. Lee, 446 U.S. 458 (1980), which affirmed the rule that trustees may sue in their own right without regard to the citizenship of their beneficiaries, was controlling, and, accordingly, "the district court properly held that it had jurisdiction pursuant to 28 U.S.C. § 1332(a)(1)."  Universitas Educ., LLC v. Nova Grp., Inc., supra, 2013 WL 781100 at *1-2.  Because the Court of Appeals concluded that there was diversity jurisdiction, it did not address whether there was also federal question jurisdiction under 28 U.S.C. § 1331.  Universitas Educ., LLC v. Nova Grp., Inc., supra, 2013 WL 781100 at *1 n.1.

On November 8, 2012, Universitas filed this motion pursuant to Rule 11 for sanctions against Mr. Robinson and Nova Group.  It claims that sanctions are warranted because Nova Group's challenge to subject matter jurisdiction was (1) frivolous and unsupported by case law, (2) an abuse of process and (3) defeated the goals of arbitration.  Universitas seeks the following sanctions against Mr. Robinson:  (1) that he be held personally liable for the attorneys' fees Universitas incurred opposing the amended motion to dismiss; (2) that he be held personally

liable for the attorneys' fees Universitas incurred in bringing this Rule 11 motion and (3) that the court issue a written reprimand to Mr. Robinson.  In addition, Universitas seeks as sanctions against Nova Group the issuance of an order requiring Nova Group (1) to deposit the amount of the judgment with the Court for the duration of the post-judgment litigation and (2) to seek advance permission with the Court before filing any future motion.

Nova Group and Mr. Robinson contend that they properly argued that Charter Oak Trust's citizenship must be taken into account for the purposes of diversity jurisdiction,[2] and that it

_____

[2]Instead of making this argument in the body of their opposition brief, Nova Group and Mr. Robinson instead merely direct the court to the opening brief filed by Nova Group with the Court of Appeals (see Docket Item 180 at 3 "Nova and undersigned counsel hereby expressly incorporate into this opposition the opening brief they recently filed in the Second Circuit (Exhibit A) so that this Court can determine for itself, absent Universitas' grandstanding, whether the arguments made by Nova and undersigned counsel regarding jurisdiction warrant the imposition of Rule 11 sanctions.").

Aside from the fact that this mechanism effectively skirted the page limitation imposed by Judge Swain's rules of practice, see Flaherty v. Filardi, 03 Civ. 2167 (LTS)(HBP), 2009 WL 749570 at *13 n.6 (S.D.N.Y. Mar. 20, 2009) (Swain, D.J.), aff'd, 460 F. App'x 66 (2d Cir. 2012), I note that, as the Honorable Victor Marrero, United States District Judge, has observed, "'incorporation by reference is a pointless imposition on the court's time.  A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record.'"  Arkin v. Bennett, 282 F. Supp. 2d 24, 33 n.4

(continued...)

has been Universitas, not Nova Group, that has increased the
litigation costs in this action.

III.   Analysis

   A.   Applicable Law

         Federal Rule of Civil Procedure 11(b), provides in
pertinent part, that "[b]y presenting to the court a . . .
written motion . . . an attorney . . . certifies that to the best
of the person's knowledge, information, and belief, formed after
an inquiry reasonable under the circumstances:

            (1) it is not being presented for any improper purpose,
            such as to harass, cause unnecessary delay, or need-
            lessly increase the cost of litigation;

            (2) the claims, defenses and other legal contentions
            are warranted by existing law or by a nonfrivolous
            argument for extending, modifying, or reversing exist-
            ing law or for establishing new law;

            (3) the factual contentions have evidentiary support
            or, if specifically so identified, will likely have
            evidentiary support after a reasonable opportunity for
            further investigation or discovery . . . .

Fed.R.Civ.P. 11(b)(1)-(3).

