

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | : |
| | : Case No.: 11 CV 1590-LTS-HBP |
| Petitioner, | : |
| | : |
| -v- | : |
| | : |
| NOVA GROUP, INC., as Trustee, Sponsor | : |
| and Named Fiduciary of the CHARTER OAK | : |
| TRUST WELFARE BENEFIT PLAN, | : |
| | : |
| Respondent. | : |
| ------------------------------------------------------------------ | : |
| NOVA GROUP, INC., as Trustee, Sponsor | : |
| and Named Fiduciary of the CHARTER OAK | : Case No.: 11 CV 8726-LTS-RLE |
| TRUST WELFARE BENEFIT PLAN, | : |
| | : |
| Petitioner, | : |
| | : |
| -v- | : |
| | : |
| UNIVERSITAS EDUCATION, LLC, | : |
| | : |
| Respondent. | : |
------------------------------------------------------------------X

## Proposed Findings of Fact for Respondents Moonstone Partners LLC, Daniel Carpenter, and Molly Carpenter

1.  As a participant in the Charter Oak Trust, Sash Spencer was the named insured on two life insurance policies owned by the Charter Oak Trust, which policies' face amounts totaled thirty million dollars. (Exhibit D, at 1 and 8).

2.  Mr. Spencer paid none of the premiums for the insurance agreements into which he entered. (Exhibit D, p. 5 at Par. 7; Exhibit N at 9 and 11).

3.  The premiums for the Spencer policies were paid by Charter Oak Trust using funds borrowed from Grist Mill Capital. (Exhibit E, at 1-3).

4.  The funding agreement between Grist Mill Capital and Charter Oak Trust with respect to the Spencer life insurance policies contained a provision whereby Grist Mill Capital (the "Funder") was given:

1



priority security interest in and to all properties, ... wherever located, whether now owned or hereafter acquired or arising, including, without limitation the Policy (including all proceeds thereof, such proceeds to encompass, among other things, the premium refunds, cash value, death proceeds or other payments by the insurer with respect to such Policy or any proceeds from the sale thereof" (Exhibit E at ¶ 7).

5. On December 27, 2006, Grist Mill Capital recorded a UCC 1 Financing Statement against all assets of the Charter Oak Trust and all proceeds thereof and including after acquired assets. (Exhibit C at # 2431931).

6. The funding arrangement for the Spencer policies was part of the insurance agreement entered into by Mr. Spencer, in December 2006 and March 2007. (Exhibit D).

7. When he enrolled in the Charter Oak Trust, Sash Spencer executed a Disclosure, Acknowledgment & Certification Agreement which contained the following provision:

> 9. The Insured and Agent both understand and agree that the following remittances, fees and expenses shall be due and payable to the Funder upon the maturation, disposition, termination, or change in beneficiary of the Policy:
> (a) repayment of all premiums and related costs regarding the Policy;
> (b) an Origination Fee of twenty percent (20%) of the total premiums funded and paid for the Policy in consideration of the funding Arrangement having been implemented;
> (c) a Premium Funding Fee of three percent (3%) of the face amount of the Policy in consideration for the funding of such premiums;
> (d) a Termination Fee of one percent (1%) of the face amount of the Policy in consideration of the termination of the Funding Arrangement.
> (Exhibit D at p. 5 ¶ 9).

8. When Universitas arbitrated its claim against Nova Group, Inc., the arbitrator determined that $4,020,453.23 was owed and was payable to Grist Mill Capital from the life insurance proceeds. (Exhibit D, at 3 and 9).

9. Mr. Spencer died on June 10, 2008. (Exhibit 11).

10. Charter Oak Trust received the proceeds of the Spencer policies from Lincoln Life Insurance Co. in two checks: one dated May 15, 2009, in the sum of $10,225,758.92 and a second, dated May 15, 2009, in the sum of $ 20,451,517.83. (Exhibits 1 at 1 and G at 1-2).

11. Charter Oak Trust disbursed sums of $ 8,677,276.75 on May 21, 2009, and $ 2,186,566.00 on May 26, 2009, to Grist Mill Capital Inc., a total sum of $10,863,842.75. (Exhibit 1 at 0348-0349 and Exhibit H, # 0357).

Your complimentary use period has ended. Thank you for using PDF Complete.
Click Here to upgrade to Unlimited Pages and Expanded Features

were disbursed, Grist Mill Capital was a secured creditor 1931).

13. Grist Mill Capital provided funding to Charter Oak Trust for the Spencer insurance policies and for many other policies owned by the Charter Oak Trust, approximately 85 policies in all. (Exhibit 22, at 74).

