UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,                : 11 Civ. 1590 (LTS) (HBP)

                Petitioner,              :

    - against -                        :

NOVA GROUP, INC.,                          :

                Respondent.              :
------------------------------------------------------------------X
NOVA GROUP, INC.,                          : 11 Civ. 8726 (LTS) (RLE)

                Petitioner,              :

    - against -                        :

UNIVERSITAS EDUCATION, LLC,                :

                Respondent.              :
------------------------------------------------------------------X

**RESPONSE OF NOVA GROUP, INC. TO THE OBJECTIONS OF UNIVERSITAS EDUCATION LLC TO MAGISTRATE'S JULY 11, 2013 CERTIFICATION OF FACTS, <u>CONCLUSIONS OF LAW AND PROPOSED REMEDY</u>**

**Brief Carmen & Kleiman, LLP**
**805 Third Avenue**
**12th Floor**
**New York, NY  10022**
**(212) 832-5570**
**Attorneys for Nova Group, Inc.**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

Preliminary Statement .............................................................................................................. 1

Argument .................................................................................................................................. 2

POINT I:  NOVA PROPERLY APPOINTED AN AGENT TO REPRESENT THE
COMPANY ............................................................................................................................. 2

POINT II:  NOVA HAS COMPLIED WITH THE DOCUMENT REQUEST AND
INFORMATION SUBPOENA .............................................................................................. 3

   The Response to the Information Subpoena ....................................................................... 4

   The Response to the Document Request ............................................................................. 6

CONCLUSION ........................................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Big Apple Concrete Corp. v. Abrams, 103 A.D. 2d 699, 481 N.Y.S.2d 335 (1st Dep't 1984) ............................................................................................................................... 3
Consolidated Edison Co. of New York, Inc. v. DiNapoli, et al., 1971 WL 528 S.D.N.Y. .................................................................................................................................... 2
United States v. 30 Jars More or Less .... Ahead Hair Restorer, 43 F.R.D. 181 (D.Del. 1967) ........................................................................................................................ 2, 3
United States v. 42 Jars, More or Less . . . "Bee Royale Capsules", 264 F.2d 666 (C.A.3d 1959) .......................................................................................................................... 3
United States v. Kordel, 397 U.S. 1 (1970) ................................................................................... 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,                        :    11 Civ. 1590 (LTS) (HBP)

                                              Petitioner,       :

                        - against -                                    :

NOVA GROUP, INC.,                                        :

                                              Respondent.      :
--------------------------------------------------------------------X
NOVA GROUP, INC.,                                        :    11 Civ. 8726 (LTS) (RLE)

                                              Petitioner,       :

                        - against -                                    :

UNIVERSITAS EDUCATION, LLC,                        :

                                              Respondent.      :
--------------------------------------------------------------------X

### RESPONSE OF NOVA GROUP, INC. TO THE OBJECTIONS OF UNIVERSITAS EDUCATION LLC TO MAGISTRATE'S JULY 11, 2013 CERTIFICATION OF FACTS, CONCLUSIONS OF LAW AND PROPOSED REMEDY

#### Preliminary Statement

Nova Group, Inc. ("Nova") by its attorneys Brief Carmen & Kleiman, LLP ("BCK") respectfully submits this response to the Objections ("Objections") submitted by Universitas Education LLC ("Universitas") to Magistrate Pitman's July 11, 2013 Certification of Facts, Conclusions of Law and Proposed Remedy.

In its Objections, Universitas sets forth two main reasons as to why Nova should be subjected to "coercive sanctions," to wit: 1) Since the persons with personal knowledge exercised their rights to plead the Fifth Amendment, the Response ("Response") to the Information Subpoena submitted by Nova was by definition "inadequate", as the agent for Nova,

Peter Goldman ("Goldman") has no first-hand knowledge of Nova's workings and finances, and allegedly "has no capacity to provide sworn answers"; 2) such Response submitted months after the Court's August 31, 2012 deadline for compliance, was said to be "incomplete" and nothing more than an attempt to "feign compliance".

