UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
UNIVERSITAS EDUCATION, LLC,

                      Petitioner,

          -v-

NOVA GROUP, INC., as Trustee, Sponsor
and Named Fiduciary of the CHARTER OAK
TRUST WELFARE BENEFIT PLAN,

                      Respondent.

Case No.: 11 CV 1590-LTS-HBP

-------------------------------------------------------------
NOVA GROUP, INC., as Trustee, Sponsor
and Named Fiduciary of the CHARTER OAK
TRUST WELFARE BENEFIT PLAN,

                      Petitioner,

          -v-

UNIVERSITAS EDUCATION, LLC,

                      Respondent.

Case No.: 11 CV 8726-LTS-RLE

-------------------------------------------------------------

**Affidavit of Anthony J. Siano, Esq.**

Anthony J. Siano, being duly sworn, states as follows:

1.     I am an attorney admitted to practice before this Court and in the State of New York. I am counsel to Mr. Daniel E. Carpenter.

2.     I am submitting this affidavit in response to the objections of Universitas Education, LLC, to Magistrate Judge Pitman's July 11, 2013 Certification of Facts, Conclusions of Law and Proposed Remedy.

1

## The Subject Matter Addressed

3. Universitas' motion, dated November 28, 2012 (Dkt # 181) seeks an order of contempt because of the failure of the judgment debtor to comply with a document demand, dated June 28, 2012, and an Information subpoena, dated July 9, 2012. The Magistrate Judge determined that Nova Group Inc. ("Nova Group") and Charter Oak Trust Welfare Benefit Plan ("Charter Oak Trust") complied with the discovery demands but that the compliance was sufficiently untimely as to warrant imposition of the movant's attorneys' fees for the motion (in a sum yet to be determined) as a sanction.

4. Counsel for Universitas has filed objections to the Magistrate Judge's report and I herby submit this response to those objections.

## Background

5. I was engaged by Mr. Carpenter in September 2012 for the purpose of advising him as to his Court-ordered deposition in the above captioned action. That deposition was ordered by Magistrate Judge Pitman for the week of October 15-19, 2012. The Court's Order further specified that the deposition was to occur at the Courthouse in New York City.

6. Mr. Carpenter and I, as his counsel, appeared as ordered and the deposition occurred on October 19, 2012, in the United States Courthouse at 500 Pearl Street, New York, New York. Mr. Carpenter was questioned by Paula Colbath, Esq., a member of the firm of Loeb & Loeb. Assisting Ms. Colbath at the deposition was Michael Barnett, Esq., an attorney with the Loeb & Loeb firm.

7. Some weeks after Mr. Carpenter's deposition was completed, other counsel for the respondents in the litigation informed me that a motion for contempt had been made by counsel for Universitas.

8. The notice of motion, dated November 28, 2012, for the motion for contempt did identify me as a recipient of the motion. Although I had been substituted as counsel for Mr. Carpenter on October 12, 2012 (Dkt #164), I did not receive the motion through the PACER system. Although Mr. Carpenter is named in that motion, he was not served individually with a copy of the motion papers.

9. On December 3, 2012, Mr. Michael Barnett (of Loeb & Loeb) sent me, as an attachment to an e-mail, what he described as a "courtesy copy" of Loeb & Loeb's papers on the motion for contempt. My client did become aware of this motion only after he was informed of its existence first by other counsel (for Nova Group) and then by me. At that point in time, the firm of Brief, Carmen and Kleinman was not engaged on this matter.

10. In December 2012, I reviewed the papers filed by Loeb & Loeb on its motion for contempt. I then obtained Mr. Carpenter's consent to continue to represent him as to the subject matter raised therein. After doing so, I obtained and read numerous documents from the electronic docket in this action, including particularly, the transcript of the proceedings before Magistrate Judge Pitman in September, 2012.

11. Also, in early December 2012, I attempted to speak with the attorneys who had previously appeared in this matter, specifically to address the matter of the document demands made by Universitas and the Information Subpoena served by Universitas.

12. Because the contempt motion and other sanctions motions by Loeb & Loeb in late 2012 named various attorneys as respondents, I was communicating through other attorneys who were representing Nova Group's actual attorneys. This appeared to me to be making complying with Universitas' discovery demands an even more time-consuming process.

3

## Respondent Daniel E. Carpenter Has Acted Responsibly to Comply with the Discovery Demands.

13. After taking those steps, I attempted to speak with counsel for Universitas on the telephone regarding the contempt motion.

