UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNIVERSITAS EDUCATION, LLC,

       Petitioner,

  -v-                                        No. 11 Civ. 1590 (LTS)(HBP)

NOVA GROUP, INC.,

       Respondent.

-------------------------------------------------------x

NOVA GROUP, INC.,

       Petitioner,

  -v-                                        No. 11 Civ. 8726 (LTS)(HBP)

UNIVERSITAS EDUCATION, LLC,

       Respondent.

-------------------------------------------------------x

<u>MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION</u>

On May 21, 2013, Magistrate Judge Henry Pitman issued a Report and Recommendation (docket entry no. 253 in 11 Civ. 1590 and docket entry no. 167 in 11 Civ. 8726, the "Report") regarding the motion of Universitas Education, LLC ("Universitas"), for sanctions against Joseph M. Pastore, III, Esq., and Smith Gambrell & Russell, LLP ("SGR"), for conduct during litigation of certain matters in the above captioned actions. The Report recommends that Universitas' motion be granted with respect to Mr. Pastore and denied with respect to SGR. An objection was filed by Mr. Pastore three days after the fourteen-day filing deadline. Universitas filed a response to Mr. Pastore's objection. The Court has reviewed

thoroughly these submissions.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.S. § 636(b)(1) (LexisNexis 2012).  In order to accept those portions of the Report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  <u>Carlson v. Dep't of Justice</u>, No. 10 Civ. 5149, 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted).  Where specific objections are made, the Court must make a de novo determination as to those aspects of the report.  <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir.1997). "When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error."  <u>Kozlow v. Horn</u>, No. 09 Civ. 6597(LTS)(RLE), 2012 WL 2914338, at *1 (S.D.N.Y. July 17, 2012) (citing <u>Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan</u>, 806 F.Supp. 380, 382 (W.D.N.Y. 1992) (noting that court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings)).  Any objections must be both specific and clearly aimed at particular findings by the magistrate judge so that no party is allowed a "second bite at the apple" by simply relitigating a prior argument.  <u>Camardo</u>, 806 F.Supp. at 382 (citation omitted).

To the extent Mr. Pastore's submission raises specific objections aimed at the findings of the Report, rather than relitigating arguments fully considered, the Court has considered each issue de novo.  For substantially the reasons set forth in Judge Pitman's thorough and well-reasoned Report, the objections are unavailing.

Mr. Pastore further argues that his litigation efforts here at issue, namely bringing a motion for reconsideration and a series of motions to quash discovery, were part of a good-faith

effort to represent his then-client, respondent Nova Group, Inc. In support of this contention, Mr. Pastore cites his work with several law firms and his history practicing before this Court and the United States Court of Appeals for the Second Circuit. The Court does not find this history probative as to whether Mr. Pastore acted in good faith in this particular case.

Mr. Pastore also attempts to relitigate arguments about the merits of his motion for reconsideration and motions to quash. The Report thoroughly analyzed those efforts and the Court concurs in the Report's conclusions with respect to the lack of merit of these motions. The Court has reviewed the Report for clear error on these grounds and finds none.

## CONCLUSION

Accordingly, Judge Pitman's Report and Recommendation is hereby adopted in its entirety.

Mr. Pastore is hereby directed to pay the reasonable attorney's fees Universitas incurred in opposing the following motions: motion for reconsideration (docket no. 46 in case no. 11 Civ. 1590), and the motions to quash (docket nos. 56, 78, 80, 82, 89, 117, 119, 121, and 123 in case no. 11 Civ. 1590). Universitas must file its application for such fees and costs, with detailed contemporaneous billing records, by October 28, 2013. Any objections must be filed fourteen days from the date the application is filed and any reply must be filed seven days from the date any objection is filed.

      This Order resolves docket entry 177 in no 11 Civ. 1590 and docket entry no. 118 in 11 Civ. 8726.

SO ORDERED.

Dated: New York, New York
       September 30, 2013

                                           /S
                                LAURA TAYLOR SWAIN
                                United States District Judge