UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNIVERSITAS EDUCATION, LLC,

       Petitioner,

  -v-                                                        No. 11 Civ. 1590 (LTS)(HBP)

NOVA GROUP, INC.,

       Respondent.

-------------------------------------------------------x

NOVA GROUP, INC.,

       Petitioner,

  -v-                                                          No. 11 Civ. 8726 (LTS)(HBP)

UNIVERSITAS EDUCATION, LLC,

       Respondent.

-------------------------------------------------------x

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

       On May 21, 2013, Magistrate Judge Henry Pitman issued a thorough and well reasoned Report and Recommendation (docket entry no. 252,[1] the "Report") regarding the motion of Universitas Education, LLC ("Universitas"), pursuant to Federal Rule of Civil Procedure 11 for sanctions against Nova Group, Inc. ("Nova"), and its attorney Jack E. Robinson, III, Esq., for conduct during litigation of a renewed motion to dismiss both of the above captioned cases for lack of subject matter jurisdiction. (Docket entry no. 152.) The

---

[1] All docket references herein refer to those in the above captioned case numbered 11 Civ. 1590.

Report recommends that Universitas' motion be granted with respect to both Nova and Mr. Robinson.

Timely objections to the Report were filed by both Nova and Mr. Robinson. Universitas filed responses to these objections. The Court has reviewed thoroughly these submissions. The relevant facts are set forth in the Report.

The Report recommends that Nova be sanctioned by being required to deposit the judgment amount, $30,181,880.30, with the Court; by being required to pay Universitas' reasonable attorney's fees incurred in bringing the motion for sanctions; and by being prohibited from filing further motions in these actions without prior court approval. The Report further recommends that Mr. Robinson be sanctioned by being required to pay Universitas' reasonable attorney's fees incurred in opposing the amended motion to dismiss, and that the Report serve as a written reprimand of Mr. Robinson.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.S. § 636(b)(1) (LexisNexis 2012). In order to accept those portions of the Report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Carlson v. Dep't of Justice, No. 10 Civ. 5149, 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted). Where specific objections are made, the Court must make a de novo determination as to those aspects of the report. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997). "When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error." Kozlow v. Horn, No. 09 Civ. 6597 (LTS)(RLE), 2012 WL 2914338, at *1 (S.D.N.Y. July 17, 2012) (citing Camardo v. General Motors Hourly-Rate Employees Pension

Plan, 806 F.Supp. 380, 382 (W.D.N.Y. 1992) (court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings)).  Any objections must be both specific and clearly aimed at particular findings by the magistrate judge so that no party is allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 382 (citation omitted).

Although many of the objections filed by Nova and Mr. Robinson are repetitive or at least border on the frivolous, the Court has examined de novo each of the issues discussed below and has reviewed the remaining aspects of the Report for clear error.

In his objection, Mr. Robinson raises the specious argument that the Report is a nullity because Judge Pitman did not have authority to submit a report and recommendation to this Court regarding the sanctions because no formal referral had been made.  A district judge "may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations" for the disposition of civil motions.  28 U.S.C.S. § 636(b)(1)(B), (C) (LexisNexis 2012).  However, such a designation need not be written.  See United States v. B & D Vending, Inc., 398 F.3d 728, 732 (6th Cir. 2004) ("The statute does not demand that a formal referral order be filed."); United States v. Clark, No. 06 MC 67, 2007 WL 5462413, at*4 (D. Conn. Sept. 25, 2007), adopted, 574 F. Supp. 2d 262 (D. Conn. 2008) (same).  For clarity and the avoidance of any doubt,  the Court hereby refers the sanctions motion, nunc pro tunc to May 21, 2013, to Judge Pitman for report and recommendation.  Further, as Universitas notes, the report and recommendation process does not prejudice Mr. Robinson as it gives him the right to object to any conclusions and recommendations made by the magistrate, and the opportunity to obtain de novo review.

