

PAULA K. COLBATH
Partner

345 Park Avenue
New York, NY 10154

**Direct** 212.407.4905
**Main** 212.407.4000
**Fax** 212.937.3189
pcolbath@loeb.com

Via ECF
Via Messenger

October 8, 2013

The Hon. Laura Taylor Swain
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *Universitas Education, LLC v. Nova Group, Inc.*, Case No. 11-1590-LTS-HBP (S.D.N.Y.)

Dear Judge Swain:

We represent Petitioner/Judgment Creditor Universitas Education, LLC ("Universitas") in the above-captioned action, and write in response to an October 4 letter from Ira Kleiman, attorney for Respondent/Judgment Debtor Nova Group, Inc. ("Nova").

Mr. Kleiman's letter confirms that Nova is in contempt of the Court's September 30 Order requiring it to deposit the Judgment amount ($30,181,880.00) with the Clerk of the Court no later than October 4. In communications with Mr. Kleiman prior to his writing to the Court, we suggested that if Nova could not post the entire Judgment amount, it could deposit a portion of it as a signal of good faith. Nova, which received $30.7 million in trust for Universitas in May 2009, did not even undertake this smaller step.

Mr. Kleiman's letter is also an inadequate attempt to seek relief from the Court's Order, for the following reasons:

**Nova has been on notice of the potential for the Order for more than four months.** Mr. Kleiman is incorrect to suggest that Nova is being required to make the deposit on short notice. Magistrate Judge Pitman issued his Report & Recommendation ("R&R") on May 21, 2013. While your Honor reviewed the R&R *de novo*, Mr. Kleiman had more than four months to prepare his client for the possibility that the sanctions recommendations would be adopted. And for more than two and a half years, Nova has failed to comply with the January 24, 2011 Arbitration Award, which required it to post the award amount with one of its law firms.

Mr. Kleiman does not specify how much time Nova and its principals need in order to comply with the Court's Order. His letter appears to merely be a time-buying measure intended to stave off a contempt finding.

**Mr. Carpenter should cause Nova to comply with the Court's Order.** As the Court noted in its September 30 Order, Nova could comply with the deposit requirement by seeking the return of funds from the entities to which it transferred $30.7 million. Mr. Kleiman acknowledges that

Los Angeles   New York   Chicago   Nashville   Washington, DC   Beijing   Hong Kong   www.loeb.com

A limited liability partnership including professional corporations



Nova Chairman Daniel E. Carpenter controls all but one of the <u>initial</u> transferees of the trust funds.  But there is no mention of the <u>subsequent</u> transferees of the trust funds, as well as other assets controlled by Mr. Carpenter (under the names of other entities) that could be used to satisfy the deposit requirement.

Besides being incomplete and unsupported by an affidavit, Mr. Kleiman's disclosures about the initial transferees' assets is inadequate since Mr. Carpenter, who orchestrated the transfer of the trust funds out of Nova's possession, has other monies at his disposal.  After all, Nova and the initial transferees mentioned by Mr. Kleiman all have attorneys, who must be getting paid by Mr. Carpenter from some account that, unlike the single Grist Mill Capital account mentioned by Mr. Kleiman, has substantial funds.  And in the underlying arbitration, which took place at the end of 2010, Nova officers Wayne H. Bursey and Jack E. Robinson submitted sworn statements asserting that Nova had sufficient funds to satisfy an award of $30 million; these sworn statements were submitted to the Arbitrator after – according to Mr. Kleiman – Nova became dormant.

Mr. Kleiman's disclosures regarding Mr. Carpenter's assets are incomplete and misleading, as are his assertions about the Grist Mill Trust.  Assuming *arguendo* Mr. Carpenter does not control the Grist Mill Trust, his wife Molly and brother-in-law Wayne H. Bursey do.  Mr. Carpenter, moreover, testified before the Court on May 9 to obtaining multi-million-dollar "loans" from the Grist Mill Trust, even though Mr. Kleiman claims that all Grist Mill Trust funds are for Trust participants, premium payments or administration.  Mr. Kleiman also ignores that the Grist Mill Trust improperly received nearly $5 million from the Charter Oak Trust – which Universitas will seek to recover through a turnover motion it plans to file this week.

**<u>Mr. Carpenter and his affiliates have no valid claim to Universitas' trust funds</u>**.  The letter fares no better when regurgitating Mr. Carpenter's prior assertions that he validly seized Universitas' trust funds on behalf of Grist Mill Capital, a company he controls.  No arbitrator or judge has ever determined that Mr. Carpenter had a right to "repay" himself from trust funds over which he acted as fiduciary, and the Arbitration Award (which this Court confirmed to Judgment) rejected Grist Mill Capital's claim to the money.  Mr. Carpenter made these "loan repayment" claims as a Respondent in a turnover motion that is fully briefed and *sub judice*, and we respectfully defer to the Court's adjudication of these claims instead of addressing them once again.

In view of Nova's non-compliance with the Court's September 30 Order, we respectfully request that the Court require Mr. Carpenter to submit an affidavit detailing all assets and property of his, and all assets or property of any company, corporation or entity (including any trusts) in which he has a direct or indirect interest or control.  We also plan to file a turnover motion against Mr. Carpenter and affiliated entities this week, since it is clear to us that Mr. Carpenter has improperly siphoned all assets from Nova as Trustee the Charter Oak Trust, thereby leaving it unable to satisfy this Court's June 7, 2012 Judgment and September 30, 2013 Order.

We thank the Court for its attention to these matters.



Respectfully submitted,

Paula K. Colbath
Partner


cc:      Matthew J. Brief and Ira Kleiman (via ECF)