UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, Petitioner, -v- NOVA GROUP, INC., as Trustee, Sponsor and Named Fiduciary of the CHARTER OAK TRUST WELFARE BENEFIT PLAN, Respondent. | Case No.: 11 CV 1590-LTS-HBP |
| NOVA GROUP, INC., as Trustee, Sponsor and Named Fiduciary of the CHARTER OAK TRUST WELFARE BENEFIT PLAN, Petitioner, -v- UNIVERSITAS EDUCATION, LLC, Respondent. | Case No.: 11 CV 8726-LTS-RLE |

**RESPONDENT DANIEL E. CARPENTER'S MEMORANDUM OF LAW ON RES JUDICATA AND COLLATERAL ESTOPPELL**

Pursuant to the Court's Order of November 26, 2013, respondent Daniel E. Carpenter submits this memorandum of law on the doctrines of res judicata and collateral estoppel.

I.

**The Doctrine of Res Judicata**

The Restatement (Second) of Judgments refers to res judicata as "claim preclusion" and collateral estoppels as "issue preclusion." See, e.g. Restatement (Second) of Judgments, ch. 1 (1982) (Scope Note). See also U.S. v. Mendoza, 464 U.S. 154, 104 S. Ct. 568, 78 L. Ed. 2d 379

(1984); Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 414, 66 L. Ed. 2d 308 (1980) (distinguishing between res judicata and collateral estoppel).

Res judicata applies where there has been a judgment on the merits of an action. Under this doctrine, the parties to a proceeding in which judgment was entered are precluded from later "relitigating issues that were or could have been brought" in the prior proceeding. Kremer v. Chemical Const. Corp., 456 U.S. 461, 467, 102 S. Ct. 1883, 1890, 72 L.Ed. 2d 262 (1982).

Res judicata precludes not only relitigating a claim previously adjudicated, but also any related claim or defense that could have been raised in the prior litigation. Collateral estoppel applies where a court has decided an issue of fact or law necessary to its judgment. Under this doctrine, the court's decision precludes relitigation of the same issue in subsequent litigation. Collateral estoppel applies not only against parties to the prior litigation, but also against those in privity with a party to the prior litigation. (Haig, R.L. ed., Business and Commercial Litigation in Federal Courts §13.3 at 1916-17 (footnote omitted)).

For a prior federal judgment that was rendered in an action founded upon diversity jurisdiction, its preclusive effect will be governed by federal common law principles. These principles require that federal diversity judgments be accorded the same preclusive effect that would be applied by state courts in the state where the federal diversity court sits. Purdy v. Zeldes, 337 F.3d 253, 258 n.5 (2d Cir. 2003) ("federal law on collateral estopppel applies to determine the preclusive effect of a prior federal judgment").

Courts also may raise res judicata or collateral estoppel on their own motion, where all relevant information is before the court and considerations of judicial economy, comity, and continuity in the law warrant judicial invocation of the doctrine. Salahuddin v. Jones, 992 F.2d 447, 448-449, 25 Fed. R. Serv. 3d 898 (2d Cir. 1993).

The burden of establishing preclusion is placed on the party claiming it. Dowling v. U.S., 493 U.S. 342, 350, 110 S. Ct. 668, 673, 107 L. Ed. 2d 708, 29 Fed. R. Evid. Serv. 1 (1990) (party seeking to foreclose relitigation of issue in second case has burden of demonstrating that issue sought to be foreclosed was actually decided in first proceeding) (Emphasis added). In re Sokol, 113 F.3d 303, 306 (2d Cir. 1997) (under New York law, party seeking benefit of collateral estoppel has burden of demonstrating identity of issues and necessity of their having been decided, and party opposing its use has responsive burden of establishing absence of full and fair opportunity to litigate issue in prior action.

1. Finality of Prior Judgment

Only final judgments on the merits support application of res judicata to a subsequent claim. See, e.g. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S. Ct. 2424, 2427, 69 L. Ed. 2d 103, 1981-1 Trade Cas. (CCH) P 64124 (1981). Hoxworth v. Blinder, 74 F.3d 205, 208, Bankr. L. Rep. (CCH) P 76764, Fed. Sec. L. Rep. (CH) P 99009 (10th Cir. 1996).

