# ANTHONY J. SIANO, ESQ., PLLC
A PROFESSIONAL CORPORATION
333 WESTCHESTER AVENUE - SUITE 302
WHITE PLAINS, NEW YORK 10604

(914) 997-0100
FAX (914) 997-4179

ANTHONY J. SIANO

December 9, 2013

**By ECF and Federal Express**

Hon. Laura Taylor Swain
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10005

    Re:    <u>Universitas Education LLC, v. Nova Group Inc.</u>
            11 CIV 1560 (LTS)(HBP)

Dear Judge Swain:

    I am counsel for Mr. Daniel E. Carpenter and I am writing in response to Ms. Colbath's letter of December 9, 2013.

    My submission of December 6, 2013, replies directly to Universitas' offer of its Proposed Finding of Fact #11. It was to reply to that Proposed Finding of Fact that my affidavit (and its attachments) were provided to the Court. The proposed finding of fact was contradicted by reality and it is unfortunate that Ms. Colbath suggests that the closure of the "evidentiary record" might present her client with a license to deceive or limit my right to correct a misrepresentation.

    I appreciate the "withdrawal" of Proposed Finding of Fact #11. However, the petitioner's papers are replete with references to the purported significance of the insurance policies—including the Wisda policy—as demonstrating an imminent risk of harm. The fact that ordinary Restraining Notices were able to protect the judgment-debtor as to a current insurance policy demonstrates that Universitas does not need the extraordinary remedy it now seeks. The petitioner's failure to fully disclose its dealings with Wisda is really an attempt to avoid admitting that the Restraining Notices are an effective enforcement device, without an injunction against Mr. Carpenter.

    My determination of the facts as to the Wisda policy and Universitas' recovery of funds in connection therewith did not arise from Mr. Carpenter. In her letter, counsel for Universitas assumes that only Mr. Carpenter has knowledge regarding events in this

matter. Her assumption is incorrect and her assertion that the facts as to the Wisda payout has been known to me for months is likewise incorrect. I confirmed the facts reflected in the documents accompanying my affidavit in November 2013—from a third party.

What is also true—and relevant—is that Universitas obtained the Wisda payout before the Court issued its decision in Moonstone. This Court, based on a hearing that ended in May 2013, issued its opinion in November 2013. Since Universitas obtained the payment in August 2013 one might assume that counsel for Universitas would not have offered Proposed Finding of Fact #11 in its December 2013 papers. That is what my submission addressed.

Now that Ms. Colbath has recanted one aspect of this matter, she chooses not to limit her letter to the inaccuracy of the matter she put before this Court but rather attacks me and my client.

As for Universitas' treatment of the documents obtained in response to third-party subpoenas, I and other counsel for various respondents have had repeated conversations with counsel for Universitas regarding whether or not Universitas has been providing documents to counsel for respondents <u>contemporaneously with</u> the third parties' productions to Universitas.

Ms. Colbath's suggestion that "prior counsel" may have received such documents is unpersuasive for several reasons:

- Subpoenas have been served by Universitas in 2013 and there are no "prior counsel" regarding those productions—which have not been provided;

- As to such earlier subpoenas, earlier counsel did not receive records either. By way of example, when I (and another counsel for a respondent) had asked counsel for Universitas for third party bank records, we were offered the same "suggestion". In response, I canvassed "prior counsel" and, not surprisingly, none had the records about which I had inquired; and

- If counsel for Universitas did send documents to "prior counsel" perhaps they could offer us the cover transmittal letters so reflecting that, rather than send us on another "goose chase."

Universitas' subpoenas are not limited to "Nova's assets". There have been subpoenas to entities at arm's length from the respondents, e.g Caldwell Life Strategies, and to document custodians, e.g. Christiana Bank. These document productions are

2

germane to issues Universitas is raising in the pending turnover proceedings and I suggest to the Court that fairness compels that respondents should be provided with said productions. (This particularly so considering that the productions are usually done with digital media.)

Respectfully submitted,

Anthony J. Siano

cc: Paula Colbath, Esq. (by e-mail transmission)