Exhibit B to January 28, 2014 Letter from
Universitas' Counsel to Judge Swain

AMERICAN ARBITRATION ASSOCIATION
COMMERCIAL ARBITRATION TRIBUNAL

In the Matter of the Arbitration Between:

Benistar 419 Plan Services, Inc. for Benistar 419
Plan and Trust; Nova Benefit Plans, LLC for the
Grist Mill Trust; Benistar Admin Services, Inc.;
and Daniel Carpenter,

        Claimants,

        -and-                        AAA Case No. 13 148 Y 00480 13

Mortgages Unlimited, Inc. and James J. Benincasa
And Jody L. Benincasa,

        Respondents.

### FINAL AWARD OF ARBITRATOR

I, the the undersigned Arbitrator, having been designated in accordance with the arbitration provisions contained in The Benistar 419 Plan & Trust Administration Agreement dated November 30, 2001 and the Grist Mill Trust Welfare Benefit Plan (Adoption and Administration Fee Agreements) dated February 27, 2004 between the Parties hereto,[1] and the Arbitrator having been duly sworn and having heard the proofs and the allegations of the Parties, do hereby find, conclude and Order this Final Award as described below.

In March 2007, James J. and Jody L. Benincasa, individually and as participants in Mortgage$ Unlimited, Inc.'s ("MUI") Benistar 419 Plan & Trust filed a demand for arbitration (the "2007 Arbitration") against the Respondents in this arbitration and additional persons.  The 2007 Arbitration was decided by Arbitrator Jeffrey G. Stein on May 15, 2013 and found that the "Benistar Respondents"[2] breached their contractual obligations and were jointly and severally liable to pay the Benincasas for the actual

---

[1] Daniel Carpenter and Nova Benefit Plans, LLC are not signatories to the contracts containing these arbitration provisions and claim standing based on their relationship to the Benistar Respondents.
[2] The Benistar Respondents include Benistar 419 Plan Services, Inc., Benistar Admin Services, Inc., The Grist Mill Trust Welfare Benefit Plan, and Benistar Employer Services Trust Company (BESTCO).

1

argument that "arbitrators are not bound by the decisions of prior arbitrators" and are not required to give prior arbitral awards preclusive effect. However, given the facts present in this case, it is clear that each of the present claims was considered by Arbitrator Stein and decided. To fail to give preclusive effect to those determinations would effectively grant appellate rights to the Final Award in the 2007 Arbitration. In fact, in the event I were to reach a conclusion that conflicted with a decision rendered in the 2007 Arbitration, my decision would not carry the weight of an appeal simply because it would be rendered later in time. Unlike an appeal, a conflicting finding would create an additional dispute frustrating the arbitral process. Accordingly, it is my decision that the Final Award issued in the 2007 Arbitration precludes Claimants from prosecuting these same claims in this arbitration.

Claimants also argue that "a party must receive at least one opportunity for appellate review before it will be subject to the application of collateral estoppel." That rule does not apply to arbitrations since an arbitral award, although subject to challenge, cannot otherwise be appealed. If the Claimants' state court challenge to the 2007 Arbitration Award is successful, all claims can be heard and decided *de novo* (as they were in the 2007 Arbitration) in a single arbitration.

Finally, Claimant contends that collateral estoppel can only be applied to persons who were parties to the 2007 arbitration. Mr. Carpenter was dismissed as a Respondent in the 2007 Arbitration since he was a non-signatory to the contract claims in dispute. Similarly, Nova Benefit Plans, LLC ("Nova") was not a signatory to any of the contracts in dispute. Claimant does not provide any statement of what role Nova played in the transactions but states that "Mr. Carpenter and Nova's claims against Mortgage$ Unlimited, Inc. are intertwined with those agreements and are entitled to compel arbitration of their claims pursuant to the doctrine of alternative estoppel" and that Mr. Carpenter also has standing since he is an agent of BASI. Since BASI was among the Benistar Respondents in the 2007 Arbitration (whose claims have been decided and are barred) Mr. Carpenter cannot rely on his agency status to assert his claim in this arbitration. In fact, the Demand and Statement of Claim provides no additional facts

8

that distinguish either Mr. Carpenter's or Nova's claims from the facts and contract provisions that were considered and decided in the 2007 arbitration.  Since Mr. Carpenter's and Nova's claims are based on their status as parties in privity with the Benistar Respondents whose claims were finally decided in the 2007 Arbitration their claims are barred in this arbitration.

III.    Final Award

The Benincasas' Motion to dismiss all claims against them for lack of personal jurisdiction is denied.

Respondents Motions for dismissal of all of Claimants claims in this arbitration is granted with prejudice for lack of subject matter jurisdiction.

Claimants request that certain claims be dismissed without prejudice is denied.

The Cross-Motions filed by Respondents are dismissed without prejudice.

The Administrative fees of the American Arbitration Association totaling $4,350.00 and the compensation of the Arbitrator totaling $8,200.00 shall be borne entirely by Claimants.  Therefore, Claimants shall jointly and severally reimburse Respondents James and Jody Benincasas the sum of $2,050.00.

Any amounts due pursuant to this Final Award that remain unpaid after the stated payment date shall accrue interest from the scheduled payment date to the date of payment calculated at the simple annual rate of 10%.