UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

        Judgment Creditor,

        -against-

NOVA GROUP, INC., as trustee, sponsor and
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,

        Judgment Debtor,

------------------------------------------------------------X

Case Nos. 11 CV 1590-LTS-HBP and
11-8726-LTS

## [PROPOSED] ORDER MODIFYING THE COURT'S PRELIMINARY INJUNCTION AGAINST DANIEL E. CARPENTER

For good cause shown as stated herein and in a letter to the Court submitted by counsel for Curaleaf, LLC (Docket Entry Number 260 in Case No. 11-8726), and with the consent of Petitioner/Judgment Creditor Universitas Education, LLC ("Universitas"), the Court hereby modifies its Preliminary Injunction issued in this case as follows:

**WHEREAS**, on January 13, 2014, a preliminary injunction was issued against Respondent Daniel E. Carpenter ("Carpenter") by the United States District Court, Southern District of New York, in the matter of *Universitas Education LLC v. Nova Group, Inc.*, 11 Civ. 1590 (LTS) ("the Injunction," at pages 15-16 of Docket Entry Number 366 in Case No. 11 Civ. 1590(LTS));

**WHEREAS**, the Injunction, in pertinent part, restrains Carpenter and his agents from transferring or assigning the assets of any company that he owns or controls, directly or indirectly, with a limited exception for ordinary expenses not applicable here;

**WHEREAS**, it appears that GMP owns certain real property at 100 Grist Mill Road in Simsbury, Connecticut ("the Property");

**WHEREAS**, based on the Letters of Intent furnished to the Court, as well as Mr. Carpenter's testimony before this Court, the Court finds that Carpenter controls ~~or owns~~ GMP, directly or indirectly (see Universitas Educ., LLC v. Nova Grp., Inc., 2013 U.S. Dist. LEXIS 165803 (S.D.N.Y. Nov. 20, 2013));



**WHEREAS**, Curaleaf has represented to the Court that GMP and Curaleaf, LLC ("Curaleaf") intend to enter into a certain Lease and Purchase Option Agreement pertaining to the Property ("the Transaction");

**WHEREAS**, Curaleaf represents to the Court that the written terms contained in the Lease and Purchase Option Agreement constitute the entire contemplated agreement between GMP and Curaleaf, and that no consideration has been paid or will be paid by Curaleaf except to GMP in accordance with the Lease and Purchase Option Agreement, the Injunction and this Order;

**WHEREAS**, Curaleaf represents to the Court that it has no agreement (oral or written) with Carpenter or any entity owned or controlled by him other than GMP;

**WHEREAS**, Curaleaf represents to the Court that it will not complete the Transaction without the limited modification to the Injunction being provided herein;

**WHEREAS**, Curaleaf represents to the Court that it faces immediate and irreparable damage if the Injunction is not modified;

**WHEREAS**, Curaleaf has represented to the Court that the Transaction will improve the Property and will not lead to a diminution in value of the assets owned or controlled by Carpenter;

**WHEREAS**, Carpenter and GMP have been provided advanced notice that Universitas would seek the entry of this Order, and were afforded an opportunity to comment on the Order; and

**WHEREAS**, the Court finds that Carpenter, being subject to the Injunction, will not be prejudiced by the limited exception to the Injunction provided herein;

**IT IS HEREBY ORDERED** that:

Relief is granted from the Injunction so that Curaleaf and GMP may enter the Transaction, and they are ordered to comply with the following conditions at all relevant times if the Transaction is completed:

1. Curaleaf will provide Universitas' counsel with copies of the final draft of the Lease and Purchase Option Agreement, and all Exhibits and Schedules thereto, and with copies of these documents as executed. No material changes will be made between the final draft documents and the executed documents without prior review by Universitas' counsel. Curaleaf must give Universitas at least 2 days' advance notice of any change, amendment, revision or addition to the Purchase and Lease Option Agreement.

2. All payments and transfers to be made by Curaleaf to GMP under the terms of the Lease and Purchase Option Agreement shall be made by wire transfer to the GMP account at TD Bank, Account No. 424-0166-200 (the "Account"). No payments shall be made by Curaleaf to GMP except to the Account and except with notice to Universitas.

3. GMP must provide Universitas' counsel with a copy of each statement for the Account as it becomes available, or permit Universitas to obtain these statements directly from TD Bank. GMP must authorize and permit Universitas' counsel to communicate with TD Bank, in order to verify the authenticity of each monthly statement as well as any other information or transactions taking place through the Account. GMP must authorize TD Bank to provide Universitas' counsel with a copy of each mortgage statement.

4. GMP, acting solely in its capacity as Landlord of the Property, may disburse funds from the Account only to pay necessary landlord expenses for the Property, as those expenses are set out in the Lease and Purchase Option Agreement and/or under the existing mortgage on the Property (the "Disbursements"). These Disbursements include property taxes, insurance premiums, maintenance and repair costs. No Disbursement exceeding $5,000.00 may be made from the Account without five days' advance written notice to Universitas.

5. Under no circumstances will GMP transfer any money out of the Account, directly or indirectly, to Carpenter or any person or entity subject to the Injunction.

6. Upon request, and within 5 business days of the request, GMP must provide Universitas' counsel with copies of any documents requested by Universitas pertaining to any Disbursement.

7. If Curaleaf decides to take any action concerning its Purchase Option, Curaleaf must give 5 days' advance written notice to Universitas' counsel.

8. Except as expressly provided herein, the Injunction is in full force and effect.

9. This Order may only be modified by the Court, upon motion by Universitas, Curaleaf, GMP and/or Carpenter, with all non-movants provided notice of a motion and at least 3 business days to respond. [handwritten insertion: "or the injunction is" ... "in relevant respect"]

10. This Order will remain in effect until modified or vacated by the Hon. Laura Taylor Swain or another judge of the United States District Court for the Southern District of New York.

3

This Order does not have any bearing on the validity or legality of any transaction completed or contemplated by Curaleaf, GMP and/or Carpenter. This Order does not affect any person or entity's interest in or rights to the Property. This Order only modifies the Injunction, and only to the extent necessary to permit Curaleaf and GMP to enter into the Transaction if they choose to do so and the provisions of this Order are complied with at all relevant times.

Dated: February 11, 2014
New York, NY

SO ORDERED:

The Hon. Laura Taylor Swain
USDJ