

**PAULA K. COLBATH**
Partner

345 Park Avenue
New York, NY  10154

**Direct**   212.407.4905
**Main**    212.407.4000
**Fax**     212.937.3189
pcolbath@loeb.com

Via ECF
Via Messenger

February 12, 2014

The Hon. Laura Taylor Swain
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *Universitas Education, LLC v. Nova Group, Inc.*, Case No. 11-1590-LTS-HBP (S.D.N.Y.)
**Letter-Motion Seeking A Pre-Motion Conference Regarding A Modification of the Preliminary Injunction Order**

Dear Judge Swain:

We represent Petitioner/Judgment Creditor Universitas Education, LLC ("Universitas"), and write to bring an issue to your Honor's attention relating to the Preliminary Injunction Order ("Injunction") against Daniel E. Carpenter.  We respectfully request a pre-motion conference in order for the Court to address Universitas' planned motion to modify the Injunction.  This planned motion arises out of concerns related to a potential transaction – unrelated to yesterday's – involving Mr. Carpenter.

As your Honor is well aware, the Court was compelled to hold an emergency hearing yesterday because Mr. Carpenter, acting through his entity Grist Mill Partners, LLC ("GMP"), initially refused to consent to the submission and entry of a proposed Order modifying the Injunction so that certain monies paid by Curaleaf, LLC ("Curaleaf") to GMP could be secured during the pendency of Universitas' permanent injunction and turnover motion.  In fact, it was Curaleaf that first raised the issue of the Injunction to GMP, and sought the Court's approval of the money-transfer aspect of the transaction, having fortuitously found out about its existence only last week.  It is apparent that Mr. Carpenter would have completed the Curaleaf transaction – in which Curaleaf has received, with the Court's permission, an exclusive option to purchase a commercial building worth millions – without mentioning the Injunction, or informing the Court or Universitas.

Unrelated to Curaleaf, there exists the strong likelihood for a similar situation regarding a litigation in Connecticut Superior Court, in which Mr. Carpenter is the Plaintiff through yet another shell entity of his, Boston Property Exchange Transfer Company, Inc. ("BPETCO").  That case, in which BPECTO has sued Merrill Lynch ("Merrill"), was ready to go to a jury trial on Monday, February 3, yet the trial has been adjourned without date, we believe so that the parties could conclude a settlement (the docket discloses no reason for an adjournment).



The Hon. Laura Taylor Swain
February 12, 2014
Page 2

<u>Boston Property Exchange Transfer Company, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, Case No. HHD-CV11-6026660-S (Hartford Co.).

We are gravely concerned about a repeat situation in the event the parties settle the Connecticut case and Merrill is instructed, by Mr. Carpenter, to make a settlement payment to an entity other than BPETCO. Further, despite our extensive discovery and due diligence, we have not identified an account standing in the name of Boston Property Exchange Transfer Company.

This concern arises not only because Mr. Carpenter fought yesterday's Order, as well as Mr. Carpenter's well-documented history of complex corporate shell games (which he has twice testified to in this Court), but also for the following additional reasons:

- Mr. Carpenter is not complying with the Injunction's reporting requirements, as the only report his attorney has made only referred to "payments [that] have been made on behalf of Mr. Carpenter," and/or "payments … made for Mr. Carpenter." **Exhibit A**. The Court's Order, however requires reporting of certain payments made on behalf of Mr. Carpenter and/or "**all of the entities [that] are subject to this injunction**," and we have no assurance that Mr. Carpenter is reporting all such transactions (emphasis added). These concerns are heightened by the fact that Mr. Carpenter has also refused to document the transactions he has reported, notwithstanding the Court's order that he do so (We continue to discuss these issues with Mr. Carpenter's counsel and plan to confer on Friday.)

- Mr. Carpenter is scheduled to be sentenced on February 26 in the District of Massachusetts on mail and wire fraud charges, and thus regrettably may not be deterred by the Court's Injunction. <u>See</u> <u>U.S. v. Carpenter</u>, 04-CR-10029 (D. Mass.).

