

**MICHAEL BARNETT**
Attorney At Law

345 Park Avenue
New York, NY  10154

**Direct**   212.407.4163
**Main**    212.407.4000
**Fax**     212.656.1554
mbarnett@loeb.com

Via ECF
Via Messenger

February 25, 2014

The Hon. Laura Taylor Swain
United States District Judge
U.S. District Court
500 Pearl Street
New York, NY 10007

Re:    *Universitas Education, LLC v. Nova Group, Inc.*, Case No. 11-1590-LTS-HBP (S.D.N.Y.)

Dear Judge Swain:

We represent Universitas Education, LLC ("Universitas"), and write in response to a February 20 letter submitted to the Court by Joseph M. Pastore, III (dkt. no. 383), an attorney for Boston Property Exchange Transfer Company, Inc. ("BPETCO").

We oppose Mr. Pastore's application to disburse certain funds received in a Connecticut litigation settlement to his client BPETCO (the "Settlement Proceeds"), as the Preliminary Injunction Order ("PI Order") prohibits him from doing so.  This is because Daniel E. Carpenter controls and/or owns BPETCO,  and thus BPETCO and its attorneys are subject to the PI Order, which is in place to preserve assets of Mr. Carpenter and his entities in the event this Court enters a money judgment against him.

**Mr. Carpenter Controls And Owns BPETCO**

There is no reasonable doubt that Mr. Carpenter controls and owns BPETCO, for the following (non-exclusive) reasons:

- Mr. Carpenter submitted a sworn affidavit in the settled Connecticut litigation, dated May 4, 2012, in which he says he is "Chairman" of BPETCO.  **Exhibit A** at ¶2.

- In 2008, the Supreme Judicial Court of Massachusetts affirmed a lower court decision finding BPETCO – then known as Benistar Property Exchange Trust Company[1] – to be owned by Mr. Carpenter.  Cahaly v. Benistar Prop. Exch. Trust Co., 451 Mass. 343, 345-346 (Mass. 2008).

---

[1] Mr. Carpenter testified in a deposition in this action that Boston Property Exchange Transfer Company, Inc. – the plaintiff in the recently concluded Connecticut litigation – is the successor to the confusingly similar Benistar Property Exchange Transfer Company.  See **Exhibit B**, April 17, 2013 Tr. at p. 14.  See also **Exhibit A** at ¶2.

Los Angeles   New York   Chicago   Nashville   Washington, DC   Beijing   Hong Kong   www.loeb.com

A limited liability partnership including professional corporations



The Hon. Laura Taylor Swain
February 25, 2014
Page 2

- An account inventory produced by JP Morgan in April 2013 – pursuant to subpoena issued in this case – shows Mr. Carpenter, Molly Carpenter and his assistant Amanda Rossi to be signatories to an account in the name of "Bpetco Litigation Group Inc.," and also shows Mr. Carpenter to be the sole signatory on a second account also in the name of "Bpetco Litigation Group Inc." **Exhibit C**. Further, despite our extensive discovery and due diligence, we have not identified an account standing in the name of BPETCO (as opposed to "Bpetco Litigation Group"). Mr. Pastore does not shed any light on this issue, and in fact confirms suspicions about BPETCO not having a bank account by alluding to his requested disbursement of the Settlement Proceeds to "our client, <u>its legal designee or other lawful holder</u>" (emphasis added).

Contrary to Mr. Pastore's assertion, whether Mr. Carpenter controls and owns BPETCO is not "debatable." Mr. Pastore does not even suggest that anyone else is affiliated with BPETCO, and does not attempt to counter the substantial evidence cited above that proves Mr. Carpenter controls BPETCO (which evidence we also included in our February 12 letter to the Court, dkt. 380). The fact that Mr. Pastore is even seeking the Court's permission to disburse the Settlement Proceeds shows that Mr. Carpenter is the only person standing behind BPETCO; were it otherwise, Mr. Pastore would discuss the other people who operate BPETCO and why the PI Order does not apply to it..

In the event the Court concludes that there are disputes of material fact as to Mr. Carpenter's control and/or ownership of BPETCO, we respectfully request that the Court clarify that the PI Order nonetheless restrains Mr. Pastore from transferring any assets while Universitas takes discovery on the issue of Mr. Carpenter's control and ownership of BPETCO.

