D + F

# Zelle
# McDonough
# & Cohen LLP

101 Federal Street
14th Floor
Boston, MA 02110
Tel 617.742.6520
Fax 617.742.1393
www.zelmcd.com

February 25, 2014

*Via Facsimile*



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 1 2 201

The Hon. Laura Taylor Swain
United States District Judge
U.S. District Court
500 Pearl Street
New York, NY 10007

Re: Universitas Education, LLC v. Nova Group, Inc., Case No. 11-1590-LTS-HBP
(S.D.N.Y.) _____

Dear Judge Swain:

We write in connection with the above referenced matter.

Our office represents a number of individuals and entities[1] who are judgment creditors (the "judgment creditors") of Boston Property Exchange Transfer Company f/k/a Benistar Property Exchange Trust Company ("BPETCO"). BPETCO engaged in a criminal scheme between 1998 and 2000 using escrow money held for like-kind property exchanges to trade naked stock options. As a result, BPETCO was unable to return millions of dollars of escrow money to the judgment creditors in the year 2000.

In 2001 our clients sued BPETCO in Massachusetts Superior Court. In 2004 the court entered judgment in favor of our clients and against BPETCO. A copy of that judgment is attached as Exhibit A. See also, *Cahaly v. Benistar, 451 Mass. 343 (2008)*. While the judgment creditors have recovered funds from Merrill Lynch and PaineWebber, who were involved with BPETCO's scheme to defraud the judgment creditors, the amount of the outstanding judgment exceeds $15 million.

BPETCO's recent settlement with Merrill Lynch arises directly out of the judgment creditor's Massachusetts litigation. As we understand it, the only claims of BPETCO against Merrill Lynch that survived summary judgment were claims for contribution and unjust enrichment, which were based on BPETCO's claim that it paid Merrill Lynch's share of certain damages in the judgment creditor's Massachusetts case. While BPETCO itself has never paid anything, BPETCO received a credit for sums the judgment creditor's recovered from PaineWebber.

We believe as direct judgment creditors of BPETCO (since 2004), the judgment creditors we represent are entitled to use the proceeds of the Connecticut settlement to partially satisfy their

[1] Gail A. Cahaly; Jeffrey M. Johnston; Belridge Corporation; Bellemore Associates, LLC; Massachusetts Lumber Company, Inc.; Joseph J. Iantosca, As guardian of Joseph Iantosca Sr. and as Trustee of Faxon Heights Apartments Realty and Trust and Fern Realty Trust; and David A. Iantosca, as Trustee of Faxon Heights Apartments Realty and Trust and Fern Realty Trust.

outstanding judgments. To that end we have commenced litigation in Massachusetts to reach and apply the settlement proceeds to our clients' judgment.

However, we understand that Universitas has a judgment against Nova Group, Inc., and that in connection with that judgment this Court has entered a Preliminary Injunction. We are seeking to work cooperatively with counsel for Universitas in an effort to reach an agreement as to disposition of the settlement proceeds. We believe that it will facilitate such discussions for the preliminary injunction to remain in place. We understand that there is disagreement between BPETCO's counsel and counsel for Universitas regarding the applicability of the preliminary injunction to the settlement proceeds. As we have not been involved in this action, we respectfully leave that issue to your honor. However, we do support maintaining the status quo to permit our clients, Universitas, and, potentially, BPETCO, to reach a resolution of who should receive the settlement proceeds.

If you have any questions please do not hesitate to contact us.

Very truly yours,

Thomas W. Evans

TWE/ch
Enc.
cc:     Joseph Pastore (via Facsimile)
        Paula K. Colbath (via Facsimile)
        Michael Barnett (via Facsimile)
        Anthony J. Siano (via Facsimile)

A

*Notify*

3319

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

*Notice sent*
*11-22-04*
*to all parties*

*PV*

SUPERIOR COURT
CIVIL ACTION
NOs. 01-0116BLS2,
01-0229BLS2,01-0330BLS2,
01-0581BLS2, 01-3433BLS2,
01-4305BLS2;
NO. 01-0075 (Norfolk County)
(Consolidated Actions)

GAIL A. CAHALY and others[1]
Consolidated Plaintiffs

vs.

