```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,                          :
                              Petitioner,            : Case Nos. 11 CV 1590-LTS-HBP
                                                     : and 11-8726-LTS
        -v-                                          :
                                                     :
NOVA GROUP, INC., as Trustee, Sponsor                :
and Named Fiduciary of the CHARTER OAK               :
TRUST WELFARE BENEFIT PLAN,                          :
                              Respondent.            :
-----------------------------------------------------------------------X
```

### REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

Attorney Jack E. Robinson ("Attorney Robinson") hereby replies to the two-page Opposition of Universitas Education, LLC ("Universitas") (Dkt. No. 399) to Attorney Robinson's Motion for Reconsideration (Dkt. No. 391) of this Court's Contempt Order ("*Order*") dated February 11, 2014. (Dkt. No. 376.)

At some point (which has yet to occur), Universitas will be required to adduce competent and admissible **evidence** (as opposed to argument, conjecture and hyperbole) to support holding Attorney Robinson in contempt for the actions of a company (Nova Group, Inc. ("Nova")) with which, during the relevant time period (August 2012), Universitas has failed to prove that he had any relationship, was its general counsel, or ― most importantly ― was in a position of authority to force Nova's compliance with the subject discovery order. Reconsideration is required because the only "evidence" relied upon by Universitas constitutes hearsay (offered for the truth of the matter asserted) not subject to any exception. Universitas, clearly understanding this, is afraid of being required to prove its case by clear and convincing *admissible* evidence in an evidentiary hearing, and instead would prefer to rest on irrelevant and out-of-date documents, sleight-of-hand

1

argument, conjecture, innuendo, and inadmissible hearsay statements all erroneously certified as "fact" in the *Certification* dated July 12, 2013. (Dkt. No. 190.)

The sole "evidence" relied upon by Universitas consists of nothing more than (i) a brief filed by Nova in July 2012 stating (incorrectly) that Attorney Robinson was its general counsel as of the date of the brief; and (ii) the *assumption* (also incorrect) of Nova's then-attorney (who filed the aforementioned brief) that Attorney Robinson was Nova's general counsel at that time.[1] This "evidence" constitutes hearsay not subject to any exception, and is therefore inadmissible. See Fed. R. Evid. 802 ("Hearsay is not admissible"). Any such statement in the brief made by Nova's attorney would be admissible *only against Nova*, not against Attorney Robinson. See Fed. R. Evid. 801(d)(2)(D); United States v. Margiotta, 662 F.2d 131, 142 (2d Cir. 1981) ("Statements made by an attorney concerning a matter within his employment may be admissible *against the party retaining the attorney*.") (Emphasis added.) Aside from inadmissible hearsay, Universitas has not proffered a single document or a single piece of testimony that would support holding Attorney Robinson in contempt. Reconsideration is required because excluding such inadmissible evidence would "reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995).[2]

---

[1] That attorney told Magistrate Judge Pitman at a September 19, 2012 status conference that his assumption about Attorney Robinson's role at Nova "was an honest mistake." (Dkt. No. 183-16 at 17:5.)

[2] Universitas also completely ignores the fact that reconsideration is required because the *Order* erroneously draws an adverse inference against Attorney Robinson for "invok[ing] his Fifth Amendment privilege," *Order* at 6, when in actuality Attorney Robinson **never** once invoked his Fifth Amendment privilege during his **eight-hour** deposition on October 18, 2012.

Even more critically, aside from there being no evidence (let alone clear and convincing evidence) that Attorney Robinson was Nova's general counsel in August 2012, is that Universitas has not even attempted to prove that even if Attorney Robinson had been Nova's general counsel in August 2012 (which he was not), that he was "officially responsible for the conduct of [Nova's] affairs." Wilson v. United States, 221 U.S. 361, 376 (1911). Absent any evidence that even as general counsel of Nova that Attorney Robinson was somehow responsible for, could control, or had authority over Nova's affairs, Attorney Robinson cannot be held in contempt for Nova's acts or omissions. Compare *Certification* at 18-20 (citing cases holding officers, shareholders and principals in contempt for the conduct of the companies **they controlled**).

The *Certification* never identified a single fact proving that Attorney Robinson was Nova's general counsel in August 2012. Consequently, the *Certification*'s finding that Attorney Robinson "has provided no evidence to corroborate his ipse dixit statements that he is no longer an officer of Nova Group," *Certification* at 25, improperly shifts the burden of proof in a contempt proceeding from Universitas onto Attorney Robinson. Universitas has the burden to prove by clear and convincing admissible evidence that Attorney Robinson **was** Nova's general counsel in August 2012 **and** had the ability to control Nova's actions at that time, as opposed to Attorney Robinson being forced to prove two negatives (*i.e.*, that he was not Nova's general counsel and lacked such authority). See Silva v. City of Bridgeport, 01 Civ. 119 (DFM), 2006 WL 680460 at *1 (D. Conn. 2006) ("Shifting the burden from the movant to the alleged contemnor without proving the underlying noncompliance is impermissible."), citing Levin v. Tiber Holding Corp., 277 F.3d 243, 251 (2d Cir. 2002). Such a shift in the burden of proof is even more improper where, as here, the record evidence shows that other individuals, and **not** Attorney Robinson, were listed as officers and principals of Nova at the time. See, e.g., Dkt. No. 183 at Exs. N, S, and W.

3

Given the total lack of admissible evidence in this matter, it is clear that Universitas cannot "demonstrate a reasonable certainty that a violation occurred." Levin, 277 F.3d at 250. Consequently, reconsideration is required and the Court should order Universitas to prove by clear and convincing *admissible* evidence in an evidentiary hearing subject to the Federal Rules of Evidence that Attorney Robinson was Nova's general counsel in August 2012 **and** had the authority to control Nova's actions at that time.[3]

Dated: Stamford, CT
March 18, 2014

Respectfully submitted,

*Jack E. Robinson*
Jack E. Robinson (JR-5124)
243 Tresser Boulevard, Suite 1700
Stamford, CT 06901
(203) 355-3643
robinsonesq@aol.com

---

[3] For example, the *Order*'s finding (based on the clearly erroneous *Certification*) that Attorney Robinson was "probably" general counsel of Nova during August 2012, *Order* at 8, fails to meet the required evidentiary standard of clear and convincing evidence.

4