

**MICHAEL BARNETT**
Attorney At Law

345 Park Avenue
New York, NY 10154

**Direct** 212.407.4163
**Main** 212.407.4000
**Fax** 212.656.1554
mbarnett@loeb.com

Via ECF
Via Messenger

March 28, 2014

The Hon. Laura Taylor Swain
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re: *Universitas Education, LLC v. Nova Group, Inc.*, Case No. 11-1590-LTS-HBP (S.D.N.Y.)
**Letter-Motion re Boston Property Exchange Transfer Company, Inc.**

Dear Judge Swain:

We represent Universitas Education, LLC ("Universitas") in the above-captioned action, and write with respect to the Court's Orders dated January 13, 2014 (Dkt. No. 366) and March 12, 2014 (Dkt. No. 400). Specifically, we write concerning certain actions by Daniel E. Carpenter and Jack E. Robinson to circumvent these Orders, and to seek an additional Order necessitated by these actions.

On January 13, the Court entered a preliminary injunction ("PI Order") against Daniel E. Carpenter and entities that he owns or controls. On March 12, the Court confirmed that the PI Order applied to the Boston Property Exchange Transfer Company, Inc. ("BPETCO") and, specifically, to a settlement payment BPETCO received from Merrill Lynch in a Connecticut Litigation.

Pursuant to the Court's Order, we have since been working amicably with BPETCO's attorney, Joseph M. Pastore, III, as well as counsel for certain claimed creditors of Mr. Carpenter (the "Boston Creditors"), "regarding an appropriate financial institution with which to place the 'corpus' in an escrow or attorney trust account." 3/12/14 Order at 2.

It has emerged that part of this "corpus" is in the form of a check in the amount of $250,000.00, issued not to BPETCO or to Mr. Pastore's firm, but to Leyden & Main Legal Group, P.C., which is the name of Jack E. Robinson's law office in Plymouth, Mass. (with Leyden and Main referring to a street intersection in that town). Merrill Lynch issued the check to Mr. Robinson's firm pursuant to BPETCO's instruction, and Mr. Pastore is presently holding the check.

Yesterday, Mr. Robinson wrote a letter to Universitas' counsel demanding that he receive the $250,000 check notwithstanding the PI Order, and threatening to sue counsel for Universitas and the Boston Creditors if they did not permit the check to pass to him by Monday (Mr. Robinson's letter is attached as Exhibit A). Mr. Robinson's letter followed Mr. Pastore's letter to Universitas' counsel the day before, in which Mr. Pastore said he had received a demand from


The Hon. Laura Taylor Swain
March 28, 2014
Page 2

Mr. Robinson to forward the check and was of the view that such an action would not run afoul of the PI Order. (Mr. Pastore's letter is attached as Exhibit B).

Mr. Robinson is Mr. Carpenter's long-time business partner. He is the General Counsel of Judgment Debtor Nova Group, Inc. ("Nova"). He represented Nova as outside counsel in this case. And he has twice been sanctioned in this case, under Rule 11 and for contempt of Court.

Now, Mr. Robinson is demanding that Mr. Pastore violate the PI Order, and that Universitas permit such a violation.[1]

Mr. Robinson is incorrect to assert that the PI Order does not apply to the check that has apparently been issued to his firm. Merrill would not have issued a check to Mr. Robinson or his firm absent an instruction from BPETCO – contained within the parties' settlement agreement or elsewhere – to do so. Thus, by instructing Merrill to issue a check to Mr. Robinson, BPETCO is attempting to transfer to Mr. Robinson $250,000 that would have otherwise been payable to it. Such a transfer, if completed, would constitute a violation of the PI Order by BPETCO, Mr. Robinson and Mr. Pastore.

And while Mr. Robinson claims to have performed legal services for BPETCO, he acknowledges that he was not counsel of record to BPETCO in the Connecticut Litigation. Mr. Robinson also fails to note how much BPETCO supposedly owes him, whether he or his firm (formed in October 2013) has an engagement agreement with BPETCO, and whether he or his firm has issued invoices to BPETCO. We suspect that Mr. Carpenter is trying to divert money from his creditors to Mr. Robinson, and that a $250,000 transfer to Mr. Robinson would be actually or constructively fraudulent. Even if BPETCO owed Mr. Robinson money for work performed at least several years ago (and we doubt it does), Mr. Robinson is then merely a creditor of BPETCO, and is certainly not entitled to priority over Mr. Carpenter's other creditors.

In any event, the PI Order plainly prohibits the transfer to Mr. Robinson, and in addition, Mr. Robinson owes Universitas thousands of dollars, owing to monetary liability imposed on him from this Court's two sanctions decisions (although the exact amount has yet to be fixed).

Yet at the end of his March 27 letter, Mr. Robinson threatens to "immediately launch" lawsuits in Connecticut against counsel for Universitas and the Boston Creditors unless he receives the $250,000 check by Monday, March 31.

Despite Mr. Robinson's apparent unwillingness to meet and confer, or to make an application to this Court, on Friday afternoon we responded to Mr. Robinson by email, and left a message at his Plymouth office, seeking documentary support for the claims made in his letter. We have not heard back from Mr. Robinson, though given our many interactions with him – and his threat of imminent suit – we expect he would not be amenable to Mr. Pastore's maintaining custody of the check.

Therefore, we respectfully request that the Court enter an Order (1) confirming that the PI Order applies to any check issued by Merrill Lynch to Mr. Robinson or his law firm in connection with

---

[1] The Boston Creditors assert that a payment to Mr. Robinson would also violate an injunction they have obtained in Massachusetts state court. The Massachusetts injunction does not conflict with the PI Order.

NY1266917.1
214560-10001


the settlement of the Connecticut Litigation, and (2) ordering Mr. Pastore to maintain custody over any such check until the Court orders otherwise (which is what the Court's March 12, 2014 Order already requires).

If the Court believes a hearing on this issue is necessary, we respectfully request that the Court order Mr. Pastore to maintain custody over the check issued to Mr. Robinson or his law firm until the Court decides whether the check, if negotiated by Mr. Robinson, would constitute a violation of the PI Order.

Respectfully submitted,

Michael Barnett
Loeb & Loeb LLP

Attachments

cc: Jack E. Robinson, III (via ECF and email)
Joseph M. Pastore, III (via ECF and email)
Anthony Zelle and Tom Evans (counsel for the Boston Creditors) (via email)
Sean Carnahan (counsel to Pastore & Dailey LLC) (via email)