# *LEYDEN & MAIN LEGAL GROUP, P.C.*

*Post Office Square, 6 Main Street Extension, Plymouth, MA 02361*
*(781) 934-6755, Fax (866) 941-4617*
*"One Block From Plymouth Rock"®*



*Connecticut Office*:                                                          Jack E. Robinson, Esq.
243 Tresser Boulevard, 17th Floor                               Robinsonesq@aol.com
Stamford, CT 06901
(203) 355-3643; (866) 941-4617 (Fax)

March 31, 2014

**VIA FAX (212-805-0426) AND ECF**

The Hon. Laura Taylor Swain
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re:     *Universitas Education, LLC v. Nova Group, Inc., No. 11 Civ. 1590 (LTS)(HBP)*
         **Opposition to Universitas Education, LLC's Letter-Motion (Dkt. No. 405)**

Dear Judge Swain:

This opposition is filed on behalf of my law firm, Leyden & Main Legal Group, P.C. ("L&M"), and constitutes a special appearance in this matter on behalf of L&M for the limited purpose of opposing the Letter-Motion filed by Universitas Education, LLC ("Universitas") regarding a recent settlement involving Boston Property Exchange Transfer Company, Inc. ("BPETCO"). L&M opposes the Letter-Motion because, aside from its knowingly false and misleading assertions and specious arguments, the Letter-Motion improperly seeks to garnish the property of L&M which is not subject to this Court's *Order* regarding BPETCO dated March 12, 2014 (Dkt. No. 400) ("*Order*").

Without even addressing the merits, this Court should deny the Letter-Motion because counsel for Universitas (Attorney Michael Barnett of Loeb & Loeb LLP) failed to use "best efforts" to meet and confer prior to filing the Letter-Motion as required by this Court's Individual Practice Rules 1(b) and 2(b). Attorney Barnett called L&M's offices in Plymouth, Massachusetts, on or about 4:00 p.m. on Friday, March 28, 2014, and left a voicemail message, but he did not call L&M's Stamford, Connecticut, office or leave a message there. Nor did he provide any advance notice that he planned to call at that date and time (perhaps hoping that I would be unavailable to meet and confer). The only email that he did send (at 3:34 p.m. the same day) contained numerous demands rather than an invitation to meet and confer.

Attorney Barnett's failure to meet and confer is particularly egregious in this case, since he knows very well how to contact me and yet he failed to use his best efforts to have a substantive meet and confer session. The Letter-Motion should also be denied because it fails to include the meet and confer certification required by Individual Practice Rule 2(b). Denial of the Letter-Motion on procedural grounds is especially appropriate because this is not the first time that Universitas has violated this Court's meet and confer requirement. See Dkt. No. 382 at 1-2 (order denying Universitas' letter-motion for violation of Individual Practice Rule 1(b)).

Even worse, however, is that Attorney Barnett has knowingly made a false statement of material fact to this Court in violation of the New York State Rules of Professional Conduct made applicable to this Court pursuant to Local Civil Rule 1.5(b)(5). See N.Y. R. Prof. Conduct 3.3(a)(1) and (3) ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal . . . or . . . offer or use evidence that the lawyer knows to be false."). Attorney Barnett states in the Letter-Motion that "Mr. Robinson . . . is the General Counsel of Judgment Debtor Nova Group, Inc. ('Nova')." Letter-Motion at 2. Attorney Barnett knows fully well that I am not the general counsel of Nova and, moreover, have been in private practice for almost an entire year. Such a knowingly false statement by Attorney Barnett could only have been made with the intention of misleading this Court.[1]

Although not artfully drafted, the Letter-Motion appears to allege that the payment of legal fees directly from Merrill Lynch to L&M as part of a settlement of the BPETCO litigation against Merrill Lynch in Connecticut is: (i) an attempt by BPETCO to fraudulently convey money to L&M in order to frustrate Universitas and BPETCO's "Boston Creditors" (as that term is described in the Letter-Motion); and/or (ii) part of the "corpus" addressed in the *Order* that is the property of BPETCO. Neither allegation is correct.

The legal fees payable to L&M are for legal services that I have rendered in BPETCO's decade-long legal battles against the Boston Creditors and Merrill Lynch, of which the Connecticut litigation was only a small part. The majority of this litigation occurred in Massachusetts and I have represented BPETCO in that litigation since 2001 — long before Universitas obtained a judgment in this action. See, e.g., Cahaly v. Benistar Property Exchange Trust Co., Inc., 68 Mass. App. Ct. 668 (2007), aff'd, 451 Mass. 343 (2008) (both opinions listing myself as co-counsel for BPETCO).[2]

---

[1] Nor is this the first time that Loeb & Loeb has sought to mislead the Court in this case. See, e.g., Dkt. No. 355 at 2 (letter from Loeb & Loeb admitting, after being challenged, that it under-reported the amount collected on the judgment).

