**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------

UNIVERSITAS EDUCATION, LLC,

    Petitioner,

-v-                                Nos.   11 Civ. 1590 (LTS) (HBP)
                                                and
                                                11 Civ. 8726 (LTS) (HBP)

NOVA GROUP, INC., as trustee, sponsor and
fiduciary of THE CHARTER OAK TRUST        **MOTION TO MODIFY ORDER**
WELFARE BENEFIT PLAN,

    Respondent.
------------------------------------------------------

        Carpenter Financial Group, Inc., one of the entities that is the subject of Universitas' petition for an injunction and turnover motion, and one that is controlled by Daniel Carpenter, hereby respectfully moves that the Court revise its January 13, 2014 temporary restraining order (Docket entry no. 366) to allow Mr. Carpenter to access sufficient funds to defend himself in the various civil and criminal actions to which he is currently a party. The Court's order, limiting monthly expenditures for all Carpenter related entities to $20,000, does not allow enough money for the day to day operation of those entities and the hiring of appropriate counsel necessary to handle the complex legal situation that Mr. Carpenter now finds himself in.[1] As a result, the Order is directly and negatively affecting Mr. Carpenter's Fifth and Sixth Amendment rights to defend himself and to due process in criminal matters and his right to a full and fair adjudication of his civil claims and defenses. While Mr. Carpenter recognizes the significance of the Court's Order, he respectfully submits that, without some sort of modification, the Court's Order will prevent him from presenting a substantial defense in these actions. Universitas' claim to

---

[1] See Declaration of Daniel E. Carpenter, dated March 28, 2014, submitted in support of this Motion.

enforcement of its judgment should not result in Mr. Carpenter being required to forfeit his rights in every other case to which he is a party, including cases that present a risk to his liberty and freedom.

For example, Mr. Carpenter currently is a defendant in a criminal action pending in the United States District Court for the District of Massachusetts, *U.S. v. Carpenter*, docket no. CR04-10029-GAO (now on appeal to the United States Circuit Court for the First Circuit). Mr. Carpenter has twice been found guilty by a jury in that case and twice has had those jury verdicts overturned by the trial court due to prosecutorial misconduct. (See *U.S. v. Carpenter*, 405 F.Supp.2d 85, *affirmed*, 494 F.3d 13 (1st Cir. 2007) and *U.S. v. Carpenter*, 808 F.Supp.2d. 366, *reversed*, 736 F.3d 619 (1st Cir. 2013). After the second new trial order was overturned and vacated by the First Circuit, Mr. Carpenter's motion for an en banc rehearing was denied and the court issued its mandate on December 31, 2013. Sentencing occurred on February 26, 2014. Mr. Carpenter has appealed.

Importantly, although the First Circuit reversed the trial court's (O'Toole, J.) second new trial order, both the trial court and the appellate court acknowledged that the government had knowingly presented perjured testimony in support of its claims against Mr. Carpenter. See *U.S. v. Carpenter*, 736 F.3d at 631. While the appellate court believed that this conduct was harmless, this is nevertheless a very serious claim and Mr. Carpenter intended to assert his right to seek review of the First Circuit's conclusion from the Supreme Court. In the face of this Court's Order, however, Mr. Carpenter had no means to retain counsel to pursue a writ of certiorari. In addition, Mr. Carpenter recently has filed an appeal from the trial court's sentencing order. Mr. Carpenter's appellate rights in that case similarly will be adversely effected if he is not allowed to fund the appeal.

The prosecution in the Massachusetts case is also seeking more than $14 million in criminal forfeitures under 18 U.S.C. §981 and 28 U.S.C. §2461 (see United States Supplemental Brief in Support of Entry of Money Judgment, dated March 19, 2014, excerpt attached as Exh. A).[2] While Mr. Carpenter does not agree with the assertions made in the government's brief, it is significant because it represents one more claim on any funds available to Mr. Carpenter. It is also significant for the argument it does not make. In the face of Mr. Carpenter's claim (made both in this case and the Massachusetts case) that he has no funds available to him, the government *does not* argue that he *does* have money, it claims only that the point is irrelevant. Mr. Carpenter respectfully suggests that if his assertions were wrong, and there really was money available, the government would have made that claim.

Mr. Carpenter also currently is a defendant in a criminal action pending in the United States District Court for the District of Connecticut, *U.S. v. Carpenter, et al*, docket no. 3:13-CR-00226-RNC. Mr. Carpenter was arraigned in that case on January 17, 2014, just four days after this Court entered its injunction. In addition, Mr. Carpenter (or entities with which he is involved) is a party to a number of civil actions besides the Universitas case.

While the Court's order, on its own, presents a substantial hurdle to Mr. Carpenter's ability to defend himself, the situation is worsened by the zeal with which counsel for Universitas has sought to employ it. Counsel has sent a copy of this Court's Order to virtually every attorney who has been involved in representing Mr. Carpenter over the past few years, including to Attorney Greg Garre at Latham & Watkins in Washington, D.C., whom Mr. Carpenter intended to retain to pursue his Supreme Court claims. (See January 30, 2014 correspondence from Paula Colbath to Gregory Garre, attached as Exh. B). Counsel also has

---

[2] In order to avoid the filing of unnecessary pages, the Movant has included only the first page of this document. Of course, if the Court would like the entire document, the undersigned will file it immediately.

