UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                        Petitioner,

             -v-

NOVA GROUP, INC., as Trustee, Sponsor
and Named Fiduciary of the CHARTER OAK
TRUST WELFARE BENEFIT PLAN,

                        Respondent.

             -and-

NOVA GROUP, INC., as Trustee, Sponsor
and Named Fiduciary of the CHARTER OAK
TRUST WELFARE BENEFIT PLAN,

                       Petitioner,

             -v-

UNIVERSITAS EDUCATION, LLC.

                       Respondent.
------------------------------------------------------------------X

: Case No.: 11 CV 1590-LTS-HBP

: Case No.: 11 CV 8726-LTS-RLE

## Declaration of Daniel E. Carpenter

DANIEL E. CARPENTER, having been duly sworn, states as follows:

1.    I submit this declaration in support of the Request to Modify Carpenter Injunction filed by counsel for Carpenter Financial Group, Inc. I have personal knowledge of the facts and circumstances set forth herein.

2.    I am a defendant in criminal cases in both the District of Massachusetts and the District of Connecticut. Specifically, *U.S. v. Carpenter*, docket no. CR04-10029-GAO and *U.S. v. Carpenter, et al*, docket no. 3:13-CR-00226-RNC.

3. I am a defendant or plaintiff in several civil cases throughout the country.

4. Due to the Court's Order of January 13, 2014, I do not have the ability to personally pay my counsel the amount of funds necessary to cover the costs of my criminal or civil trials.

5. I believe that the settlement funds recently received by Boston Property Exchange Transfer Company, Inc. ("BPETCO") from Merrill Lynch represent the only possible source of funds to pay counsel.

6. Nevertheless, this Court has held that BPETCO is subject to its 1/13/14 Order and BPETCO and its counsel, Joseph Pastore, intend to strictly adhere to that ruling by holding on to the Merrill check.

7. If allowed to do so by this Court, BPETCO would cash the Merrill check before it grows stale and expires, and would authorize the use of some of its funds for the payment of my legal expenses.

8. Without a source of funds to pay my legal bills, my ability to present an adequate defense in the criminal and civil cases to which I am a party will be severely compromised, and my interests in those cases, including my liberty interests, will be substantially prejudiced.

9. If the Court grants this request to modify the injunction, BPETCO is willing to advance $900,000 to cover my legal defense fund and will of course report monthly on any and all expenditures.

10. To the extent that there is a question as to whether BPETCO, as a separate entity, is covered by this Court's jurisdiction under the Supreme Court's decisions in


*Moline Properties v. Commissioner,* 319 U.S. 436 (1943), and *Daimler AG v. Bauman,* 2014 WL 113486 (Jan. 14, 2014), or is even an entity referenced in the original Universitas petition for an injunction in this case, BPETCO is willing to file a special appearance before the Court if the Court feels that a hearing on this matter would be necessary.

Further Affiant sayeth naught.

                                                                                    _____
                                                                                    DANIEL E. CARPENTER

Sworn to before me this
28th day of March, 2014

_____
Notary Public
My commission expires:
(Notary seal/stamp)

JASON J. CONCATELLI
Notary Public, State of Connecticut
My Commission Expires March 31, 2017

3