UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------

UNIVERSITAS EDUCATION, LLC,

      Petitioner,

-v-                                      Nos.   11 Civ. 1590 (LTS) (HBP)
                                                        and
                                                    11 Civ. 8726 (LTS) (HBP)

NOVA GROUP, INC., as trustee, sponsor and
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,

      Respondent.
--------------------------------------------------------

### CARPENTER FINANCIAL GROUP, INC'S REPLY TO UNIVERSITAS EDUCATION, LLC'S OPPOSITION TO MOTION TO MODIFY

Universitas repeatedly has asked this court to treat Daniel Carpenter and any entities with which he has some affiliation as if they are were a single corporate entity (which is not the case). For purposes of jurisdiction, service of process and breadth of this Court's orders, among other things, Universitas has urged the Court to treat all of the Carpenter entities as if they are one.[1] Now, in the face of a request that the Court exercise its discretion to award equitable relief and allow certain funds to be used for Mr. Carpenter's civil and criminal defense teams, Universitas' first claim is that Carpenter Financial has no standing to request such relief.[2]

In fact, Carpenter Financial is not seeking to pursue any constitutional claim on behalf of Mr. Carpenter. Carpenter Financial seeks only an exercise of this Court's discretion and references Mr. Carpenter's litigation status and need for counsel as an example of why that

---

[1] Carpenter Financial Group does not agree with Universitas' position, but raises it only to point out the inconsistency in Universitas' argument.

[2] Carpenter Financial Group anticipates that counsel for BPETCO Litigation Group, LLC and Mr. Carpenter will file motions seeking the same relief requested in Carpenter Financial's original motion, thus obviating this issue altogether.

discretion should be applied to release funds for Mr. Carpenter's civil and criminal defense. Carpenter Financial respectfully submits that the Court has the discretion to enter such an equitable order, should it choose to do so.

Universitas further claims that Carpenter Financial Group only seeks the release of funds for a Supreme Court *certiorari* petition. This is not the case. As Carpenter Financial previously pointed out, Mr. Carpenter currently is a defendant in *U.S. v. Carpenter*, docket no. CR04-10029-GAO (D. Mass.) (now on appeal to the United States Court of Appeals for the First Circuit), and in *U.S. v. Carpenter, et al*, docket no. 3:13-CR-00226-RNC (D. Conn.), as well as a number of other civil matters. In addition, this Court has held that BPETCO, currently involved in litigation in Boston, is subject to the Court's January 13, 2014 temporary restraining order (Docket entry no. 366). As a result, the $20,000 monthly limit imposed by the Court's order must be applied not only to the daily operation of all Carpenter-related entities, but also to fund these new litigations. The simple foundation of Carpenter Financial's position is that this limit is insufficient to meet those essential needs.

In its opposition, Universitas relies on *United States v. Monsanto*, 491 U.S. 600, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989), but that case concerns a different set of circumstances not applicable here. Mr. Carpenter's funds have not been seized by the government pursuant to alleged criminal activity, only enjoined by Universitas to satisfy a judgment. The funds to be received are not illicit drug money, but legitimate funds from a settlement that are in no way tied to the funds that are the subject of Universitas' original claim.

In a case involving a claim for the return of attorney's fees in the face of a preliminary injunction, the Eighth Circuit directly considered the *Monsanto* decision and, while noting its possible relevance, stated the following: "We note, however, that the [*Monsanto*] opinion deals

2

only with funds in the possession of a defendant at the time the forfeiture order is entered and that the forfeiture requires that the defendant be convicted of a crime and the property forfeited be derived from the proceeds of the crime or used to facilitate the crime. We are reluctant to extend Monsanto to the facts of this case." *Nat'l Credit Union Admin. Bd. v. Johnson*, 133 F.3d 1097, 1102-03 (8th Cir. 1998). Here also, this case does not involve the conviction of a crime and the Court has restrained all Carpenter-related funds, not just those shown to be derived from some improper activity or in possession of the Respondents or the government prior to the Court's order.

In addition to arguing that Carpenter Financial only seeks funds for payment of a *certiorari* petition, Universitas further contends that there has been no showing that Mr. Carpenter does not have other funds or where any of the funds that are the subject of this litigation went. First, Mr. Carpenter has provided a sworn statement indicating that he has no other source of funds to pay his legal fees. Second, this Court doesn't need Mr. Carpenter's statement, because it knows precisely how much money is available to Mr. Carpenter and his related entities each month. The Court has restrained *all* funds controlled by Mr. Carpenter or entities he controls as to how much can be spent on a monthly basis. (It is worth noting that the injunction only controls how much Mr. Carpenter can spend, not receive.)

In *United States v. Bonventre,* the Second Circuit recently held, in the context of a *Monsanto* claim, "that all a defendant need do to trigger a *Monsanto* or *Monsanto*-like hearing is to demonstrate that he or she does not have sufficient alternative assets to fund counsel of choice. This requires more than a mere recitation; the defendant must make a sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets to fund counsel of choice."

3

*United States v. Bonventre*, 720 F.3d 126, 131 (2d Cir. 2013). Here, the evidentiary showing is made by the Court's order itself.

For these reasons and those set forth in its original motion, Carpenter Financial respectfully requests that the Court either dissolve or modify its Injunction and increase the monthly spending limit to allow for the funding of Mr. Carpenter's criminal and civil litigation. Specifically, that BPETCO be allowed to cash the Merrill Lynch settlement check in its account and provide $900,000 to Mr. Carpenter for the purpose of his defense fund for criminal and civil litigation. Of course, Mr. Carpenter and any of the entities within his control would continue to cooperate with whatever supervision or other conditions the Court places on the future distributions of the Merrill/BPETCO funds for litigation purposes if the Court is inclined to grant this request. Moreover, any funds beyond those authorized for use in the payment of attorneys' fees would remain restricted by virtue of the Court's original order.

Dated: May 22, 2014

Respectfully Submitted,
Carpenter Financial Group, Inc.

by _____
Michael S. Taylor
The Law Office of Michael S. Taylor, LLC
PO Box 7
Harwinton, CT 06791
Telephone: (860) 782-0024
Fax: (860) 866-2424
Email: michael@mstaylorlaw.com