*Universitas Education, LLC v. Nova Group, Inc.*, Case No. 11-1590-LTS-HBP (S.D.N.Y.)

# 6/11/14 Declaration of Michael Barnett

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER | ) ) | |

**MOTION FOR EXTENSION OF SELF-REPORT DATE TO ALLOW TIME FOR BUREAU OF PRISONS TO DESIGNATE A FACILITY**

Now comes the defendant Daniel E Carpenter who hereby moves that this Honorable Court extend his currently set self-report date of June 6, 2014 to June 20, 2014 in order to allow the Bureau of Prisons sufficient time to designate a facility for the defendant's service of his sentence. In support of this motion the defendant states the following grounds:

1. That the defendant was sentenced on February 26, 2014 to a term of imprisonment of 3 years. The Court deferred any ruling on his bail pending appeal motion until a date after sentence. On May 23, 2014 the Court denied the defendant's bail pending appeal motion and ordered him to commence the service of his sentence on June 6, 2014;

2. Although the parties had previously agreed to a self-report date two weeks following the Court's bail decision in order to allow time for any appeal, they had not considered that the Bureau of Prisons would not designate a facility for the defendant to commence his sentence because of either the pendency of the bail motion or the absence of a fixed date for the start of sentence;

1

3. Today the defendant learned he had not yet been designated and that the best estimate his prison consultant could give, based on many years of prior experience, was that it was not likely that the designation process would be complete by June 6, 2014, *see* letter of Joel Sickler of the Justice Advocacy Group to counsel dated May 28, 2014, attached hereto as an exhibit;

4. That as detailed in the attached letter, absent a designation, the defendant – a 60 year old non-violent first offender in imperfect physical and emotional health – would suffer the rigors of weeks of 24-hour lockup while he is moved from one pretrial confinement center to another and while waiting for transportation to the designated facility once designated. The defendant, during this time, will have no separation from high security inmates and will have little access to contact with attorneys or family;

5. For that reason, the defendant requests an additional two weeks before he is required to self-report believing it highly probable that a designation will occur within that two week period that will permit him to report to the facility designated by the Bureau of Prisons.

6. The allowing of this motion would not depreciate the seriousness of the offense, and would result in avoiding the adverse collateral consequences of a self-report date that precedes a designation as detailed in the attached letter.

The defendant and Government have consulted regarding this motion.

>Respectfully Submitted,
>DANIEL E. CARPENTER
>By His Attorney,
>
>**/s/ Martin G. Weinberg**
>Martin G. Weinberg, Esq.
>Mass. Bar No. 51948
>20 Park Plaza, Suite 1000
>Boston, MA 02116
>(617) 227-3700
>owlmgw@att.net

Dated: May 28, 2014

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby state that on this date, May 28, 2014, this document has been served, via electronic filing, upon Assistant U.S. Attorneys Mary B. Murrane and Kelly Begg Lawrence.

>**/s/ Martin G. Weinberg**
>Martin G. Weinberg



**CONFIDENTIAL**

May 28, 2014

Via Electronic Mail Only

Martin G. Weinberg, Esq.
20 Park Plaza, Suite 1000
Boston, MA 02116 USA

**Re: Daniel Carpenter; Case No. 04-CR-10029-001-GAO**

Dear Mr. Weinberg:

You have asked for my professional opinion regarding the prison designation of your client, Mr. Daniel Carpenter.[1] I have reviewed his case materials and most importantly the Judgment issued in this case dated March 4, 2014. My office has communicated with the USMS in Boston regarding the status of Mr. Carpenter's designation and we have been informed that he has yet to be designated as of today's date. I have also been informed that the designation process in the District of Massachusetts is currently backlogged and delays are not unusual. Additionally, given the extension of the original surrender date due to pending appeals has likely delayed the proper processing of the necessary paperwork to initiate a designation request. As you are aware, he is due to surrender on June 6, 2014.

