UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------

UNIVERSITAS EDUCATION, LLC,

      Petitioner,

-v-                                          Nos.   11 Civ. 1590 (LTS) (HBP)
                                                          and
                                                        11 Civ. 8726 (LTS) (HBP)

NOVA GROUP, INC., as trustee, sponsor and
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,

      Respondent.

--------------------------------------------------------

### SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION FOR TURNOVER AND PERMANENT INJUNCTION

Respondents Carpenter Financial Group, Inc. ("CFG"), Avon Capital, LLC ("Avon"), Hanover Trust Company ("Hanover") and Phoenix Capital Management, LLC ("Phoenix") (collectively "Respondents") hereby oppose the motion for turnover and for permanent injunction filed by Universitas Education, LLC ("Universitas") and urge the Court to deny that motion in its entirety. The Respondents are not properly subject to this Court's jurisdiction and Universitas is not, in any event, entitled to a permanent injunction against them based on the alleged conduct of a third party.

First, none of the Respondents were served with a writ of summons or complaint commencing an action against them pursuant to C.P.L.R. § 5225(b). Rather, in its memorandum of law (filed 10/17/13), Universitas merely asserts that it is "proceeding by Notice of Motion" against the Respondents. Because personal jurisdiction is required for an order under § 5225(b), and because notice, without service of process, is insufficient to convey jurisdiction over non-

party, out of state entities such as Respondents, the motion for turnover and for permanent injunction should be dismissed.

In its memorandum, Universitas contends that a § 5225(b) proceeding may be commenced by notice of motion rather than service of process and that "nearly every court in the Circuit to consider the issue has held that parties can bring a motion ... rather than instituting a special proceeding." Universitas' Memorandum at 16, citing *Northern Mariana Islands v. Millard*, 845 F. Supp. 2d 579, 581 (S.D.N.Y. 2012). Universitas also cites *SEC v. Colonial Investment Mgt.*, 2010 U.S. Dist. LEXIS 108063 (S.D.N.Y. Oct. 6, 2010) for the same principle. This is simply not the case.

In *Wasserman Media Grp., LLC v. Bender*, 10 CIV. 8783 SAS, 2012 WL 1506181 (S.D.N.Y. Apr. 26, 2012), Judge Scheindlin denied a petitioner's effort to commence a § 5225(b) action by notice and emphasized the need for the court to have personal jurisdiction over the parties before it could enter any turnover order. Specifically addressing the two cases cited by Universitas here, *Millard* and *Colonial Investment*, Judge Scheindlin pointed out that "personal jurisdiction was not in issue in either case" and that those courts therefore had not engaged in any jurisdictional inquiry. *Wasserman*, 2012 WL 1506181 at *2.

Citing a case that *did* conduct a jurisdictional inquiry, Judge Sheindlin went on to state that in *Runway Development Group v. Pentagen Technologies International Limited*, 396 F.Supp.2d 471 (S.D.N.Y. 2005), the court analyzed the different subsections of § 5225 as follows:

> Section 5225 sets forth the procedures for the return of property. Under section 5225(a), a judgment creditor can seek turnover of property held by the judgment debtor "[u]pon motion" in the original action. N.Y. C.P.L.R. 5225(a). However, when the property sought is in the possession of someone other than the judgment debtor, the judgment creditor must follow the procedure set forth in section 5225(b), which requires that the creditor "commence an action against the person

2

in possession," [*Alliance Bond Fund, Inc. v. Grupo Mexicano De Desarrollo, S.A.*, 190 F.3d 16, 21 (2d Cir.1999)], instead of merely filing a motion in the original action, see N.Y. C.P.L.R. 5225(b); David D. Siegel, Practice Commentaries, N.Y. C.P.L.R. 5225, at 264–65 (McKinney 1997) (explaining that subsection (b) requires a special proceeding "bearing its own caption") (citation omitted).

*Wasserman* at *2.

