

**MICHAEL BARNETT**
Attorney At Law

345 Park Avenue
New York, NY  10154

Direct   212.407.4163
Main    212.407.4000
Fax      212.656.1554
mbarnett@loeb.com

Via ECF
Via Messenger

July 2, 2014

The Hon. Laura Taylor Swain
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *Universitas Education, LLC v. Nova Group, Inc.*, **Case No. 11-1590-LTS-HBP (S.D.N.Y.)**

Dear Judge Swain:

We represent Universitas Education, LLC ("Universitas"), and write in connection with Universitas's pending motion for turnover and a permanent injunction (Dkt. No. 308).

We enclose for the Court's consideration a proposed Permanent Injunction Order (Exhibit A). We sent the proposed Order to the Orders and Judgments Clerk, and were informed this afternoon that the Clerk has approved the proposed Order as to form and is sending it to your Honor's chambers.

We sent an advanced draft of the proposed Order to Respondents' counsel late on June 23, and asked that they send their comments, suggested revisions and/or counter-proposals by July 1.  We received two responses.

Glenn A. Duhl, counsel to the Grist Mill Trust Welfare Benefit Plan, wrote to say that he did not consent to entry of a permanent injunction and that a permanent injunction is not warranted. We assume this to be the position of all Respondents.

Anthony J. Siano, counsel to Daniel E. Carpenter, wrote:

> *On behalf of Mr. Carpenter, I object to the proposed order in that paragraph #1 suggests that the Court award your client both a money judgment and an injunction for the exact same subject matter.  I do not believe that the Court could grant both monetary relief and equitable relief for the exact same subject matter and claim.*
>
> *In addition, the monthly reporting requirement was an interlocutory remedy which, by its nature, would not continue after entry of a final order.*
>
> *I trust that in any transmission of this draft order to the Court, you will inform the Court of my objection.*

Los Angeles   New York   Chicago   Nashville   Washington, DC   Beijing

A limited liability partnership including professional corporations

NY1284184.1
214560-10001



(italics added).

We disagree with Mr. Siano. Courts have permanently enjoined parties in connection with issuing money judgments.

Universitas does not argue that permanent injunctions are granted as a matter of course upon the entry of judgment. But an injunction is warranted where, as here, the judgment debtor to-be, Mr. Carpenter (Mr. Siano's client), has committed himself to defrauding creditors and/or has a track record of taking actions to frustrate judgments. See, e.g., Yukos Capital S.A.R.L. v. Samaraneftegaz, Case No. 10-6147-PAC, 2014 U.S. Dist. LEXIS 2831, at *9-11 (S.D.N.Y. Jan. 9, 2014) (entering restraining order pursuant to N.Y. C.P.L.R. § 5222 and a permanent injunction). Attached as Exhibit B is the Permanent Injunction Order that Judge Crotty entered in the Yukos case.

The modest reporting requirements, moreover, are necessitated by Mr. Carpenter and his entities' track record of playing corporate shell games and frustrating judgments, as well as their failure to adequately explain and document where Universitas's money – $30 million paid out by a life insurance carrier for Universitas's benefit – went.

Mr. Carpenter took Universitas's money. And yet he could have settled this litigation long ago, for an amount less than what he took. Mr. Carpenter cannot now reasonably complain about a monthly reporting requirement. Any arguable hardship is the consequence of his own misconduct. Further, Mr. Carpenter is in prison, and the proposed injunction would still permit him to expend up to $20,000 per month.

Finally, in the event the Court decides not to grant Universitas's permanent injunction motion, we respectfully ask that the Court keep in effect its January 13, 2014 Preliminary Injunction Order for a period of 14 days following the entry of judgment against any of the Respondents. This would provide some assurance to Universitas that Respondents could not frustrate any money judgment or turnover order during the mandatory stay-of-enforcement period imposed by Federal Rule of Civil Procedure 62(a).

We thank the Court for its attention to these matters.

Respectfully submitted,

Michael Barnett
Loeb & Loeb LLP

Enclosures

cc:   All Counsel of Record (via ECF)

NY1284184.1
214560-10001