*Universitas Education, LLC v. Nova Group, Inc.*, Case No. 11-1590-LTS-HBP (S.D.N.Y.)

# July 2, 2014 Letter to the Hon. Laura Taylor Swain

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,                         :

            Petitioner,                                  :

       -against-                                            :   Case Nos. 11 CV 1590-LTS-HBP and
                                                                  11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and           :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,                               :

            Respondent.                                  :
------------------------------------------------------------X

# [PROPOSED] PERMANENT INJUNCTION ORDER

**LAURA TAYLOR SWAIN, U.S.D.J.**

      The Court, having considered the evidence presented on the claims of Petitioner Universitas Education, LLC ("Universitas") against Respondents Daniel E. Carpenter, Grist Mill Capital, LLC, Grist Mill Holdings, LLC, the Grist Mill Trust Welfare Benefit Plan, Avon Capital, LLC, Hanover Trust Company, Carpenter Financial Group and Phoenix Capital Management, LLC, and the Court having issued its Opinion and Order setting forth its Findings of Fact and Conclusions of Law, and good cause appearing therefor;

      **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65:**

      1.    Daniel E. Carpenter, and his officers, agents, servants, employees and attorneys, and other persons or entities who are in active concert or participation with him and them, are hereby permanently enjoined from, directly or indirectly, causing, making, permitting or suffering any sale, assignment or transfer of, or any interference with, any asset or property of

Mr. Carpenter, and any asset or property of any company, corporation or entity (including any trusts) that Mr. Carpenter directly or indirectly owns or controls; provided that Mr. Carpenter may expend or transfer up to an aggregate amount of $20,000.00 per month solely for his personal expenses and/or the expenses of all of the entities that are subject to this injunction, with any such payments or transfers individually exceeding $1,000.00 to be reported, in writing, with supporting documentation, to Universitas's counsel within thirty (30) days of such payment/transfer being made. **This paragraph 1 shall not apply to the Grist Mill Trust Welfare Benefit Plan ("Grist Mill Trust").** This paragraph 1 shall remain in effect until Universitas's judgment against Daniel E. Carpenter, in the amount of _____, is satisfied; or until it is modified or vacated by a court of competent jurisdiction.

2. The Grist Mill Trust, as well as its trustees, administrators, sponsors, officers, agents, servants, employees and attorneys, and other persons who are in active concert or participation with them, are hereby enjoined from, directly or indirectly, causing, making, permitting or suffering any sale, assignment or transfer of, or any interference with, any asset or property of the Grist Mill Trust – including but not limited to any insurance policy in the name of, titled in, or benefitting the Grist Mill Trust – that is not in strict compliance with Section 6.07 of the Declaration of Trust for the Grist Mill Trust (Case No. 11-1590-LTS Dkt. No. 337-4 at p. 50), to the extent Section 6.07 applies, or is found by a court of competent jurisdiction to apply, to a transaction.

3. On or about the first of each month, the Grist Mill Trust shall provide a written report to Universitas disclosing each payment or transfer of money it made in the prior month to any person or entity that has, or is known by the Grist Mill Trust to have had at any prior point in

time, a business address at 100 Grist Mill Road in Simsbury, Connecticut, or at 1 Mill Pond Lane in Simsbury, Connecticut, or at 3 Mill Pond Lane in Simsbury, Connecticut.

4. Paragraphs 2 and 3 hereof shall remain in effect until Universitas's judgment against the Grist Mill Trust, in the amount of _____, is satisfied; or if it is modified or vacated by a court of competent jurisdiction.

5. Nothing in this Order shall prevent the Grist Mill Trust from (a) receiving payments, contributions or transfers of money from its participants, (b) making payments and transfers of money to insurance carriers in the ordinary course of business, and (c) paying its administrative, legal and payroll expenses incurred in the ordinary course of business.

6. The Order Modifying the Court's Preliminary Injunction Against Daniel E. Carpenter, dated February 11, 2014 (Dkt. No. 378), remains in effect and is hereby converted into a Permanent Injunction.

7. The Order concerning a certain check payable to the Boston Property Exchange Transfer Company ("BPETCO"), being held by the law firm of Pastore & Dailey, LLC (Dkt. No. 400), remains in effect pending a determination by a court of competent jurisdiction as to whether Daniel E. Carpenter owns, controls and/or is the alter ego of BPETCO.

8. This Permanent Injunction is entered pursuant to Fed. R. Civ. P. 65, and binds the individuals and entities named herein only to the extent such individuals and entities have received actual notice, by personal service or otherwise, of the Permanent Injunction.

9. The Court's Preliminary Injunction Order, dated January 13, 2014 (Dkt. No. 366), will expire on the 15th day following the day on which judgment is entered against the Respondents.

10. This Court shall retain jurisdiction of this matter for the purposes of enabling any of the parties to this Permanent Injunction Order to apply to the Court for such further orders or directives as may be necessary or appropriate for the interpretation or modification of the Permanent Injunction, for the enforcement or compliance therewith, or for the punishment of violations thereof; provided that no application or motion shall be made without the parties using their best efforts to resolve informally the matters in controversy. Such efforts must include, but need not be limited to, an exchange of letters by the relevant parties outlining their respective legal and factual positions on the matters and at least one telephonic or in-person discussion of the matters. If an application or motion remains necessary, it must include a separate paragraph certifying in clear terms that the movant or requesting party has used its best efforts to resolve informally the matters raised in its submission.

Dated: _____    By:_____
                                                                    The Hon. Laura Taylor Swain
                                                                    United States District Judge