UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNIVERSITAS EDUCATION, LLC,

       Petitioner,

  -v-                                        No. 11 Civ. 1590 (LTS)(HBP)

NOVA GROUP, INC.,

       Respondent.

-------------------------------------------------------x

NOVA GROUP, INC.,

       Petitioner,

  -v-                                        No. 11 Civ. 8726 (LTS)(HBP)

UNIVERSITAS EDUCATION, LLC,

       Respondent.

-------------------------------------------------------x

[USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: _____ / DATE FILED: NOV 05 2014]

## ORDER

       Respondents Carpenter Financial Group, Inc., Avon Capital, LLC, Hanover Trust Company, and Phoenix Capital Management, LLC (collectively "Respondents") moved for reconsideration of the Court's August 7, 2014 Memorandum Opinion and Order (the "Order") granting a turnover and entering judgment against Respondents in favor of Petitioner, Universitas Education, LLC ("Universitas"). (Docket entry no. 481.) Respondents seek reconsideration of three aspects of the Court's Order: 1) the decision that Respondents were properly served, 2) the decision that Respondents were properly parties to the turnover proceeding under New York C.P.L.R. § 5225(b), and 3) the decision that certain transfers between Charter Oak Trust and Grist Mill Capital, LLC were fraudulent conveyances.

"It is well-settled that [Federal] Rule [of Civil Procedure] 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, 684 F.3d 36, 52 (2d Cir. 2012), cert. denied, 133 S. Ct. 1805 (2013) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted). "[T]he standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, 684 F.3d at 52 (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

Respondents point to no controlling decisions or data that the court overlooked. With respect to the service of process, Universitas filed an affidavit on June 20, 2014, attesting to service as to each Respondent (see docket entry no. 466), and Respondents participated in the turnover proceeding and never subsequently contested Universitas' factual proffers as to service. This argument was therefore waived and may not be relitigated through a motion for reconsideration. As to the second issue, Respondents merely seek to improperly relitigiate the issue of whether they are proper parties under C.P.L.R. § 5225(b) and do not cite any controlling law that the Court overlooked. Finally, with respect to the fraudulent conveyances, Respondents point to documents that were in the record and that the Court had reviewed in making its decision.

For the forgoing reasons, Respondents' motion for reconsideration is denied in its entirety.

This Order resolves docket entry number 481.

SO ORDERED.

Dated: New York, New York
November 5, 2014

/s/ LAURA TAYLOR SWAIN
United States District Judge