UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,               :

       Judgment Creditor,

       -against-

NOVA GROUP, INC., as trustee, sponsor and
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,

       Judgment Debtor,

Case Nos. 11 CV 1590-LTS-HBP and
11-8726-LTS

       -and-

Daniel E. Carpenter, Charter Oak Trust
Welfare Benefit Plan, Grist Mill Capital, LLC
Grist Mill Holdings, LLC, Grist Mill Trust
Welfare Benefit Plan, Avon Capital, LLC,
Hanover Trust Company, Carpenter Financial
Group and Phoenix Capital Management, LLC,

       Judgment Debtors.
-----------------------------------------------------------X

### DECLARATION OF MOLLY CARPENTER IN OPPOSITION TO UNIVERSITAS EDUCATION LLC'S MOTION FOR EXTENSION OF RESTRAINING NOTICES

**MOLLY CARPENTER** declares the following to be true under penalty of perjury pursuant to 28 U.S.C. §1746:

1. I am the acting manager of Grist Mill Partners LLC ("GMP"). I submit this declaration in opposition to the motion by Universitas Education, LLC ("Universitas") to extend the duration of the Restraining Notice which has been served on third-parety garnishee Curaleaf, LLC ("Curaleaf")..

2. GMP is a limited liability company which owns commercial real estate located at 100 Grit Mill Road, Simsbury, Connecticut. The subject property is currently occupied by a single tenant, Curaleaf.

3. Judgment debtor Carpenter Financial Group owns a 99% membership interest in GMP.

4. GMP and Curaleaf are currently locked in a landlord tenant dispute, with Curaleaf having failed to pay rent since January 2015. An eviction proceeding is currently pending in the Connecticut Superior Court.

5. The landlord tenant relationship between GMP and Curaleaf is governed by a written lease. Carpenter Financial Group is not a party to the lease and is entitled to no rent payments. Under the terms of the lease, rent is payable to GMP. Although GMP is not a judgment debtor and the payment of rent by Curaleaf to GMP would not violate the terms of the Restraining Notice served on Curaleaf, Curaleaf is nonetheless using the existence of the Restraining Notice as an excuse not to pay rent and as a "red herring" in the eviction proceeding. By way of example, attached to this Declaration as Exhibit 1 is a copy of the Motion to Strike filed by Curaleaf in the eviction proceeding. The Motion to Strike is predicated upon the existence of the Restraining Notice and Curaleaf's self-serving interpretation of its obligations under the Restraining Notice.

6. Although Universitas has had a judgment against Carpenter Financial Group for more than one year, I am unaware of any proceeding in which Universitas has attempted to enforce its judgment by execution or other means against Carpenter Financial Group's membership interest in GMP.

7. Curaleaf's failure to pay rent is not in the interests of anyone who has an interest in GMP. During the period in which Curaleaf has not been paying rent, GMP has been forced to borrow money to pay building expenses such as real estate taxes. Although it is not very likely that Curaleaf will immediately resume rent payments if the Restraining Notice were to expire, the expiration of the Restraining Notice would at least take that excuse away from Curaleaf.

8. Upon information and belief, Carpenter Financial Group was served with a Restraining Notice. The continuing existence of the Restraining Notice against Carpenter Financial Group is sufficient protection of the rights Universitas' has as a judgment creditor of that judgment debtor.

Pursuant to 28 U.S.C. §1746 I declare that the foregoing statements are true.

Dated: Avon, Connecticut
September 18, 2015

/S/ Molly Carpenter
Molly Carpenter

# CARPENTER DECLARATION

# EXHIBIT 1

3946054v.1

DOCKET NO.: HDSP-178420

| | | |
|---|---|---|
| GRIST MILL PARTNERS, LLC, | : | SUPERIOR COURT |
| | : | |
| Plaintiff, | : | JUDICIAL DISTRICT OF HARTFORD |
| | : | |
| V. | : | AT HARTFORD HOUSING COURT |
| | : | |
| CURALEAF, LLC, | : | |
| | : | |
| Defendant. | : | JUNE 8, 2015 |

### DEFENDANT'S MOTION TO STRIKE

Pursuant to Section 10-39 of the Connecticut Practice Book, defendant Curaleaf, LLC ("Defendant") respectfully moves the Court to strike the entire First Amended Complaint of plaintiff, Grist Mill Partners, LLC ("Plaintiff"). A memorandum of law in support of this motion is filed herewith.

        DEFENDANT,
        CURALEAF, LLC

By _____
Craig A. Raabe
E-mail: craabe@rc.com
Brian R. Smith
E-mail: bsmith@rc.com
Sorell E. Negro
E-mail: snegro@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
Juris No.: 050604

13851235-v1

## CERTIFICATION

This is to certify that a copy of the foregoing Motion to Strike was delivered via first-class mail, postage prepaid, on this 8th day of June, 2015, to all counsel of record as follows:

Michael S. Wrona, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

_____
Sorell E. Negro

DOCKET NO.: HDSP-178420

| | | |
|---|---|---|
| GRIST MILL PARTNERS, LLC, | : | SUPERIOR COURT |
| Plaintiff, | : | JUDICIAL DISTRICT OF HARTFORD |
| V. | : | AT HARTFORD HOUSING COURT |
| CURALEAF, LLC, | : | |
| Defendant. | : | JUNE 8, 2015 |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE

Pursuant to Section 10-39 of the Connecticut Practice Book, defendant Curaleaf, LLC ("Defendant") respectfully submits this memorandum of law in support of its Motion to Strike the First Amended Complaint of plaintiff ("Complaint"), Grist Mill Partners, LLC ("Plaintiff"), dated June 4, 2015.

