# EXHIBIT  A

**From:** Frank D'Angelo
**Sent:** Friday, January 30, 2015 3:23 PM
**To:** LABELLE@halloransage.com
**Cc:** Paula Colbath; Jon Hollis; gduhl@siegeloconnor.com
**Subject:** Universitas - Declarations Re. Other Trusts

Dan –

I write to follow up on our previous correspondence regarding the restraints currently in place on policies owned by the "other trusts" for which Hanover Benefit Plans LLC serves as Plan Sponsor.  We had previously communicated to you that our client may be amenable to lifting those restraints if your clients and others with knowledge of the trust sign declarations attesting to various facts regarding the financial and operational independence of the trusts with respect to the Carpenters and other Universitas judgment debtors.  In a further effort to reach agreement as to these trusts, we have drafted declarations to be signed by Dan Carpenter, Molly Carpenter, Wayne Bursey, Kathy Kehoe, and Matt Westcott.  You will see that the declarations are nearly identical, and require some information to be filled in by the declarants.  If the "other trusts" are indeed independent of Universitas's judgment debtors, there should be no issues with securing signatures on these declarations.  We look forward to hearing from you, and, we hope, receiving completed and signed copies of the attached.

Please note that I am copying on this email my colleague Jon Hollis, who has joined the case team.  Please copy him on all correspondence moving forward.


Regards,
Frank

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                   Judgment Creditor,        :

              -against-             :     Case Nos. 11 CV 1590-LTS-HBP and
                                    11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,             :

              Judgment Debtor.
-------------------------------------------------------------X

## <u>DECLARATION OF DANIEL E. CARPENTER</u>

      **DANIEL E. CARPENTER** declares the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

      1.     I am currently serving time in prison in connection with convictions for mail fraud and wire fraud, for which I was sentenced by the U.S. District Court for the District of Massachusetts.

      2.     I know of and am familiar with the following trusts and/or welfare benefit plans: Benistar 419 Plan & Trust; Cambridge Trust; Charter Oak Trust; Charter Oak Trust 2009; Essex Trust; Grist Mill Trust (GMT) Living Benefits Trust; Grist Mill Trust (GMT) Survivorship Trust; Grist Mill Trust – Physicians; Jefferson Trust; Life One Welfare Benefit Trust; Life Five Welfare Benefit Trust; Long Term Care Trust; McAllen Healthcare Services Trust; Mid Atlantic Trust; Nova Living Benefits Trust; Nutmeg Trust; Sickness, Accident, Disability Indemnity (SADI) Trust; Sickness, Accident, Disability Indemnity (SADI) Trust 2005; Sickness, Accident, Disability Indemnity (SADI) Trust 2007; Split Dollar Trust; STEP Plan & Trust; and Survivorship Welfare Benefit Trust (collectively, the "Trusts").

3.     I know of, and am familiar with the following entities:  Hanover Benefit Plans, LLC ("Hanover"); Benistar Admin Services, Inc. (a.k.a. Benistar Administrative Services, Inc., a.k.a. "BASI"); Benefit Plan Advisors LLC; and NOVA Benefit Plans, LLC.

4.     I know and am familiar with Molly Carpenter, Kathy Kehoe, Matt Westcott, and Wayne Bursey.

5.     I understand that Universitas Education, LLC has substantial monetary judgments against me, and as well as against Nova Group, Inc.; Grist Mill Capital, LLC; Grist Mill Holdings, LLC; Carpenter Financial Group; Avon Capital, LLC; Phoenix Capital Management, LLC; Hanover Trust Company; and Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereof insofar as they hold Grist Mill Trust assets (collectively, the "Judgment Debtors").

6.     I have access to all of the electronic and paper files and records relating to each of the above Trusts—including the records concerning the creation, funding, administration, sponsorship, and drafting and amending of declaration of trusts for the Trusts—and have familiarized myself with the transactions undertaken in connection with each of the above Trusts.

7.     Each of the Trusts' Trustee(s), Plan Sponsor(s), and Plan Administrator(s) conducted regular corporate meetings at which the Trust was discussed and kept minutes of meetings pertaining to that Trust.

8.     Benefit Plan Advisors LLC served as Trustee, Plan Sponsor, and Plan Administrator for the following trusts for the time periods indicated below:

      a.     Benistar 419 Plan & Trust:  from _____ to _____.

      b.     Cambridge Trust:  from _____ to _____.

      c.     Charter Oak Trust:  from _____ to _____.

      d.     Charter Oak Trust 2009:  from _____ to _____.

e.      Essex Trust:  from _____ to _____.

f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

i.      Grist Mill Trust – Physicians:  from _____ to _____.

j.      Jefferson Trust:  from _____ to _____.

k.      Life One Welfare Benefit Trust:  from _____ to _____.

l.      Life Five Welfare Benefit Trust:  from _____ to _____.

m.      Long Term Care Trust:  from _____ to _____.

n.      McAllen Healthcare Services Trust:  from _____ to _____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from _____ to _____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from _____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from _____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

      v.      STEP Plan & Trust:  from _____ to _____.

      w.      Survivorship Welfare Benefit Trust:  from _____ to _____.

9.      The Members of Benefit Plan Advisors LLC are as follows: _____.  The shareholders of Benefit Plan Advisors LLC are as follows: _____.

10.      NOVA Benefit Plans, LLC served as Trustee, Plan Sponsor, and Plan Administrator for the following trusts for the time periods indicated below:

      a.      Benistar 419 Plan & Trust:  from _____ to _____.

      b.      Cambridge Trust:  from _____ to _____.

      c.      Charter Oak Trust:  from _____ to _____.

      d.      Charter Oak Trust 2009:  from _____ to _____.

      e.      Essex Trust:  from _____ to _____.

      f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

      g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

      h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

      i.      Grist Mill Trust – Physicians:  from _____ to _____.

      j.      Jefferson Trust:  from _____ to _____.

      k.      Life One Welfare Benefit Trust:  from _____ to _____.

      l.      Life Five Welfare Benefit Trust:  from _____ to _____.

      m.      Long Term Care Trust:  from _____ to _____.

4

n.      McAllen Healthcare Services Trust:  from _____ to

_____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from

_____ to _____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from

_____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from

_____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

v.      STEP Plan & Trust:  from _____ to _____.

w.      Survivorship Welfare Benefit Trust:  from _____ to

_____.

11.     The   Members   of   NOVA   Benefit   Plans,   LLC   are   as   follows:

_____.  The shareholders of NOVA Benefit Plans, LLC are as follows:

_____.

12.     Hanover   served   as   Trustee,   Plan   Sponsor,   and   Plan   Administrator   for   the

following trusts for the time periods indicated below:

a.      Benistar 419 Plan & Trust:  from _____ to _____.

b.      Cambridge Trust:  from _____ to _____.

c.      Charter Oak Trust:  from _____ to _____.

d.      Charter Oak Trust 2009:  from _____ to _____.

5

e.      Essex Trust:  from _____ to _____.

f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

i.      Grist Mill Trust – Physicians:  from _____ to _____.

j.      Jefferson Trust:  from _____ to _____.

k.      Life One Welfare Benefit Trust:  from _____ to _____.

l.      Life Five Welfare Benefit Trust:  from _____ to _____.

m.      Long Term Care Trust:  from _____ to _____.

n.      McAllen Healthcare Services Trust:  from _____ to _____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from _____ to _____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from _____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from _____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

      v.      STEP Plan & Trust:  from _____ to _____.

      w.      Survivorship Welfare Benefit Trust: from _____ to _____.

13.     The Members of Hanover are as follows:  _____.  The shareholders of Hanover are as follows: _____.

14.     BASI served as Third-Party Administrator for the following trusts for the time periods indicated below:

      a.      Benistar 419 Plan & Trust:  from _____ to _____.

      b.      Cambridge Trust:  from _____ to _____.

      c.      Charter Oak Trust:  from _____ to _____.

      d.      Charter Oak Trust 2009:  from _____ to _____.

      e.      Essex Trust:  from _____ to _____.

      f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

      g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

      h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

      i.      Grist Mill Trust – Physicians:  from _____ to _____.

      j.      Jefferson Trust:  from _____ to _____.

      k.      Life One Welfare Benefit Trust:  from _____ to _____.

      l.      Life Five Welfare Benefit Trust:  from _____ to _____.

      m.     Long Term Care Trust:  from _____ to _____.

n.      McAllen Healthcare Services Trust:  from _____ to

_____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from

_____ to _____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from

_____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from

_____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

v.      STEP Plan & Trust:  from _____ to _____.

w.      Survivorship Welfare Benefit Trust:  from _____ to

_____.

15.    The Members of BASI are as follows:  _____.   The

shareholders of BASI are as follows:  _____.

16.    JPMorgan Chase Bank served as Trustee for the following trusts for the time

periods indicated below:

a.      Benistar 419 Plan & Trust:  from _____ to _____.

b.      Cambridge Trust:  from _____ to _____.

c.      Charter Oak Trust:  from _____ to _____.

d.      Charter Oak Trust 2009:  from _____ to _____.

e.      Essex Trust:  from _____ to _____.

f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

i.      Grist Mill Trust – Physicians:  from _____ to _____.

j.      Jefferson Trust:  from _____ to _____.

k.      Life One Welfare Benefit Trust:  from _____ to _____.

l.      Life Five Welfare Benefit Trust:  from _____ to _____.

m.      Long Term Care Trust:  from _____ to _____.

n.      McAllen Healthcare Services Trust:  from _____ to _____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from _____ to _____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from _____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from _____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

v.      STEP Plan & Trust:  from _____ to _____.

9

       w.      Survivorship Welfare Benefit Trust:  from _____ to

_____.

17.      For each of the Trusts, no monies or assets of that Trust have been used for any

purpose other than (1) to pay life insurance premiums on policies in which that Trust currently

has an interest, or had an interest at the time of the premium payment; (2) to issue loans that are

reflected in the general ledger(s) of that Trust (which are attached hereto) to current or former

participants in that Trust and/or current or former employees of such participants, which such

participants and employees have no relation to or affiliation with me; and/or (3) to pay annual

fees not exceeding $10,000 to that Trust's current or former Trustee(s), Plan Sponsor(s), Plan

Administrator(s), or Third-Party Administrator(s).

18.      I do not currently have, nor have I ever had, any financial, ownership, or other

interest, direct or indirect, through a limited liability company ("LLC") or other entity,

contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the

entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or

Third-Party Administrator of any of the Trusts.

19.      I do not currently control, nor have I ever controlled, any of the Trusts or any of

the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator,

or Third-Party Administrator of any of the Trusts, either directly or indirectly through an LLC or

otherwise.

20.      I have never made or obtained a loan with respect to a policy in which any of the

Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or

otherwise.

21.     I am not currently, nor have I ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

22.     None of the Trusts has ever engaged in any business or financial transaction with me or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by me.

23.     I have never commingled or intermingled, directly or indirectly through an LLC or otherwise, my assets, or the assets of my family, with any assets of any of the Trusts, or used any of the Trusts to shield my assets or the assets of my family from Universitas Education, LLC or any of my other creditors.

