```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

UNIVERSITAS EDUCATION, LLC,           :

                  Petitioner,         :   11 Civ. 1590 (LTS)(HBP)

     -against-                        :
                                          ORDER
NOVA GROUP, INC., as trustee,         :
named fiduciary, plan sponsor
and administrator of the              :
Charter Oak Trust Welfare
Benefit Plan,                         :

                  Respondent.         :

-----------------------------------X

NOVA GROUP, INC., as trustee,         :
sponsor and named fiduciary
of the Charter Oak Trust              :
Welfare Benefit Plan,
                                      :
                  Petitioner,             11 Civ. 8726 (LTS)(HBP)
                                      :
     -against-                            ORDER
                                      :
UNIVERSITAS EDUCATION, LLC,
                                      :
                  Respondent.
                                      :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:


I. Introduction


Petitioner/respondent Universitas Education, LLC ("Universitas") has filed a motion for leave to take the video deposition of judgment debtor Daniel Carpenter in prison pursuant

to Fed.R.Civ.P. 30(a)(2)(B) in connection with Universitas' efforts to collect a judgment in the amount of $30,600,000.00 entered against Carpenter by the Honorable Laura T. Swain, United States District Judge, on August 12, 2014.[1]  Carpenter, who is currently incarcerated as a result of mail and wire fraud conviction, see generally United States v. Carpenter, 781 F.3d 599 (1st Cir. 2015), cert. denied, 136 S. Ct. 196 (2015), opposes the motion and has cross moved for a protective order precluding or staying the deposition at least until the final resolution of an indictment filed against him in the United States District Court for the District of Connecticut charging him with additional counts of wire fraud, mail fraud, conspiracy and other offenses.

---

[1] Universitas obtained a judgment against Nova Group, Inc. and subsequently moved pursuant to New York C.P.L.R. § 5225(b) and Fed.R.Civ.P. 69 for the turnover of assets by respondent Daniel Carpenter and his affiliated entities.  Judge Swain found that "Mr. Carpenter caused Nova, the Charter Oak Trust, and other affiliated entities, directly or indirectly, to transfer the Insurance Proceeds, to which [Universitas] is entitled, to and through entities that he controlled, either directly or indirectly, all for the personal benefit of Mr. Carpenter and his affiliates and without consideration."  See Universitas Educ., LLC v. Nova Group, Inc., Nos. 11 Civ. 1590, 11 Civ. 8726 (LTS)(HBP), 2014 WL 3883371 at *5 (S.D.N.Y. Aug. 07, 2014). Judge Swain granted Universitas' turnover motion and entered Universitas' money judgments against Carpenter and his affiliated entities.  See Judgment, dated Aug. 12, 2014 (Docket Item ("D.I.") 475 in 11 Civ. 1590, D.I. 304 in 11 Civ. 8726); Universitas Educ., LLC v. Nova Group, Inc., supra, 2014 WL 3883371 at *13.

See generally United States v. Carpenter, Case No. 3:13-CR-226 (RNC), 2015 WL 9480449 (D. Conn. Dec. 29, 2015).

For the reasons set forth below, Universitas' motion to compel Carpenter's deposition is granted, and Carpenter's motion for a protective order is denied.

II.  Facts

This action arises out of the fraudulent transfer of the proceeds of two life insurance policies between and among various entities controlled by Carpenter.  See Universitas Educ., LLC v. Nova Group, Inc., 11 Civ. 1590 (LTS)(HBP), 11 Civ. 8726 (LTS)(HBP), 2014 WL 3883371 at *1-*3 (S.D.N.Y. Aug. 7, 2014); Universitas Educ., LLC v. Nova Group, Inc., 11 Civ. 1590 (LTS)(HBP), 11 Civ. 8726 (LTS)(HBP), 2013 WL 6123104 at *1-*3 (S.D.N.Y. Nov. 20, 2013).  The proposed deposition concerns, among other things, the identity and location of assets belonging to Carpenter and other judgment debtors -- a network of limited liability companies that Carpenter created (Universitas' Opposition to Motion for Protective Order and in Further Reply in Support of Motion to Take the Deposition of Daniel Carpenter, dated May 18, 2015 (D.I. 561 in 11 Civ. 1590, D.I. 359 in 11 Civ. 8726) ("Universitas Reply") at 1, 4).

