**BRIEF CARMEN & KLEIMAN, LLP**
ATTORNEYS AT LAW
805 THIRD AVENUE
NEW YORK, NEW YORK 10022

MATTHEW J. BRIEF
RICHARD E. CARMEN
IRA KLEIMAN*

www.briefjustice.com

* ALSO ADMITTED IN THE DISTRICT OF COLUMBIA

TELEPHONE
(212) 758-6160
(212) 832-5570

FACSIMILE
(212) 832-1747
(212) 832-7221

April 14, 2016

The Honorable Laura Taylor Swain
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re:  **Universitas Education, LLC v. Nova Group, Inc.**
**(S.D.N.Y. 11-CV-1590-LTS-HBP)**

Dear Judge Swain:

    We write as counsel for Nova Group, Inc. ("Nova"), in regard to that part of the Court's Order dated March 31, 2016 (Docket Number 592) which ordered Nova to deposit a monetary sanction of $25,000.00 for its violations by its <u>prior</u> counsel of F.R.C.P. Rule 11(b) (1-3) in the wake of the Second Circuit's reversal of the original sanction of the judgment amount of $30,181,880.30 previously ordered by this Court.[1]

    We are respectful of the Hon. Magistrate Judge Pitman's ruling of March 31, 2016 that Nova did not place any evidence before him demonstrating its lack of resources to pay a sanction of $25,000 upon this matter's remand by the Second Circuit. Nova does not offer any Objections to the sanction except to note its continued inability to pay as we wrote the Court, along with then counsel for Daniel Carpenter, Grist Mill Capital LLC and Avon Capital, and counsel for the Grist Mill Trust on October 4, 2013, a copy of which is attached as Exhibit A.

    We have consulted with Molly Carpenter, the wife of Daniel Carpenter (who is now incarcerated), and the former Treasurer of Nova in an effort to ascertain if compliance is possible at this time. However, it remains the case that Nova has been dormant since 2010. There have not been any active bank accounts in the name of any Nova Group entity since June 2010 (Exhibit B). The first page of the last tax return filed by Nova (Exhibit C) for the year 2011, demonstrates that Nova did not have any income that year. Attached documents (Exhibit D) from the Commercial Recording Division of the Connecticut Secretary of State note its business status as "Withdrawn." Nova's President, Wayne Bursey, has passed away.

---

[1] The sanction also includes the payment of reasonable attorney's fees and costs Plaintiff incurred in litigating the motion for sanctions and a prohibition of any further motions by Nova without prior Court permission. We note that the Court has also previously granted Universitas $30,240.00 in attorneys' fees spent litigating the Rule 11 motion against Nova (Dkt. 490).

**BRIEF CARMEN & KLEIMAN, LLP**
ATTORNEYS AT LAW

The Honorable Laura Taylor Swain
United States District Court
April 14, 2016
Page 2

However, should the Court so order, Nova will ascertain whether any funds for Court-ordered sanctions can be paid by any other entity or individual that Plaintiff has alleged to be associated with Dan Carpenter without waiving any of the rights or positions that they might assert in future litigation(s).

Thus, while Nova does not have the resources to comply with the newly recommended sanction of Magistrate Judge Pitman, it is prepared to try to raise funds for compliance from other entities or individuals.[2]

Again, we appreciate the reconsideration of the sanctions award in the wake of the Second Circuit's remand of this matter and thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Matthew J. Brief*
Matthew J. Brief

Attchmts

cc:   All counsel (via e-mail)
      The Hon. Henry Pitman, U.S.M.J. (via hand delivery)

---

[2] The undersigned's firm has not been paid by Nova for legal services rendered, as records previously provided to Plaintiff's counsel pursuant to subpoena have demonstrated.