# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,                                 :

        Judgment Creditor,

        -against-

NOVA GROUP, INC., as trustee, sponsor and
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,

        Judgment Debtor,

        -and-

Daniel E. Carpenter, Charter Oak Trust
Welfare Benefit Plan, Grist Mill Capital, LLC
Grist Mill Holdings, LLC, Grist Mill Trust
Welfare Benefit Plan, Avon Capital, LLC,
Hanover Trust Company, Carpenter Financial
Group and Phoenix Capital Management, LLC,

        Judgment Debtors.
------------------------------------------------------------X

Case Nos. 11 CV 1590-LTS-HBP and
11-8726-LTS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 31 2014

**[PROPOSED] ORDER MODIFYING RESTRAINING NOTICES SERVED ON
GRIST MILL TRUST WELFARE BENEFIT PLAN,
HANOVER BENEFIT PLANS, LLC AND WEBSTER BANK, N.A.**

For good cause shown and with the consent of Petitioner/Judgment Creditor Universitas Education, LLC ("Universitas"), Judgment Debtor Grist Mill Trust Welfare Benefit Plan ("GMT") and interested party Hanover Benefit Plans, LLC ("HBP"), the Court hereby modifies the Restraining Notices served on GMT, HBP and Webster Bank, N. A. ("Webster") (collectively attached as Exhibit 1), pursuant to Fed. R. Civ. P. 69(a) and N.Y. CPLR § 5240, as follows:

WHEREAS, on August 12, 2014, a Judgment was entered against GMT in the amount of $4,487,007.81;

WHEREAS, pursuant to CPLR §5222 and Rule 69 of the Federal Rules of Civil Procedure, Universitas subsequently served Restraining Notices on GMT, HBP and Webster ("the Restraining Notices");

WHEREAS, the Restraining Notices (among other things) prohibit GMT, HBP and Webster from making, permitting or suffering any sale, assignment or transfer of, or any interference with, any property of GMT and from paying over or otherwise disposing of any debt owed to GMT; and

WHEREAS, GMT, HBP and Universitas have agreed to a procedure that will allow GMT to collect funds from participating employers and others, deposit those funds into the bank accounts maintained by GMT and to make specified, limited life insurance premium payments from the accounts;

IT IS HEREBY ORDERED that:

The Restraining Notices are modified under the following terms and conditions:

1. All monies received by GMT, including monies received from employers who participate in the GMT welfare benefit plan must be deposited into the bank account GMT maintains at Webster Bank, N.A. (Account No. XXXXXXX419 standing in the name of "Grist Mill Trust" with Kathy Kehoe as the only signatory).  Pending further order of the Court, GMT may use only this designated account for GMT's receipt and deposit of monies and other banking activities.  GMT shall not open and/or use any other bank, brokerage or similar accounts or change the authorized signatory on the Webster account ending in "419." .  All individuals who perform work for or on behalf of GMT and HBP shall be given notice by Kathy Kehoe of the Order once it has been signed and entered by the Court.  Kathy Kehoe will furnish a list of the foregoing individuals within seven (7) days of entry of this Order.

2. From the designated account ending in "419," GMT may pay by check or wire transfer such insurance premiums as come due in the regular course of the business of GMT on policies owned solely by the GMT (as listed on Exhibit 2 hereto). The insurance premiums permitted to be paid are premiums on policies owned solely by GMT that insure the lives of employees of the employers who participate in the GMT welfare benefit plan. Pending further order of the Court, other than payments for insurance premiums, no other payments of any kind may be made from the bank account of GMT referred to in paragraph 1 and ending in "419.".

3. On or before the 1st day of each month, beginning in January, 2015, GMT shall provide by email to the attorneys for Universitas and Webster with a complete list of the insurance premiums that will be due for that month, with copies of premium notices or similar documents. The list shall identify the insurer, insured, amount of premium payment(s) due, the policy number for each premium to be paid, and date premium payment(s) were received from the subject employer. Kathy Kehoe, the trustee of GMT, shall sign the list and certify under oath that all listed payments are due and owing by the GMT, and provide a copy of the certified list both to counsel for Universitas and to Webster. Upon receipt, neither Webster nor Universitas shall have any duty to inquire regarding the accuracy of the information on the list.

4. GMT may write checks or issue wire transfer orders to Webster for the payment of the listed insurance premiums without violating the GMT Restraining Notices. Webster may pay the designated insurance premiums and debit GMT's account ending in "419" without violating any Restraining Notice issued to Webster.

5. As a further condition of this Order, GMT and HBP agree to segregate all administrative and other fees paid to HBP by GMT employer participants, in a separate bank account at Webster, Account No. XXXXXXX424.. No payments, transfers or other expenditures

may be made by HBP from the segregated Webster account ending in "424" without the prior written consent of Universitas or further order of the Court. The current signatories on HBP Account No. XXXXXXX424 are Kathy Kehoe and Matthew Westcott and HBP agrees not to change the signatories on this account without prior notification to Universitas. Unless extended by agreement of Universitas and HBP, the provisions of this Paragraph 5 shall expire on June 30, 2015 and all funds then on deposit in Account No. XXXXXXX424 shall be available for use by HBP after that date as if this Order did not exist. Universitas reserves the right to seek further relief from the Court by motion or by plenary action with respect to the HBP funds.

6.  On a regular basis, but not less than monthly, GMT and HBP will provide the attorneys for Universitas copies of GMT's bank statements, including the bank account(s) described in Paragraphs 1 and 5 above. Upon email request from Universitas, GMT and HBP will provide daily account information on GMT's bank accounts by providing the attorneys for Universitas with copies of online statements. Upon email request, GMT and HBP will (a) authorize the attorneys for Universitas to access information on the subject accounts directly from the banks where the accounts are maintained (including without limitation, copies of checks or wire transfer instructions); and (b) notify Webster that it is authorized to disclose to and/or discuss with Universitas any banking information/transaction requested by Universitas.

7.  All other aspects of Universitas' Restraining Notices remain in full force and effect. Universitas, GMT and HBP expressly reserve the right make an application to the Court to vacate

or modify this Order at any time. Nothing in this Order shall be construed to prevent Universitas from seeking additional or different relief at any time from the Court.

Dated: December 31, 2014

SO ORDERED:

*/s/ Laura Taylor Swain*

The Hon. Laura Taylor Swain

NY1321304.2_x000b_214560-10001