UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNIVERSITAS EDUCATION, LLC,

        Petitioner,

-v-                                       No. 11 CV 1590-LTS-HBP

NOVA GROUP, INC.,

        Respondent.

NOVA GROUP, INC.,

        Petitioner,

-v-                                       No. 11 CV 8726-LTS-HBP

UNIVERSITAS EDUCATION, LLC,

        Respondent.

MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

On May 21, 2013, Magistrate Judge Henry Pitman issued a Report and Recommendation (docket entry no. 252[1]) regarding the motion of Universitas Education, LLC ("Universitas"), pursuant to Federal Rule of Civil Procedure 11 for sanctions against Nova Group, Inc. ("Nova"), for conduct during litigation of a renewed motion to dismiss both of the above captioned cases for lack of subject matter jurisdiction. (Docket entry no. 173.) Judge Pitman recommended Nova be sanctioned by being ordered to deposit the amount of the unsatisfied judgment, $30,181,880.30, with the Clerk of the Court. (Docket entry no. 252.) On September 30, 2013, the Court adopted Judge Pitman's May 21, 2013, Report and

---

[1] All docket references herein refer to those in the above captioned case numbered 11 CV 1590.

Recommendation in its entirety. (Docket entry no. 295). On October 25, 2013, Nova appealed to the United States Court of Appeals for the Second Circuit from the Court's September 30, 2013, Memorandum Order Adopting Report and Recommendation. (Docket entry no. 318.) On December 10, 2014, the Second Circuit issued a remand order, directing this Court to clarify "the disposition of the proposed $30 million sanction after it is paid into the court." (Docket entry no. 522). On December 18, 2014, this Court issued an order, clarifying that the $30 million was to be paid to Universitas up to the amount of the outstanding judgement, with any excess to be paid to the general sanction fund of the Court. (Docket entry no. 534). On April 20, 2015, the Second Circuit vacated the December 18, 2014, Order and the portion of the September 30, 2013, Order directing Nova to deposit the judgment amount, and remanded the case for further proceeding. (Docket entry no. 550.)[2] On April 22, 2015, the Court referred the remanded motion to Judge Pitman. (Docket entry no. 552.) On March 31, 2016, Judge Pitman issued a Report and Recommendation (docket entry no. 592, the "Report") regarding the motion. The Report recommends that a monetary sanction of $25,000 be imposed on Nova. (Id.)

In reviewing a report and recommendation, a district court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In order to accept those portion of the Report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of

---

[2] The Second Circuit's mandate stated that it vacated "that portion of the September 20, 2014 Order directing Appellant to deposit $30,181,883.30." (Docket entry no 551.) There was no order entered on September 20, 2014. The Court assumes that the mandate referred to the September 30, 2013, Order, which directed Nova to deposit $30,181,883.30. (See docket entry no. 295.) See also Universitas Educ., LLC v. Nova Grp., Inc., 784 F.3d 99, 100 (2d Cir. 2015) (describing the appeal from the September 30, 2013, memorandum and order).

the record." Carlson v. Dep't of Justice, No. 10 CV 5149, 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (internal quotation marks and citation omitted).

The Court has not received any objections to the Report from either Universitas or Nova, so a review for clear error is appropriate.[3] The Court has reviewed carefully Magistrate Judge Pitman's thorough Report and finds no clear error.  The Court therefore adopts the Report in its entirety for the reasons stated therein.  Because the Report explicitly states that "[f]ailure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," the parties' failure to object operates as a waiver of objections and appellate review. See Graham v. City of New York, 433 Fed. App'x 657, 658 (2d Cir. 2011).

This Memorandum Order Adopting Report and Recommendation resolves docket entry number 173 in 11 CV 1590 and docket entry number 115 in 11 CV 8726.

SO ORDERED.

Dated: New York, New York
       May 16, 2016

                                                        /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             United States District Judge

---

[3] In regard to the Report, Nova filed a letter with the Court.  (Docket entry no. 594.)  Nova does not raise any objections but only asserts its continued inability to pay the amount to be imposed as a sanction.  (Id.)  However, in the letter, Nova states that it is "prepared to try to raise funds for compliance from other entities or individuals."  (Id.)  Nova also concedes that it did not place any evidence before Judge Pitman demonstrating its lack of resources to pay the sanction.  (Id.)