**schwartz&
thomashower**

Guardian Life
November 1, 2016
Page 2

named insurance carrier, including but not limited to, policy numbers: 5061024, 3478736, 3405875, 3683328, 3646655, and G140283.

Thus, it appears that Guardian Life is in possession of property in which one or more of the judgment debtors, or any of their predecessors, successors, subsidiaries, affiliates, parent companies, alter egos, officers, directors, agents, employees, servants, contractors, consultants, attorneys, representatives, and others acting by, through, or on their behalf, has an interest in. Accordingly, enclosed please find a restraining notice addressed to Guardian Life.

Please feel free to contact me should you have any questions.

Very truly yours,

Rachel Schwartz

Enclosures

10863132.1
214560-10001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

               Judgment Creditor,        :

             -against-             :     Case Nos. 11-1590-LTS and
                                   11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,              :    **RESTRAINING NOTICE**

             Judgment Debtor.
------------------------------------------------------------X

> To:    Guardian Life
>         1 Seaport Plaza
>         New York, New York  10038

    **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – **$30,600,000.00**

- Grist Mill Holdings, LLC – **$21,000,000.00**

- Carpenter Financial Group – **$11,140,000.00**

- Avon Capital, LLC – **$6,710,065.92**

- Phoenix Capital Management, LLC – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets – **$4,487,007.81**

- Hanover Trust Company – **$1,200,000.00**

    **WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated:  November 1, 2016

SCHWARTZ & THOMASHOWER LLP

By: _____
Rachel Schwartz
15 Maiden Lane
Suite 705
New York, New York 10038
(212) 227-4300

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

10863147.1
214560-10001

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

Petitioner,

        -against-

NOVA GROUP, INC.,

Respondent.

-------------------------------------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED  08/15/2014 |

11 **CIVIL** 1590 (LTS) (HBP)
11 **CIVIL** 8726 (LTS) (HBP)

**JUDGMENT**

      Whereas following entry of judgment in its favor in the above captioned-actions, Universitas

Education, LLC ("Petitioner") having moved seeking, pursuant to New York Civil Practice Law and

Rules ("C.P.L.R.") section 5225(b) and Federal Rules of Civil Procedure 69, the turnover of assets

by respondent Daniel E. Carpenter and his affiliated entities Grist Mill Capital, LLC, Grist Mill

Holdings, LLC, the Grist Mill Trust Welfare Benefit Plan, Avon Capital, LLC, Hanover Trust

Company, Carpenter Financial Group and Phoenix Capital Management, LLC (with Carpenter, the

"Turnover Respondents"), as well as permanent injunctive relief barring the transfer by the Turnover

Respondents of money and assets, including certain specified insurance policies, until Petitioner's

judgment against Nova Group, Inc., has been satisfied (Docket entry no. 308 in case number 11 Civ.

1590); Mr. Carpenter and certain third parties having moved to modify the temporary injunction to

allow transactions between themselves and certain of the Turnover Respondents (See docket entry

nos. 409, 412, and 448 in 11 Civ. 1590), and the matter having come before the Honorable Laura

Taylor Swain, United States District Judge, and the Court, on August 7, 2014, having rendered its

Memorandum Opinion and Order granting Petitioner's turnover motion, granting Petitioner money

judgments as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist

Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the

amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $ 11,140,000.00;

against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; directing the Clerk of the Court to enter judgment against the Turnover Respondents accordingly; Liability under the judgment is joint and severally; denying as moot Petitioner's request for permanent injunctive relief; denying each of the third-party motions to modify the preliminary injunction, docket entry numbers 409, 412, and 448 in 11 Civ. 1590, as the primary injunction is hereby terminated pursuant to the provisions of the January Order, because Petitioner's motion for turnover has been resolved, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated August 7, 2014, Petitioner's turnover motion is granted; Petitioner is hereby granted money judgments against the Turnover Respondents as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $11,140,000.00; against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; liability under the judgments is jointly and severally; Petitioner's request for permanent injunctive and other equitable relief are denied; each of the third-party motions to modify the preliminary injunction, docket numbers 409, 412, and 448 in 11 Civ. 1590 are denied as moot, as the preliminary injunction is hereby terminated pursuant

to the provisions of the January Order, because Petitioner's motion for turnover has been resolved.

**Dated:**  New York, New York
 August 15, 2014

**RUBY J. KRAJICK**

**Clerk of Court**

**BY:**  _K. Mango_

**Deputy Clerk**

# schwartz&
# thomashower

May 12, 2016

**_Via Certified Mail,_**
**_Return Receipt Requested_**

Hartford Life Insurance Company
277 Park Avenue, # 15
New York, New York 10172

Re:   Universitas Education, LLC v. Nova Group, Inc.
      <u>Case Nos. 11-CV-01590 and 11-CV-08726</u>

To Whom it May Concern:

We represent Universitas Education, LLC ("Universitas") in the above-referenced matter.

On August 12, 2014, a judgment ("Judgment") was entered in favor of Universitas and against several judgment debtors.  More specifically, Universitas received a Judgment against Avon Capital LLC ("Avon"), in the amount of $6,710,065.92.  A copy the Judgment is enclosed herewith.

We understand that Avon is the owner of numerous insurance policies in which Hartford Life Insurance Company ("Hartford") is the named insurance carrier, including, but not limited to, policy numbers ending in: 5593; 2914; and 0130.

Based on the foregoing, it appears that Hartford is in possession of property in which Avon, a judgment debtor, has an interest.  Therefore, enclosed please find a restraining notice addressed to Hartford.

Please feel free to contact me should you have any questions.

Very truly yours,

Rachel Schwartz

Enclosures

10043450.1
214560-10001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                  Judgment Creditor,          :

             -against-          :    Case Nos. 11-1590-LTS and
                                          11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,           :    **RESTRAINING NOTICE**

             Judgment Debtor.
------------------------------------------------------------X

To:    Hartford Life Insurance Company
       277 Park Avenue, # 15
       New York, NY 10172

       **WHEREAS**, in an action in the United States District Court for the Southern
District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of
Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the
following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC (Tax Identification Numbers 26-2386232 and 81-0607868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group (Tax Identification Numbers 27-6417983, 06-1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS,** these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice is liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: May 12, 2016

SCHWARTZ & THOMASHOWER LLP

By: _____
     Rachel Schwartz
     15 Maiden Lane
     Suite 705
     New York, New York 10038
     212-227-4300

     *Attorneys for Petitioner/Judgment Creditor*
     *Universitas Education, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                Petitioner,

-against-

NOVA GROUP, INC.,

                Respondent.
-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED 08/15/2014

11 **CIVIL** 1590 (LTS) (HBP)
11 **CIVIL** 8726 (LTS) (HBP)

