

# HALLORAN
# &SAGE LLP
ATTORNEYS AT LAW

**DAN E. LABELLE**  Direct 203 222-4303  labelle@halloran-sage.com
Also admitted in New York

October 31, 2017

**By ECF**

Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Universitas Education, LLC v. Nova Group, Inc. et al.*
              11-cv-1590-LTS-HBP and 11-cv-8726-LTS

Dear Judge Swain:

      We are the attorneys for Judgment Debtor Grist Mill Trust Welfare Benefit ("GMT"). Your Honor will recall from prior motion practice that Plaintiff Judgment Creditor Universitas Education LLC ("Universitas"), through its counsel, has issued Restraining Notices to many insurers with whom GMT does business. The Restraining Notices prevent the insurers from processing transactions involving life insurance policies owned by GMT. Over the past year or so, however, GMT and Universitas have developed an arrangement whereby Universitas consents to certain policy transactions which are fee generating transactions to GMT, provided the fees are paid by GMT to Universitas in partial satisfaction of the judgment. These transactions are accomplished by GMT and the insureds executing certain paperwork which is approved by Universitas and then forwarded to the insurer for processing. At the same time, Universitas' counsel sends written correspondence to the insurer referencing the Restraining Notice but authorizing the particular transaction. Since the Restraining Notices were issued by Universitas' counsel, the insurers generally accept the written authorization from Universitas' counsel and process the transactions.

      Currently in process is a transaction involving a policy owned by GMT which was issued by American General Life Insurance Company ("AIG"). Although counsel for Universitas has issued written authorization to AIG allowing the subject transaction to be processed, AIG, out of an abundance of caution, has declined to process the

Hon. Laura Taylor Swain
October 31, 2017
Page 2

transaction without a Court Order. The undersigned counsel has conferred with counsel for Universitas and the parties have drafted and signed a Stipulation with a proposed Order for the Court's consideration. The Stipulation and proposed Order is submitted as an exhibit with this letter. The Stipulation and Proposed Order has also been e-mailed to the Judgments Clerk in accordance with the electronic filing rules.

If it meets with the Court's approval, the parties mutually request that the Court endorse the Stipulation and Order and enter it on the Court Docket. A copy of the Order will be served on AIG's counsel who has indicated that AIG will process the subject transaction upon receipt of the Order. Counsel for GMT and Universitas are available to discuss the Proposed Order if the Court has any questions pertaining to it.

Thank you for your consideration of this matter.

Very truly yours,

/s/ Dan E. LaBelle

Dan E. LaBelle

cc: All Counsel of Record Via ECF
    Counsel for AIG via e-mail afishkin@fishkinlucks.com

DEL/hs
Encl.