UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNIVERSITAS EDUCATION, LLC,

    *Judgment Creditor*,

-against-

NOVA GROUP, INC., as trustee, sponsor and fiduciary of THE CHARTER OAK TRUST WELFARE BENEFIT PLAN,

    *Judgment Debtor*.

Case No. 11 CV 1590-LTS-HBP

## AFFIDAVIT OF DANIEL SAKS

Pursuant to 28 U.S.C. § 1746, Daniel Saks declares as follows:

1. I am a member of proposed intervenor HUG Funding, LLC ("HUG"). I submit this affidavit in support of HUG's motion to intervene in this action.

2. HUG is a Delaware limited liability corporation with its principal place of business in Mamaroneck, New York.

3. HUG is the current owner of life insurance policy JJ-7043080 (the "Policy") issued by The Lincoln National Life Insurance Company ("Lincoln") on the life of Joan Pennington.

4. The Policy was originally issued on September 18, 2008. The Policy's original owner was the "Charter Oak Trust, Wayne H. Bursey, Trustee" ("Charter Oak Trust").

5. The Charter Oak Trust transferred the Policy to Ridgewood Finance II LLC ("Ridgewood") via a Collateral Transfer Agreement entered into in November 2010. A true and correct copy of that Collateral Transfer Agreement is attached hereto as Exhibit A.

6. The Policy was eventually transferred to Knightsbridge Holdings LLC ("Knightsbridge"), which transferred the Policy to HUG, for value, on July 6, 2016.

7. At the time that HUG acquired the Policy, Lincoln's records showed that Knightsbridge was the Policy's registered owner and beneficiary.

8. In or around November 2016, HUG submitted change of ownership and change of beneficiary forms to Lincoln, asking Lincoln to recognize HUG's acquisition of the Policy.

9. Lincoln responded by letter dated December 14, 2016, in which Lincoln rejected HUG's submission by referencing a restraining notice (the "Restraining Notice") dated August 27, 2014, captioned under this action. A true and correct copy of a December 14, 2016 letter that HUG received from Lincoln, which includes copies of the forms submitted to effectuate the change of ownership and change of beneficiary, as well as a copy of the restraining notice, is attached hereto as Exhibit B.

10. After receiving Lincoln's response, HUG retained counsel to help it resolve the issue. HUG's counsel reached out to Loeb & Loeb, counsel for Universitas, which had obtained the Restraining Notice in this action. *See* Exhibit B. The Restraining Notice was extended by order of this Court dated January 5, 2017. (ECF No. 624.)

11. HUG's counsel advised Ms. Colbath that Charter Oak had sold the Policy long before Universitas obtained its judgments. Counsel repeatedly requested that Universitas inform Lincoln that the Policy was not subject to the Restraining Notice. Universitas has refused to do so. A true and correct copy of the email exchange between counsel for HUG and counsel for Universitas is attached hereto as Exhibit C.

12. To keep the policy in force, HUG has paid premiums on the Policy totaling $1,742,327. HUG's last premium payment was paid on February 16, 2018, and totaled $112,100.

13. If HUG had failed to pay the Policy's premiums, the Policy would have lapsed.

14. I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 16, 2018

_____
DANIEL SAKS