**UNITED STATES DISTRICT COURT**
<u>SOUTHERN  DISTRICT OF NEW YORK</u>

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, *Judgment Creditor*, -against- NOVA GROUP, INC., as trustee, sponsor and fiduciary of THE CHARTER OAK TRUST WELFARE BENEFIT PLAN, *Judgment Debtor*. | Case No. 11 CV 1590-LTS-HBP |

---

# MEMORANDUM OF LAW IN SUPPORT
# OF MOTION TO INTERVENE

---

 

**LIPSIUS-BENHAIM LAW, LLP**
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York 11415
Telephone: 212-981-8440
Fax: 888-442-0284
*Attorneys for Proposed Intervenor*
*HUG Funding, LLC*

Of Counsel:
    Ira S. Lipsius
    Alexander J. Sperber

TABLE OF CONTENTS

PRELIMINARY STATEMENT ……………………………………………….. 1

FACTS …………………………………………………………………………. 2

   A. THE JUDGMENT AND UNIVERSITAS'S POST-JUDGMENT ENFORCEMENT ACTIONS …………………………………………………………………. 2

   B. HUG FUNDING, LLC'S ACQUISITION OF THE PENNINGTON POLICY… 4

   C. LINCOLN'S REFUSAL TO RECOGNIZE HUG'S OWNERSHIP OF THE PENNINGTON POLICY …………………………………………………….. 3

ARGUMENT ……………………………………………………………………. 6

   A. STANDARD ON A MOTION TO INTERVENE ……………………………. 6

   B. HUG'S MOTION IS TIMELY …………………………………………….. 7

   C. HUG HAS AN INTEREST RELATING TO THE PROPERTY OR TRANSACTION WHICH IS THE SUBJECT OF THIS LITIGATION ………. 8

   D. THE DISPOSITION OF THIS ACTION WILL, AS A PRACTICAL MATTER, IMPARI OR IMPEDE HUG'S ABILITY TO PROTECT ITS INTERESTS ….. 9

   E. HUG'S INTERESTS ARE NOT ADEQUATELY REPRESENTED BY THE EXISTING PARTIES IN THIS LITIGATION ………………………………… 9

   F. IN THE ALTERNATIVE, HUG SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(b)(1)(B) ………………………………………………………… 10

CONCLUSION …………………………………………………………………… 10

TABLE OF AUTHORITIES

CASES

*Authors Guild v. Google Inc.*,
   No. 05 Civ. 8136 (DC), 2009 WL 3617732 (S.D.N.Y. 2009) …………………. 7

*Greer v. Blum*,
   462 F. Supp. 619 (S.D.N.Y. 1978) ……………………………………………... 7

*Harris v. Reeves*,

    946 F.2d 214 (3d Cir. 1991) ……………………………………………………… 7

*Kleissler v. United States Forest Service*,
    157 F.3d 964 (3d Cir. 1998) ……………………………………………………… 7

*Restor-ADent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*,
    725 F.2d 871 (2d Cir. 1984) ……………………………………………………… 7

*Sierra Club v. Espy*,
    18 F.3d 1202 (5th Cir. 1994) ……………………………………………………… 7

*Trbovich v. United Mine Workers of Am.*,
    404 U.S. 528 (1972) ……………………………………………………………… 9

*United States v. Hooker Chems. & Plastics Corp.*,
    749 F. 2d 968 (2d Cir. 1984) ……………………………………………………… 7

*United States v. Pitney Bowes, Inc.*,
    25 F.3d 66 (2d Cir. 1994) ………………………………………………………. 7

*United States Postal Service v. Brennan*,
    579 F.2d 188 (2d Cir. 1978) ……………………………………………………. 7

## STATUTES

Fed. R. Civ. P. 24 ………………………………………………………………… 6, 7, 10

**PRELIMINARY STATEMENT**

Proposed intervenor HUG Funding, LLC ("HUG") hereby submits this memorandum of law in support of its motion to intervene in this action.

Based upon an order of this Court, The Lincoln National Life Insurance Company ("Lincoln"), although accepting almost $2,000,000 in premium from HUG over the past several years, has refused to acknowledge HUG's ownership of Life Insurance policy JJ-7043080 (the "Policy"), issued by The Lincoln National Life Insurance Company ("Lincoln") on the life of Joan Pennington.

HUG acquired the Policy from Knightsbridge Holdings LLC ("Knightsbridge"), the Policy's registered owner and beneficiary, on July 6, 2016.

