UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNIVERSITAS EDUCATION, LLC,

                Plaintiff,

v.

NOVA GROUP, INC., et al.,

                Defendants.

Case Nos. 11-1590-LTS and
11-8726-LTS

# UNIVERSITAS EDUCATION, LLC'S RESPONSE TO DANIEL CARPENTER'S MOTION TO VACATE

## <u>TABLE OF CONTENTS</u>

I.  **INTRODUCTION**.................................................................................................1

II.  **FACTUAL BACKGROUND**...........................................................................1

    a.  <u>Procedural Background</u>.............................................................................1

    b.  <u>Brief Overview of Carpenter's Conduct</u>.................................................2

    c.  <u>Demonstrably False Facts in Carpenter's Motion to Vacate</u>...................3

III.  **LEGAL STANDARD**......................................................................................4

IV.  **ARGUMENTS**..................................................................................................5

    a.  <u>The Absence of Hon. Judge Swain's Signature is Not Grounds to
Vacate the Judgment</u>................................................................................6

        i.  Rule 58(b) is Not Grounds for Relief Under Rule 60(b)................7

        ii.  Carpenter's Argument is Outdated and Defeated by the
2002 Amendments to Rule 58...................................................9

        iii.  Hon. Judge Swain can Sign the Judgment and Moot
Carpenter's Argument...........................................................10

    b.  <u>All of Carpenter's Remaining Arguments were Previously Rejected by
this Court and are Barred by Collateral Estoppel and/or Res Judicata</u>.....................10

        i.  Personal Jurisdiction...............................................................11

            1.  *Minimum Contacts and Specific Personal Jurisdiction*...................11

            2.  *Service of Process*................................................................12

        ii.  Subject Matter Jurisdiction.....................................................12

        iii.  Res Judicata...........................................................................14

        iv.  Carpenter's Dismissal from the Arbitration.............................14

        v.  Statute of Limitations.............................................................14

        vi.  The Alleged Settlement...........................................................15

     vii.  New Evidence Demonstrating that the Spencer Policies were
           Fraudulent...............................................................................................15

V.     **CONCLUSION**.................................................................................................16

## TABLE OF AUTHORITY

**Cases:**

*Bankers Tr. Co. v. Mallis*, 435 U.S. 381 (1978)............................................................8, 9

*Carter v. Fenner*, 136 F.3d 1000 (5th Cir. 1998)..........................................................4, 6

*Cooper v. Town of E. Hampton*, 83 F.3d 31 (2d Cir. 1996)............................................7

*Dancause v. Mount Morris Cent. Sch. Dist.*, 590 F. App'x 27 (2d Cir. 2014)................9

*Empresa Cubana del Tabaco v. Gen. Cigar Co.*, 385 F. App'x 29 (2d Cir. 2010)............4, 5, 6, 16

*Epperson v. Entm't Express, Inc.*, 242 F.3d 100 (2d Cir. 2001)......................................13

*Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180 (2d Cir. 2006).........................4, 5

*Hodges-Williams v. Barnhart*, 221 F.R.D. 595 (N.D. Ill. 2004).......................................9

*In re Litas Int'l, Inc.*, 316 F.3d 113 (2d Cir. 2003)...........................................................8

*In re Signature Apparel Grp.*, 577 B.R. 54 (Bankr. S.D.N.Y. 2017).............................10

*Jackson v. Pfau*, No. 9:10-CV-1484 (GTS/DEP),
    2012 U.S. Dist. LEXIS 193460 (N.D.N.Y. Jan. 10, 2012)................................7, 8

*Martinez v. Kirkpatrick*, No. 9:09-cv-00900 (MAD),
    2017 U.S. Dist. LEXIS 69608 (N.D.N.Y. May 8, 2017)...................................4, 5

*Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133 (2d Cir. 2020)...........................16

*Oneida Indian Nation v. Madison Cty.*, 665 F.3d 408 (2d Cir. 2011)...............................6

*Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39 (2d Cir. 2013).......................................9

*Stevens v. Miller*, 676 F.3d 62 (2d Cir. 2012).................................................................4

*United States v. Bedford Assocs.*, 618 F.2d 904 (2d Cir. 1980)...................................6, 16

*United States v. Carpenter*, 190 F. Supp. 3d 260 (D. Conn. 2016).............................2, 3

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010)................................4, 5, 6, 7, 15

*Universitas Educ., LLC v. Nova Group, Inc.*, 784 F.3d 99 (2d Cir. 2015).......................3

*Walden v. Fiore*, 571 U.S. 277 (2014)................................................................................11

**Federal Rules of Civil Procedure:**

FED. R. CIV. P. 58(b)................................................................................................8

FED. R. CIV. P. 58(c)................................................................................................9

FED. R. CIV. P. 60(a)................................................................................................10

FED. R. CIV. P. 60(b)................................................................................................4, 5, 16

FED. R. CIV. P. 58 Advisory Committee Notes (2002 amendments)................................................9

Universitas Education, LLC ("Universitas") respectfully submits this Memorandum of Law in Opposition to the Motion to Vacate filed by Respondent Daniel Carpenter ("Carpenter").

