UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNIVERSITAS EDUCATION, LLC,

                        Plaintiff,

v.                                                     Case Nos. 11-1590-LTS and
                                                       11-8726-LTS
NOVA GROUP, INC., et al.,

                        Defendants.

**PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO GRIST MILL
CAPITAL, LLC'S MOTION TO SET ASIDE JUDGMENT**

## TABLE OF CONTENTS

I.  INTRODUCTION.................................................................................................1

II.  FACTUAL BACKGROUND...............................................................................2

    a.  Daniel Carpenter........................................................................................2

    b.  The Turnover Respondents.........................................................................2

    c.  Carole Bernstein........................................................................................3

    d.  GMC's Opposition Filing..........................................................................4

    e.  Additional Opposition Filings and Arguments...........................................4

    f.  Mr. Carpenter's Activity During Incarceration..........................................4

III.  LEGAL STANDARD...........................................................................................5

    a.  Res Judicata...............................................................................................5

        i.  Identity of Parties..............................................................................5

        ii.  Identity of Claims.............................................................................6

    b.  Fed. R. Civ. P. 60(b).................................................................................6

        i.  Fed. R. Civ. P. 60(b)(4)....................................................................7

        ii.  Fed R. Civ. P. 60(b)(6)....................................................................7

IV.  ARGUMENTS.....................................................................................................7

    a.  There are no Circumstances Warranting Grounds for Relief Under Rule 60(b)........8

        i.  GMC has been Continuously Represented by Counsel................................8

        ii.  In the Alternative, if Ms. Bernstein Withdrew as Counsel, then GMC Willfully Defaulted and is not Entitled to Relief Under Rule 60(b)..10

    b.  GMC Lacks a Meritorious Claim for Vacating the Judgment................................13

        i.  No Grounds for Relief Under Rule 60(b)(4)................................................13

            1.  GMC'S ARGUMENTS ARE BARRED BY RES JUDICATA....................13

a.   GMC's Arguments are Barred by Res Judicata as a
Result of its Involvement in the Turnover Proceedings.......14

b.   GMC's Arguments are Barred by Res Judicata
Because GMC is in Privity with the Other
Turnover Respondents......................................................14

2.   GMC'S ARGUMENTS ARE MERITLESS IN THEIR OWN RIGHT...........16

a.   The Court Correctly Determined that there was
Subject Matter Jurisdiction over the
Turnover Proceedings........................................................16

b.   The Court Correctly Determined that it had
Personal Jurisdiction over the Turnover Respondents........17

c.   GMC was not Denied Due Process....................................18

ii.   GMC Is Not Entitled to Relief Under Rule 60(b)(6)...................................19

1.   GRANTING GMC'S MOTION TO VACATE THE JUDGMENT
WOULD UNDERMINE THE PUBLIC'S CONFIDENCE IN THE
JUDICIAL PROCESS..........................................................................19

2.   GMC'S ALLEGED LACK OF NOTICE OF THE JUDGMENT
IS NOT GROUNDS FOR RELIEF..........................................................20

3.   GMC'S CLAIM FOR RELIEF IS TIME-BARRED.................................21

4.   GMC COULD HAVE APPEALED THE JUDGMENT.............................22

V.   **CONCLUSION**........................................................................................23

## <u>TABLE OF AUTHORITY</u>

**Cases:**

*7 W. 57th St. Realty Co., LLC v. CitiGroup, Inc.*,
  2015 U.S. Dist. LEXIS 44031 (S.D.N.Y. Mar. 31, 2015)...........................................15, 18

*Action S.A. v. Marc Rich & Co.*, 951 F.2d 504 (2d Cir. 1991)...................................11, 12

*Akhenaten v. Najee, LLC*, 544 F. Supp. 2d 320 (S.D.N.Y. 2008)...................................5, 6, 14, 16

*American Airlines Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57 (2d Cir. 1996).........................11

*Broker Genius, Inc. v. Seat Scouts LLC*, No. 17-Cv-8627 (SHS),
  2019 U.S. Dist. LEXIS 145964 (S.D.N.Y. Aug. 27, 2019)...................................17

*C.F. Trust, Inc. v. First Flight Ltd. P'Ship*, 306 F.3d 126 (4th Cir. 2002).....................16

*Carcello v. TJX Cos.*, 192 F.R.D. 61 (D. Conn. 2000)...................................................22

*Carter v. Fenner*, 136 F.3d 1000 (5th Cir. 1998)........................................................7

*Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343 (2d Cir. 1995)....................5

*Chiquita Fresh N. Am., LLC v. Long Island Banana Corp.*, No. 14-982 (ADS) (AKT),
  2018 U.S. Dist. LEXIS 34763 (E.D.N.Y. Feb. 28, 2018)...................................10

*City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114 (2d Cir. 2011)..........................13

*Cobos v. Adelphi Univ.*, 179 F.R.D. 381 (E.D.N.Y. 1998).........................................11, 23

*CSX Transp., Inc. v. Filco Carting Corp.*, No. 10-CV-1055 (NGG) (JMA),
  2011 U.S. Dist. LEXIS 74625 (E.D.N.Y. July 7, 2011)...................................16

*Ello v. Singh*, 2008 U.S. Dist. LEXIS 144969 (S.D.N.Y. June 10, 2008)..........................9

*Empresa Cubana del Tabaco v. Gen. Cigar Co.*, 385 F. App'x 29 (2d Cir. 2010)...............6, 7

*Ex'r of the N.Y. Estate of Kates v. Pressley & Pressley*, No. 11-CV-3221 (JFB)(ARL),
  2013 U.S. Dist. LEXIS 16873 (E.D.N.Y. Feb. 7, 2013).......................................20

*Ezra v. Wilton Grp. Inc.*, 2018 NY Slip Op 32491(U) (Sup. Ct. Oct. 2, 2018)..............17

*First Horizon Bank v. Moriarty-Gentile*, No. 10-CV-00289 (KAM)(RER),
  2016 U.S. Dist. LEXIS 153050 (E.D.N.Y. Nov. 3, 2016)...................................17

*Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38 (2d Cir. 1986)................................................................15

*Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180 (2d Cir. 2006)................................................7

*Grynberg v. BP P.L.C.*, 855 F. Supp. 2d 625 (S.D. Tex. 2012).........................................................15

*Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444 (2d Cir. 2013)...............................................12

*Harper v. Comptroller*, No. 11-CV-1972 (JG),
    2012 U.S. Dist. LEXIS 9425 (E.D.N.Y. Jan. 26, 2012)........................................................7

*Hepp v. Ultra Green Energy Servs.*, No. 16 C 8440,
    2016 U.S. Dist. LEXIS 160783 (N.D. Ill. Nov. 21, 2016)....................................................17

*Hoffenberg v. United States*, 2010 U.S. Dist. LEXIS 40495 (S.D.N.Y. Apr. 26, 2010).................21

*Icebox-Scoops, Inc. v. Finanz St. Honore, B.V.*, No. 07-CV-544 (NG) (SMG),
    2018 U.S. Dist. LEXIS 219307 (E.D.N.Y. July 20, 2018)...............................................9, 22

*In re Chase*, 372 B.R. 142 (Bankr. S.D.N.Y. 2007)...........................................................................9

*In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12 (1st Cir. 2003)...................................................15

*In re Migell*, Nos. 6:15-bk-10569-KSJ, 6:16-ap-00118-KSJ,
    2018 Bankr. LEXIS 595 (Bankr. M.D. Fla. Mar. 2, 2018)...................................................13

