**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC,<br><br>                    Petitioner,<br><br>v.<br><br>NOVA GROUP, INC., as trustee, sponsor, and fiduciary of THE CHARTER OAK TRUST WELFARE BENEFIT PLAN, et al.<br><br>                    Respondent. | No.: 1:11-cv-1590-LTS-HBP<br><br>Hon. Laura Taylor Swain<br><br>**ORAL ARGUMENT REQUESTED** |
| NOVA GROUP, INC., as trustee, sponsor, and fiduciary of THE CHARTER OAK TRUST WELFARE BENEFIT PLAN, et al.<br><br>                    Petitioner,<br><br>v.<br><br>UNIVERSITAS EDUCATION, LLC,<br><br>                    Respondent. | No.: 1:11-cv-8726-LTS-HBP |

**RESPONDENT GRIST MILL CAPITAL, LLC'S**
**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**ITS MOTION UNDER RULE 60(b) FOR RELIEF FROM JUDGMENTS**

                                                **MINTZ & GOLD LLP**

                                                Roger L. Stavis
                                                Kevin M. Brown
                                                600 Third Avenue, 25th Floor
                                                New York, New York 10016
                                                (212) 696-4848 (t)
                                                (212) 696-1231 (f)
                                                stavis@mintzandgold.com
                                                brown@mintzandgold.com
                                                *Attorneys for respondent*
                                                *Grist Mill Capital, LLC*

GMC[1] submits this reply brief in support of its motion under Rule 60(b) for relief from the Turnover Judgments. This Court should give GMC a chance to raise defenses GMC could not previously raise because it lacked representation for years, including when this Court considered whether it had personal jurisdiction over the parties. The Court should certainly not allow Universitas to silence GMC with threats of sanctions against its newly-appointed counsel at this late date.

## PRELIMINARY STATEMENT

Entities cannot appear and defend an action without counsel. Yet, when respondent GMC—an entity—lacked counsel, petitioner Universitas continued proceeding on the merits against GMC. Universitas could have asked for a stay until GMC retained new counsel. It could have sought a default against GMC and secured a default judgment. Instead, Universitas pushed forward seeking a merits judgment against GMC, an entity with no ability to assert any defenses, including its objection to this Court's assertion of personal jurisdiction based on the then-recently decided *Walden v. Fiore*, 571 U.S. 277 (2014). GMC asks in this motion for a chance to be heard on that issue.

For Universitas's part, it not only opposes GMC's efforts to speak about personal jurisdiction, but Universitas also seeks to silence GMC altogether. To that end, Universitas began threatening sanctions against GMC's lead counsel and his firm from

---

[1] We use any capitalized term not defined in this memorandum as we defined those terms in GMC's moving Memorandum of Law. (*See Universitas Educ., LLC v. Nova Group, Inc.*, No. 1:11-cv-1590-LTS-HBP ECF No. 697; *Nova Group, Inc. v. Universitas Educ., LLC*, No. 1:11-cv-8726-LTS-HBP ECF No. 420.) All future references to an "ECF No." refer to the docket in *Universitas Educ., LLC v. Nova Group, Inc.*, No. 1:11-cv-1590-LTS-HBP.

their very first interaction.[2] Universitas then sent GMC's counsel a letter stating that Universitas "will move for sanctions irrespective of whether" GMC withdrew the motion under Rule 11's safe-harbor provision.[3] (*See* Stavis Dec. ¶¶ 10–11, Exh. A.) Out of an abundance of caution, GMC withdrew its prior version of this motion. (ECF Nos. 695, 699.). In this renewed motion, GMC dropped any argument based on subject matter jurisdiction and focused more narrowly on how Universitas's decision not to seek a default judgment should not prevent GMC from asserting a personal jurisdiction defense through Rule 60(d)(4). When GMC re-filed this new request for relief under Rule 60(b), (ECF Nos. 696–98), Universitas made good on its earlier threat by once again serving GMC with a threat of sanctions under Rule 11. (Stavis Dec. ¶¶ 22–24, Exhs. D–E.) Try as it might, Universitas's bad faith threats neither intimidated nor will it intimidate GMC and its counsel. The Court should disregard Universitas's efforts to muzzle GMC and relieve GMC from the Turnover Judgments either under Rule 60(b)(4) or 60(b)(6).

