**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, <br><br> Petitioner, <br><br> v. <br><br> NOVA GROUP, INC, as trustee, sponsor, and fiduciary of THE CHARTER OAK TRUST WELFARE BENEFIT PLAN, et al. <br><br> Respondents. | No.: 1:11-cv-1590-LTS-HBP <br><br> Hon. Laura Taylor Swain |
| NOVA GROUP, INC, as trustee, sponsor, and fiduciary of THE CHARTER OAK TRUST WELFARE BENEFIT PLAN, et al. <br><br> Petitioner, <br><br> v. <br><br> UNIVERSITAS EDUCATION, LLC, et al. <br><br> Respondents. | No.: 1:11-cv-8726-LTS-HBP |

**MEMORANDUM OF LAW IN SUPPORT OF MINTZ & GOLD LLP's**
**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

                                                        **MINTZ & GOLD LLP**

                                                        Roger L. Stavis
                                                        Kevin M. Brown
                                                        CeCe M. Cole
                                                        600 Third Avenue, 25th Floor
                                                        New York, New York 10016
                                                        (212) 696-4848 (t)
                                                        (212) 696-1231 (f)
                                                        stavis@mintzandgold.com
                                                        brown@mintzandgold.com
                                                        cole@mintzandgold.com

Mintz & Gold LLP ("M&G"), on behalf of the undersigned counsel,[1] moves for leave of this Court to withdraw as counsel to respondent Grist Mill Capital, LLC ("GMC") in this action.

**PRELIMINARY STATEMENT**

The Court should allow M&G to withdraw as counsel to GMC[2]. M&G's relationship with GMC has completely broken down. There have been insurmountable disagreements regarding strategy. M&G is no longer positioned to fully represent GMC's interests. GMC should be allowed to select counsel willing to execute GMC's preferred litigation strategy. Under such circumstances, both the N.Y. Rules of Professional Conduct and the Local Rules of this Court authorize a lawyer to withdraw as counsel with leave of the Court. M&G asks this Court to grant such leave.

**ARGUMENT**

New York's Rule of Professional Conduct, allows a lawyer to withdraw from representing a client when:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

. . . .

(4) the client insists upon taking action with which the lawyer has a fundamental disagreement;

. . . .

---

[1] The undersigned counsel includes Roger L. Stavis, Kevin M. Brown, and CeCe M. Cole.

> (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively[.]

N.Y. R. Prof. Conduct R. 1.16(c).

Here, each of the above-quoted rationales for withdrawal applies. First, M&G's withdrawal would not negatively affect GMC in anyway. Judgment was entered against GMC in 2014. (ECF No. 475.)[3] GMC has moved to vacate that judgment under Rule 60(b). (ECF Nos. 696–98.) That motion is fully submitted and sub judice. M&G can, therefore, withdraw with minimal risk of prejudicing GMC's interests.

At the same time, M&G's withdrawal is warranted by a fundamental disagreement that has arisen between M&G and GMC. *See* April 20, 2021 Declaration of Roger L. Stavis ("Stavis Dec.") at ¶ 1. While M&G does not wish to invade the privilege attached to its communications with GMC, M&G and GMC have disagreed about GMC's strategy. Accordingly, the attorney-client relationship has broken down and M&G no longer believes it can best represent GMC's interests in these actions. *Id*.

Local Rule 1.4 provides M&G with a mechanism for withdrawing. Under that Rule:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted

---

[3] All references to an "ECF No." in this document are references to the docket in *Universitas Educ., LLC v. Nova Group, Inc.*, No. 1:11-cv-1590-LTS-HBP.

> only upon a showing by affidavit or otherwise of satisfactory reason for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

S.D.N.Y. L.R. 1.4.

Whether motions for withdrawal should be granted are left to the discretion of the trial court. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). When considering whether to grant a motion to withdraw, courts analyze two factors: "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Callaway Golf Co. v. Corp. Trade Inc.*, No. 10 CIV. 1676 GBD JCF, 2011 WL 2899192, at *2 (S.D.N.Y. Jul. 6, 2011). Counsel seeking to withdraw need only demonstrate one applicable ground for the withdrawal of counsel to be granted. *Promotica of Am., Inc. v. Johnson Grossfield, Inc.*, No. 98 CIV. 7414, 2000 WL 424184, at *2 (S.D.N.Y. Apr. 18, 2000).

The Court should grant M&G's motion for leave to withdraw as GMC's counsel because, as noted above, (i) GMC vehemently disagrees with M&G's litigation strategy and (ii) M&G's withdrawal will not negatively affect the timing of the proceeding.

"It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *Marciano v. DCH Auto Grp.*, No. 11-CV-9635 (KMK), 2016 WL 11703590, at *1 (S.D.N.Y. Feb. 2, 2016) (*quoting Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014)) (internal quotation marks omitted). "Satisfactory reasons for withdrawal include a client's lack of

cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Id.* (internal quotation marks omitted); *see Naguib v. Pub. Health Sols.*, No. 12-CV-2561, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (granting motion to withdraw where the plaintiff refused to communicate and cooperate with counsel); *see also Liang v. Lucky Plaza Rest.*, No. 12-CV-5077, 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (granting motion to withdraw where the plaintiff refused to cooperate in the prosecution of his case); *Munoz v. City of N.Y.*, No. 04-CV-1105, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (finding the plaintiff's counsel demonstrated satisfactory reasons to withdraw "based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between [counsel] and the plaintiff"); *see also Fischer v. Biman Bangl. Airlines*, No. 96-CV-3120, 1997 WL 411446, at *1 (S.D.N.Y. Jul. 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal"). Indeed, "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" to grant withdrawal. *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01-CV-2950, 2005 WL 1963945, at *2 (S.D.N.Y. Aug. 15, 2005); *see McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw where the "relationship between the parties has deteriorated beyond repair," although fault for that deterioration was disputed).

Further, the withdrawal by M&G will not negatively affect these proceedings. This case has been concluded and all pending motions are fully submitted.

Withdrawal by M&G has become necessary because disputes have arisen between M&G and GMC's principal over litigation strategy. M&G has made all reasonable efforts to protect GMC from prejudice. M&G has at all times acted in GMC's best interest.

## CONCLUSION

Per the N.Y. Rules of Professional Conduct and the Local Rules of this Court, the Court should find that there exists sufficient cause for M&G's withdrawal as GMC's counsel in this action. Thus, the Court should grant M&G's motion, allowing it to withdraw.

Dated:  New York, New York
        April 20, 2021

                                                     Respectfully submitted,

                                                     **MINTZ & GOLD LLP**

                                                     */s/ CeCe Cole*
                                                     Roger L. Stavis
                                                     Kevin M. Brown
                                                     CeCe M. Cole
                                                     600 Third Avenue, 25th Floor
                                                     New York, New York 10016
                                                     (212) 696-4848 (t)
                                                     (212) 696-1231 (f)
                                                     stavis@mintzandgold.com
                                                     brown@mintzandgold.com
                                                     cole@mintzandgold.com