UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNIVERSITAS EDUCATION, LLC,

       Petitioner,

-v-                                            No. 11-CV-1590-LTS

NOVA GROUP, INC.,

       Respondent.
-------------------------------------------------------x

NOVA GROUP, INC.,

       Petitioner,

-v-                                           No. 11-CV-8726-LTS

UNIVERSITAS EDUCATION, LLC,

       Respondent.
-------------------------------------------------------x

ORDER

       Now before the Court is a motion filed by Universitas Education, LLC ("Universitas") for bond pending the disposition of an appeal by Grist Mill Capital, LLC and Daniel Carpenter ("Appellants") of this Court's September 28, 2021, Memorandum Opinion and Order (docket entry no. 722) denying Appellants' respective motions to vacate pursuant to Federal Rule of Civil Procedure 60(b) (docket entry nos. 665 and 696) and resolving two related motions (see docket entry nos. 675, 676). (Docket entry no. 726 ("Motion for Bond").)[1] The Court has carefully considered Universitas's motion papers and Appellants' opposition papers (docket entry no. 730) and, for the following reasons, the Motion for Bond is denied.

---

1     Docket entry numbers refer to those in case no. 11-CV-1590.

"In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7.  "There are at least three factors that are relevant in assessing whether a Rule 7 Bond should be imposed [ ] : (1) the appellant's financial ability to post the bond; (2) whether the appeal is frivolous; and (3) whether the appellant has engaged in any bad faith or vexatious conduct," In re Gen. Elec. Co. Sec. Litig., 998 F. Supp. 2d 145, 153 (S.D.N.Y. 2014); courts also consider "the risk that the appellant would not pay appellee's costs if the appellant loses." Blessing v. Sirius XM Radio Inc., No. 09-CV-10035-HB, 2011 WL 5873383, at *2 (S.D.N.Y. Nov. 22, 2011).  "[I]t is discretionary with the district court whether to require a bond." Chizmar v. ACCO Brands Corp., No. 14-CV-2181-PKC, 2015 WL 4388326, at *3 (S.D.N.Y. July 17, 2015) (citation omitted; alteration in Chizmar).

"Costs," as that term is used in Rule 7, may include comparatively smaller costs such as costs of copies, see Fed. R. App. P. 39(c), as well as other potentially more substantial costs—such as attorneys' fees—to the extent such costs are recoverable on appeal.  Adsani v. Miller, 139 F.3d 67, 75 (2d Cir. 1998) ("We do not think it either bizarre or anomalous for the amount of the bond to track the amount the appellee stands to have reimbursed."); see also Chizmar, 2015 WL 4388326, at *3 ("If the purpose of a Rule 7 bond is to ensure that appellees recover the costs to which they may be entitled if they prevail, there is no reason why one should include fees that will not be recoverable.").

In this case, Universitas asks the Court to order Appellants to post an appeal bond in the amount of $200,000.  However, Universitas has proffered neither any itemization of its expected costs on appeal nor any legal authority for its position, implicit in its request for such a

large appeal bond, that it will be entitled to recover attorneys' fees on appeal.[2]  Moreover, while Universitas proffers that Appellants "ha[ve] seemingly limitless resources and ha[ve] already spent millions of dollars in attorneys' fees on post-judgment litigation" and "will not make payment should their appeal fail," it offers no evidence for those contentions, and Appellants proffer evidence that they have no "assets, and in particular no cash or cash equivalents, that would enable" them to pay the charge for a bond.  (Docket entry no. 730-1.)  In this long and fraught case, Universitas may have legitimate reasons to question Appellants' assertions—the Court observes, for instance, that Appellants appear to have had little difficulty retaining counsel and paying the fees for their appeal.  On the sparse record before the Court, though, the Court concludes that the factors relevant to a Rule 7 determination do not weigh convincingly in favor of imposing the large appeal bond requested by Universitas, and the Court declines, in its discretion, to require that bond.  See In re Ambac Fin. Grp., Inc. Sec. Litig., No. 08-CV-411-NRB, 2012 WL 260231, at *2 (S.D.N.Y. Jan. 12, 2012) (denying motion for Rule 7 appeal bond but noting that if "the appeal is indeed frivolous," the appellee may still seek the remedy of "an award of damages under Rule 38 of the Federal Rules of Appellate Procedure").

---

[2]  Universitas writes that "[t]he Court previously found that Universitas is entitled to attorneys' fees for the entirety of its collection efforts," but the Order it refers to was entered in 2014 against an entity affiliated with Appellants, not against Appellants themselves, and does not, standing alone, entitle Universitas to an award of attorneys' fees in connection with Appellants' appeal of this Court's more recent Memorandum Opinion and Order.

Universitas's motion for an appeal bond is therefore denied.  The Clerk of Court is respectfully directed to terminate the motion at docket entry no. 726 in case no. 11-CV-1590 and at docket entry no. 440 in case no. 11-CV-8726.

SO ORDERED.

Dated: New York, New York
December 7, 2021

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge