UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC,<br><br>    Petitioner,<br><br>v.<br><br>NOVA GROUP, INC., et al.,<br><br>    Respondents. | Case Nos. 11-1590-LTS-HBP and 11-8726-LTS-HBP |

**PETITIONER'S REPLY IN FURTHER SUPPORT OF MOTION FOR RULE 11 SANCTIONS AGAINST ROGER STAVIS, ESQ. AND MINTZ & GOLD**

Universitas Education, LLC ("Universitas"), respectfully submits this Reply in Further Support of its Motion for Sanctions against Roger Stavis and Mintz & Gold LLP ("Mintz & Gold") pursuant to Federal Rule of Civil Procedure 11. In support thereof, Universitas states as follows:

### STATEMENT OF FACTS

Universitas respectfully assumes this Court's familiarity with the facts of the instant case and only provides a recitation of the most pertinent facts to the instant Motion for Sanctions.

This Court entered a turnover judgment against Grist Mill Capital, LLC ("GMC"), a sham entity controlled by Daniel Carpenter, in August of 2014. Between August of 2014 and January of 2021, GMC took no action with respect to that judgment despite the fact that it had a counsel of record and was actively litigating cases in various other courts around the country. (*See* Memorandum Opinion and Order dated Sept. 28, 2021, Doc. No. 722, No. 1:11-cv-01590 at 16-17.)

In January of 2021, Mintz & Gold filed a Motion to Vacate the judgment against GMC pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 678, 1:11-cv-01590.) The principal argument advanced by GMC was that this Court denied it due process because the turnover proceedings occurred when their counsel, Carole Bernstein, purportedly no longer represented GMC and that in light of that due process violation it could not argue that this Court lacked subject matter jurisdiction and personal jurisdiction over GMC. Universitas immediately informed Mintz & Gold that the personal jurisdiction and subject matter jurisdiction arguments were meritless and frivolous. Notwithstanding Universitas's warning, Mintz & Gold filed those arguments anyway. After being formally threatened with sanctions, Mintz & Gold withdrew its original Motion to Vacate and filed an Amended Motion to Vacate in February of 2021, (Doc. No. 697, 1:11-cv-01590), which withdrew the subject matter jurisdiction argument under *Peacock v. Thomas*, 516

U.S. 349 (1996). The Amended Motion to Vacate still advanced arguments suggesting that this Court lacked personal jurisdiction over GMC.

Universitas filed its Motion for Rule 11 Sanctions against Mintz & Gold on March 23, 2021. (Doc. No. 708, No. 1:11-cv-01590.) Mintz & Gold responded on April 20, 2021. Mintz & Gold opposed the Motion for Rule 11 Sanctions on several grounds, including: (1) it was procedurally improper as to the first Motion to Vacate because that Motion was withdrawn; (2) the Amended Motion to Vacate raised colorable and legally-supported arguments that are not sanctionable; (3) Mintz & Gold had reasonably investigated the claims for relief it made and thus its certification was not objectively unreasonable; and (4) Universitas is seeking to weaponize sanctions and silence GMC. (Doc. No. 714, 1:11-cv-01590.) Mintz & Gold withdrew from their representation of GMC shortly after Universitas filed the Motion for Rule 11 Sanctions, citing a rift that had developed with GMC after Universitas moved for sanctions. (Doc. No. 711, 1:11-cv-01590.)

This Court soundly rejected all the arguments made by GMC in its Memorandum Opinion and Order dated September 28, 2021. First, this Court found that GMC had waived its personal jurisdiction arguments by joining in a brief filed by other turnover respondents and failing to join in the argument and by otherwise extensively participating in this litigation, even if its formal filings were limited. (Doc. No. 722 at 11-12.) This Court further found that even if the defense had not been waived, GMC had sufficient minimum contacts with the forum of New York for this Court to exercise personal jurisdiction. (Doc. No. 722 at 12-14.) The Court applied functionally identical analysis to that in its turnover judgment, and noted that *Walden v. Fiore*, 571 U.S. 277 (2014), the case relied on by GMC, did not "compel a conclusion" that this Court lacked personal jurisdiction over GMC.

This Court also rejected the argument that this Court lacked subject matter jurisdiction pursuant to *Peacock* and sanctioned Mr. Carpenter for making the argument. (Doc. No. 722 at 15.)

Finally, this Court found that the lack of due process claims advanced by GMC were unavailing. It is these same due process claims upon which Mintz & Gold hangs its hat as being the foundation for its "colorable" claims for relief. This Court rejected the claim that GMC had been denied due process by purportedly not having counsel. This Court noted that GMC's counsel remained counsel of record throughout the proceeding and that GMC joined a brief filed by other turnover respondents. In its findings of fact this Court also noted that in a letter to the Court, counsel for GMC identified substitute counsel that would be representing GMC at the hearing on the second turnover motion and moving forward. (Doc. No. 722 at 6.) This Court also noted that any arguments advanced pursuant to Federal Rule of Civil Procedure 60(b)(6) were untimely. (Doc. No. 722 at 17 n.9.)

