Jeffrey M. Sklarz
GREEN & SKLARZ LLC
One Audubon Street
New Haven, CT 06511
Tel.: (203) 285-8545
Fax: (203) 691-5454
Email: jsklarz@gs-lawfirm.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> NOVA GROUP, INC., et al., : <br> : <br> Defendants. : | Case No. 11-1590 (LTS) (HBP) and <br> Case No. 11-8726 (LTS) (HBP) |

# DEFENDANT AVON CAPITAL, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DETERMINATION OF AMOUNT OWED ON JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(5)

Pursuant to Fed. R. Civ. P. 60(b)(5), Avon Capital, LLC ("Avon") respectfully submits this memorandum of law in support of its *Motion for Determination of Amount Owed on Judgment Pursuant to Fed. R. Civ. P. 60(b)(5)* (the "Motion"). As set forth herein, Avon believes that Universitas Education, LLC ("Universitas" or "Plaintiff") collected at least the sum of $17,887,341.42 on the judgment rendered in this matter (ECF No. 40, the "Judgment") — if not more. Avon is one of the jointly and severally liable co-defendants. At this time, Avon seeks an order to require Plaintiff to file an appropriate satisfaction (or partial satisfaction) of the Judgment so that Avon can properly determine any additional amount Plaintiff claims Avon still owes. For these reasons, as more fully briefed below, the Court should grant this Motion and

direct Plaintiff to prepare a full accounting of funds collected and how they have been applied to the Judgment against Avon.

I.   **PRELIMINARY STATEMENT**

Since the issuance of the Judgment, Universitas has made collections on the Judgment from third-party indemnitors and certain co-defendants that are joint and severally liable on the Judgment with Avon.  Avon believes that Universitas' Judgment has been satisfied because, among other reasons, Universitas received $4,487,007.81, the receipt of which was confirmed by the Court on June 19, 2018. ECF No 651.[1] Further, upon information and belief, Universitas received an additional collection of $12,000,000 on February 27, 2018, as part of settlement from WSFS Bank for Christiana Bank, which was the Insurance Trustee for the Charter Oak Trust. *See* Exhibit B. Additionally, it is believed that Universitas received additional payments in the amount of $900,333.61 from BPETCO; and at least $343,031.52 from USAA, for a total of collection of at least $17,730,372.90 on the Judgment (which was for a total of $6,710,065.92 against Avon). *See* Exhibits C and Exhibit D, respectively.

Further, counsel for Avon and counsel for Plaintiff have conferred to attempt to resolve or narrow the issues concerning the alleged amount due from Avon. Despite these good faith discussions, the parties have not reached agreement.[2] Therefore, it is appropriate for the Court to compel Plaintiff to provide the information so that Avon can evaluate what is still owed on the Judgment.  Further, the Court should order Plaintiff to file a satisfaction of judgment concerning amounts collected.

---

[1] Previously, a satisfaction of judgment was filed as to defendant, Grist Mill Trust, which, when added to the collections described in the letter of Dan LaBelle, Esq., an attorney for Grist Mill Trust, dated March 30, 2020 (ECF No. 660, Exhibit A), the net result should be the reduction of the judgment against Avon.

[2] Filed concurrently herewith is the Declaration of Jeffrey M. Sklarz, Esq., setting forth the commutual efforts that have been undertaken to resolve this matter.

## II.     BACKGROUND

On March 8, 2011, Universitas initiated the underlying proceeding whereby it petitioned this Court, pursuant to the Federal Arbitration Act ("FAA"), to confirm a January 24, 2011, arbitration award against Nova Group, Inc. ("Nova") that was rendered in connection with a dispute arising from Universitas' claim to certain life insurance policy death benefits. ECF No. 1. On June 5, 2012, the Court confirmed the award against Nova and awarded Universitas $26,558,308.36, plus interest from January 24, 2011, for a total judgment of $30,181,880.30. ECF No. 40.

In 2013, pursuant to Fed. R. Civ. P. 69 and C.P.L.R. § 5225(b), Universitas moved for a post-judgment turnover order to enforce its judgment and invalidate alleged fraudulent transfers that Nova had made to third parties. ECF No. 308. On August 7, 2014, after a bench trial and various post-trial proceedings, the District Court issued a memorandum of decision wherein it granted money judgments against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $11,140,000.00; **against Avon Capital, LLC, in the amount of $6,710,065.92**; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00. ECF No. 474 (collectively, the "Turnover Judgment Debtors"). On October 8, 2014, the Clerk's judgment was amended to include $1,131,472.84 in attorneys' fees and costs, and $134,015.85 in post-judgment interest against Nova. ECF No. 491.

