Jeffrey M. Sklarz
GREEN & SKLARZ LLC
One Audubon Street
New Haven, CT 06511
Tel.: (203) 285-8545
Fax: (203) 691-5454
Email: jsklarz@gs-lawfirm.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> NOVA GROUP, INC., et al., : <br> : <br> Defendants. : | Case No. 11-1590 (LTS) (HBP) and <br> Case No. 11-8726 (LTS) (HBP) |

**DECLARATION OF JEFFREY M. SKLARZ, ESQ.**
**IN SUPPORT OF AVON'S MOTION FOR DETERMINATION OF**
**AMOUNT OWED ON JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)(5)**

I, Jeffrey M. Sklarz, Esq., being over the age of eighteen (18) years hereby declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury, as follows:

1. I am an attorney with Green & Sklarz, LLC (the "Firm").

2. The Firm represents Avon Capital, LLC ("Avon") in the above reference matter.

3. In connection with the Firm's representation of Avon, I have acquired information and knowledge concerning the matters set forth herein. Thus, I have personal knowledge of the facts stated herein.

4. Attached hereto as **Exhibit 1** are true and correct copies of the correspondence (the "Letters") between the undersigned and counsel for Universitas Education, LLC ("Universitas"), the plaintiff in this above referenced action (together with Avon, the "Parties") with respect to

{00332339.1 }

Avon's *Motion for Determination of Amount Owed on Judgment Pursuant to Fed. R. Civ. P. 60(B)(5)* (the "Subject Motion").

5. The Letter set forth the Parties' respective factual and legal positions as to the Subject Motion.

6. Counsel for the Parties further attempted to resolve the issues presented in the Subject Motion by conferring by telephone on August 10, 2023.

7. Despite the Parties' best efforts, the Parties have been unable to come to an accord and resolve the issues presented in the Subject Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 12, 2023

_____
Jeffrey M. Sklarz, Esq.

{00332339.1 }

# Exhibit 1



Attorneys at Law
www.gs-lawfirm.com

**Jeffrey M. Sklarz**
Phone: (203) 285-8545 x101
Direct:  (203) 361-3135
Fax:     (203) 823-4546
jsklarz@gs-lawfirm.com

One Audubon Street, 3rd Floor
New Haven, CT 06511

June 23, 2023

<u>Via Email Only</u>
Joseph L. Manson III
Law Offices of Joseph L. Manson
600 Cameron St.
Alexandria, VA 22314

   Re: **Universitas Educ., LLC v. Nova Group, INC., et al,**
      **Case Nos. 1:11-cv-01590, 1:11-cv-08726 (LTS)**

Dear Attorney Manson:

  We have been retained by judgment debtor, Avon Capital, LLC ("Avon") in the above referenced matter which is currently pending in the District Court for the Southern District of New York before the Honorable Judge Swain. To date, Universitas has made various substantial collections on its judgement that are sufficient to satisfy the judgment as to Avon, a jointly and severally liable judgment debtor. Accordingly, we request that Universitas file with the court a satisfaction of judgment with respect to Avon in acknowledgement of those collections. In the event you disagree that the Avon judgment has been fully satisfied, please provide a breakdown delineating to what extent you believe the Avon judgment has been satisfied. In the event that you disagree that Universitas' collections have resulted in any reduction of the judgment debt against Avon, please provide your factual and legal basis for that position.

  Further, in the event that Universitas fails to file a satisfaction of judgment with the court or refuses to provide counsel with the factual and legal basis for its position on whether collections have reduced the judgment debt against Avon, we intend to seek an accounting of collections made thus far consistent with the requests made herein.

  If Universitas is unwilling to undertake this process, Avon will exercise its rights to achieve the same result through court order. Thank you for your attention to this matter. Please provide any answer by 5 PM on June 30, 2023. After that, we intend to proceed with a motion in court.

         Very truly yours,

         *Jeffrey M. Sklarz*

{00320249.2 }

**Law Offices of Joseph L. Manson III**

---

Joseph L. Manson III, Esq.

600 Cameron St.

Alexandria, Va. 22314

June 30, 2023

VIA EMAIL

Jeffrey M. Sklarz, Esq.
Partner
One Audubon Street, 3rd Floor
New Haven, CT 06511
jsklarz@gs-lawfirm.com

Dear Mr. Sklarz,

I am in receipt of your letter dated June 23, 2023 regarding your representation of Avon Capital, LLC ("Avon") and your request that Universitas Education, LLC ("Universitas") files a satisfaction of judgment with respect to Avon in the case captioned *Universitas Education, LLC v. Nova Grp., Inc. et al*, No. 1:11-cv-1590-LTS-HBP (S.D.N.Y. 2011) pending before the United States District Court for the Southern District of New York ("SDNY Litigation"). Universitas declines your request.

