UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

UNIVERSITAS EDUCATION, LLC,

        Petitioner,

  -v-                                                                         No.  11-CV-1590-LTS
                                                                                   No.  11-CV-8726-LTS

NOVA GROUP, INC. et al.,

        Respondents.
----------------------------------------------------------x

## MEMORANDUM ORDER

        Before the Court is the motion of Respondent Avon Capital, LLC ("Avon," "Respondent" or "Movant") for Determination of Amount Owed on Judgment, pursuant to Federal Rule of Civil Procedure 60(b)(5).  (Docket entry no. 744 (the "Motion").)  Avon asks the Court to order Petitioner Universitas Education, LLC ("Petitioner" or "Universitas") to file "an appropriate satisfaction (or partial satisfaction)" of this Court's earlier judgment, "so that Avon can properly determine any additional amount" that Petitioner claims Avon still owes.  (Motion at 1.)  Universitas opposes the request in its entirety.  (Docket entry no. 746 ("Pet. Opp.").)

        The Court has carefully considered all of the submissions and arguments in connection with the instant motion.  For the following reasons, the Motion is denied in its entirety.

BACKGROUND

The factual and procedural history of these actions is detailed at length in the Court's prior decisions, familiarity with which is assumed. (See generally docket entry nos. 341, 366, 474, 722.) As the Court has previously explained:

> This case is part of a lengthy and ongoing dispute over the disposition of the $30 million in proceeds of two life insurance policies obtained by the late Sash A. Spencer, who was the Chief Executive Officer of Holding Capital Group, Inc. Mr. Spencer placed the two life insurance policies into the Charter Oak Trust Welfare Benefit Plan ("Charter Oak Trust") which was "established to provide for the acquisition of and investment in various types of insurance policies to provide a welfare benefit fund or estate planning benefits," pursuant to a Funding Obligation Agreement and Power of Attorney. . . . Mr. Spencer named Petitioner the sole, irrevocable beneficiary of a Charter Oak Trust death benefit comprising the proceeds payable under two life insurance policies, whose face values totaled $30 million (the "Life Insurance Proceeds"). . . . Mr. Spencer died in June 2008, and Petitioner made a valid and timely claim to the Life Insurance Proceeds. (Ex. 18 at 3-4.)
>
> Nova Group, Inc. ("Nova") and the Charter Oak Trust Welfare Benefit Plan ("Charter Oak Trust") are two of the hundreds of business entities organized and controlled, directly or indirectly, by respondent Mr. Carpenter. . . . Nova is the corporate trustee of the Charter Oak Trust. [ ]. After Petitioner made its death beneficiary claim, [the president of Nova] sought payment from the insurer, acknowledging in writing that Nova had "a fiduciary responsibility and legal obligation to carry out Mr. Spencer's wishes as he intended in a timely fashion to pay those death proceeds to a charity that he established prior to his death." . . .. The insurer paid Charter Oak Trust $30.67 million in Life Insurance Proceeds[.] . . . In May 2009, after receiving payment of the Life Insurance Proceeds, Nova denied Petitioner's death benefit claim. Petitioner challenged the denial through a demand for arbitration filed on June 17, 2010; a binding arbitration award against Nova . . . was issued on January 24, 2011 in the amount of $26,525,535.98. . . .

(Docket entry no. 341 at 2-3.)

After Nova failed to pay the arbitration award, Petitioner filed an action seeking to enforce it; that action was removed to this Court and consolidated with a separate action Nova had brought to vacate the award in the District of Connecticut, which had been transferred to this

Court pursuant to 28 U.S.C. section 1404(a).  On June 7, 2012, judgment was entered in favor of Petitioner upon the arbitration award in the amount of $30,181,880.30, including prejudgment interest.  (Docket entry no. 41.)

As relevant here, extensive post-judgment discovery and turnover proceedings ensued.  In August 2014, the Court entered judgment against Nova's former principal Daniel E. Carpenter and several affiliates he controlled, including Respondent Avon Capital, LLC, in respect of funds fraudulently conveyed to those affiliates, at Mr. Carpenter's direction, in a scheme to prospectively render the arbitration award and the judgment issued against Nova in these actions unrecoverable.  (See docket entry nos. 474 ("Turnover Opinion"), 475 ("Turnover Judgment").)

The Turnover Judgment imposed the following money judgments, under which each respondent was jointly and severally liable: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $11,140,000.00; against **Avon Capital, LLC**, in the amount of $**6,710,065.92**; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereof insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00.  (Turnover Judgment at 2.)  On October 8, 2014, the Clerk's judgment was amended to reflect attorney's fees and costs, as well as $134,015.85 in post-judgment interest against Nova.  (Docket entry no. 491.)

In the intervening years and as part of its collection efforts, Universitas settled its claims against Grist Mill Trust ($4,487,007.81) and accordingly filed a satisfaction of that

amount on July 19, 2018. (Docket entry no. 651.) Separately, and ostensibly crucially to the instant Motion, Avon contends that Universitas' February 2018 arbitration settlement with Wilmington Savings Funds Society ("WSFS")—a successor entity to Christiana Bank, which had served as insurance trustee for the Charter Oak Trust—in the amount of $12,000,000, also constitutes a partial satisfaction of the judgment as against Nova. (Motion at 4.)