         The "purpose of Rule 11 is to deter baseless filings in
district court and . . . streamline the administration and

_____

         [2](...continued)
(S.D.N.Y. 2003), quoting DeSilva v. DiLeonardi, 181 F.3d 865, 867
(7th Cir. 1999).

procedure of the federal courts." Cooter & Gell v. Hartmarx
Corp., 496 U.S. 384, 393 (1990).  "Bad faith is the touchstone of
an award under the statute" and "[c]ourts will generally infer
bad faith 'when the attorney's actions are so completely without
merit as to require the conclusion that they must have been
undertaken for some improper purpose such as delay." Pasqualini
v. MortgageIT, Inc., 05 Civ. 9714 (LAP), 2009 WL 2407651 at *17
(S.D.N.Y. Aug. 5, 2009) (Preska, D.J.) (internal citation omit-
ted).  "In evaluating whether the signer of a filing has violated
Rule 11, the district court applies an objective standard of
reasonableness[.]" MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.,
73 F.3d 1253, 1257 (2d Cir. 1996); accord Star Mark Mgmt., Inc.
v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170,
177 (2d Cir. 2012); In re Pennie & Edmonds LLP, 323 F.3d 86, 90
(2d Cir. 2003); Gameologist Grp., LLC v. Scientific Games Int'l,
Inc., 09 Civ. 6261 (JGK), 2012 WL 1446922 at *4 (S.D.N.Y. Apr.
26, 2012) (Koeltl, D.J.).

Under Rule 11(b)(2), "[t]he operative question is
whether the argument is frivolous, i.e., the legal position has
'no chance of success,' and there is 'no reasonable argument to
extend, modify or reverse the law as it stands.'" Fishoff v.
Coty Inc., 634 F.3d 647, 654 (2d Cir. 2011), quoting Morley v.
Ciba-Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995); accord

11

Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir. 2002); Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985); Dilek v. Watson Enters., Inc., 885 F. Supp. 2d 632, 653 (S.D.N.Y. 2012) (Oetken, D.J.); E. Gluck Corp. v. Rothenhaus, 252 F.R.D. 175, 178-79 (S.D.N.Y. 2008) (Marrero, D.J.). "Merely incorrect legal statements are not sanctionable under Rule 11 (b)(2)." Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 391 (2d Cir. 2003). "The fact that a legal theory is a long-shot does not necessarily mean it is sanctionable." Fishoff v. Coty, supra, 634 F.3d at 654; accord Salovaara v. Eckert, 222 F.3d 19, 34 (2d Cir. 2000); Mareno v. Rowe, 910 F.2d 1043, 1047 (2d Cir. 1990).

If a court determines that Rule 11(b) has been vio-lated, "it may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed.R.Civ.P. 11(c)(1); Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004). The decision whether to impose sanctions rests in the court's discretion. Perez v. Possee Comitatus, supra, 373 F.3d at 325; accord Murawski v. Pataki, 514 F. Supp. 2d 577, 590 (S.D.N.Y. 2007) (Holwell, D.J.) ("[T]he decision to impose Rule 11 sanctions rests in the sound discre-tion of the court."). "When divining the point at which argument turns from merely losing to losing and sanctionable, " a

court should "resolve all doubts in favor of the signer." Rodick
v. City of Schenectady, 1 F.3d 1341, 1350 (2d Cir. 1993) (inter-
nal citations omitted).

Any sanction must be "limited to what suffices to deter
repetition of the conduct or comparable conduct by others simi-
larly situated." Fed.R.Civ.P. 11(c)(4); In re Sept. 11th Liab.
Ins. Coverage Cases, 243 F.R.D. 114, 130 (S.D.N.Y. 2007)
(Hellerstein, D.J.).  Among the factors to be considered in
making this determination are:

> (1) whether the improper conduct was willful, or negli-
> gent; (2) whether it was part of a pattern or activity,
> or an isolated event; (3) whether it infected the
> entire pleading, or only one particular count or de-
> fense; (4) whether the person has engaged in similar
> conduct in other litigation; (5) what effect it had on
> the litigation process in time or expense; (6) whether
> the responsible person is trained in the law; (7) what
> amount, given the financial resources of the responsi-
> ble person, is needed to deter that person from repeti-
> tion in the same case.

Colliton v. Cravath, Swaine & Moore LLP, 08 Civ 400 (NRB), 2008
WL 4386764 at *12 (S.D.N.Y. Sept. 24, 2008) (Buchwald, D.J.),
aff'd, 356 F. App'x 535 (2d Cir. 2009), citing Fed.R.Civ.P. 11
Advisory Committee Note to 1993 Amendments.

A court, however, may not impose sanctions against a
represented party for violations of Rule 11(b)(2).  Fed.R.Civ.P.
11(c)(5)(A); Baffa v. Donaldson, Lufkin, & Jenrette Sec. Corp.,
222 F.3d 52, 57 (2d Cir. 2000); Simon DeBartolo Grp., L.P. v.

Richard E. Jacobs Grp., Inc., 186 F.3d 157, 166 (2d Cir. 1999);
accord Gurary v. Winehouse, 235 F.3d 792, 800 n.8 (2d Cir. 2000)
(sanctions should only be imposed against the party's counsel for
violations of Rule 11(b)(2)).

    B.  Application

       1.  Procedural Requirements

      As an initial matter, there is no dispute that
Universitas has complied with the notice and safe harbor require-
ments set forth in Rule 11.  "A party moving for Rule 11 sanc-
tions must do so in a filing 'made separately from any other
motion.'"  Lawrence v. Wilder Richman Sec. Corp., 417 F. App'x
11, 13 (2d Cir. 2010), quoting Fed.R.Civ.P. 11(c)(2).  Rule
11(c)(2) further requires that "Rule 11 motions [] be served on
the opposing party 21 days prior to their filing, in order to
afford that party an opportunity to withdraw their allegedly
sanctionable claims." Fierro v. Gallucci, 423 F. App'x 17, 18
(2d Cir. 2010), citing Fed.R.Civ.P. 11(c)(2) and Hadges v.
Yonkers Racing Corp., 48 F.3d 1320, 1328 (2d Cir. 1995).
Universitas sent a letter to Mr. Robinson on September 13, 2012,
along with its proposed memorandum of law, stating its intention
to file a motion under Rule 11 and demanding that he withdraw the

amended motion to dismiss (Ex. B to Declaration of Michael Barnett, Esq., dated Nov. 7, 2012 (Docket Item 175) ("Barnett Decl.")).  Mr. Robinson did not withdraw the amended motion to dismiss.  Universitas filed the instant motion on November 8, 2012, which is well after the 21 day safe harbor period expired. Accordingly, Universitas has complied with Rule 11's notice and safe harbor provisions.

2.  <u>Violations of Rule 11(b)(1)</u>

Universitas first argues that sanctions are justified because Nova Group's filing of the amended motion to dismiss was an abuse of process aimed at delaying this litigation, hindering Universitas' collection efforts and driving up Universitas' legal fees.[3]  I conclude that Mr. Robinson and Nova Group have violated Rule 11(b)(1).

Nova Group's sudden reversal of position on the existence of subject-matter jurisdiction is inconsistent, at best, or abusive, at worst.  The time line of events in this action is illustrative.  Prior to losing on the merits, Nova Group never

---

[3]To the extent that Universitas seeks sanctions based on Nova Group's filing of the petition to vacate, I decline to recommend the imposition of sanctions.  That pleading was neither signed nor filed by Mr. Robinson.  Moreover, the focus of Universitas' Rule 11 motion here is the amended motion to dismiss.

challenged, or even hinted at questioning, the existence of subject matter jurisdiction.  Nova Group only mounted its attack on subject matter jurisdiction after Judge Swain confirmed the arbitration award and entered judgment in favor of Universitas. As I noted at the August 17, 2012 conference, "having lost on the merits, [Nova Group] has now had the epiphany that there's no subject-matter jurisdiction. . . . [T]he inference that this is just a huge delay tactic is inescapable" (Docket Item 140 at 6:17-20).[4]  Nova Group has made no effort to identify any newly discovered factual circumstances or legal precedent -- and there appear to be none -- that would justify the assertion of its new-found legal position.  To the contrary, it appears that the only fact giving rise to Nova Group's challenge to subject matter jurisdiction is its defeat on the merits.  Given the frivolous-ness of Nova Group's legal arguments (as will be explained below) and the suspect timing of the assertion of these arguments, the most logical inference is that Nova Group's motion was aimed at

---

[4]Indeed, Mr. Robinson himself acknowledged that Nova Group's sudden shift on subject matter jurisdiction "may be relevant to sanctions" (Docket Item 166 at 7:6-7).

16

further delaying this action.[5]  Such an improper purpose plainly violates Rule 11(b)(1).

Moreover, the inconsistent legal positions that Nova Group has taken during the course of this litigation further demonstrate that the amended motion to dismiss was motivated by causing unnecessary delay.  For example, in its opposition to the motion to confirm and in its motion for reconsideration, Nova Group argued that ERISA did preempt Universitas' state law claims in the underlying arbitration (Docket Item 15 at 32-41; Docket Item 46 at 15-16).  The fact that Nova Group, without explanation for its change of position, embraced the very opposite position in the amended motion to dismiss ineluctably leads to the inference that Nova Group's reversal was based not on sound legal merit, but rather on strategic delay.

---

[5]While not redressable by Rule 11, see Fed.R.Civ.P. 11(d), I have previously noted that Nova Group has engaged in similarly dilatory conduct during the course of post-judgment discovery in this action.  For example, in my November 21, 2012 Opinion and Order, I noted that Nova Group had engaged in "repeated attempts to delay or otherwise hinder Universitas' discovery and enforcement efforts" and "that the efforts of Nova Group and individuals and entities associated with it to conceal the whereabouts of the insurance proceeds in issue here is extremely troubling" (Docket Item 176 at 6, 7).  In addition, in my January 14, 2013 Opinion and Order, I again noted that "[t]his case has been marked by Nova Group's diversionary and dilatory motion and discovery practices, all of which are aimed at frustrating any efforts by Universitas to enforce the judgment" (Docket Item 197 at 2).

Finally, it is relevant to note that Judge Swain expressly reminded Nova Group about the "potential penalties under FRCP 11 and 28 U.S.C. § 1927" when she granted Nova Group's application to reinstate its motion to dismiss (Docket Item 110). Indeed, after receiving a Rule 11 notice from Universitas, Mr. Pastore -- Nova Group's prior counsel -- subsequently withdrew that motion (Docket Item 144), which raised the very same arguments raised in the amended motion to dismiss that is the subject of the current motion.  The fact that Nova Group and Mr. Robinson nevertheless proceeded with filing the amended motion to dismiss raises serious questions about the good faith nature of their motives.  See O'Malley v. New York City Transit Auth., 896 F.2d 704, 709 (2d Cir. 1990) ("continuing to press an obviously meritless lawsuit does tend to indicate bad faith and further supports the imposition of a rule 11 sanction").

Accordingly, I conclude that sanctions are justified because Mr. Robinson and Nova Group have violated Rule 11(b)(1).

3.  Violations of Rule 11(b)(2)

Universitas next argues that sanctions should be imposed because Nova Group's arguments challenging subject matter jurisdiction were frivolous.  I conclude that not only were Nova

18

Group's legal arguments wholly unpersuasive, they also stood "no chance of success."

Nova Group's challenge to diversity jurisdiction was plainly without merit. Nova Group argued that complete diversity was lacking because Charter Oak Trust was a "real and substantial party in interest" whose citizenship should have been taken into account. According to Nova Group, the citizenship of a trust is determined by the citizenship of both the trustee (Nova Group, a citizen of Delaware and Connecticut) and the beneficiary (Universitas, a citizen of New York). Accordingly, Nova Group claimed that Charter Oak Trust is a citizen of Delaware, Connect-icut and New York. Nova Group argued, therefore, that complete diversity was lacking because both Charter Oak Trust and Universitas are citizens of New York. Judge Swain summarily dismissed this argument as "wholly without merit" (Docket Item 161) and the Court of Appeals for the Second Circuit summarily affirmed. Relying on Navarro, the Court of Appeals rejected Nova Group's argument and concluded that the citizenship of a trust beneficiary does not have to be taken into account when the suit is brought by a trustee. Universitas Educ., LLC v. Nova Grp., Inc., supra, 2013 WL 781100 at *1. Instead, the Court of Appeals found that "[c]ontrary to Nova Group's contentions, Carden v. Arkoma Associates, 494 U.S. 185 (1990), which concerned the

19

citizenship of a limited partnership, did not overrule Navarro. Rather, the Supreme Court explicitly held that the two opinions did not conflict." Universitas Educ., LLC. v. Nova Grp., Inc., supra, 2013 WL 781100 at *1. Accordingly, the Court of Appeals affirmed Judge Swain's determination that diversity jurisdiction was present. Universitas Educ., LLC v. Nova Grp., Inc., supra, 2013 WL 781100 at *1.

Nova Group's challenge to diversity jurisdiction was not sustainable under applicable law and was plainly frivolous. It was based on the specious contention that Charter Oak Trust was a "real and substantial party in interest" such that its citizenship had to be considered. This argument is without merit. First, Charter Oak Trust is not -- and has never been -- a party to this action. Moreover, Navarro, as the Second Circuit recognized, plainly establishes that a trustee can "sue in their own right, without regard to the citizenship of the trust benefi-ciaries." Navarro Savings Ass'n v. Lee, 446 U.S. at 465-66; Universitas Educ., LLC v. Nova Grp., Inc., supra, 2013 WL 781100 at *1; see also Fed.R.Civ.P. 17(a)(1)(E) (a trustee of an express trust may sue in its own name without joining the person for whose benefit the action is brought). Nova Group cited to no case law or other authority that supports its position to the contrary. Nova Group's reliance on Oscar Gruss & Son, Inc. v.

Hollander, 337 F.3d 186 (2d Cir. 2003) and Airlines Reporting
Corp. v. S & N Travel, Inc., 58 F.3d 857, 862 (2d Cir. 1995) in
the amended motion to dismiss is unavailing because neither case
concerned a trustee as a party to the action.  Given the clearly
controlling Supreme Court authority and Nova Group's failure to
even plausibly distinguish it, Nova Group's challenge to diver-
sity jurisdiction was plainly without merit and frivolous.

        Nova Group's attack on federal question jurisdiction
was similarly unfounded.  Although Nova Group argued in its
notice of removal that federal question jurisdiction existed
because the resolution of Universitas' petition to confirm
"'necessarily depends on the resolution of a substantial question
of federal law'" (Docket Item 1 ¶ 7, citing Greenberg v. Bear,
Stearns & Co., supra, 220 F.3d at 26), it reversed course in its
amended motion to dismiss.  Nova Group instead argued that
removal based on federal question jurisdiction was improper
because its claim that the arbitration award was issued in
manifest disregard of ERISA only constituted a defense and,
therefore, Universitas' petition to confirm did not arise under
federal law (Docket Item 153 at 8).  It further argued that the
"complete preemption" exception to the well-pleaded complaint
rule did not apply because Universitas' claims in the underlying

arbitration fell outside of ERISA's preemption provision (Docket Item 153 at 8-10).

This attack on federal question jurisdiction was objectively unreasonable and stood no chance of success.  Nova Group's argument overlooks an additional exception to the well-pleaded complaint rule.  Nova Group is correct that, under the well-pleaded complaint rule, an action can only be removed to federal court under 28 U.S.C. § 1331 if the complaint "arises under" federal law and that "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986); accord Roman v. Kazacos, 609 F.3d 512, 518 (2d Cir. 2010).  The Supreme Court, however, has recognized that federal question jurisdiction does exist "over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g Mfg., 545 U.S. 308, 312 (2005); accord New York Shinnecock Indian Nation, 686 F.3d 133, 139-40 (2d Cir. 2012); Grievance Comm. for Tenth Judicial Dist. v. Pollack, 669 F. Supp. 2d 454, 458 (S.D.N.Y. 2009) (Chin, then D.J., now Cir. J.).  The Court of Appeals has recognized the applicability of this exception to petitions brought under the Federal Arbitration Act (the "FAA"). In Greenberg v. Bear, Stearns & Co., supra, 220 F.3d at 26, the Court of Appeals held that although the FAA does not independ-

ently confer subject matter jurisdiction, a federal court has jurisdiction over a petition to confirm an arbitration award "if the ultimate disposition of the matter by the federal court 'necessarily depends on resolution of a substantial question of federal law.'"  Accord Bittner v. RBC Capital Mkts., 331 F. App'x 869, 870 (2d Cir. 2009) (summary order); Wise v. Marriott Int'l, Inc., 06 Civ. 11439 (LAP), 2007 WL 2200704 at *2 (S.D.N.Y. July 30, 2007) (Preska, D.J.) ("If the petition to vacate contends that the award was rendered in 'manifest disregard of federal law,' then, the Court of Appeals held, a substantial federal question is presented.").[6]

Indeed, Greenberg is the very case upon which Nova Group relied in removing this action to this court.  Furthermore, in its opposition to the motion to confirm and in support of its petition to vacate, Nova Group expressly argued that the award was issued in manifest disregard of ERISA (Docket Item 15 at 32-41).  The fact that Mr. Robinson failed to address this prior

---

[6]Contrary to Nova Group's assertion (see Docket Item 180, Ex. 1 at 30), Greenberg was not overruled by Varden v. Discover Bank, 556 U.S. 49 (2009).  Varden addressed the issue of when a federal district court has subject matter jurisdiction over a petition to compel arbitration brought under Section 4 of the FAA.  Greenberg, in contrast, addressed the issue of when a federal district court has subject matter jurisdiction over a petition, as here, to vacate an arbitration award brought under Section 10 of the FAA.

argument, much less to explain why <u>Greenberg</u> is not applicable, in the amended motion to dismiss is extremely troubling and illustrates the unreasonableness of the argument.  This purposeful omission calls into doubt the good faith motives of Mr. Robinson and the legal merit of the attack on federal question jurisdiction.

Accordingly, I conclude that Nova Group and Mr. Robinson have violated Rule 11(b)(2) because they presented arguments which stood no reasonable chance of success.

4.   <u>Violations of Rule 11(b)(3)</u>

Finally, Universitas contends that sanctions are warranted because Mr. Robinson attempted to create the appearance that Charter Oak Trust was a named party in this action.  Mr. Robinson claimed that both his notice of appearance and the amended motion to dismiss were submitted on behalf of Charter Oak Trust.  These actions were misleading.  Charter Oak Trust is not and has never been a party to this action.  Nova Group has never moved to add Charter Oak Trust as a party.  The only reasonable explanation for Mr. Robinson's actions is that he sought to create a false factual basis for his argument that the citizenship of Charter Oak Trust should be considered for the purposes of diversity jurisdiction.  Such conduct is plainly fraudulent

and runs afoul of Rule 11's requirement that "factual contentions have evidentiary support." Fed.R.Civ.P. 11(b)(3); see Williamson v. Recovery Ltd. P'ship, 542 F.3d 43, 51 (2d Cir. 2008) ("Rule 11(c) of the Federal Rules of Civil Procedure allows the court to sanction a party, if the court determines that the party has violated Rule 11(b) by making false, misleading, improper, or frivolous representations to the court."); O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir. 1996) (court may impose sanction if a particular allegation is utterly lacking in support); Chien v. Skystar Bio Pharm. Co., 256 F.R.D. 67, 74 (D. Conn. 2009), aff'd, 378 F. App'x 109 (2d Cir. 2010) (Rule 11(b)(3) violated where complaint contained material falsehoods); Safe-Strap Co., Inc. v. Koala Corp., 270 F. Supp. 2d 407, 412 (S.D.N.Y. July 3, 2003) (Knapp, D.J.) ("Courts typically look for statements which rise to the level of direct falsehoods before they find that sanctions are warranted pursuant to Rule 11(b)(3)."); Polar Int'l Brokerage Corp. v. Reeve, 196 F.R.D. 13, 18 (S.D.N.Y. 2000) (Scheindlin, D.J.) (sanctions warranted under Rule 11(b)(3) when counsel took directly conflicting positions during the course of the litigation); Alexander v. Our Lady of Mercy Med. Ctr., 99 Civ. 1076 (HB), 2000 WL 254015 at *1 (S.D.N.Y. Mar. 7, 2000) (Baer, D.J.) (Rule 11 violated where it was "clear that allegation in the

plaintiff's complaint have been contradicted by the plaintiff's deposition testimony").

Mr. Robinson has also employed similarly deceptive practices in Nova Group's appeal to the Court of Appeals.  Mr. Robinson added Charter Oak Trust to the caption in papers he submitted to the Court of Appeals (Ex. E to Barnett Decl.), while also specifically stating in the brief that "Charter Oak Trust is also an appellant in this appeal" (Docket Item 180, Ex. 1 at 9 n.1).  These misrepresentations are strongly probative of Mr. Robinson's bad faith, establish that his conduct was not an inadvertent mistake and further support the conclusion that sanctions are warranted.

Accordingly, sanctions pursuant to Rule 11(b)(3) are also justified.

C.  Amount of Sanctions

A court has broad discretion to determine the appropriate sanction.  Lawrence v. Wilder Richman Sec. Corp., 417 F. App'x 11, 15 (2d Cir. 2010), citing Caisse Nationale de Credit Agricole-CNCA v. Valcorp. Inc., 28 F.3d 259, 266 (2d Cir. 1994) and Eastway Constr. Corp. v. City of New York, 821 F.2d 121, 123 (2d Cir. 1987); accord Fuerst v. Fuerst, 832 F. Supp. 2d 210, 220 (E.D.N.Y. 2011).  The sanction "must be limited to what suffices

to deter repetition of the conduct or comparable conduct by others similarly situated" and "may include a nonmonetary directive; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed.R.Civ.P. 11(c)(4); see also Edmonds v. Seavey, 08 Civ. 5646 (HB), 2009 WL 4404815 at *4 (S.D.N.Y. Dec. 2, 2009) (Baer, D.J.) ("Although monetary sanctions are the most common form of sanctions, a broad range of sanctions are available under Rule 11." (citing cases)).

As noted above, Universitas requests as sanctions against Mr. Robinson that he be held personally liable for the attorneys' fees that it incurred in opposing the amended motion to dismiss and in moving for sanctions. Universitas further requests that the court issue a written reprimand of Mr. Robinson. As for Nova Group, Universitas seeks an order directing it to deposit the judgment amount with the Court and requiring it to seek advance permission from the court before filing any future motion.

Here, the conduct that a sanction seeks to deter is the filing of baseless motions in an attempt to avoid the consequences of an unfavorable court finding. Nova Group's challenge

27

to subject matter jurisdiction appeared to be nothing but a
reaction to its loss on the merits.  Given its total lack of
legal merit and the improper motive of its author, the filing of
the amended motion to dismiss demonstrates a disregard by both
Nova Group and Mr. Robinson of Rule 11's prophylactic purpose.
Such litigation tactics are the essence of what Rule 11 seeks to
deter.  Accordingly, I recommend that Nova Group be required to
pay the attorneys' fees Universitas incurred in bringing this
motion for sanctions based on Nova Group's violation of Rule
11(b)(1) and 11(b)(3).  Universitas is directed to submit affida-
vits and contemporaneous time and billing records sufficient to
document the fees it incurred in connection with bringing the
motion for sanctions.

          In light of the fact that Nova Group has resisted
Universitas' efforts to collect its judgment, such a monetary
sanction may not serve as an adequate deterrent.  Accordingly, I
further recommend that, as an additional sanction, Nova Group be
required to seek advance permission with the court before filing
any further motions.  Such a sanction will serve as a safeguard
against the filing of potentially frivolous and meritless motions
in the future.  In addition, I recommend that Nova Group be
directed to deposit the judgment amount with the Court.  The
sanctionable conduct at issue here is symptomatic of Nova Group's

stubborn and baseless efforts to impede Universitas' collection
of the judgment.  With the judgment deposited with the Court,
there will no longer be a need for Universitas to engage in or
for Nova Group to stubbornly resist collection efforts through
the filing of baseless motions.

      Finally, as noted above, Rule 11(c)(5)(A) prohibits the
imposition of monetary sanctions for violations of Rule 11(b)(2)
against a represented party because "responsibility for such
violations is more properly placed solely on the party's attor-
neys." Guary v. Winehouse, supra, 235 F.3d at 798.  Accordingly,
because the amended motion to dismiss violated Rule 11(b)(2), I
conclude that sanctions against Mr. Robinson are also warranted.
I respectfully recommend that Mr. Robinson be sanctioned by being
required to pay the attorneys' fees Universitas incurred in
opposing the amended motion to dismiss that Mr. Robinson signed
and filed.  This sanction will serve as a deterrent from future
filing of frivolous motions that are not warranted by existing
law.  Universitas is directed to submit affidavits and contempo-
raneous time and billing records sufficient to document the fees
it incurred in opposing the amended motion to dismiss.

      Universitas also requests that the court issue a
written reprimand of Mr. Robinson.  As the foregoing Report and
Recommendation demonstrates, Mr. Robinson has undertaken a number

of actions that have risen to the level of sanctionable conduct under Rule 11.  His litigation strategy of promoting delay through the filing of meritless and frivolous motions has only served as an unwarranted distraction in what should have been a straightforward action to confirm and collect an arbitral award. Such tactics should not be condoned.  I conclude that this Report and Recommendation serves as an adequate written reprimand of Mr. Robinson.

## IV.  Conclusion

For the reasons set forth above, I respectfully recommend that Universitas' motion for sanctions (Docket Item 173 in 11 Civ. 1590; Docket Item 115 in 11 Civ. 8726) be granted and that sanctions be imposed as set forth above.

## V.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Laura Taylor Swain, United States District Judge, 500 Pearl

Street, Room 755, New York, New York 10007, and to the Chambers

of the undersigned, 500 Pearl Street, Room 750, New York, New

York 10007.   Any requests for an extension of time for filing

objections must be directed to Judge Swain.   FAILURE TO OBJECT

WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS

AND **WILL** PRECLUDE APPELLATE REVIEW.   <u>Thomas v. Arn</u>, 474 U.S. 140,

155 (1985); <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d

Cir. 1997); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049,

1054 (2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir.

1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir.

1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:   New York, New York
         May 21, 2013

                              SO ORDERED



                              HENRY PITMAN
                              United States Magistrate Judge


Copies transmitted to:

All Counsel


31