14. Under various funding agreements between Grist Mill Capital and the Charter Oak Trust, Charter Oak Trust became indebted to Grist Mill Capital in the amount of approximately sixty million dollars. (Exhibit 34, pp. 101,102).

15. Charter Oak Trust disbursed the total sum of $10,863,842.75, to Grist Mill Capital in partial repayment of Charter Oak Trust's indebtedness to Grist Mill Capital. (Exhibit 34, pp. 90-104).

16. Before the disbursement of $10,863,842.75 to Grist Mill Capital, Charter Oak Trust had borrowed well in excess of that sum from Grist Mill Capital. (exhibit 34, pp. 90-104).

17. Grist Mill Capital had, in turn, a financing agreement with Ridgewood Finance, Inc. whereby Ridgewood advanced to Grist Mill Capital funds which Grist Mill Capital then used to make loans to Charter Oak Trust. (Exhibit 34, pp. 90-104).

18. Ridgewood Finance, Inc. was a secured creditor of Grist Mill Capital. (Exhibit C, # 2431927).

19. Among the insurance policies so funded were the Spencer policies. (Exhibit D).

20. Grist Mill Capital, after receiving on May 21, 2009 and May 26, 2009, the sums described, paid various of its creditors, including the Grist Mill Trust. (Exhibit H, # 0359).

21. Grist Mill Capital paid the Grist Mill Trust the total sum of $3,798,882.81, by two wire transfers on June 9, 2009. (Exhibit H, # 0359).

22. At the time these sums were disbursed, Grist Mill Trust was a creditor of Grist Mill Capital. (Exhibit 34, at 102).

23. On June 12, 2009, Grist Mill Trust disbursed $2,700,000.00 to Phoenix Capital Management. (Exhibit J, # 0441) (Exhibit 1, # 0441).

24. Immediately prior to that disbursement, Grist Mill Trust had $5,058,712.18, in its JPMorgan Chase account. (Exhibit O, p. 4).

25. Of that sum, in excess of $1,259,829.37 was from sources unconnected in any way to the funds Grist Mill Trust received from Grist Mill Capital on June 9, 2009. (Exhibit R).

3



...tal Management disbursed $2,500,000.00 to Grist Mill ... 0345, 0361).

27. On July 13, 2009, Grist Mill Capital then transferred $2,200,000.00 to Grist Mill Holdings. (Exhibit H, # 0361) (Exhibit 1, # 0523).

28. On July 15, 2009, Grist Mill Holdings then disbursed $1,200,000.00 to Hanover Trust Company. (Exhibit I, # 0492) (Exhibit 1, # 1365, 1366).

29. On July 15, 2009, Hanover Trust Company then disbursed $1,100,000.00 to Moonstone Partners LLC. (Exhibit K, #. 1372) (Exhibit 1, # 1008).

30. On July 15, 2009, Moonstone Partners LLC used $1,040,000.00 to acquire the property located at 392B Cards Pond Road, South Kingstown, Rhode Island. (Exhibit 4 and Exhibit L at 1008).

...rtners, LLC entered in to a mortgage with Hanover Trust Company, memorializing its indebtedness to Hanover for the funds used by Moonstone to acquire the Rhode Island property. (Exhibit 39).

Dated: June 21, 2013
       White Plains, New York

                                        Respectfully submitted,


                                        ___s/Anthony J. Siano_____
                                        Anthony J. Siano, Esq. (AS8842)
                                        Anthony J. Siano Esq. PLLC
                                        *Attorney for Daniel E. Carpenter and.*
                                        *on this application, for Moonstone Partners LLC*
                                        300 Westchester Avenue, Suite 302
                                        White Plains, New York 10604



                                        ___s/Daniel E. LaBelle_____
                                        Dan E. LaBelle, Esq. (DL2779)
                                        Halloran & Sage LLP
                                        *Attorneys for Molly Carpenter*
                                        315 Post Road West
                                        Westport, CT 06880



Brian Reynam, Esq.
200 Park Avenue, FL 17
New York, New York 10166

Paula K. Colbath, Esq
Michael Barnett, Esq.
345 Park Avenue
New York, New York 10154

Matthew Brief, Esq.
Brief, Carmen, Kleiman, LLP
805 Third Avenue - 11th Floor
New York New York
United States of America 10022

Carole Bernstein, Esq.
41 Maple Avenue North
Westport, Connecticut 06880

Michael Evan Gorelick, Esq.
Abrams, Gorelick, Friedman & Jacobson, P.C.
One Battery Park Plaza, 4th Floor
New York, New York 10004