An examination of the law, which allows the appointment of an agent where the principals have exercised their Fifth Amendment rights, belie these claims. Similarly, the posture affected by Universitas throughout the time as Nova went to great lengths to comply with the Information Subpoena and Document Request itself caused much of the delay of which Universitas now complains. The answers provided by Nova are as complete as they can be under the unique circumstances here presented. It is not a matter that Nova has not objectively responded adequately, rather, in the eyes of Universitas, no response, short of delivering the amount of the judgment will ever be adequate.

## Argument

### POINT I

### NOVA PROPERLY APPOINTED AN AGENT TO REPRESENT THE COMPANY

Contrary to the implication that there was something sinister in the appointment of Mr. Goldman as the agent for Nova, case law provides that in a situation such as here, where persons with personal knowledge in a company cannot provide testimony due to the exercising of their constitutional rights, an agent for the Company may be appointed. As the Court set forth in Consolidated Edison Co. of New York, Inc. v. DiNapoli, et al., 1971 WL 528 S.D.N.Y., quoting from United States v. 30 Jars More or Less .... Ahead Hair Restorer, 43 F.R.D. 181 (D.Del. 1967), in connection with responses to interrogatories:

> A corporation, it is well settled, cannot invoke the Fifth Amendment privilege . . . This, of course, does not mean that those individuals potentially

2

> subject to criminal responsibility must personally answer the interrogatories. Clearly, each such individual could refuse to answer, claiming the Fifth Amendment in a personal capacity....In fact, one case holds that where there is a showing that there is no agent or officer who could answer the interrogatories without incriminating himself, the corporation may await the resolution of the criminal action, before answering the interrogatories. [T]he better approach, approved . . . in United States v. 42 Jars, More or Less . . . "Bee Royale Capsules", 264 F.2d 666, at p. 670 (C.A.3d 1959) is to require the corporation to appoint an agent who could answer and sign the interrogatories without fear of self-incrimination. United States v. 30 Jars More or Less .... Ahead Hair Restorer, 43 F.R.D. 181 at 187.

See, also, United States v. Kordel, 397 U.S. 1 (1970); Big Apple Concrete Corp. v. Abrams, 103 A.D. 2d 699, 481 N.Y.S.2d 335 (1st Dep't 1984). Contrary to the contention of Counsel for Universitas, the agent does not have to have "first hand knowledge" to respond to the discovery request, see, e.g., United States v. 42 Jars, More or Less . . . . :"Bee Royal Capsules", 264 F.2d 666 (3d Cir. 1959).

Thus, no "negative inference" sufficient to require the imposition of coercive contempt sanctions can be inferred from the principals of Nova exercising their constitutional rights, nor from the appointment of an agent to respond to the Information Subpoena, particularly where as here, the information and documentation requested has been supplied, and the Plaintiff has not been prejudiced by the exercise of constitutional rights. None of the cases cited by Universitas imply a negative inference or impose sanctions under such circumstances.

### POINT II

### NOVA HAS COMPLIED WITH THE DOCUMENT REQUEST AND INFORMATION SUBPOENA

The contention by Universitas that Nova has merely "feigned" compliance with the Document Request and Information Subpoena is incredulous. As set forth in the accompanying Declaration of Ira Kleiman ("Kleiman Declaration"), the fact is that BCK was retained for the

3

*specific purpose* of complying with the Document Request and Information Subpoena and did so.

## The Response to the Information Subpoena

From the start, while mindful of the requirement that the Document Request must be complied with, BCK attempted to complete a response to the Information Subpoena. However, as set forth in the Kleiman Declaration, BCK had been advised by Counsel for Daniel Carpenter, Molly Carpenter and Wayne Bursey that, in light of two ongoing federal investigations, they would be exercising their constitutional right to decline to testify. As such, to comply with the Information Subpoena, an outside agent had to be retained who could independently review the documentation and respond on behalf of the Company. To that end, BCK retained Peter Goldman, a former federal prosecutor and certified public accountant, to act as agent for Nova. In effect, Mr. Goldman's expertise enabled him to act as a forensic auditor of Nova's records.[1]

After being retained by BCK on behalf of Nova, Mr. Goldman spent many hours reviewing tens of thousands of documents at Nova's offices and at the offices of Counsel. The documents reviewed included without limitation, all bank records in Nova's possession; additional bank records obtained directly from the financial institutions when it became apparent that Nova's records were incomplete due to the confiscation of Nova's records by the Department of Labor and other agents of the government of the United States; and documents detailing the workings of the Charter Oak Trust. Mr. Goldman, along with counsel for Nova and Grist Mill, further traveled to the Offices of the Department of Labor in Meriden, Connecticut, to review additional documents[2]; spent more time distilling and cross-checking the information all with no

---

[1] Mr. Goldman was also later retained to act as agent for Grist Mill Capital LLC ("Grist Mill") as well.
[2] In fact, it took some time to negotiate access to the records in the possession of the Department of Labor, as Counsel for Universitas is well aware. Thereafter, it took even longer for the Department of Labor to copy documents requested and ship them to BCK as per the Department of Labor procedures.

4

input from those who had exercised their constitutional rights, although he was able to communicate with other company employees. Among the documents in Meriden was a subpoena from Counsel for Universitas for bank records - the very bank records Universitas demanded in its Document Request. It appears that despite evincing a need for such documents, and bringing a contempt motion when she didn't get them, Counsel had them in her possession years before.

The document review process was slow and laborious and took months. It was only then that Mr. Goldman himself determined that he was prepared to respond to the Information Subpoena and testify on behalf of Nova, which he has done. The detailed Response to the Information Subpoena, which included a spreadsheet indicating the flow of money and bank statements, coupled with Mr. Goldman's testimony on behalf of Nova and Grist Mill, clearly advised Universitas where the insurance proceeds went after being received by Nova - the main point of the post-judgment discovery. A copy of the Response to the Information Subpoena is annexed to the Kleiman Declaration as Exhibit A.

In this regard, the complaint raised by Universitas in its papers that there was something untoward about Mr. Goldman having testified on behalf of both Nova and Grist Mill is curious. As he reviewed the records of both companies, Mr. Goldman was in a unique position to fully trace the path of the insurance proceeds, and so advise Universitas of his findings. Had two or more agents been engaged, still more time would have been needed, and the response would likely not have been as complete. The fact remains that Mr. Goldman, acting under difficult and extraordinary circumstances, while lacking the knowledge of a corporate insider, was able to provide Universitas with the information it claimed to be seeking.

**The Response to the Document Request**

After being retained in early January, 2013, BCK partners Matthew J. Brief ("Brief") and Ira Kleiman ("Kleiman") traveled to the client's offices in Simsbury to review the records on hand and to personally direct the gathering of documents responsive to the Document Request and Information Subpoena. The Document Request, a copy of which is annexed to the Kleiman Declaration as Exhibit B, consists of 9 pages, with numbered Requests A through BB, and, rather than focusing as does the Information Subpoena on tracing the thirty million dollars paid by the insurance company, essentially requested all the financial and business records of Nova, including e-mails and correspondence. Complicating the endeavor was the fact that much information contained in the records consisted of confidential information of third parties that could not be disclosed without violating HIPAA. Many of Nova's records had also been seized by various agents of the government of the United States years earlier. Locating the documents and discerning how they were responsive to the document requests, and whether or not they were confidential or privileged was a massive undertaking.

On January 23, 2013, Nova served a Response to the Request for Documents along with Documents numbered 1 through 003148, and a draft standard form Confidentiality Order, Exhibit C to the Kleiman Declaration. Universitas refused to sign the proposed Confidentiality Order and instead advised that BCK should "feel free to redact all Social Security Numbers and medical information". This cavalier approach by Universitas added untold hours to the task and in and of itself contributed to the delay in responding.

Still, undeterred, BCK continued to work on the Responses to the Document Request and Information Subpoena on a daily basis. Besides continuing its review and now redaction of documents provided by Nova, on January 30, 2013, Brief and Kleiman travelled to Westport to

6

the offices of Halloran and Sage to determine what documents that law firm may have had that were responsive to the Document Request and Information Subpoena. BCK further sent Counsel for Universitas detailed inventories of documents seized by the US Government, and asked Counsel to specify which documents she would want obtained from the US Government, if possible. BCK never received a response.

On January 31, 2013, BCK served Nova's First Supplemental Response to the Request for Production of Documents, along with Documents Nos. 3149-3203, Exhibit D to the Kleiman Declaration.

On February 6, 2013, BCK served Nova's Second Supplemental Response to the Request for Production of Documents along with Documents Nos. 3204-8983, Exhibit E to the Kleiman Declaration.

On February 12, 2013 BCK served Nova's Third Supplemental Response to the Request for Production of Documents along with Documents Nos. 8984-9606, Exhibit F to the Kleiman Declaration.

On February 26, 2013 BCK served Nova's Fourth Supplemental Response to the Request for Production of Documents along with Documents Nos. 9607-11325, Exhibit G to the Kleiman Declaration.

On March 1, 2013, BCK served Nova's Fifth Supplemental Response to the Request for Production of Documents along with Documents Nos. 11326-12487, and a detailed redaction log, Exhibit H to the Kleiman Declaration.

On March 6, 2013, BCK served Nova's Sixth Supplemental Response to the Request for Documents along with Documents Nos. 12488-13883 and a detailed redaction log, Exhibit I to the Kleiman Declaration.

On March 28, 2013, BCK provided Counsel for Universitas with copies of all documents received from the Department of Labor, Exhibit J to the Kleiman Declaration.

The foregoing recital - which is not exhaustive - details the actions taken by BCK and Mr. Goldman to comply with the Document Request and Information Subpoena. Such actions were real and not "feigned", as Universitas is well aware.

On March 7, 2013, Counsel for Universitas wrote the Court, and indicated, much as Universitas now claims as well that:

> "While Nova Group has recently made several document productions, we have encouraged its counsel to first have the company complete the Information Subpoena - which Nova Group must complete, per the Court's August 17 Order - rather than spend unnecessary time and money inundating us with thousands of pages of documents. The documents that have been produced, moreover, are several years old, and give no indication of where Universitas' money is today (although we did request these documents in an attempt to get a full understanding of the asset history of Nova Group and the Charter Oak Trust)."

Kleiman Declaration at Exhibit K.

The foregoing typifies the approach Universitas has taken throughout. Nova's counsel is said to be "encouraged" to first respond to the Information Subpoena - although that "encouragement" did not include any suggestion that the Document Request not be complied with, or that the Contempt Motion be held in abeyance pending compliance which was clearly ongoing. Universitas does not wish to be "inundated" with documents, although that is precisely what Universitas requested.

In fact, Nova and Mr. Goldman focused on answering the Information Subpoena. The problem Universitas has is not that Nova has failed to comply with the Document Request and Information Subpoena, but rather, that Nova's responses were not what Universitas really wanted. Simply put, it appears that Universitas will not be satisfied with anything less than Nova paying the judgment amount. While such is understandable, that is not a reason for the Court to

apply coercive sanctions, when Nova has demonstrably complied with its obligations under the Rules of this Court.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court reject the Objections of Universitas to the Magistrate's Certification of Facts, Conclusions of Law and Proposed Remedy.

Dated: August 21, 2013  
New York, NY

Brief Carmen & Kleiman, LLP  
Attorneys for Nova Group, Inc.

By: _____  
Ira Kleiman (IK-6657)  
805 Third Avenue, 12th Floor  
New York, NY 10022  
(212) 758-6160  
ik@briefjustice.com