14. In mid-December 2012, I and Mr. Dan LaBelle, the attorney for Molly Carpenter (and who also represents Nova Group and Charter Oak Trust in other matters), spoke by telephone with Ms Colbath and Mr. Barnett as to the subject matter of the motion for contempt.

15. In that conversation, I expressly told Ms. Colbath that I had read the motion papers and I wanted to try to get the two entities to comply. I told Ms. Colbath that I had read the transcript of the September 2012 hearing before the Magistrate Judge and I could not tell from her exchange with the Magistrate Judge if there was a priority in what documents she wanted produced.

16. In the telephone call, I asked her specifically what she wanted produced first. She responded that she was entitled to everything that she had included in the document demand and in the Information Subpoena. I responded that I was not seeking to dispute that and was trying to see what she wanted first.

17. She then asked me why my client had not produced these records already and I told her that I was only recently engaged as Mr. Carpenter's counsel and that I was calling to try to address the issues raised in the motion.

18. Ms. Colbath's response was to tell me that Mr. Carpenter should "pay Universitas the thirty million dollars" owed. I responded that I did not have that sum available to me but that I wanted some time to try to get Nova Group and Charter Oak Trust to comply with the open discovery demands.

4

19. I and Mr. LaBelle told her that we were not asking Universitas to withdraw the pending motion but we did ask her to merely stay her motion to allow us to demonstrate that we could get compliance with the discovery demands.

20. Ms. Colbath declined this request and, after some further discussions, she did grant the respondents on the motion a total of two weeks additional time to respond to the motion, i.e., until December 28, 2012.

21. Upon my advice, in December 2012 and January 2013, Mr. Carpenter allowed me to seek new counsel for Nova Group and Charter Oak Trust. In the efforts to find such counsel, I explicitly sought attorneys experienced in civil litigation before this Court, who could assist Nova Group and Charter Oak Trust in complying with the document demand and Information Subpoena that were the subject of the motion for sanctions.

22. The firm of Brief, Carmen and Kleinman ("BCK") was interviewed in late December 2012 and was engaged by Nova Group and Charter Oak Trust in early January 2012. I met with Mr. Brief and Mr. Kleinman, two members of the firm, and told them that the specific purpose of the engagement was to have their firm comply with the document demand and the Information Subpoena.

23. Thereafter, I observed and participated in extensive work and numerous meetings with that firm and at the corporate offices. That work was specifically directed to obtaining full compliance with Universitas' discovery demands.

24. The specifics of BCK's compliance with the discovery demands is set out in detail in a submission by that firm to the Court.

25. I also observed that BCK attempted in e-mail communication: a) to get specific guidance from the attorneys at Loeb & Loeb as to what information those lawyers wanted

5

produced first, and b) to obtain a confidentiality stipulation to expedite discovery without violating other legal constraints (such as, provisions of the Health Insurance Portability and Accountability Act of 1996).

26. Increasing the difficulty of the engagement of BCK were two factors beyond the control of the responding companies and the individuals who were subjects of the contempt motion:

a) The acknowledged fact that vast quantities of what Universitas was seeking was actually in the physical custody of officials of the United States of America as a result of two separate searches, executed pursuant to warrants issued first in 2010 and then in 2011; and

b) The notifications previously given to criminal counsel for Nova Group, Charter Oak Trust, Mr. Carpenter, and Mr. Robinson that they were "targets" of two federal grand jury investigations.

27. The objections by Loeb& Loeb attempt to portray the "target notifications" by the United States government as some kind of ruse perpetrated by the persons and entities that are the respondents on the contempt motion. This is just not correct.

28. The searches pursuant to warrants and the "target" notifications pre-date any discovery demands by Universitas. I have observed that efforts by several attorneys to get Loeb & Loeb to recognize the problems caused by these two factors have been rebuffed by Universitas' counsel.

29. As Mr. Carpenter's counsel, I can state that, since I have represented him, Mr. Carpenter has not used or attempted to use his invocation of his privilege against self-incrimination to prevent the BCK firm from complying with the document demands of

6

Universitas. Furthermore, BCK itself proposed the use of a designated corporate agent to effect compliance with the Information Subpoena.

30. I would also call to the Court's attention that, when Loeb & Loeb expanded its post-judgment discovery efforts to include demands upon Grist Mill Capital LLC, and Avon Capital, LLC, (two companies that are associated with the judgment debtor), I and the BCK firm recommended independent counsel for those companies.

31. The attorney recommended, Carole Bernstein, Esq., was promptly engaged and was also explicitly instructed to comply with the discovery demands being made by counsel for Universitas.

32. I and my client, Daniel E. Carpenter, recognize that the contentious history of the proceedings in this matter through the first ten months of 2012 may have justified the motion for contempt. However, I have observed that, during my engagement in this matter, every attorney and client in this matter has worked extensively and diligently to try to comply with the discovery demand and the Information Subpoena.

33. It was very disappointing to me that Loeb & Loeb would not accept my proposal in December 2012 to allow me time to meet the discovery demands without further involvement of the Court. Despite their insistence that respondents' counsel answer their motion, I, on behalf of my client, contemporaneously pressed all the counsel for the various respondents to meet the discovery demands.

34. It was my professional judgment in December 2012, and it remains so today, that—if what Loeb & Loeb was actually seeking was discovery--it was unnecessary for Loeb & Loeb to have pressed the Magistrate Judge and this Court for a decision on this motion.

35. I base this observation in part on the fact that in my conversations with counsel for Universitas, she demanded that Mr. Carpenter should pay her client thirty million dollars as the only acceptable resolution of her discovery demands and of the contempt motion.

36. Separately, I base this observation on the fact that I could not get counsel for Loeb & Loeb: a) to prioritize for me in any way its documentary and information demands or b) allow me even a few weeks to demonstrate that new counsel would actually produce documents and respond to the Information Subpoena.

37. To the contrary, it did appear to me that counsel for Universitas was attempting to make the post-judgment discovery process as burdensome as it could.

38. The objections by Universitas' counsel to the Magistrate Judge's report and recommendations do not specify what categories of documents, beyond those produced to date, are wanting in the discovery made. In fact, counsel for Nova Group and Charter Oak Trust has actually gathered additional records responsive to the discovery demands, which Loeb & Loeb have declined to take.

39. When counsel for Universitas describe pejoratively the document production made by Nova and Charter Oak, they omit to mention that I offered them my client's consent to grant to them unfettered access to the entirety of the search proceeds in the custody of the United States government, which, I am informed, are stored, in the custody of the United States government, in large part in Meriden, Connecticut.

40. In making that offer, I reasoned that since the searches were done in 2010 and 2011, the documents seized would be a source of unexpurgated information for Universitas, relative to the events prior to the searches. I thought that such a set of "pre-litigation" records,

collected as they were by persons independent of the respondents, would remove some of the questions about the scope of the respondents' compliance.

41. To my knowledge, Loeb & Loeb has not ever attempted to view the seized records and has never admitted doing so.

42. Separate from the discovery reviewed in Judge Pitman's report of July 11, 2013, Loeb & Loeb has obtained records: a) from a wide assortment of third party entities that had dealings with the judgment debtor; and b) from the companies associated with the judgment debtor and the individual respondents named in the motion.

43. Loeb & Loeb's submission to this Court of one letter regarding one event in 2013 (Barnett declaration, Dkt. 284, Exh. B) does not support their claim that their discovery demands have not been answered. Even that Exhibit relates to a transaction in May 2013 with entities other than the judgment debtor.

44. I submit that this third-party discovery is significant because almost nothing Loeb & Loeb has obtained from said third parties, relative to events prior to the commencement of this enforcement proceeding, has been brought to the Court's attention as proof that the Magistrate Judge's report is incorrect.

45. The respondents have, over the past nine months, made a diligent and thorough effort to comply with Universitas' demands. The sheer bulk of the document demands made by counsel for Universitas and the difficulty in answering the Information Subpoena arising from the informed and advised invocation of the protections of the Fifth Amendment by several individual respondents has not prevented respondents' counsel from complying.

46. Last December, acting as Mr. Carpenter's counsel, I asked counsel for Universitas to just stay their motion to allow this compliance to occur. They chose not to do so; that was their choice. But I respectfully submit that this Court should not now weigh against Mr. Carpenter and the other respondents the very substantial efforts they have made in the past nine months to give Universitas the discovery for which it has been asking. This effort is recognized properly by the Magistrate Judge in his July 11, 2013, report.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Anthony J. Siano (AJS8842)


Sworn to before me this
22nd day of August 2013

_____
Notary Public

NICOLE DELUCIA -Mena
NOTARY PUBLIC STATE OF NEW YORK
LIC. #01DE6166009
COMMISSION EXPIRES 05/14/2015
COMMISSION IN WESTCHESTER COUNTY