Mr. Robinson additionally argues that the Report improperly relies on hindsight

in judging his alleged sanctionable behavior. A court must review behavior from the perspective of what would have been "objectively reasonable," given the circumstances at the time the signed court submission at issue was made in determining whether the submission is sanctionable under Rule 11. Ipcon Collections LLC v. Costco Wholesale Corp., 698 F.3d 58, 64 (2d Cir. 2012). Generally speaking, a court should not rely upon facts unavailable to the parties at the time of the sanctionable conduct. See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1344 (2d Cir. 1991). In his motion to dismiss these cases, Mr. Robinson had argued that the court must consider the citizenship of the trust, Charter Oak Trust, in addition to Nova's citizenship to determine if it had diversity jurisdiction. In taking this position, Mr. Robinson argued that the longstanding rule that a trustee may sue on its own behalf had been overturned by the case Carden v. Arkoma Associates. 494 U.S. 185, 191-92 (1990). This Court denied the motion summarily, as baseless. The Second Circuit denied the subsequently-filed appeal summarily as well, holding that Mr. Robinson's argument was foreclosed by a more than 30-year old decision of the Supreme Court, Navarro Savings Association v. Lee, 446 U.S. 458 (1980). Universitas Educ., LLC v. Nova Grp., Inc., No. 12-3504, 513 F. App'x 62, 64 (2d Cir. 2013). Clearly, no hindsight was involved.[2] The

---

[2]  In his objection to the Report, Mr. Robinson continues to cite cases that have no relevance to whether his motion was frivolous. These cases deal with the citizenship of a trust that brings suit in its own name. See Mills 2011 LLC v. Synovus Bank, 921 F. Supp. 2d 219, 225 (S.D.N.Y. 2013) (holding trusts was a citizen in each state that a trustee was citizen for diversity purposes); Bergeron ex rel. Ridgewood Elec. Power Trust V v. Ridgewood Elec. Power Trust V, 07 Civ. 10622, 2007 WL 1959209, *3 (D. Mass. July 5, 2007) (same). Since Charter Oak Trust, for which Nova serves as trustee, was not then and never has been a party to the instant cases, these cases have no relevance. To the contrary, citation of these cases evidences the motivation for other sanctionable conduct, that Mr. Robinson added Charter Oak Trust to the signature blocks of the papers in support of his motion to dismiss in an apparent attempt to create the appearance that the trust was a named party in this action. (See Report at pgs. 24-26.)

Circuit's opinion and the Supreme Court precedent cited therein demonstrate that Mr. Robinson knew or should have known that his argument had no basis in law. Thus when the Second Circuit agreed with the order of this Court, id. at 63, which held that "Nova's motion [was] wholly without merit" (docket entry no. 161), it served only as further indication that the motion was frivolous and designed solely for an improper purpose at the time it was filed. The Report's reliance on the Second Circuit's summary opinion in recommending sanctions was not a judgment based on hindsight.

The Report also identifies further evidence that Mr. Robinson knew of the sanctionable nature of Nova's motion. For example, Judge Pitman warned Nova and Mr. Robinson that the motion was based on a reversal of Nova's earlier position on the issue of subject matter jurisdiction that conveniently happened only after Nova had lost its case on the merits. (Hr'g Tr. Sept. 19, 2012. at 7.) This warning should have given Mr. Robinson pause, and indeed it required that he conduct a thorough investigation into the merits of the motion. See, e.g., Barlow v. McLeod, 666 F. Supp. 222, 229 (D.D.C. 1986), aff'd, 861 F.2d 303 (D.C. Cir. 1988) (noting that filing complaint after "after discovery had yielded no support for the claims and after the magistrate had flagged the Rule 11 problem had exacerbated the violation"). After that warning, Mr. Robinson himself agreed that Nova's epiphany related to subject matter jurisdiction after it had lost on the merits "may be relevant to sanctions" (Hr'g Tr. Sept. 19, 2012. at 7), yet he still pursued the motion.

Mr. Robinson's bad faith is further evidenced in Nova's similarly convenient reversal of position with respect to federal question subject matter jurisdiction, where Nova asserted in moving to dismiss that ERISA did not preempt Universitas' state law claims in the underlying arbitration. Nova had taken precisely the opposite position in two earlier briefs.

Finally, the Court notes the importance of Nova's prior counsel's withdrawal of a motion to dismiss for lack of subject matter jurisdiction, under a Rule 11 notice filed by Universitas which questioned the frivolous nature of the pleading.  The earlier motion raised the same arguments as the motion that Mr. Robinson filed.  This Court warned Nova, and Mr. Robinson, of the potential penalties if it pursued the motion.  The fact that Mr. Robinson knew or should have known of all of these facts, and the legal frivolousness of his motion before he signed it, indicates that his re-filing of the motion to dismiss was in bad faith and with a motive to delay, harass, or needlessly increase the cost of litigation.

The Court notes the inevitable risk that imposing sanctions in a suit may have a chilling effect on future litigation.  See, e.g., Eastway Const. Corp. v. City of New York, 637 F. Supp. 558, 583 (E.D.N.Y. 1986), order modified on other grounds and remanded, 821 F.2d 121 (2d Cir. 1987).  The behavior at issue here is precisely the sort of conduct that Rule 11 was designed to chill.  Cf. Davis v. Crush, 862 F.2d 84, 92 (6th Cir. 1988) ("[I]mposition of Rule 11 sanctions in the instant case would operate to chill the bringing of facially valid civil rights suits in federal court, a consequence that Rule 11 was never intended to promote.").  The litigation behavior deterred here is convenient changes in legal position motivated by a desire to delay and make more costly, through meritless collateral attack, the collection of a validly entered judgment.

Mr. Robinson also argues that the Report has "overlook[ed] salient facts from the record and overstate[s] the situation" regarding his alleged misrepresentation as to whether Charter Oak Trust was a party in the case. (Robinson Obj. pg. 21.)  Mr. Robinson asserts that Charter Oak Trust has been in the caption of the cases from the outset, and further that he was new to the case at the time of the filing and thus filed his notice of appearance and subsequent

documents under both entity names out of prudence. However, he fails to note that on each of the earlier submissions Nova is identified "as Trustee, Sponsor And Named Fiduciary of the Charter Oak Trust Welfare Benefit Plan." (See, e.g., docket entry nos. 4, 34, 46, 52, 145, 152.) On earlier submissions, before Nova began arguing that Charter Oak Trust's citizenship prevented diversity jurisdiction, the previous attorney for Nova signed documents only in Nova's name. (See, e.g., docket entry nos. 4, 34, 46.) It was only after Nova decided to challenge subject matter jurisdiction that attorneys for Nova began signing for Charter Oak Trust as well. (See, e.g., Docket entry nos. 52, 145, 152). When Mr. Robinson signed the motion to dismiss for lack of subject matter jurisdiction, he signed as attorney for both Nova and Charter Oak Trust. (Docket entry no. 152.) The Court agrees with Judge Pitman that "the only reasonable explanation for Mr. Robinson's actions is that he sought to create a false factual basis for his argument that citizenship of Charter Oak Trust should be considered for the purposes of diversity jurisdiction." (Report at pg. 24.) The Report also points to similar misrepresentations made in Mr. Robinson's submissions to the Court of Appeals, which are further evidence that Mr. Robinson intended to create a false factual basis for his motion to dismiss.

    Nova does not raise any objections to the Report's finding that Nova violated Rule 11(b)(1) and (b)(2). Rather, Nova argues that one sanction recommended, the deposit of the judgment amount with the court, is inappropriate because 1) it is overly broad in scope in that it is not "limited to what suffices to deter repetition of the conduct," 2) the sanction is ultra vires for the Court because it amounts to a court-ordered payment of a judgment, and 3) Nova does not have the funds to comply with the sanction.

    Nova's first argument is baseless. Nova argues that the actual purpose of the sanctions is to deter Nova from avoiding payment of the judgment, but the Report clearly

indicates that the recommended sanctions are designed for deterrence of "the filing of potentially frivolous and meritless motions in the future." (Report at pg. 28; see also id. at pg. 29 ("This sanction will serve as a deterrent from future filing of frivolous motions that are not warranted by existing law.")). That the Report notes Nova's motives in filing frivolous and meritless motions -- preventing collection of the judgment -- is immaterial to the scope of the sanctions. Rule 11 clearly proscribes the filing of such motions and the proper scope of sanctions under Rule 11 includes the deterrence of such filings.

Nova's second contention is equally baseless. Nova argues that the Court does not have the authority to enter an order to deposit a judgment amount with the Court. However, a court's authority to order sanctions under Rule 11 is broad. O'Malley v. New York City Transit Auth., 896 F.2d 704, 709 (2d Cir. 1990) ("District courts are given broad discretion in tailoring appropriate and reasonable sanctions under rule 11."). The cases Nova cites, purportedly constraining the court's authority to enter the sanction, are inapposite as they speak only to the district court's authority, under Rule 69 of the Federal Rules of Civil Procedure, to order the enforcement of judgments. See Koehler v. Bank of Bermuda Ltd., No. M18-302 (CSH), 2005 WL 551115, at *14-15 (S.D.N.Y. Mar. 9, 2005), vacated and remanded, 577 F.3d 497 (2d Cir. 2009) (citing Hilao v. Estate of Marcos, 95 F.3d 848 (9th Cir. 1996)); Aetna Cas. & Sur. Co. v. Markarian, 114 F.3d 346, 349 (1st Cir. 1997). The recommended sanction is not a means of enforcing a judgment under Rule 69, but rather a means of deterring the ongoing and dilatory efforts of Nova. Moreover, the Court finds that this sanction is not inconsistent with Rule 69, which simply requires that "[a] money judgment [be] enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69. The Court agrees with Judge Pitman that this sanction is appropriate and reasonable to deter Nova from filing frivolous motions designed to

delay these proceedings.

Finally, Nova's argument that it should not be ordered to make payment of the judgment amount because it lacks the funds to pay is unavailing because it cannot demonstrate that Nova cannot again be in possession or control of funds sufficient to pay the judgment amount.  The Circuit has noted that "it lies well within the district court's discretion to temper the amount to be awarded against an offending attorney by a balancing consideration of his ability to pay."  Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 179 (2d Cir. 2012).  Nova relies on the Response to Information Subpoena signed by Peter Goldman, as "Agent of Nova Group, Inc.," to demonstrate that it has no assets to pay the judgment amount (docket entry no. 258-2); however, the declaration is insufficient to demonstrate an inability to pay.  It does not offer sufficient information regarding previous transfers of funds out of Charter Oak Trust, and it is impossible to tell from the response whether Nova or Charter Oak Trust has, or will have, any causes of action against any entities to which it apparently transferred millions of dollars in the past.  Furthermore, as Universitas points out, it is unclear from the response whether money could be transferred back to Nova, by its principals, to satisfy the sanction.  The Court finds that the equities favor imposition of the sanction proposed by the Report.

This Court has reviewed all other objections of the parties and find that they are conclusory, or raise issues previously argued, and finds no clear error in the Report.

CONCLUSION

For the foregoing reasons, the Report is hereby adopted in its entirety.

Nova is ordered to deposit the judgment amount, $30,181,880.30, with the Clerk of the Court by October 4, 2013.  Nova is further ordered to pay reasonable attorney's fees and

costs that Universitas incurred in filing and litigating this motion for sanctions. Universitas must file its application for such fees and costs, with detailed contemporaneous billing records, by October 28, 2013. Any objections must be filed fourteen days from the date the application is filed and any reply must be filed seven days from the date any objection is filed.

Nova is hereby prohibited from filing any further motions in these cases (other than a motion seeking permission to file a specific motion) without prior permission from the Court.

Mr. Robinson is ordered to pay Universitas' reasonable attorney's fees incurred in defending the motion to dismiss for lack of subject matter jurisdiction. Universitas must file its application for such fees and costs, with detailed contemporaneous billing records, by October 28, 2013. Any objections must be filed fourteen days from the date the application is filed and any reply must be filed seven days from the date any objection is filed. The Report constitutes a written reprimand of Mr. Robinson for the conduct described therein.

This Order resolves docket entry no. 173 in case no. 11 Civ. 1590 and docket entry no. 115 in case no. 11 Civ. 8726.

SO ORDERED.

Dated: New York, New York
       September 30, 2013

                                              /S
                                       LAURA TAYLOR SWAIN
                                       United States District Judge