2. Identity of Claims

There must be identity of claims or causes of action. Both suits involved essentially the same course of wrongful conduct is not decisive; nor is it dispositive that the two proceedings involved the same parties, similar or overlapping facts and similar legal issues. A first judgment will generally have preclusive effect only where the transaction or connected series of transactions at issue in both suits is the same, that is, where the same evidence is needed to support both claims and where the facts essential to the second were present in the first. Nevada v. U.S., 463 U.S. 110, 130, 103 S. Ct. 2906, 2918, 7 L. Ed. 2d 509, 13 Envtl. L. Rep. 20704 (1983). See Facchiano Const. Co., Inc. v. U.S. Dept. of Labor, 987 F.2d 206, 212, 1 Wage & Hour Cas. 2d (BNA) 468, 39 Cont. Cas. Fed. (CCH) P 76542, 124 Lab. Cas. (CCH) P 35782 (3d

Cir. 1993) ("The Test for whether there is a single cause of action is: (1) whether the acts and the demand for relief are the same [,] (2) whether the theory of recovery is the same, (3) whether the witnesses and documents necessary at trial are the same, and (4) whether the material facts alleged are the same.").

3. Identity of Parties or Those in Privity

As observed in Haig, Business and Commercial Litigation:

> In order to be bound by the claim preclusive effect of a prior adjudication, a party must have either been a participant in the prior adjudication or have been so intimately involved in that adjudication that it is fair and equitable to require that party to accept the burden of the earlier judgment.

A party will be considered in privity, or sufficiently close to the party in the prior suit so as to justify preclusion, in three situations:

> First, a nonparty who has succeeded to a party's interest in property is bound by any prior judgments against the party…
> Second, a nonparty who controlled the original suit will be bound by the resulting judgment…
> Third, federal courts will bind a nonparty whose interests were represented adequately by a party in the original suit.

Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 43 F.3d 1054, 1069-1070, Fed. Sec. L. Rep. (CCH) P 98976, 31 Fed. R. Serv. 3d 91, 1995 FED App. 0009P (6th Cir. 1995) (quoting Southwest Airlines Co. v. Texas Intern. Airlines, Inc., 546 F.2d 84, 95 (5th Cir. 1977).

The fundamental requirement is that of fairness. Coates v. Kelley, 957 F. Supp. 1080, 1086 (E.D. Ark. 1997).

As the Second Circuit has explained:

> Privity may exist for the purpose of determining one legal question but not another depending on the circumstances and legal doctrines at issue. Whether there is privity between a party against whom claim preclusion is asserted and a party to prior litigation is a functional inquiry in which the formalities of legal relationships provide clues but not solutions. Some courts have thus held that the inquiry is a factual one.

Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 346 (2d Cir. 1995).

**II.**

**The Doctrine of Collateral Estoppel**

Res judicata and collateral estoppel are distinct doctrines that perform different, yet related functions. Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n.5, 99 S. Ct. 645, 649 n.5, 58 L. Ed. 2d 552, Fed. Sec. L. rep. (CCH) P 96713, 26 Fed. R. Serv. 2d 669 (1979).

"Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. U.S., 440 U.S. 147, 153, 99 S. Ct. 970, 973, 59 L. Ed. 2d 210. 25 Cont. Cas. Fed. (CCH) P 83034 (1979).

The party seeking to assert collateral estoppel bears the burden of demonstrating that the identical issues as to which preclusion is sought were the subject of earlier litigation. Kosakow v. New Rochelle Radiology Associates, P.C., 274 F.3d 706, 730, 27 Employee benefits Cas. (BNA) 1295, 7 Wage & Hour Cas. 2d (BNA) 906, 82 Empl. Prac. Dec. (CCH) P 40893, 145 Lab. Cas. (CCH) P 34431 (2d Cir. 2001) ("burden of proving identity of the issue rests on the proponent of collateral estoppel").

Collateral estoppel is narrower than res judicata in that it only applies to issues that were actually litigated in the prior proceeding. If there is any doubt that the issue as to which preclusion is sought was actually litigated, collateral estoppel should not be applied. Steen v. John Hancock Mut. Life Ins. Co., 106 F.3d 904, 912 (9th Cir. 1997). The Steen court also noted that collateral estoppel should not apply in the situation where there are potential alternative grounds for the ruling in the earlier litigation, with at least one of those alternatives differing from the issue under examination.

As is the case with res judicata, collateral estoppel applies against a party to prior litigation or one in privity with that party. Steen v. John Hancock Mut. Life Ins. Co., 106 F.3d 904 (9th Cir. 1997). Shaw v. Hahn, 56 F.3d 1128, 1131 (9th Cir. 1995). Mere similarity of interest among parties, without more in the form of privity, is insufficient to permit application of collateral estoppel. Beacon Oil Co. v. O'Leary, 71 F.3d 391, 395, 40 Cont. Cas. Fed. (CCH) P 76859 (Fed. Cir. 1995). See also Gateway Equipment Corp. v. U.S., 247 F.Supp 2d 299, 321, 2003-1 U.S. Tax Cas. (CCH) P 50290, 91 A.F.T.R.2d 2003-1108 (W.D. N.Y. 2003) (analyzing types of relationships giving rise to a finding of a "sufficiently close" relationship between the parties to justify application of collateral estoppel).

Due process requires determining whether the party against whom an estoppel is asserted had a full and fair opportunity to litigate is a most significant safeguard. Blonder-Tongue Laboratories, Inc. V. University of Illinois Foundation, 402 U.S. 313, 329, 91 S. Ct. 1434, 28 L. Ed. 2d 788, 169 U.S.P.Q. (BNA) 513, 1971 Trade Cas. (CCH) P 73565 (1971).

**Response to the Court's Specific Questions in its November 26, 2013 Order**

The decision of the Second Circuit, dated March 4, 2013, addressed subject matter jurisdiction only. The written opinion addresses only that issue and it is the law of the case as to the parties.

This Court's decision of June 7, 2012, addressed Universitas' petition

> "pursuant to the Federal Arbitration Act ('FAA'), 9 U.S.C. § 9, to confirm a January 24, 2011, Phase I arbitration award ('Award') against Respondent Nova Group, Inc. ("Respondent" or 'Nova') that was rendered in connection with a dispute arising from Petitioner's claim to certain life insurance policy death benefits."

The Court, as recited in the decision of June 5, 2013, confined in her decision of January 24, 2011, its review to the "Phase I" issues addressed by the arbitrator. The Court's decision

addressed only issues relating to the correctness of the arbitration, not a review of the arbitration proceeding in detail.

The arbitrator's decision of January 24, 2011, omitted any consideration of the liability, if any, of Grist Mill Capital LLC, or any individuals (including explicitly Mr. Daniel E. Carpenter) or other corporate entities for the payment of the Spencer insurance proceeds. See, Interim Award at pp 2, 12-13.

Universitas acknowledges that the arbitrator's decision was confined to Nova Group Inc., and the Charter Oak trust. Grist Mill Capital was dropped as a respondent and the arbitration ("Phase I") did not include Mr. Carpenter. See Petition to Confirm an Arbitration Award pursuant to 9 U.S.C. § 9 (Docket item #6, dated March 15, 2011 at 4 and 6).

Thus the arbitration itself did not resolve issues or facts as to any corporate entities other than Nova and Charter Oak Trust or as to Mr. Carpenter individually.

It is well-settled that the doctrine of res judicata and its underlying policies apply in equal measure to arbitral awards. The Second Restatement of Judgments provides that "a valid and final award by arbitration has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, as a judgment of a court. Restatement Second of Judgments, § 84(1) (1982); GUS Consulting GMBH v. Chadbourne & Parke LLP, 74 A.D.3d 677, 905 N.Y.S.2d 158 (1st Dep't 2010); Comprehensive Medical Care of New York, P.C. v. Hausknecht, 55 A.D.3d 777, 865 N.Y.S.2d 692 (2d Dep't 2008); Clemens v. Apple, 65 N.Y.2d 746, 492 N.Y.S.2d 20, 481 N.E.2d 560 (1985); N.Y. Lumber & Wood-Working v. Schnieder, 119 N.Y. 475 (1890).

In the Second Circuit, where a court finds the underlying dispute arbitrable, the res judicata issue is also arbitrable, and in the absence of legal and equitable grounds for revoking a

contract, the court must enforce the arbitration agreement. In National Union Fire Insurance Company of Pittsburgh, P.A. v. Belco Petroleum corporation, 88 F.3d 129 (2d Cir. 1996), the Second Circuit held that an arbitration agreement and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., required that the preclusive effect of a prior arbitration be arbitrated. The case concerned insurance claims by Belco against National Union and other insurers stemming from the Peruvian government's seizure of Belco's oil exploration and development operations in. See Belco, 88 F.3d at 131.

The insurance agreement contained a clause providing that "all disputes which may arise under or in connection with this policy" were to be arbitrated. Id. Pursuant to that agreement, a dispute regarding the insurance claims was arbitrated. An arbitration award issued, and the New York State Supreme Court confirmed that award. See id.

A subsequent dispute arose regarding the insurance claims, and a second arbitration was convened. While the second arbitration proceeded, Belco filed a complaint in federal court seeking a declaratory judgment on the insurance claims based on res judicata. The district court held that the preclusive effect of the prior arbitration should be arbitrated, pursuant to the insurance agreement. Id. at 132. The Second Circuit affirmed the district court's decision, holding that (1) federal law applied, and (2) the preclusive effect of the prior arbitration fell within the scope of the arbitration agreement. Id. at 135-136.

According to the Second Circuit, the arbitrability of a dispute "comprises the questions of (1) whether there exists a valid agreement to arbitrate at all under the contract in question…and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement. Under section 4 of the FAA these are the principal questions for the court to decide…" Id. at 134. "[W]hen the parties have a contract that provides for arbitration of some

issues," the question becomes "whether a particular merit-related dispute is abitrable because it is within the scope of a valid arbitration agreement." Id. (quotation omitted). In that context, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Id.

Finding that the preclusive effect of the prior arbitration was itself an arbitrable issue in Belco, the Second Circuit held:

> Belco's claim of preclusion is a legal defense to National Union's claim. As such, it is itself a component of the dispute on the merits. Belco's attempt to characterize the preclusion issue as not related to the merits is unavailing. It is as much related to the merits as such affirmative defenses as a time limit in the arbitration agreement or laches, which are assigned to an arbitrator under a broad arbitration clause similar to the one in the AIG Policy. As discussed above, the arbitration provision in the AIG Policy is sufficiently broad to encompass disputes about what was decided in a prior arbitration. The provision covers "[a]ll disputes which may arise under or in connection with this policy", and is not limited, as belco contends, to disputes that require an interpretation of the AIG Policy. We do not believe that the arbitration provision is ambiguous, but even if it were, the FAA would require resolving any ambiguity in favor of arbitration.

Id. (internal citations omitted).

The Second Circuit reached a similar conclusion in United States Fire Insurance Company v. National Gypsum Company, 101 F.3d 813 (2d Cir. 1996). There, the Second Circuit held that a claim of collateral estoppel based on an earlier court decision was an arbitrable issue. The court again considered the FAA's "strong presumption" of arbitrability and found that issue preclusion relates to the merits of an agreement. National Gypsum, 101 F.3d at 816-817. The court also found that the arbitration clause contained within the agreement was broad, and there was no doubt as to "whether the parties intended [issue preclusion] be subject to arbitration." Id. The court also noted the fact that the collateral estoppel issue required interpretation of the agreement. Accordingly, the Second Circuit reversed the district court's ruling on the collateral estoppel of the earlier court decision and indicated that the claim of issue preclusion should be

raised before an arbitrator. Id. at 817. Accord Akhenaten v. Najee, LLC, 544 F.Supp. 320 (SDNY 2008).

When a party submits an issue for arbitration, but the arbitrators fail to rule clearly on that issue, the party must ask the arbitrators to address the issue or it will be lost for further review and a claim of res judicata on that issue will fail. Renaissance Enterprises, Inc. v. Ocean Resorts, Inc., 330 S.C. 13, 496 S.E.2d 858 (1998).

Under New York law, collateral estoppel applies to issues resolved by arbitration where there has been a final determination on the merits, even without a confirmation of the award. The party invoking collateral estoppel bears the burden of showing with clarity and certainty that the identical issue necessarily must have been decided in the prior action and that it is decisive of the present action. BBS Norwalk One, Inc. v. Raccolta, Inc., 117 F.3d 674 (2d Cir. 1997).

**Argument**

Both res judicata and collateral estoppels can apply to arbitration findings. However, the reach of these doctrines is itself a matter for the arbitrator. District courts, therefore, need to decide if a) the matter was reached by the arbitrator at all, b) if not, is the matter properly one for the arbitrator to review, and c) should the parties be ordered back to arbitration.

The preliminary question is whether or not a party to the litigation in district court was a party to the arbitration agreement itself or the arbitration. If the "non-party" to the arbitration agreement is a party in district court, the court may not be able to return the issues of res judicata and collateral estoppel to the arbitrator at all.

In the case before this court, the arbitration did not reach Grist Mill Capital or Mr. Carpenter individually at all and released Grist Mill Capital and Mr. Carpenter from the arbitration. Therefore, it can be properly concluded that the arbitrator answered in the negative

the question of whether or not Grist Mill Capital and Mr. Carpenter were bound by the Interim Award decision.

Likewise, if the arbitrator did not reach Grist Mill Capital, he could not have ruled on whether issues or fact questions as to the transferee entities to which Grist Mill Capital paid money.

Dated: December 2, 2013
White Plains, New York

Respectfully submitted,

s/Anthony J. Siano
Anthony J. Siano, Esq. (AS8842)
Anthony J. Siano, Esq., PLLC
333 Westchester Avenue, Suite 302
White Plains, New York 10604

To:

Paula K. Colbath,Esq
Michael Barnett, Esq.
Loeb & Loeb
345 Park Avenue
New York, New York 10154

Matthew Brief, Esq.
Ira Kleiman, Esq.
Brief, Carmen, Kleiman, LLP
805 Third Avenue - 12th Floor
New York New York
United States of America 10022

Carole Bernstein, Esq.
41 Maple Avenue North
Westport, Connecticut 06880

Glenn A. Duhl, Esq.
Siegel, O'Connor, O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103