- Mr. Carpenter is under indictment in the District of Connecticut on insurance fraud charges, which, on top of his imminent sentencing in Massachusetts, may further embolden Mr. Carpenter since even if he is found in contempt of this Court, he is already going to prison and may be convicted in another case. <u>See</u> <u>U.S. v. Carpenter and Bursey</u>, Case No. 13-CR-226-RNC (D. Conn.).

- As suggested at yesterday's hearing, Mr. Carpenter believes that the entities he controls in Connecticut are not subject to this Court's jurisdiction, which ignores not only the Injunction but caselaw regarding a court's ability to assert jurisdiction over an entity that is an alter ego of a person subject to the court's jurisdiction (Mr. Carpenter has never contested this Court's jurisdiction over him).[1] Were it otherwise, Mr. Carpenter could simply set up shell entities in Connecticut, argue that

---

[1] <u>See</u> <u>D. Klein & Son, Inc. v. Good Decision, Inc.</u>, 147 F. App'x 195, 196-97 (2d Cir. 2005) (personal jurisdiction can be established through veil-piercing); <u>SEC v. Softpoint, Inc.</u>, No. 95-2951-JSR, 2012 U.S. Dist. LEXIS 187142, at *7-8 (S.D.N.Y. May 8, 2012) (in turnover action, finding personal jurisdiction over corporate entity through reverse veil-piercing); <u>Miramax Film Corp. v. Abraham</u>, No. 01-5202-GBD, 2003 U.S. Dist. LEXIS 21346, at *20-23 (S.D.N.Y. Nov. 24, 2003) (personal jurisdiction can be established through reverse veil-piercing).



they do no business in New York – in fact BPETCO, at this time, appears not to do business anywhere except litigate against Merrill – and claim they are outside the Court's jurisdiction; which is what he's trying, but prohibited from, doing.

There is also no reasonable doubt that Mr. Carpenter controls and owns BPETCO, for the following (non-exclusive) reasons:

- Mr. Carpenter submitted a sworn affidavit in the Connecticut litigation, dated May 4, 2012, in which he says he is "Chairman" of BPETCO. **Exhibit B** at ¶2.

- In 2008, the Supreme Judicial Court of Massachusetts affirmed a lower court decision finding BPETCO – then known as Benistar Property Exchange Trust Company[2] – to be owned by Mr. Carpenter. Cahaly v. Benistar Prop. Exch. Trust Co., 451 Mass. 343, 345-346 (Mass. 2008).

- An account inventory produced by JP Morgan in April 2013 – pursuant to subpoena issued in this case – shows Mr. Carpenter, Molly Carpenter and his assistant Amanda Rossi to be signatories to an account in the name of "Bpetco Litigation Group Inc.," and also shows Mr. Carpenter to be the sole signatory on a second account also in the name of "Bpetco Litigation Group Inc." **Exhibit D**.

We respectfully ask the Court to schedule a conference (in-person or telephonic), as soon as possible, to address Universitas' concerns.

We ask that the Court require a member of BPETCO's law firm, Pastore & Dailey, LLC ("P&D"), to participate in the conference, as well as be given an opportunity to submit a letter to the Court responding to Universitas' concerns. In view of the Injunction, we assume that P&D, which the Injunction binds, would welcome a conference and an opportunity to submit a written response to Universitas' concerns. (Universitas will be serving a copy of this letter on P&D's New York office.)

Notwithstanding the presumed confidentiality of any settlement negotiations, options for the Court's consideration include ordering Mr. Carpenter and his agents (including P&D) to only accept payment of any settlement proceeds into P&D's trust account, where it will be held by Mr. Carpenter's own attorneys subject to the Court's Injunction, and pending disposition of Universitas' turnover and permanent injunction motion.

We appreciate the Court's attention to this matter.

---

[2] Mr. Carpenter testified in a deposition in this action that Boston Property Exchange Transfer Company, Inc. – the plaintiff in the litigation against Merrill – is the successor to the confusingly similar Benistar Property Exchange Transfer Company. See **Exhibit C**, April 17, 2013 Tr. at p. 14. See also **Exhibit B** at ¶2.



Sincerely,

Paula K. Colbath
Partner

Attachments

cc:   Joseph M. Pastore, III (via ECF, e-mail and Federal Express)
      Anthony J. Siano (counsel for Mr. Carpenter (via ECF)