**<u>Mr. Carpenter Will Transfer The Settlement Proceeds In Order To Frustrate Creditors</u>**

Particularly since BPETCO has no bank account, it is a certainty that Mr. Carpenter will divert the Settlement Proceeds away from BPETCO to further frustrate his creditors. This concern arises not only because of Mr. Carpenter's well-documented history of complex corporate shell games (which he has twice testified to in this Court), but also for the following additional reasons:

- Mr. Carpenter is not complying with the PI Order's reporting requirements, as the only report his attorney has made only referred to "payments [that] have been made on behalf of Mr. Carpenter," and/or "payments … made for Mr. Carpenter." **Exhibit D**. The Court's Order, however requires reporting of certain payments made on behalf of Mr. Carpenter and/or "**<u>all of the entities [that] are subject to this injunction</u>**," and we have no assurance that Mr. Carpenter is reporting all such transactions (dkt. no 366 at 15-16, emphasis added). These concerns are heightened by the fact that Mr. Carpenter has also refused to document the transactions he has reported, notwithstanding the Court's order that he do so. (We continue to confer with Mr. Carpenter's attorney on this issue.)



- Mr. Carpenter is scheduled to be sentenced on Wednesday in the District of Massachusetts on mail and wire fraud charges, and thus regrettably may not be deterred by the PI Order. See U.S. v. Carpenter, 04-CR-10029 (D. Mass.).

- Mr. Carpenter is under indictment in the District of Connecticut on insurance fraud charges, which, on top of his imminent sentencing in Massachusetts, may further embolden Mr. Carpenter since even if he is found in contempt of this Court, he is now at risk of receiving lengthy prison sentences in two federal cases. See U.S. v. Carpenter and Bursey, Case No. 13-CR-226-RNC (D. Conn.).

- As your Honor is well aware, the Court was compelled to hold an emergency hearing on February 11 because Mr. Carpenter, acting through his entity Grist Mill Partners, LLC ("GMP"), initially refused to consent to the submission and entry of a proposed Order modifying the PI Order so that certain monies paid by Curaleaf, LLC ("Curaleaf") to GMP could be secured during the pendency of Universitas' permanent injunction and turnover motion. In fact, it was Curaleaf that first raised the issue of the PI Order to GMP, and sought the Court's approval of the transaction, having fortuitously found out about the PI Order on February 5. It is apparent that Mr. Carpenter would have completed the Curaleaf transaction – in which Curaleaf has now received, with the Court's permission, an exclusive option to purchase a commercial building worth millions – without mentioning the PI Order, or informing the Court or Universitas.

- As suggested at the February 11 emergency hearing before this Court, Mr. Carpenter believes that the entities he controls in Connecticut are not subject to this Court's jurisdiction, which ignores not only the PI Order but caselaw regarding a court's ability to assert jurisdiction over an entity that is an alter ego of a person subject to the court's jurisdiction (Mr. Carpenter has never contested this Court's jurisdiction over him).[2] Were it otherwise, Mr. Carpenter could simply set up shell entities in Connecticut, argue that they do no business in New York – in fact BPETCO, at this time, appears not to do business anywhere except be the plaintiff in the now-concluded Connecticut litigation – and claim they are outside the Court's jurisdiction; which is what he's trying, but prohibited from, doing. In any event, Mr. Carpenter has not appealed the PI Order, and the deadline to file a notice of appeal was February 12.

**Other Carpenter Creditors Agree That The Settlement Proceeds May Not Be Transferred**

Mr. Pastore references other Carpenter creditors (the "Boston Creditors") who have sought preliminary relief in Massachusetts Superior Court regarding the Settlement Proceeds. We

---

[2] See D. Klein & Son, Inc. v. Good Decision, Inc., 147 F. App'x 195, 196-97 (2d Cir. 2005) (personal jurisdiction can be established through veil-piercing); SEC v. Softpoint, Inc., No. 95-2951-JSR, 2012 U.S. Dist. LEXIS 187142, at *7-8 (S.D.N.Y. May 8, 2012) (in turnover action, finding personal jurisdiction over corporate entity through reverse veil-piercing); Miramax Film Corp. v. Abraham, No. 01-5202-GBD, 2003 U.S. Dist. LEXIS 21346, at *20-23 (S.D.N.Y. Nov. 24, 2003) (personal jurisdiction can be established through reverse veil-piercing).



have conferred extensively with counsel for the Boston Creditors, and they agree that the PI Order restrains any transfer of the Settlement Proceeds.  We understand that counsel for the Boston Creditors (who are copied on this letter) will be confirming their position in their own submission to this Court.

We have agreed to continue to discuss with counsel for the Boston Creditors a mutually agreeable distribution of the Settlement Proceeds.

While Universitas opposes Mr. Pastore's disbursement request, it consents to entry of an Order requiring Mr. Pastore's firm to hold the Settlement Proceeds – preferably in its escrow account at a large, reputable financial institution – pending disposition of Universitas' turnover and permanent injunction motion.  We respectfully assert that the PI Order requires nothing less.

Respectfully submitted,

Michael Barnett
Loeb & Loeb LLP

Attachments

cc:     Joseph M. Pastore, III (via ECF)
        Anthony R. Zelle and Thomas W. Evans (via e-mail)