BENISTAR PROPERTY EXCHANGE TRUST CO., INC. and others[2]
Consolidated Defendants

### AMENDED JUDGMENT UNDER MASS. R. CIV. P. 54(b)

These consolidated actions came on for trial before the Court and a jury, and also before the Court, all rights and liabilities of the defendants Benistar Property Exchange Trust Company, Inc.., Benistar Ltd., Daniel Carpenter, Benistar Admin Services ("Benistar Admin") Benistar Employer Services Trust Corporation ("BESTCO"), Carpenter Financial Group, LLC ("CFG"), Martin Paley, U.S. Property Exchange, and UBS PaineWebber, Inc., having been determined, and finding no just reason for delay of entry of judgment with respect to the plaintiffs' claims against such defendants, pursuant to Mass. R. Civ. P. 54(b), it is ORDERED and ADJUDGED:

1. The Claims of the Plaintiff Gail Cahaly:

(a) that judgment enter in favor of the plaintiff Gail Cahaly and against the defendants Benistar Property Exchange Trust Company, Inc. ("Benistar Property"), Benistar Ltd., Daniel Carpenter, Benistar Admin Services ("Benistar Admin") Benistar Employer Services Trust Corporation ("BESTCO"), Carpenter Financial Group, LLC ("CFG"), and U.S. Property Exchange on the plaintiff Cahaly's claims against these defendants under G. L. c. 93A, and the plaintiff Cahaly recover of these defendants, jointly and severally, damages in the amount of $1,984,460.00, with interest from the date of the filing of her

---

[1] Jeffrey M. Johnston; Massachusetts Lumber Company, Inc.; Joseph Iantosca, Individually and as Trustee of the Faxon Heights Apartment Realty Trust and Fern Realty Trust; Belridge Corporation; and Bellemore Associates, LLC.

[2] Benistar Employer Services Trust Corporation; Martin L. Paley; Molly Carpenter; Daniel E. Carpenter, Esq.; UBS PaineWebber, Inc. Carpenter Financial Group, LLC; Benistar Admin Services, Inc.; Jane Doe Affiliates and Subsidiaries of Benistar Defendants and Jane Doe Entities controlled by Daniel Carpenter; Merrill Lynch Pierce Fenner & Smith, Inc.; and U.S. Property Exchange.

## 3320

complaint; attorneys' fees in the amount of $519,782.86; and costs in the amount of $28,614.70;[3]

(b) that judgment enter in favor of the plaintiff Gail Cahaly and against the defendants named in Paragraph 1(a) above on all her other claims against these defendants;

(c) that judgment enter against the plaintiff Gail Cahaly and in favor of the defendant Martin Paley on all the plaintiff's claims against Martin Paley, and that those claims be dismissed; and

(d) that judgment enter against the plaintiff Gail Cahaly and in favor of the defendant UBS PaineWebber, Inc. ("PaineWebber") on all the plaintiff's claims against PaineWebber, and that those claims be dismissed.

### 2. The Claims of the Plaintiff Jeffrey M. Johnston:

(a) that judgment enter in favor of the plaintiff Jeffrey M. Johnston and against the defendants Benistar Property, Benistar Ltd., Daniel Carpenter, Benistar Admin, BESTCO, CFG, and U.S. Property Exchange on the plaintiff Johnston's claims against these defendants under G. L. c. 93A, and the plaintiff Johnston recover of these defendants, jointly and severally, damages in the amount of $1,083,860.00, with interest from the date of the filing of his complaint; attorneys' fees and costs in the amount of $519,782.86; and costs in the amount of $28,614.70, subject to Footnote 3 of this Rule 54(b) Judgment;

(b) that judgment enter in favor of the plaintiff Jeffrey M. Johnston and against the defendants named in Paragraph 2(a) above on all his other claims against these defendants;

(c) that judgment enter against the plaintiff Jeffrey M. Johnston and in favor of the defendant Martin Paley on all the plaintiff's claims against Martin Paley, and that those claims be dismissed; and

(d) that judgment enter against the plaintiff Jeffrey M. Johnston and in favor of the defendant PaineWebber on all the plaintiff's claims against PaineWebber, and that those claims be dismissed.

### 3. The Claims of the Plaintiff Bellemore Associates, LLC:

(a) that judgment enter in favor of the plaintiff Bellemore Associates, LLC ("Bellemore Associates") and against the defendants Benistar Property, Benistar Ltd., Daniel Carpenter, Benistar Admin, BESTCO, CFG, and U.S. Property Exchange on the plaintiff Bellemore Associates' claims

---

[3]  The attorneys' fees and costs awarded against these defendants are the same fees and costs awarded in favor of the plaintiffs Jeffrey M. Johnston in Paragraph 2(a) of this Judgment, and in favor of the plaintiff Bellemore Associates, LLC, in Paragraph 3(a) of this Judgment. It is to be understood that each of these plaintiffs is not entitled to recover the attorneys' fees and costs separately. Rather, the defendants are liable, jointly and severally, to these three plaintiffs together for the payment of a total award of attorneys' fees and costs in the amount of $519,782.86 and $28,614.70, respectively.

## 3321

against these defendants under G. L. c. 93A, and the plaintiff Bellemore Associates recover of these defendants, jointly and severally, damages in the amount of $889,318.00, with interest from the date of the filing of its complaint; attorneys' fees in the amount of $519,782.86; and costs in the amount of $28,614.70, subject to Footnote 3 of this Rule 54(b) Judgment;

(b) that judgment enter in favor of the plaintiff Bellemore Associates and against the defendants named in Paragraph 3(a) above on all its other claims against these defendants;

(c) that judgment enter in favor of the plaintiff Bellemore Associates and against the defendant Molly Carpenter on all its claims other than those brought under G. L. c. 93A, and Bellemore Associates recover of the defendant Molly Carpenter damages in the amount of $444,659.00, jointly and severally with the defendants named in Paragraph 3(a) above up to the total of $444,659.00, and with interest and costs from the date of the filing of its complaint; and that judgment enter against the plaintiff Bellemore Associates and in favor of the defendant Molly Carpenter on Bellemore Associates' claims brought under G. L. c. 93A, and those claims be dismissed;

(d) that judgment enter against the plaintiff Bellemore Associates and in favor of the defendant Martin Paley on all the plaintiff's claims against Martin Paley, and that those claims be dismissed; and

(e) that judgment enter against the plaintiff Bellemore Associates and in favor of the defendant PaineWebber on all the plaintiff's claims against PaineWebber, and that those claims be dismissed.

### 4. The Claims of the Plaintiff Massachusetts Lumber Company:

(a) that judgment enter in favor of the plaintiff Massachusetts Lumber Company ("Massachusetts Lumber") and against the defendants Benistar Property, Benistar Ltd., Daniel Carpenter, Benistar Admin, BESTCO, CFG, and U.S. Property Exchange on this plaintiff's claims against these defendants under G. L. c. 93A, and the plaintiff Massachusetts Lumber recover of these defendants, jointly and severally, damages in the amount of $6,474,380.00, with interest from the date of the filing of its complaint; attorneys' fees in the amount of $424,979.05; and costs in the amount of $30,828.00;

(b) that judgment enter in favor of the plaintiff Massachusetts Lumber and against the defendants named in Paragraph 4(a) above on all other claims of Massachusetts Lumber against these defendants;

(c) that judgment enter against the plaintiff Massachusetts Lumber and in favor of the defendant Martin Paley on all the plaintiff's claims against Martin Paley, and that those claims be dismissed; and

(d) that judgment enter against the plaintiff Massachusetts Lumber and in favor of the defendant PaineWebber on all the plaintiff's claims against PaineWebber, and that those claims be dismissed.

### 5. The Claims of the Plaintiff Joseph Iantosca, Individually, and as Trustee of Faxon Heights Apartment Realty Trust and Fern Realty Trust:

3

# 3322

(a) that judgment enter in favor of the plaintiff Joseph Iantosca, individually, and as Trustee of Faxon Heights Apartment Realty Trust and Fern Realty Trust (collectively, "Iantosca") and against the defendants Benistar Property, Benistar Ltd., Daniel Carpenter, Benistar Admin, BESTCO, CFG and U.S. Property Exchange on Iantosca's claims against these defendants under G. L. c. 93A, and the plaintiff Iantosca recover of these defendants, jointly and severally, damages in the amount of $5,826,613.72, with interest from the date of the filing of Iantosca's complaint; attorneys' fees in the amount of $494,141.00; and costs in the amount of $34,818.05;

(b) that judgment enter in favor of the plaintiff Iantosca and against the defendants named in Paragraph 5(a) above on all other claims of Iantosca against these defendants;

(c) that judgment enter in favor of the plaintiff Iantosca and against the defendant Molly Carpenter on all his claims other than those brought under G. L. c. 93A, and Iantosca recover of the defendant Molly Carpenter damages in the amount of $2,913,306.86, jointly and severally with the defendants named in Paragraph 5(a) up to the total of $2,913,306.86, and with interest and costs from the date of the filing of his complaint; and that judgment enter against the plaintiff Iantosca and in favor of the defendant Molly Carpenter on Iantosca's claims brought under G. L. c. 93A, and those claims be dismissed;

(d) that judgment enter against the plaintiff Iantosca and in favor of the defendant Martin Paley on all the plaintiff's claims against Martin Paley, and that those claims be dismissed; and

(e) that judgment enter against the plaintiff Iantosca and in favor of the defendant PaineWebber on all the plaintiff's claims against PaineWebber, and that those claims be dismissed.

## 6. The Claims of the Plaintiff Belridge Corporation:

(a) that judgment enter in favor of the plaintiff Belridge Corporation and against the defendants Benistar Property, Benistar Ltd., Daniel Carpenter, Benistar Admin, BESTCO, CFG and U.S. Property Exchange on this plaintiff's claims against these defendants under G. L. c. 93A, and the plaintiff Belridge Corporation recover of these defendants, jointly and severally, damages in the amount of $1,029,668.28, with interest from the date of the filing of its complaint;

(b) that judgment enter in favor of the plaintiff Belridge Corporation and against the defendants named in Paragraph 6(a) above on all other claims of Belridge Corporation against these defendants;

(c) that judgment enter in favor of the plaintiff Belridge Corporation and against the defendant Molly Carpenter on all his claims other than those brought under G. L. c. 93A, and Belridge Corporation recover of the defendant Molly Carpenter damages in the amount of $514,834.14, jointly and severally with the defendants named in Paragraph 6(a) above up to the total of $514,834.14, and with interest and costs from the date of the filing of its complaint; and that judgment enter against the plaintiff Belridge Corporation and in favor of the defendant Molly Carpenter on Belridge Corporation's claims brought under G. L. c. 93A, and those claims be dismissed;

4

## 3323

(d) that judgment enter against the plaintiff Belridge Corporation and in favor of the defendant Martin Paley on all the plaintiff's claims against Martin Paley, and that those claims be dismissed; and

(e) that judgment enter against the plaintiff Belridge Corporation and in favor of the defendant PaineWebber on all the plaintiff's claims against PaineWebber, and that those claims be dismissed.

**8. The Claims of All Plaintiffs Against the Defendants Jane Doe Affiliates and Subsidiaries of Benistar Defendants and Jane Doe Entities controlled by Daniel Carpenter:**

That judgment enter against all the plaintiffs and in favor of the defendants Jane Doe Affiliates and Subsidiaries of Benistar Defendants and Jane Doe Entities controlled by Daniel Carpenter on all the plaintiffs' claims against these defendants, and that all such claims be dismissed.

BY THE COURT

Margot Botsford
Justice of the Superior Court

Dated: November 18, 2004

5