[2] BPETCO was formerly known as Benistar Property Exchange Trust Company, Inc.

I did not file a formal appearance in the Connecticut litigation because I was ethically precluded from doing so. Had the matter proceeded to trial, I would have been one of the lead witnesses for BPETCO given my longstanding and substantive involvement in BPETCO's legal battles against the Boston Creditors and Merrill Lynch. See, e.g., 06/20/2013 Robinson Depo. Tr. (attached to Letter-Motion at Exh. A). As a result, I could not formally appear in the case for BPETCO. See Conn. R. Prof. Conduct 3.7(a) ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness"). However, I did sit at counsel table during several pretrial hearings in the Connecticut litigation and my presence was noted on the record. I also provided substantial assistance to BPETCO's lead counsel (Attorney Joseph M. Pastore, III) in that case and other related proceedings against Merrill Lynch. Attorney Pastore has confirmed this. See Letter-Motion, Exh. B at 1-2.

It goes without saying that Merrill Lynch and its lawyers at the major national law firms of Wilmer Cutler Pickering Hale and Dorr LLP and Bracewell & Giuliani LLP would not have agreed to pay legal fees to a law firm that had no involvement in the case or in furtherance of a fraudulent scheme to divert funds from BPETCO's creditors. In order for Attorney Barnett's fanciful theory to have any credence, a half dozen senior attorneys at two national law firms and one of the world's largest financial institutions, along with Attorney Pastore and myself, would all have to conspire to illegally and unethically divert legal fees to a law firm that did not participate in the settled litigation. Merely to state the proposition is to reject it.

Nor is the legal fee payment to L&M part of the "corpus" of settlement funds payable to BPETCO and subject to the *Order*. The "corpus" could only apply to the settlement payment to BPETCO. Legal fees earned by Attorney Pastore's firm and L&M are not payable to BPETCO, nor could they be since law firms are legally and ethically prohibited from sharing legal fees with non-lawyers.

But perhaps the most critical element in all of this is that if L&M does not receive its legal fee payment, those funds would **not** then be available to BPETCO because the total amount of the settlement payment to BPETCO is fixed by the settlement agreement. Instead, the legal fees earmarked for L&M would simply revert back to Merrill Lynch. So even if the Letter-Motion were granted, no monetary benefit would accrue to BPETCO, let alone to Universitas and the Boston Creditors!

Merrill Lynch agreed to pay the settlement "corpus" to BPETCO separate and distinct from payments of earned legal fees to the two law firms that were involved in the Connecticut litigation. Neither Universitas nor the Boston Creditors have any claims or judgments against Attorney Pastore's firm or L&M, so obviously the *Order* does not apply to legal fees earned by and paid directly to those firms. Attorney Barnett's argument is patently frivolous.[3]

Attorney Barnett's last-gasp argument is that because as a result of two sanctions orders I allegedly owe Universitas "thousands of dollars," Letter-Motion at 2, L&M should not receive its earned legal fees in an unrelated case. First, whatever my *personal* liability may be regarding sanctions does not affect L&M's right to its legal fees. Second, both sanctions orders are *sub judice* on motions for reconsideration, so in the end there may not be any sanctions at all. And even if there are sanctions, the amounts have yet to be determined. Presumably, Attorney Barnett is arguing that because I might personally owe some indeterminate amount of money in sanctions at some indeterminate date in the future, that is sufficient for L&M not to receive its earned legal fees in an unrelated case. However, Attorney Barnett provides no support for such a specious argument because none obviously exists.

L&M's legal fees earned in the Connecticut litigation are not covered by the *Order* because such fees have not been, are not, nor will ever become the property of BPETCO. Therefore, for all of the foregoing reasons, L&M respectfully requests that the Court deny the Letter-Motion.[4]

Respectfully submitted,

*Jack E. Robinson*

Jack E. Robinson (e-signature)
*Specially appearing for Leyden & Main Legal Group, P.C.*

cc:     Paula Colbath, Esq. and Michael Barnett, Esq. (via ECF and email)
        Joseph M. Pastore, III, Esq. (via ECF and email)
        Anthony Zelle, Esq. and Tom Evans, Esq. (counsel for the Boston Creditors) (via email)
        Sean Carnathan, Esq. (Massachusetts counsel to Pastore & Dailey LLC) (via email)

---

[3]  In fact, the Massachusetts injunction against BPETCO obtained by the Boston Creditors regarding the Merrill Lynch settlement expressly authorizes the payment of legal fees.

[4]  Without prejudice to its legal rights, L&M voluntarily agrees not to take any action regarding this matter pending a decision on the Letter-Motion. Attorney Barnett would have discovered this himself had he complied with this Court's meet and confer requirements.