3

suggested to prosecutors in the Connecticut criminal action that *anyone* posting bond on Mr. Carpenter's behalf would be violating this Court's Order. (See January 15, 2014 correspondence from Paula Colbath to David Novick, attached as Exh. C).

Apparently, Universitas' goal is to leave Mr. Carpenter with no way to defend himself in any civil or criminal case, even though that is an inappropriate use of this Court's Order. And that effort has begun to bear fruit, as Mr. Carpenter has been unable to secure representation at **any** Washington, D.C. law firm to represent Mr. Carpenter's appellate claims due to concerns about the injunction. This is the case even though Mr. Garre for example, a former Solicitor General of the United States, has previously represented Mr. Carpenter before the Supreme Court twice, and attorneys at Latham & Watkins have represented him in four separate actions.

Not unlike the conduct of the government as to KPMG in *U.S. v. Stein*, 541 F.3d 130 (2nd Cir. 2008), counsel for Universitas here has attempted to use the coercive power of this Court's Order to prevent any counsel from representing Mr. Carpenter in any case where they otherwise would have (and to preclude the possibility of even his wife posting bail in a criminal case). Notably, and as the Court made clear in its Order, the funds at issue here have not been shown to be funds from Grist Mill Capital, the Sash Spencer death proceeds, or funds necessarily related to the Universitas transaction at all. The Court has enjoined Mr. Carpenter and entities he controls from disbursing their own funds. At least with respect to his Sixth Amendment claims – see *U.S. v. Stein*, above – Mr. Carpenter should have access to corporate funds to defend himself in a criminal proceeding.

Although Mr. Carpenter obviously has a constitutional right to defend himself in the criminal cases described above, he also has a number of legitimate civil claims and defenses, some of which could impact his and his entities' ability to fund any future judgment to the extent

4

they ultimately are required to do so. For example, Charter Oak Trust successfully sued Lincoln Financial Group to get the insurance proceeds at issue in this case in the first place. Mr. Carpenter also has successfully sued Merrill Lynch and PaineWebber in the BPETCO case.

At this point, in fact, Mr. Carpenter believes that the Court's recent Order concerning the funds obtained by Boston Property Exchange Transfer Company, Inc. ("BPETCO") in a successful civil action against Merrill Lynch (Docket entry no. 400) concerns the only pool of funds even possibly available to fund his criminal and civil litigation expenses. Without sufficient funds to fight his legal battles in Boston, Connecticut, and, Washington, D.C., Mr. Carpenter risks forfeiting his freedom as well as the civil claims he might make in those cases, with no due process whatsoever.

In conclusion, Mr. Carpenter recognizes and respects this Court's Order, even though he may disagree with the facts and conclusions behind it. To the extent, however, that the Order impedes Mr. Carpenter's ability to defend himself against federal criminal charges (or counsel for Universitas seeks to use it for that specific purpose), it interferes with his Sixth Amendment right to fund his criminal defense (or to have others fund it for him). To the extent that the Order impedes Mr. Carpenter's ability to present defenses in the various civil cases to which he is a party, the Order unfairly prevents him from fully and fairly litigating those civil claims, deprives him of due process, and may interfere with his ability to pursue claims that could enhance the amount of funds available to pay the judgment in this or other cases in the future. In addition, opposing counsel's use of the order to threaten and intimidate counsel who otherwise might be willing to represent Mr. Carpenter is wholly improper.

Therefore, the movant respectfully requests that the Court modify its injunction to allow for the funding of Mr. Carpenter's criminal and civil litigation. Specifically, that BPETCO be

allowed to cash the Merrill Lynch settlement check and provide $900,000 to Mr. Carpenter for the purpose of his defense fund. Of course, Mr. Carpenter and any of the entities within his control would continue to cooperate with whatever supervision or other conditions the Court places on the future distributions of the Merrill/BPETCO funds for litigation purposes if the Court is inclined to grant this request. As it stands now, Mr. Carpenter's attorney is providing reports to counsel for Universitas that could be expanded to include the BPETCO funds as well.

Pursuant to this Court's Individual Practices Rules A.1.b. and A.2.b., the undersigned has consulted with counsel for Universitas, who does not consent to the relief requested in this motion. In addition, counsel have conferred about the re-filing of this motion and are in agreement that counsel for Universitas may file a response to this motion within 14 days of the re-filing date (April 9, 2014).

Dated: April 9, 2014

Respectfully Submitted,
Carpenter Financial Group, Inc.

by /s/ Michael S. Taylor
Michael S. Taylor
The Law Office of Michael S. Taylor, LLC
PO Box 7
Harwinton, CT 06791
Telephone: (860) 782-0024
Fax: (860) 866-2424
Email: michael@mstaylorlaw.com