In my experience, the average designation process requires anywhere from two to four weeks for completion. It involves the issuance of the Judgment by the Court, and forwarding of that

---

[1] I have worked in the field of sentencing and corrections for more than 30 years and currently head the Justice Advocacy Group, L.L.C., a consortium of criminal justice professionals based in Alexandria, Virginia. The Justice Advocacy Group provides research for and advises criminal defense lawyers, probation departments and judges on federal sentencing issues and matters involving federal confinement. The firm also provides advocacy services related to federal prisoner designation and classification, as well as adjustment to confinement. Since 1980, as a criminologist, I have prepared over 2,000 evaluations for felony-level defendants facing sentencing in federal courts nationwide. I have submitted sentencing reports in 41 of the 93 federal judicial districts. I have received 40 federal court-appointments as a capital mitigation specialist and have testified as an expert regarding mitigation findings and recommendations in six federal jurisdictions. I have visited 51 federal prisons and have advised clients with inmate matters in 86 of the Bureau of Prisons' 117 institutions. With experience as a correctional counselor in the District of Columbia's Department of Corrections and with prior tenure as Director of Client Services at the National Center on Institutions & Alternatives in Washington, DC, I have worked consistently for the past 30 years on federal sentencing and federal prison-related matters.

907 Green Street   Alexandria, Virginia 22314   703.717.9811 office   703.997.6306 fax
justiceadvocacygroupllc.com

Case 1:11-cv-01590-LTS-HBP Document 458-1 Filed 06/16/14 Page 6 of 7
Case 1:04-cr-10029-GAO Document 474-1 Filed 05/28/14 Page 2 of 3

Martin Weinberg
May 28, 2014
Page 2

Judgment to the USMS via the *eDesignate* system. Additionally, the PSR must be uploaded in the *eDesignate* system. It also must include the USMS form 129 which provides information regarding any prior time served to be counted towards the current sentence imposed. All three documents are required to begin the process of designation by the Bureau of Prisons (BOP).

While speaking with the staff at the Boston USMS, it was relayed that the BOP has been slower than usual in processing designations. I would therefore be concerned given the fast approaching surrender date that your client will not be designated prior to that date of next Friday, June 6, 2014. As you are aware, if a defendant is not designated prior to their surrender date, they must surrender themselves to the local USMS which is a dramatically different experience from an actual self-surrender to a designated facility.

If an individual is designated prior to their surrender date, they may drive to the designated location with family and/or friends, say their goodbyes, and the defendant will be admitted to the facility to be processed. Often by noon they will have already been assigned a bed, will join other inmates for lunch in the cafeteria and begin to settle into their new home for the duration of their sentence. They can set up their phone and visitation lists ensuring visits and phone calls within three to five days.

However, if a defendant is not designated prior to their surrender date, they are bound to surrender to the local office of the USMS. In Mr. Carpenter's case, that would of course entail surrender to the Boston USMS where he will be housed in a holding cell for most of the duration of that first day, until he is transferred via bus over with other inmates (of all security levels) to the local detention center. Those sentenced and pre-trial detention inmates will be handcuffed, placed in leg irons and secured with a full body chaid for any portion of movement. Mr. Carpenter will likely be housed at the Donald W Wyatt facility in Central Falls, Rhode Island for a matter of days (or up to a week) until he will be transferred to the Brooklyn Metropolitan Detention Center (MDC). The MDC is an "administrative" facility which houses all security level inmates. The MDC offers no access to outdoor activities and Mr. Carpenter will spend most of his time in his cell as he awaits his designation. It will be unlikely that he will have enough time to set up the ability to make phone calls or receive visits from his loved ones.

Upon eventual designation, Mr. Carpenter will again be shackled to prepare for his movement to his assigned facility. Depending on the location of his designation (he will be designated to a secure, low-security facility – not a camp - due to the open state case in Connecticut) he could be flown to the BOPs Oklahoma Federal Transfer Center (where he could again wait up to a week or two to again be moved), or simply bused to FCI Danbury in Connecticut, or to FCI Fort Dix, New Jersey, or FCI Allenwood or Loretto in Pennsylvania, or the FCI in Elkton, Ohio. Simply put, surrendering to the USMS as opposed to self-surrendering to one's assigned facility is by far a more arduous and expensive measure.

Case 1:11-cv-01590-LTS-HBP Document 458-1 Filed 06/16/14 Page 7 of 7
Case 1:04-cr-10029-GAO Document 474-1 Filed 05/28/14 Page 3 of 3

Martin Weinberg
May 28, 2014
Page 3

I remain available to discuss this further or provide any additional information as you require.

    Sincerely,

    *Joel A. Sickler*
    _____
    Joel A. Sickler, Criminologist
    *Justice Advocacy Group, LLC*