The *Wasserman* court went on to cite the conclusion in *Runway Development* that:

Because Rule 69(a) of the Federal Rules of Civil Procedure dictates that state procedures be followed, and because section 5225(b) is applicable to this situation, Pentagen is required to commence a new action against the Government in order to attain the sought-after relief. Therefore the present motion is an improper vehicle for seeking this relief and must be denied.

*Wasserman* at *2, citing *Runway Development*, 396 F.Supp. 2d at 474.

Moreover, the Court of Appeals has explained the importance of personal jurisdiction in 5225(b) actions, distinguishing them from attachment actions where the property in question must be within the state (and where the attachment can create jurisdiction where it otherwise may not exist). That Court's decision in *Koehler v. Bank of Bermuda* explains succinctly the law on this point:

The First Department of the Appellate Division has expressly held that judgment debtors can be ordered to turn over out-of-state assets under CPLR article 52 (see *Gryphon Dom. VI, LLC v. APP Intl. Fin. Co., B.V.*, 41 A.D.3d 25, 836 N.Y.S.2d 4 [1st Dept.2007], *lv. denied* 10 N.Y.3d 705, 857 N.Y.S.2d 38, 886 N.E.2d 803 [2008]; see also *Miller v. Doniger*, 28 A.D.3d 405, 814 N.Y.S.2d 141 [1st Dept.2006]; *Starbare II Partners v. Sloan*, 216 A.D.2d 238, 629 N.Y.S.2d 23 [1st Dept.1995] ). **"[T]he explicit rationale was that the court could order the defendant judgment debtor to turn over property because it had personal jurisdiction over the defendant"** (*Gryphon*, 41 A.D.3d at 31, 836 N.Y.S.2d 4, citing *Starbare*, 216 A.D.2d at 239, 629 N.Y.S.2d 23). Recently, the First Department endorsed the position that "New York courts have the power to command a garnishee present in the state to bring out-of-state assets under the garnishee's control into the state" (*Morgenthau v. Avion Resources Ltd.*, 49 A.D.3d 50, 54, 849 N.Y.S.2d 223 [1st Dept 2007], *mod. on other grounds* 11 N.Y.3d 383, 869 N.Y.S.2d 886, 898 N.E.2d 929 [2008] ).

> As that court noted, **the key to the reach of the turnover order is personal jurisdiction over a particular defendant**. "[A] turnover order merely directs a defendant, over whom the New York court has jurisdiction, to bring its own property into New York" (*Gryphon*, 41 A.D.3d at 31, 836 N.Y.S.2d 4). A New York court has the authority to issue a turnover order pertaining to extraterritorial property, if it has personal jurisdiction over a judgment debtor in possession of the property. "**As long as the debtor is subject to the court's personal jurisdiction, a delivery order can be effective even when the property sought is outside the state**" (Siegel, N.Y. Prac. § 510, at 866 [4th ed.] ). (Bolded emphasis added).

*Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 539-40, 911 N.E.2d 825, 830 (2009).

Thus it is clear that the "key" to the Court's authority to enter a turnover order is personal jurisdiction over a given defendant. This point cannot seriously be contested and comports with a long line of decisions reflecting the significance of personal jurisdiction to the due process rights of individuals or corporations that may be subject to court orders. From *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) through its recent decision in *Daimler AG v. Bauman*, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014), the Supreme Court has repeatedly emphasized the limits of personal jurisdiction, noting that a defendant must have "certain minimum contacts with the State such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." (Internal citation and quotation omitted). *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853, 180 L. Ed. 2d 796 (2011), quoting *International Shoe*, 326 U.S., at 316, 66 S.Ct. 154).

While *International Shoe* dealt with in-state conduct of the proposed defendant that gave rise to the specific claims at issue (specific jurisdiction,) subsequent cases recognized that a defendant's in-state conduct might be so pervasive as to put the defendant fairly on notice of the possibility of being hauled into court in the forum for any claims. Under this separate concept, "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so

continuous and systematic as to render them **essentially at home** in the forum State." (Internal quotation omitted, emphasis added.) *Goodyear*, 131 S.Ct., at 2851; see *id.*, at 131 S.Ct., at 2853–2854; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, nn. 8, 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). In either case, a court has no jurisdiction over a defendant unless the defendant has certain minimum contacts with the state and the court follows the appropriate procedure for an exercise of personal jurisdiction.

Here, there has been no *International Shoe* analysis. There is no evidence that the Respondents have any contacts, much less the required minimum contacts, and certainly no evidence that the Respondents are "at home" in New York so that the exercise of jurisdiction might be proper. Indeed, Universitas has not even offered the Court an analysis of the Respondents' contacts, if any, with New York.[1]

Moreover, the statute offers no procedure through which this Court can obtain personal jurisdiction over the Respondents simply by virtue of "notice" of Universitas' motion. Section 5225(b) requires the institution of a special proceeding and, contrary to Universitas' statement, the only courts to consider the jurisdictional question have said that a party must commence an action and properly serve non-parties in order to obtain jurisdiction over them. (Whether the motion process may or may not properly be used in cases where jurisdiction is not at issue is irrelevant to the instant case.) Because Universitas failed to commence an action against the Respondents, its claims against them should be dismissed.

---

[1] In its Memorandum at pp. 16-17 Universitas suggests that jurisdiction may be obtained through veil piercing. In the first instance, this concept of jurisdiction is questionable, at best, particularly in the wake of the Supreme Court's *Goodyear* and *Daimler* decisions. See Lonny Hoffman, *Further Thinking About Vicarious Justification: Reflecting on Goodyear v. Brown and Looking Ahead to Daimler Ag v. Bauman*, 34 J. Int'l L. 765 (U. Penn. 2014). More importantly, Universitas has failed to demonstrate that veil piercing is appropriate with respect to these Respondents. It claims that the Respondents are "alter egos or controlled by" Mr. Carpenter, but offers no analysis or support for that statement (and no court has made such a finding with respect to these Respondents.)

5

Second, § 5225(b) simply provides a vehicle for judgment creditors to reach assets that properly should be used to satisfy a judgment, it does not allow for a plaintiff to create an ongoing impediment to the normal business operations of non-parties based only on the hypothetical claim that a judgment debtor might try to transfer assets to the non-party. In other words, the statute does not contemplate a permanent injunction barring the (non-party) Respondents from going about their business.

Here, Universitas has had a preliminary injunction in place for over six months barring any spending over a set limit and giving Universitas specific information regarding the spending that did occur. Universitas thus has had sufficient time to identify and claim any funds that it believes may be subject to turnover pursuant to § 5225(b). At this point, it should do so. It should identify any such funds and make its claim for turnover. It should not be allowed to place a continuing restraint on Respondents' business operations based on its concern that some party to this action may distribute funds to the Respondents. A judgment creditor does not have such broad and ongoing power under the statute.

In its pleadings, Universitas focuses on transactions that occurred in 2009. It has not identified any transaction occurring after that time and has not demonstrated that these Respondents are in possession of any funds that should be subject to turnover. Universitas should not be allowed to hold Respondents' business activities perpetually in limbo while it hopes that some funds may be obtained. If Universitas can carry its burden to prove that it is entitled to a turnover of specific funds, then a judgment respecting those specific funds should enter and the case should be closed. If not, then judgment for all of the Respondents should enter and the case should be closed. In either case, the statute does not give Universitas the power to hold these businesses hostage in perpetuity. Because there is no evidence that these Respondents

are in possession of any funds that should be subject to a turnover, the latter circumstance should prevail and judgment should enter in their favor.

WHEREFORE, the Respondents respectfully urge that the Court dismiss the claims against them or enter judgment in their favor.

Dated: June 16, 2014

Respectfully Submitted,
Carpenter Financial Group, Inc.
Avon Capital, LLC
Hanover Trust Company
Phoenix Capital Management, LLC

by _____
Michael S. Taylor
The Law Office of Michael S. Taylor, LLC
PO Box 7
Harwinton, CT 06791
Telephone: (860) 782-0024
Fax: (860) 866-2424
Email: michael@mstaylorlaw.com