### I. INTRODUCTION

The crux of Plaintiff's action is Defendant's alleged nonpayment of rent when due to Plaintiff. See Complaint, First Count, ¶ 6; Second Count, ¶ 6; Third Count, ¶ 6. The Complaint asserts that Defendant has been leasing property from Plaintiff located at 100 Grist Mill Road, Simsbury, Connecticut, since February 11, 2014, and owes Plaintiff rent for the months of January 2015, February 2015, and March 2015. *See id.* at First Count, ¶¶ 3-6; Second Count, ¶¶ 3-6; Third Count, ¶¶ 3-6.

On February 19, 2015, counsel for the plaintiff in *Universitas Education, LLC v. Nova Group, Inc.* et al., Case No. 11-CV-08726-LTS, issued a Restraining Notice to Defendant, attached

13857864-v1

hereto as Exhibit A, purportedly acting under New York law and pertaining to an August 12, 2014 judgment (amended on August 15, 2014) in favor of Universitas Education, LLC against the following judgment debtors:

- Daniel E. Carpenter, in the amount of $30,600,000.00.
- Grist Mill Capital, LLC, in the amount of $30,600,000.00.
- Grist Mill Holdings, LLC, in the amount of $21,000,000.00.
- Carpenter Financial Group, in the amount of $11,140,000.00.
- Avon Capital, LLC, in the amount of $6,710,065.92.
- Phoenix Capital Management, LLC, in the amount of $5,000,000.00.
- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81.

*See Universitas Education, LLC v. Nova Group, Inc.* et al., Case No. 11-CV-08726-LTS (S.D.N.Y. Aug. 7, 2014) (judgment attached hereto as Exhibit B). Specifically, this Restraining Notice states that Defendant is "hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property" of which Defendant is in possession and in which one or more of the judgment debtors listed above has an interest, or to "pay over or otherwise dispose of any" debt owed by Defendant to any of these judgment debtors. Ex. A, p. 2.

Accordingly, in order to demonstrate the import of the February 19, 2015 Retraining Notice to this action, Defendant served on Plaintiff discovery requests on May 14, 2015, asking Plaintiff to specify the individual members of Grist Mill Partners, LLC. Plaintiff responded on May 29, 2015 and stated that one of the entities listed on the Restraining Notice, Carpenter Financial Group, owns

99% of Plaintiff. *See* Pls.' Resp. to Def.'s First Set of Interrogs. (May 29, 2015) (attached hereto as Exhibit C), at p. 3. In other words, the entity that owns 99% of Plaintiff owes a judgment of over $11 million to Universitas Education, LLC pursuant to a judgment entered by the Southern District of New York, and the February 2015 Restraining Notice issued to Defendant allegedly under New York law specifically states that Defendant is prohibited from transferring any property or making any payments to this entity. *See* Ex. A at 2 ("this notice also covers . . . all debts hereafter coming due from you to one or more of the Judgment Debtors."). The Restraining Notice also states that "disobedience of this Restraining Notice is punishable as contempt of court." *Id.* at 3.

## II.   LEGAL STANDARD

"The purpose of a motion to strike is 'to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" *Novametrix Medical Systems, Inc. v. BOC Group, Inc.*, 224 Conn. 210, 214-15 (1992); Conn. Practice Book § 10-39(a). On a motion to strike, the Court's inquiry is "to ascertain whether the allegations in each count, if proven, would state a claim upon which relief could be granted." *Bennett v. Connecticut Hospice, Inc.*, 56 Conn. App. 134, 136 (1999), *cert. denied* 252 Conn. 938 (2000). In addition, a motion to strike "admits all *facts* well pleaded; it does not admit *legal conclusions or the truth or accuracy of opinions* stated in the pleadings." *Mora v. Aetna Life & Cas. Ins. Co.*, 13 Conn. App. 208, 211 (1988) (internal quotation marks omitted) (italics in original). A pleading must fail if it contains only unsupported conclusions of law without the required facts. Thus, "[a] motion to strike is properly granted where a plaintiff's Complaint alleges legal conclusions unsupported by facts." *Id.*

### III. DEFENDANT CANNOT BE LIABLE FOR NONPAYMENT OF RENT TO PLAINTIFF AND, THEREFORE, THE COMPLAINT SHOULD BE STRICKEN

A motion to strike is appropriate here to challenge the legal sufficiency of the Complaint, which fails to state a claim upon which relief could be granted even if all facts as alleged by Plaintiff were true. Plaintiff's Complaint alleges that Defendant has improperly failed to pay rent owed to Plaintiff when due, specifically for the months of January 2015, February 2015, and March 2015, for the lease of a commercial property owned by Plaintiff. Complaint, at First Count, ¶¶ 3-6; Second Count, ¶¶ 3-6; Third Count, ¶¶ 3-6. However, even if the facts as alleged by Plaintiff were true, Defendant cannot be liable for the nonpayment of any rent owed to Plaintiff because Defendant is subject to a Restraining Notice ordering Defendant not to pay any money owed to Plaintiff.

A non-party judgment creditor of a party who has an interest in Plaintiff served a Restraining Notice upon Defendant, dated February 19, 2015, stating that Defendant was not to pay any money owed to various entities and persons that owe significant judgments to that judgment creditor, pursuant to a judgment by the U.S. District Court for the Southern District of New York. *See* Ex. A. Discovery has established that Carpenter Financial Group, one of the entities listed on the Restraining Notice, has a 99 % interest in Plaintiff. *See* Ex. C, Pls.' Resp. to Def.'s First Set of Interrogs., at p. 3. The Restraining Notice states that Defendant is "hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property" of which Defendant is in possession and in which one or more of the judgment debtors listed above has an interest, or to "pay over or otherwise dispose of any" debt owed by Defendant to any of these

judgment debtors. Ex. A at 2. It also states that failure to obey the Restraining Notice "is punishable as contempt of court." *Id.* at 3.

The Restraining Notice states that it was issued pursuant to New York law. *See id.* Pursuant to Fed. R. Civ. P. 69 regarding execution of money judgments, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ." Accordingly, the relevant procedural rules under New York law apply to execution of the money judgments ordered by the U.S. District Court for the Southern District of New York that are the subject of the Restraining Notice.

Because the Restraining Notice prohibits Defendant from making any payments of money owed to Plaintiff, Defendant cannot be liable for not paying any alleged monies owed to Plaintiff, consistent with the Restraining Notice. *See Ahmad v. State DOT*, 2015 Conn. Super. LEXIS 297, at *13 (Conn. Super. Ct. Feb. 6, 2015) (granting motion to strike complaint where, in order for plaintiff to prevail, "the defendant should be forced to violate state and federal laws . . . ."). The judgment debtors should pay the judgments owed to their judgment creditor in order to lift the Restraining Notice, or Plaintiff should otherwise seek appropriate relief from the Southern District of New York, rather than from this Court.[1] Thus, Plaintiff's Complaint is legally insufficient for failure to state a

---

[1] In its discovery responses, Plaintiff argues that it has complied with the Feb. 11, 2014 order issued by the Southern District of New York; which permitted Daniel Carpenter to transact business with Defendant. *Universitas Education, LLC v. Nova Group, Inc.*, Case No. 11-8726, Doc. 263 (Feb. 11, 2014). As an initial matter, that February 11, 2014 order, attached hereto as Exhibit D, did not expressly involve Carpenter Financial Group, the entity that owns 99% of Plaintiff and is listed separate and apart from Daniel Carpenter on the Restraining Notice. *See* Ex. A at 1 (listing Daniel E. Carpenter as owing Universitas Education, LLC $30,600,00.00 and Carpenter Financial Group as owing Universitas Education, LLC $11,140,000). Rather, that order modifies a preliminary injunction order against Daniel Carpenter, who Plaintiff expressly denied owns any interest in Plaintiff. Ex. C, Pls.' Resp. to the Def.'s Req. for Admis. at 1. Furthermore, the February 11, 2014 order modified a preliminary injunction order and was issued six months prior to the district court's judgment in that case, dated Aug. 7, 2014 (Ex. B), and more than a year prior to the Restraining

claim upon which relief may be granted, as Defendant cannot be liable for alleged nonpayment of monies owed to Plaintiff, and this Motion to Strike Plaintiff's Complaint should therefore be granted. *Cf. Margaitis v. Town of Morris*, 2011 Conn. Super. LEXIS 930, at *7 (Conn. Super. Ct. Apr. 13, 2011) (granting motion to strike claim against municipality for willful and wanton conduct "because a municipality cannot be liable for damages caused by the wil[l]ful misconduct of its agents"); *Vallombroso v. Brockett*, 1992 Conn. Super. LEXIS 1734, at *7 (Conn. Super. Ct. June 11, 1992) (granting motion to strike defendant's counterclaim alleging that the words plaintiff used in the complaint constituted an abuse of process because "a plaintiff is not liable for the words used in the pleadings and documents used to prosecute the suit") (internal quotation marks omitted).

## IV. CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant its Motion to Strike.

DEFENDANT,
CURALEAF, LLC

By _____
Craig A. Raabe
E-mail: craabe@rc.com
Brian R. Smith
E-mail: bsmith@rc.com
Sorell E. Negro
E-mail: snegro@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
Juris No.: 050604

---

Notice (Ex. A). In addition, the February 11, 2014 order expressly states that it could be modified by the court. Ex. D at 3.

## CERTIFICATION

This is to certify that a copy of the foregoing was delivered via first-class mail, postage prepaid, on this 8th day of June, 2015, to all counsel of record as follows:

Michael S. Wrona, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

_____
Sorell E. Negro