24.     Molly Carpenter does not currently have, nor has she ever had, any financial, ownership, or other interest, direct or indirect, through an LLC or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts.

25.     Molly Carpenter does not currently control, nor has she ever controlled, any of the Trusts or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts, either directly or indirectly through an LLC or otherwise.

26.     Molly Carpenter has never made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

27.     Molly Carpenter is not currently, nor has she ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

28.     None of the Trusts has ever engaged in any business or financial transaction with Molly Carpenter or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by Molly Carpenter.

29.     Molly Carpenter has never commingled or intermingled, directly or indirectly through an LLC or otherwise, her assets or my assets with any assets of any of the Trusts, or used any of the Trusts to shield her assets or my assets from Universitas Education, LLC or any other creditors that she or I may have.

30.     Wayne Bursey does not currently have, nor has he ever had, any financial, ownership, or other interest, direct or indirect, through an LLC or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts.

31.     Wayne Bursey does not currently control, nor has he ever controlled, any of the Trusts or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts, either directly or indirectly through an LLC or otherwise.

32.     Wayne Bursey has never made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

33.     Wayne Bursey is not currently, nor has he ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

34.     None of the Trusts has ever engaged in any business or financial transaction with Wayne Bursey or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by Wayne Bursey.

35.     Wayne Bursey has never commingled or intermingled, directly or indirectly through an LLC or otherwise, his assets, my assets, or the assets of Molly Carpenter with any assets of any of the Trusts, or used any of the Trusts to shield his assets, my assets, or the assets of Molly Carpenter from Universitas Education, LLC or any other creditors that he may have, or that Molly Carpenter or I may have.

36.     None of the Judgment Debtors currently has, or has ever had, any financial, ownership, or other interest, direct or indirect, through an LLC or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serves or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator to any of the Trusts.

37.     None of the Judgment Debtors currently controls, or has ever controlled, any of the Trusts or any of the entities that currently serves or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator, either directly or indirectly through an LLC or otherwise.

38.     None of the Judgment Debtors has ever made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

39.     None of the Judgment Debtors is currently, or has ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

40.     None of the Trusts has ever engaged in any business or financial transaction with any of the Judgment Debtors or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by any of the Judgment Debtors.

41.     None of the Judgment Debtors has ever commingled or intermingled, directly or indirectly through an LLC or otherwise, its assets with any assets of any of the Trusts, or used any of the Trusts to shield its assets from Universitas Education, LLC or any other creditors that that it may have.

42.     None of the Trusts currently share, nor have any of the Trusts ever shared, a bank, brokerage, trust, or any other financial account with any of the Judgment Debtors.

43.     None of the Trusts currently possess, nor have any of the Trusts ever possessed, any monies or other assets belonging to any of the Judgment Debtors, or in which any of the Judgment Debtors currently has, or has ever had, an interest.

44.     None of the Trusts currently possess, nor have any of the Trusts ever had transferred to them, any of the proceeds of the approximate $30 million paid by Lincoln National Life Insurance Company to Nova Group Inc. and/or Charter Oak Trust in connection with life insurance policies insuring the life of Sash Spencer, or any monies or other assets belonging to Universitas Education, LLC, or in which Universitas Education, LLC currently has, or has ever had, an interest.

45.     The foregoing facts as confirmed by, among other things, the general ledgers of each of the Trusts.

46.     Attached as Exhibit "A" is a true and correct copy of the general ledger for Benistar 419 Plan & Trust from the date of its inception through the present time.

47.     Attached as Exhibit "B" is a true and correct copy of the general ledger for Cambridge Trust from the date of its inception through the present time.

48.     Attached as Exhibit "C" is a true and correct copy of the general ledger for Charter Oak Trust from the date of its inception through the present time.

49.     Attached as Exhibit "D" is a true and correct copy of the general ledger for Charter Oak Trust 2009 from the date of its inception through the present time.

50.     Attached as Exhibit "E" is a true and correct copy of the general ledger for Essex Trust from the date of its inception through the present time.

51.     Attached as Exhibit "F" is a true and correct copy of the general ledger for Grist Mill Trust Welfare Benefit Plan from the date of its inception through the present time.

52.     Attached as Exhibit "G" is a true and correct copy of the general ledger for Grist Mill Trust (GMT) Living Benefits Trust from the date of its inception through the present time.

53.     Attached as Exhibit "H" is a true and correct copy of the general ledger for Grist Mill Trust (GMT) Survivorship Trust from the date of its inception through the present time.

54.     Attached as Exhibit "I" is a true and correct copy of the general ledger for Grist Mill Trust – Physicians from the date of its inception through the present time.

55.     Attached as Exhibit "J" is a true and correct copy of the general ledger for Jefferson Trust from the date of its inception through the present time.

56.     Attached as Exhibit "K" is a true and correct copy of the general ledger for Life One Welfare Benefit Trust from the date of its inception through the present time.

57.     Attached as Exhibit "L" is a true and correct copy of the general ledger for Life Five Welfare Benefit Trust from the date of its inception through the present time.

58.     Attached as Exhibit "M" is a true and correct copy of the general ledger for Long Term Care Trust from the date of its inception through the present time.

59.     Attached as Exhibit "N" is a true and correct copy of the general ledger for McAllen Healthcare Services Trust from the date of its inception through the present time.

60.     Attached as Exhibit "O" is a true and correct copy of the general ledger for Mid Atlantic Trust from the date of its inception through the present time.

61.     Attached as Exhibit "P" is a true and correct copy of the general ledger for Nova Living Benefits Trust from the date of its inception through the present time.

62.     Attached as Exhibit "Q" is a true and correct copy of the general ledger for Nutmeg Trust from the date of its inception through the present time.

63.     Attached as Exhibit "R" is a true and correct copy of the general ledger for Sickness, Accident, Disability Indemnity (SADI) Trust from the date of its inception through the present time.

64.     Attached as Exhibit "S" is a true and correct copy of the general ledger for Sickness, Accident, Disability Indemnity (SADI) Trust 2005 from the date of its inception through the present time.

65.     Attached as Exhibit "T" is a true and correct copy of the general ledger for Sickness, Accident, Disability Indemnity (SADI) Trust 2007 from the date of its inception through the present time.

66.     Attached as Exhibit "U" is a true and correct copy of the general ledger for Split Dollar Trust from the date of its inception through the present time.

67.     Attached as Exhibit "V" is a true and correct copy of the general ledger for STEP Plan & Trust from the date of its inception through the present time.

68.     Attached as Exhibit "W" is a true and correct copy of the general ledger for Survivorship Welfare Benefit Trust from the date of its inception through the present time.


Dated: _____, Massachusetts
            _____, 2015



                                                    _____
                                                        DANIEL E. CARPENTER

NY1327470.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                Judgment Creditor,         :

               -against-            :     Case Nos. 11 CV 1590-LTS-HBP and
                                                      11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,               :

                Judgment Debtor.
-------------------------------------------------------------X

### <u>DECLARATION OF MOLLY CARPENTER</u>

     **MOLLY CARPENTER** declares the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

     1.     I am an employee of Benistar Admin Services, Inc. (a.k.a. Benistar Administrative Services, Inc., a.k.a. "BASI"), which serves as Third-Party Administrator for the following trusts and/or welfare benefit plans:  Benistar 419 Plan & Trust; Cambridge Trust; Charter Oak Trust; Charter Oak Trust 2009; Essex Trust; Grist Mill Trust (GMT) Living Benefits Trust; Grist Mill Trust (GMT) Survivorship Trust; Grist Mill Trust – Physicians; Jefferson Trust; Life One Welfare Benefit Trust; Life Five Welfare Benefit Trust; Long Term Care Trust; McAllen Healthcare Services Trust; Mid Atlantic Trust; Nova Living Benefits Trust; Nutmeg Trust; Sickness, Accident, Disability Indemnity (SADI) Trust; Sickness, Accident, Disability Indemnity (SADI) Trust 2005; Sickness, Accident, Disability Indemnity (SADI) Trust 2007; Split Dollar Trust; STEP Plan & Trust; and Survivorship Welfare Benefit Trust (collectively, the "Trusts").  I have been employed by BASI since _____.  I am also an employee of _____, and have been since _____.

2.      I know of and am familiar with Hanover Benefit Plans, LLC ("Hanover"), Benefit Plan Advisors LLC, and NOVA Benefit Plans, LLC.

3.      I know and am familiar with Daniel E. Carpenter, Kathy Kehoe, Matt Westcott, and Wayne Bursey.

4.      I understand that Universitas Education, LLC has substantial monetary judgments against Nova Group, Inc.; Daniel E. Carpenter; Grist Mill Capital, LLC; Grist Mill Holdings, LLC; Carpenter Financial Group; Avon Capital, LLC; Phoenix Capital Management, LLC; Hanover Trust Company; and Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereof insofar as they hold Grist Mill Trust assets (collectively, the "Judgment Debtors").

5.      I have access to all of the electronic and paper files and records relating to each of the above Trusts—including the records concerning the creation, funding, administration, sponsorship, and drafting and amending of declaration of trusts for the Trusts—and have familiarized myself with the transactions undertaken in connection with each of the above Trusts.

6.      Each of the Trusts' Trustee(s), Plan Sponsor(s), and Plan Administrator(s) conducted regular corporate meetings at which the Trust was discussed and kept minutes of meetings pertaining to that Trust.

7.      Benefit Plan Advisors LLC served as Trustee, Plan Sponsor, and Plan Administrator for the following trusts for the time periods indicated below:

    a.      Benistar 419 Plan & Trust:  from _____ to _____.

    b.      Cambridge Trust:  from _____ to _____.

    c.      Charter Oak Trust:  from _____ to _____.

    d.      Charter Oak Trust 2009:  from _____ to _____.

    e.      Essex Trust:  from _____ to _____.

f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

i.      Grist Mill Trust – Physicians:  from _____ to _____.

j.      Jefferson Trust:  from _____ to _____.

k.      Life One Welfare Benefit Trust:  from _____ to _____.

l.      Life Five Welfare Benefit Trust:  from _____ to _____.

m.      Long Term Care Trust:  from _____ to _____.

n.      McAllen Healthcare Services Trust:  from _____ to _____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from _____ to _____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from _____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from _____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

v.      STEP Plan & Trust:  from _____ to _____.

   w. Survivorship Welfare Benefit Trust:  from _____ to

_____.

  8. The   Members   of   Benefit   Plan   Advisors   LLC   are   as   follows:

_____.  The shareholders of Benefit Plan Advisors LLC are as follows:

_____.

  9. NOVA Benefit Plans, LLC served as Trustee, Plan Sponsor, and Plan

Administrator for the following trusts for the time periods indicated below:

   a. Benistar 419 Plan & Trust:  from _____ to _____.

   b. Cambridge Trust:  from _____ to _____.

   c. Charter Oak Trust:  from _____ to _____.

   d. Charter Oak Trust 2009:  from _____ to _____.

   e. Essex Trust:  from _____ to _____.

   f. Grist Mill Trust Welfare Benefit Plan:  from _____ to

_____.

   g. Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to

_____.

   h. Grist Mill Trust (GMT) Survivorship Trust:  from _____ to

_____.

   i. Grist Mill Trust – Physicians:  from _____ to _____.

   j. Jefferson Trust:  from _____ to _____.

   k. Life One Welfare Benefit Trust:  from _____ to _____.

   l. Life Five Welfare Benefit Trust:  from _____ to _____.

   m. Long Term Care Trust:  from _____ to _____.

4

n.      McAllen Healthcare Services Trust:  from _____ to

_____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from

_____ to _____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from

_____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from

_____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

v.      STEP Plan & Trust:  from _____ to _____.

w.      Survivorship Welfare Benefit Trust:  from _____ to

_____.

10.      The   Members   of   NOVA   Benefit   Plans,   LLC   are   as   follows: _____.  The shareholders of NOVA Benefit Plans, LLC are as follows: _____.

11.      Hanover served as Trustee, Plan Sponsor, and Plan Administrator for the following trusts for the time periods indicated below:

a.      Benistar 419 Plan & Trust:  from _____ to _____.

b.      Cambridge Trust:  from _____ to _____.

c.      Charter Oak Trust:  from _____ to _____.

d.      Charter Oak Trust 2009:  from _____ to _____.

e.   Essex Trust:  from _____ to _____.

f.   Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

g.   Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

h.   Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

i.   Grist Mill Trust – Physicians:  from _____ to _____.

j.   Jefferson Trust:  from _____ to _____.

k.   Life One Welfare Benefit Trust:  from _____ to _____.

l.   Life Five Welfare Benefit Trust:  from _____ to _____.

m.   Long Term Care Trust:  from _____ to _____.

n.   McAllen Healthcare Services Trust:  from _____ to _____.

o.   Mid Atlantic Trust:  from _____ to _____.

p.   Nova Living Benefits Trust:  from _____ to _____.

q.   Nutmeg Trust:  from _____ to _____.

r.   Sickness, Accident, Disability Indemnity (SADI) Trust:  from _____ to _____.

s.   Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from _____ to _____.

t.   Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from _____ to _____.

u.   Split Dollar Trust:  from _____ to _____.

      v.        STEP Plan & Trust:  from _____ to _____.

      w.      Survivorship Welfare Benefit Trust: from _____ to _____.

12.    The Members of Hanover are as follows: _____. The shareholders of Hanover are as follows: _____.

13.    BASI served as Third-Party Administrator for the following trusts for the time periods indicated below:

      a.      Benistar 419 Plan & Trust:  from _____ to _____.

      b.      Cambridge Trust: from _____ to _____.

      c.      Charter Oak Trust:  from _____ to _____.

      d.      Charter Oak Trust 2009:  from _____ to _____.

      e.      Essex Trust:  from _____ to _____.

      f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

      g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

      h.      Grist Mill Trust (GMT) Survivorship Trust: from _____ to _____.

      i.      Grist Mill Trust – Physicians:  from _____ to _____.

      j.      Jefferson Trust:  from _____ to _____.

      k.      Life One Welfare Benefit Trust:  from _____ to _____.

      l.      Life Five Welfare Benefit Trust:  from _____ to _____.

      m.      Long Term Care Trust:  from _____ to _____.

    n.  McAllen Healthcare Services Trust:  from _____ to

_____.

    o.  Mid Atlantic Trust:  from _____ to _____.

    p.  Nova Living Benefits Trust:  from _____ to _____.

    q.  Nutmeg Trust:  from _____ to _____.

    r.  Sickness, Accident, Disability Indemnity (SADI) Trust:  from

_____ to _____.

    s.  Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from

_____ to _____.

    t.  Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from

_____ to _____.

    u.  Split Dollar Trust:  from _____ to _____.

    v.  STEP Plan & Trust:  from _____ to _____.

    w.  Survivorship Welfare Benefit Trust:  from _____ to

_____.

  14.  The Members of BASI are as follows:  _____.  The

shareholders of BASI are as follows:  _____.

  15.  JPMorgan Chase Bank served as Trustee for the following trusts for the time

periods indicated below:

    a.  Benistar 419 Plan & Trust:  from _____ to _____.

    b.  Cambridge Trust:  from _____ to _____.

    c.  Charter Oak Trust:  from _____ to _____.

    d.  Charter Oak Trust 2009:  from _____ to _____.

    e.  Essex Trust:  from _____ to _____.

f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

i.      Grist Mill Trust – Physicians:  from _____ to _____.

j.      Jefferson Trust:  from _____ to _____.

k.      Life One Welfare Benefit Trust:  from _____ to _____.

l.      Life Five Welfare Benefit Trust:  from _____ to _____.

m.      Long Term Care Trust:  from _____ to _____.

n.      McAllen Healthcare Services Trust:  from _____ to _____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from _____ to _____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from _____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from _____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

v.      STEP Plan & Trust:  from _____ to _____.

w.      Survivorship Welfare Benefit Trust:  from _____ to

_____.

16.      For each of the Trusts, no monies or assets of that Trust have been used for any purpose other than (1) to pay life insurance premiums on policies in which that Trust currently has an interest, or had an interest at the time of the premium payment; (2) to issue loans that are reflected in the general ledger(s) of that Trust (which are attached hereto) to current or former participants in that Trust and/or current or former employees of such participants, which such participants and employees have no relation to or affiliation with Daniel E. Carpenter; and/or (3) to pay annual fees not exceeding $10,000 to that Trust's current or former Trustee(s), Plan Sponsor(s), Plan Administrator(s), or Third-Party Administrator(s).

17.      Daniel E. Carpenter does not currently have, nor has he ever had, any financial, ownership, or other interest, direct or indirect, through a limited liability company ("LLC") or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts.

18.      Daniel E. Carpenter does not currently control, nor has he ever controlled, any of the Trusts or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts, either directly or indirectly through an LLC or otherwise.

19.      Daniel E. Carpenter has never made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

20.     Daniel E. Carpenter is not currently, nor has he ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

21.     None of the Trusts has ever engaged in any business or financial transaction with Daniel E. Carpenter or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by Daniel E. Carpenter.

22.     Daniel E. Carpenter has never commingled or intermingled, directly or indirectly through an LLC or otherwise, his assets, or the assets of his family, with any assets of any of the Trusts, or used any of the Trusts to shield his assets or the assets of his family from Universitas Education, LLC or any of his other creditors.

23.     I do not currently have, nor have I ever had, any financial, ownership, or other interest, direct or indirect, through an LLC or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts.

24.     I do not currently control, nor have I ever controlled, any of the Trusts or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts, either directly or indirectly through an LLC or otherwise.

25.     I have never made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

26.     I am not currently, nor have I ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

27.     None of the Trusts has ever engaged in any business or financial transaction with me or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by me.

28.     I have never commingled or intermingled, directly or indirectly through an LLC or otherwise, my assets, or the assets of Daniel E. Carpenter, with any assets of any of the Trusts, or used any of the Trusts to shield my assets or the assets of Daniel E. Carpenter from Universitas Education, LLC or any other creditors that I or Daniel E. Carpenter may have.

29.     Wayne Bursey does not currently have, nor has he ever had, any financial, ownership, or other interest, direct or indirect, through an LLC or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts.

30.     Wayne Bursey does not currently control, nor has he ever controlled, any of the Trusts or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts, either directly or indirectly through an LLC or otherwise.

31.     Wayne Bursey has never made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

12

32.     Wayne Bursey is not currently, nor has he ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

33.     None of the Trusts has ever engaged in any business or financial transaction with Wayne Bursey or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by Wayne Bursey.

34.     Wayne Bursey has never commingled or intermingled, directly or indirectly through an LLC or otherwise, his assets, my assets, or the assets of Daniel E. Carpenter with any assets of any of the Trusts, or used any of the Trusts to shield his assets, my assets, or the assets of Daniel E. Carpenter from Universitas Education, LLC or any other creditors that he may have, or that I or Daniel E. Carpenter may have.

35.     None of the Judgment Debtors currently has, or has ever had, any financial, ownership, or other interest, direct or indirect, through an LLC or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serves or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator to any of the Trusts.

36.     None of the Judgment Debtors currently controls, or has ever controlled, any of the Trusts or any of the entities that currently serves or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator, either directly or indirectly through an LLC or otherwise.

37.     None of the Judgment Debtors has ever made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

38.     None of the Judgment Debtors is currently, or has ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

39.     None of the Trusts has ever engaged in any business or financial transaction with any of the Judgment Debtors or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by any of the Judgment Debtors.

40.     None of the Judgment Debtors has ever commingled or intermingled, directly or indirectly through an LLC or otherwise, its assets with any assets of any of the Trusts, or used any of the Trusts to shield its assets from Universitas Education, LLC or any other creditors that that it may have.

41.     None of the Trusts currently share, nor have any of the Trusts ever shared, a bank, brokerage, trust, or any other financial account with any of the Judgment Debtors.

42.     None of the Trusts currently possess, nor have any of the Trusts ever possessed, any monies or other assets belonging to any of the Judgment Debtors, or in which any of the Judgment Debtors currently has, or has ever had, an interest.

43.     None of the Trusts currently possess, nor have any of the Trusts ever had transferred to them, any of the proceeds of the approximate $30 million paid by Lincoln National Life Insurance Company to Nova Group Inc. and/or Charter Oak Trust in connection with life insurance policies insuring the life of Sash Spencer, or any monies or other assets belonging to Universitas Education, LLC, or in which Universitas Education, LLC currently has, or has ever had, an interest.

44.     The foregoing facts as confirmed by, among other things, the general ledgers of each of the Trusts.

45.     Attached as Exhibit "A" is a true and correct copy of the general ledger for Benistar 419 Plan & Trust from the date of its inception through the present time.

46.     Attached as Exhibit "B" is a true and correct copy of the general ledger for Cambridge Trust from the date of its inception through the present time.

47.     Attached as Exhibit "C" is a true and correct copy of the general ledger for Charter Oak Trust from the date of its inception through the present time.

48.     Attached as Exhibit "D" is a true and correct copy of the general ledger for Charter Oak Trust 2009 from the date of its inception through the present time.

49.     Attached as Exhibit "E" is a true and correct copy of the general ledger for Essex Trust from the date of its inception through the present time.

50.     Attached as Exhibit "F" is a true and correct copy of the general ledger for Grist Mill Trust Welfare Benefit Plan from the date of its inception through the present time.

51.     Attached as Exhibit "G" is a true and correct copy of the general ledger for Grist Mill Trust (GMT) Living Benefits Trust from the date of its inception through the present time.

52.     Attached as Exhibit "H" is a true and correct copy of the general ledger for Grist Mill Trust (GMT) Survivorship Trust from the date of its inception through the present time.

53.     Attached as Exhibit "I" is a true and correct copy of the general ledger for Grist Mill Trust – Physicians from the date of its inception through the present time.

54.     Attached as Exhibit "J" is a true and correct copy of the general ledger for Jefferson Trust from the date of its inception through the present time.

55.     Attached as Exhibit "K" is a true and correct copy of the general ledger for Life One Welfare Benefit Trust from the date of its inception through the present time.

56.     Attached as Exhibit "L" is a true and correct copy of the general ledger for Life Five Welfare Benefit Trust from the date of its inception through the present time.

57.     Attached as Exhibit "M" is a true and correct copy of the general ledger for Long Term Care Trust from the date of its inception through the present time.

58.     Attached as Exhibit "N" is a true and correct copy of the general ledger for McAllen Healthcare Services Trust from the date of its inception through the present time.

59.     Attached as Exhibit "O" is a true and correct copy of the general ledger for Mid Atlantic Trust from the date of its inception through the present time.

60.     Attached as Exhibit "P" is a true and correct copy of the general ledger for Nova Living Benefits Trust from the date of its inception through the present time.

61.     Attached as Exhibit "Q" is a true and correct copy of the general ledger for Nutmeg Trust from the date of its inception through the present time.

62.     Attached as Exhibit "R" is a true and correct copy of the general ledger for Sickness, Accident, Disability Indemnity (SADI) Trust from the date of its inception through the present time.

63.     Attached as Exhibit "S" is a true and correct copy of the general ledger for Sickness, Accident, Disability Indemnity (SADI) Trust 2005 from the date of its inception through the present time.

64.     Attached as Exhibit "T" is a true and correct copy of the general ledger for Sickness, Accident, Disability Indemnity (SADI) Trust 2007 from the date of its inception through the present time.

65.     Attached as Exhibit "U" is a true and correct copy of the general ledger for Split Dollar Trust from the date of its inception through the present time.

66.     Attached as Exhibit "V" is a true and correct copy of the general ledger for STEP Plan & Trust from the date of its inception through the present time.

16

67.    Attached as Exhibit "W" is a true and correct copy of the general ledger for Survivorship Welfare Benefit Trust from the date of its inception through the present time.

Dated: Simsbury, Connecticut
       _____, 2015


                                         _____
                                              MOLLY CARPENTER

NY1325894.2

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                    Judgment Creditor,        :

                  -against-            :    Case Nos. 11 CV 1590-LTS-HBP and
                                                 11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,             :

                  Judgment Debtor.
-------------------------------------------------------------X

## DECLARATION OF KATHY KEHOE

**KATHY KEHOE** declares the following under penalty of perjury pursuant to 28 U.S.C.

§ 1746:

        1.      I am currently the Trustee for the following trusts and/or welfare benefit plans:

Benistar 419 Plan & Trust; Cambridge Trust; Charter Oak Trust; Charter Oak Trust 2009; Essex

Trust; Grist Mill Trust (GMT) Living Benefits Trust; Grist Mill Trust (GMT) Survivorship

Trust; Grist Mill Trust – Physicians; Jefferson Trust; Life One Welfare Benefit Trust; Life Five

Welfare Benefit Trust; Long Term Care Trust; McAllen Healthcare Services Trust; Mid Atlantic

Trust; Nova Living Benefits Trust; Nutmeg Trust; Sickness, Accident, Disability Indemnity

(SADI) Trust; Sickness, Accident, Disability Indemnity (SADI) Trust 2005; Sickness, Accident,

Disability Indemnity (SADI) Trust 2007; Split Dollar Trust; STEP Plan & Trust; and

Survivorship Welfare Benefit Trust (collectively, the "Trusts").

        2.      I am an employee of Hanover Benefit Plans, LLC ("Hanover"), which serves as

Plan Sponsor for each of the Trusts and of Benistar Admin Services, Inc. (a.k.a. Benistar

Administrative Services, Inc., a.k.a. "BASI"), which serves as Third-Party Administrator for

each of the Trusts. My employment with Hanover started in _____. My employment with

BASI started in _____.  I am also an employee of _____, and have been since _____.

3.     I know and am familiar with Daniel E. Carpenter, Molly Carpenter, Matt Westcott, and Wayne Bursey.

4.     I understand that Universitas Education, LLC has substantial monetary judgments against Nova Group, Inc.; Daniel E. Carpenter; Grist Mill Capital, LLC; Grist Mill Holdings, LLC; Carpenter Financial Group; Avon Capital, LLC; Phoenix Capital Management, LLC; Hanover Trust Company; and Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereof insofar as they hold Grist Mill Trust assets (collectively, the "Judgment Debtors").

5.     I have access to all of the electronic and paper files and records relating to each of the above Trusts—including the records concerning the creation, funding, administration, sponsorship, and drafting and amending of declaration of trusts for the Trusts—and have familiarized myself with the transactions undertaken in connection with each of the above Trusts.

6.     Each of the Trusts' Trustee(s), Plan Sponsor(s), and Plan Administrator(s) conducted regular corporate meetings at which the Trust was discussed and kept minutes of meetings pertaining to that Trust.

7.     Benefit Plan Advisors LLC served as Trustee, Plan Sponsor, and Plan Administrator for the following trusts for the time periods indicated below:

      a.     Benistar 419 Plan & Trust:  from _____ to _____.

      b.     Cambridge Trust:  from _____ to _____.

      c.     Charter Oak Trust:  from _____ to _____.

      d.     Charter Oak Trust 2009:  from _____ to _____.

      e.     Essex Trust:  from _____ to _____.

f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

i.      Grist Mill Trust – Physicians:  from _____ to _____.

j.      Jefferson Trust:  from _____ to _____.

k.      Life One Welfare Benefit Trust:  from _____ to _____.

l.      Life Five Welfare Benefit Trust:  from _____ to _____.

m.      Long Term Care Trust:  from _____ to _____.

n.      McAllen Healthcare Services Trust:  from _____ to _____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from _____ to _____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from _____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from _____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

v.      STEP Plan & Trust:  from _____ to _____.

w.      Survivorship Welfare Benefit Trust:  from _____ to _____.

8.      The   Members   of   Benefit   Plan   Advisors   LLC   are   as   follows: _____.  The shareholders of Benefit Plan Advisors LLC are as follows: _____.

9.      NOVA Benefit Plans, LLC served as Trustee, Plan Sponsor, and Plan Administrator for the following trusts for the time periods indicated below:

a.      Benistar 419 Plan & Trust:  from _____ to _____.

b.      Cambridge Trust:  from _____ to _____.

c.      Charter Oak Trust:  from _____ to _____.

d.      Charter Oak Trust 2009:  from _____ to _____.

e.      Essex Trust:  from _____ to _____.

f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

i.      Grist Mill Trust – Physicians:  from _____ to _____.

j.      Jefferson Trust:  from _____ to _____.

k.      Life One Welfare Benefit Trust:  from _____ to _____.

l.      Life Five Welfare Benefit Trust:  from _____ to _____.

m.      Long Term Care Trust:  from _____ to _____.

n. McAllen Healthcare Services Trust:  from _____ to
_____.

o. Mid Atlantic Trust:  from _____ to _____.

p. Nova Living Benefits Trust:  from _____ to _____.

q. Nutmeg Trust:  from _____ to _____.

r. Sickness, Accident, Disability Indemnity (SADI) Trust:  from
_____ to _____.

s. Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from
_____ to _____.

t. Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from
_____ to _____.

u. Split Dollar Trust:  from _____ to _____.

v. STEP Plan & Trust:  from _____ to _____.

w. Survivorship Welfare Benefit Trust:  from _____ to
_____.

10. The Members of NOVA Benefit Plans, LLC are as follows:
_____.  The shareholders of NOVA Benefit Plans, LLC are as follows:
_____.

11. Hanover served as Trustee, Plan Sponsor, and Plan Administrator for the
following trusts for the time periods indicated below:

a. Benistar 419 Plan & Trust:  from _____ to _____.

b. Cambridge Trust:  from _____ to _____.

c. Charter Oak Trust:  from _____ to _____.

d. Charter Oak Trust 2009:  from _____ to _____.

e.      Essex Trust:  from _____ to _____.

f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to

_____.

g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to

_____.

h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to

_____.

i.      Grist Mill Trust – Physicians:  from _____ to _____.

j.      Jefferson Trust:  from _____ to _____.

k.      Life One Welfare Benefit Trust:  from _____ to _____.

l.      Life Five Welfare Benefit Trust:  from _____ to _____.

m.      Long Term Care Trust:  from _____ to _____.

n.      McAllen Healthcare Services Trust:  from _____ to

_____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from

_____ to _____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from

_____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from

_____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

      v.      STEP Plan & Trust:  from _____ to _____.

      w.      Survivorship Welfare Benefit Trust: from _____ to

_____.

    12.    The Members of Hanover are as follows:  _____.  The

shareholders of Hanover are as follows:  _____.

    13.    BASI served as Third-Party Administrator for the following trusts for the time

periods indicated below:

      a.      Benistar 419 Plan & Trust:  from _____ to _____.

      b.      Cambridge Trust:  from _____ to _____.

      c.      Charter Oak Trust:  from _____ to _____.

      d.      Charter Oak Trust 2009:  from _____ to _____.

      e.      Essex Trust:  from _____ to _____.

      f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to

_____.

      g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to

_____.

      h.      Grist Mill Trust (GMT) Survivorship Trust: from _____ to

_____.

      i.      Grist Mill Trust – Physicians:  from _____ to _____.

      j.      Jefferson Trust:  from _____ to _____.

      k.      Life One Welfare Benefit Trust:  from _____ to _____.

      l.      Life Five Welfare Benefit Trust:  from _____ to _____.

      m.      Long Term Care Trust:  from _____ to _____.

       n.       McAllen Healthcare Services Trust:  from _____ to

_____.

       o.       Mid Atlantic Trust:  from _____ to _____.

       p.       Nova Living Benefits Trust:  from _____ to _____.

       q.       Nutmeg Trust:  from _____ to _____.

       r.       Sickness, Accident, Disability Indemnity (SADI) Trust:  from

_____ to _____.

       s.       Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from

_____ to _____.

       t.       Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from

_____ to _____.

       u.       Split Dollar Trust:  from _____ to _____.

       v.       STEP Plan & Trust:  from _____ to _____.

       w.       Survivorship Welfare Benefit Trust:  from _____ to

_____.

    14.    The Members of BASI are as follows:  _____.  The

shareholders of BASI are as follows:  _____.

    15.    JPMorgan Chase Bank served as Trustee for the following trusts for the time

periods indicated below:

       a.       Benistar 419 Plan & Trust:  from _____ to _____.

       b.       Cambridge Trust:  from _____ to _____.

       c.       Charter Oak Trust:  from _____ to _____.

       d.       Charter Oak Trust 2009:  from _____ to _____.

       e.       Essex Trust:  from _____ to _____.

f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

i.      Grist Mill Trust – Physicians:  from _____ to _____.

j.      Jefferson Trust:  from _____ to _____.

k.      Life One Welfare Benefit Trust:  from _____ to _____.

l.      Life Five Welfare Benefit Trust:  from _____ to _____.

m.      Long Term Care Trust:  from _____ to _____.

n.      McAllen Healthcare Services Trust:  from _____ to _____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from _____ to _____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from _____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from _____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

v.      STEP Plan & Trust:  from _____ to _____.

9

w.      Survivorship Welfare Benefit Trust:  from _____ to _____.

16.      For each of the Trusts, no monies or assets of that Trust have been used for any purpose other than (1) to pay life insurance premiums on policies in which that Trust currently has an interest, or had an interest at the time of the premium payment; (2) to issue loans that are reflected in the general ledger(s) of that Trust (which are attached hereto) to current or former participants in that Trust and/or current or former employees of such participants, which such participants and employees have no relation to or affiliation with Daniel E. Carpenter; and/or (3) to pay annual fees not exceeding $10,000 to that Trust's current or former Trustee(s), Plan Sponsor(s), Plan Administrator(s), or Third-Party Administrator(s).

17.      Daniel E. Carpenter does not currently have, nor has he ever had, any financial, ownership, or other interest, direct or indirect, through a limited liability company ("LLC") or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts.

18.      Daniel E. Carpenter does not currently control, nor has he ever controlled, any of the Trusts or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts, either directly or indirectly through an LLC or otherwise.

19.      Daniel E. Carpenter has never made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

20.     Daniel E. Carpenter is not currently, nor has he ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

21.     None of the Trusts has ever engaged in any business or financial transaction with Daniel E. Carpenter or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by Daniel E. Carpenter.

22.     Daniel E. Carpenter has never commingled or intermingled, directly or indirectly through an LLC or otherwise, his assets, or the assets of his family, with any assets of any of the Trusts, or used any of the Trusts to shield his assets or the assets of his family from Universitas Education, LLC or any of his other creditors.

23.     Molly Carpenter does not currently have, nor has she ever had, any financial, ownership, or other interest, direct or indirect, through an LLC or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts.

24.     Molly Carpenter does not currently control, nor has she ever controlled, any of the Trusts or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts, either directly or indirectly through an LLC or otherwise.

25.     Molly Carpenter has never made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

26.     Molly Carpenter is not currently, nor has she ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

27.     None of the Trusts has ever engaged in any business or financial transaction with Molly Carpenter or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by Molly Carpenter.

28.     Molly Carpenter has never commingled or intermingled, directly or indirectly through an LLC or otherwise, her assets, or the assets of Daniel E. Carpenter, with any assets of any of the Trusts, or used any of the Trusts to shield her assets or the assets of Daniel E. Carpenter from Universitas Education, LLC or any other creditors that she or Daniel E. Carpenter may have.

29.     Wayne Bursey does not currently have, nor has he ever had, any financial, ownership, or other interest, direct or indirect, through an LLC or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts.

30.     Wayne Bursey does not currently control, nor has he ever controlled, any of the Trusts or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts, either directly or indirectly through an LLC or otherwise.

31.     Wayne Bursey has never made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

32.     Wayne Bursey is not currently, nor has he ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

33.     None of the Trusts has ever engaged in any business or financial transaction with Wayne Bursey or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by Wayne Bursey.

34.     Wayne Bursey has never commingled or intermingled, directly or indirectly through an LLC or otherwise, his assets, or the assets of Daniel E. Carpenter or Molly Carpenter, with any assets of any of the Trusts, or used any of the Trusts to shield his assets, or the assets of Daniel E. Carpenter or Molly Carpenter, from Universitas Education, LLC or any other creditors that he may have, or that Daniel E. Carpenter or Molly Carpenter may have.

35.     None of the Judgment Debtors currently has, or has ever had, any financial, ownership, or other interest, direct or indirect, through an LLC or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serves or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator to any of the Trusts.

36.     None of the Judgment Debtors currently controls, or has ever controlled, any of the Trusts or any of the entities that currently serves or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator, either directly or indirectly through an LLC or otherwise.

37.     None of the Judgment Debtors has ever made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

38.     None of the Judgment Debtors is currently, or has ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

39.     None of the Trusts has ever engaged in any business or financial transaction with any of the Judgment Debtors or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by any of the Judgment Debtors.

40.     None of the Judgment Debtors has ever commingled or intermingled, directly or indirectly through an LLC or otherwise, its assets with any assets of any of the Trusts, or used any of the Trusts to shield its assets from Universitas Education, LLC or any other creditors that that it may have.

41.     None of the Trusts currently share, nor have any of the Trusts ever shared, a bank, brokerage, trust, or any other financial account with any of the Judgment Debtors.

42.     None of the Trusts currently possess, nor have any of the Trusts ever possessed, any monies or other assets belonging to any of the Judgment Debtors, or in which any of the Judgment Debtors currently has, or has ever had, an interest.

43.     None of the Trusts currently possess, nor have any of the Trusts ever had transferred to them, any of the proceeds of the approximate $30 million paid by Lincoln National Life Insurance Company to Nova Group Inc. and/or Charter Oak Trust in connection with life insurance policies insuring the life of Sash Spencer, or any monies or other assets belonging to Universitas Education, LLC, or in which Universitas Education, LLC currently has, or has ever had, an interest.

44.     The foregoing facts as confirmed by, among other things, the general ledgers of each of the Trusts.

45.     Attached as Exhibit "A" is a true and correct copy of the general ledger for Benistar 419 Plan & Trust from the date of its inception through the present time.

46.     Attached as Exhibit "B" is a true and correct copy of the general ledger for Cambridge Trust from the date of its inception through the present time.

47.     Attached as Exhibit "C" is a true and correct copy of the general ledger for Charter Oak Trust from the date of its inception through the present time.

48.     Attached as Exhibit "D" is a true and correct copy of the general ledger for Charter Oak Trust 2009 from the date of its inception through the present time.

49.     Attached as Exhibit "E" is a true and correct copy of the general ledger for Essex Trust from the date of its inception through the present time.

50.     Attached as Exhibit "F" is a true and correct copy of the general ledger for Grist Mill Trust Welfare Benefit Plan from the date of its inception through the present time.

51.     Attached as Exhibit "G" is a true and correct copy of the general ledger for Grist Mill Trust (GMT) Living Benefits Trust from the date of its inception through the present time.

52.     Attached as Exhibit "H" is a true and correct copy of the general ledger for Grist Mill Trust (GMT) Survivorship Trust from the date of its inception through the present time.

53.     Attached as Exhibit "I" is a true and correct copy of the general ledger for Grist Mill Trust – Physicians from the date of its inception through the present time.

54.     Attached as Exhibit "J" is a true and correct copy of the general ledger for Jefferson Trust from the date of its inception through the present time.

55.     Attached as Exhibit "K" is a true and correct copy of the general ledger for Life One Welfare Benefit Trust from the date of its inception through the present time.

56.     Attached as Exhibit "L" is a true and correct copy of the general ledger for Life Five Welfare Benefit Trust from the date of its inception through the present time.

57.     Attached as Exhibit "M" is a true and correct copy of the general ledger for Long Term Care Trust from the date of its inception through the present time.

58.     Attached as Exhibit "N" is a true and correct copy of the general ledger for McAllen Healthcare Services Trust from the date of its inception through the present time.

59.     Attached as Exhibit "O" is a true and correct copy of the general ledger for Mid Atlantic Trust from the date of its inception through the present time.

60.     Attached as Exhibit "P" is a true and correct copy of the general ledger for Nova Living Benefits Trust from the date of its inception through the present time.

61.     Attached as Exhibit "Q" is a true and correct copy of the general ledger for Nutmeg Trust from the date of its inception through the present time.

62.     Attached as Exhibit "R" is a true and correct copy of the general ledger for Sickness, Accident, Disability Indemnity (SADI) Trust from the date of its inception through the present time.

63.     Attached as Exhibit "S" is a true and correct copy of the general ledger for Sickness, Accident, Disability Indemnity (SADI) Trust 2005 from the date of its inception through the present time.

64.     Attached as Exhibit "T" is a true and correct copy of the general ledger for Sickness, Accident, Disability Indemnity (SADI) Trust 2007 from the date of its inception through the present time.

65.     Attached as Exhibit "U" is a true and correct copy of the general ledger for Split Dollar Trust from the date of its inception through the present time.

66.     Attached as Exhibit "V" is a true and correct copy of the general ledger for STEP Plan & Trust from the date of its inception through the present time.

67.     Attached as Exhibit "W" is a true and correct copy of the general ledger for Survivorship Welfare Benefit Trust from the date of its inception through the present time.


Dated: Simsbury, Connecticut
_____, 2015




_____
KATHY KEHOE

NY1322366.6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                 Judgment Creditor,       :

           -against-              :    Case Nos. 11 CV 1590-LTS-HBP and
                                       11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,            :

                 Judgment Debtor.
--------------------------------------------------------------X

## DECLARATION OF WAYNE BURSEY

      **WAYNE BURSEY** declares the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

      1.     I formerly served as Trustee for the following trusts and/or welfare benefit plans: Benistar 419 Plan & Trust; Cambridge Trust; Charter Oak Trust; Charter Oak Trust 2009; Essex Trust; Grist Mill Trust (GMT) Living Benefits Trust; Grist Mill Trust (GMT) Survivorship Trust; Grist Mill Trust – Physicians; Jefferson Trust; Life One Welfare Benefit Trust; Life Five Welfare Benefit Trust; Long Term Care Trust; McAllen Healthcare Services Trust; Mid Atlantic Trust; Nova Living Benefits Trust; Nutmeg Trust; Sickness, Accident, Disability Indemnity (SADI) Trust; Sickness, Accident, Disability Indemnity (SADI) Trust 2005; Sickness, Accident, Disability Indemnity (SADI) Trust 2007; Split Dollar Trust; STEP Plan & Trust; and Survivorship Welfare Benefit Trust (collectively, the "Trusts").

      2.     I am an employee of NOVA Benefit Plans, LLC, which formerly served as Plan Sponsor for each of the Trusts. My employment with NOVA Benefit Plans, LLC started in _____. In April 2014, I appointed Kathy Kehoe as successor Trustee, and Hanover Benefit Plans, LLC ("Hanover") as successor Plan Sponsor, for each of the Trusts. I am also an employee of _____, and have been since _____.

3.      I know of any am familiar with Benistar Admin Services, Inc. (a.k.a. Benistar Administrative Services, Inc., a.k.a. "BASI"), which serves as Third-Party Administrator for each of the Trusts, as well as Benefit Plan Advisors LLC.

4.      I know and am familiar with Daniel E. Carpenter, Molly Carpenter, Matt Westcott, and Kathy Kehoe.

5.      I understand that Universitas Education, LLC has substantial monetary judgments against Nova Group, Inc.; Daniel E. Carpenter; Grist Mill Capital, LLC; Grist Mill Holdings, LLC; Carpenter Financial Group; Avon Capital, LLC; Phoenix Capital Management, LLC; Hanover Trust Company; and Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereof insofar as they hold Grist Mill Trust assets (collectively, the "Judgment Debtors").

6.      I have access to all of the electronic and paper files and records relating to each of the above Trusts—including the records concerning the creation, funding, administration, sponsorship, and drafting and amending of declaration of trusts for the Trusts—and have familiarized myself with the transactions undertaken in connection with each of the above Trusts.

7.      Each of the Trusts' Trustee(s), Plan Sponsor(s), and Plan Administrator(s) conducted regular corporate meetings at which the Trust was discussed and kept minutes of meetings pertaining to that Trust.

8.      Benefit Plan Advisors LLC served as Trustee, Plan Sponsor, and Plan Administrator for the following trusts for the time periods indicated below:

    a.      Benistar 419 Plan & Trust:  from _____ to _____.

    b.      Cambridge Trust:  from _____ to _____.

    c.      Charter Oak Trust:  from _____ to _____.

    d.      Charter Oak Trust 2009:  from _____ to _____.

    e.      Essex Trust:  from _____ to _____.

    f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

i.      Grist Mill Trust – Physicians:  from _____ to _____.

j.      Jefferson Trust:  from _____ to _____.

k.      Life One Welfare Benefit Trust:  from _____ to _____.

l.      Life Five Welfare Benefit Trust:  from _____ to _____.

m.      Long Term Care Trust:  from _____ to _____.

n.      McAllen Healthcare Services Trust:  from _____ to _____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from _____ to _____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from _____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from _____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

v.      STEP Plan & Trust:  from _____ to _____.

w.      Survivorship Welfare Benefit Trust:  from _____ to _____.

9.      The   Members   of   Benefit   Plan   Advisors   LLC   are   as   follows: _____.   The   shareholders   of   Benefit   Plan   Advisors   LLC   are   as   follows: _____.

10.    NOVA Benefit Plans, LLC served as Trustee, Plan Sponsor, and Plan Administrator for the following trusts for the time periods indicated below:

a.    Benistar 419 Plan & Trust:  from _____ to _____.

b.    Cambridge Trust:  from _____ to _____.

c.    Charter Oak Trust:  from _____ to _____.

d.    Charter Oak Trust 2009:  from _____ to _____.

e.    Essex Trust:  from _____ to _____.

f.    Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

g.    Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

h.    Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

i.    Grist Mill Trust – Physicians:  from _____ to _____.

j.    Jefferson Trust:  from _____ to _____.

k.    Life One Welfare Benefit Trust:  from _____ to _____.

l.    Life Five Welfare Benefit Trust:  from _____ to _____.

m.    Long Term Care Trust:  from _____ to _____.

n.    McAllen Healthcare Services Trust:  from _____ to _____.

o.    Mid Atlantic Trust:  from _____ to _____.

p.    Nova Living Benefits Trust:  from _____ to _____.

q.    Nutmeg Trust:  from _____ to _____.

r.    Sickness, Accident, Disability Indemnity (SADI) Trust:  from _____ to _____.

s.    Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from _____ to _____.

      t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from _____ to _____.

      u.      Split Dollar Trust:  from _____ to _____.

      v.      STEP Plan & Trust:  from _____ to _____.

      w.      Survivorship Welfare Benefit Trust:  from _____ to _____.

11.    The Members of NOVA Benefit Plans, LLC are as follows: _____.  The shareholders of NOVA Benefit Plans, LLC are as follows: _____.

12.    Hanover served as Trustee, Plan Sponsor, and Plan Administrator for the following trusts for the time periods indicated below:

      a.      Benistar 419 Plan & Trust:  from _____ to _____.

      b.      Cambridge Trust:  from _____ to _____.

      c.      Charter Oak Trust:  from _____ to _____.

      d.      Charter Oak Trust 2009:  from _____ to _____.

      e.      Essex Trust:  from _____ to _____.

      f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

      g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

      h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

      i.      Grist Mill Trust – Physicians:  from _____ to _____.

      j.      Jefferson Trust:  from _____ to _____.

      k.      Life One Welfare Benefit Trust:  from _____ to _____.

      l.      Life Five Welfare Benefit Trust:  from _____ to _____.

      m.      Long Term Care Trust:  from _____ to _____.

n. McAllen Healthcare Services Trust:  from _____ to _____.

o. Mid Atlantic Trust:  from _____ to _____.

p. Nova Living Benefits Trust:  from _____ to _____.

q. Nutmeg Trust:  from _____ to _____.

r. Sickness, Accident, Disability Indemnity (SADI) Trust:  from _____ to _____.

s. Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from _____ to _____.

t. Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from _____ to _____.

u. Split Dollar Trust:  from _____ to _____.

v. STEP Plan & Trust:  from _____ to _____.

w. Survivorship Welfare Benefit Trust:  from _____ to _____.

13. The Members of Hanover are as follows:  _____.  The shareholders of Hanover are as follows:  _____.

14. BASI served as Third-Party Administrator for the following trusts for the time periods indicated below:

a. Benistar 419 Plan & Trust:  from _____ to _____.

b. Cambridge Trust:  from _____ to _____.

c. Charter Oak Trust:  from _____ to _____.

d. Charter Oak Trust 2009:  from _____ to _____.

e. Essex Trust:  from _____ to _____.

f. Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

g. Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to

_____.

i.      Grist Mill Trust – Physicians:  from _____ to _____.

j.      Jefferson Trust:  from _____ to _____.

k.      Life One Welfare Benefit Trust:  from _____ to _____.

l.      Life Five Welfare Benefit Trust:  from _____ to _____.

m.      Long Term Care Trust:  from _____ to _____.

n.      McAllen Healthcare Services Trust:  from _____ to _____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from _____ to

_____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from

_____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from

_____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

v.      STEP Plan & Trust:  from _____ to _____.

w.      Survivorship Welfare Benefit Trust:  from _____ to _____.

15.     The Members of BASI are as follows:  _____.  The shareholders

of BASI are as follows:  _____.

16.     JPMorgan Chase Bank served as Trustee for the following trusts for the time periods

indicated below:

a.      Benistar 419 Plan & Trust:  from _____ to _____.

b.      Cambridge Trust:  from _____ to _____.

c.      Charter Oak Trust:  from _____ to _____.

d.      Charter Oak Trust 2009:  from _____ to _____.

e.      Essex Trust:  from _____ to _____.

f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

i.      Grist Mill Trust – Physicians:  from _____ to _____.

j.      Jefferson Trust:  from _____ to _____.

k.      Life One Welfare Benefit Trust:  from _____ to _____.

l.      Life Five Welfare Benefit Trust:  from _____ to _____.

m.      Long Term Care Trust:  from _____ to _____.

n.      McAllen Healthcare Services Trust:  from _____ to _____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from _____ to _____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from _____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from _____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

v.      STEP Plan & Trust:  from _____ to _____.

w.      Survivorship Welfare Benefit Trust:  from _____ to _____.

17.     For each of the Trusts, no monies or assets of that Trust have been used for any purpose other than (1) to pay life insurance premiums on policies in which that Trust currently has an interest, or had an interest at the time of the premium payment; (2) to issue loans that are reflected in the general ledger(s) of that Trust (which are attached hereto) to current or former participants in that Trust and/or current or former employees of such participants, which such participants and employees have no relation to or affiliation with Daniel E. Carpenter; and/or (3) to pay annual fees not exceeding $10,000 to that Trust's current or former Trustee(s), Plan Sponsor(s), Plan Administrator(s), or Third-Party Administrator(s).

18.     Daniel E. Carpenter does not currently have, nor has he ever had, any financial, ownership, or other interest, direct or indirect, through a limited liability company ("LLC") or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts.

19.     Daniel E. Carpenter does not currently control, nor has he ever controlled, any of the Trusts or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts, either directly or indirectly through an LLC or otherwise.

20.     Daniel E. Carpenter has never made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

21.     Daniel E. Carpenter is not currently, nor has he ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

22.     None of the Trusts has ever engaged in any business or financial transaction with Daniel E. Carpenter or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by Daniel E. Carpenter.

23.     Daniel E. Carpenter has never commingled or intermingled, directly or indirectly through an LLC or otherwise, his assets, or the assets of his family, with any assets of any of the Trusts, or used any of the Trusts to shield his assets or the assets of his family from Universitas Education, LLC or any of his other creditors.

24.     Molly Carpenter does not currently have, nor has she ever had, any financial, ownership, or other interest, direct or indirect, through an LLC or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts.

25.     Molly Carpenter does not currently control, nor has she ever controlled, any of the Trusts or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts, either directly or indirectly through an LLC or otherwise.

26.     Molly Carpenter has never made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

27.     Molly Carpenter is not currently, nor has she ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

28.     None of the Trusts has ever engaged in any business or financial transaction with Molly Carpenter or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by Molly Carpenter.

29.     Molly Carpenter has never commingled or intermingled, directly or indirectly through an LLC or otherwise, her assets, or the assets of Daniel E. Carpenter, with any assets of any of the Trusts, or used any of the Trusts to shield her assets or the assets of Daniel E. Carpenter from Universitas Education, LLC or any other creditors that she or Daniel E. Carpenter may have.

30.     I do not currently have, nor have I ever had, any financial, ownership, or other interest, direct or indirect, through an LLC or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts.

31.     I do not currently control, nor have I ever controlled, any of the Trusts or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts, either directly or indirectly through an LLC or otherwise.

32.     I have never made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

33.     I am not currently, nor have I ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

34.     None of the Trusts has ever engaged in any business or financial transaction with me or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by me.

35.     I have never commingled or intermingled, directly or indirectly through an LLC or otherwise, my assets, or the assets of Daniel E. Carpenter or Molly Carpenter, with any assets of any of the Trusts, or used any of the Trusts to shield my assets, or the assets of Daniel E. Carpenter or Molly Carpenter, from Universitas Education, LLC or any other creditors that I may have, or that Daniel E. Carpenter or Molly Carpenter may have.

36.     None of the Judgment Debtors currently has, or has ever had, any financial, ownership, or other interest, direct or indirect, through an LLC or other entity, contingent or otherwise, in any of the

Trusts, any assets of any of the Trusts, or any of the entities that currently serves or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator to any of the Trusts.

37.     None of the Judgment Debtors currently controls, or has ever controlled, any of the Trusts or any of the entities that currently serves or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator, either directly or indirectly through an LLC or otherwise.

38.     None of the Judgment Debtors has ever made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

39.     None of the Judgment Debtors is currently, or has ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

40.     None of the Trusts has ever engaged in any business or financial transaction with any of the Judgment Debtors or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by any of the Judgment Debtors.

41.     None of the Judgment Debtors has ever commingled or intermingled, directly or indirectly through an LLC or otherwise, its assets with any assets of any of the Trusts, or used any of the Trusts to shield its assets from Universitas Education, LLC or any other creditors that that it may have.

42.     None of the Trusts currently share, nor have any of the Trusts ever shared, a bank, brokerage, trust, or any other financial account with any of the Judgment Debtors.

43.     None of the Trusts currently possess, nor have any of the Trusts ever possessed, any monies or other assets belonging to any of the Judgment Debtors, or in which any of the Judgment Debtors currently has, or has ever had, an interest.

44.     None of the Trusts currently possess, nor have any of the Trusts ever had transferred to them, any of the proceeds of the approximate $30 million paid by Lincoln National Life Insurance Company to Nova Group Inc. and/or Charter Oak Trust in connection with life insurance policies insuring

the life of Sash Spencer, or any monies or other assets belonging to Universitas Education, LLC, or in which Universitas Education, LLC currently has, or has ever had, an interest.

45.     The foregoing facts as confirmed by, among other things, the general ledgers of each of the Trusts.

46.     Attached as Exhibit "A" is a true and correct copy of the general ledger for Benistar 419 Plan & Trust from the date of its inception through the present time.

47.     Attached as Exhibit "B" is a true and correct copy of the general ledger for Cambridge Trust from the date of its inception through the present time.

48.     Attached as Exhibit "C" is a true and correct copy of the general ledger for Charter Oak Trust from the date of its inception through the present time.

49.     Attached as Exhibit "D" is a true and correct copy of the general ledger for Charter Oak Trust 2009 from the date of its inception through the present time.

50.     Attached as Exhibit "E" is a true and correct copy of the general ledger for Essex Trust from the date of its inception through the present time.

51.     Attached as Exhibit "F" is a true and correct copy of the general ledger for Grist Mill Trust Welfare Benefit Plan from the date of its inception through the present time.

52.     Attached as Exhibit "G" is a true and correct copy of the general ledger for Grist Mill Trust (GMT) Living Benefits Trust from the date of its inception through the present time.

53.     Attached as Exhibit "H" is a true and correct copy of the general ledger for Grist Mill Trust (GMT) Survivorship Trust from the date of its inception through the present time.

54.     Attached as Exhibit "I" is a true and correct copy of the general ledger for Grist Mill Trust – Physicians from the date of its inception through the present time.

55.     Attached as Exhibit "J" is a true and correct copy of the general ledger for Jefferson Trust from the date of its inception through the present time.

56.     Attached as Exhibit "K" is a true and correct copy of the general ledger for Life One Welfare Benefit Trust from the date of its inception through the present time.

57.     Attached as Exhibit "L" is a true and correct copy of the general ledger for Life Five Welfare Benefit Trust from the date of its inception through the present time.

58.     Attached as Exhibit "M" is a true and correct copy of the general ledger for Long Term Care Trust from the date of its inception through the present time.

59.     Attached as Exhibit "N" is a true and correct copy of the general ledger for McAllen Healthcare Services Trust from the date of its inception through the present time.

60.     Attached as Exhibit "O" is a true and correct copy of the general ledger for Mid Atlantic Trust from the date of its inception through the present time.

61.     Attached as Exhibit "P" is a true and correct copy of the general ledger for Nova Living Benefits Trust from the date of its inception through the present time.

62.     Attached as Exhibit "Q" is a true and correct copy of the general ledger for Nutmeg Trust from the date of its inception through the present time.

63.     Attached as Exhibit "R" is a true and correct copy of the general ledger for Sickness, Accident, Disability Indemnity (SADI) Trust from the date of its inception through the present time.

64.     Attached as Exhibit "S" is a true and correct copy of the general ledger for Sickness, Accident, Disability Indemnity (SADI) Trust 2005 from the date of its inception through the present time.

65.     Attached as Exhibit "T" is a true and correct copy of the general ledger for Sickness, Accident, Disability Indemnity (SADI) Trust 2007 from the date of its inception through the present time.

66.     Attached as Exhibit "U" is a true and correct copy of the general ledger for Split Dollar Trust from the date of its inception through the present time.

67.     Attached as Exhibit "V" is a true and correct copy of the general ledger for STEP Plan & Trust from the date of its inception through the present time.

68.     Attached as Exhibit "W" is a true and correct copy of the general ledger for Survivorship

Welfare Benefit Trust from the date of its inception through the present time.


Dated:  Bloomfield, Connecticut
             _____, 2015




                                        _____
                                                        WAYNE BURSEY

NY1327519.1214560-10001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                Judgment Creditor,        :

                -against-            :    Case Nos. 11 CV 1590-LTS-HBP and
                                          11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,               :

                Judgment Debtor.
-------------------------------------------------------------X

## DECLARATION OF MATTHEW WESTCOTT

**MATTHEW WESTCOTT** declares the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.    I am an employee of Benistar Admin Services, Inc. (a.k.a. Benistar Administrative Services, Inc., a.k.a. "BASI"), which serves as Third-Party Administrator for the following trusts and/or welfare benefit plans:  Benistar 419 Plan & Trust; Cambridge Trust; Charter Oak Trust; Charter Oak Trust 2009; Essex Trust; Grist Mill Trust (GMT) Living Benefits Trust; Grist Mill Trust (GMT) Survivorship Trust; Grist Mill Trust – Physicians; Jefferson Trust; Life One Welfare Benefit Trust; Life Five Welfare Benefit Trust; Long Term Care Trust; McAllen Healthcare Services Trust; Mid Atlantic Trust; Nova Living Benefits Trust; Nutmeg Trust; Sickness, Accident, Disability Indemnity (SADI) Trust; Sickness, Accident, Disability Indemnity (SADI) Trust 2005; Sickness, Accident, Disability Indemnity (SADI) Trust 2007; Split Dollar Trust; STEP Plan & Trust; and Survivorship Welfare Benefit Trust (collectively, the "Trusts").  I have been employed at BASI since _____.  I am also an employee of _____, and have been since _____.

2.  I know of and am familiar with Hanover Benefit Plans, LLC ("Hanover"), Benefit Plan Advisors LLC, and NOVA Benefit Plans, LLC.

3.  I know and am familiar with Daniel E. Carpenter, Molly Carpenter, Kathy Kehoe, and Wayne Bursey.

4.  I understand that Universitas Education, LLC has substantial monetary judgments against Nova Group, Inc.; Daniel E. Carpenter; Grist Mill Capital, LLC; Grist Mill Holdings, LLC; Carpenter Financial Group; Avon Capital, LLC; Phoenix Capital Management, LLC; Hanover Trust Company; and Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereof insofar as they hold Grist Mill Trust assets (collectively, the "Judgment Debtors").

5.  I have access to all of the electronic and paper files and records relating to each of the above Trusts—including the records concerning the creation, funding, administration, sponsorship, and drafting and amending of declaration of trusts for the Trusts—and have familiarized myself with the transactions undertaken in connection with each of the above Trusts.

6.  Each of the Trusts' Trustee(s), Plan Sponsor(s), and Plan Administrator(s) conducted regular corporate meetings at which the Trust was discussed and kept minutes of meetings pertaining to that Trust.

7.  Benefit Plan Advisors LLC served as Trustee, Plan Sponsor, and Plan Administrator for the following trusts for the time periods indicated below:

      a.  Benistar 419 Plan & Trust:  from _____ to _____.

      b.  Cambridge Trust:  from _____ to _____.

      c.  Charter Oak Trust:  from _____ to _____.

      d.  Charter Oak Trust 2009:  from _____ to _____.

      e.  Essex Trust:  from _____ to _____.

f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

i.      Grist Mill Trust – Physicians:  from _____ to _____.

j.      Jefferson Trust:  from _____ to _____.

k.      Life One Welfare Benefit Trust:  from _____ to _____.

l.      Life Five Welfare Benefit Trust:  from _____ to _____.

m.      Long Term Care Trust:  from _____ to _____.

n.      McAllen Healthcare Services Trust:  from _____ to _____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from _____ to _____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from _____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from _____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

v.      STEP Plan & Trust:  from _____ to _____.

  w.  Survivorship Welfare Benefit Trust:  from _____ to

_____.

  8.  The   Members   of   Benefit   Plan   Advisors   LLC   are   as   follows:

_____.  The shareholders of Benefit Plan Advisors LLC are as follows:

_____.

  9.  NOVA   Benefit   Plans,   LLC   served   as   Trustee,   Plan   Sponsor,   and   Plan

Administrator for the following trusts for the time periods indicated below:

  a.  Benistar 419 Plan & Trust:  from _____ to _____.

  b.  Cambridge Trust:  from _____ to _____.

  c.  Charter Oak Trust:  from _____ to _____.

  d.  Charter Oak Trust 2009:  from _____ to _____.

  e.  Essex Trust:  from _____ to _____.

  f.  Grist Mill Trust Welfare Benefit Plan:  from _____ to

_____.

  g.  Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to

_____.

  h.  Grist Mill Trust (GMT) Survivorship Trust:  from _____ to

_____.

  i.  Grist Mill Trust – Physicians:  from _____ to _____.

  j.  Jefferson Trust:  from _____ to _____.

  k.  Life One Welfare Benefit Trust:  from _____ to _____.

  l.  Life Five Welfare Benefit Trust:  from _____ to _____.

  m.  Long Term Care Trust:  from _____ to _____.

    n.    McAllen Healthcare Services Trust:  from _____ to

_____.

    o.    Mid Atlantic Trust:  from _____ to _____.

    p.    Nova Living Benefits Trust:  from _____ to _____.

    q.    Nutmeg Trust:  from _____ to _____.

    r.    Sickness, Accident, Disability Indemnity (SADI) Trust:  from

_____ to _____.

    s.    Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from

_____ to _____.

    t.    Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from

_____ to _____.

    u.    Split Dollar Trust:  from _____ to _____.

    v.    STEP Plan & Trust:  from _____ to _____.

    w.    Survivorship Welfare Benefit Trust:  from _____ to

_____.

10.    The Members of NOVA Benefit Plans, LLC are as follows: _____.  The shareholders of NOVA Benefit Plans, LLC are as follows: _____.

11.    Hanover served as Trustee, Plan Sponsor, and Plan Administrator for the following trusts for the time periods indicated below:

    a.    Benistar 419 Plan & Trust:  from _____ to _____.

    b.    Cambridge Trust:  from _____ to _____.

    c.    Charter Oak Trust:  from _____ to _____.

    d.    Charter Oak Trust 2009:  from _____ to _____.

e.       Essex Trust:  from _____ to _____.

f.       Grist Mill Trust Welfare Benefit Plan:  from _____ to
_____.

g.       Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to
_____.

h.       Grist Mill Trust (GMT) Survivorship Trust:  from _____ to
_____.

i.       Grist Mill Trust – Physicians:  from _____ to _____.

j.       Jefferson Trust:  from _____ to _____.

k.       Life One Welfare Benefit Trust:  from _____ to _____.

l.       Life Five Welfare Benefit Trust:  from _____ to _____.

m.       Long Term Care Trust:  from _____ to _____.

n.       McAllen Healthcare Services Trust:  from _____ to
_____.

o.       Mid Atlantic Trust:  from _____ to _____.

p.       Nova Living Benefits Trust:  from _____ to _____.

q.       Nutmeg Trust:  from _____ to _____.

r.       Sickness, Accident, Disability Indemnity (SADI) Trust:  from
_____ to _____.

s.       Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from
_____ to _____.

t.       Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from
_____ to _____.

u.       Split Dollar Trust:  from _____ to _____.

6

       v.       STEP Plan & Trust:  from _____ to _____.

       w.      Survivorship Welfare Benefit Trust: from _____ to _____.

12.     The Members of Hanover are as follows:  _____.  The shareholders of Hanover are as follows: _____.

13.     BASI served as Third-Party Administrator for the following trusts for the time periods indicated below:

       a.      Benistar 419 Plan & Trust:  from _____ to _____.

       b.      Cambridge Trust: from _____ to _____.

       c.      Charter Oak Trust:  from _____ to _____.

       d.      Charter Oak Trust 2009:  from _____ to _____.

       e.      Essex Trust:  from _____ to _____.

       f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

       g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

       h.      Grist Mill Trust (GMT) Survivorship Trust: from _____ to _____.

       i.      Grist Mill Trust – Physicians:  from _____ to _____.

       j.      Jefferson Trust:  from _____ to _____.

       k.      Life One Welfare Benefit Trust:  from _____ to _____.

       l.      Life Five Welfare Benefit Trust:  from _____ to _____.

       m.      Long Term Care Trust:  from _____ to _____.

n.      McAllen Healthcare Services Trust:  from _____ to

_____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from

_____ to _____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from

_____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from

_____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

v.      STEP Plan & Trust:  from _____ to _____.

w.      Survivorship Welfare Benefit Trust:  from _____ to

_____.

14.     The Members of BASI are as follows:  _____.  The

shareholders of BASI are as follows:  _____.

15.     JPMorgan Chase Bank served as Trustee for the following trusts for the time

periods indicated below:

a.      Benistar 419 Plan & Trust:  from _____ to _____.

b.      Cambridge Trust:  from _____ to _____.

c.      Charter Oak Trust:  from _____ to _____.

d.      Charter Oak Trust 2009:  from _____ to _____.

e.      Essex Trust:  from _____ to _____.

8

f.      Grist Mill Trust Welfare Benefit Plan:  from _____ to _____.

g.      Grist Mill Trust (GMT) Living Benefits Trust:  from _____ to _____.

h.      Grist Mill Trust (GMT) Survivorship Trust:  from _____ to _____.

i.      Grist Mill Trust – Physicians:  from _____ to _____.

j.      Jefferson Trust:  from _____ to _____.

k.      Life One Welfare Benefit Trust:  from _____ to _____.

l.      Life Five Welfare Benefit Trust:  from _____ to _____.

m.      Long Term Care Trust:  from _____ to _____.

n.      McAllen Healthcare Services Trust:  from _____ to _____.

o.      Mid Atlantic Trust:  from _____ to _____.

p.      Nova Living Benefits Trust:  from _____ to _____.

q.      Nutmeg Trust:  from _____ to _____.

r.      Sickness, Accident, Disability Indemnity (SADI) Trust:  from _____ to _____.

s.      Sickness, Accident, Disability Indemnity (SADI) Trust 2005:  from _____ to _____.

t.      Sickness, Accident, Disability Indemnity (SADI) Trust 2007:  from _____ to _____.

u.      Split Dollar Trust:  from _____ to _____.

v.      STEP Plan & Trust:  from _____ to _____.

       w.      Survivorship Welfare Benefit Trust:  from _____ to _____.

16.     For each of the Trusts, no monies or assets of that Trust have been used for any purpose other than (1) to pay life insurance premiums on policies in which that Trust currently has an interest, or had an interest at the time of the premium payment; (2) to issue loans that are reflected in the general ledger(s) of that Trust (which are attached hereto) to current or former participants in that Trust and/or current or former employees of such participants, which such participants and employees have no relation to or affiliation with Daniel E. Carpenter; and/or (3) to pay annual fees not exceeding $10,000 to that Trust's current or former Trustee(s), Plan Sponsor(s), Plan Administrator(s), or Third-Party Administrator(s).

17.     Daniel E. Carpenter does not currently have, nor has he ever had, any financial, ownership, or other interest, direct or indirect, through a limited liability company ("LLC") or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts.

18.     Daniel E. Carpenter does not currently control, nor has he ever controlled, any of the Trusts or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts, either directly or indirectly through an LLC or otherwise.

19.     Daniel E. Carpenter has never made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

20.     Daniel E. Carpenter is not currently, nor has he ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

21.     None of the Trusts has ever engaged in any business or financial transaction with Daniel E. Carpenter or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by Daniel E. Carpenter.

22.     Daniel E. Carpenter has never commingled or intermingled, directly or indirectly through an LLC or otherwise, his assets, or the assets of his family, with any assets of any of the Trusts, or used any of the Trusts to shield his assets or the assets of his family from Universitas Education, LLC or any of his other creditors.

23.     Molly Carpenter does not currently have, nor has she ever had, any financial, ownership, or other interest, direct or indirect, through an LLC or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts.

24.     Molly Carpenter does not currently control, nor has she ever controlled, any of the Trusts or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts, either directly or indirectly through an LLC or otherwise.

25.     Molly Carpenter has never made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

26.     Molly Carpenter is not currently, nor has she ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

27.     None of the Trusts has ever engaged in any business or financial transaction with Molly Carpenter or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by Molly Carpenter.

28.     Molly Carpenter has never commingled or intermingled, directly or indirectly through an LLC or otherwise, her assets, or the assets of Daniel E. Carpenter, with any assets of any of the Trusts, or used any of the Trusts to shield her assets or the assets of Daniel E. Carpenter from Universitas Education, LLC or any other creditors that she or Daniel E. Carpenter may have.

29.     Wayne Bursey does not currently have, nor has he ever had, any financial, ownership, or other interest, direct or indirect, through an LLC or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts.

30.     Wayne Bursey does not currently control, nor has he ever controlled, any of the Trusts or any of the entities that currently serve or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator of any of the Trusts, either directly or indirectly through an LLC or otherwise.

31.     Wayne Bursey has never made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

32.     Wayne Bursey is not currently, nor has he ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

33.     None of the Trusts has ever engaged in any business or financial transaction with Wayne Bursey or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by Wayne Bursey.

34.     Wayne Bursey has never commingled or intermingled, directly or indirectly through an LLC or otherwise, his assets, or the assets of Daniel E. Carpenter or Molly Carpenter, with any assets of any of the Trusts, or used any of the Trusts to shield his assets, or the assets of Daniel E. Carpenter or Molly Carpenter, from Universitas Education, LLC or any other creditors that he may have, or that Daniel E. Carpenter or Molly Carpenter may have.

35.     None of the Judgment Debtors currently has, or has ever had, any financial, ownership, or other interest, direct or indirect, through an LLC or other entity, contingent or otherwise, in any of the Trusts, any assets of any of the Trusts, or any of the entities that currently serves or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator to any of the Trusts.

36.     None of the Judgment Debtors currently controls, or has ever controlled, any of the Trusts or any of the entities that currently serves or formerly served as Trustee, Plan Sponsor, Plan Administrator, or Third-Party Administrator, either directly or indirectly through an LLC or otherwise.

37.     None of the Judgment Debtors has ever made or obtained a loan with respect to a policy in which any of the Trusts currently has, or has ever had, an interest, either directly or indirectly through an LLC or otherwise.

38.     None of the Judgment Debtors is currently, or has ever been, a beneficiary, contingent or otherwise, of or to any of the Trusts and/or any life insurance policy or annuity in which any of the Trusts currently has, or has ever had, an interest.

39.     None of the Trusts has ever engaged in any business or financial transaction with any of the Judgment Debtors or any business entity controlled and/or owned, directly or indirectly through an LLC or otherwise, by any of the Judgment Debtors.

40.     None of the Judgment Debtors has ever commingled or intermingled, directly or indirectly through an LLC or otherwise, its assets with any assets of any of the Trusts, or used any of the Trusts to shield its assets from Universitas Education, LLC or any other creditors that that it may have.

41.     None of the Trusts currently share, nor have any of the Trusts ever shared, a bank, brokerage, trust, or any other financial account with any of the Judgment Debtors.

42.     None of the Trusts currently possess, nor have any of the Trusts ever possessed, any monies or other assets belonging to any of the Judgment Debtors, or in which any of the Judgment Debtors currently has, or has ever had, an interest.

43.     None of the Trusts currently possess, nor have any of the Trusts ever had transferred to them, any of the proceeds of the approximate $30 million paid by Lincoln National Life Insurance Company to Nova Group Inc. and/or Charter Oak Trust in connection with life insurance policies insuring the life of Sash Spencer, or any monies or other assets belonging to Universitas Education, LLC, or in which Universitas Education, LLC currently has, or has ever had, an interest.

44.     The foregoing facts as confirmed by, among other things, the general ledgers of each of the Trusts.

45.     Attached as Exhibit "A" is a true and correct copy of the general ledger for Benistar 419 Plan & Trust from the date of its inception through the present time.

46.     Attached as Exhibit "B" is a true and correct copy of the general ledger for Cambridge Trust from the date of its inception through the present time.

47.     Attached as Exhibit "C" is a true and correct copy of the general ledger for Charter Oak Trust from the date of its inception through the present time.

48.     Attached as Exhibit "D" is a true and correct copy of the general ledger for Charter Oak Trust 2009 from the date of its inception through the present time.

49.     Attached as Exhibit "E" is a true and correct copy of the general ledger for Essex Trust from the date of its inception through the present time.

50.     Attached as Exhibit "F" is a true and correct copy of the general ledger for Grist Mill Trust Welfare Benefit Plan from the date of its inception through the present time.

51.     Attached as Exhibit "G" is a true and correct copy of the general ledger for Grist Mill Trust (GMT) Living Benefits Trust from the date of its inception through the present time.

52.     Attached as Exhibit "H" is a true and correct copy of the general ledger for Grist Mill Trust (GMT) Survivorship Trust from the date of its inception through the present time.

53.     Attached as Exhibit "I" is a true and correct copy of the general ledger for Grist Mill Trust – Physicians from the date of its inception through the present time.

54.     Attached as Exhibit "J" is a true and correct copy of the general ledger for Jefferson Trust from the date of its inception through the present time.

55.     Attached as Exhibit "K" is a true and correct copy of the general ledger for Life One Welfare Benefit Trust from the date of its inception through the present time.

56.     Attached as Exhibit "L" is a true and correct copy of the general ledger for Life Five Welfare Benefit Trust from the date of its inception through the present time.

57.     Attached as Exhibit "M" is a true and correct copy of the general ledger for Long Term Care Trust from the date of its inception through the present time.

58.     Attached as Exhibit "N" is a true and correct copy of the general ledger for McAllen Healthcare Services Trust from the date of its inception through the present time.

59.     Attached as Exhibit "O" is a true and correct copy of the general ledger for Mid Atlantic Trust from the date of its inception through the present time.

60.     Attached as Exhibit "P" is a true and correct copy of the general ledger for Nova Living Benefits Trust from the date of its inception through the present time.

61.     Attached as Exhibit "Q" is a true and correct copy of the general ledger for Nutmeg Trust from the date of its inception through the present time.

62.     Attached as Exhibit "R" is a true and correct copy of the general ledger for Sickness, Accident, Disability Indemnity (SADI) Trust from the date of its inception through the present time.

63.     Attached as Exhibit "S" is a true and correct copy of the general ledger for Sickness, Accident, Disability Indemnity (SADI) Trust 2005 from the date of its inception through the present time.

64.     Attached as Exhibit "T" is a true and correct copy of the general ledger for Sickness, Accident, Disability Indemnity (SADI) Trust 2007 from the date of its inception through the present time.

65.     Attached as Exhibit "U" is a true and correct copy of the general ledger for Split Dollar Trust from the date of its inception through the present time.

66.     Attached as Exhibit "V" is a true and correct copy of the general ledger for STEP Plan & Trust from the date of its inception through the present time.

67.     Attached as Exhibit "W" is a true and correct copy of the general ledger for Survivorship Welfare Benefit Trust from the date of its inception through the present time.

Dated: Simsbury, Connecticut
_____, 2015

_____
                                                    MATTHEW WESTCOTT

NY1327521.1

17