The criminal charges against Carpenter pending in Connecticut relate to an insurance fraud, and Carpenter asserts that these charges are "directly related to his assets, the assets of the other judgment debtors [in this action], and any financial transactions that may have occurred between the various judgment debtors" (Motion for Protective Order and Objection to Motion for Leave Concerning Deposition of Daniel Carpenter, dated May 11, 2015 (D.I. 559 in 11 Civ. 1590) ("Carpenter Mem.") at 2). Carpenter claims that the Connecticut indictment charges him with, among other things, conspiracy to commit money laundering and illegal monetary transactions with respect to the insurance proceeds at issue in this case (Carpenter Mem. at 2-3). Carpenter argues that any relevant questions propounded at the deposition will necessary implicate his Fifth Amendment privilege and any testimony that he may give may be used against him in the pending criminal action "or may furnish a link in the chain of evidence that could lead to further prosecution against him" (Carpenter Mem. at 2-3).

III. <u>Analysis</u>

The "Constitution 'rarely, if ever, <u>requires</u>' trial courts to grant stays of civil proceedings" due to the burden on the exercise of the Fifth Amendment.  See <u>Ironbridge Corp. v.</u>

4

C.I.R., 528 F. App'x 43, 46 (2d Cir. 2013) (summary order), quoting Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 97-98 (2d Cir. 2012) (emphasis in original). An application to stay civil proceedings pending the outcome of parallel criminal proceedings is addressed to the discretion of the district court and requires a "particularized inquiry into the circumstances of, and the competing interests of the case;" a district court's decision on an application for a stay will not be disturbed unless it results in "prejudice so great that, as a matter of law, it vitiates a defendant's constitutional rights or otherwise gravely and unnecessarily prejudices the defendant's ability to defend his or her rights." Louis Vuitton Malletier S.A. v. LY USA, Inc., supra, 676 F.3d at 97, 99, 100 (citations omitted); see also Ironbridge Corp. v. C.I.R., supra, 528 F. App'x at 46 n. 1 ("'as long as a trial court considers the relevant factors and acts with moderation to accommodate both a litigant's valid Fifth Amendment interests and the opposing parties' needs in having the litigation conducted fairly, we will not disturb the measures used by that court in the exercise of its discretion'"), quoting United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y., 55 F.3d 78, 85 (2d Cir. 1995).

Several factors serve as a "rough guide" to the resolution of a motion to stay civil proceedings pending the outcome of parallel criminal proceedings:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Louis Vuitton Malletier S.A. v. LY USA, Inc., supra, 676 F.3d at 99, quoting Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) (Chin, D.J.). The requesting party has the burden to establish a need for the stay. Clinton v. Jones, 520 U.S. 681, 708 (1997).

"[A]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." Louis Vuitton Malletier S.A. v. LY USA, Inc., supra, 676 F.3d at 98 (internal quotation marks and citation omitted). The defendant's prior discovery misconduct and the age of the litigation are relevant to the determination of whether to grant a stay. See Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 454 (2d Cir. 2013) (defen-

6

dant's repeated failures to comply with the district court's discovery orders weighed against a stay); Fendi Adele, S.R.L. v. Ashley Reed Trading, Inc., 507 F. App'x 26, 32 (2d Cir. 2013) (summary order) (affirming denial of stay of deposition until termination of federal criminal proceedings where district court "considered the possible prejudice to [the defendant]" but found that the stay was not necessary to protect defendant's rights and "would further delay a discovery process that had already been significantly delayed"); Louis Vuitton Malletier S.A. v. LY USA, Inc., supra, 676 F.3d at 102 (defendants' request for a complete stay of the proceedings "r[ung] hollow in light of defendants' plainly dilatory tactics in tendering discovery even prior to their indictments").  A stay may also be denied in favor of an alternative remedy, such as leaving the party in question to invoke the Fifth Amendment.  See Fendi Adele S.R.L. v. Ashley Reed Trading, Inc., 06 Civ. 0243 (JES)(MHD), 2006 WL 2585612 at *2 (S.D.N.Y. Sept. 8, 2006)(Dolinger, M.J.), aff'd, 507 F. App'x 26, 32 (2d Cir. 2013).

        A review of the six factors identified by the Court of Appeals in Louis Vuitton Malletier S.A. v. LY USA, Inc., supra, 676 F.3d at 99, and the interests of justice demonstrate that a stay of Carpenter's deposition is not warranted.

The first two factors discussed by the Court of Appeals -- the extent to which the issues in the criminal case overlap with those presented in the civil case and the status of the criminal case -- weigh in Carpenter's favor but are not sufficient to justify a stay.  There is at least some overlap between the proposed subjects of Carpenter's deposition and the issues in the criminal case.  Universitas states that the purpose of the deposition is to identify and locate assets to satisfy Universitas' judgment, including identification of the assets, cash flows, and bank accounts of Carpenter's numerous limited liability companies (Universitas Reply, at 2).  Carpenter points out that Counts Thirty-Four through Fifty-Seven of the Superseding Indictment in the Connecticut case allege that the movement of funds between and among the various judgment debtors in this case constitutes mail fraud and/or wire fraud (Carpenter Mem. at 2-3).  Thus, Carpenter argues that his testimony concerning the location of the assets in the possession of the judgment debtors could tend to prove the allegations in the criminal case.

The status of the criminal case also weighs in Carpenter's favor because the criminal trial is imminent.  <u>See</u> <u>Louis Vuitton Malletier S.A. v. LY USA, Inc.</u>, <u>supra</u>, 676 F.3d at 101 ("a stay is most justified where a movant . . . is already under indictment for a serious criminal offense and is required at the

same time to defend a civil action involving the same subject matter"). Carpenter, however, is not currently defending this action; a judgment has already been entered against him and the purpose of the deposition is to aid in collecting that judgment. Thus, while the first two factors weigh in Carpenter's favor, they do not weigh heavily in his favor.

The third factor, Universitas' interest in proceeding expeditiously and the prejudice to Universitas caused by a delay, weighs heavily against a stay because Carpenter's obstructionist conduct in discovery has already frustrated and delayed Universitas' collection of its judgment. In particular, Carpenter's dilatory tactics and his inconsistent use of the Fifth Amendment privilege in this case to date demonstrate that a stay would be unfair to Universitas, which has been diligently trying to collect its judgment. Carpenter does not dispute that he has been aware of the criminal investigation in the District of Connecticut since at least May of 2011.[2] Judge Swain has noted

---

[2] In May 2011, the United States Attorney's Office for the District of Connecticut and attorneys for Carpenter signed a stipulation identifying Mr. Carpenter as a "target" of a grand jury investigation in the Connecticut proceedings; the parties entered into a stipulation in connection with the government's raid of Carpenter's offices in Connecticut. See Ex. 14 to Declaration of Paula K. Colbath, dated Dec. 4, 2014 (D.I. 518 in 11 Civ. 1590, D.I. 330 in 11 Civ. 8726; Mem. Of Daniel Carpenter In Opposition to Motion for Civil Contempt, dated Jan. 4, 2013
(continued...)

that during discovery, Carpenter "resisted all discovery efforts to determine the whereabouts of the Insurance Proceeds after the transfers, and such secrecy further indicates a fraudulent intent." Universitas Educ., LLC v. Nova Group, Inc., supra, 2014 WL 3883371 at *3.  Judge Swain also noted that in October 2012, Carpenter invoked the Fifth Amendment in response to all substantive questions concerning the whereabouts of the life insurance proceeds, but, despite his knowledge of the criminal charges against him, subsequently affirmatively offered testimony "regarding the location of the Life Insurance Proceeds, in an apparent attempt to assert fabricated defenses to the paper trail that [Universitas] had uncovered." Universitas Educ., LLC v. Nova Group, Inc., supra, 2013 WL 6123104 at *2 n.1.  After Judge Swain's November 2013 finding that Carpenter had fabricated testimony regarding the location of the insurance proceeds, Carpenter testified again on these issues and Judge Swain again found that his testimony was not credible. Universitas Educ., LLC v. Nova Group, Inc., supra, 2014 WL 3883371 at *4.  Carpenter's effort to switch tactics again and now make a blanket assertion of his Fifth Amendment privilege appears to be of a piece with this previous pattern and is not a basis for a stay.

---

[2](...continued)
(D.I. 199 in 11 Civ. 1590) at 2-3).

It would not be in the "interests of justice" to hamper and delay Universitas' effort to collect its multi-million dollar judgment further by providing Carpenter with a blanket stay of the proceedings until the conclusion of the criminal action against him. See Louis Vuitton Malletier S.A. v. LY USA, Inc., supra, 676 F.3d at 104.

        The fourth factor, the private interests of and the burden on Carpenter, does not weigh in favor of a stay because Carpenter has not identified any "private interests" or "burden" that would be imposed on him if he is deposed.  His liability for the judgment in this action is not in dispute -- this deposition is being taken to aid in the collection of that judgment. Carpenter has no legitimate interest in evading collection of the judgment.  Moreover, as discussed above, Carpenter's previous testimony in this action demonstrates that he does not consider the criminal proceedings to be relevant to whether or not he will testify or invoke the Fifth Amendment on the subject of the location of his assets -- thus his current concern about proceeding with the post-judgment deposition while the criminal proceedings are pending rings hollow.  See Microfinancial, Inc. v. Premier Holidays Intern., Inc., 385 F.3d 72, 78-79 (1st Cir. 2004) ("A party who chooses to testify in a civil case in spite of the risk that a prosecutor later might seek to use his state-

11

ments against him in a criminal prosecution involving the same subject matter is hard put to complain about the subsequent denial of a stay."), citing Milton Pollack, Parallel Civil and Criminal Proceedings, 129 F.R.D. 201, 205-06 (1989).  And, as discussed further below, an order that Carpenter's deposition proceed is not an order that Carpenter has to answer any particular question or that he cannot invoke his Fifth Amendment privilege at the deposition.

        The fifth factor, the interest of the courts, also weighs against a stay because there is a judicial interest in the resolution of this action, which has been pending since 2011. After the court entered judgment against Nova Group, Inc. on June 5, 2012, Carpenter vigorously opposed Universitas' discovery efforts to aid in execution of the judgment, requiring repeated judicial intervention and wasting scarce judicial resources. Universitas Educ., LLC v. Nova Group, Inc., supra, 2014 WL 3883371 at *3, *9; Universitas Educ., LLC v. Nova Group, Inc., supra, 2013 WL 6123104 at *2.  See Microfinancial, Inc. v. Premier Holidays Intern., Inc., supra, 385 F.3d at 79 ("court's convenience" favored denial of a stay where case had been pending for over three years and because defendants had engaged in "foot-dragging" in discovery); Williams v. Swack, 13-CV-00974 (S)(M), 2015 WL 2237216 at *3 (W.D.N.Y. May 12, 2015) ("[t]he Court has a

strong interest in keeping litigation moving to conclusion without unnecessary delay . . . " (citation omitted)); Citibank, N.A. v. Super Sayin' Pub., LLC, 86 F. Supp. 3d 244, 248 (S.D.N.Y. 2015) (Stein, D.J.) ("The Court has an interest in advancing its docket . . . "); Parlin Funds LLC v. Gilliams, 11 Civ. 2534 (ALC)(MHD), 2012 WL 76134 at *3 (S.D.N.Y. Jan. 9, 2012) (Dolinger, M.J.) ("The interest of the court in the efficient management of its docket would be manifestly undercut if a stay were granted" where defendant had been uncooperative in discovery).

      As to the final factor, the public interest would not be served by an indefinite stay of Carpenter's deposition until the resolution of the criminal proceedings.  The public has an interest in "the efficient functioning of the judicial system which is undermined by the indefinite suspension of civil proceedings."  See S.E.C. v. Constantin, 11 Civ. 4642 (MHD), 2012 WL 1195700 at *4 (S.D.N.Y. Apr. 9, 2012) (Dolinger, M.J.) (internal quotation marks and citation omitted); see also United States v. Devin, 918 F.2d 280, 291 (1st Cir. 1990) ("There is an important public interest in the efficient operation of the judicial system and in the orderly management of crowded dockets.").  Further, the public's interest in preservation of constitutional rights is unaffected by directing that Carpenter's deposition proceed

13

because, as discussed below, Carpenter's right to invoke the Fifth Amendment is unaffected by this Order.

Thus, the balance of factors demonstrates that Carpenter is not entitled to a stay of his deposition until the conclusion of the criminal proceedings against him.

Carpenter's alternative argument -- that he should not be required to appear for his deposition at all because any question asked will implicate his Fifth Amendment privilege -- fails because he may not rely on a blanket assertion of the Fifth Amendment. The Fifth Amendment protects a witness in a civil case from being compelled to provide testimony that would furnish "a link in the chain of evidence needed to prosecute" the witness for a crime. Malloy v. Hogan, 378 U.S. 1, 11 (1964) (internal quotation marks and citation omitted). However, "the general reasonableness of a fear of potential self-incrimination does not justify a refusal to answer any and all questions. The appropriateness of assertions of privilege must be determined on a question-by-question basis." Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., 00 Civ. 7532 (GEL), 2004 WL 1418201 at *2 (S.D.N.Y. June 23, 2004) (Lynch then D.J., now Cir. J.); see also United States v. Arias, 404 F. App'x 554, 556 (2d Cir. 2011) (summary order) (district court must undertake "particularized inquiry" to determine if invocation of Fifth Amendment "was founded on a

14

reasonable fear of prosecution as to each of the posed questions" (internal quotation marks and citations omitted)) (summary order); United States v. Zappola, 646 F.2d 48, 53 (2d Cir. 1981) (holding that district court erred in accepting witness' blanket assertion of Fifth Amendment privilege rather than undertaking particularized inquiry of each question); Moll v. U.S. Life Title Ins. Co. Of New York, 113 F.R.D. 625, 628-29 (S.D.N.Y. 1987) (Francis, M.J.) ("The proper procedure is for the deponent to attend the deposition, to be sworn under oath, and to answer those questions he can without risking self-incrimination."). Carpenter has failed to demonstrate that the Fifth Amendment privilege would apply to any specific question posed by Universitas; indeed, he could not do so because no question has yet been asked.[3]

---

[3] Citing a 1989 Florida state court decision, Carpenter argues that where "the nature of the proceeding has narrowed the scope of inquiry to matters germane to a pending criminal prosecution, the Court is able to determine whether the fifth amendment is founded upon a reasonable fear of prosecution [sic] without the benefit of individual questions" (Carpenter Mem. at 3, citing Rainerman v. Eagle Nat. Bank of Miami, 541 So.2d 740, 741 (Fla. Dist. Ct. App. 1989)). Rainerman is not persuasive. Rainerman is contrary to the case law in the Second Circuit cited in the text. Rainerman is also distinguishable because the criminal proceedings in that case arose out of same fraudulent banking relationship that was at issue in the civil case, and the plaintiff admitted that the proposed deposition questions could incriminate the defendant. Rainerman v. Eagle Nat. Bank of Miami, 541 So.2d at 741. Here, while there may be some overlap
(continued...)

IV. Conclusion

Accordingly, for all the foregoing reasons, Universitas' motion to take the deposition of Mr. Carpenter (D.I. 553 in 11 Civ. 1590 and D.I. 354 in 11 Civ. 8726) is granted and Mr. Carpenter's motion for a protective order (D.I. 559 in 11 Civ. 1590) is denied. Universitas may take Carpenter's video deposition on a mutually convenient date, said date to be no later than April 13, 2016. Carpenter may raise any Fifth Amendment objections on a question-by-question basis at the deposition.

Dated:  New York, New York
        March 23, 2016

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

---

³(...continued)
between Universitas' deposition questions and the criminal proceedings, Carpenter has failed to show (and Universitas does not concede) that the criminal proceedings arise out of the same facts that will be the focus of the deposition or that the deposition is limited to the transactions alleged to be fraudulent in the criminal case.

16