**JUDGMENT**

Whereas following entry of judgment in its favor in the above captioned-actions, Universitas Education, LLC ("Petitioner") having moved seeking, pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") section 5225(b) and Federal Rules of Civil Procedure 69, the turnover of assets by respondent Daniel E. Carpenter and his affiliated entities Grist Mill Capital, LLC, Grist Mill Holdings, LLC, the Grist Mill Trust Welfare Benefit Plan, Avon Capital, LLC, Hanover Trust Company, Carpenter Financial Group and Phoenix Capital Management, LLC (with Carpenter, the "Turnover Respondents"), as well as permanent injunctive relief barring the transfer by the Turnover Respondents of money and assets, including certain specified insurance policies, until Petitioner's judgment against Nova Group, Inc., has been satisfied (Docket entry no. 308 in case number 11 Civ. 1590); Mr. Carpenter and certain third parties having moved to modify the temporary injunction to allow transactions between themselves and certain of the Turnover Respondents (See docket entry nos. 409, 412, and 448 in 11 Civ. 1590), and the matter having come before the Honorable Laura Taylor Swain, United States District Judge, and the Court, on August 7, 2014, having rendered its Memorandum Opinion and Order granting Petitioner's turnover motion, granting Petitioner money judgments as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $ 11,140,000.00;

against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; directing the Clerk of the Court to enter judgment against the Turnover Respondents accordingly; Liability under the judgment is joint and severally; denying as moot Petitioner's request for permanent injunctive relief; denying each of the third-party motions to modify the preliminary injunction, docket entry numbers 409, 412, and 448 in 11 Civ. 1590, as the primary injunction is hereby terminated pursuant to the provisions of the January Order, because Petitioner's motion for turnover has been resolved, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated August 7, 2014, Petitioner's turnover motion is granted; Petitioner is hereby granted money judgments against the Turnover Respondents as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $11,140,000.00; against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; liability under the judgments is jointly and severally; Petitioner's request for permanent injunctive and other equitable relief are denied; each of the third-party motions to modify the preliminary injunction, docket numbers 409, 412, and 448 in 11 Civ. 1590 are denied as moot, as the preliminary injunction is hereby terminated pursuant

to the provisions of the January Order, because Petitioner's motion for turnover has been resolved.

**Dated:** New York, New York
August 15, 2014

RUBY J. KRAJICK

Clerk of Court

BY:     *K. Mango*

Deputy Clerk

**SENDER:** *COMPLETE THIS SECTION*

- Complete Items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hartford Life Insurance Company
277 Park Avenue, # 15
New York, New York 10172

9590 9403 0260 5155 9969 46

2. Article Number *(Transfer from service label)*

7015 0640 0007 2457 2763

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X R. Delan                          ☐ Agent
                                    ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

R. Delaunay

D. Is delivery address different from Item 1?   ☐ Yes
If YES, enter delivery address below:           ☐ No

MAY 17 2016

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053                Domestic Return Receipt

# ING 

<u>VIA OVERNIGHT MAIL</u>

May 19, 2016

Rachel Schwartz
Schwartz & Thomashower LLP
15 Maiden Lane
Suite 705
New York, NY 10038

Re:    Restraining Notice for *Universitas Education, LLC v. Nova Group, Inc.* (Case Nos 11-
       CV-01590 and 11-CV-08726)

Dear Ms. Schwartz:

    I am writing in regards to the above referenced notice (the "Notice") which was directed
to "ING." I am responding on behalf of ING Financial Holdings Corporation, which is located at
1325 Avenue of the Americas, New York, New York 10019, and its subsidiaries in the United
States (the "ING Financial Holdings Entities" or "INGFH").

    Please be advised that ING Financial Holdings Corporation is neither an insurer nor a
bank and does not hold private or retail accounts for individuals or corporations. Nevertheless,
we have performed a diligent search for documents and files related to Avon Capital LLC within
the possession, custody and control of INGFH, and to the best of our knowledge, do not maintain
any accounts with respect to the referenced judgment debtor. If your Notice is in regards to an
insurance policy, ING sold this business to Voya Financial, please contact them directly.

    Please do not hesitate to contact me at (646) 424-6241 if you have any questions or
require further information.

                              Very truly yours,

                              Shawna Mack
                              Corporate Secretary

# schwartz&
# thomashower

May 12, 2016

***Via Certified Mail,***
***Return Receipt Requested***

ING
1325 Avenue of the Americas
18th Floor
New York, New York 10019

Re:   Universitas Education, LLC v. Nova Group, Inc.
      Case Nos. 11-CV-01590 and 11-CV-08726

To Whom it May Concern:

We represent Universitas Education, LLC ("Universitas") in the above-referenced matter.

On August 12, 2014, a judgment ("Judgment") was entered in favor of Universitas and against several judgment debtors.  More specifically, Universitas received a Judgment against Avon Capital LLC ("Avon"), in the amount of $6,710,065.92.  A copy the Judgment is enclosed herewith.

We understand that Avon is the owner of numerous insurance policies in which ING is the named insurance carrier, including, but not limited to, policy numbers ending in: 0596.

Based on the foregoing, it appears that ING is in possession of property in which Avon, a judgment debtor, has an interest.  Therefore, enclosed please find a restraining notice addressed to ING.

Please feel free to contact me should you have any questions.

Very truly yours,

Rachel Schwartz

Enclosures

10043451.1
214560-10001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

              Judgment Creditor,      :

          -against-            :    Case Nos. 11-1590-LTS and
                                    11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and  :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,         :    **RESTRAINING NOTICE**

              Judgment Debtor.
-----------------------------------------------------------X

To:    ING
        1325 Avenue of the Americas
        18th Floor
        New York, NY  10019

      **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC (Tax Identification Numbers 26-2386232 and 81-0607868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group (Tax Identification Numbers 27-6417983, 06-1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS**, it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: May 12, 2016

SCHWARTZ & THOMASHOWER LLP

By: _____

Rachel Schwartz
15 Maiden Lane
Suite 705
New York, New York 10038
212-227-4300

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                                    Petitioner,

          -against-

NOVA GROUP, INC.,

                         Respondent.
------------------------------------------------------X

```
+------------------------------------------+
| USDC SDNY                                |
|                                          |
| DOCUMENT                                 |
|                                          |
| ELECTRONICALLY FILED 08/15/2014          |
+------------------------------------------+
```

11 **CIVIL** 1590 (LTS) (HBP)
11 **CIVIL** 8726 (LTS) (HBP)

**JUDGMENT**

     Whereas following entry of judgment in its favor in the above captioned-actions, Universitas

Education, LLC ("Petitioner") having moved seeking, pursuant to New York Civil Practice Law and

Rules ("C.P.L.R.") section 5225(b) and Federal Rules of Civil Procedure 69, the turnover of assets

by respondent Daniel E. Carpenter and his affiliated entities Grist Mill Capital, LLC, Grist Mill

Holdings, LLC, the Grist Mill Trust Welfare Benefit Plan, Avon Capital, LLC, Hanover Trust

Company, Carpenter Financial Group and Phoenix Capital Management, LLC (with Carpenter, the

"Turnover Respondents"), as well as permanent injunctive relief barring the transfer by the Turnover

Respondents of money and assets, including certain specified insurance policies, until Petitioner's

judgment against Nova Group, Inc., has been satisfied (Docket entry no. 308 in case number 11 Civ.

1590); Mr. Carpenter and certain third parties having moved to modify the temporary injunction to

allow transactions between themselves and certain of the Turnover Respondents (See docket entry

nos. 409, 412, and 448 in 11 Civ. 1590), and the matter having come before the Honorable Laura

Taylor Swain, United States District Judge, and the Court, on August 7, 2014, having rendered its

Memorandum Opinion and Order granting Petitioner's turnover motion, granting Petitioner money

judgments as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist

Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the

amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $ 11,140,000.00;

against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; directing the Clerk of the Court to enter judgment against the Turnover Respondents accordingly; Liability under the judgment is joint and severally; denying as moot Petitioner's request for permanent injunctive relief; denying each of the third-party motions to modify the preliminary injunction, docket entry numbers 409, 412, and 448 in 11 Civ. 1590, as the primary injunction is hereby terminated pursuant to the provisions of the January Order, because Petitioner's motion for turnover has been resolved, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated August 7, 2014, Petitioner's turnover motion is granted; Petitioner is hereby granted money judgments against the Turnover Respondents as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $11,140,000.00; against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; liability under the judgments is jointly and severally; Petitioner's request for permanent injunctive and other equitable relief are denied; each of the third-party motions to modify the preliminary injunction, docket numbers 409, 412, and 448 in 11 Civ. 1590 are denied as moot, as the preliminary injunction is hereby terminated pursuant

to the provisions of the January Order, because Petitioner's motion for turnover has been resolved.

**Dated:** New York, New York
August 15, 2014

RUBY J. KRAJICK

_____
Clerk of Court

BY: *K. Mango*
_____
**Deputy Clerk**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ING
1325 Avenue of the Americas
18th Floor
New York, New York 10019

9590 9403 0260 5155 9969 22

2. Article Number (Transfer from service label)

7015 0640 0007 2457 2749

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

7015 0640 0007 2457 2749

CERTIFIED MAIL

**schwartz&
thomashower**
15 Maiden Lane, Suite 705
New York, NY 10038-5120
www.stnlplaw.com

ING
1325 Avenue of the Americas
18th Floor
New York, New York 10019

# schwartz&
# thomashower

May 12, 2016

***Via Certified Mail,***
***Return Receipt Requested***

Jackson National Life
5 Becker Farm Rd.
410
Roseland, New Jersey 07068

Re:   Universitas Education, LLC v. Nova Group, Inc.
       Case Nos. 11-CV-01590 and 11-CV-08726

To Whom it May Concern:

We represent Universitas Education, LLC ("Universitas") in the above-referenced matter.

On August 12, 2014, a judgment ("Judgment") was entered in favor of Universitas and against several judgment debtors.  More specifically, Universitas received a Judgment against Avon Capital LLC ("Avon"), in the amount of $6,710,065.92.  A copy the Judgment is enclosed herewith.

We understand that Avon is the owner of numerous insurance policies in which Jackson National Life ("Jackson") is the named insurance carrier.

Based on the foregoing, it appears that Jackson is in possession of property in which Avon, a judgment debtor, has an interest.  Therefore, enclosed please find a restraining notice addressed to Jackson.

Please feel free to contact me should you have any questions.

Very truly yours,

Rachel Schwartz

Enclosures

10043455.1
214560-10001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

               Judgment Creditor,       :

               -against-            :    Case Nos. 11-1590-LTS and
                                         11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and
fiduciary of THE CHARTER OAK TRUST     :
WELFARE BENEFIT PLAN,

                                  :    **RESTRAINING NOTICE**

               Judgment Debtor.

-------------------------------------------------------------X

    To:    Jackson National Life
           5 Becker Farm Road
           410
           Roseland, New Jersey 07068

     **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC (Tax Identification Numbers 26-2386232 and 81-0607868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group (Tax Identification Numbers 27-6417983, 06-1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS,** these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated:  May 12, 2016

SCHWARTZ & THOMASHOWER LLP

By: _____

Rachel Schwartz
15 Maiden Lane
Suite 705
New York, New York 10038
212-227-4300

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                                    Petitioner,

                    -against-

NOVA GROUP, INC.,

                                    Respondent.
------------------------------------------------------------X

```
┌─────────────────────────────────────────┐
│ USDC SDNY                                 │
│                                           │
│ DOCUMENT                                  │
│                                           │
│ ELECTRONICALLY FILED  08/15/2014          │
└─────────────────────────────────────────┘
```

11 **CIVIL** 1590 (LTS) (HBP)
11 **CIVIL** 8726 (LTS) (HBP)

**JUDGMENT**

Whereas following entry of judgment in its favor in the above captioned-actions, Universitas Education, LLC ("Petitioner") having moved seeking, pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") section 5225(b) and Federal Rules of Civil Procedure 69, the turnover of assets by respondent Daniel E. Carpenter and his affiliated entities Grist Mill Capital, LLC, Grist Mill Holdings, LLC, the Grist Mill Trust Welfare Benefit Plan, Avon Capital, LLC, Hanover Trust Company, Carpenter Financial Group and Phoenix Capital Management, LLC (with Carpenter, the "Turnover Respondents"), as well as permanent injunctive relief barring the transfer by the Turnover Respondents of money and assets, including certain specified insurance policies, until Petitioner's judgment against Nova Group, Inc., has been satisfied (Docket entry no. 308 in case number 11 Civ. 1590); Mr. Carpenter and certain third parties having moved to modify the temporary injunction to allow transactions between themselves and certain of the Turnover Respondents (See docket entry nos. 409, 412, and 448 in 11 Civ. 1590), and the matter having come before the Honorable Laura Taylor Swain, United States District Judge, and the Court, on August 7, 2014, having rendered its Memorandum Opinion and Order granting Petitioner's turnover motion, granting Petitioner money judgments as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $ 11,140,000.00;

against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; directing the Clerk of the Court to enter judgment against the Turnover Respondents accordingly; Liability under the judgment is joint and severally; denying as moot Petitioner's request for permanent injunctive relief; denying each of the third-party motions to modify the preliminary injunction, docket entry numbers 409, 412, and 448 in 11 Civ. 1590, as the primary injunction is hereby terminated pursuant to the provisions of the January Order, because Petitioner's motion for turnover has been resolved, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated August 7, 2014, Petitioner's turnover motion is granted; Petitioner is hereby granted money judgments against the Turnover Respondents as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $11,140,000.00; against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; liability under the judgments is jointly and severally; Petitioner's request for permanent injunctive and other equitable relief are denied; each of the third-party motions to modify the preliminary injunction, docket numbers 409, 412, and 448 in 11 Civ. 1590 are denied as moot, as the preliminary injunction is hereby terminated pursuant

to the provisions of the January Order, because Petitioner's motion for turnover has been resolved.

**Dated:** New York, New York
      August 15, 2014

                                           **RUBY J. KRAJICK**

                                          **Clerk of Court**

              **BY:**      K. Mango

                                          **Deputy Clerk**

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jackson National Life
5 Becker Farm Rd.
410
Roseland, New Jersey 07068

9590 9403 0280 5155 9969 39

2. Article Number (Transfer from service label)
7015 0640 0007 2457 2756

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053       Domestic Return Receipt

7015 0640 0007 2457 2756

CERTIFIED MAIL

**schwartz&**
**thomashower**
15 Maiden Lane, Suite 705
New York, NY 10038-5120
www.sttlpkaw.com

Jackson National Life
5 Becker Farm Rd.
410
Roseland, New Jersey 07068



LINDSAY S. FEUER
Attorney At Law

345 Park Avenue
New York, NY 10154

Direct   212.407.4125
Main   212.407.4000
Fax   646.417.6332
lfeuer@loeb.com

Via Certified Mail, Return Receipt Requested

September 9, 2016

Kansas City Life
c/o Morgan 24/7 Financial Services
Suite 5M
80 Broad Street
Red Bank, NJ 07701

Re:   Universitas Education, LLC v. Nova Group, Inc.
      Case Nos. 11-CV-01590 and 11-CV-08726

To Whom it May Concern:

We represent Universitas Education, LLC ("Universitas") in the above-referenced matter.

On August 12, 2014, a judgment ("Judgment") was entered in favor of Universitas and against several judgment debtors. A copy of the Judgment is enclosed herewith.

The judgment debtors include Daniel E. Carpenter, Grist Mill Capital, LLC, Grist Mill Capital, LLC, Grist Mill Holdings, LLC, Carpenter Financial Group, Avon Capital, LLC, Phoenix Capital Management, LLC, Grist Mill Trust Welfare Benefit Plan (which includes the Grist Mill Trust, dated October 1, 2003) and Hanover Trust Company. In addition, the following entities have been adjudicated to be alter egos of one or more of the judgment debtors:

1.    Benistar 419 Plan Services, Inc.
2.    Benistar Admin. Services, Inc.
3.    Benistar Employer Services Trust Corporation
4.    Benistar, Ltd.
5.    Benistar Ltd.
6.    Benistar Property Exchange Trust Company, Inc.
7.    Benistar Property Exchange Trust Company
8.    Boston Property Exchange Trust Company
9.    Boston Property Exchange Trust Company, Inc.
10.   Boston Property Exchange Transfer Company
11.   Boston Property Exchange Transfer Company, Inc.
12.   Carpenter Financial Group, LLC
13.   Step Plan Services, Inc.
14.   U.S. Property Exchange



Kansas City Life
September 9, 2016
Page 2

We understand that one or more of the judgment debtors is the owner of or otherwise has an interest in (directly or indirectly) numerous insurance policies in which Kansas City Life is the named insurance carrier, including but not limited to, policy numbers: 2228733, 2350746 and 2516174.

Thus, it appears that Kansas City Life is in possession of property in which one or more of the judgment debtors, or any of their predecessors, successors, subsidiaries, affiliates, parent companies, alter egos, officers, directors, agents, employees, servants, contractors, consultants, attorneys, representatives, and others acting by, through, or on their behalf, has an interest in.  Accordingly, enclosed please find a restraining notice addressed to Kansas City Life.

Please feel free to contact me should you have any questions.

Very truly yours,

Lindsay S. Feuer
Attorney At Law

Enclosures

10577499.1
214560-10001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                Judgment Creditor,      :

               -against-           :    Case Nos. 11-1590-LTS and
                                   11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,           :    **RESTRAINING NOTICE**

                Judgment Debtor.

------------------------------------------------------------X

      To:    Kansas City Life
             c/o Morgan 24/7 Financial Services
             80 Broad Street, Suite 5M
             Red Bank, New Jersey  07701

     **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – **$30,600,000.00**

- Grist Mill Holdings, LLC – **$21,000,000.00**

- Carpenter Financial Group – **$11,140,000.00**

- Avon Capital, LLC – **$6,710,065.92**

- Phoenix Capital Management, LLC – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets – **$4,487,007.81**

- Hanover Trust Company – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated:  September 8, 2016

LOEB & LOEB LLP


By: /s/ Paula K. Colbath
    Paula K. Colbath (PC-9895)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

    *Attorneys for Petitioner/Judgment Creditor*
    *Universitas Education, LLC*

10571925.1
214560-10001

3



**LINDSAY S. FEUER**
Attorney At Law

345 Park Avenue
New York, NY 10154

| | |
|---|---|
| **Direct** | 212.407.4125 |
| **Main** | 212.407.4000 |
| **Fax** | 646.417.6332 |

lfeuer@loeb.com

Via Certified Mail, Return Receipt Requested

September 9, 2016

Knights of Columbus
420 US-46
Fairfield, NJ 07004

Re:   Universitas Education, LLC v. Nova Group, Inc.
      <u>Case Nos. 11-CV-01590 and 11-CV-08726</u>

To Whom it May Concern:

We represent Universitas Education, LLC ("Universitas") in the above-referenced matter.

On August 12, 2014, a judgment ("Judgment") was entered in favor of Universitas and against several judgment debtors. A copy of the Judgment is enclosed herewith.

The judgment debtors include Daniel E. Carpenter, Grist Mill Capital, LLC, Grist Mill Capital, LLC, Grist Mill Holdings, LLC, Carpenter Financial Group, Avon Capital, LLC, Phoenix Capital Management, LLC, Grist Mill Trust Welfare Benefit Plan (which includes the Grist Mill Trust, dated October 1, 2003) and Hanover Trust Company. In addition, the following entities have been adjudicated to be alter egos of one or more of the judgment debtors:

1.   Benistar 419 Plan Services, Inc.
2.   Benistar Admin. Services, Inc.
3.   Benistar Employer Services Trust Corporation
4.   Benistar, Ltd.
5.   Benistar Ltd.
6.   Benistar Property Exchange Trust Company, Inc.
7.   Benistar Property Exchange Trust Company
8.   Boston Property Exchange Trust Company
9.   Boston Property Exchange Trust Company, Inc.
10.  Boston Property Exchange Transfer Company
11.  Boston Property Exchange Transfer Company, Inc.
12.  Carpenter Financial Group, LLC
13.  Step Plan Services, Inc.
14.  U.S. Property Exchange

We understand that one or more of the judgment debtors is the owner of or otherwise has an interest in (directly or indirectly) numerous insurance policies in which Knights of Columbus is the named insurance carrier, including but not limited to, policy number: 0101123337.



Thus, it appears that Knights of Columbus is in possession of property in which one or more of the judgment debtors, or any of their predecessors, successors, subsidiaries, affiliates, parent companies, alter egos, officers, directors, agents, employees, servants, contractors, consultants, attorneys, representatives, and others acting by, through, or on their behalf, has an interest in. Accordingly, enclosed please find a restraining notice addressed to Knights of Columbus.

Please feel free to contact me should you have any questions.

Very truly yours,

Lindsay S. Feuer
Attorney At Law

Enclosures

10577503.1
214560-10001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

              Judgment Creditor,           :

                -against-              :      Case Nos. 11-1590-LTS and
                                                11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,              :      **RESTRAINING NOTICE**

              Judgment Debtor.
-------------------------------------------------------------X

      To:      Knights of Columbus
              420 US Highway 46
              Fairfield, New Jersey 07004

      **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – **$30,600,000.00**

- Grist Mill Holdings, LLC – **$21,000,000.00**

- Carpenter Financial Group – **$11,140,000.00**

- Avon Capital, LLC – **$6,710,065.92**

- Phoenix Capital Management, LLC – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets – **$4,487,007.81**

- Hanover Trust Company – **$1,200,000.00**

      **WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated:  September 8, 2016

LOEB & LOEB LLP

By: /s/ Paula K. Colbath
Paula K. Colbath (PC-9895)
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

10571941.1
214560-10001

3



**LINDSAY S. FEUER**
Attorney At Law

345 Park Avenue
New York, NY 10154

| | |
|---|---|
| **Direct** | 212.407.4125 |
| **Main** | 212.407.4000 |
| **Fax** | 646.417.6332 |

lfeuer@loeb.com

Via Certified Mail, Return Receipt Requested

September 9, 2016

Lafayette Life
c/o Western & Southern Financial Group
333 E City Ave PL20
Bala Cynwyd, PA 19004

Re:   Universitas Education, LLC v. Nova Group, Inc.
      <u>Case Nos. 11-CV-01590 and 11-CV-08726</u>

To Whom it May Concern:

We represent Universitas Education, LLC ("Universitas") in the above-referenced matter.

On August 12, 2014, a judgment ("Judgment") was entered in favor of Universitas and against several judgment debtors.  A copy of the Judgment is enclosed herewith.

The judgment debtors include Daniel E. Carpenter, Grist Mill Capital, LLC, Grist Mill Capital, LLC, Grist Mill Holdings, LLC, Carpenter Financial Group, Avon Capital, LLC, Phoenix Capital Management, LLC, Grist Mill Trust Welfare Benefit Plan (which includes the Grist Mill Trust, dated October 1, 2003) and Hanover Trust Company.  In addition, the following entities have been adjudicated to be alter egos of one or more of the judgment debtors:

1.    Benistar 419 Plan Services, Inc.
2.    Benistar Admin. Services, Inc.
3.    Benistar Employer Services Trust Corporation
4.    Benistar, Ltd.
5.    Benistar Ltd.
6.    Benistar Property Exchange Trust Company, Inc.
7.    Benistar Property Exchange Trust Company
8.    Boston Property Exchange Trust Company
9.    Boston Property Exchange Trust Company, Inc.
10.   Boston Property Exchange Transfer Company
11.   Boston Property Exchange Transfer Company, Inc.
12.   Carpenter Financial Group, LLC
13.   Step Plan Services, Inc.
14.   U.S. Property Exchange

We understand that one or more of the judgment debtors is the owner of or otherwise has an interest in (directly or indirectly) numerous insurance policies in which Lafayette Life is the



named insurance carrier, including but not limited to, policy numbers: A0808072, A0802398 and A0803548.

Thus, it appears that Lafayette Life is in possession of property in which one or more of the judgment debtors, or any of their predecessors, successors, subsidiaries, affiliates, parent companies, alter egos, officers, directors, agents, employees, servants, contractors, consultants, attorneys, representatives, and others acting by, through, or on their behalf, has an interest in. Accordingly, enclosed please find a restraining notice addressed to Lafayette Life.

Please feel free to contact me should you have any questions.

Very truly yours,

Lindsay S. Feuer
Attorney At Law

Enclosures

10577537.1
214560-10001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                        Judgment Creditor,        :

                     -against-          :    Case Nos. 11-1590-LTS and
                                            11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,           :    **RESTRAINING NOTICE**

                        Judgment Debtor.
------------------------------------------------------------------X

To:    Lafayette Life
        c/o Western & Southern Financial Group
        333 E. City Avenue PL 20
        Bala Cynwyd, PA  19004


      **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – **$30,600,000.00**

- Grist Mill Holdings, LLC – **$21,000,000.00**

- Carpenter Financial Group – **$11,140,000.00**

- Avon Capital, LLC – **$6,710,065.92**

- Phoenix Capital Management, LLC – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets – **$4,487,007.81**

- Hanover Trust Company – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated:  September 8, 2016

LOEB & LOEB LLP

By:/s/ Paula K. Colbath

Paula K. Colbath (PC-9895)
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

10571958.1
214560-10001

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

              Judgment Creditor,      :

          -against-           :    Case Nos. 11-1590-LTS and
                                      11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,          :    **RESTRAINING NOTICE**

           Judgment Debtor.
------------------------------------------------------------X

To:    Lincoln Benefit Life Insurance Company
       c/o Resolution Life Insurance Company
       1 Station Place, Suite 7
       Stamford, Connecticut 06902-6893

    **WHEREAS,** in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC (Tax Identification Numbers 26-2386232 and 81-0607868) –
  **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group (Tax Identification Numbers 27-6417983, 06-1536689
  and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS,** these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: May 25, 2016

LOEB & LOEB LLP

By: /s/ Paula K. Colbath.
    Paula K. Colbath (PC-9895)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                         Petitioner,

        -against-

NOVA GROUP, INC.,

                     Respondent.

-------------------------------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED 08/15/2014 |

11 CIVIL 1590 (LTS) (HBP)
11 CIVIL 8726 (LTS) (HBP)

**JUDGMENT**

     Whereas following entry of judgment in its favor in the above captioned-actions, Universitas

Education, LLC ("Petitioner") having moved seeking, pursuant to New York Civil Practice Law and

Rules ("C.P.L.R.") section 5225(b) and Federal Rules of Civil Procedure 69, the turnover of assets

by respondent Daniel E. Carpenter and his affiliated entities Grist Mill Capital, LLC, Grist Mill

Holdings, LLC, the Grist Mill Trust Welfare Benefit Plan, Avon Capital, LLC, Hanover Trust

Company, Carpenter Financial Group and Phoenix Capital Management, LLC (with Carpenter, the

"Turnover Respondents"), as well as permanent injunctive relief barring the transfer by the Turnover

Respondents of money and assets, including certain specified insurance policies, until Petitioner's

judgment against Nova Group, Inc., has been satisfied (Docket entry no. 308 in case number 11 Civ.

1590); Mr. Carpenter and certain third parties having moved to modify the temporary injunction to

allow transactions between themselves and certain of the Turnover Respondents (See docket entry

nos. 409, 412, and 448 in 11 Civ. 1590), and the matter having come before the Honorable Laura

Taylor Swain, United States District Judge, and the Court, on August 7, 2014, having rendered its

Memorandum Opinion and Order granting Petitioner's turnover motion, granting Petitioner money

judgments as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist

Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the

amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $ 11,140,000.00;

against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; directing the Clerk of the Court to enter judgment against the Turnover Respondents accordingly; Liability under the judgment is joint and severally; denying as moot Petitioner's request for permanent injunctive relief; denying each of the third-party motions to modify the preliminary injunction, docket entry numbers 409, 412, and 448 in 11 Civ. 1590, as the primary injunction is hereby terminated pursuant to the provisions of the January Order, because Petitioner's motion for turnover has been resolved, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated August 7, 2014, Petitioner's turnover motion is granted; Petitioner is hereby granted money judgments against the Turnover Respondents as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $11,140,000.00; against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; liability under the judgments is jointly and severally; Petitioner's request for permanent injunctive and other equitable relief are denied; each of the third-party motions to modify the preliminary injunction, docket numbers 409, 412, and 448 in 11 Civ. 1590 are denied as moot, as the preliminary injunction is hereby terminated pursuant

to the provisions of the January Order, because Petitioner's motion for turnover has been resolved.

**Dated:** New York, New York
      August 15, 2014

                                     **RUBY J. KRAJICK**

                                        **Clerk of Court**

                    BY:       _K. Mango_

                                        **Deputy Clerk**



**LINDSAY S. FEUER**
Attorney At Law

345 Park Avenue        **Direct**   212.407.4125
New York, NY  10154    **Main**    212.407.4000
                       **Fax**      646.417.6332
                       lfeuer@loeb.com

Via Certified Mail, Return Receipt Requested

September 9, 2016

Lincoln Heritage
1224 Mill Street D 100
East Berlin, CT 06023

Re:   Universitas Education, LLC v. Nova Group, Inc.
      Case Nos. 11-CV-01590 and 11-CV-08726

To Whom it May Concern:

We represent Universitas Education, LLC ("Universitas") in the above-referenced matter.

On August 12, 2014, a judgment ("Judgment") was entered in favor of Universitas and against several judgment debtors.  A copy of the Judgment is enclosed herewith.

The judgment debtors include Daniel E. Carpenter, Grist Mill Capital, LLC, Grist Mill Capital, LLC, Grist Mill Holdings, LLC, Carpenter Financial Group, Avon Capital, LLC, Phoenix Capital Management, LLC, Grist Mill Trust Welfare Benefit Plan (which includes the Grist Mill Trust, dated October 1, 2003) and Hanover Trust Company.  In addition, the following entities have been adjudicated to be alter egos of one or more of the judgment debtors:

1.   Benistar 419 Plan Services, Inc.
2.   Benistar Admin. Services, Inc.
3.   Benistar Employer Services Trust Corporation
4.   Benistar, Ltd.
5.   Benistar Ltd.
6.   Benistar Property Exchange Trust Company, Inc.
7.   Benistar Property Exchange Trust Company
8.   Boston Property Exchange Trust Company
9.   Boston Property Exchange Trust Company, Inc.
10.  Boston Property Exchange Transfer Company
11.  Boston Property Exchange Transfer Company, Inc.
12.  Carpenter Financial Group, LLC
13.  Step Plan Services, Inc.
14.  U.S. Property Exchange



We understand that one or more of the judgment debtors is the owner of or otherwise has an interest in (directly or indirectly) numerous insurance policies in which Lincoln Heritage is the named insurance carrier, including but not limited to, policy number: 04-0000593178.

Thus, it appears that Lincoln Heritage is in possession of property in which one or more of the judgment debtors, or any of their predecessors, successors, subsidiaries, affiliates, parent companies, alter egos, officers, directors, agents, employees, servants, contractors, consultants, attorneys, representatives, and others acting by, through, or on their behalf, has an interest in.    Accordingly, enclosed please find a restraining notice addressed to Lincoln Heritage.

Please feel free to contact me should you have any questions.

Very truly yours,

Lindsay S. Feuer
Attorney At Law


Enclosures

10577558.1
214560-10001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

              Judgment Creditor,        :

           -against-            :      Case Nos. 11-1590-LTS and
                                    11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,             :      **RESTRAINING NOTICE**

              Judgment Debtor.

-------------------------------------------------------------X

    To:     Lincoln Heritage
            1224 Mill Street D 100
            East Berlin, CT  06023

    **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – **$30,600,000.00**

- Grist Mill Holdings, LLC – **$21,000,000.00**

- Carpenter Financial Group – **$11,140,000.00**

- Avon Capital, LLC – **$6,710,065.92**

- Phoenix Capital Management, LLC – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets – **$4,487,007.81**

- Hanover Trust Company – **$1,200,000.00**

    **WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated:  September 8, 2016

LOEB & LOEB LLP

By:/s/ Paula K. Colbath.
    Paula K. Colbath (PC-9895)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

10571971.1
214560-10001

# schwartz&
# thomashower

Via Certified Mail, Return Receipt Requested

November 1, 2016

Madison National Life
c/o Standard Life Insurance Company of NY
485 Madison Avenue, 14th Floor
New York, New York 10022-5872

Re:  Universitas Education, LLC v. Nova Group, Inc.
      Case Nos. 11-CV-01590 and 11-CV-08726

To Whom it May Concern:

We represent Universitas Education, LLC ("Universitas") in the above-referenced matter.

On August 12, 2014, a judgment ("Judgment") was entered in favor of Universitas and against several judgment debtors.  A copy of the Judgment is enclosed herewith.

The judgment debtors include Daniel E. Carpenter, Grist Mill Capital, LLC, Grist Mill Holdings, LLC, Carpenter Financial Group, Avon Capital, LLC, Phoenix Capital Management, LLC, Grist Mill Trust Welfare Benefit Plan (which includes the Grist Mill Trust, dated October 1, 2003) and Hanover Trust Company.  It is also our understanding that SDM Holdings LLC is wholly owned by Avon Capital, LLC.  In addition, the following entities have been adjudicated to be alter egos of one or more of the judgment debtors:

1.   Benistar 419 Plan Services, Inc.
2.   Benistar Admin. Services, Inc.
3.   Benistar Employer Services Trust Corporation
4.   Benistar, Ltd.
5.   Benistar Ltd.
6.   Benistar Property Exchange Trust Company, Inc.
7.   Benistar Property Exchange Trust Company
8.   Boston Property Exchange Trust Company
9.   Boston Property Exchange Trust Company, Inc.
10.  Boston Property Exchange Transfer Company
11.  Boston Property Exchange Transfer Company, Inc.
12.  Carpenter Financial Group, LLC
13.  Step Plan Services, Inc.
14.  U.S. Property Exchange

# schwartz&
# thomashower

Madison National Life
November 1, 2016
Page 2


We understand that one or more of the judgment debtors is the owner of or otherwise has an interest in (directly or indirectly) numerous insurance policies in which Madison National Life is the named insurance carrier, including but not limited to, policy numbers: 0200181509 and 0200181990.

Thus, it appears that Madison National Life is in possession of property in which one or more of the judgment debtors, or any of their predecessors, successors, subsidiaries, affiliates, parent companies, alter egos, officers, directors, agents, employees, servants, contractors, consultants, attorneys, representatives, and others acting by, through, or on their behalf, has an interest in. Accordingly, enclosed please find a restraining notice addressed to Madison National Life.

Please feel free to contact me should you have any questions.

Very truly yours,

Rachel Schwartz


Enclosures

10863164.1
214560-10001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                    Judgment Creditor,            :

               -against-                 :      Case Nos. 11-1590-LTS and
                                           11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,              :      **RESTRAINING NOTICE**

               Judgment Debtor.
-------------------------------------------------------------X

     To:    Madison National Life
           c/o Standard Life Insurance Company of NY
           485 Madison Avenue, 14th Floor
           New York, New York 10022-5872

**WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – **$30,600,000.00**

- Grist Mill Holdings, LLC – **$21,000,000.00**

- Carpenter Financial Group – **$11,140,000.00**

- Avon Capital, LLC – **$6,710,065.92**

- Phoenix Capital Management, LLC – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets – **$4,487,007.81**

- Hanover Trust Company – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated:  November 1, 2016

SCHWARTZ & THOMASHOWER LLP

By: _____

Rachel Schwartz
15 Maiden Lane
Suite 705
New York, New York 10038
(212) 227-4300

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

10863251.1
214560-10001

3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                                                    Petitioner,

        -against-

NOVA GROUP, INC.,

                                                    Respondent.

--------------------------------------------------------------X

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED  08/15/2014 | |

11 **CIVIL** 1590 (LTS) (HBP)
11 **CIVIL** 8726 (LTS) (HBP)

## JUDGMENT

        Whereas following entry of judgment in its favor in the above captioned-actions, Universitas

Education, LLC ("Petitioner") having moved seeking, pursuant to New York Civil Practice Law and

Rules ("C.P.L.R.") section 5225(b) and Federal Rules of Civil Procedure 69, the turnover of assets

by respondent Daniel E. Carpenter and his affiliated entities Grist Mill Capital, LLC, Grist Mill

Holdings, LLC, the Grist Mill Trust Welfare Benefit Plan, Avon Capital, LLC, Hanover Trust

Company, Carpenter Financial Group and Phoenix Capital Management, LLC (with Carpenter, the

"Turnover Respondents"), as well as permanent injunctive relief barring the transfer by the Turnover

Respondents of money and assets, including certain specified insurance policies, until Petitioner's

judgment against Nova Group, Inc., has been satisfied (Docket entry no. 308 in case number 11 Civ.

1590); Mr. Carpenter and certain third parties having moved to modify the temporary injunction to

allow transactions between themselves and certain of the Turnover Respondents (See docket entry

nos. 409, 412, and 448 in 11 Civ. 1590), and the matter having come before the Honorable Laura

Taylor Swain, United States District Judge, and the Court, on August 7, 2014, having rendered its

Memorandum Opinion and Order granting Petitioner's turnover motion, granting Petitioner money

judgments as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist

Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the

amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $ 11,140,000.00;

against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; directing the Clerk of the Court to enter judgment against the Turnover Respondents accordingly; Liability under the judgment is joint and severally; denying as moot Petitioner's request for permanent injunctive relief; denying each of the third-party motions to modify the preliminary injunction, docket entry numbers 409, 412, and 448 in 11 Civ. 1590, as the primary injunction is hereby terminated pursuant to the provisions of the January Order, because Petitioner's motion for turnover has been resolved, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated August 7, 2014, Petitioner's turnover motion is granted; Petitioner is hereby granted money judgments against the Turnover Respondents as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $11,140,000.00; against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; liability under the judgments is jointly and severally; Petitioner's request for permanent injunctive and other equitable relief are denied; each of the third-party motions to modify the preliminary injunction, docket numbers 409, 412, and 448 in 11 Civ. 1590 are denied as moot, as the preliminary injunction is hereby terminated pursuant

to the provisions of the January Order, because Petitioner's motion for turnover has been resolved.

**Dated:**  New York, New York
August 15, 2014

**RUBY J. KRAJICK**
_____
**Clerk of Court**

BY:   _K. Mango_
_____
**Deputy Clerk**

**LINDSAY S. FEUER**
Attorney At Law

345 Park Avenue
New York, NY 10154

| | |
|---|---|
| **Direct** | 212.407.4125 |
| **Main** | 212.407.4000 |
| **Fax** | 646.417.6332 |
| lfeuer@loeb.com | |

Via E-mail (NRedenius@sfgmembers.com)

October 4, 2016

Nancy Redenius
Midland National Life
One Sammons Plaza
Sioux Falls, SD 57193

Re:  Universitas Education, LLC v. Nova Group, Inc.
     <u>Case Nos. 11-CV-01590 and 11-CV-08726</u>

Dear Ms. Redenius:

We represent Universitas Education, LLC ("Universitas") in the above-referenced matter.

On August 12, 2014, a judgment ("Judgment") was entered in favor of Universitas and against several judgment debtors.  A copy of the Judgment is enclosed herewith.

The judgment debtors include Daniel E. Carpenter, Grist Mill Capital, LLC, Grist Mill Holdings, LLC, Carpenter Financial Group, Avon Capital, LLC, Phoenix Capital Management, LLC, Grist Mill Trust Welfare Benefit Plan (which includes the Grist Mill Trust, dated October 1, 2003) and Hanover Trust Company.  It is also our understanding that SDM Holdings LLC is wholly owned by Avon Capital, LLC.  In addition, the following entities have been adjudicated to be alter egos of one or more of the judgment debtors:

1.  Benistar 419 Plan Services, Inc.
2.  Benistar Admin. Services, Inc.
3.  Benistar Employer Services Trust Corporation
4.  Benistar, Ltd.
5.  Benistar Ltd.
6.  Benistar Property Exchange Trust Company, Inc.
7.  Benistar Property Exchange Trust Company
8.  Boston Property Exchange Trust Company
9.  Boston Property Exchange Trust Company, Inc.
10. Boston Property Exchange Transfer Company
11. Boston Property Exchange Transfer Company, Inc.
12. Carpenter Financial Group, LLC
13. Step Plan Services, Inc.
14. U.S. Property Exchange

We understand that one or more of the judgment debtors is the owner of or otherwise has an interest in (directly or indirectly) numerous insurance policies in which Midland National Life is



the named insurance carrier, including but not limited to, policy numbers: 1502018574, 1502182362, 1501716580, 1502207937, 1700862465 and 15S8690424.

Thus, it appears that Midland National Life is in possession of property in which one or more of the judgment debtors, or any of their predecessors, successors, subsidiaries, affiliates, parent companies, alter egos, officers, directors, agents, employees, servants, contractors, consultants, attorneys, representatives, and others acting by, through, or on their behalf, has an interest in. Accordingly, enclosed please find a restraining notice addressed to Midland National Life.

Please feel free to contact me should you have any questions.

Very truly yours,

Lindsay S. Feuer
Attorney At Law

Enclosures

10792889.1
214560-10005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

     Judgment Creditor,   :

    -against-      :  Case Nos. 11-1590-LTS and
                11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,     :  **RESTRAINING NOTICE**

     Judgment Debtor.
---------------------------------------------------------------X

  To:  Midland National Life
     One Sammons Plaza
     Sioux Falls, South Dakota  57193


   **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – **$30,600,000.00**

- Grist Mill Holdings, LLC – **$21,000,000.00**

- Carpenter Financial Group – **$11,140,000.00**

- Avon Capital, LLC – **$6,710,065.92**

- Phoenix Capital Management, LLC – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets – **$4,487,007.81**

- Hanover Trust Company – **$1,200,000.00**

   **WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated:  October 4, 2016

LOEB & LOEB LLP

By: /s/ Paula K. Colbath
     Paula K. Colbath (PC-9895)
     345 Park Avenue
     New York, New York 10154-1895
     (212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

10791399.1
214560-10001

3



**LINDSAY S. FEUER**
Attorney At Law

345 Park Avenue          **Direct**   212.407.4125
New York, NY  10154       **Main**    212.407.4000
                          **Fax**     646.417.6332
                          lfeuer@loeb.com

Via Certified Mail, Return Receipt Requested

September 9, 2016

Minnesota Life
407 Cranbury Rd
East Brunswick, NJ 08816

Re:   Universitas Education, LLC v. Nova Group, Inc.
      <u>Case Nos. 11-CV-01590 and 11-CV-08726</u>

To Whom it May Concern:

We represent Universitas Education, LLC ("Universitas") in the above-referenced matter.

On August 12, 2014, a judgment ("Judgment") was entered in favor of Universitas and against several judgment debtors.  A copy of the Judgment is enclosed herewith.

The judgment debtors include Daniel E. Carpenter, Grist Mill Capital, LLC, Grist Mill Capital, LLC, Grist Mill Holdings, LLC, Carpenter Financial Group, Avon Capital, LLC, Phoenix Capital Management, LLC, Grist Mill Trust Welfare Benefit Plan (which includes the Grist Mill Trust, dated October 1, 2003) and Hanover Trust Company.  In addition, the following entities have been adjudicated to be alter egos of one or more of the judgment debtors:

1.   Benistar 419 Plan Services, Inc.
2.   Benistar Admin. Services, Inc.
3.   Benistar Employer Services Trust Corporation
4.   Benistar, Ltd.
5.   Benistar Ltd.
6.   Benistar Property Exchange Trust Company, Inc.
7.   Benistar Property Exchange Trust Company
8.   Boston Property Exchange Trust Company
9.   Boston Property Exchange Trust Company, Inc.
10.  Boston Property Exchange Transfer Company
11.  Boston Property Exchange Transfer Company, Inc.
12.  Carpenter Financial Group, LLC
13.  Step Plan Services, Inc.
14.  U.S. Property Exchange

We understand that one or more of the judgment debtors is the owner of or otherwise has an interest in (directly or indirectly) numerous insurance policies in which Minnesota Life is the named insurance carrier, including but not limited to, policy number: 32491-G.



Thus, it appears that Minnesota Life is in possession of property in which one or more of the judgment debtors, or any of their predecessors, successors, subsidiaries, affiliates, parent companies, alter egos, officers, directors, agents, employees, servants, contractors, consultants, attorneys, representatives, and others acting by, through, or on their behalf, has an interest in. Accordingly, enclosed please find a restraining notice addressed to Minnesota Life.

Please feel free to contact me should you have any questions.

Very truly yours,

Lindsay S. Feuer
Attorney At Law

Enclosures

10577578.1
214560-10001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                 Judgment Creditor,         :

                 -against-               :     Case Nos. 11-1590-LTS and
                                            11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,           :     **RESTRAINING NOTICE**

                 Judgment Debtor.
------------------------------------------------------------X

     To:     Minnesota Life
             407 Cranbury Road
             East Brunswick, New Jersey  08816

     **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – **$30,600,000.00**

- Grist Mill Holdings, LLC – **$21,000,000.00**

- Carpenter Financial Group – **$11,140,000.00**

- Avon Capital, LLC – **$6,710,065.92**

- Phoenix Capital Management, LLC – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets – **$4,487,007.81**

- Hanover Trust Company – **$1,200,000.00**

     **WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

2

New York, NY

Dated:  September 8, 2016

LOEB & LOEB LLP

By: /s/ Paula K. Colbath
    Paula K. Colbath (PC-9895)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

10572117.1
214560-10001

# schwartz&
# thomashower

Via Certified Mail, Return Receipt Requested

October 19, 2016

Mutual of Omaha
201 East 42nd Street
New York, New York  10017

Re:   Universitas Education, LLC v. Nova Group, Inc.
      Case Nos. 11-CV-01590 and 11-CV-08726

To Whom it May Concern:

We represent Universitas Education, LLC ("Universitas") in the above-referenced matter.

On August 12, 2014, a judgment ("Judgment") was entered in favor of Universitas and against several judgment debtors.  A copy of the Judgment is enclosed herewith.

The judgment debtors include Daniel E. Carpenter, Grist Mill Capital, LLC, Grist Mill Holdings, LLC, Carpenter Financial Group, Avon Capital, LLC, Phoenix Capital Management, LLC, Grist Mill Trust Welfare Benefit Plan (which includes the Grist Mill Trust, dated October 1, 2003) and Hanover Trust Company.  It is also our understanding that SDM Holdings LLC is wholly owned by Avon Capital, LLC.  In addition, the following entities have been adjudicated to be alter egos of one or more of the judgment debtors:

1.   Benistar 419 Plan Services, Inc.
2.   Benistar Admin. Services, Inc.
3.   Benistar Employer Services Trust Corporation
4.   Benistar, Ltd.
5.   Benistar Ltd.
6.   Benistar Property Exchange Trust Company, Inc.
7.   Benistar Property Exchange Trust Company
8.   Boston Property Exchange Trust Company
9.   Boston Property Exchange Trust Company, Inc.
10.  Boston Property Exchange Transfer Company
11.  Boston Property Exchange Transfer Company, Inc.
12.  Carpenter Financial Group, LLC
13.  Step Plan Services, Inc.
14.  U.S. Property Exchange

**schwartz&
thomashower**

Mutual of Omaha
October 19, 2016
Page 2

We understand that one or more of the judgment debtors is the owner of or otherwise has an interest in (directly or indirectly) numerous insurance policies in which Mutual of Omaha is the named insurance carrier, including but not limited to, policy number: 2666651.

Thus, it appears that Mutual of Omaha is in possession of property in which one or more of the judgment debtors, or any of their predecessors, successors, subsidiaries, affiliates, parent companies, alter egos, officers, directors, agents, employees, servants, contractors, consultants, attorneys, representatives, and others acting by, through, or on their behalf, has an interest in. Accordingly, enclosed please find a restraining notice addressed to Mutual of Omaha.

Please feel free to contact me should you have any questions.

Very truly yours,

Rachel Schwartz

Enclosures

10863263.1
214560-10001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                 Judgment Creditor,        :

                -against-             :    Case Nos. 11-1590-LTS and
                                                   11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and     :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,            :    **RESTRAINING NOTICE**

                 Judgment Debtor.
------------------------------------------------------------X

       To:     Mutual of Omaha
               201 East 42nd Street
               New York, New York  10017

     **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – **$30,600,000.00**

- Grist Mill Holdings, LLC – **$21,000,000.00**

- Carpenter Financial Group – **$11,140,000.00**

- Avon Capital, LLC – **$6,710,065.92**

- Phoenix Capital Management, LLC – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets – **$4,487,007.81**

- Hanover Trust Company – **$1,200,000.00**

     **WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.