Shortly after acquiring the Policy, HUG submitted change of ownership and change of beneficiary forms to Lincoln, asking Lincoln to recognize HUG's acquisition of the Policy. Lincoln responded by letter dated December 14, 2016, in which Lincoln rejected HUG's submission. Lincoln explained that it had received a restraining notice (see ECF No. 623) ("Restraining Notice") from Universitas Education, LLC ("Universitas"), captioned under this action, that it believed might bar it from acknowledging a change of ownership and change of beneficiary.

HUG reached out to counsel for Universitas and asked counsel to clarify with Lincoln that the restraining notice did not apply to this Policy. Universitas has repeatedly refused to clarify with Lincoln that the restraining notice did not apply to this Policy, even after documentation was provided to counsel for Universitas refuting any claim Universitas might have to the Policy.

As such, HUG now respectfully requests permission to intervene in this action and obtain declaratory judgment clarifying that it is the sole current owner and beneficiary of the Policy, and

clarifying that Universitas' restraining notice does not prevent Lincoln from acknowledge HUG's ownership in its records.

## FACTS

### A. THE JUDGMENT AND UNIVERSITAS'S POST-JUDGMENT ENFORCEMENT ACTIONS

Universitas Education, LLC ("Universitas") brought this action seeking confirmation of a January 24, 2011 arbitration award against Nova Group, Inc. ("Nova") that was rendered in connection with a dispute arising from Universitas's claim to certain life insurance policy death benefits. (ECF No. 40.) Nova was alleged to be the fiduciary, sponsor and trustee of Charter Oak Trust Welfare Benefit Plan (the "Charter Oak Trust"). (*Id.*)

By Memorandum Order dated June 5, 2012, the Court granted Universitas's petition (*id.*) and, on June 7, 2012, judgment was entered against Nova in the total amount of $30,181,880.30. (ECF No. 41.)

In November 2010, almost two years prior to the entry of the judgment, Charter Oak Trust no longer had any interest in the Policy.

Universitas moved for turnover under CPLR 5225(b) and FRCP 69 against "respondent Daniel Carpenter and his affiliated entities Grist Mill Capital, LLC, Grist Mill Holdings, LLC, the Grist Mill Trust Welfare Benefit Plan, Avon Capital, LLC, Hanover Trust Company, Carpenter Financial Group and Phoenix Capital Management, LLC (with Carpenter, the 'Turnover Respondents'), as well as permanent injunctive relief barring the transfer by the Turnover Respondents of money and assets, including certain specified policies, until Petitioner's judgment against Nova Group, Inc. has been satisfied." (ECF No. 474 at p. 1.) In response, the Court granted judgment as follows:

against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $11,140,000.00; against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00

(ECF No. 474.)

Universitas then commenced proceedings to enforce its judgments. Among its enforcement tools was the issuance of restraining notices pursuant to CPLR 5222. On or about August 27, 2014, Universitas served a restraining notice ("Restraining Notice") on Lincoln Financial Group and Lincoln National Life Insurance Company. The Restraining Notice provided:

> **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered was entered on August 12, 2014 in favor of Universitas Education, LLC . . . against the following Judgment Debtors, in the following amounts:
>
> . . .
>
> **WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;
>
> **WHEREAS**, it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;
>
> **PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

> **TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

Pursuant to CPLR 5222, the Restraining Notice was due to expire after one year. The Court, however, has extended it through and including November 30, 2019. (ECF No. 624.)

Universitas has never paid any premium to Lincoln relating to the Policy. If premium had not been paid by HUG and the prior owners, the Policy would have lapsed without value.

### B. HUG FUNDING, LLC'S ACQUISITION OF THE PENNINGTON POLICY

HUG Funding, LLC ("HUG") is a Delaware limited liability corporation with its principal place of business in Mamaroneck, New York. (Affidavit of Daniel Saks dated March __, 2018 ("Saks Aff.") at ¶ 2.) HUG is the owner of a life insurance policy issued by The Lincoln National Life Insurance Company ("Lincoln") on the life of Joan Pennington. Saks Aff. at ¶ 3.

Lincoln issued policy JJ-7043080 (the "Policy") on the life of Joan Pennington on or about September 18, 2008. The Policy's original owner was "Charter Oak Trust, Wayne H. Bursey, Trustee." (Saks Aff. at ¶ 4.)

The Charter Oak Trust ("Charter Oak") transferred the Policy to Ridgewood Finance II LLC ("Ridgewood") via a November 11, 2010 Collateral Transfer Agreement, as "full satisfaction" for loans made by Ridgewood to Charter Oak. (Saks Aff. at ¶ 5.) The policy was then transferred a number of other times, until it was purchased by HUG from Knightsbridge Holdings LLC ("Knightsbridge") on July 6, 2016. (Saks Aff. at ¶ 6.) According to Lincoln's records, Knightsbridge was the policy's registered owner and beneficiary at that time. (Saks Aff. at ¶ 7.)

4

To keep the Policy in force, HUG has paid premiums on the Policy totaling $1,742,327. HUG's last premium payment was paid on February 16, 2018, and totaled $112,100. (Saks Aff. at ¶ 12.)

### C. LINCOLN'S REFUSAL TO RECOGNIZE HUG'S OWNERSHIP OF THE PENNINGTON POLICY

In or around November 2016, HUG submitted change of ownership and change of beneficiary forms to Lincoln, asking Lincoln to recognize HUG's acquisition of the Policy. (Saks Aff. at ¶ 8.) Lincoln responded by letter dated December 14, 2016, in which Lincoln rejected HUG's submission. Lincoln explained:

> We cannot honor any policy transaction requests at this time on this policy. Our records show the policy is owned by, and/or associated with, the Gristmill Trust. Lincoln Financial Group ("Lincoln") received a Restraining Notice from the law firm Loeb & Loeb. An attorney representing Loeb & Loeb has stated to Lincoln that the Restraining Notice applies to all Gristmill policies.

(Saks Aff. at ¶ 9, Exh. B.)

After receiving Lincoln's response, HUG retained counsel to help it resolve the issue. Counsel reached out to Loeb & Loeb, counsel for Universitas , which had obtained the Restraining Notice. HUG's counsel explained to Universitas's counsel that Charter Oak had sold the Policy long before Universitas obtained its judgments. (Saks Aff. at ¶ 10.)

HUG repeatedly requested that Universitas inform Lincoln that the Policy was not subject to the Restraining Notice. Universitas has refused to do so. (Saks Aff. at ¶ 11.) This motion to intervene now results. HUG is seeking judgment declaring that HUG is the sole owner and beneficiary of the Policy, and that Universitas has no claim to either the Policy or its benefits.

5

**ARGUMENT**

**A. STANDARD ON A MOTION TO INTERVENE**

Universitas has filed a restraining notice that it maintains bars Lincoln from acknowledging HUG's ownership of the Policy. HUG now requests that the Court permit it to intervene in this action and contest Universitas' position. As the Policy was not owned by the Charter Oak Trust at the time Universitas served its restraining notice, nor was it even owned by the Charter Oak Trust at the time that Universitas obtained its judgment, Universitas has no claim to the Policy and has no grounds for restraining the Policy's transfer. Nevertheless, Universitas is abusing its post-judgment enforcement proceedings—which are a part of this litigation—to interfere with HUG's property rights. HUG is therefore entitled to intervene to have the Restraining Notice clarified, and/or modified to exempt the Policy.

Fed. R. Civil P. 24(a)(2) provides that a court must permit any party to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Under Rule 24(a)(2), intervention *as of right* is permitted when the applicant meets the following four requirements:

1) the application for intervention is timely;

2) the applicant has an interest relating to the property or transaction which is the subject of the action;

3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and

4) the applicant's interest is inadequately represented by the existing parties to the suit.

6

*Harris v. Reeves*, 946 F.2d 214, 219 (3d Cir. 1991).

Intervention under Fed. R. Civil P. 24(a)(2) is to be freely granted. *Greer v. Blum*, 462 F. Supp. 619, 624-25 (S.D.N.Y. 1978). Rule 24(a)(2) "is a nontechnical directive to courts that provides the flexibility necessary 'to cover the multitude of possible intervention situations . . .'" *U.S. v. Hooker Chems. & Plastics Corp.*, 749 F. 2d 968, 983 (2d Cir. 1984) (quoting *Restor-ADent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 875 (2d Cir. 1984); *see also Kleissler v. United States Forest Service*, 157 F.3d 964, 972 (3d Cir. 1998) (Rule 24(a)(2) "demands flexibility when dealing with the myriad situations in which claims for Intervention arise").

Fed. R. Civil P. 24(b)(1)(B) provides that a court may permit any party to intervene who "has a claim or defense that shares with a main action a common question of law or fact." Unlike Rule 24(a), a court's determination of whether intervention is permissible under Rule 24(b) is purely discretionary. *United States Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). "Federal courts should allow intervention 'where no one would be hurt and greater justice could be attained.'" *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citation omitted).

Here, HUG easily satisfies all of the requisite criteria of both intervention by right (Rule 24(a)(2)) and by permission (Rule 24(b)(1)(B)), and, as such, HUG's motion to intervene should be granted.

B. **HUG'S MOTION IS TIMELY**

The first factor that the Court must consider is whether HUG's motion to intervene is timely. The key to the timeliness analysis is whether the parties to the case will be prejudiced by the intervention. *See Authors Guild v. Google Inc.,* No. 05 Civ. 8136(DC), 2009 WL 3617732 (S.D.N.Y. 2009) (*citing United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)).

7

The timeliness factor here, however, is a non-issue. HUG is seeking to intervene in this action after Universitas already secured the judgment it was seeking. The only remaining activity in this action involves Universitas' attempts at post-judgment enforcement. At this stage in the proceedings, there can be no reasonable claim that HUG's intervention might slow down or otherwise prejudice the existing parties. In the absence of payment of premium, the policy has no value.

Furthermore, HUG is seeking intervention in this action solely to resolve a dispute with Universitas over Universitas' use of a post-judgment restraining notice. Since Universitas still maintains its position that its restraining notice applies to the Policy, Universitas' unlawful interference with HUG's property rights remains ongoing and HUG's motion remains timely.

Finally, HUG will be severely prejudiced if it is not permitted to intervene. HUG purchased the Policy from Kingsbridge, but Universitas is preventing it from changing the registered ownership of the Policy. Unless the Court resolves the dispute between Universitas and Lincoln, HUG will not be able to exercise its property rights.

### C. HUG HAS AN INTEREST RELATING TO THE PROPERTY OR TRANSACTION WHICH IS THE SUBJECT OF THIS LITIGATION

The second factor in considering HUG's motion to intervene, is whether HUG has an interest relating to the property or transaction which is the subject of this litigation. HUG easily satisfies this factor, as HUG's sole reason for intervening is to resolve the scope of a restraining notice—served under the caption of this action—that purports to restrict the transfer of a policy of insurance that HUG owns, purchased in an arm's length transaction, and has paid over the past several years almost $2,000,000 to maintain. HUG, in order to sustain this asset, continues to

make premium payments. Universitas's restraining notice makes HUG's property a subject of this litigation.

As such, HUG's motion to intervene must be granted.

### D. THE DISPOSITION OF THIS ACTION WILL, AS A PRACTICAL MATTER, IMPAIR OR IMPEDE HUG'S ABILITY TO PROTECT ITS INTERESTS

The third factor in considering HUG's motion to intervene, is whether the disposition of this action may, as a practical matter, impair or impede HUG's ability to protect its interests. Like the second factor, this factor is easily satisfied. Universitas is using this action to directly interfere in HUG's property rights. Universitas has not only issued a restraining notice that is preventing HUG from registering its ownership of the Policy with Lincoln, but it has also obtained a Court order extending the length of that restraining notice until November 2019.

As such, HUG's motion to intervene should be granted.

### E. HUG'S INTERESTS ARE NOT ADEQUETLY REPRESENTED BY THE EXISTING PARTIES IN THIS LITIGATION

The final factor in considering HUG's motion to intervene, is whether HUG's interests are adequately represented by the existing parties in this litigation. HUG need only show that representation of its interests "may be inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

Here, there is no other party representing HUG's position at all, as no existing party has any incentive to show that Universitas's restraining notice to Lincoln is improper.

As such, all four factors favor granting HUG permission to intervene, and HUG's motion should therefore be granted.

## F. IN THE ALTERNATIVE, HUG SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(b)(1)(B)

Even if the Court finds that HUG has not satisfied the test for intervention of right, which it respectfully suggests that it has, this Court should nevertheless permit HUG to intervene by permission. The standard for permissive intervention is markedly lower than intervention of right, and is easily met here.

Unlike a motion under Federal Rule of Civil Procedure 24(a)(2), a motion for permissive intervention need not satisfy the factors explained above. The Federal Rules of Civil Procedure provide that a court may permit a non-party, such as HUG, to intervene if it simply "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

HUG has made this showing. As explained above, HUG claims that it is the rightful owner of property that Universitas has restricted under a restraining notice issued in this action. Universitas' post-judgment enforcement proceedings are all that remain of the main action in this case, and Universitas is using those proceedings to interfere with HUG's property rights. The ownership of the Policy and the scope of Universitas' restraining notice are common questions of fact between HUG's claim and the ongoing post-judgment proceedings.

As such, HUG respectfully requests that the Court grant it permission to intervene in this action pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

## CONCLUSION

For all of the above-mentioned reasons, HUG respectfully requests that the Court (a) grant its motion to intervene in this action; and (b) grant such other and further relief as is just, proper and equitable.

Dated: Kew Gardens, New York
March 16, 2018

                                        LIPSIUS-BENHAIM LAW, LLP
                                        *Attorneys for HUG Funding, LLC*

By: _____
                                          Ira S. Lipsius
                                          Alexander J. Sperber
                                 80-02 Kew Gardens Road, Suite 1030
                                 Kew Gardens, New York, 11415
                                 212-981-8440