## I.    INTRODUCTION

After serving less than three years for stealing $30 million, approximately $25 million of the stolen proceeds have not been accounted for and have not been recovered from Carpenter or his related entities. As a result, he is continuing his long running practice of filing frivolous motions with this Court in an effort to keep his ill-gotten gains. Carpenter argues that the judgment is void because it was improperly labelled as a "Clerk's Order." Carpenter invented the phrase "Clerk's Order" – it does not exist anywhere in this proceeding. Carpenter's argument that the judgment is void under Fed. R. Civ. P. 58(b) because Hon. Judge Swain did not personally sign the judgment also fails because Rule 58(b) is not grounds for vacating a judgment. Every other argument asserted by Carpenter was previously litigated in this proceeding and thus is barred by res judicata and/or collateral estoppel. Carpenter's Motion to Vacate should thus be denied in its entirety.[1]

## II.    FACTUAL BACKGROUND

This Court is familiar with the facts of this case, and thus Universitas only provides a brief overview of the facts pertinent to Carpenter's Motion to Vacate.

### a.    Procedural Background

Universitas previously filed two letter motions requesting that the Court enter judgment against certain parties. (Docket entry nos. 659-660.)[2] The Court declined these requests as improper letter motions without prejudice to formal motion practice. (Docket entry no. 661.)

---

[1] Universitas intends to move for sanctions against Carpenter for filing the Motion to Vacate. The motion is a transparent continuation of the vexatious and sanctionable conduct that Carpenter has used to delay Universitas' collection efforts for years. Universitas will fully address these issues in its forthcoming motion for sanctions.

[2] Docket entry numbers in this brief refer exclusively to those in case number 11 Civ. 1590.

However, the Court provided that any formal motion seeking the relief requested in the letter motions must, *inter alia*, address this Court's order interpreting *Peacock v. Thomas* and denying Universitas' prior turnover motion. (Docket entry no. 661.) Upon further review of the order identified by the Court, Universitas determined that this Court did not have subject matter jurisdiction over Universitas' alter ego claims, and thus Universitas filed its alter ego claims in a new proceeding in the District of Connecticut.[3] This new proceeding involves all of the parties identified in Universitas' letter motions and multiple additional defendants.

b. <u>Brief Overview of Carpenter's Conduct</u>

After Sash Spencer died, Mr. Carpenter and his associates unilaterally altered the Charter Oak Trust ("COT") Trust Document to include a holdback provision permitting COT to retain twenty percent of the Spencer insurance proceeds. *See United States v. Carpenter*, 190 F. Supp. 3d 260, 293-94 (D. Conn. 2016) ("[T]he Declaration of Trust was altered by [Mr. Carpenter] in the wake of Mr. Spencer's death for the specific purpose of enabling COT to keep twenty percent of the total death benefit of $30 million."). Mr. Carpenter then submitted the falsified COT Trust Document as evidence in the arbitration, thereby causing the arbitrator to mistakenly award Grist Mill Capital, LLC $4.2 million of the Spencer insurance proceeds that rightfully should have been awarded to Universitas.[4] Erstwhile, Mr. Carpenter fraudulently misappropriated the entirety of the Spencer insurance proceeds through a series of deliberately complicated bank transfers designed to shield these proceeds from Universitas. (Docket entry no. 340.) Mr. Carpenter then continued to defraud Universitas throughout the proceedings in this Court by transferring proceeds away

---

[3] The case is entitled *Universitas v. Benistar*, No. 3:20-cv-738-JAM (D. Conn.).
[4] The $4.2 million of the Spencer insurance proceeds that the arbitrator awarded to Grist Mill Capital, LLC corresponds to the twenty percent holdback provision improperly added to the COT Trust Document after Mr. Spencer's death. (*See* Docket entry no. 6-14.)

from judgment debtors in order to frustrate Universitas' collection attempts. (Docket entry no. 366 at 14 ("Mr. Carpenter's entities have continued to seek to transfer assets from the judgment-debtor … despite the Judgment and the service of restraining notices.").)[5]

      c.  <u>Demonstrably False Facts in Carpenter's Motion to Vacate</u>

Carpenter's Motion to Vacate contains numerous demonstrably false factual assertions that require correction. For instance, Carpenter claims that the judgment entered against him was not labeled a "judgment," (docket entry no. 665 (hereinafter "Carpenter Mem.") at 25,) but rather was entered as a "Clerk's Order." (Carpenter Mem. at 1-2, 24-26.) Carpenter invented the phrase "Clerk's Order" – the judgment is recorded on the docket as "Clerk's Judgment" and the judgment itself is clearly labelled "Judgment." (Docket entry no. 475.)[6] Carpenter's claim that he was "never … made aware of the filings" resulting in judgment against him is also demonstrably false. (Carpenter Mem. at 21-22.) The turnover proceeding that resulted in judgment against Carpenter was initiated by Universitas' Motion for Turnover and Permanent Injunction. (Docket entry no. 308.) Carpenter filed a brief in opposition to this motion. (Docket entry no. 319.) Carpenter also filed an affidavit in support of his opposition brief and an affidavit in support of another brief in opposition to the turnover motion. (Docket entry nos. 320 and 338.) Likewise, Carpenter's claim that Grist Mill Capital, LLC was the beneficiary of the Spencer insurance policies is blatantly false. *See Universitas Educ., LLC v. Nova Group, Inc.*, 784 F.3d 99, 100 (2d Cir. 2015) ("Spencer named Universitas as the sole, irrevocable beneficiary of the proceeds from the policies as Plan benefits"); *Carpenter*, 190 F. Supp. 3d at 293 ("The designated beneficiary of Mr. Spencer's two policies was

---

[5] Citations to page numbers refer to the electronic case filing pagination (blue numbers at top of page).

[6] The phrase "Clerk's Order" does not appear anywhere on the docket. Universitas is also unable to locate the phrase "Clerk's Order" in any filings in this proceeding aside from Carpenter's Motion to Vacate.

Universitas Education, LLC."). Carpenter's Certificate of Service is also untrue – Carpenter did not serve a copy of his Motion to Vacate upon Attorneys Markus and/or Caldwell.[7] (Carpenter Mem. at 4.)

### III.   LEGAL STANDARD

Motions to vacate a judgment pursuant to Fed. R. Civ. P. 60(b) are disfavored. *See Empresa Cubana del Tabaco v. Gen. Cigar Co.*, 385 F. App'x 29, 31 (2d Cir. 2010) (internal citations omitted); *see also Martinez v. Kirkpatrick*, No. 9:09-cv-00900 (MAD), 2017 U.S. Dist. LEXIS 69608, at *9 (N.D.N.Y. May 8, 2017) ("Relief under Rule 60(b) is 'generally not favored and is properly granted only upon a showing of exceptional circumstances.'") (quoting *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010)). Relief under Rule 60(b) requires, *inter alia*, highly convincing supportive evidence and good cause for the failure to act sooner. *See Martinez*, 2017 U.S. Dist. LEXIS 69608 at *9 (internal citations omitted). Rule 60(b) motions are generally committed to the sound discretion of the Court. *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *In re Emergency Beacon Corp.*, 666 F.2d 754 (2d Cir. 1981)).

Rule 60(b)(4) permits courts to vacate a judgement that is void. *See* FED. R. CIV. P. 60(b)(4). A judgment is void for purposes of Rule 60(b)(4) when the court lacked the legal power to enter the judgment. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). Thus, Rule 60(b)(4) applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010) (internal citations omitted); *see also Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180,

---

[7] Attorneys Markus and Caldwell are co-counsel for Universitas in the Connecticut alter ego proceedings. (*See Universitas v. Benistar*, No. 3:20-cv-738-JAM (D. Conn.).)

193 (2d Cir. 2006) ("A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure 'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'") (internal citations omitted). Rule 60(b)(4) does not provide relief for erroneous judgments. *See Espinosa*, 559 U.S. at 270.

Rule 60(b)(6) allows courts to vacate a judgment on equitable grounds in order to do justice. *See Empresa Cubana*, 385 F. App'x at 31 (internal citations omitted). Relief under Rule 60(b)(6) is proper only when there are "extraordinary circumstances" to justify such relief and/or "when the judgment may work an extreme or undue hardship." *See id.* Extraordinary circumstances justifying relief pursuant to Rule 60(b)(6) "typically do not exist where the applicant fails to move for relief promptly." *See Grace*, 443 F.3d at 190 n. 8 (internal citations omitted).

## IV.   ARGUMENTS

The Court should deny Carpenter's Motion to Vacate because it merely complains that Hon. Judge Swain did not personally sign the judgment and repeats arguments previously rejected by this Court – there are no allegations of exceptional circumstances to justify relief under Rule 60(b) and/or any explanation for Carpenter's failure to act sooner.[8] *See Martinez*, 2017 U.S. Dist. LEXIS 69608 at *9 (explaining that relief under Rule 60(b) is "properly granted only upon a showing of exceptional circumstances" and requires good cause for the failure to act sooner). Carpenter is not entitled to equitable relief under Rule 60(b)(6). *See Empresa Cubana*, 385 F. App'x at 31 (providing that Rule 60(b)(6) permits courts to vacate judgments on equitable grounds

---

[8] Carpenter's claim that he was unaware of the judgment cannot be true as he was deposed in a judgment debtor capacity. (Docket entry no. 591.) Moreover, Carpenter's motion for a protective order to preclude this deposition demonstrates that Carpenter had access to counsel and was able to file while incarcerated. (Docket entry no. 559.)

and/or to do justice). Carpenter's conduct does not entitle him to equitable relief. *See supra* Sec. II(b); *see also United States v. Bedford Assocs.*, 618 F.2d 904, 920 (2d Cir. 1980) ("[H]e who seeks equity must do equity…."). Relief pursuant to Rule 60(b)(6) is further unavailable to Carpenter because he does not allege any hardship or extraordinary circumstances. *See Empresa Cubana*, 385 F. App'x at 31 (providing that relief under Rule 60(b)(6) requires "extraordinary circumstances" and/or "extreme or undue hardship").

Relief under Rule 60(b)(4) is unavailable to Carpenter because there were no jurisdictional deficiencies in the proceeding underlying the judgment. *See Espinosa*, 559 U.S. at 270-71 (explaining that 60(b)(4) applies only when there are certain types of jurisdictional errors or due process violations that deprive a party of notice or the opportunity to be heard). Carpenter actively opposed Universitas in the turnover proceeding, and thus there were no due process violations warranting relief under Rule 60(b)(4). *See id.* at 272 (explaining that actual notice satisfies due process rights and bars relief for due process violations under Rule 60(b)(4)); *see also Oneida Indian Nation v. Madison Cty.*, 665 F.3d 408, 429 (2d Cir. 2011) ("… actual notice satisfies due process -- so long as that notice 'apprises a party of the pendency of the action and affords it an opportunity to respond.'") (internal citations omitted). Carpenter's arguments concerning the merits of the underlying case are not grounds for relief under Rule 60(b)(4) and are thus irrelevant. *See Espinosa*, 559 U.S. at 270. Carpenter's arguments concerning "new evidence" are erroneous because new evidence is not grounds for relief under Rule 60(b)(4) or Rule 60(b)(6).

a.  <u>The Absence of Hon. Judge Swain's Signature is Not Grounds to Vacate the Judgment.</u>

Carpenter complains that Hon. Judge Swain did not personally sign the judgment, which he insists renders the judgment void as a matter of law. (Carpenter Mem. at 24-25.) This argument is meritless for numerous reasons. *See Carter*, 136 F.3d at 1005 ("A judgment is void for purposes

of Rule 60(b)(4) if the court that rendered it entered an order outside its legal powers."); *see also Espinosa*, 559 U.S. at 270 ("[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final.").

        i.   Rule 58(b) is Not Grounds for Relief Under Rule 60(b).

Rule 58(b) is not grounds for vacating a judgment under Rule 60(b)(4). *See Jackson v. Pfau*, No. 9:10-CV-1484 (GTS/DEP), 2012 U.S. Dist. LEXIS 193460, at *10-*11 (N.D.N.Y. Jan. 10, 2012). Nor does a violation of Rule 58(b) render a judgment void for purposes of Rule 60(b)(4). *See Espinosa*, 559 U.S. at 270 ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.").

Carpenter provides no legal authority to support his argument that a judgment signed by the clerk of court must be vacated as a matter of law. The purpose of Rule 58 is "to pinpoint … the commencement of time for filing a notice of appeal." *See Jackson*, 2012 U.S. Dist. LEXIS 193460 at *11 (citing *Leonhard v. United States*, 633 F.2d 599, 611 (2d Cir. 1980)). Carpenter's legal authority concerns the importance of filing a separate document to fulfil this purpose. In *Cooper v. Town of E. Hampton*, the court explained that the time for appeal does not start running until judgment is entered separately from a court order, and thus a formalistic requirement that courts enter judgment as a separate document is necessary to avoid confusion as to when the clock starts for purposes of an appeal.[9] *See Cooper v. Town of E. Hampton*, 83 F.3d 31, 33 (2d Cir. 1996). In *In re Litas Int'l Inc.* the court again stressed the importance of the separate document requirement in order to simplify the appeals process and ensure that a party is not deprived of their

---

[9] The court also explained that a judgment satisfies the separate document requirement of Rule 58 when it is: (i) separate from any judicial memorandum or opinion, and (ii) labeled as a "judgment." *See Cooper*, 83 F.3d at 34.

right to appeal. *See In re Litas Int'l, Inc.*, 316 F.3d 113, 118-19 (2d Cir. 2003). In *Bankers Tr. Co. v. Mallis*, the Court held that a party could nonetheless file an appeal when the district court fails to adhere to the separate document requirement. *See Bankers Tr. Co. v. Mallis*, 435 U.S. 381 (1978). The Court explained that the sole purpose of the separate document requirement is to clarify when the time for appeal begins to run, and then reasoned that the purpose of the rule would not be advanced by precluding a party from filing an appeal when there was no separate document. *See id.* at 384-85. The Court also explained that the Federal Rules of Civil Procedure should be interpreted with a common-sense approach intended to secure the "just, speedy and inexpensive determination of every action." *See id.* at 387.

This Court entered a judgment separate from the Court order that satisfies the separate document requirement of Rule 58.[10] (Docket entry no. 475.) Carpenter argues that this judgment is void because it required Hon. Judge Swain's personal signature in order to indicate approval of the judgment. (Carpenter Mem. at 24-25.) Hon. Judge's Swain's personal signature was not required because the judgment was for a "sum certain." *See* FED. R. CIV. P. 58(b). To the extent Hon. Judge Swain needed to indicate approval of the judgment, this approval stems from the Memorandum Opinion and Order that instructed the clerk to enter the judgment. *See Jackson*, 2012 U.S. Dist. LEXIS 193460 at *11-*12 (holding that Memorandum-Decision is approval of judgment). The Memorandum Opinion and Order is signed by Hon. Judge Swain. (Docket entry no. 474.) Holding that a judgment must be vacated as void because it was not personally signed by the judge would be also an improper application of the Federal Rules of Civil Procedure because

---

[10] Carpenter claims that the judgment does not satisfy the separate document requirement because it is not labeled a "judgment." (Carpenter Mem. at 25.) This is demonstrably false as the judgment is clearly labelled as a "judgment." (Docket entry no. 475.)

it would preclude a "just, speedy and inexpensive determination" of this action. *See Mallis*, 435 U.S. at 387.

                        ii.   Carpenter's Argument is Outdated and Defeated by the 2002 Amendments to Rule 58.

The entirety of Carpenter's case law concerning Rule 58 involves the pre-2002 amendments version of the rule. (Carpenter Mem. at 24-25.) Rule 58's efficacy requirements caused confusion, and thus the Rule was changed from a rule concerning efficacy to a rule concerning timeliness:

> Rule 58(b) replaces the definition of effectiveness with a new provision that defines the time when judgment is entered. If judgment is promptly set forth on a separate document, as should be done when required by Rule 58(a)(1), the new provision will not change the effect of Rule 58. But in the cases in which court and clerk fail to comply with this simple requirement, the motion time periods set by Rules 50, 52, 54, 59, and 60 begin to run after expiration of 150 days from entry of the judgment in the civil docket as required by Rule 79(a).

Fed. R. Civ. P. 58 Advisory Committee Notes (2002 amendments). The 2002 amendments thus render Carpenter's argument self-defeating – if he succeeds in voiding the judgment under Rule 58(b) then judgment was properly entered against him 150 days after the Memorandum Order was filed. *See* Fed. R. Civ. P. 58(c)(2)(B); *see also Dancause v. Mount Morris Cent. Sch. Dist.*, 590 F. App'x 27, 28 n. 1 (2d Cir. 2014) ("[T]he district court did not enter judgment in a separate document. In the absence of a separate document, however, judgment is deemed entered 150 days after the order … is entered.") (internal citations omitted); *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 41 (2d Cir. 2013) (explaining that "where a separate document is required, entry occurs 'when the … order is entered in the civil docket' and … 150 days have passed or the judgment … is set forth on a separate document.") (internal citations omitted); *Hodges-Williams v. Barnhart*, 221 F.R.D. 595, 598-99 (N.D. Ill. 2004) (explaining effects of 2002 amendments to Rule 58) (internal citations omitted).

iii. Hon. Judge Swain can Sign the Judgment and Moot Carpenter's Argument.

Fed. R. Civ. P. 60(a) permits courts to correct a clerical mistake "whenever one is found in a judgment." *See* FED. R. CIV. P. 60(a). The signature on the judgment is clearly a clerical issue – as explained by the court in *In re Signature Apparel Grp.*:

> Entry of judgment entails two actions: one judicial and the other ministerial. 'Judicial' means that a court enters a 'final, appealable judgment.' 'Ministerial' means 'that judgment must be set out in a separate document and entered on the court docket.' It is the latter situation that … Rule 60(a) … is designed to address.

*In re Signature Apparel Grp.*, 577 B.R. 54, 58 (Bankr. S.D.N.Y. 2017) (internal citations omitted). The Court may correct clerical mistakes "on motion or on its own, with or without notice." *See* FED. R. CIV. P. 60(a). Thus, to the extent the Court finds Carpenter's Rule 58(b) argument meritorious, Hon. Judge Swain can simply sign the judgment and moot Carpenter's argument concerning Rule 58(b).

b. <u>All of Carpenter's Remaining Arguments were Previously Rejected by this Court and are Barred by Collateral Estoppel and/or Res Judicata.</u>

Res judicata prevents a party to a prior litigation from raising a claim or defense in a later suit that was or should have been litigated in the prior proceeding. (Order, docket entry no. 366 at 10.) Similarly, collateral estoppel bars the adjudication of issues determined in the previous litigation. (Order, docket entry no. 366 at 10.) Res judicata and collateral estoppel apply against parties to the prior litigation as well as their privies. (Order, docket entry no. 366 at 11.) A party is a privy of corporate entities under their control that represent their interests. (Order, docket entry no. 366 at 11-12.) Carpenter controlled all of the Turnover Respondents. (Order, docket entry no. 474 at 3-5.) Carpenter and/or his privies previously litigated all of Carpenter's remaining arguments, and thus these arguments are barred by res judicata and/or collateral estoppel. (*See*

Order, docket entry no. 366 at 10-13.) Accordingly, none of these arguments provide grounds for vacating the judgment.

        i.  Personal Jurisdiction

Carpenter and/or his privies previously litigated all of Carpenter's arguments concerning personal jurisdiction, and thus these arguments are barred by collateral estoppel and/or res judicata. (*See* Order, docket entry no. 366 at 10-13.)

        1.  *Minimum Contacts and Specific Personal Jurisdiction*

Carpenter argues that the judgment must be vacated in accordance with *Walden v. Fiore*, and also argues that the judgment must be vacated for lack of specific personal jurisdiction over him. (Carpenter Mem. at 14-20.) *Walden v. Fiore* concerns minimum contacts for purposes of establishing specific personal jurisdiction, and thus these arguments are effectively the same thing. *See Walden v. Fiore*, 571 U.S. 277 (2014). Carpenter and/or his privies previously argued that the Court lacked specific jurisdiction over the respondents in the turnover proceeding, largely for the reasons set forth in Carpenter's motion to vacate. (*See* docket entry no. 474 at 10-14.) Carpenter insists that the Court cannot establish personal jurisdiction over him until it applies the five factor "reasonableness" test – the Court applied this test and found that it had specific personal jurisdiction over the Turnover Respondents as a result of Carpenter's fraudulent activity. (Order, docket entry no. 474 at 13-14.) Carpenter controlled the turnover respondents. (Order, docket entry no. 474 at 3-5.) Carpenter was thus a privy of the turnover respondents. (Order, docket entry no. 366 at 11-12.) Carpenter's arguments concerning specific personal jurisdiction are thus barred by res judicata and/or collateral estoppel. (*See* Order, docket entry no. 366 at 10-13.)

2.   *Service of Process*

Carpenter and/or his privies previously argued that they were not properly served with process – the Court found this argument "meritless." (Order, docket entry no. 474 at 14.) The Court explained that "[e]ach Turnover Respondent has waived the service requirement under Federal Rule of Civil Procedure 4 and accepted service of the motion for turnover via e-mail." (Order, docket entry no. 474 at 5.) Carpenter and/or his privies then moved the Court to reconsider its finding that service of process was sufficient – the Court declined to do so because "Universitas filed an affidavit on June 20, 2014, attesting to service as to each Respondent and Respondents participated in the turnover proceeding and never subsequently contested Universitas' factual proffers as to service." (Docket entry no. 492 at 2.) Carpenter's service of process argument is thus barred by res judicata and/or collateral estoppel.[11] (*See* Order, docket entry no. 366 at 10-13.)

ii.   Subject Matter Jurisdiction

Carpenter and/or his privies previously argued that the Court lacked subject matter jurisdiction over the turnover proceeding because of precedent set forth in *Peacock v. Thomas*. (Docket entry no. 319 at 6-7, 10.) The Court rightfully rejected this argument. (Order, docket entry no. 474 at 2 ("The Court has jurisdiction of these proceedings pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1441 and 1367.").) Carpenter's reiteration of the argument that *Peacock* precluded the Court from exercising subject matter jurisdiction over the turnover proceeding is barred by res judicata and/or collateral estoppel. (*See* Order, docket entry no. 366 at 10-13.)

Carpenter's attack on the Court's subject matter jurisdiction is also predicated upon a misrepresentation of a subsequent Court order. (Carpenter Mem. at 7-10.) The Court found that,

---

[11] Carpenter's attorney also explicitly accepted service on Carpenter's behalf. (Docket entry no. 482-1.)

pursuant to *Peacock v. Thomas*, it lacked subject matter jurisdiction over a different turnover proceeding involving entirely distinct claims regarding insurance proceeds payable to Grist Mill Trust Welfare Benefit Plan ("GMT") on behalf of non-party beneficiaries. (Order, docket entry no. 545.) The Court clearly articulated why these claims were different from the claims in the turnover proceeding against Carpenter. The turnover proceeding against Carpenter involved fraudulent conveyance claims, which are a collection mechanism and "do not present a substantive theory seeking to establish liability on the part of a new party not otherwise liable."[12] (Order, docket entry no. 545 at 4-5.) The fraudulent conveyance claims also shared a logical nexus with the original proceedings because they were initiated as turnover motions against parties closely related to the judgment debtor and sought the funds that were the subject of the arbitration award confirmed by the Court. (Order, docket entry no. 545 at 5.) The Court's ancillary enforcement jurisdiction did not encompass the turnover proceeding concerning GMT's insurance proceeds, *inter alia*, because: (i) the proceeding involved claims that would establish liability on the part of a new party, (ii) the parties were not affiliated with the initial judgment debtor, and (iii) the property at issue was unrelated to the arbitration award. (Order, docket entry no. 545 at 5-6.) Carpenter's argument that a Court order instructing Universitas to address this finding in future motions functions as a universal prohibition against subject matter jurisdiction over all of Universitas' collection efforts is nonsensical, and thus Carpenter cannot vacate the judgment for lack of subject matter jurisdiction under Rule 60(b)(4).

---

[12] This is because the fraudulent conveyance claims enable creditors to disgorge wrongfully transferred property and thus enforce an existing judgment upon the judgment debtor's assets in the hands of a third party. *See Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 106 (2d Cir. 2001).

iii.   Res Judicata

Carpenter and/or his privies filed an entire brief addressing whether "any of the claims or defenses raised in [the turnover] proceeding are barred by the doctrines of res judicata or collateral estoppel." (Docket entry no. 346.) The Court rejected Carpenter's arguments concerning res judicata and/or collateral estoppel. (*See* Order, docket entry no. 366 at 4-5, 11-12.) Carpenter is now barred from re-litigating whether Universitas' claims were barred by res judicata and/or collateral estoppel. (*See* Order, docket entry no. 366 at 10-13.) To the extent Carpenter is now making a different argument concerning res judicata and/or collateral estoppel, these new arguments clearly could have been asserted in the previous brief and thus are barred by res judicata and/or collateral estoppel. (*See* Order, docket entry no. 366 at 10-13.)

iv.   Carpenter's Dismissal from the Arbitration

The Court previously rejected the argument asserted by Carpenter and/or his privies that Universitas could not assert claims against Carpenter in the turnover proceeding because Carpenter was dismissed from the arbitration. (*See* Order, docket entry no. 366 at 4 n. 1, 10-12.) Carpenter is now barred from re-litigating whether his dismissal from the arbitration precluded Universitas from bringing claims against him in the turnover proceeding. (*See* Order, docket entry no. 366 at 10-13.)

v.   Statute of Limitations

The arbitrator rejected the argument asserted by Carpenter and/or his privies that Universitas' claim should be denied as untimely.[13] (Docket entry no. 6-14.) Carpenter and/or his privies then argued that Universitas' claims in the turnover proceeding were barred by the statute

---

[13] This Court held that Carpenter is barred from re-litigating issues that were resolved and/or should have been raised in the arbitration proceeding. (Order, docket entry no. 366 at 12.)

of limitations, and the Court correctly rejected this argument. (*See* Order, docket entry no. 474 at 16-17.) Carpenter is now barred from re-litigating whether Universitas' claims in the turnover proceeding were barred by the statute of limitations. (*See* Order, docket entry no. 366 at 10-13.) To the extent Carpenter is now making a different statute of limitations argument, this argument clearly could have been asserted in the turnover proceeding, and thus is barred by res judicata and/or collateral estoppel. (*See* Order, docket entry no. 366 at 10-13.)

vi. The Alleged Settlement

Carpenter's argument about the impact of an alleged settlement between Universitas and Mr. Spencer's widow concerns the merits of the arbitration award – arguments concerning the merits are not grounds for vacating a judgment under Rule 60(b)(4). *See Espinosa*, 559 U.S. at 270. Furthermore, Carpenter and/or his privies previously argued that Universitas' alleged settlement with Mr. Spencer's widow precluded Universitas from collecting the Spencer insurance proceeds. (*See* docket entry no. 6-14.) The arbitrator rejected this argument and awarded the Spencer insurance proceeds to Universitas. (Docket entry no. 6-14.) Carpenter and/or his privies then made this same argument again in the cross-motion for vacatur of the arbitration award, and the Court found that this argument was previously addressed by the arbitrator and denied the cross-motion for vacatur of the arbitration award. (Oder, docket entry no. 40.) Carpenter is thus barred from re-litigating the effects of the alleged settlement between Universitas and Mr. Spencer's widow. (*See* Order, docket entry no. 366 at 10-13.)

vii. New Evidence Demonstrating that the Spencer Policies were Fraudulent.

Carpenter claims that there is "newly discovered evidence" demonstrating that Mr. Spencer lied on his COT application, which Carpenter argues warrants vacating the judgment pursuant to Rule 60(b)(6). (Carpenter Mem. at 7.) Rule 60(b)(6) is limited to equitable considerations and does

not permit courts to vacate a judgment because of newly discovered evidence.[14] *See Empresa Cubana*, 385 F. App'x at 31. Rule 60(b)(6) is inapplicable to this proceeding because Carpenter is not entitled to equitable relief. *See supra* Sec. II(b); *see also Bedford Assocs.*, 618 F.2d at 920 ("[H]e who seeks equity must do equity…."). The arbitrator also rejected the argument made by Carpenter and/or his privies that Universitas should be precluded from collecting the Spencer insurance proceeds because of misrepresentations in Mr. Spencer's paperwork. (Docket entry no. 6-14.) Carpenter and/or his privies then argued that the arbitration award should be vacated, *inter alia*, because Mr. Spencer's policies were obtained through fraud. (Docket entry no. 15.) Carpenter and/or his privies then argued that the Court should reconsider its denial of the cross-motion for vacatur, *inter alia*, because of new evidence demonstrating that the Spencer insurance policies "were fraudulent." (Docket entry no. 46.) Carpenter is thus barred from re-litigating whether Mr. Spencer's alleged fraud should preclude Universitas from collecting the Spencer insurance proceeds. (*See* Order, docket entry no. 366 at 10-13.)

V.   **CONCLUSION**

For the aforementioned reasons, Universitas respectfully requests that the Court deny Carpenter's motion to vacate in its entirety, and also provide any additional relief that the Court deems just and equitable.

Dated: November 30, 2020

LAW OFFICES OF JOSEPH L. MANSON III

*/s/* Benjamin Chernow            /

---

[14] Vacating judgments because of newly discovered evidence is governed by Rule 60(b)(2). *See* FED. R. CIV. P. 60(b)(2); *see also Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 147-147 (2d Cir. 2020) (discussing test for vacating a judgment under Rule 60(b)(2)).

Benjamin Chernow
NYS Bar No. 5597786
Admitted *Pro Hac Vice*
Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314
(301) 633-2163
bchernow@jmansonlaw.com

*Attorney for Universitas Education, LLC*