*In re Robins*, Nos. 07 B 22753 (ASH), 07-8317A,
    2009 Bankr. LEXIS 740 (Bankr. S.D.N.Y. Jan. 16, 2009)..................................................12

*In re Suprema Specialties, Inc.*, 330 B.R. 40 (S.D.N.Y. 2005).........................................................11

*Jarblum, Solomon & Fornari, P.C. v. Becker*, No. 87 Civ. 8950 (JFK),
    1990 U.S. Dist. LEXIS 17118 (S.D.N.Y. Dec. 20, 1990)...............................................12, 23

*Jedrejcic v. Croation Olympic Comm.*, 190 F.R.D. 60 (E.D.N.Y. 1999)..........................................19

*Kastrat v. United States Fire Ins. Co.*,
    2011 U.S. Dist. LEXIS 174422 (S.D.N.Y. Feb. 16, 2011)..................................................18

*Kellogg v. Strack*, 269 F.3d 100 (2d Cir. 2001)................................................................................21

*L.V. v. N.Y.C. Dep't of Educ.*, No. 19-CV-05451 (AT) (KHP),
    2020 U.S. Dist. LEXIS 215550 (S.D.N.Y. Nov. 17, 2020).................................................10

*Marano v. Aaboe*, No. 05 Cv 9375 (BSJ),
    2006 U.S. Dist. LEXIS 117845 (S.D.N.Y. Sep. 12, 2006)..................................................11

*Martinez v. Kirkpatrick*, No. 9:09-cv-00900 (MAD),
    2017 U.S. Dist. LEXIS 69608 (N.D.N.Y. May 8, 2017)......................................................6

*Melwani v. Jain*, 2004 U.S. Dist. LEXIS 16867 (S.D.N.Y. Aug. 23, 2004)...........................14, 15

*Monahan v. New York City Dep't of Corr.*, 214 F.3d 275 (2d Cir. 2000)...................................5, 6

*Mosha v. Yandex Inc.*, 2019 U.S. Dist. LEXIS 169526 (S.D.N.Y. Sep. 30, 2019)..........................5

*Nationwide Gen. Ins. Co. v. Cela*, No. 3:16-cv-02054 (SRU),
    2017 U.S. Dist. LEXIS 539 (D. Conn. Jan. 4, 2017)..........................................................17

*Ostreicher v. Lincoln Nat'l Life Ins. Co.*, No. 17-CV-6904 (NGG) (JO),
    2019 U.S. Dist. LEXIS 221110 (E.D.N.Y. Dec. 23, 2019).................................................13

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)...........................19, 22

*Ruiz v. Comm'r of the Dep't of Transp.*, 858 F.2d 898 (2d Cir. 1988)..............................................15

*Sash v. City of N.Y.*, No. 04-CV-0976 (ENV)(LB),
    2008 U.S. Dist. LEXIS 121630 (E.D.N.Y. Jan. 18, 2008)..................................................15

*Shaw v. AAA Eng'g & Drafting Inc.*, 138 Fed. App'x. 62 (10th Cir. 2005)...................................16

*Silver v. Dalessandro*, No. 15-CV-3462 (ARR) (ST),
    2019 U.S. Dist. LEXIS 187692 (E.D.N.Y. Oct. 28, 2019).................................................23

*Skyline Steel, LLC v. Pilepro, LLC*, No. 13-CV-8171 (JMF),
    2015 U.S. Dist. LEXIS 27123 (S.D.N.Y. Mar. 5, 2015)......................................................8

*Solomon v. 318 Fashion, Inc.*, 93 Civ. 7699 (CSH),
    1994 U.S. Dist. LEXIS 17883 (S.D.N.Y. Dec. 13, 1994)..................................................12

*Stevens v. Miller*, 676 F.3d 62 (2d Cir. 2012)..................................................................................6

*Stichting Ter Behartiging Van De Belangen Van Oudaandeelhouders in Het
    Kapitaal Van Saybolt Int'l B.V. v. Phillippe S.E. Schreiber*, 327 F.3d 173 (2d Cir. 2003)...19

*Tormented Souls, Inc. v. Tormented Souls Motorcycle Club Inc.*,
    No. CV 09-1743 (DRH)(ARL), 2012 U.S. Dist. LEXIS 54043 (E.D.N.Y. Feb. 7, 2012)...11

*Tr. of Carpenters Health & Welfare Tr. Fund v. Cauley Constr. Corp.*,
    691 F. Supp. 333 (S.D. Fla. 1988)...................................................................................10

*Truskoski v. ESPN, Inc.*, 60 F.3d 74 (2d Cir. 1995)........................................................................21

*United States v. Carpenter*, 190 F. Supp. 3d 260 (D. Conn. 2016)......................................................2

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010)...................................7, 8, 13, 18

*Walden v. Fiore*, 571 U.S. 277 (2014)...........................................................................................18

*Wells v. N.Y.C. Transit Auth.*, 2013 U.S. Dist. LEXIS 172995 (S.D.N.Y. Dec. 9, 2013)............21

*Zhen Ming Chen v. Y Cafe N.Y. City Inc.*, No. 14-CV-3967 (JMF),
    2015 U.S. Dist. LEXIS 57533 (S.D.N.Y. May 1, 2015)........................................................9

*Zimmerling v. Affinity Fin. Corp.*, Civil Action No. 09-cv-01071-CMA-KMT,
    2011 U.S. Dist. LEXIS 45423 (D. Colo. Apr. 26, 2011)................................................10, 21

*Zimmerling v. Affinity Fin. Corp.*, 478 F. App'x 505 (10th Cir. 2012).......................................8, 10

*Zoll v. Ruder Finn, Inc.*, 02 Civ. 3652 (CSH),
    2003 U.S. Dist. LEXIS 17514 (S.D.N.Y. Oct. 2, 2003)......................................................14

**Federal Rules of Civil Procedure:**

FED. R. CIV. P. 60(b)(4).....................................................................................................................7

FED. R. CIV. P. 60(c)(1)...................................................................................................................21

**Local Rules:**

S&E D NY USDC Civil LR 1.4..................................................................................9, 10, 22

Universitas Education, LLC ("Universitas") respectfully submits this Memorandum of Law, along with the attached exhibits, in Opposition to the Motion to Set Aside Judgment filed by Grist Mill Capital, LLC ("GMC").

## I.      INTRODUCTION

GMC filed its Motion to Set Aside the Judgment more than six years after judgment was entered. The motion is meritless. GMC argues that it is entitled to relief from the judgment on four grounds: (i) lack of personal jurisdiction, (ii) lack of subject matter jurisdiction, (iii) lack of due process, and (iv) equitable relief. GMC submitted a brief in opposition to the Turnover Motion seeking judgment against GMC – there is no due process violation. GMC's brief explicitly argued that the Court lacked personal jurisdiction over the Turnover Respondents, and the personal jurisdiction argument is thus barred by res judicata. GMC's subject matter jurisdiction argument is wholly contradicted by its personal jurisdiction argument – GMC effectively concedes that the Court has diversity jurisdiction while simultaneously arguing lack of subject matter jurisdiction. GMC's claim to equitable relief is also meritless. Throughout this proceeding GMC's sole principal has, *inter alia*, falsified evidence, obstructed justice, regularly provided the Court with false testimony, obstructed discovery, been held in contempt of court, and is openly continuing his "strategy" of filing frivolous motions to increase Universitas' attorneys' fees. GMC is not entitled to equitable relief.

Moreover, the foundation for GMC's claim to equitable relief is incorrect. GMC's counsel never withdrew from this case, and thus GMC has not been proceeding *pro se* in this action. Nor was Daniel Carpenter unable to direct filings and/or obtain counsel during his incarceration – he regularly did both in numerous legal proceedings. GMC's motion is clearly another frivolous motion intended solely to increase Universitas' attorneys' fees. Universitas has provided counsel

for GMC with a motion for sanctions and will move for sanctions upon completion of the "safe harbor period" within Fed. R. Civ. P. 11.

II.   **FACTUAL BACKGROUND**

   a.   <u>Daniel Carpenter</u>

   Daniel Carpenter operated a criminal conspiracy to, *inter alia*, defalcate and launder money rightfully belonging to Universitas. *See United States v. Carpenter*, 190 F. Supp. 3d 260 (D. Conn. 2016). GMC was one of "the most significant" entities in this conspiracy.[1] *See id.* at 273. Mr. Carpenter controlled every Turnover Respondent. (Docket entry no. 474 at 3-5.)[2] Mr. Carpenter is GMC's sole principal. (Docket entry no. 249 at 67:1-3.) Mr. Carpenter filed a brief arguing that the Court lacked subject matter jurisdiction over the Turnover Proceedings as a result of *Peacock v. Thomas*. (Docket entry no. 319.) Mr. Carpenter's counsel also argued the issue of subject matter jurisdiction, specifically the implications of *Peacock v. Thomas*, during the evidentiary hearing. (Docket entry no. 357 at 9-14.)

   b.   <u>The Turnover Respondents</u>

   The Turnover Respondents are a collection of highly-interconnected entities that Mr. Carpenter operated from 100 Grist Mill Road. (*See* docket entry no. 366 at 7 ("The evidence received by this Court concerning the actions of Mr. Carpenter and his affiliates demonstrates an absence of respect for distinctions among his business entities ….");) *see also Carpenter*, 190 F. Supp. 3d at 273 ("[T]he evidence shows that the formal corporate structure of the various Benistar

---

[1] Judgment debtors Avon Capital, LLC ("Avon") and Grist Mill Trust ("GMT") were also identified as among "the most significant" entities in Mr. Carpenter's conspiracy. *See id.* at 273. The court overseeing the subsequent criminal proceedings also found that Mr. Carpenter controlled GMC, Avon, and GMT. *See id.* at 273-74.

[2] Unless otherwise indicated, docket entry numbers in this Memorandum Opinion and Order refer exclusively to those in case number 11 Civ. 1590.

Entities had little meaning for the people involved."). None of the Turnover Respondents are New York citizens. (Docket entry no. 474 at 5.)

GMC is a shell company used by Mr. Carpenter to hide assets from Universitas and other creditors. (Docket entry no. 474 at 3-4.) GMC was the primary entity through which Mr. Carpenter fraudulently conveyed over $30 million of the Spencer Insurance proceeds. (Docket entry no. 474 at 5-9.) Mr. Carpenter also sought to transfer assets from Nova Group, Inc. ("Nova") to GMC after the Court entered judgment against Nova. (Docket entry no. 366 at 7-8.) GMC made numerous payments to counsel representing other parties in this proceeding. (Docket entry no. 183-17.) Mr. Carpenter was provided an opportunity to explain why GMC paid counsel representing other entities – Mr. Carpenter exercised his Fifth Amendment right in response to such questions. (Exhibit 1.)

c.  Carole Bernstein

Carole Bernstein represented both GMC and Avon in this proceeding.[3] (Docket entry nos. 335-336.) Avon and GMC are "sister companies." (Exhibit 2.) Ms. Bernstein explicitly confirmed service of the turnover motion upon both GMC and Avon. (Docket entry no. 466-6.) Ms. Bernstein submitted a brief in opposition to the turnover motion on behalf of both GMC and Avon. (Docket entry no. 339.) Ms. Bernstein then attended the evidentiary hearing. (Docket entry no. 357 at 3.) Ms. Bernstein was then discharged as counsel for both Avon and GMC. (Docket entry no. 442.) Ms. Bernstein did not submit a motion to withdraw as counsel for GMC, and the Court did not enter an order permitting Ms. Bernstein to withdraw from the proceeding.

---

[3] Prior to filing a Notice of Appearance, Ms. Bernstein filed a letter motion with the Court and obtained an extension for GMC's document production. (Docket entry no. 208.)

d.  GMC's Opposition Filing

GMC's opposition brief was a joint filing that included arguments from numerous Turnover Respondents. (Docket entry no. 339.) The brief was physically filed by counsel for Nova, but Nova was not a Turnover Respondent. GMC's sole principal approved of the joint filing – Mr. Carpenter filed an affidavit in support of this opposition brief. (Docket entry no. 338.) The Turnover Respondents also made similar joint filings on other occasions. (Docket entry 296.) GMC's opposition brief argued that N.Y. C.P.L.R. § Section 302(a)(3)(ii) did not provide the Court personal jurisdiction over the Turnover Respondents. (Docket entry no. 339 at 17-20.)

e.  Additional Opposition Filings and Arguments

The Turnover Respondents filed a supplemental opposition brief arguing lack of personal jurisdiction. (Docket entry no. 460.) The Turnover Respondents then attended oral argument and argued both that *Peacock v. Thomas* precluded the Court from exercising subject matter jurisdiction over the Turnover Proceedings, and that the Court lacked personal jurisdiction over the Turnover Respondents. (Docket entry no. 471 at 19-22.) The Turnover Respondents then filed a motion for reconsideration arguing that the Court lacked personal jurisdiction over the Turnover Respondents. (Docket entry no. 482.) The supplemental brief and the Motion for Reconsideration were both filed by counsel for Avon. (Docket entry nos. 460, 482.)

f.  Mr. Carpenter's Activity During Incarceration

During his incarceration Mr. Carpenter executed a declaration, (exhibit 3,) and moved to quash subpoenas that Universitas issued to Benistar Admin Services, Inc. *See Carpenter v. Universitas Educ. LLC*, Case No. 7:17-mc-084-NSR (S.D.N.Y. Mar. 20, 2017); *Carpenter v. Universitas Educ. LLC*, Case No. 1:17-mc-91110-DPW (D. Mass. Mar. 20, 2017). Mr. Carpenter retained counsel and made filings in the above-captioned proceeding while incarcerated. (Docket

entry no. 559.) Mr. Carpenter also retained counsel for himself in other matters while incarcerated. (*United States v. Carpenter*, Case No. 3:13-cv-226-RNC (D. Conn. Nov. 6, 2014) (docket entry no. 102).) Mr. Carpenter retained counsel for GMC in multiple other matters during his incarceration. (*See Carpenter v. Shulman*, Case No. 3:13-cv-563-SRU (D. Conn. Mar. 29, 2017) (docket entry no. 101); *Carpenter v. Allen*, Case No. 3:14-cv-741-KAD (D. Conn. Mar. 31, 2017) (docket entry no. 31).) Mr. Carpenter also spoke with his associates over the telephone on a daily basis during his incarceration. (Exhibit 4.)

### III.   LEGAL STANDARD

#### a.   Res Judicata

Res judicata "bars a party to a prior litigation from raising a claim or defense in a later suit that was or should have been litigated in [the] prior proceeding." (Docket entry no. 366 at 10.) Res judicata applies when: (i) the previous action was adjudicated on the merits, (ii) the previous action involved the parties or those in privy with them, and (iii) the claims in the subsequent litigation were, or could have been, raised in the prior action. *See Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (citations omitted).

##### i.   Identity of Parties

Privity exists for purposes of res judicata when, under the circumstances, the interests of the defendants were adequately represented in the earlier action. *See Akhenaten v. Najee, LLC*, 544 F. Supp. 2d 320, 328 (S.D.N.Y. 2008) (citations omitted). A nonparty's interest were adequately represented when "they had a sufficiently close relationship with a defendant in the prior action to support preclusion." *See Mosha v. Yandex Inc.*, 2019 U.S. Dist. LEXIS 169526, at *14-*15 (S.D.N.Y. Sep. 30, 2019); *see also Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345-46 (2d Cir. 1995) (explaining that a non-party's interests are adequately represented when

"one of the parties to the suit is so closely aligned with his interests as to be his virtual representative") (citations omitted); *Akhenaten*, 544 F. Supp. 2d at 328-30 (finding that parties' interests "overlap completely" for purposes of res judicata with regard to common interests in issues that are dispositive as to liability for all defendants).

ii.   Identity of Claims

A claim "could have been raised" in an earlier action for purposes of res judicata when the two actions involve he same "nucleus of operative fact." *See Akhenaten*, 544 F. Supp. 2d at 330. A "nucleus of operative fact" is sufficiently the same when the actions concern the same connected series of transactions, the same evidence, and the facts essential to the second transaction were present in the first. *See id.*; *Monahan*, 214 F.3d at 289.

b.   Fed. R. Civ. P. 60(b)

Motions to vacate a judgment pursuant to Fed. R. Civ. P. 60(b) are disfavored. *See Empresa Cubana del Tabaco v. Gen. Cigar Co.*, 385 F. App'x 29, 31 (2d Cir. 2010) (internal citations omitted); *see also Martinez v. Kirkpatrick*, No. 9:09-cv-00900 (MAD), 2017 U.S. Dist. LEXIS 69608, at *9 (N.D.N.Y. May 8, 2017) ("Relief under Rule 60(b) is 'generally not favored and is properly granted only upon a showing of exceptional circumstances.'") (quoting *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122 (2d Cir. 2010)). Relief under Rule 60(b) requires, *inter alia*, highly convincing supportive evidence and good cause for the failure to act sooner. *See Martinez*, 2017 U.S. Dist. LEXIS 69608 at *9 (internal citations omitted). Rule 60(b) motions are generally committed to the sound discretion of the Court. *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *In re Emergency Beacon Corp.*, 666 F.2d 754 (2d Cir. 1981)).

i.  Fed. R. Civ. P. 60(b)(4)

Rule 60(b)(4) permits courts to vacate a judgement that is void. *See* FED. R. CIV. P. 60(b)(4). A judgment is void for purposes of Rule 60(b)(4) when the court lacked the legal power to enter the judgment. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). Thus, Rule 60(b)(4) applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010) (internal citations omitted); *see also Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006) ("A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure 'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'") (internal citations omitted). Rule 60(b)(4) does not provide relief for erroneous judgments. *See Espinosa*, 559 U.S. at 270.

ii.  Fed R. Civ. P. 60(b)(6)

Rule 60(b)(6) allows courts to vacate a judgment on equitable grounds in order to do justice. *See Empresa Cubana*, 385 F. App'x at 31 (internal citations omitted). Relief under Rule 60(b)(6) is proper only when there are "extraordinary circumstances" to justify such relief and/or "when the judgment may work an extreme or undue hardship." *See id.* Extraordinary circumstances justifying relief pursuant to Rule 60(b)(6) "typically do not exist where the applicant fails to move for relief promptly." *See Grace*, 443 F.3d at 190 n. 8 (internal citations omitted).

## IV.  **ARGUMENTS**

Vacating a judgment pursuant to Fed. R. Civ. P. 60(b) requires both: (i) circumstances warranting grounds for relief, and (ii) a meritorious claim in the first instance. *See Harper v.*

*Comptroller*, No. 11-CV-1972 (JG), 2012 U.S. Dist. LEXIS 9425, at *3-*4 (E.D.N.Y. Jan. 26,

2012). GMC cannot satisfy either criterion. GMC submitted a brief in opposition to the Turnover

Motion and attended the evidentiary hearing, and thus there were no due process violations

warranting relief under Rule 60(b). *See Espinosa*, 559 U.S. at 270-71. Nor is GMC entitled to relief

from the judgment because it fired its attorney. *See Zimmerling v. Affinity Fin. Corp.*, 478 F. App'x

505, 508 (10th Cir. 2012) (providing that party's "deliberate decision not to retain counsel" is not

grounds for relief under Rule 60(b)).

   a. <u>There are no Circumstances Warranting Grounds for Relief Under Rule 60(b).</u>

  GMC's claim that it was unable to present it defenses concerning personal jurisdiction is

demonstrably false – GMC submitted a brief which argued that the Court lacked personal

jurisdiction over the Turnover Defendants. (Docket entry no. 339.) GMC's sole principal argued

that the Court lacked subject matter jurisdiction over the Turnover Proceedings prior to the

submission of GMC's opposition brief, (docket entry no. 319,) and thus GMC was clearly aware

that subject matter jurisdiction was an issue that it could argue. GMC chose not to do so. GMC's

claim that it has been without counsel for years, and thus should have been subjected to a default

judgment, is wrong on multiple levels.

   i. GMC has been Continuously Represented by Counsel.

  GMC has not been proceeding *pro se* in this action. Local Civil Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or
> displaced only by order of the Court and may not withdraw from a case without
> leave of the Court granted by order. Such an order may be granted only upon a
> showing by affidavit or otherwise of satisfactory reasons for withdrawal or
> displacement and the posture of the case, including its position, if any, on the
> calendar, and whether or not the attorney is asserting a retaining or charging lien.
> All applications to withdraw must be served upon the client and (unless excused by
> the Court) upon all other parties.

S&E D NY USDC Civil LR 1.4. This same rule was in effect when Ms. Bernstein informed the Court of her termination. *See Skyline Steel, LLC v. Pilepro, LLC*, No. 13-CV-8171 (JMF), 2015 U.S. Dist. LEXIS 27123 (S.D.N.Y. Mar. 5, 2015).

Ms. Bernstein should have moved the Court to withdraw as counsel for GMC upon her termination. *See Icebox-Scoops, Inc. v. Finanz St. Honore, B.V.*, No. 07-CV-544 (NG) (SMG), 2018 U.S. Dist. LEXIS 219307, at *5 (E.D.N.Y. July 20, 2018) ("NYRPC Rule 1.16(b)(3) states: 'a lawyer shall withdraw from the representation of a client when … the lawyer is discharged ….'") (citing 22 N.Y.C.R.R. § 1200.0); *In re Chase*, 372 B.R. 142, 149 n. 5 (Bankr. S.D.N.Y. 2007) ("A motion to withdraw is required even if the attorney has been discharged.") (citations omitted). Termination did not relieve Ms. Bernstein of her responsibilities as counsel for GMC – termination is not necessarily sufficient grounds for courts to permit the withdrawal of counsel. *See Icebox-Scoops*, 2018 U.S. Dist. LEXIS 219307 at *5-*6 ("NYRPC Rule 1.16(d) expressly contemplates the scenario in which a court would not allow counsel who has been terminated to withdraw.") (citations omitted). The potential for a default judgment against GMC would have been among the Court's considerations when ruling upon a motion for Ms. Bernstein to withdraw as counsel for GMC. *See Zhen Ming Chen v. Y Cafe N.Y. City Inc.*, No. 14-CV-3967 (JMF), 2015 U.S. Dist. LEXIS 57533, at *3 (S.D.N.Y. May 1, 2015) ("Defendant Y Cafe NYC Inc. is a corporation and may not proceed *pro se* in federal court. Allowing counsel to withdraw would therefore either require the Court to stay proceedings for a significant length of time while the corporate Defendant found new counsel or put the corporate Defendant at great risk for default.").

Ms. Bernstein's letter informing the Court of her termination did not constitute a proper application to withdraw as counsel for GMC. *See Ello v. Singh*, 2008 U.S. Dist. LEXIS 144969, at *3 n. 1 (S.D.N.Y. June 10, 2008) (explaining that letters requesting withdrawal as counsel are

insufficient under Local Rule 1.4 and that attorneys must file a formal motion in order to obtain such relief); *see also L.V. v. N.Y.C. Dep't of Educ.*, No. 19-CV-05451 (AT) (KHP), 2020 U.S. Dist. LEXIS 215550, at *6-*8 (S.D.N.Y. Nov. 17, 2020) (explaining that application to withdraw as counsel must discuss the case calendar so that the court may analyze the impact of withdrawal upon the timing of the proceeding). Therefore, the Court did not enter an order permitting Ms. Bernstein to withdraw as counsel for GMC in this proceeding, and thus Ms. Bernstein never ceased representing GMC in this proceeding. *See* S&E D NY USDC Civil LR 1.4 ("An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order.").

ii.   In the Alternative, if Ms. Bernstein Withdrew as Counsel, then GMC Willfully Defaulted and is not Entitled to Relief Under Rule 60(b).

Alternatively, assuming *arguendo* that Ms. Bernstein withdrew as counsel, GMC was required to obtain new counsel. *See Zimmerling v. Affinity Fin. Corp.*, Civil Action No. 09-cv-01071-CMA-KMT, 2011 U.S. Dist. LEXIS 45423, at *9 (D. Colo. Apr. 26, 2011) ("Defendant's duty to retain substitute counsel was triggered by the withdrawal of [counsel], not Plaintiff's Motion for Default Judgment."). GMC did not do so, and thus GMC still would not be entitled to relief even if the Court converted the judgment against GMC into a default judgment. *See Zimmerling*, 478 F. App'x at 508 (providing that party's "deliberate decision not to retain counsel" is not grounds for relief under Rule 60(b)); *see also Tr. of Carpenters Health & Welfare Tr. Fund v. Cauley Constr. Corp.*, 691 F. Supp. 333, 335 (S.D. Fla. 1988) ("Defendant corporation failed to retain counsel to protect its interest. Therefore, the final default judgment did not 'penalize innocent clients for the forgetfulness of attorneys.'") (citations omitted).

Universitas does not dispute that a corporation's failure to obtain counsel constitutes a failure to defend and results in a default judgment. *See Chiquita Fresh N. Am., LLC v. Long Island*

*Banana Corp.*, No. 14-982 (ADS) (AKT), 2018 U.S. Dist. LEXIS 34763, at *11-*13 (E.D.N.Y. Feb. 28, 2018); *Tormented Souls, Inc. v. Tormented Souls Motorcycle Club Inc.*, No. CV 09-1743 (DRH)(ARL) 2012 U.S. Dist. LEXIS 54043, at *1-*2 & n.1 (E.D.N.Y. Feb. 7, 2012) (providing that failure to obtain new counsel after termination of attorney results in default judgment against corporation). However, parties are not entitled to relief from a default judgment when their default was willful. *See Action S.A. v. Marc Rich & Co*., 951 F.2d 504, 507 (2d Cir. 1991) ("A default should not be set aside when it is found to be willful.").

Assuming *arguendo* that GMC was unrepresented in this proceeding, then GMC willfully defaulted by failing to retain substitute counsel. *See Marano v. Aaboe*, No. 05 Cv 9375 (BSJ), 2006 U.S. Dist. LEXIS 117845, at *6 (S.D.N.Y. Sep. 12, 2006) ("… failing to retain counsel amounts to a willful default."). Conduct is "willful" when it is deliberate. *See American Airlines Ins. Co. v. Eagle Ins. Co*., 92 F.3d 57, 60-61 (2d Cir. 1996). GMC fired Ms. Bernstein – this termination was deliberate, and thus willful. GMC was clearly aware that it did not have counsel in this proceeding and did not retain substitute counsel. *See also Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 387 (E.D.N.Y. 1998) ("… failure to understand the effects of [attorney] dismissal is an insufficient ground under Rule 60(b) …."). GMC had the ability to retain counsel – Mr. Carpenter obtained counsel for GMC in multiple other actions during his incarceration. (*See Carpenter v. Shulman*, Case No. 3:13-cv-563-SRU (D. Conn. Mar. 29, 2017) (docket entry no. 101); *Carpenter v. Allen*, Case No. 3:14-cv-741-KAD (D. Conn. Mar. 31, 2017) (docket entry no. 31);) *see also In re Suprema Specialties, Inc.*, 330 B.R. 40, 52 (S.D.N.Y. 2005) (explaining that where parties "had made a conscious decision not to allocate funds" to defend a particular case, the default was a strategic choice and was deemed "willful").[4] Mr. Carpenter also had access to a

---

[4] The willfulness of GMC's default can also be contextually inferred through the conduct of Daniel

telephone and spoke with his associates daily during his incarceration, (exhibit 4,) and thus was able to discuss this proceeding if he chose to do so. Mr. Carpenter was also in regular contact with attorneys during his incarceration – Mr. Carpenter obtained counsel for himself, executed declarations, and directed legal filings (including filings in this proceeding). (Docket entry no. 559.) GMC had knowledge that it lacked counsel and had the ability to retain new counsel – GMC chose not to retain substitute counsel, and this choice constitutes a willful default. *See Solomon v. 318 Fashion, Inc.*, 93 Civ. 7699 (CSH), 1994 U.S. Dist. LEXIS 17883, at *4-*6 (S.D.N.Y. Dec. 13, 1994) (where defendant was aware of lawsuit but "made absolutely no move to defend this action … until nine months after the judgment of default entered," the court's "inescapable conclusion" was that defendant's "failure to defend the action was deliberate, not inadvertent."). GMC is thus not entitled to relief from a default judgment. *See Marc Rich & Co.*, 951 F.2d at 507 ("A default should not be set aside when it is found to be willful."); *In re Robins*, Nos. 07 B 22753 (ASH), 07-8317A, 2009 Bankr. LEXIS 740, at *17-*18 (Bankr. S.D.N.Y. Jan. 16, 2009) (explaining that a finding of willfulness alone should preclude relief from a default judgment); *see*

---

Carpenter, GMC's sole principal. *See Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013) (explaining that "willfulness" can be provided by context). Mr. Carpenter's general disregard for this Court demonstrates that GMC's default was willful. (*See* docket entry no. 366 at 7 ("The evidence received by this Court concerning the actions of Mr. Carpenter and his affiliates demonstrates an absence of respect … for the orders of this Court."); docket entry no. 376 (finding Daniel Carpenter in contempt of court);) *see also Guggenheim Capital*, 722 F.3d at 455 (explaining that "general disregard for the orders of the district court and provides[s] context for the willfulness of his … violations."). Mr. Carpenter's protracted efforts to delay these proceedings also evidences that GMC's default was willful. (*See* docket entry no. 591 at 9 (" … Carpenter's obstructionist conduct in discovery has already frustrated and delayed Universitas' collection of its judgment. In particular, Carpenter's dilatory tactics … demonstrate that a stay would be unfair to Universitas ….");) *see also Jarblum, Solomon & Fornari, P.C. v. Becker*, No. 87 Civ. 8950 (JFK), 1990 U.S. Dist. LEXIS 17118, at *13-*14 (S.D.N.Y. Dec. 20, 1990) (finding default to be willful when it followed a "pattern of dilatory conduct, resulting in the delay of plaintiff's recovery in this action").

*also City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011) (affirming default judgment where the "defendant withdrew its counsel without retaining a substitute").

>      b.   GMC Lacks a Meritorious Claim for Vacating the Judgment.

>           i.   No Grounds for Relief Under Rule 60(b)(4)

GMC is not entitled to relief under Rule 60(b)(4). Relief under Rule 60(b)(4) is available when "the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *See Espinosa*, 559 U.S. at 271. The issue of personal jurisdiction and the issue of subject matter jurisdiction were both litigated during the Turnover Proceedings – GMC does not provide any case law suggesting that a court which already ruled upon jurisdictional issues lacks "even an arguable basis" for jurisdiction. Nor can there be due process issues, as GMC filed a brief in opposition to the motion seeking judgment against GMC. *See Espinosa*, 559 U.S. at 270-71 (explaining that due process is grounds for relief under Rule 60(b)(4) "only" when the party lacked an "**opportunity to be heard**") (emphasis added).

>           1.   GMC'S ARGUMENTS ARE BARRED BY RES JUDICATA.

GMC's arguments concerning subject matter jurisdiction and personal jurisdiction are barred by res judicata. *See Ostreicher v. Lincoln Nat'l Life Ins. Co.*, No. 17-CV-6904 (NGG) (JO), 2019 U.S. Dist. LEXIS 221110, at *11-*16 (E.D.N.Y. Dec. 23, 2019) (explaining that arguments concerning subject matter jurisdiction and personal jurisdiction are subject to res judicata rather than collateral estoppel). To the extent GMC can convince this Court that the judgment against it should be converted into a default judgment, that default judgment serves as res judicata to GMC's arguments concerning personal jurisdiction and subject matter jurisdiction. *See In re Migell*, Nos. 6:15-bk-10569-KSJ, 6:16-ap-00118-KSJ, 2018 Bankr. LEXIS 595, at *6 (Bankr. M.D. Fla. Mar. 2, 2018) ("[Defendant] had the opportunity to litigate but chose not to participate.... [Defendant]

cannot oppose the preclusive effect of the judgment … when he was an active litigant but simply decided to stop participating and allow the judgment to enter by default.").

        a.    GMC's Arguments are Barred by Res Judicata as a Result of its Involvement in the Turnover Proceedings.

GMC appeared in this proceeding and submitted a brief in opposition to the motion seeking judgment against it. (Docket entry no. 339.) This brief made the same argument GMC makes in its motion to vacate – Section 302(a)(3)(ii) did not provide personal jurisdiction over the Turnover Respondents. (Docket entry no. 339 at 17-20.) GMC's sole principal filed a brief arguing subject matter jurisdiction prior to the submission of GMC's opposition brief, (docket entry no. 319,) and thus GMC was necessarily aware that it "could" argue the issue of subject matter jurisdiction. GMC now argues that the Court lacked both subject matter jurisdiction and personal jurisdiction over the Turnover Respondents – these arguments are barred by res judicata. (Docket entry no. 366 at 10;) *see also Akhenaten*, 544 F. Supp. 2d at 330 (providing when arguments "could have" been argued during prior action).

        b.    GMC's Arguments are Barred by Res Judicata Because GMC is in Privity with the Other Turnover Respondents.

All of the Turnover Respondents were in privity with each other. *See Melwani v. Jain*, 2004 U.S. Dist. LEXIS 16867, at *5 (S.D.N.Y. Aug. 23, 2004) ("Privity may be found where a party's interest in litigation is virtually identical to an interest it had in a prior litigation, where it was not actually named, but can be said to have had 'virtual representation.'") (quoting *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995)); *Akhenaten*, 544 F. Supp. 2d at 328-30 (providing that parties are in privity when they share common interests in issues that are dispositive as to liability for all defendants); *see also Zoll v. Ruder Finn, Inc.*, 02 Civ. 3652 (CSH), 2003 U.S. Dist. LEXIS 17514, at *20-*23 (S.D.N.Y. Oct. 2, 2003) (providing that privity exists

when the claims in the prior action and the subsequent action are identical and the actions involve the same witnesses, facts and legal theories). This privity is reinforced by Mr. Carpenter's control over all of the Turnover Respondents. *See Sash v. City of N.Y.*, No. 04-CV-0976 (ENV)(LB), 2008 U.S. Dist. LEXIS 121630, at *16-*17 (E.D.N.Y. Jan. 18, 2008) ("Privity has been found and res judicata will apply where … the 'litigation strategy [was] provided by the same 'mastermind' who controlled the previous litigation.'") (citations omitted).

GMC was most undeniably in privity with its "sister company" Avon. *See Melwani*, 2004 U.S. Dist. LEXIS 16867 (finding a defendant company and its "sister company" to be in privity for res judicata purposes); *Grynberg v. BP P.L.C.*, 855 F. Supp. 2d 625, 649-50 (S.D. Tex. 2012) (same); *see also In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 19 (1st Cir. 2003) (finding parties to be in privity when entities were sister companies who shared a common economic interest in successful litigation of claim). Mr. Carpenter operated both Avon and GMC as part of a criminal conspiracy to, *inter alia*, defalcate and launder money belonging to Universitas – Avon and GMC are further in privity by nature of their co-conspirator relationship.[5] *See 7 W. 57th St. Realty Co., LLC v. CitiGroup, Inc.*, 2015 U.S. Dist. LEXIS 44031, at *86-*88 (S.D.N.Y. Mar. 31, 2015) (providing that co-conspirators are in privity). Ms. Bernstein also simultaneously represented both Avon and GMC. *See Ruiz v. Comm'r of the Dep't of Transp.*, 858 F.2d 898, 903 (2d Cir. 1988) (explaining that the fact that the parties had the same attorney is of "singular significance" in the privity analysis).

Neither Avon nor GMC are New York citizens. (Docket entry no. 474 at 5.) Counsel for Avon attended oral argument and argued that *Peacock v. Thomas* precluded the Court from

---

[5] Litigation concerning Avon and GMC's co-conspirator relationship is barred by collateral estoppel. *See Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 43 (2d Cir. 1986) (citations omitted).

exercising subject matter jurisdiction over the Turnover Proceedings. (Docket entry no. 471 at 21-22.) Avon co-submitted GMC's opposition brief contesting personal jurisdiction. (Docket entry no. 339.) Avon then filed a supplemental brief contesting personal jurisdiction. (Docket entry no. 460.) Avon then moved the Court to reconsider the judgment by again contesting the Court's personal jurisdiction. (Docket entry no. 482.) To the extent GMC's arguments differ from Avon's argument, Avon clearly could have made the arguments asserted by GMC. *See Akhenaten*, 544 F. Supp. 2d at 330. GMC's arguments concerning personal jurisdiction and subject matter jurisdiction are thus barred by res judicata. (Docket entry no. 366 at 10.)

2.   GMC'S ARGUMENTS ARE MERITLESS IN THEIR OWN RIGHT.

a.   The Court Correctly Determined that there was Subject Matter Jurisdiction over the Turnover Proceedings.

The Court provided four bases for its subject matter jurisdiction over the Turnover Proceedings, including federal question jurisdiction and diversity jurisdiction. (Docket entry no. 474 at 2 ("The Court has jurisdiction of these proceedings pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1441 and 1367.").) GMC seeks to vacate the judgment for lack of subject matter jurisdiction, and thus necessarily contests all four bases of the Court's subject matter jurisdiction. GMC also contests the Court's personal jurisdiction because it is not a citizen of New York, and thus effectively concedes that this Court has subject matter jurisdiction.

GMC's attack on the Court's subject matter jurisdiction alleges only that GMC was "deprived" of the opportunity to argue *Peacock v. Thomas*. (Docket entry no. 679 at 16.) *Peacock* is inapplicable to proceedings with diversity jurisdiction. *See C.F. Trust, Inc. v. First Flight Ltd. P'Ship*, 306 F.3d 126, 133 (4th Cir. 2002); *Shaw v. AAA Eng'g & Drafting Inc.*, 138 Fed. App'x. 62, 68 (10th Cir. 2005); *see also CSX Transp., Inc. v. Filco Carting Corp.*, No. 10-CV-1055 (NGG) (JMA), 2011 U.S. Dist. LEXIS 74625, at *3-*5 (E.D.N.Y. July 7, 2011) (explaining that *Peacock*

is inapplicable when plaintiff establishes federal subject matter jurisdiction by means of diversity jurisdiction). *Peacock* is also irrelevant for matters with federal question jurisdiction. *See Nationwide Gen. Ins. Co. v. Cela*, No. 3:16-cv-02054 (SRU), 2017 U.S. Dist. LEXIS 539, at *4-*6 (D. Conn. Jan. 4, 2017). GMC's attempt to vacate the judgment for lack of subject matter jurisdiction is plainly meritless.

                                            b.   The Court Correctly Determined that it had Personal Jurisdiction over the Turnover Respondents.

GMC's claim that the Court erred in finding personal jurisdiction over the Turnover Respondents because the Court's finding is incompatible with *Walden v. Fiore* is equally meritless. This Court's findings are consistent with *Walden* – courts continue to cite this Court's analysis of personal jurisdiction as precedent for the exercise of personal jurisdiction. *See Broker Genius, Inc. v. Seat Scouts LLC*, No. 17-Cv-8627 (SHS), 2019 U.S. Dist. LEXIS 145964, at *15-*16 (S.D.N.Y. Aug. 27, 2019); *First Horizon Bank v. Moriarty-Gentile*, No. 10-CV-00289 (KAM)(RER), 2016 U.S. Dist. LEXIS 153050, at *10-*12 (E.D.N.Y. Nov. 3, 2016); *Ezra v. Wilton Grp. Inc.*, 2018 NY Slip Op 32491(U), at *5-*6 (Sup. Ct. Oct. 2, 2018); *see also Hepp v. Ultra Green Energy Servs.*, No. 16 C 8440, 2016 U.S. Dist. LEXIS 160783 (N.D. Ill. Nov. 21, 2016) (citing this Court's analysis within context of *Walden* and finding personal jurisdiction over defendants).

Contrary to GMC's claims, the Court found that GMC purposefully availed itself of New York. The Court clearly articulated that: (i) Mr. Carpenter controlled all of the Turnover Respondents (including GMC), (ii) Mr. Carpenter knew that Universitas was asserting its claim to the Spencer Insurance Proceeds and was contemplating litigation, (iii) Mr. Carpenter knew that Universitas was required to arbitrate in New York, and that any confirmed award would result in a New York judgment, and (iv) Mr. Carpenter, in his capacity as principal of all Turnover Respondents (including GMC), fraudulently conveyed the entirety of the Spencer Insurance

Proceeds, and thus intentionally rendered the prospective New York judgment unrecoverable. (Docket entry no. 474 at 10-11.) The Court thus properly ruled that Mr. Carpenter purposefully directed his actions at New York and thus availed himself of New York jurisdiction. (Docket entry no. 474 at 11.) This finding was consistent with *Walden*. *See Walden v. Fiore*, 571 U.S. 277, 285-86 (2014) ("[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him…. These same principles apply when intentional torts are involved. In that context … [a] forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum."). The court in *7 W. 57th St. Realty Co., LLC v. CitiGroup, Inc.* explained the impact of *Walden* upon Section 302(a)(3):

> [W]here 'the conduct that forms the basis for the controversy occurs entirely out-of-forum, and the only relevant jurisdictional contacts with the forum are therefore in-forum effects harmful to the plaintiff,' a court is to employ 'an 'effects test,' by which 'the exercise of personal jurisdiction may be constitutionally permissible if the defendant expressly aimed its conduct at the forum' …. [T]he defendant must have intentionally caused — i.e., expressly aimed to cause — an effect in the forum through his conduct elsewhere.

*CitiGroup, Inc.*, 2015 U.S. Dist. LEXIS 44031 at *33-*34 (internal citations omitted). This is precisely what the Court found. (Docket entry no. 474 at 10-11.) GMC's personal jurisdiction argument is entirely meritless.

### c.   GMC was not Denied Due Process.

GMC was served with process, appeared in this proceeding, and submitted a brief in opposition to the motion seeking judgement against it – there is no meritorious argument that GMC was deprived of due process in this proceeding. *See Espinosa*, 559 U.S. at 270-71 (explaining that a party is deprived of due process for purposes of Rule 60(b)(4) when they are "deprive[d] … of notice or the opportunity to be heard"); *see also Kastrat v. United States Fire Ins. Co.*, 2011 U.S.

Dist. LEXIS 174422, at *15 (S.D.N.Y. Feb. 16, 2011) ("The due process allegation is ironic, in that [defendant] had ample notice and opportunity to be heard, but simply chose not to participate."). Moreover, barring GMC's arguments on res judicata grounds comports with due process. *See Stichting Ter Behartiging Van De Belangen Van Oudaandeelhouders in Het Kapitaal Van Saybolt Int'l B.V. v. Phillippe S.E. Schreiber*, 327 F.3d 173, 184-85 (2d Cir. 2003) (explaining that doctrine of privity is "shaped by fundamental notions of due process").

ii.  GMC Is Not Entitled to Relief Under Rule 60(b)(6).

GMC voluntarily terminated its counsel – the voluntary termination of counsel is not an "exceptional circumstance" warranting relief under Rule 60(b)(6). *See Jedrejcic v. Croation Olympic Comm.*, 190 F.R.D. 60, 79 (E.D.N.Y. 1999) (explaining that "Rule 60(b) should not be employed to relieve a party from a voluntary, deliberate choice that later turns out to be unfortunate") (citations omitted). Nor is GMC's failure to retain substitute counsel an "exceptional circumstance" warranting relief under Rule 60(b)(6). *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) ("To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay. If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable.") (internal citations omitted).

1.  GRANTING GMC'S MOTION TO VACATE THE JUDGMENT WOULD UNDERMINE THE PUBLIC'S CONFIDENCE IN THE JUDICIAL PROCESS.

GMC concedes that the Court should consider "the risk of undermining the public's confidence in the judicial process" when contemplating relief under Rule 60(b)(6). (Docket entry no. 679 at 21.) Granting relief to GMC would undermine the public's confidence in the judicial process, and thus the Court should deny GMC's Motion to Vacate the judgment. This dispute began as an arbitration ten years ago. (Docket entry 6-3.) Universitas won the arbitration and has

been "diligently trying to collect its judgment" ever since. (Docket entry no. 591 at 9.) This proceeding "should have been an ordinary and straightforward action to confirm and collect upon an arbitration award." (Docket entry no. 253 at 30-31.) Instead, this dispute has devolved into a series of protracted legal proceedings in numerous courts – the **entirety** of this litigation has been "necessitated by the relentless efforts of Nova and its affiliates to prevent Universitas from realizing the benefit of its arbitration victory." (Docket entry no. 490 at 4.) These litigations have largely consisted of frivolous motions intended to injure Universitas. (Docket entry no. 592 at 11.) Given these circumstances, granting relief to GMC would undermine the public's confidence in the judicial system:

> [C]easeless filings, including in direct contravention of court orders, undermine public confidence in the judicial system, particularly if litigants are allowed to disobey court orders with little to no repercussion. While litigants are, of course, entitled to their day in court, this does not equate to a right to intentionally seek duplicative and meritless litigation through sheer abuse of the legal process. Just as justice is not served where one is denied access to the courts, so, too, may it be hindered if a party cannot protect itself from litigation that has traversed into the realm of harassment for harassment's sake.

*Ex'r of the N.Y. Estate of Kates v. Pressley & Pressley*, No. 11-CV-3221 (JFB)(ARL), 2013 U.S. Dist. LEXIS 16873, at *22-*23 (E.D.N.Y. Feb. 7, 2013) (internal citations omitted).

2. GMC'S ALLEGED LACK OF NOTICE OF THE JUDGMENT IS NOT GROUNDS FOR RELIEF.

GMC's claim that it lacked notice of the judgment, and thus missed its chance to appeal, is nonsensical as GMC's sole principal controlled every single Turnover Respondent – to the extent any Turnover Respondent had notice of the judgment, GMC also had notice of the judgment. Numerous Turnover Respondents moved the Court to reconsider its judgment, and thus were clearly aware of the judgment. (Docket entry no. 482.) Mr. Carpenter was also deposed as part of post-judgment collection efforts, thus further demonstrating his awareness of the judgment.

(Docket entry no. 591.) Furthermore, GMC's argument concerning its alleged lack of knowledge about the entry of judgment is entirely predicated upon its claim that it lacked counsel – GMC's failure to retain counsel does not provide grounds for relief under Rule 60(b):

> Even if the Court accepts as true Defendant's claim that it lacked actual notice, this would be insufficient grounds to vacate the judgment…. Defendant's lack of 'actual notice' resulted from its own inexcusable neglect. Carelessness does not mandate relief under Rule 60(b)…. [I]t was not [plaintiff]'s responsibility to ensure that Defendant met its litigation obligations…. Regardless of whether Defendant lacked actual knowledge of the Motion for Default Judgment, Defendant's duty to retain substitute counsel was triggered by the withdrawal of [counsel], not Plaintiff's Motion for Default Judgment…. Defendant's claim that it lacked 'actual knowledge' of the actual filing of the Motion for Default Judgment is irrelevant because that assertion does not adequately explain its failure to retain substitute counsel. In this regard, Defendant offers only minimal explanation for its failure to retain substitute counsel or to take other action to protect its interests in this matter.

*Zimmerling*, 2011 U.S. Dist. LEXIS 45423 at *8-*10.

### 3.   GMC'S CLAIM FOR RELIEF IS TIME-BARRED.

GMC waited over six years after judgment was entered to seek relief, and thus its claim is time-barred. *See* FED. R. CIV. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time …."); *Wells v. N.Y.C. Transit Auth.*, 2013 U.S. Dist. LEXIS 172995 (S.D.N.Y. Dec. 9, 2013) ("The Second Circuit has interpreted a 'reasonable time' as eighteen months, unless the movant shows good cause for the delay or mitigating circumstances.") (citing *Rowe Entm't v. William Morris Agency, Inc.*, 2012 U.S. Dist. LEXIS 161313 (S.D.N.Y. Nov. 8, 2012)); *see also Truskoski v. ESPN, Inc.*, 60 F.3d 74, 76-77 (2d Cir. 1995) (finding Rule 60(b)(6) motion filed eighteen months after judgment to be time-barred); *Hoffenberg v. United States*, 2010 U.S. Dist. LEXIS 40495, at *11-*13 (S.D.N.Y. Apr. 26, 2010) (finding Rule 60(b)(6) motion time-barred after two and a half year delay). GMC's assertion that Mr. Carpenter's incarceration prevented GMC from bringing its Rule 60(b) motion sooner does not constitute good cause for the delay in seeking relief from the judgment. *See Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) ("…

bare assertions that the conditions of his confinement prevented him from filing his [Rule 60(b)] motion earlier are insufficient to excuse the delay.") (citing *Jones v. Phipps*, 39 F.3d 158, 163-64 (7th Cir. 1994) (enduring ordinary hardships of incarceration does not excuse failure to respond within a reasonable time)).

### 4.  GMC COULD HAVE APPEALED THE JUDGMENT.

Ms. Bernstein should have moved to withdraw as counsel for GMC upon her termination. *See Icebox-Scoops*, 2018 U.S. Dist. LEXIS 219307 at *5. She did not do so, and thus GMC continues to be represented by Ms. Bernstein. *See* S&E D NY USDC Civil LR 1.4 ("An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order."). Ms. Bernstein could have appealed the judgment against GMC.

To the extent GMC seeks relief from the judgment because Ms. Bernstein failed to withdraw as counsel, this constitutes grounds for relief under Fed. R. Civ. P. 60(b)(1). *See Carcello v. TJX Cos.*, 192 F.R.D. 61, 64-65 (D. Conn. 2000) (explaining that attorney's failure to withdraw when compelled to do so is "counsel's error" and thus analyzed under Rule 60(b)(1)). Thus, Ms. Bernstein's failure to withdraw is not grounds for relief under Rule 60(b)(6). *See Pioneer Inv. Servs.*, 507 U.S. at 393 (explaining that Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive" and thus grounds for relief under Rule 60(b)(1) cannot constitute grounds for relief under Rule 60(b)(6)). GMC is not entitled to relief under Rule 60(b)(1). GMC's motion is untimely, and thus barred by Rule 60(b)(1). *See id.* ("[A] party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)."). Nor would GMC be entitled to relief under Rule 60(b)(1) if its motion was timely. *See Carcello*, 192 F.R.D. at 65 (explaining that "once [client selects counsel], the client 'cannot thereafter avoid

the consequences of that counsel's negligence.'"); *Silver v. Dalessandro*, No. 15-CV-3462 (ARR) (ST), 2019 U.S. Dist. LEXIS 187692, at *8-*9 (E.D.N.Y. Oct. 28, 2019) ("To that end, courts in this Circuit have repeatedly refused to find excusable neglect where a petitioner's claim is based on his or her attorney's failure to file a document or meet a deadline based on that attorney's carelessness or negligence."); *Jarblum*, 1990 U.S. Dist. LEXIS 17118 at *7 ("In the Second Circuit, the practice is to refuse relief to a client if judgment was entered against him 'due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or of the rules of the court, or his inability to efficiently manage his caseload.'") (citations omitted); *Cobos*, 179 F.R.D. at 386 ("Within the Second Circuit, a 'client is not generally excused from the consequences of his attorney's negligence absent extraordinary circumstances.'") (internal citations omitted).

## V.    CONCLUSION

For the aforementioned reasons, Universitas respectfully requests that the Court deny GMC's Motion to Set Aside the Judgment in its entirety, and also provide any additional relief that the Court deems just and equitable.

Dated: January 19, 2021

LAW OFFICES OF JOSEPH L. MANSON III

*/s/* Benjamin Chernow                                    /
Benjamin Chernow
NYS Bar No. 5597786
Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314
(301) 633-2163
bchernow@jmansonlaw.com

*Attorney for Universitas Education, LLC*