Universitas apparently feels compelled to try to silence GMC and intimidate its counsel because it does not want to address GMCs motion on the merits. In opposing that motion, GMC cites no authority precluding GMC's request for relief. Instead, GMC resorts to distorting the record and seeking to misdirect the Court. But Universitas's decision to look the other way as GMC appeared as an unrepresented entity should not deny GMC a chance to speak about the lack of personal jurisdiction here, an opportunity

---

[2] Universitas's counsel threatened GMC's counsel with sanctions during GMC's pre-motion teleconference held under this Court's Individual Practices Rule A.2.b.i.(1)—before Universitas's counsel had even seen GMC's motion papers. (*See* Mar. 12, 2021 Declaration of Roger Stavis ("Stavis Dec.") ¶ 6.)

[3] Universitas's motion for sanctions seeks to deprive GMC of counsel by seeking:(i) Universitas's counsel fees in responding to this motion, and (ii) disgorgement by GMC's counsel of any fees his firm received from GMC. (*See* Stavis Dec. ¶¶ 22–26, Exhs. D–E.)

GMC would have now if Universitas had instead sought a default judgment against GMC. Thus, considerations of due process mandate that GMC can assert its defenses via Rule 60(b).

**ARGUMENT**

Rule 60(b)(4) "authorizes the court to relieve a party from a final judgment if 'the judgment is void.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (quoting Fed. R. Civ. P. 60(b)(4)). Had Universitas sought a default judgment against the voiceless GMC, Rule 60(b)(4) would have authorized GMC to challenge this Court's exercise of personal jurisdiction over GMC. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982)) (noting that it is "well settled that voidness of a judgment for lack of personal jurisdiction can be asserted on a collateral challenge after entry of a default judgment.") That GMC had actual notice of the proceedings is immaterial. *See DiSapio*, 540 F.3d at 123; *see also Reefer Tek LLC v. El Dorado Trailer Leasing, LLC*, No. 17 CIV. 1809 (ER), 2019 WL 5727315, at *3 (S.D.N.Y. Nov. 5, 2019). Thus, unless the Court relieves GMC from the Turnover Judgments, Universitas's decision to pursue a judgment on the merits against a defenseless, pro se entity effectively deprived that entity of its only opportunity to oppose this Court's assertion of personal jurisdiction.

For this Court to exercise personal jurisdiction over GMC, "three requirements must be met. 'First, the plaintiff's service of process upon the defendant must have been procedurally proper. Second, there must be a statutory basis for personal jurisdiction that renders such service of process effective. Third, the exercise of personal jurisdiction must comport with constitutional due process principles.'" *Waldman v. Palestine*

*Liberation Org.*, 835 F.3d 317, 327–28 (2d Cir. 2016) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–60 (2d Cir. 2012). In *Walden v. Fiore*, the United States Supreme Court limited this Court's ability to exercise jurisdiction under N.Y. C.P.L.R. § Section 302(a)(3)(ii), requiring a more significant nexus between the conduct at issue and the state. Here, all the behavior addressed in the Turnover Motions occurred not in New York, but Connecticut. And Universitas's decision not to seek a default from GMC should not prevent GMC from arguing that the Court lacks personal jurisdiction over it relying on *Walden v. Fiore*.

Alternatively, Rule 60(b)(6) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) authorizes a court to relieve a party from a final judgment under "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78, 197 (2017) "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Id.* (internal quotations removed). The Second Circuit has explained, Rule 60(b)(6) "constitutes a grand reservoir of equitable power to do justice in a particular case[.]" *See, e.g.*, *Matarese v. Lefevre*, 801 F.2d 98, 106 (2d Cir. 1986) (*citing Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir.1963) *(*quoting *7 Moore's Federal Practice*, at p. 308). Rule 60(b)(6) is a catch-all that "allows courts to vacate judgments whenever necessary to accomplish justice." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citing *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988)).

GMC's predicament here—lacking a lawyer or access to its principal at a critical juncture—calls out for the kind of equitable relief of Rule 60(b)(6). The Court should not reward Universitas's decision to ignore GMC's default and move forward on the merits as though GMC could proceed pro se. The Court should grant GMC relief.

In opposing this motion, Universitas has cited no decision conveying to it the power to deprive GMC of its rights by proceeding against the unrepresented entity on the merits. Instead, Universitas resorts to repeatedly misrepresenting the record and trying to mislead this Court. First, Universitas argues that GMC had counsel throughout this matter because its one-time counsel, Carole Bernstein, never formally withdrew. (*See* Petitioner's Memorandum of Law in Opposition to Grist Mill Capital, LLC's Motion to Set Aside Judgment (ECF No. 703) ("Opp. Memo.") at 8–10 (citing this Court's local rules and the New York Rules of Professional Conduct).) But that argument elevates form over substance. While it is true that Ms. Bernstein never formally withdrew as counsel for GMC, it is also true that after submitting a letter to the Court saying she had been fired in May 2014, Ms. Bernstein never filed another document for GMC and never appeared at another proceeding in the ensuing six-plus years, especially during the critical summer months of 2014 when this Court considered jurisdictional questions. Among other things, Ms. Bernstein failed to submit the Court-requested supplemental briefing on jurisdictional issues. (*See* ECF Docs. Nos. 459–60.) And then she did not appear for oral argument on those same jurisdictional issues. (*See* ECF No. 471 at 1–2 (listing appearances).)[4] It is also true that Universitas chose never to call attention to

---

[4]   Universitas misleadingly implies that GMC participated in events after Carole Bernstein's discharge by referring to the "Turnover Defendants" collectively. Thus, Universitas states that the Turnover Defendants "filed a supplemental opposition brief" and "attended oral argument." (Opp. Memo. at 4.) But GMC filed no supplemental brief. GMC did not attend the oral argument. As a result,

GMC's evident lack of counsel by asking GMC to retain new counsel or threatening a default. But Universitas still asks this Court to conclude that Ms. Bernstein has represented GMC's interests here throughout—even down to today. (*See* Opp. Memo. at 8–10.) Practically speaking, GMC lacked counsel, notwithstanding Ms. Bernstein's lack of a formal withdrawal. Inarguably, GMC defaulted years ago. Universitas's remedy at that point should have been to seek a default judgment.

Second, Universitas contends that GMC lacks a meritorious defense to turnover because the Court has already resolved the personal jurisdiction issue. (*See* Opp. Memo. at 10–19.) But GMC has never had a chance to address the Court asserting personal jurisdiction over GMC specifically. And a party seeking relief under Rule 60(b)(4) need not present a meritorious defense. *See Glob. Gold Mining, LLC v. Ayvazian*, 983 F. Supp. 2d 378, 384 (S.D.N.Y. 2013), *aff'd in part, modified in part sub nom. Glob. Gold Min., LLC v. Ayvazian*, 612 F. App'x 11 (2d Cir. 2015) (citing *Covington Indus. v. Resintex A.G.*, 629 F.2d 730, 733 n.3 (2d Cir.1980).) For purposes of the relief GMC seeks under Rule 60(b), **no one** has litigated the effect of *Walden v. Fiore* on this Court's assertion of jurisdiction here. The United States Supreme Court had not yet issued *Walden v. Fiore* when GMC joined a November 2013 brief opposing turnover and arguing lack of personal jurisdiction. After joining in that brief, GMC, lacking counsel, did not participate in later proceedings—proceedings specifically relating to the presence of personal jurisdiction. But the parties that did participate failed to invoke *Walden v. Fiore*. (*See* ECF Nos. 460 (June 2014 supplemental briefing), 471 (transcript of July 2014 hearing), 482 (brief in support of the motion to reconsider).) The parties

---

Universitas's assertions that the "Turnover Defendants," i.e., all of the Turnover Defendants, participated in those events are false.

never litigated the question of *Walden v. Fiore's* effect on the personal jurisdictional analysis here and the Court's decision on personal jurisdiction never cited *Walden v. Fiore*. (*See* ECF No. 474.)[5] GMC asks now that the Court allow GMC to do so.

Moreover, whether by application of law of the case, res judicata, waiver, or some other doctrine, precluding GMC from presenting a defense here would grant to Universitas—and future parties similarly situated to Universitas—the power to foreclose an unrepresented entity's ability to collaterally challenge personal jurisdiction via Rule 60(b)(4) by proceeding against the silent party on the merits rather than seeking a default. Allowing Universitas to do so undermines years of precedent authorizing collateral attacks on personal jurisdiction by non-appearing parties.

Universitas also contends that the Court cannot grant GMC relief under Rule 60(b) because GMC "willfully defaulted." (*See* Opp. Memo. at 20–22.) Relying on case law applicable to default judgments, Universitas reasons that the judgment against GMC should not be relieved. Universitas reasons that GMC chose to discharge Carole Bernstein, causing the default. Thus, even if Universitas had pursued a default judgment, Universitas contends GMC could not seek relief under Rule 60(b) now. But the case law in this Circuit is to the contrary. A defendant "is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds." *DiSapio*, 540 F.3d at 123 (*quoting Ins. Corp. of Ireland,* 456 U.S. at 706). That "rule applies even as to a defendant, moving under Rule 60(b)(4), who received notice of the original lawsuit through service of process." *DiSapio*, 540

---

[5] Universitas also contends that the Court's existing decision about personal jurisdiction binds GMC because the other parties—who had counsel—were in privity with GMC. (*See* Opp. Memo. at 14–16.) But Universitas cannot answer the fundamental question that bars any finding of privity: if GMC and, for example, Avon Capital, LLC were in privity, why did Avon, which Carole Bernstein had also represented, get new counsel, (*see, e.g.*, ECF No. 460), when GMC did not?

F.3d at 123. In other words, even if GMC had made a tactical decision to default—rather than defaulting because it lacked counsel—such a default would not preclude a subsequent challenge to personal jurisdiction under Rule 60(b)(4). And nothing in the decisions Universitas cites is to the contrary.[6]

Applicable case law does restrict a defaulting party's ability to challenge personal jurisdiction via Rule 60(b) after participating in the litigation *of that issue*. *See* Fed. R. Civ. P. 12(h); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138–42 (2d Cir. 2011). But Universitas does not contend that GMC waived its defense to personal jurisdiction either by failing to raise it or by litigating the issue, losing on the issue, and then defaulting. *See id.* Instead, Universitas contends that GMC raised the issue in its only responsive filing and defaulted before the issue's resolution. (*See generally* Opp. Memo.) GMC never litigated the issue of personal jurisdiction. Nothing in the caselaw suggests such conduct would rise to the level of a waiver of a defense to personal jurisdiction under Rule 12(h).

Finally, Universitas contends that the Court should not find a due process violation because "GMC submitted a brief in opposition to the Turnover Motion and attended the evidentiary hearing." (Opp. Memo. at 18–19; *see also* Opp. Memo. at 8;

---

[6] In arguing a deliberate decision not to retain counsel precludes relief, Universitas cites two decisions from other courts: *Zimmerling v. Affinity Fin. Corp.*, No. 09-CV-01071-CMA-KMT, 2011 WL 1595151, at *4 (D. Colo. Apr. 27, 2011), *aff'd*, 478 F. App'x 505 (10th Cir. 2012) and *Tr. of Carpenters Health & Welfare Tr. Fund of S. Fla. v. Cauley Const. Corp.*, 691 F. Supp. 333, 335 (S.D. Fla. 1988). (*See* Opp. Memo. at 10.) But neither decision involved a party invoking Rule 60(b)(4) to challenge a court's personal jurisdiction. Instead, both involved efforts to vacate default judgments entered after the party seeking the default did what Universitas chose not to do here: advise the unrepresented defaulting party to retain counsel, then seek a default. *See Zimmerling*, No. 09-CV-01071-CMA-KMT, 2011 WL 1595151, at *3 ("Defendant was repeatedly warned that failure to retain substitute counsel could lead to a default judgment."); *see also Cauley Const. Corp.*, 691 F. Supp. at 334 ("Plaintiffs, however, recount that they suggested Defendant retain its own counsel.") Universitas never acknowledged GMC's lack of counsel at all. As a result, Universitas's reliance on those decisions is puzzling as they provide a roadmap for how Universitas should have—but did not—behave here.

Opp. Memo. at 13 (arguing that the Court afforded GMC an "***opportunity*** to be heard" (emphasis is original)).) As stated above, in November 2013, Ms. Bernstein did sign on to an opposition brief filed on behalf of seven of the ten Turnover Respondents—including GMC—by counsel for the judgment debtor, Nova. (*See* ECF No. 339.) And that brief—GMC's first responsive filing to the Turnover Motion did assert a personal jurisdiction defense, satisfying Rule 12(h). But Universitas's contention that Ms. Bernstein attended ***the*** evidentiary hearing relating to the Turnover Motion is deliberately misleading. The Court held two hearings on the Turnover Motion. The first, held in November 2013 pertaining to Universitas's request for injunctive relief ***against respondent Dan Carpenter***. (*See* ECF No. 357 at 3:15–18 ("THE COURT: . . . . Well as I understand it, the issue of today's proceeding is limited to the preliminary injunction application against Mr. Carpenter.") While Ms. Bernstein did attend, she merely introduced herself (from the gallery), identified her clients, and never spoke again. (*See id.* at 2:13–3:6.) The Court held a second hearing—focused on issues related to the Court's jurisdiction, (*see* ECF No. 464), in June 2014. (*See* ECF No. 471.) Ms. Bernstein did not attend that hearing—no one representing GMC did. (*See id.* at 1–2 (listing appearances).) Thus, Universitas's argument that GMC had a chance to speak to questions of personal jurisdiction arising from the Turnover Motion because Ms. Bernstein attended the hearing on the subject makes no sense. Ms. Bernstein failed to appear at the specific hearing held on that very topic. Her presence at another hearing on another topic is beside the point.

And Universitas's implication that GMC had a chance to speak on personal jurisdiction because GMC joined in a November 2013 brief raising that issue seeks to gloss over two critical issues. First, the Court specifically called for supplemental

-9-

briefing and further oral argument stating: "The parties are directed to be prepared to discuss whether personal jurisdiction must be established with respect to each third-party respondent against whom or which relief is sought, and the method(s) by which such respondents were served." (*See* ECF No. 441, 464). GMC did not participate in either—failing to submit a brief or appear for oral argument. So, the question of personal jurisdiction remained very much an open question—one on which the Court wished to hear from the parties—at a time when GMC could not speak. Second, GMC bases its argument against the Court's exercise of personal jurisdiction on the Supreme Court of the United States' decision in *Walden v. Fiore*. That decision came down in February 2014—after GMC had signed on to the November 2013 brief, but before the supplemental briefing and hearing. Universitas cannot possibly be arguing that GMC had a chance to speak on the effect of *Walden* here. In sum, GMC's participation in November 2013—when the Court considered the claims against Mr. Carpenter—is beside the point. At the critical hour—summer 2014—GMC lacked a voice. GMC seeks relief now so the Court can finally hear from GMC on that very issue.[7]

## CONCLUSION

The Court should allow GMC to speak now and not reward Universitas's decision to proceed on the merits against an entity rendered mute by the disappearance of its counsel. To that end, the Court should grant GMC relief from the Judgments under Rule 60(b).

---

[7] Universitas employs a similar logic in its arguments based on res judicata, contending that the Court should preclude GMC from raising personal jurisdiction concerns now because GMC raised the issue in the brief it joined. (Opp. Memo. at 14.) But GMC cannot have presented an argument based on *Walden* months the United States Supreme Court decided that case. Moreover, the Court's request for supplemental briefing and oral argument on the issue suggests that the Court did not view the original opposition briefs as the final word on the subject.

Dated:   New York, New York
         March 12, 2021

                                                         Respectfully submitted,

                                                         **MINTZ & GOLD LLP**

                                                          /s/ Roger Stavis
                                                           Roger L. Stavis
                                                           Kevin M. Brown
                                                           600 Third Avenue, 25th Floor
                                                           New York, New York 10016
                                                           (212) 696-4848 (t)
                                                           (212) 696-1231 (f)
                                                           stavis@mintzandgold.com
                                                           brown@mintzandgold.com
                                                           *Attorneys for respondent Grist Mill Capital, LLC*

-11-