An appeal of this Court's Memorandum Opinion and Order followed, and this Court deferred on ruling on the instant Motion for Sanctions pending the outcome of the appeal. (Doc. No. 735, 1:11-cv-01590.) On February 23, 2023 the United States Court of Appeals for the Second Circuit summarily affirmed this Court's Order and rejected soundly every claim for relief advanced by GMC. The Second Circuit issued its mandate on April 13, 2023. (Doc. No. 736, No. 1:11-cv-01590.)

As explained in its Letter Status Report dated, April 21, 2023, the Second Circuit found that every argument advanced on appeal by GMC was baseless or meritless. (Doc. No. 738, 1:11-cv-01590.) Specifically, GMC advanced arguments that this Court lacked personal jurisdiction over GMC and that this Court lacked subject matter jurisdiction (an argument that GMC had purportedly withdrawn). The Second Circuit found GMC "failed to satisfy any of the requirements

3

for a Rule 60(b) motion," and that GMC could not use an untimely motion under Rule 60(b) to raise issues that should have properly been brought on appeal. *Universitas Educ., LLC v. Grist Mill Capital, LLC*, No. 21- 2690, 2023 U.S App. LEXIS 4257, at *5 (2d Cir. Feb. 23, 2023). The Second Circuit also found that this Court had properly found that all of GMC's arguments on the merits were "baseless," and that GMC had clearly forfeited the defense of lack of personal jurisdiction. *Id.* at *5-*6. The Second Circuit also held that the argument under *Peacock* "is frivolous under our precedent, as we long ago held that Peacock does not negate a district court's ancillary jurisdiction over "an action to collect a judgment . . . . even if the parties are non-diverse." *Id.* at *6-*7 (quoting *Epperson v. Ent. Express, Inc.,* 242 F.3d 100, 104 (2d Cir. 2001)).

Thus, the record makes clear that Rule 11 sanctions are still warranted against Mintz & Gold. The record casts particular doubt on Mintz & Gold's assertions that the arguments that they raised on behalf of GMC were colorable and that they had been diligent in their research and fact-finding efforts. Specifically, the fact that Mintz & Gold ever brought a *Peacock* argument is indefensible, particularly in light of the fact that this Court had already rejected that argument in its turnover judgment, that Universitas had warned Mintz & Gold that the argument was frivolous before it ever filed a motion to vacate, and that Second Circuit precedent unequivocally renders the argument frivolous. Moreover, the Second Circuit found that all of GMC's arguments on the merits with respect to personal jurisdiction were, as this Court found, baseless and that GMC had failed to meet any of the requirements to even bring its motion. These findings are not consistent with good faith and diligent efforts to bring colorable arguments. Instead, it suggests that Mintz & Gold were merely complicit in Mr. Carpenter's and his entities' decade-long war to try to overwhelm Universitas with unnecessary and baseless filings in an effort to delay its recovery and make recovery prohibitively expensive.

**ARGUMENT**

I. **Universitas is Not Seeking to Weaponize Sanctions or Silence GMC**

At the outset, Mintz & Gold intimates that Universitas's Motion for Rule 11 Sanctions is brought for the improper purpose of silencing GMC and its counsel. Mintz & Gold points to Universitas's history of "aggressively seeking sanctions" in the instant proceeding in support of its contention that its current motion is improper or overly expansive.

The suggestion that GMC, or any other Carpenter entity has been "silenced" in this action is unavailing. Mr. Carpenter and his entities have flooded this docket with meritless arguments for over a decade and have protracted this litigation far beyond reasonable limits. The reason Universitas has had to seek sanctions and has done so zealously is because the actions of Mr. Carpenter and his entities in this litigation amount to a protracted abuse of process. Universitas does not seek sanctions against Mintz & Gold because it seeks to silence or intimidate Carpenter-controlled entities; it seeks sanctions because Universitas was forced to respond to patently meritless motions (and the related appeals) after it warned Mintz & Gold that the arguments it was advancing were meritless and had no chance of success. This is precisely the purpose of sanctions. The unprecedented procedural posture of this case, as well as the bad faith exhibited by Mr. Carpenter, his shell companies, and various counsel representing those companies justify Universitas's request to impose sweeping sanctions in an effort to deter further abuses.[1] Fed. R. Civ. P. 11(c)(4); *SEC v. Smith*, 710 F.3d 87, 98 (2d Cir. 2013) (explaining that district courts have

---

[1] The need for sanctions as a deterrent is particularly salient in light of the fact that counsel for Mr. Carpenter and his shell companies persist in presenting meritless arguments before this and multiple other courts. The Second Circuit admonished Mr. Carpenter's and GMC's appellate counsel for bringing frivolous arguments on appeal, and GMC's current counsel of record, Jeffrey Sandberg, has recently been ordered to pay Universitas's attorneys' fees in the Tenth Circuit for bringing a patently frivolous and unauthorized appeal. *Universitas Education, LLC v. Avon Capital, Inc.*, No. 22-6038, 2022 U.S. App. LEXIS 35300 (10th Cir. Dec. 21, 2022) (noting that Mr. Sandberg filed and prosecuted the entire appeal without authorization from his purported client).

"broad discretionary power to fashion novel and unique sanctions to fit the particular case") (internal citations omitted). The fact that Mintz & Gold presented these meritless arguments to this Court not once, but twice, despite being warned that they stood no chance of success—a warning supported by the record and this Court's prior decisions—evinces bad faith.

## II. Mintz & Gold Asserted No Colorable Claims for Relief in its Motions to Vacate and Therefore its Certifications are Unreasonable.

Mintz & Gold concedes that the portion of Universitas's motion seeking sanctions for the Amended Motion to Vacate passes procedural muster. (Doc. No. 714 at 17.) Thus, the inquiry as to whether sanctions are appropriate rests on whether Mintz & Gold did in fact present colorable arguments such that their certification was "objectively reasonable." *See Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 166 (2d Cir. 1999). Rule 11 therefore imposes an "affirmative duty . . . to conduct a reasonable inquiry into the viability of a [filing]." *O'Malley v. N.Y.C. Transit Auth.*, 896 F.2d 704, 706 (2d Cir. 1990). The record in this case and on appeal makes clear that Mintz & Gold did not.

First, any claims that Mintz & Gold ever conducted a diligent and objectively reasonable inquiry into the legal claims they asserted is flatly contradicted by the record. Despite Universitas's prescient warning that any subject matter jurisdiction arguments under *Peacock* were frivolous, Mintz & Gold brought those arguments in its initial motion. While these were eventually withdrawn, the fact that Mintz & Gold ever brought those claims in light of this Court's prior decisions and the Second Circuit's clear finding that the argument is frivolous in light of 20-year-old precedent, suggests that Mintz & Gold's claims of their diligence and extensive legal research are overstated.

Similarly, the Second Circuit found that GMC failed, on the record before it, to satisfy any of the requirements of a Rule 60(b) motion and both this Court and the Second Circuit found that

6

the motions filed by Mintz & Gold on behalf of GMC were untimely and were not a proper substitute for timely appeal. GMC sat on its hands for six years before challenging this Court's decision despite identifying substitute counsel before the hearing on the second turnover motion, and actively litigating in other fora.

Finally, this Court rejected the substance of the personal jurisdiction arguments made by GMC, and the Second Circuit found that GMC's personal jurisdiction arguments were baseless. The Second Circuit and this Court both found a clear waiver of the personal jurisdiction defense by GMC. This Court also did not find GMC's limited analysis under *Walden v. Fiore* to be persuasive and rejected its argument that *Walden* compelled a finding that this Court lacked personal jurisdiction over GMC. Such a finding would also have been inconsistent with the well-established caselaw regarding the reach of personal jurisdiction when fraud is involved, including in cases decided after *Walden*. Mintz & Gold failed to reconcile any of this Court's prior analysis in its brief or reconcile the post-*Walden* decisions addressing fraudulent transfers, and instead merely argued in conclusory fashion that this Court's analysis "could not be squared with *Walden*" and that this "Court erred." (Doc. 697 at 15.)

Taken together, these failures make clear that Mintz & Gold did not present colorable claims for relief in either of their motions to vacate and that there were clear deficiencies in their investigation into the legal merits of their claims in contravention of Rule 11. Rule 11 requires that an attorney certification be made "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" when arguing that "claims" and other "legal contentions are warranted by existing law." Fed. R. Civ. P. 11(b)(2). Mintz & Gold incredulously claims that its legal research did not identify any "contrary precedent foreclosing" the arguments they advanced. (Doc. No. 714 at 2.) In its motions to vacate, Mintz & Gold advanced

7

a patently frivolous argument despite being warned of its frivolity; failed to satisfy any of the requirements for bringing a Rule 60(b) motion; failed to reconcile the untimeliness of its motions on behalf of GMC; and failed to point to any applicable or persuasive precedent that would suggest that GMC had not forfeited its personal jurisdiction defenses or was situated differently from the other turnover respondents over which this Court held it had personal jurisdiction. Thus, despite its suggestions otherwise, Mintz & Gold abdicated its investigative responsibilities and its certification of the motions it presented to this Court was objectively unreasonable in light of the failure of every argument presented.

In light of the fact that Mintz & Gold presented no colorable arguments for relief in either motion it advanced and that its certification of those motions appears objectively unreasonable in light of those motions' clear lack of merit and apparent impossibility of success, Mintz & Gold should be sanctioned under Rule 11.

## CONCLUSION

For all the aforementioned reasons, Universitas respectfully requests that this Court impose the requested sanctions against Mintz & Gold, as well as any other relief that this Court deems just and proper.

Dated: May 9, 2023
Alexandria, Virginia

Respectfully submitted,

/S/ Joseph L. Manson III
JOSEPH L. MANSON III
(*Admitted Pro Hac Vice*)
jmanson@jmansonlaw.com
LAW OFFICES OF JOSEPH L. MANSON III
600 Cameron St,
Alexandria, VA 22314
Telephone: (703) 340-1693

ATTORNEYS FOR PETITIONER
UNIVERSITAS EDUCATION, LLC

## CERTIFICATION

I hereby certify that on May 9, 2023 a copy of the foregoing memorandum was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Joseph L. Manson III