On June 19, 2018, the Clerk of Court entered a satisfaction of judgment with respect to Grist Mill Trust Welfare Benefit Plan. ECF No. 651. On February 27, 2018, as part of settlement from WSFS Bank for Christiana Bank, which was the Insurance Trustee for the Charter Oak Trust, Universitas received an additional collection of $12,000,000.00 against the Nova judgment. Despite the aforementioned collections, on March 23, 2020, Plaintiff sought to extend the reach of the Judgment beyond the Turnover Judgment Debtors. ECF Nos. 658, 659. In its March 31, 2020 Order denying Plaintiff's turnover motions as procedurally improper, the Court ordered, among other things, that any subsequent turnover motion filed by Plaintiff "must also address the legal and factual basis for the requested judgment amount in light of any recoveries Plaintiff has already obtained."); *see also* Exhibit A, p. 3 (Letter from Dan LaBelle filed at ECF No. 660, outlining the various collections made by Plaintiff). While Plaintiff has not pursued any turnover motions since March of 2020, it is nonetheless notable and relevant that the Court made it a requirement that Plaintiff account for its collections.[3] It is for this reason that Avon brings the present Motion.

### III.   LAW AND ARGUMENT

**A. A Motion Under Rule 60(b)(5) Is the Appropriate Procedural Vehicle for the Relief Requested.**

"Federal Rule of Civil Procedure 60(b) 'sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order.'" *Singer v. City of New York*, 2022

---

[3] Although Plaintiff did not renew its turnover motions after the March 31, 2020 Order, it did, however, commence a lawsuit in the District Court for the District of Connecticut by complaint dated May 28, 2020, wherein it asserted claims against the parties, amongst others, that it sought to extend the Judgment to in its defective March 2020 turnover motions. That action has since been dismissed with prejudice as to all parties. A copy of the court's memorandum of decision dismissing the action, along with the corresponding judgment in favor of the defendants, is attached hereto as Exhibit E.

U.S. Dist. LEXIS 176538, at *15 (S.D.N.Y. Sep. 28, 2022) (*quoting Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Fed. R. Civ. P. 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Importantly, Fed. R. Civ. P. 60 does not define the limits or nature of the relief available to a movant, nor does it "assume to define the substantive law as to the grounds for vacating judgments, but merely prescribes the practice in proceedings to obtain relief." Fed. R. Civ. P. 60(b), Advisory Committee Note of 1946. "In other words, all of the various grounds for relief specified in the rule were, in some form or another, available before the enactment of the rule. The rule simplified and regularized the procedures available for seeking this relief." 12 Moore's Federal Practice - Civil § 60.20 (2023).

As various Circuit Courts of Appeal have held, a motion under Rule 60(b)(5) is the appropriate way for a defendant to determine what it owes on a judgment if the plaintiff is unable or unwilling to provide the information needed to calculate the amount due, or if there is a dispute as to plaintiff's application of collected funds. 12 Moore's Federal Practice - Civil § 60.45 (2023); *see also Savitsky v. Mazzella*, 318 F. App'x 131, 133 (3d Cir. 2009) (citing approvingly to the 11th and D.C. Circuits holding the same) ("The rule has been interpreted to allow district courts to mark judgments as partially satisfied."); *Spotnana, Inc. v. American Talent Agency, Inc.*, 2013 U.S. Dist. LEXIS 15208, at *10 n.5 (S.D.N.Y. Jan. 22, 2013) ("As Plaintiff points out . . . the Judgment Debtors' motion for relief under Rule 60(b)(6) might better serve as a motion for relief under Rule 60(b)(5) on the ground that the 'judgment has been [partially] satisfied.'"). Further, Rule 60(b)(5) is the proper vehicle to reduce a judgment based

on payment from a jointly liable party, *BUC International Corp. v. International Yacht Council Ltd.*, 517 F.3d 1271, 1274–75 (11th Cir. 2008); as it is well settled that a plaintiff is typically prohibited from obtaining a double recovery on a single injury. *Mathias v. Jacobs*, 238 F. Supp. 2d 556, 571-72 (S.D.N.Y. 2002) ("[Plaintiff] is entitled to the benefit of only one full performance and one satisfaction of a contractual debt (the "One Satisfaction Rule"); he cannot collect twice to discharge the same obligation, whether payment is made by the promisor himself, by a third person, or by both.").

      **B.  The Requested Relief is Warranted Because Plaintiff May Not Recover Twice for the Same Injury**

It is foundational that "[a] plaintiff may not, as a matter of law, recover twice for the same injuries. *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 129 (2d Cir. 2009) (citing to *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989) ("[W]hen a plaintiff receives a settlement from one defendant, a nonsettling defendant is entitled to a credit of the settlement amount against any judgment obtained by the plaintiff against the nonsettling defendant as long as both the settlement and judgment represent common damages."); *IPO Securities & Derivative Litigation v. N.C. Dep't of State Treasurer (In re Facebook, Inc.)*, 674 F. App'x 37, 39-40 (2d Cir. 2016); *In re Refco, Inc. Securities Litigation*, 2007 U.S. Dist. LEXIS 927, at *9 (S.D.N.Y. Jan. 9, 2007) (*citing In re Masters Mates & Pilots Pension Plan*, 957 F.2d 1020, 1031 (2d Cir. 1992)) ("A judgment credit must give nonsettling defendants credit for at least the amount of the settlement for common damages, because if it did not, plaintiffs could recover from both the settling and nonsettling defendants for the same damages. the One Satisfaction Rule also requires that nonsettling defendants receive credit for any amount actually paid by settling defendants for common damages. Thus, the Second Circuit struck down a judgment reduction provision that gave credit for the lesser of the amount paid or the proportion of fault. . . . 'Absent a showing

that damages are not common, a nonsettling defendant whose rights against settling defendants are to be barred is entitled to judgment reduction at least in the amount paid by all settling parties.'"); *see also* Restatement (Second) of Judgments § 50 ("When a judgment has been rendered against one of several persons each of whom is liable for a loss claimed in the action on which the judgment is based… (b)  To the extent required by the law of suretyship… (2)  Any consideration received by the judgment creditor in payment of the judgment debtor's obligation discharges, to the extent of the amount of value received, the liability to the judgment creditor of all other persons liable for the loss.").

For purposes of the One Satisfaction Rule, "common damages" are defined as "damages which arise from a single, indivisible harm." *United States* v. *Honeywell International Inc.*, 502 F. Sup. 3d 427, 477 (D.D.C. 2020) (cleaned up), *rev'd on other grounds* 47 F.4th 805, 819 (D.C. Cir. 2022) (One Satisfaction Rule applies to False Claims Act damages and adopting *pro tanto*[4] rule to offsets paid by settling joint tortfeasors).  "In order for a court to find complete satisfaction under the One Satisfaction Rule, there must be such an identity between the injuries alleged and the remedies available that any additional recovery would unjustly enrich the plaintiff." *UTHE Technology Corp. v. Aetrium, Inc.*, 808 F.3d 755, 760-61 (9th Cir. 2015).[5]  That a plaintiff may pursue different forms of claims or multiple defendants to recover for the same harm, does not alter the nature of the underlying harm.  *Cf. Lim v. Miller Parking Co.*, 526 B.R. 202, 211 (E.D. Mich. 2015) (different defendants sued on different theories of liability where "[t]he damages alleged [were] inherently divisible, because they involve numerous payments, transfers, and transactions carried out over a span of years."); *United States Industries v. Touche*

---

[4] Meaning that a payment by a settling joint tortfeasor reduces the liability of other joint tortfeasors by the amount paid.

[5] Addressing whether treble damages are subject to the One Satisfaction Rule.

*Ross & Co.*, 854 F.2d 1223, 1236 (10th Cir. 1988) ("By contrast, where two or more defendants are responsible for separate injuries, an amount received in settlement from one defendant for one of the injuries may not be used to reduce the liability of the other defendant for the other injury.").

Here, in contrast to cases involving divisible damages, the only underlying harm was the non-payment of the life Spencer insurance proceeds. Every step taken by Universitas to collect the Judgment is related to that claim. The harm to Universitas was the non-payment of Spencer insurance proceeds. Thus, all of the collection actions, regardless of the defendant or theory of recovery, relate to these "common damages" that arise from one, indivisible injury.

In a circumstance such as this, which involves third-party indemnitors and multiple co-defendants that are jointly and severally liable on a single underlying judgment for common damages (but for varying amounts), an accounting is appropriate when substantial collections have been achieved and the Judgment has been partially satisfied. *Wells Fargo Equipment Finance, Inc. v. Asterbadi*, 2017 U.S. Dist. LEXIS 29353, at *33 (D. Md. Mar. 2, 2017) (granting motion under Rule 60(b)(5) seeking an accounting: "Discovery and/or an accounting may enable [defendant] to show that the Judgment was satisfied in part. Therefore, discovery and perhaps an accounting are necessary to determine how much is due and how much Wells Fargo seeks to collect.").

Avon has requested the information needed to ascertain what it owes on the Judgment (if anything), but Plaintiff has refused to provide a *complete* breakdown of its collection activities delineating to what extent the Judgment has been satisfied. As Avon is jointly and severally liable on the Judgment, and because Universitas is permitted only one satisfaction related to its injury, it is appropriate that Universitas provide Avon with the information needed so that Avon

can calculate what it still owes (if anything).  Moreover, if there is a dispute as to amount or allocation, the issue can be properly brought before the Court.  In sum, Avon understands and accepts its liability, but should only have to pay the Judgment once.  If the Judgment has been partially or fully satisfied, Plaintiff should be required to say so.

## IV.   CONCLUSION

For the reasons set forth above, Avon respectfully requests the Court grant this Motion and order Universitas to provide Avon with an accounting of the funds received thus far relating to the Judgment so that it can better assess its own remaining liability (if any) under the Judgment.

THE DEFENDANT
AVON CAPITAL, LLC

By:  /s/  Jeffrey M. Sklarz
Jeffrey M. Sklarz
Green & Sklarz LLC
One Audubon Street, Third Floor
New Haven, CT 06511
Tel: (203) 285-8545
Fax: (203) 823-4546
jsklarz@gs-lawfirm.com

Dated: September 12, 2023