As an initial matter, I assume your familiarity with the SDNY Litigation by virtue of your representation of Grist Mill Partners, LLC in the case captioned *Universitas Education, LLC v. Benistar et al.*, 3:20-cv-00738-KAD (D. Conn. 2020) ("Connecticut Litigation"). As you are aware, Avon was part of a network of entities used by Daniel Carpenter to defalcate and conceal $30 million in life insurance benefits for which Universitas was the sole, irrevocable beneficiary. Universitas won an arbitration against Nova Group, Inc., which was affirmed in the SDNY Litigation. After Nova Group failed to pay the judgment against it, Universitas sought a turnover of assets from, *inter alia*, Avon. A judgment of $6,710,065.92 was entered against Avon in the SDNY Litigation. To date, Avon has not satisfied any part of that judgment. Judgments in excess of $30 million remain outstanding against Mr. Carpenter and Grist Mill Capital, LLC. Other Carpenter-affiliated entities also have various judgments entered against them.

Further, Avon's request for the factual basis underlying Universitas' collections efforts and the judgments collected is improper. Universitas has extensively described these collection efforts in various pleadings in the SDNY Litigation and in the Connecticut Litigation, to which you have access. Avon has had ample opportunity to request discovery into these

1

facts over the last decade that it has been in litigation with Universitas, including in post-judgment discovery in the case captioned *Universitas Education, LLC v. Avon Capital, LLC et al.*, 5:14-fj-00005-HE (W.D. Oklahoma 2014) ("Oklahoma Litigation"). Avon's decision to sit on its hands and not seek that information does not now impose an affirmative obligation on Universitas to expend its own time and resources to provide that readily-available information to Avon.

Universitas has sought a garnishment of a portfolio of insurance policies held by SDM Holdings, LLC for the benefit of Avon in the Oklahoma Litigation. The Court in the Oklahoma Litigation pierced the corporate veil, finding that the multiple Avon Capital entities in existence were alter egos of each other, and that Universitas could collect its judgment from any of those entities, and by extension from SDM Holdings. On summary judgment briefing, Avon had ample opportunity to argue that the any judgments against it had already been satisfied and that Universitas' collection efforts were improper. It failed to do so. Avon appealed the decision, and that case remains pending before the Court of Appeals for the Tenth Circuit.

Notwithstanding the foregoing, Universitas has made the following relevant collections to satisfy the judgment against Nova Group and the turnover respondents:

1. Settled with Grist Mill Trust for approximately $4.2 million.
2. Collected $343,031.52 in insurance proceeds from a turnover proceeding against Moonstone Partners, LLC in the SDNY Litigation.
3. Collected $7,858.14 from Carpenter Financial Group, Inc. in May of 2020.

As you can see, the total amount collected to satisfy the judgment against Nova Group and the other turnover respondents, including Avon, is less than $5 million.

Universitas also recovered $12 million in a settlement against the Wilmington Savings Fund Society ("WSFS"), as successor in interest to Christiana Bank, which served as a trustee for the Charter Oak Trust, the vehicle that Mr. Carpenter utilized to commit extensive fraud related to stranger-originated life insurance policies. This recovery was for a separate harm—breach of fiduciary duty by WSFS—than the judgment entered against Nova Group, Avon, and the other turnover respondents.

The total judgment against Nova Group and the turnover respondents has been accruing interest for a decade. In fact, the amount of judgment owed by Avon to date is likely substantially more than the approximately $6.7 million judgment entered in the SDNY Litigation. As the Court noted in the Oklahoma litigation, a surety bond required to be posted by Avon in order to stay the case would need to be in the amount of $11.1 million, which was "based on the registered judgment amount of $6,710,065.92, plus approximate amounts estimating interest and attorney fees incurred since the registration of the judgment." *Universitas Education, LLC v. Avon Capital, LLC et al.*, No. 5:14-fj-00005,

2

2021 U.S. Dist. LEXIS 261670, at *12 n.4 (W.D. Okla. Sept. 22, 2021). This amount has substantially increased over the past two years, as Universitas has continued to incur litigation expenses and interest has continued to accrue.

As you concede in your June 23, 2023 Letter, Avon is jointly and severally liable for the judgment against Universitas. Generally, under New York law, which the Southern District of New York found to be applicable to the SDNY Litigation, "a joint tortfeasor [may] be held liable for the entire judgment, regardless of its share of culpability." *Avis Budget Car Rental, Inc. v. JD2 Envtl., Inc.*, No. 12-CV-5010 (PKC)(ST), 2018 U.S. Dist. LEXIS 36496 at *6 (citing *Rangolan v. Cty. of Nassau*, 96 N.Y.2d 42, 46, 749 N.E.2d 178, 725 N.Y.S.2d 611 (2001)). The total amount of the outstanding judgment remains well in excess of $25 million, not including post-judgment interest and other applicable attorneys' fees. Until that full amount is satisfied the law is clear: Universitas may seek recovery against Avon in the amount of judgment against Avon, plus applicable interest and fees. Even if the WSFS judgment was credited against the judgment, the outstanding judgment against Nova Group would be approximately $13 million, without post-judgment interest and attorneys' fees, and Universitas would be entitled to collect from Avon to offset the remaining judgment, up to the amount of Avon's judgment.

To the extent that Avon claims that the judgment against it has been satisfied as a result of the "one satisfaction rule," this argument is fundamentally flawed and meritless. Mr. Carpenter and his various entities have already advanced this argument in multiple forums, where it remains pending. The "one satisfaction rule" does not relieve Avon of its liability to Universitas. First, the recovery from WSFS was predicated on a separate cause of action and was not common damages to the other Carpenter-affiliated judgment debtors. *See Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989). Second, the collateral source rule prevents a judgment debtor from avoiding liability for damages as a result of a judgment creditor's settlement with a collateral source. *See, e.g.*, *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 623 n. 15 (2d Cir. 2001). Simply put, the WSFS settlement was windfall from a collateral source and does not create any offset to Avon's liability. Universitas has not yet collected the entirety its judgment in excess of $30 million. Until it does so, it has not had its one satisfaction. Avon cannot invoke that equitable common law doctrine in bad faith to claim that it is somehow absolved of paying a judgment against it while Universitas' relief remains incomplete, and it has not been made whole for the fraud perpetrated against it by Mr. Carpenter with the aid of your client.

Universitas will not be filing a satisfaction of judgment in the SDNY Litigation. Its judgment has not been satisfied. Universitas is also concerned that Avon's goal in bringing this clearly meritless proposed action is to collaterally attack the judgment entered in the Oklahoma Litigation and to interfere with Universitas' collection efforts in the event that Universitas prevails on appeal. Avon is certainly entitled to seek a court order that the judgment against it has been satisfied, but such a motion would be frivolous. Universitas shall vigorously oppose any such motions and it shall continue its collection efforts,

3

including working towards the sale and/or garnishment of the insurance portfolio nominally held by SDM that was purchased exclusively with funds stolen from Universitas.

If you have any further questions, you may reach me at jmanson@jmansonlaw.com or (202) 674-1450.

Very truly yours,

*Joseph L. Manson III*
Counsel for Universitas Education, LLC
Law Offices of Joseph L Manson III
600 Cameron Street
Alexandria, Va. 22314
(202-674-1450)
jmanson@jmansonlaw.com

CC: Joseph Karam (jkaram@jmansonlaw.com)

4



**GREEN & SKLARZ** LLC

Attorneys at Law
www.gs-lawfirm.com

**Jeffrey M. Sklarz**
Phone: (203) 285-8545 x101
Direct:  (203) 361-3135
Fax:     (203) 823-4546
jsklarz@gs-lawfirm.com

One Audubon Street, 3rd Floor
New Haven, CT 06511

July 20, 2023

<u>Via Email Only</u>
Joseph L. Manson III
Law Offices of Joseph L. Manson
600 Cameron St.
Alexandria, VA 22314

      Re:    *Universitas Educ., LLC v. Nova Group, INC., et al,*
              **Case Nos. 1:11-cv-01590, 1:11-cv-08726 (LTS)**

Dear Attorney Manson:

      This letter responds to your letter of June 30, 2023 (the "June 30 Letter"), concerning the judgment against Avon Capital, LLC ("Avon") and in favor of Universitas Education, LLC ("Universitas") entered in *Universitas Education, LLC v. Nova Grp., Inc.*, Case No. 1:11-cv-1590-LTS-HBP (S.D.N.Y. 2011) pending before the United States District Court for the Southern District of New York (the "Judgment").  While we disagree with the contentions in your June 30 Letter, we do appreciate the opportunity to have a dialogue in an effort to resolve this matter short of court intervention.  We also appreciate your summary and explanation of how you believe the funds collected against the Judgment were applied.  Following is our view of why the Avon Judgment has been satisfied.  I would like to discuss this further to see if we can reach a resolution prior to seeking court intervention.

      Based on your June 30 Letter, you raise two primary reasons as to why the Avon Judgment has not been satisfied: (1) the collected funds do not get applied to the Avon Judgment until the highest Judgment amount has been fully satisfied and (2) the WSFS payment constitutes a "collateral source" that does not get applied to the Judgment.  We believe both of these positions fail to correctly apply the law, but we do wish to better understand your position through a continued dialogue.  Further, we would be interested in determining if this issue would be appropriate for mediation.

      <u>The "One Satisfaction Rule" Applies to this Case</u>.  It is well settled that a plaintiff, with certain limited exceptions, is only entitled to recover once for an alleged injury: "when a plaintiff receives a settlement from one defendant, a nonsettling defendant is entitled to a credit of the settlement amount against any judgment obtained by the plaintiff against the nonsettling defendant as long as both the settlement and judgment represent common damages."

*Singer* v. *Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989). There, the plaintiff argued that a payment received on account of settling a RICO claim should not be treated as "common damages" for purposes of a securities fraud claim. The Second Circuit disagreed and held that the relevant inquiry was not that the claims were against different defendants, but whether the claim arose out of the same alleged harm and the fact that treble damages are available in RICO claims has no relevance to application of funds under the one satisfaction rule.[1]

"Common damages" are defined as "damages which arise from a single, indivisible harm." *United States* v. *Honeywell International Inc.*, 502 F. Sup. 3d 427, 477 (D.D.C. 2020) (cleaned up), *rev'd on other grounds* 47 F.4th 805, 819 (D.C. Cir. 2022) (one satisfaction rule applies to False Claims Act damages and adopting *pro tanto*[2] rule to offsets paid by settling joint tortfeasors). "In order for a court to find complete satisfaction under the one satisfaction rule, there must be such an identity between the injuries alleged and the remedies available that any additional recovery would unjustly enrich the plaintiff." *UTHE Technology Corp.* v. *Aetrium, Inc.*, 808 F.3d 755, 760-61 (9th Cir. 2015).[3] That a plaintiff may pursue different forms of claims or multiple defendants to recover for the same harm, does not alter the nature of the underlying harm. *Cf. Lim* v. *Miller Parking Co.*, 526 B.R. 202, 211 (E.D. Mich. 2015) (different defendants sued on different theories of liability and "[t]he damages alleged here are inherently divisible, because they involve numerous payments, transfers, and transactions carried out over a span of years."); *United States Industries* v. *Touche Ross & Co.*, 854 F.2d 1223, 1236 (10th Cir. 1988) ("By contrast, where two or more defendants are responsible for separate injuries, an amount received in settlement from one defendant for one of the injuries may not be used to reduce the liability of the other defendant for the other injury.")

Here, the harm to Universitas was the non-payment of Spencer insurance proceeds. There was no "separate injury." All of the collection actions, regardless of the defendant or theory of recovery, relate to these common damages. "Under the one satisfaction rule, a plaintiff should not be permitted to recover more than the loss it actually suffered." *Id.* at 484. In contrast to cases involving divisible damages, the only underlying harm was the non-payment of the life Spencer insurance proceeds. Every step taken by Universitas to collect the Judgment is related to that claim.

Universitas has asserted:

> Until that full amount is satisfied the law is clear: Universitas may seek recovery against Avon in the amount of judgment against Avon,

---

[1] "Singer advances the novel argument that where a plaintiff may be entitled to more damages from one defendant than from another, the one satisfaction rule should require that the settlement be deducted, not from the amount to be recovered under the judgment but from the highest amount of 'provable damages' that could have been recovered against the settling defendant. This argument borders on the frivolous." *Singer*, 878 F.2d at 600.
[2] Meaning that a payment by a settling joint tortfeasor reduces the liability of other joint tortfeasors by the amount paid.
[3] Addressing whether treble damages are subject to the one satisfaction rule.

{00325176.2 }

> plus applicable interest and fees. Even if the WSFS judgment was credited against the judgment, the outstanding judgment against Nova Group would be approximately $13 million, without post-judgment interest and attorneys' fees, and Universitas would be entitled to collect from Avon to offset the remaining judgment, up to the amount of Avon's judgment.

June 30 Letter at 3.  In summary, you appear to assert that the highest judgment amount (~$30 million against Mr. Carpenter and Grist Mill Capital, LLC), would need to be paid in full for Avon to ever receive credit.  This position is inconsistent with *Singer* and its progeny.  *See Lukaszuk* v. *Sudeen*, 2007 U.S. Dist. LEXIS 95919, at *25 (E.D.N.Y. Nov. 27, 2007) ("Nevertheless, since Sudeen's Enterprises and Freeman are jointly and severally liable for plaintiff's claims arising from the same fraudulent scheme, Sudeen's Enterprises is also entitled to a set-off based on the one-satisfaction rule.")[4]  Moreover, as set forth in the Restatement (Second) of Judgments § 50: "When a judgment has been rendered against one of several persons each of whom is liable for a loss claimed in the action on which the judgment is based… (b)  To the extent required by the law of suretyship… (2)  Any consideration received by the judgment creditor in payment of the judgment debtor's obligation discharges, to the extent of the amount of value received, the liability to the judgment creditor of all other persons liable for the loss."

While there may be some discussions to be had about application of collected funds, we do not believe your position that none of the collected monies should be applied to the Avon Judgment is legally correct.

The WSFS Payment is Subject to the One Satisfaction Rule.  You also assert that the $12 million received from WSFS is a "collateral source" payment that it is not subject to the one satisfaction rule.  We disagree with this position too.  "The collateral source doctrine holds that, as a general rule, a plaintiff may recover damages that include amounts for which the plaintiff has already been compensated through sources wholly independent of and collateral to the wrongdoer."  *Ideal Mutual Ins. Co.* v. *Korean Reinsurance Corp.*, 657 F. Sup. 1174, 1175 (S.D.N.Y. 1987).  A "collateral source" is typically in the nature of insurance, *e.g.,* when a person who suffers a personal injury case has their medical bills paid by insurance but is also entitled to receive compensation from the tortfeasor from medical payments.  "The collateral source rule operates as an exception to the one satisfaction rule, permitting multiple recoveries for the same injury in certain situations where the outside source of recovery is independent of the wrongdoer."  *Structural Metals, Inc.* v. *S&C Electric Co.*, 590 F. App'x 298, 302-03 (5th Cir. 2014) (insurance payments do not reduce tort damages against tortfeasor).

Here, Universitas received payment from WSFS based on its involvement with respect to the Spencer insurance proceeds.  The fact that WSFS was sued as part of a third-party collection action does not divorce it from the "single injury" as set forth in the Judgment.  But for the

---

[4] There, the defendants operated a Ponzi scheme.  Because the Ponzi scheme caused the harm, all injury was traceable to that fraud and constituted common damages.

Judgment, Universitas would not have had any claims against WSFS.  Indeed, the prayer for relief in the Statement of Claim filed against WSFS confirms that Universitas is seeking the same money as in the underlying action, *to wit* the Spencer insurance proceeds.  Universitas confirms that, in its view: "WSFS [ ] … permitted the looting of the Trust by a convicted felon and remained hidden while Universitas undertook extensive efforts to locate and recover its benefits." Statement of Claim ¶ 67.  The causes of action asserted by Universitas are all derivative of the various judgment debtors in the underlying action that led to the Judgment.  In sum, based on our review of the relevant case law, we do not understand how you can claim that the WSFS settlement is a collateral source payment.

After reviewing the Universitas filings concerning the WSFS matter, I believe you will have a difficult time convincing Judge Swain that the settlement has no relationship to the Judgment.  Perhaps we can have a discussion concerning your analysis so that we can better understand each other's positions.  For example, would you also claim that Hanover Trust Company (which was liable for $1.2 million) is not discharged from its debt pursuant to the one satisfaction rule even though Grist Mill Trust paid $4 million?  If you are *not*, then please explain why Hanover and Avon would be different.  "[W]here a settlement and a judgment compensate a plaintiff for the same injury, a nonsettling defendant is entitled to a judgment reduction at least in the amount of a prior settlement." *In re Masters Mates & Pilots Pension Plan*, 957 F.2d 1020, 1030 (2d Cir. 1992)

Please let me know if you would like to discuss these matters further prior to our seeking relief from Judge Swain.  I think a phone call to review some of the cases and perhaps narrow issues would be appropriate under the circumstances.

                                           Very truly yours,

                                           *Jeffrey M. Sklarz*

                                           Jeffrey M. Sklarz