The Court notes that, prior to filing the instant Motion, Avon last appeared in this case in connection with a motion seeking reconsideration of this Court's 2014 Turnover Opinion. Avon's present, new counsel entered an appearance on September 12, 2023, after unsuccessfully attempting to resolve this issue with Petitioner's counsel earlier in 2023. (Docket entry no. 749 ("Avon Reply") at 3-4.) It is undisputed that, in the nearly ten years that have passed since this Court issued the Turnover Judgment in August 2014, Avon has not made any attempts to satisfy the judgment imposed against it. Nor do the parties dispute that the total judgment of over $30,000,000 remains unsatisfied. Rather, Avon's basis for seeking relief under Federal Rule of Civil Procedure 60(b)(5) is that, in light of Universitas' successful collection efforts in various fora, the Court should order Petitioner to provide a complete breakdown of its collection activities so that Avon can "calculate what it still owes (if anything)." (Motion at 8-9.) In other words, the thrust of Avon's argument is that its liability ought to be set off by what Universitas may already have recovered from others.

## Discussion

Federal Rule of Civil Procedure 60(b) sets forth the remedies available to a party seeking relief from a final judgment, and specifically contemplates circumstances where "the judgment has been satisfied, released, or discharged." Fed. R. Civ. P. 60(b)(5). When the party seeking relief proceeds via motion in the rendering court, such a motion must be made within a

"reasonable time" after entry of judgment.  Id. at (c)(1).  What qualifies as "reasonable time" under Rule 60(c) depends on the circumstances of each case.  See Barone v. Marone, No. 04-CV-2001-NRB, 2007 WL 4458118, at *2 (S.D.N.Y. Dec. 14, 2007).  Among other factors, courts consider the length of the delay, notice to the moving party of the changed circumstances forming the basis for the motion, and the possibility of prejudice to the opposing party.  See id. (citing In re Emergency Beacon Corp., 666 F.2d 754, 760 (2d Cir. 1981).  Motions under Rule 60(b) "must generally be supported by 'highly convincing' evidence,'" and the movant "must 'show good cause for failure to act sooner.'"  Philips Lighting Co. v. Schneider, No. 05-CV-4820-SLT-MDG, 2014 WL 4274182, at *5 (E.D.N.Y. Aug. 28, 2014) (quoting Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)).

        The Court concludes that Avon's Motion fails at the outset because it was not brought within a "reasonable time" after entry of judgment.  Avon spends most of its moving papers discussing the propriety of Rule 60(b)(5) as the vehicle for the relief it seeks and various doctrines that it argues prohibit Universitas from recovering twice on the same injury.  (See generally Motion.)  After Universitas emphasized the issue of timeliness in its opposition (Pet. Opp. at 5-6), Avon acknowledged the legal standard outlined above but, instead of proffering facts that would tend to excuse its years-long delay, it opted to focus only on the absence of prejudice to Universitas.  (Avon Reply at 3-4.)  Even if, as Avon claims, Universitas' collection of $12,000,000 in February 2018 serves to relieve Avon of its liability entirely or partially under the Turnover Judgment, Avon has not explained why it waited nearly six years to file the Motion.  Avon's sole justification is that its "perceived delay" ought to be excused "in light of the lack of involvement by Avon's prior counsel following his September 9, 2014 filings."  (Id. at 4.)

Put simply, this proffer does not pass muster, let alone demonstrate "good cause." Litigants before this Court, particularly sophisticated ones such as Avon, are expected to exercise reasonable diligence in maintaining contact with or, if necessary, retaining new counsel, and staying abreast of developments in their cases. Avon had every opportunity to seek the relief it pursues here after learning of, among other things: (1) the February 27, 2018, press release announcing Universitas' $12,000,000 settlement (Motion, Ex. B); (2) the June 19, 2018, filing of a satisfaction of judgment as against another Turnover Respondent, Grist Mill Trust Welfare Benefit Plan (see docket entry no. 651); and (3) the March 30, 2020, letter filed by counsel for several interested parties setting forth certain of Universitas' collections (see docket entry no. 660; see also Motion, Ex. A). Instead, Avon elected to wait, hire new counsel years later, and file the instant Motion. Because Avon has failed to show good cause for its delay, the Court concludes that the Motion was not brought within a "reasonable time" and must be dismissed.

Finally, the Court notes that motions under Rule 60(b) "ask this court to tap into a 'grand reservoir of equitable power to do justice in a particular case.'" Maricultura del Norte, S. de R.L. de C.V. v. WorldBusiness Cap., Inc., No. 14-CV-10143-CM, 2020 WL 747207, at *4 (S.D.N.Y. Feb. 14, 2020) (quoting Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012)). In this case, the Court previously determined that Mr. Carpenter fraudulently conveyed over $30,000,000 to various entities, including Avon, to prospectively render an arbitration award— and the judgment rendered against Nova in this Court—unrecoverable. It is undisputed that Avon has made no efforts to satisfy its portion of judgment against it, nor do the parties here dispute that the total judgment remains unpaid. On this record, the Court sees little reason to order on Avon's behalf an accounting of Universitas' collection efforts thus far. Indeed, at this juncture, it would be inequitable to impose such an obligation on the judgment creditor, when

Avon as the judgment debtor has sat on its hands for almost six years and is thus partly responsible for prolonging Universitas' attempts to collect on the judgment.  Contrary to Avon's contention that both cannot be true, its Motion is in fact both late—because of Avon's unreasonable delay under Rule 60—and substantively premature—because of Avon's (and all but one of the other Turnover Respondents') failure to make efforts to satisfy this Court's judgment.

<u>CONCLUSION</u>

For the reasons set forth above, Movant's Motion is denied.  This Memorandum Order resolves docket entry no. 744 in case no. 11-CV-1590.

SO ORDERED.

Dated: New York, New York
    May 24, 2024

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge